UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>       Plaintiff,<br> -against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, JIA LIAN, XIAO YU,<br><br>       Defendants,<br> -and-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>       Nominal Defendant. | 1:18-cv-11642<br><br>**AFFIRMATION IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE FOR CONTEMPT** |

Robert W. Seiden, an attorney duly authorized to practice law before this Court, affirms the following:

1. I am an attorney licensed in New York State and I am the Court-Appointed Receiver for Link Motion Inc. ("LKM" or the "Company") in this matter. A true and correct copy of the Receivership Order is attached hereto as **Exhibit A**.

2. Since my appointment, my staff and I have undertaken numerous attempts to locate, secure, and recover LKM's property, assets and books and records. I have hired lawyers and other local agents in Hong Kong and China, and sent numerous letters demanding LKM Chairman Vincent Shi's cooperation with this Court's Receivership Order.

3. My local China agents and I have expended a great deal of effort and resources to reach Vincent Shi ("Shi"), LKM's current chairman and CEO, and enlist his help to understand LKM's

current and past financial situation, as well as identify corporate assets. Despite this, Shi has consistently rebuffed and obstructed my efforts.

4. On February 4, 2019, DLA Piper, LKM's former U.S. counsel, informed me via a telephonic conference that a copy of the Receivership Order had been sent to Shi via his LKM email, which DLA Piper informed me was the main avenue of communication with Defendant Shi, and that DLA Piper discussed the Receivership Order with Defendant Shi further by telephone.

5. On February 8, 2019, via email, I sent Shi a first demand letter notifying him of the Receivership Order, and asking him to promptly fund the Receivership, comply with the Court Order, and set up a meeting with me within 24 hours. My first demand letter to Shi is attached hereto as **Exhibit B**. However, Shi has not replied to my request at all.

6. On February 14, 2019, via email, I sent Shi a second demand letter, again asking him to comply with this Court's Order. My second demand letter to Shi is attached hereto as **Exhibit C**. But again, Shi failed to respond to me.

7. On February 26, 2019, via email, I sent Shi a third demand letter offering him a further chance to cooperate. My third demand letter to Shi is attached hereto as **Exhibit D**. Shi failed to reply as well.

8. Between February 6, 2019 and March 5, 2019, my local China agent made numerous attempts to communicate with Shi via his personal phone at +86 135 0123 3445. However, Shi ignored the calls altogether. A copy of phone record from my local China agent, with relevant parts translated and marked, is attached hereto as **Exhibit E**.

9. Additionally, on February 8, 2019, my local China agent also sent the Receivership Order and a copy of my first Demand Letter to Shi via WeChat (a common communication method in China). A copy of conversation record is attached hereto as **Exhibit F**.

10. To date, Shi has ignored all the requests sent by me and my local China agent.

11. On March 12, 2019, via its WeChat account, LKM issued a press release in an obvious attempt to obstruct the Receivership.

12. The press release stated, among other things, that the Company believed neither U.S. nor Hong Kong courts had jurisdiction over LKM, that the Company has now authorized the board to pursue action against shareholders and other responsible individuals in the U.S, and that the board of directors is passing resolutions on behalf of the Company to actively thwart the Receiver's efforts. A copy of this press release and its translation is attached hereto as **Exhibit G**.

13. Based on my past attempts to communicate with Shi, and now with the issuance of this latest press release, it is clear that Shi has sufficient notice of the Receivership Order, but has no intention to comply with the Receiver or this Court in this matter and will continue to ignore, obstruct and disrespect the rulings of this Court.

14. Accordingly, a contempt finding against Shi from the Court based on his refusal to comply with the Court's Receivership Order and the Receiver's reasonable and repeated requests will likely be the only possible avenue to gain Shi's compliance.

15. Moreover, it is my opinion that this Court should order such a contempt finding as quickly as possible, because time is severely of the essence for Shi's compliance with the Receivership Order as he is now actively thwarting my and my team's efforts inside China to ensure the status quo of the Company, which could have lasting effects on the value of the Company, and further transfers of assets may be underway. Furthermore, in order to combat the aggressive press release issued by Shi, it is critical that this Court issue an order as soon as possible to let Shi and the other bad actors know that their noncompliance with this Court's orders will have consequences.

16. Based on my past experience, to maximize the likelihood of Shi's timely compliance, this Court should additionally issue an arrest warrant for Shi and impose upon Shi coercive civil confinement, and direct that such order be forwarded to U.S. Customs and Border Protection, INTERPOL, and other international and domestic policing agencies. Without such coercive measures, it will be nearly impossible to get Shi to comply with the Receivership Order.

17. Lastly, this Court should direct the Order to Show Cause to be served on Shi by email and WeChat, which we know definitively are the two most effective ways to reach Shi. Shi's LKM email address is active and from what I learned through his former counsel, DLA Piper, he is most accessible through his LKM email. Attached hereto as **Exhibit H** is an email from DLA Piper to Shi at his LKM email address on 2/4/19, and Shi's response back on the same day. Accordingly, serving Shi by email and WeChat will get the Order to Show Cause to him as quickly as possible.

Dated: New York, New York
March 14, 2019

Robert W. Seiden, Esq.