USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE BALIGA, derivatively on behalf of
LINK MOTION INC. (F/K/A NQ MOBILE INC.)

                Plaintiff,

-against-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYONG SHI,
JIA LIAN,
XIAO YU,

                Defendants,

-and-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),

                Nominal Defendant.

1:18-cv-11642

**ORDER GRANTING
PRELIMINARY INJUNCTION
AND APPOINTING
TEMPORARY RECEIVER**

---

On December 14, 2018 the Court entered a temporary restraining order in this matter and directed the parties to submit a joint letter to the Court setting forth a proposed briefing schedule with respect to Plaintiff Wayne Baliga's ("Baliga") request for a preliminary injunction and appointment of a temporary receiver. (Dkt. No. 7.)

On December 27, 2018, the Court entered an order directing Defendant Link Motion Inc. (or the "Company") to file its opposition to Baliga's request for a preliminary injunction and appointment of a temporary receiver by January 21, 2019 and Baliga to submit any reply by January 28, 2019. (Dkt. No. 21.)

On January 21, 2019, the parties submitted a "stipulation of non-opposition to a preliminary injunction and consent order to extend time to answer, move, or otherwise respond to the complaint," whereby the parties stipulated that Defendant Link Motion did not oppose Baliga's request for a preliminary injunction and appointment of a temporary receiver. (Dkt. No. 22.)

On January 24, 2019, Baliga submitted a reply affidavit in further support of a preliminary injunction and appointment of temporary receiver (Dkt. No. 24), outlining certain recent developments regarding the Company since this action was initiated, and Baliga furthermore requested that Robert W. Seiden be appointed as the temporary receiver.

In light of the above, and upon review of all the papers submitted by Baliga in this action and in support of the request for a preliminary injunction and appointment of a temporary receiver, and with good cause appearing, it is hereby

**ORDERED AS FOLLOWS:**

**I.** **PRELIMINARY INJUNCTION**

1. The Court hereby preliminarily restrains and enjoins Defendants[1] from: transferring, liquidating, dissipating, assigning, and/or granting a lien or security interest or other interest in, any assets belonging to Link Motion including, among other things, its subsidiaries, businesses, physical assets, and cash reserves. Notwithstanding this Order, the Company shall be allowed to continue to process normal day-to-day operational costs, including payroll, and the Company shall provide the Receiver with ongoing reports on operating status and payroll and other disbursements.

2. The Court hereby preliminary enjoins Defendants to take corrective action as necessary to: (i) restore the Company's compliance with the New York Stock Exchange's stock listing requirements; (ii) restore the ownership of the Company's smart ride businesses SyberOS and Rideshare through its fund ownership (Quing Yun Wu Xian); (iii) restore the Company's senior position in the underlying assets of the FL Mobile and

---

[1] All references to "Defendants" herein also include Defendants' successors, assigns, officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device.

Showself businesses (via the entity Shi Xiang Shi Guang); (iv) immediately halt Defendant Shi's oversight of the dispute and arbitration between the Company and Zhongzi; and (v) ensure that litigation or arbitration matters are directed and controlled by the Company's lawyers, the appointed Receiver, and/or the non-conflicted board members as directed by the Receiver.

II. **APPOINTMENT OF TEMPORARY RECEIVER**

1. **Appointment of Temporary Receiver.** The Court grants Baliga's request for a temporary receiver for the Company and appoints and confirms Robert W. Seiden Esq. (469 Seventh Avenue, New York, NY 10018, rseiden@seidenlegal.com, 212-523-0686) as temporary receiver (the "Receiver") for the Company during the pendency of this action.

