UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of<br>LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>Plaintiff,<br>-against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br>VINCENT WENYONG SHI,<br>JIA LIAN,<br>XIAO YU,<br><br>Defendants,<br>-and-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>Nominal Defendant. | 1:18-cv-11642 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
<u>**ORDER TO SHOW CAUSE FOR CONTEMPT**</u>

Michael D. Cilento, Esq.
The Seiden Group
469 Seventh Ave., Fifth Floor
New York, New York 10018
(646)-766-1723
mcilento@seidenlegal.com

*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Plaintiff Wayne Baliga commenced this shareholder derivative action on December 12, 2018 against the Defendants and on behalf of nominal defendant Link Motion Inc. ("Link Motion" or the "Company") for alleged violations of various state and federal laws, including outright theft of Company assets by the Individual Defendants. On February 1, 2019, this Court entered an Order Granting Preliminary Injunction and Appointing Temporary Receiver (the "Receivership Order"), whereby the Court appointed Robert W. Seiden, Esq ("Mr. Seiden" or the "Receiver"), as the temporary receiver over the Company during the pendency of this action.

Pursuant to the Receivership Order, Defendant Vincent Shi ("Defendant Shi"), as the Chairman and CEO of the Company, was directed to, inter alia, cooperate with the Receiver in the performance of the Receiver's duties and to not in any way disturb or interfere with the Receiver's performance of his duties. Since the Receiver's appointment, however, Defendant Shi has refused to cooperate or even communicate with the Receiver, despite the Receiver and the Receiver's agents' multiple demands on Defendant Shi to open a line of communication and cooperate pursuant to the Receivership Order. Furthermore, on March 12, 2019, Defendant Shi issued a press release on behalf of Link Motion that stated, in substance, that he and the Company's board of directors were not recognizing this action or the authority of the US and Hong Kong courts (the Receiver has successfully domesticated the Receivership Order in Hong Kong).

As a result of Defendant Shi's unambiguous violations of the Receivership Order by, inter alia, failing to cooperate and communicate with the Receiver, as well as the now outright proclamation against this action, the Receivership Order, and this Court, Defendant Shi should be made to appear before this Court and show cause why he should not be held in contempt for his continuous and intentional violation of this Court's Receivership Order.

**ARGUMENT**

**I.    The Court Should Hold Defendant Shi in Contempt of the Receivership Order**

"[T]he district courts have the inherent power to find a party in contempt for bad faith conduct violating the court's orders." S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010). The court's contempt power serves to "protect[ ] the due and orderly administration of justice and [to] maintain[ ] the authority and dignity of the court." Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, (1980).

A court may hold a party in contempt if: "(1) the order the party failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted to comply in a reasonable manner." CBS Broad. Inc. v. FilmOn.com Inc., 814 F.3d 91, 98 (2d Cir. 2016) (citing Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004)). Moreover, 18 U.S.C § 401 statutorily prescribes the district courts with the "power to punish by fine or imprisonment, or both, at its discretion" those in contempt of the court's authority.

With regard to the first prong of the test for contempt, the order is sufficiently clear and unambiguous to warrant a finding of contempt against a violating party if it leaves "no doubt in the minds of those to whom it was addressed . . . precisely what acts are forbidden." Drywall Tapers & Pointers v. Local 530, 889 F.2d 389, 395 (2d Cir. 1989). Here, the Receivership Order specifically requires the Defendants to cooperate with the Receiver and to "not in any way disturb or interfere with the Receiver's performance of his duties under this Order." See Affirmation of Mr. Seiden ("Seiden Aff."), **Exhibit A** at Section II.4. Furthermore, it is undeniable that Defendant Shi had notice and a copy of the Receivership Order, as his counsel at the time, DLA Piper, confirmed that

they had sent and discussed the Receivership Order with Defendant Shi, before they withdrew as counsel to Defendants.  See Seiden Aff. ¶ 4.

Defendant Shi's noncompliance with the Receivership Order is similarly unambiguous.  The Receiver has made multiple attempts to contact Defendant Shi and gain his compliance with the Receivership Order's requirement that he cooperate and communicate with the Receiver, to which Defendant Shi has refused to respond.  The Receiver's attempts to gain Defendant Shi's compliance, which were all futile, are listed as follows:

- On February 8, 2019, via email, the Receiver sent Defendant Shi a first demand letter notifying him of the Receivership Order and asking him to promptly fund the Receivership per the order, comply with the Receivership Order, and set up a meeting with the Receiver within 24 hours.  See Seiden Aff. ¶ 5; **Exhibit B**.

- On February 14, 2019, via email, the Receiver sent Defendant Shi a second Demand Letter, again asking him to comply with this Court's Order.  Id. ¶ 6; **Exhibit C**.

- On February 26, 2019, via email, the Receiver sent Defendant Shi a third Demand Letter offering him a further chance to cooperate.  Id. ¶ 7; **Exhibit D**.

- Between February 6, 2019 and March 5, 2019, the Receiver's local China agent made numerous attempts to communicate with Defendant Shi via his personal phone at +86 135 0123 3445.  Id. ¶ 8; **Exhibit E**.

