UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>      Plaintiff,<br> -against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br>VINCENT WENYONG SHI,<br>JIA LIAN,<br>XIAO YU,<br><br>      Defendants,<br> -and-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>      Nominal Defendant. | 1:18-cv-11642<br><br>**AFFIRMATION IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

---

MICHAEL D. CILENTO, an attorney duly authorized to practice law before this Court, affirms the following:

1. I am counsel to Plaintiff and I am fully familiar with the facts and circumstances set forth herein. I make this affirmation in support of Plaintiff's instant application for a temporary restraining order and order to show cause for a preliminary injunction and appointment of a receiver.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Verified Shareholder Derivative Complaint in this action dated December 13, 2018.

3. Attached hereto as **Exhibit B** is a true and correct copy of an annotated printout of Chinese public records evidencing a transfer of SyberOS and Rideshare, along with attached emails from shareholders to the Board.

4. Attached hereto as **Exhibit C** is a true and correct copy of an annotated printout of Chinese public records evidencing a transfer of Showself.

5. In this derivative action for equitable relief and damages, Plaintiff bring claims for, inter alia, breach of fiduciary duties by the Individual Defendants and for the appointment of a receiver to assume control of Link Motion ("**LKM**"). For a full recital of the claims as well as the facts of this Action, I respectfully refer the Court to the Verified Shareholder Derivative Complaint attached as Exhibit A.

6. The evidence shows, among other things, that the Individual Defendants have not only grossly mismanaged the Company, but that the Individual Defendants are now attempting (and have been successful already particularly in the last two months) to strip the Company of its value by transferring ownership of the Company's assets to third-parties outside of the Company's reach and without the consent or knowledge of the Company's Board of Directors or shareholders. These wrongful transfers irreparably harm Plaintiff and LKM and warrant the preliminary relief requested herein.

7. If Plaintiff was forced to seek preliminary relief through regular motion practice, the Individual Defendants would be able to continue their scheme to extract as much value as possible out of LKM. According to the last published financial statements, LKM has significant cash reserves that can be fairly easily transferred by the Defendants, especially in the absence of a Company CFO or any concept of duel signature controls for the Company. Now that this action has been filed, the Individual Defendants may ramp up their attempts to steal and exit scam from the Company, and thus it is important that this Court restrain them as quickly as possible.

8. I gave the Defendants' counsel (at DLA Piper New York) notice via email on December 13, at 12:54pm that Plaintiff would be seeking a temporary restraining order in Court on December

14th. I sent Counsel the Verified Complaint and my arguments for the TRO, and advised I would send a full copy of my papers when I completed them. I further spoke to Defendants' counsel on the telephone and then again through email and advised that my client could not wait until next week to pursue the TRO due to the emergency nature of the application and that waiting any longer would allow the Defendants to irreparably harm Plaintiff and LKM by further transferring ownership of the Company's valuable assets and cash. Defendants' counsel indicated that it would be unlikely she or anyone from her firm would be able to come to Court at 11am on December 14, 2018.

9.   Even though that I believe I gave the Defendants and their counsel adequate notice of this application, I also believe that this application warrants ex-parte relief in any event. The Individual Defendants have unambiguously begun to transfer ownership of the Company's assets; waiting even a few days to be heard on this application could quite literally be the difference between LKM losing or preserving the rest of its cash and other assets. Furthermore, upon information and belief, Defendants' counsel has been aware of this situation for some weeks now, since, upon information and belief, certain shareholders contacted Defendants' counsel inquiring about the illegal transfers, to which Defendants' counsel ignored.

10.   No prior application for the relief requested herein has been made.

**WHEREFORE,** this affirmant respectfully requests that the Court grant this motion in its entirety together with such other and further relief as is just and proper.

Dated: New York, New York
       December 13, 2018

_____
Michael D. Cilento, Esq.