UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE BALIGA, derivatively on behalf of
LINK MOTION INC. (F/K/A NQ MOBILE INC.)

                    Plaintiff,

    -against-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYONG SHI,
JIA LIAN,
XIAO YU,

                    Defendants,

    -and-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),

                    Nominal Defendant.

Civil Action No.: 1:18-cv-11642

---

**REPLY MEMORANDUM OF LAW OF DEFENDANT VINCENT WENYONG SHI IN FURTHER OPPOSITION TO PLAINTIFF'S APPLICATION FOR LEAVE TO SERVE PROCESS UPON MR. SHI BY ALTERNATIVE MEANS**

CKR LAW LLP
1330 Avenue of the Americas
14th Floor
New York, New York 10019
Tel. (212) 259-7300

*Attorneys for Defendant
Vincent Wenyong Shi*

Of counsel:    Michael James Maloney

{00224063.1 / 4196.001}

Defendant Vincent Wenyong Shi ("Mr. Shi"), by and through his undersigned attorneys, hereby respectfully submits this reply memorandum of law in further opposition to Plaintiff's application for leave to effect service of process on Mr. Shi by alternative means. Reference is made to the prior submissions made on Mr. Shi's behalf in opposition to Plaintiff's motion, all of which are incorporated herein. (*See* Dkt Nos. 94, 101, and 101-1 through 101-8.)

## ARGUMENT IN REPLY

### PLAINTIFF'S APPLICATION MUST BE DENIED BECAUSE HE HAS FAILED TO MAKE ANY ATTEMPT WHATSOEVER TO EFFECT SERVICE OF PROCESS PURSUANT TO THE HAGUE CONVENTION

In this action, Plaintiff concedes that he has made no attempt whatsoever to effect service of process on Mr. Shi pursuant to the mechanisms provided in the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, an international agreement to which the United States and the People's Republic of China (the "PRC") are signatories. But attempting service of process under the convention is not optional. As stated in Article I:

> The present Convention ***shall apply*** in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. . . .

658 U.N.T.S. 163 (the "Hague Convention")

This case is a civil matter in which there is occasion to transmit a judicial document for service abroad. Therefore, Plaintiff must make *some* attempt to serve process in accordance with the Hague Convention. To entirely ignore the mechanisms for service abroad agreed to in the Hague Convention, as Plaintiff requests, would simply render the Article I of that international agreement a dead letter.

The body of case law demonstrates this point. Cases in this circuit recognize the importance of making an effort to effect service of process pursuant to the Hauge Convention *before* considering service by alternative means. *See*, *e.g.*, *Devi v. Rajapaska*, C.A. No. 11-cv-6634, at *4, 2012 WL 309605 (S.D.N.Y. 2012)("While we recognize the distinct possibility that service through the Hague Convention will prove unsuccessful, we believe that requiring use of the Convention is nevertheless important. . . ."); *SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009)(considering prior attempts by plaintiff to service pursuant to the Hague Convention). *See also Zhang v. Baidu.com Inc.*, 932 F. Supp. 2d 561, 567, 2013 U.S. Dist. LEXIS 41735, *13, 2013 WL 1195257 (Mar. 25, 2013) (refusing to find valid service of process on the PRC on the grounds that doing so under the circumstances of that case would render Article 13 of the Hague Convention a "dead letter").

Finally, Plaintiff's contention that Mr. Shi is "living out of hotels" and avoiding service of process is entirely self-serving and contradictory. The affidavit of Nathanial Francis (the "Francis Affidavit") (Dkt. 105) is based entirely on hearsay from an unidentified "Hong Kong investigator," an unnamed "investigator in China," and a mysterious "source in China." Except for searching records within the United States, Mr. Francis has not perform any of the "investigations" described in this affidavit. Presumably Plaintiff was unable to submit affidavits from the actual "investigators" because these unnamed and unidentified individuals declined state the facts that Plaintiff desired.

Indeed, the contrived nature of the Francis Affidavit is evident from its own contents: At first, Mr. Francis claims that it is impossible to locate Mr. Shi. Then, in paragraph 14, Mr. Francis concedes that his unnamed "investigators in China" were in fact able to locate Mr. Shi on July 22, 2019. Apparently, Mr. Francis *is* able to locate Mr. Shi, but only when convenient for Mr. Francis.

The other contents of the Francis Affidavit show that all of the purported "investigations" were performed in or around June or July 2019, shortly after the Court dismissed Plaintiff's original complaint as against Mr. Shi for failure to serve process. In other words, Plaintiff simply made no attempt whatsoever to locate Mr. Shi until after his original complaint was dismissed as against Mr. Shi for failure to effect service of process. Then, after filing his amended complaint, Plaintiff quickly contrived a record to show his purported inability to locate Mr. Shi.

Plaintiff's arguments that Mr. Shi is, in bad faith, seeking to avoid service of process are simply incorrect. To that end, Mr. Shi has authorized the undersigned counsel to disclose the following address for purposes of attempting service of process under the Hague Convention:

>  Floor 5, Building 2 North
>  Hangxing Park, N. 11
>  Hepingli Eastern Street
>  Dongcheng District, Beijing
>  PRC

Likewise, the affidavit of Timothy Clissold (the "Clissold Affidavit") is entirely unavailing. In his affidavit, Mr. Clissold offers nothing of substance other than the fact that service of process under the Hague Convention can be lengthy and sometimes does not succeed. For the reasons stated above, these assertions do not obviate the need to make at least some attempt to serve process in accordance with the terms of the Hague Convention to which both the PRC and the United States are signatories. *See*, *e.g.*, *Devi v. Rajapaska*, C.A. No. 11-cv-6634, at *4, 2012 WL 309605 (S.D.N.Y. 2012)("While we recognize the distinct possibility that service through the Hague Convention will prove unsuccessful, we believe that requiring use of the Convention is nevertheless important. . . .")

To permit Plaintiff to simply ignore the Hague Convention entirely, without making even a single attempt to effect service thereunder, would improperly render that international agreement a dead letter.

## CONCLUSION

For all the foregoing reasons, the Court should enter an Order denying Plaintiff's application for leave to effect service of process on Mr. Shi by alternative means.

Dated: New York, New York
October 30, 2019

Respectfully submitted,

CKR LAW LLP

By: /s/ Michael James Maloney
Michael James Maloney
1330 Avenue of the Americas
14th Floor
New York, New York 10019
Tel. (212) 259-7300
mmaloney@ckrlaw.com
*Attorneys for Defendant Vincent Wenyong Shi*