

469 Seventh Avenue, Suite 502
New York, NY 10018
(212) 523-0686
www.seidenlegal.com

Michael D. Cilento, Esq.
Email: mcilento@seidenlegal.com
Direct Dial: (646) 766-1723

November 8, 2019

**VIA ECF**

Hon. Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/19
```

Re: <u>Wayne Baliga v. Link Motion Inc. et al.</u>
(USDC, SDNY) (Case No. 1-18-cv-11642)

### Opposition to Motion to Intervene

Dear Judge Marrero:

This letter is submitted on behalf of Plaintiff Wayne Baliga, pursuant to your Honor's 11/5/2019 Order (Dkt. 112), to oppose the motion to intervene submitted by AI Capital China ("China AI") on 11/1/2019 (Dkt. 111).

Initially, I understand there was a miscommunication between China AI's counsel, Mr. Jae Cho, and myself regarding what Mr. Cho believed to be Plaintiff's consent to China AI intervening. Attached hereto are email communications between Mr. Cho and me that demonstrate that while Plaintiff was not necessarily opposed to the idea at the time of contact, over two months ago, Plaintiff did indeed reserve the right to oppose. Furthermore, while Mr. Cho and I had one phone conversation subsequent to the email exchange, in which I reiterated the same position as in the email, Mr. Cho and I had not actually spoken in nearly two months before the motion in question was submitted.

Next, it should be pointed out that I understand the Receiver has been investigating China AI and has concerns that China AI is a sham entity setup by Defendant Vincent Shi to try and gain a controlling interest in Link Motion Inc. ("LKM" or the "Company"), and that an alleged transaction to sell a majority stake in LKM to China AI may have been illegal, illegitimate, and not made for proper consideration. I have been informed that the Receiver will be submitting a letter and/or evidence to the Court next week in this regard.

Notwithstanding the above, we also do not believe China AI can establish the required elements to intervene as of right under Rule 24(a)(2), whereunder the moving party must show:

(1) the application is timely;

(2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action;

(3) the disposition of the action may practically impair the applicant's ability to protect its interest; and

(4) the existing parties may not adequately represent the applicant's interest.

See United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir.1994) (citing Kamdem-Ouaffo v. Pepsico, Inc., 314 F.R.D. 130, 134 (S.D.N.Y. 2016).

**The Application is Untimely**

"The length of time the applicant knew or should have known of his interest before making the motion" is "[a]mong the most important factors" to be considered in determining timeliness. Catanzano by Catanzano v. Wing, 103 F.3d 223, 233 (2d Cir.1996) (internal quotation marks omitted).

Here, China AI had notice of this lawsuit since the day it was filed; in fact, it knew of the allegations even earlier, since the purported Directors of China AI sat on the Board of LKM when the Plaintiff sent requisition and demand letters to the Board members individually prior to filing suit. Furthermore, LKM's entire Board, including China AI's Directors, were aware of and informed about this action and the Receivership Order that this Court issued, and this cannot be seriously disputed. Lastly, as the attached emails make clear, China AI retained US counsel over two months prior to submitting its one-page motion to intervene; there has been no explanation (or communication whatsoever) as to why China AI slept on their rights for so long.

Accordingly, the application is untimely and should be denied. See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 390 (2d Cir. 2006) (finding a delay of less than one year untimely for intervention purposes); In re Holocaust Victim Assets Litig., 225 F.3d 191, 198–99 (2d Cir. 2000) (holding that an eight-month delay rendered a motion to intervene untimely); Pitney Bowes, 25 F.3d at 70–71 (denying motion to intervene where the applicants had eight months of actual notice and 15 months of constructive notice); Beam v. HSBC Band USA, No. 02–CV–682, 2004 WL 944522, at *1 (W.D.N.Y. 2004) (denying motion to intervene where the applicants had 10 months of actual notice and 15 months of constructive notice).

### China AI does Not Have a Protectable Interest

We do not believe that China AI has a legitimate interest in LKM. While the Receiver will be informing the Court of his investigation into this matter, China AI, at a minimum, should be made to show proof that it has made payments to the Company to legitimately purchase its alleged majority interest.

### Plaintiff Adequately Represents China AI's Interest

Assuming arguendo that China AI is not a sham entity setup by Defendant Shi, and that China AI has legitimately purchased its stake in LKM and made payment thereon, there is no reason to believe that Plaintiff will not adequately represent China AI's interest. Indeed, Plaintiff has taken the necessary steps to get Mr. Seiden appointed as Temporary Receiver in order to restore value to the Company – an interest and objective that should be shared by all LKM shareholders. Mr. Seiden not only has years of experience and dozens of Receivership appointments under his belt, but he also has an extensive network inside China allowing him to actually make significant progress on the ground to restore the Company's value.

There can therefore be little dispute that Plaintiff, China AI, and any other shareholder of LKM have identical claims and interests as relates to this lawsuit – get rid of the bad actors at the Company, find the hundreds of millions of dollars in cash and the valuable subsidiary assets that have been fraudulently transferred out of the Company, and ultimately to restore value to the Company and its shareholders. Thus, because their interests are identical, China AI's interest can be (and has been) adequately represented by Plaintiff. See Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 98 (2d Cir. 1990) ("Where there is an identity of interest between a putative intervenor and a party, adequate representation is assured."); see also Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 180 (2d Cir. 2001) (requiring "a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective").

Sincerely,

Michael D. Cilento, Esq.

cc (via ECF) to all counsel of Record

> The parties are directed to address the matter set forth above to Magistrate Judge Debra Freeman, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.
>
> SO ORDERED.
>
> 11-26-19
> Date
>
> VICTOR MARRERO, U.S.D.J.

## Re: Baliga v. Link Motion Inc.: Docket No. 1:18-cv-11642-VM

Michael Cilento
Thu 8/29/2019 12:21 PM
To: jae@cholegal.com <jae@cholegal.com>; Michael Maloney <mmaloney@ckrlaw.com>

Hi Jae. On what basis is China AI trying to intervene? I'm not opposed (although I obviously reserve the right to respond to any request).

Feel free also to give me a call to chat on my direct line (in my signature).

Thanks
Mike

--
**Michael D. Cilento, Esq.**
Seiden Law Group
469 7th Ave, 5th Floor
New York, NY 10018
(Office) 646.766.1723
www.seidenlegal.com

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容。

---

**From:** jae@cholegal.com <jae@cholegal.com>
**Sent:** Wednesday, August 28, 2019 4:38 PM
**To:** Michael Cilento <mcilento@seidenlegal.com>; Michael Maloney <mmaloney@ckrlaw.com>
**Subject:** Baliga v. Link Motion Inc.: Docket No. 1:18-cv-11642-VM

Dear Mr. Cilento and Mr. Maloney:

I have just been retained by China AI Capital, a shareholder of Link Motion, Inc. While I have not had an opportunity to review the docket history in detail, I will be filing a motion for leave to intervene shortly.

Will you consent to my motion for leave?

**Very truly yours,**

Jae H. Cho
CHO LEGAL GROUP LLC
100 Plainfield Ave., Ste 8E
Edison, NJ 08817
ph. <u>732-545-9600</u>
fax. <u>609-613-5611</u>

------------------------------------------------------------------------------------

**CONFIDENTIALITY**: The information and any attachments contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

**IRS CIRCULAR 230 DISCLOSURE**: To ensure compliance with requirements imposed by the IRS, any advice contained in this message (including any attachments) is not intended and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transactions or matter addressed herein.