# FELICELLO

Michael James Maloney*
Partner

Felicello Law P.C.
1140 Avenue of the Americas
9th Floor
New York, NY 10036

Tel. +1 (646) 564-3510
mmaloney@felicellolaw.com

March 27, 2020

VIA ECF AND PRIORITY MAIL

Hon. Magistrate Judge Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Baliga, et al. v. Link Motion Inc., et al*., Case No. 1:18-cv-11642 (the "Action")

Dear Judge Freeman:

    This firm represents Vincent Wenyong Shi ("Mr. Shi") in the above-referenced Action. I write to request leave to submit supplemental materials relevant to certain of the "threshold issues" previously referred to Your Honor for report and recommendation on August 13, 2019. (*See* ECF Dkt. No. 88-90 and 91). Among other things, the "threshold issues" previously submitted for report and recommendation include the question of the legality of the removal of Mr. Shi from the Board of Directors of the Link Motion Inc. (the "Company") on or about March 14, 2019. Since the time of Mr. Shi's initial submission, we have learned of additional information relevant to the Court's determination of this issue, which we hereby seek leave to submit. Based on this new information, it is patently clear that the Receiver never had any legal authority to remove Mr. Shi from the Company's Board of Directors.

    In this Action, plaintiff Wayne Baliga ("Plaintiff") purports to bring derivative claims against Mr. Shi and others on behalf of the Company. In his verified pleadings and declarations, Plaintiff affirms that he was a shareholder with legal standing to act on behalf of the Company in a derivative capacity. On that basis, Plaintiff requested that the Robert W. Seiden (the "Receiver")[1] be appointed as receiver to manage the assets of the Company. On February 1, 2019, the Court issued an order appointing the Receiver. (ECF Dkt. No. 26). On or about March 14, 2019, the Receiver purported to remove Mr. Shi from his position as a member of the Board of Directors and replace him with Mr. Lilin "Francis" Guo. Mr. Shi disputes the legality of his removal by the Receiver and the appointment of Mr. Guo.

    On August 29, 2019 and September 9, 2019, respectively, the parties submitted letter briefs on this issue for report and recommendation. (ECF Dkt. Nos. 95 and 96). In our letter to the Court dated August 29, 2019, we argue that the Receiver does not have authority under applicable law to remove or appoint members of the Board of Directors of the Company. (*See* ECF Dkt. No. 95,

---

[1] Mr. Seiden is the managing partner of the law firm representing Plaintiff.

*Admitted to practice law in New York

at pp.1-4). Only the shareholders have such power. Plaintiff disputes this point. (*See* ECF Dkt. No. 96). This threshold issue is now *sub judice* for report and recommendation.

Based on recent developments, Plaintiff's argument that the Receiver has the necessary authority lacks any good faith basis. Specifically, on or about January 13, 2020, the Receiver made an application before the Grand Court of the Cayman Islands (the "Cayman Court") for recognition of (1) this Court's February 1, 2019 Order appointing him as Receiver and (2) the Receiver's power to remove and appoint directors. Pursuant to the internal affairs doctrine, the internal affairs of the Company are governed by the laws of the Cayman Islands.[2]

Mr. Shi received no notice of the Receiver's application, and therefore was deprived of an opportunity to respond. Nonetheless, the Cayman Court expressly declined to recognize any power by the Receiver to remove or appoint directors, ordering that "the power granted to the US Receiver in paragraph II.2(b) of the Receivership Order [i.e., ECF Dkt. 26] to appoint or replace any director of Link Motion Inc. ***is not recognized***." (emphasis added). A true and correct copy of the Cayman Court's order is annexed hereto as Exhibit A. Mr. Shi respectfully submits that the Cayman Court's Order supports his prior arguments here that it was legally improper for the Receiver to remove Mr. Shi as a Director and that the removal should be deemed *void ab initio*. Further, the appointment of Mr. Guo should also be ruled *void ab initio* as outside the Receiver's lawful power.

We further note that although the Cayman Court appears to have otherwise recognized the appointment of the Receiver in general, Mr. Shi reserves all rights to contest the validity of the appointment of the Receiver. In particular, we have recently learned that Plaintiff is not a shareholder of the Company and, therefore, has no standing under Fed. R. Civ. Proc. 23.1 to bring this Action or otherwise act in a derivative capacity. On March 5, 2020 China AI Capital Limited ("China AI") filed a motion to intervene. (ECF Dkt. Nos. 122 to 123-4; refiled at ECF Dkt. Nos. 127-1 to 127-18). In support of its motion, China AI submitted a copy of the register of shareholders of the Company. Plaintiff is not a registered shareholder of the Company.[3] China AI also submitted the declaration of Katie L. B. Pearson, a Cayman Islands attorney, who opines that under the laws of the Cayman Islands, Plaintiff has no legal standing to act derivatively on behalf of the Company. (ECF Dkt. No. 123-2).

Thus, Plaintiff falsely alleged in this Action that he had standing to bring derivative claims on behalf of the Company. There is now reasonable basis to believe that in making the application to the Cayman Court, the Receiver failed to disclose, or concealed, that Plaintiff is not and never was a shareholder of the Company and lacks standing to act derivatively. Had the truth been

---

[2] *See*, *e.g.*, *Howe v. Bank of New York Mellon*, 783 F. Supp. 2d 466, 475, 2011 BL 55355, 6 (S.D.N.Y. 2011).

[3] As set forth more fully in China AI's motion papers, Plaintiff is the holder of American Depositary Shares ("ADSs") listed on the New York Stock Exchange. (See ECF Dkt. No. 49, at ¶¶ 3, 15, and 49-8). ADSs are securities that "represent" shares of common stock in the Company but are not actually common shares. In her declaration dated May 3, 2020, Katie L. B. Pearson, a Cayman Islands attorney, opines that holders of ADSs, such as Plaintiff, are not recognized under the laws of the Cayman Islands as having standing to bring derivative claims. (ECF Dkt. No. 123-2).

disclosed to the Cayman Court (*i.e.,* that Plaintiff is not a shareholder of the Company), the Cayman Court would not have recognized the Receiver's authority to act on behalf of the Company in any capacity. Indeed, Mr. Shi contends that had this information been duly disclosed to this Court when this case was commenced, this Court never would have appointed the Receiver in the first place and would have dismissed the action.

For the foregoing reasons, and the reasons set forth in my prior submissions on this issue, Mr. Shi respectfully requests that the Court issue a report and recommendation recommending that the Receiver's purported removal of Mr. Shi from the Board of Directors be declared *void ab initio*, the Receiver's appointment of Mr. Lilin "Francis" Guo to the Board of Directors be declared *void ab initio*, and that Mr. Shi has been and continues to be a duly appointed member of the Board of Directors.

Finally, in light of the COVID-19 pandemic and the measures implemented in mitigation thereof, Mr. Shi defers to the Court regarding the timing of any response to and/or the scheduling of any conference regarding this submission.

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc:   All counsel of record (via ECF)