**SEIDEN LAW GROUP**LLP

469 Seventh Avenue
New York, NY 10018
212.523.0686
www.seidenlegal.com

**April 1, 2020**

**VIA ECF**
Honorable Victor M. Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642-VM-DCF (S.D.N.Y.)

Dear Judge Marrero:

This letter is submitted by counsel for Plaintiff in the above-captioned matter, in connection with the motion to intervene by China AI Capital Limited ("China AI") and its various associated filings (ECF Nos. 122-24, 127, 129-31) (collectively, the "Motion to Intervene" or "Motion"), as well as the stipulation filed by China AI on March 12, 2020 (styled as a "Proposed Consent Order") concerning Plaintiff's time to respond to the Motion to Intervene (ECF No. 128) (the "Stipulation").  By this letter, Plaintiff seeks an order (i) determining that China AI's Motion to Intervene remains defective; and (ii) that Plaintiff's time to respond to China AI's Motion to Intervene is four weeks from the time when China AI files a non-defective Motion to Intervene.

I. **China AI's Motion To Intervene Remains Defective**

As the Court is aware, China AI has attempted to file its Motion to Intervene numerous times.  With each filing prior to March 26, 2020, the Court has determined that China AI's filings have been defective.  For example, China AI filed an intervenor complaint and motion to intervene on March 5, 2020  (ECF Nos. 122-23, respectively).  That day, the Court determined that those filings were defective.  The next day, China AI filed an amended intervenor complaint (ECF No. 124), which the Court likewise determined was defective.  (*See* March 9, 2020 notice to counsel to China AI).  Then, on March 10, 2020, China AI once again attempted to file its Motion, styling it as an "Amended Motion to Intervene." (ECF No. 127).  On March 11, 2020, the Court determined that China AI's then-most current filing remained defective and ordered counsel for China AI to re-file its Motion – providing counsel for China AI with specific instructions as to how to correctly file its papers (the "March 11 Notice to China AI").  On March 26, 2020, China AI attempted yet again to re-file its Motion to Intervene.  (ECF Nos. 129-31).

China AI's Motion remains defective.  The Court's March 11 Notice to China AI is clear: to cure the filing defect concerning the Motion to Intervene, China AI has to re-file its motion, as well as the motion's supporting documentation, such that each document has its own electronic document number.  *See* March 11 Notice to China AI.  Instead of complying with the Court's

notice and correctly filing its motion papers, China AI filed a memorandum of law and various declarations only; China AI did not accompany those filings with a motion. Accordingly, no valid motion to intervene is on the docket.

In response to China AI's March 26, 2020 filings, on March 27, 2020, counsel for Plaintiff reached out to counsel for China AI, informing counsel for China AI that the Motion to Intervene remained defective and enquired as to whether China AI was planning to re-file in a manner that complied with the Court's instructions. Counsel for China AI refused to do so, maintaining that any defect had been cured by its March 26, 2020 filings. Clearly, this is not the case.

Accordingly, counsel for Plaintiff requests that the Court determine that China AI's most current iteration of its Motion to Intervene (ECF Nos. 129-31) remains defective.

## II.     Plaintiff Should Have Four Weeks To Respond To A Non-Defective Motion

In connection with China AI's Motion to Intervene, counsel for Plaintiff and counsel for China AI negotiated a four (4) week period of time for Plaintiff to respond to the Motion to Intervene. Pursuant to those negotiations, counsel for Plaintiff and counsel for China AI entered into the Stipulation, providing that Plaintiff would respond to China AI's *March 6, 2020 filing* by April 3, 2020. (ECF No. 128) (emphasis added). Critically, the Court determined that China AI's March 6, 2020 filing (ECF No. 124) was defective. *See* March 9, 2020 Notice to Counsel for China AI. Significantly, the terms of the Stipulation were negotiated prior to China AI's March 10, 2020 filing (ECF No. 127), and China AI delayed filing the Stipulation until *after* the Court's March 11 Notice to China AI, determining that China AI's then-current motion was defective. (*Compare* the March 12, 2020 date of the Stipulation *with* the March 11, 2020 date of the Notice to China AI). Accordingly, the Stipulation reflects a motion that, to date, is not correctly on file with the Court.

Counsel for Plaintiff has reached out to counsel for China AI and requested that the 4-week time to respond to China AI's Motion should begin when China AI has a non-defective motion to intervene on the Court's docket. Moreover, counsel for Plaintiff has, on numerous times, requested that China AI enter into an updated stipulation, reflecting a four-week response time that would begin from the time of China AI's most-current filing of its Motion to Intervene. China AI has rejected all of Plaintiff's proposals, refusing to enter into a new stipulation and maintaining that Plaintiff's time to respond to the as-filed Motion to Intervene remain April 3, 2020. Notably, the Court has not yet so-ordered the Stipulation.

Accordingly, counsel for Plaintiff requests that this Court determine that the time for Plaintiff to respond to China AI's Motion to Intervene be four weeks from the date when the filing defects of China AI's Motion to Intervene have been cured. As referenced above, Plaintiff maintains that, pursuant to the Court's March 11 Notice to China AI, the Motion to Intervene remains defective, and, accordingly, that there is no operative motion on the docket to which Plaintiff needs to respond. However, if the Court is satisfied that China AI's most current filing iteration (ECF Nos. 129-31) has cured the previously noted defects, then Plaintiff requests that his

time to respond to China AI's Motion to Intervene be four weeks from March 26, 2020 – that is, April 23, 2020.

In further support of this application, Plaintiff's undersigned counsel respectfully submits that he is currently working remotely and dealing with various administrative, staffing, childcare, and health-related issues arising out of the COVID-19 pandemic. In these extenuating circumstances, a four week period of time to respond is warranted.

Counsel for Plaintiff is available to discuss these issues at the Court's convenience.

Dated: April 1, 2020

/s/ Jake Nachmani
Jake Nachmani
SEIDEN LAW GROUP LLP
469 Seventh Ave., Suite 502
New York, New York 10018
jnachmani@seidenlegal.com
(646) 766-1723

*Attorneys for Plaintiff Wayne Baliga*