UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>Plaintiff,<br><br>-against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.), et al.,<br><br>Defendants. | 18cv11642 (VM) (DF)<br><br>**ORDER** |

**DEBRA FREEMAN, United States Magistrate Judge:**

This Court has reviewed the arguments advanced by plaintiff Wayne Baliga ("Baliga") and former defendant Vincent Wenyong Shi ("Shi") on two issues that have been referred to this Court for consideration by the Honorable Victor Marrero, U.S.D.J.:

(1) whether Robert W. Seiden, who, by Order dated February 1, 2019 (Dkt. 26) was appointed Temporary Receiver ("Receiver") for defendant Link Motion Inc. (the "Company"), exceeded his authority by purporting to remove Shi as a director of the Company; and

(2) whether the Court should grant Baliga's renewed application for leave to effect service of process on Shi, a resident of the People's Republic of China, by means alternative to service under the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 658 U.N.T.S. 163 (the "Hague Convention").

(*See* Dkts. 90, at 1 (items No. 1 and 3), 91 (Order of Reference).)  In connection with its review, this Court finds that Shi's position on the first of these issues may be irreconcilably in tension with his position on the second, such that clarification from Shi is required.

Specifically, as to Baliga's request for leave to serve Shi by alternative means (the second of the above-referenced issues), Shi had previously moved to dismiss the Complaint against him on the grounds that he had not been properly served with process and that the Court therefore lacked personal jurisdiction over him.  (*See* Dkts. 35, 37.)  Shi was persuasive in that argument, and Judge Marrero accordingly dismissed Baliga's claims against Shi, rendering Shi a nonparty.  (*See* Decision and Order, dated June 11, 2019 (herein, the "Shi Dismissal Order") (Dkt. 64), at 10-12, 27.)  As to the issue of alternative service, Shi still maintains that Baliga has failed to take adequate steps to serve him with process (*see generally* Dkts. 101, 110), and thus presumably still maintains that, absent effective service, the Court continues to lacks personal jurisdiction over him.

The problem inherent in this position is that, unless Shi submits to the Court's jurisdiction, he will lack standing to be heard with respect to his arguments on the first of the above-referenced issues, challenging the legitimacy of the action taken by the Receiver to remove Shi from his position as a Company director.  Indeed, as Baliga has pointed out (*see* Dkt. 96, at 1), the Court previously noted – in the same decision in which it granted Shi's motion to dismiss – that "nonparties seeking to invoke standing to be heard on a matter generally must move to intervene and willing subject themselves to the Court's jurisdiction."  (Shi Dismissal Order, at 20.)

After determining, in connection with Shi's motion to dismiss, that the Court lacked personal jurisdiction over Shi and that Shi thus lacked standing to raise other issues, Judge Marrero nonetheless exercised his discretion to consider, at that time, certain of Shi's additional arguments as if they had been raised by an *amicus curiae*.  (*See id.* (citing *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012)).)  At this stage, however, it at

least seems questionable that the Court should continue, indefinitely, to treat Shi as an *amicus*, and to continue, on that basis, to consider any new arguments that Shi wishes to raise. Moreover, the first of the two issues currently before this Court is a challenge by Shi to a portion of the Court's Order appointing the Receiver – the portion by which Judge Marrero expressly granted the Receiver the authority to remove directors of the Company.[1] Shi's challenge to the Receiver's authority to remove him is thus, in effect, a motion for reconsideration of the Receivership Order, and Shi has offered no explanation as to why, as a former party to this action, he should be permitted to proceed as an *amicus* to mount a challenge that, were he still a party, would be untimely by several months.[2]

For these reasons, it is hereby ORDERED as follows:

1.  No later than May 8, 2020, Shi is directed to clarify whether, in light of the above, he now consents to submit to the jurisdiction of the Court. If Shi states that he *does* so consent, then this Court will consider him to have waived service of process, such that he may be reinstated as a defendant in this matter, obviating the need for the Court to consider the appropriateness of alternative service. If, conversely, Shi states that he does *not* so consent, then

---

[1] *See* Order Granting Preliminary Injunction and Appointing Temporary Receiver, dated Feb. 1, 2019 (herein, the "Receivership Order") (Dkt. 26), § II(2)(b) (stating that "[t]he Receiver shall assume full control of the Company by removing, as the Receiver deems necessary or advisable, any director, officer, employee, independent contractor, or agent of the Company, including any Individual Defendant, from control of, management of, or participation in, the affairs of the Company").

[2] This District's Civil Rules set out a 14-day deadline for motions for reconsideration or reargument. *See* Local Civ. R. 6.3. Here, Shi first set out his challenge to the Receiver's authority to remove him as a director in a joint submission with Baliga dated August 9, 2019 (Dkt. 90), a full six months after the Court expressly gave the Receiver that authority (*see* Receivership Order), and more than four months after the Receiver apparently exercised it (*see* Dkt. 95, at 1 (noting that the Receiver had stated in a March 29, 2019 filing with the Securities and Exchange Commission that he had removed Shi as a director of the Company)).

he should provide authority to support the proposition that he should be granted leave to proceed as an *amicus curiae* to raise that challenge at this juncture. Absent a persuasive showing on this point, this Court will not proceed to consider the merits of Shi's challenge to the Receivership Order, although, if this Court denies that challenge for lack of standing, then it will do so without prejudice to Shi to renew, at such time as this Court may find that service on Shi has been properly effectuated via the Hague Convention or by such other, alternative means as the Court may find appropriate.

2. If Baliga wishes to respond to Shi's further submission, then he should file his response no later than May 15, 2020.

Dated: New York, New York
       May 4, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

4