# SEIDEN LAW GROUP LLP

469 Seventh Avenue
New York, NY 10018
212.523.0686
www.seidenlegal.com

May 13, 2020

**VIA ECF**
Honorable Debra C. Freeman
Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     ***Baliga v. Link Motion Inc. et al.* 1:18-cv-11642-VM-DCF (S.D.N.Y.)**

Dear Judge Freeman:

This letter is submitted by counsel for Plaintiff in the above-captioned matter and in response to the letter submitted by China AI Capital Limited ("China AI"), dated May 13, 2020. ECF 146.

By its May 13 letter, China AI has requested a two-week extension of time to file its reply brief to its motion to intervene. China AI maintains its needs these additional two weeks because Plaintiff, in his opposition brief to China AI's motion to intervene (ECF 141), relied on information discovered by the Receiver concerning China AI's identity and its close personal and financial ties to Defendant Shi, as set forth in the Receiver's May 2, 2020 letter to the Court.

There is no need for any extension here.

*First*,  China AI has had time to respond to the evidence set forth in the Receiver's May 2 letter – and in fact has done so in its May 6, 2020 letter to the Court. ECF 143. There, notably, China AI did not dispute that it was an entity controlled by Defendant Shi. *Second,* the information uncovered by the Receiver was brought to China AI's attention more than two weeks prior to China AI's time to file its reply brief. Accordingly, China AI's time to file its reply brief, as set forth by the Court's April 6, 2020 Order (ECF 137), has not been truncated or interrupted in any manner.

*Third*, the information set forth in the Receiver's May 2 letter concerns basic facts relating to China AI's identity and interests. It should not take approximately a month for China AI to demonstrate that it is or is not an entity controlled by Defendant Shi. *Fourth*, that China AI claims

its should have additional time to respond to these basic facts underscores the need for it to demonstrate to the Court who it really is – and do so without delay.

And finally, and contrary to China AI's contention, there is nothing "nonlegal" or "outside the scope of the motion" about information that directly concerns who China AI really is and why it is choosing to intervene in this matter – and do so now, well over a year after China AI first had notice of this action.  On a motion to intervene, these are core issues.

Counsel for Plaintiff is available to discuss these issues at the Court's convenience.


Dated: May 13, 2020


/s/ Jake Nachmani
Jake Nachmani
SEIDEN LAW GROUP LLP
469 Seventh Ave., Suite 502
New York, New York 10018
jnachmani@seidenlegal.com
(646) 766-1723

*Attorneys for Plaintiff Wayne Baliga*