2. **Purposes of Appointment and Specific Powers.** The Receiver shall be fully authorized to do any acts to protect the status quo of the Company, to prevent waste, dissipation, or theft of assets to the detriment of investors, and to assure timely and objective analysis of the financial condition of the Company, pending further order of this Court. In addition to any statutory powers, the Receiver shall have the specific delineated powers:

    a) <u>Monitor and Safeguard Assets.</u> The Receiver shall take any act necessary to preserve and safeguard the Company's assets, including monitoring and, if necessary to prevent dissipation, taking sole control over the Company's assets, subsidiaries, and bank accounts.

    b) <u>Removal and Appointment.</u> The Receiver shall assume full control of the Company by removing, as the Receiver deems necessary or advisable, any director, officer, employee, independent contractor, or agent of the Company, including any Individual Defendant, from control of, management of, or participation in, the affairs of the Company. The Receiver shall further be authorized to appoint or replace, as the Receiver deems necessary or advisable, any such director, officer, employee, independent contractor, or agent of the Company.

c) <u>Books and Records.</u> The Receiver shall have full and unrestricted access to all books and records of the Company, in whatever mode said materials are maintained, and wherever located, in the United States of America, the People's Republic of China, or elsewhere.

d) <u>Banking and Bank Records of Company and Officers and Directors.</u> The Receiver shall have access to all present bank accounts or other accounts of the Company, and/or establish signature authority over such accounts as the Receiver deems appropriate, as well as to inspect such bank transaction records. Upon presentment of this Order, all persons, including and especially any banks or financial institutions, shall provide account balance information, transaction histories, all account records, and any other records or access the Receiver or his agents request, in the same manner as they would be provided were the Receiver the signatory on the account; no separate subpoena shall be required.

e) <u>Litigation on Behalf of the Company.</u> The Receiver shall have the power to commence, continue, join in, and/or control any action, suit, arbitration or proceeding of any kind or nature, in the name of the Company or otherwise, including without limitation, proceedings to prevent or avoid transactions of any kind or nature that may dissipate or transfer ownership of any of the Company's assets, wherever such proceeding is located, in the United States of America, the People's Republic of China, or elsewhere. The Receiver shall furthermore have control over the Company's attorney-client privileges.

f) <u>Professionals Retained by the Receiver.</u> The Receiver, upon application and approval by the Court, is authorized to retain one or more experts or advisors, including financial advisors, professional sales agencies, accountants, attorneys, brokers, investigators, and other professionals as the Receiver deems appropriate in order to carry out his duties, including for the collection, preservation, maintenance and operation of the Company's assets. The Receiver is authorized in his sole discretion to delegate specific tasks to his representatives, agents and professionals.

g) <u>Working with Government.</u> The Receiver is authorized, in his sole discretion, to enlist the help of agents, employees, and/or representatives of the governments of the United States of America, the People's Republic of China, or any other nation, or any regional or local governmental authorities therein, or of any regulatory body, including the U.S. Securities & Exchange Commission, the U.S. Commodities & Futures Trading Commission, other departments or divisions of the U.S. government, Interpol, and/or the United States embassies, and/or the embassies of the People's Republic of China. The Receiver shall have the authority to enlist the help of the U.S. government and U.S. law enforcement, pursuant to the Multilateral Assistance Treaty with China, when there exists evidence of criminal conduct sufficient to warrant such assistance. The Receiver shall have the authority, but shall not be required, to petition this Court for instructions at any time, or from time to time.

**3.** **Authority to Act.** The Receiver is authorized to act through and in the name of the Company to carry out his duties. The Receiver is authorized to execute and deliver (or cause to be executed and delivered) any document in the name of the Company, including but not limited to, contracts, deeds, other documents of title, and regulatory, administrative, and other governmental filings.

**4.** **Cooperation.** The appointment of the Receiver herein is binding upon the Defendants and their past and present directors, officers, senior management, employees, agents, and stockholders of the Company, who shall cooperate with the Receiver in the performance of his duties. Defendants shall not in any way disturb or interfere with the Receiver's performance of his duties under this Order. Any actions to determine disputes relating to the Receiver or his actions shall be filed in this Court.