- Additionally, on February 8, 2019, the Receiver's local China agent also sent the Receivership Order and a copy of the first demand letter to Shi via WeChat (a common communication method in China).  Id. ¶ 9; **Exhibit F**.

Moreover, if it weren't already abundantly clear that Defendant Shi has not and will not attempt to comply with the Receivership Order, the press release issued by Defendants on March 12,

2019 puts any doubt to rest. The press release stated, inter alia, that Link Motion was not recognizing the Receiver nor the U.S. and Hong Kong court's authority or jurisdiction over the Company, and that resolutions were passed by the Company's Board of Directors to, inter alia, require the current management of the Company to continue its normal operations. Id. ¶ 12; **Exhibit G**. Thus, with no attempt to comply with the Receivership Order, and with no plans in the future to comply, Defendant Shi should be found to be in contempt of the Receivership Order.

> **II.     The Court Should Issue a Civil Arrest Warrant as a Coercive Sanction**

Upon finding that a party is in civil contempt, this Court retains "broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions." City of New York v. Venkataram, No. 06 Civ. 6578(NRB), 2012 WL 2921876, at *3 (S.D.N.Y. July 18, 2012) (quoting E.E.O.C. v. Local 28 of Sheet Metal Workers Int'l Ass'n, 247 F.3d 333, 336 (2d Cir. 2001)); see Utica College v. Gordon., 389 F. App'x 71, 74 (2d Cir. 2010) (The district court has "wide discretion" to apply coercive sanctions). Moreover, "Congress specifically authorized indefinite, coercive civil confinement through the enactment of the provision now codified at 18 U.S.C. § 401." Armstrong v. Guccione, 470 F.3d 89, 105 (2d Cir. 2006).[1]  Here, the imposition of coercive sanctions to arrest and confine Defendant Shi is necessary as (i) all of the Receiver's attempts to gain compliance from Defendant Shi have had no effect on Defendant Shi's

---

[1] Section 401 provides:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as –

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

behavior and continued noncompliance, and (ii) Defendant Shi has now taken a hard-line and has outright renounced the authority of this Court and refuses to recognize the Receivership Order as legitimate. Accordingly, this Court should use its broad discretion and issue the civil confinement of Defendant Shi until such time that Defendant Shi complies with this Court's unambiguous Receivership Order.

### III. The Court Should Award Costs and Fees that were Required to Bring this Motion

"[I]t is appropriate for the court . . . to award the reasonable costs of prosecuting the contempt, including attorney's fees." Flaherty v. Filardi, No. 03-civ-2167, 2009 WL 3762305, at *6 (S.D.N.Y. Nov. 10, 2009) (quoting Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 130-31 (2d Cir. 1979)). If a court finds that a defendant's contempt "was willful, it should then award attorneys' fees and costs" to bring a contempt motion "unless there are persuasive grounds to deny them." GMA Accessories, Inc. v. Eminent, Inc., No. 07 Civ. 3219, 2008 WL 2355826, at *10 (S.D.N.Y. May 29, 2008) (internal quotation marks and citation omitted); see also Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., 642 F. Supp. 2d 276, 299 (S.D.N.Y. 2009) ("[C]ourts typically look . . . to whether the contempt was willful even though willfulness is not a prerequisite to such an award."). "Contempt is willful when a party had the capacity to comply with a court order but did not make a good faith effort to do so." CSX Transp., Inc. v. Emjay Envtl. Recycling, LTD., No. 12-CV-1865(JS)(AKT), 2016 WL 755630, at *5 (E.D.N.Y. Feb. 25, 2016); see also Fendi Adele S.R.L. 2007 WL 2982295, at *4 ("A willful contempt is one where 'the contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply.") (citation omitted).

Here, it is undeniable that Defendant Shi's noncompliance was willful. Defendant Shi (i) had notice of the Receivership Order (See Seiden Aff. ¶ 4-7, 12), (ii) was fully able to comply with the

Receivership Order in that all he had to do initially was open a line on communication with the Receiver, (iii) did not seek to have the Receivership Order modified (despite having counsel of record in this action during the relevant time period), and (iv) has not made any effort to comply with the Receivership Order and in fact has outright renounced this Court's authority over himself and the Company.  Id. ¶ 12; **Exhibit G**.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court order Defendant Shi to show cause why he should not be held in contempt, and ultimately enter an order:

i.  finding Defendant Shi in civil contempt of the Receivership Order;

ii.  issuing a civil capias arrest warrant seeking the incarceration of Defendant Shi pursuant to 18 U.S.C. § 401 until Defendant Shi complies with the Receivership Order (with the order being forwarded to U.S. Customs and Border Protection, INTERPOL, and other international and domestic policing agencies);

iii.  directing Defendant Shi to pay for all costs and fees associated with this motion; and

iv.  for such other and further relief has this court deems just and proper under the circumstances.

Dated: March 14, 2019

                                                Michael D. Cilento, Esq.
                                                The Seiden Group
                                                469 Seventh Ave., Fifth Floor
                                                New York, New York 10018
                                                (646)-766-1723
                                                mcilento@seidenlegal.com

                                                *Attorneys for Plaintiff*