**5.** **Receivership Account and Funding**. The Receiver is authorized to establish and maintain a bank account for the Company in the State of New York to fund the Receivership, including the compensation and expenses of the Receiver, which are subject to the approval of the Court. The Company shall be responsible for funding the Receivership Account and is directed to cooperate with the Receiver in establishing and funding the Receivership Account. The Receivership Account should maintain a minimum

balance of $100,000.00 and is to be replenished fully back to this level after any Court-approved disbursements.

6. **Compensation of the Receiver and Other Professionals; Expenses.** The Receiver and his professionals shall be paid on an hourly basis at a reasonable and customary rate for such work to be approved by the Court and paid promptly out of the Receivership Estate. All professionals retained by the Receiver shall submit invoices to the Receiver, which shall be submitted to the Court by the Receiver along with any other expenses. All expenses approved by the Court shall be paid promptly by the Company. Payment of the Receiver's compensation and expenses shall have priority over all other obligations, payments, or distributions of the Company. The Receiver may seek further relief from the Court with respect to any non-payment of expenses. The Receiver is not personally responsible for any of the out of pocket expenses incurred in fulfilling his duties under this Order.

7. **Distribution of Funds.** Except as otherwise provided by this Order, the Receiver should hold and retain all money that may come into the Receiver's possession, custody, or control by virtue of his appointment until further Order and approval of this Court for transfer or distribution of such funds.

8. **Status Reports.** The Receiver shall provide interim reports to the Court every six months from the date of this Order, or as otherwise directed by the Court or as the Receiver deems appropriate under the circumstances. Such reports shall include a statement of: (i) the Receiver's activities and findings during the preceding six months; (ii) recommended actions to be taken in order to satisfy this Order and other further Orders of the Court; (iii) the fees and expenses for which the Receiver seeks payment that were incurred during the preceding six months; and (iiii) such other information as the Receiver deems appropriate or as the Court may direct.

9. **Exculpation, Indemnification, and Advancement of Legal Expenses.** The Receiver, and anyone acting on his behalf, shall have no liability to the Company, its stockholders, or any other person or entity, for any actions taken in good faith pursuant to this Order. The Receiver shall be entitled to all protection, limitation from liability, and

immunity available at law or in equity, to a court-appointed Receiver, including without limitation, all protection, limitation from liability, and immunity, to the fullest extent permitted by applicable law. Expenses, including reasonable attorney's fees, incurred by the Receiver in defending any civil, criminal, administrative, or investigative act, suit, or proceeding, arising by reason of, or in connection with the Receiver's designation as Receiver for the Company, or in the performance of his duties hereunder, shall be paid by the Company in advance of the final disposition of such action, suit, or proceeding, subject to the repayment of such amount if it shall ultimately be determined by this Court that the Receiver is not permitted to be indemnified by the Company under applicable New York law.

**10.** **Further Instructions.** The Receiver and the Parties to this action may, from time to time, on an ex-ante basis or noticed motion on shortened time, petition this Court for instructions in pursuance of this Order and further orders this Court may hereafter make.

**11.** **Discharge of Receivership.** The Receiver shall, upon notice of motion on shortened time to this Court, be discharged by order of this Court. The Receiver, upon notice of motion on shortened time to this Court, may request the Court discharge Receiver if the Receiver at any time no longer believes he can fulfill his duties under this Order.

**12.** **Review of Receiver's Actions.** All actions of the Receiver shall be presumed to have been made on an informed basis, in good faith, and in the honest belief that such actions were taken appropriately to ensure the Company's compliance with this Court's orders. All interim actions of the Receiver shall be subject to review and reversal by this Court only upon a showing that the Receiver abused his discretion.

**13.** **Jurisdiction.** This Court shall retain jurisdiction to interpret, construe, and enforce this Order, and any such other or further Orders of this Court.

**IT IS SO ORDERED.**

Dated: February ___, 2019

Enter:

_____
Hon. Victor Marrero
United States District Judge