**SEIDEN LAW GROUP**LLP

469 Seventh Avenue
New York, NY 10018
212.523.0686
www.seidenlegal.com

May 15, 2020

<u>**VIA ECF**</u>
Honorable Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Baliga v. Link Motion Inc. et al.* **1:18-cv-11642-VM-DCF (S.D.N.Y.)**

Dear Judge Freeman:

This letter is submitted by counsel for Plaintiff in the above-captioned matter, pursuant to the Court's May 4, 2020 Order (ECF 140) ("May 4 Order") and in response to the letter submitted by Vincent Wenyong Shi ("Shi") dated May 8, 2020 (ECF 145) ("Shi's Letter").

### I.     Shi Cannot Request Relief Or Challenge The Actions Of The Receiver Before He Submits Himself To The Court's Jurisdiction

The Court's May 4 Order is clear. Pursuant to that order, Shi was required to consent to or challenge the Court's jurisdiction over him. ECF 140. Shi did not comply with the May 4 Order. Instead, by his May 8 letter, Shi purports to dictate "non-prejudicial terms" that the Court must accept before he submits himself to the Court's jurisdiction. ECF 145 at 1-2. By his May 8 letter, Shi also challenges the Receiver's authority to remove him from LKM's board of directors – and in so doing also challenges the authority of the Court which conferred this power on the Receiver. ECF 145 at 3-5.

Shi cannot place preconditions on his acceptance of jurisdiction. Further, absent an unconditional acceptance of this Court's jurisdiction over him, he cannot challenge the Court's February 1, 2019 order appointing the Receiver (ECF 26) ("Receivership Order).

By not submitting himself to the Court's jurisdiction, Shi does not have standing to raise these arguments or seek his requested relief. Indeed, the Court recognized this fact in its May 4 Order, noting that "unless Shi submits to the Court's jurisdiction, he will lack standing to be heard with respect to his arguments on the first of the above-referenced issues, challenging the legitimacy of the action taken by the Receiver to remove Shi from his position as a Company director." ECF 140. Before Shi can invoke "standing to be heard on a matter generally," he must "willingly subject [himself] to the Court's jurisdiction." ECF 140.

Shi has not willingly done so.  Accordingly, Shi lacks standing to seek the relief requested in his May 8 Letter, and his request should be denied on that basis alone.

## II. Shi's Conditions For Submitting Himself To The Court's Jurisdiction Unfairly Prejudice Plaintiff And Are Without Merit

Even if the Court reaches the merits of Shi's requests (despite the fact that Shi lacks standing to raise them), his requests should be denied because they are unduly prejudicial to the Plaintiff and would frustrate the Court's administration of justice here.[1]

Shi asks the Court to waive its authority to hold him in contempt "for any actions or omissions taken before acceptance of service." ECF 145 at 2.  This request is absurd; it serves as a get out of jail free card for Shi for his violations of the Receivership Order, as well as the harm he has caused to the Company and its employees.

Indeed, Shi has, time after time, flouted this Court's authority and violated the Receivership Order.  The examples of Shi's violating the Receivership Order are numerous and have been fully addressed in Plaintiff's motion seeking an order that the Court hold Shi in contempt for violating the Receivership Order.  ECF 32, 51.  Generally speaking though, Shi has refused to cooperate or communicate with the Receiver.  He has raided LKM's offices in China to "remove accounting and legal documents" and to "destroy and damage operating data systems and the company's main contract management system."  ECF 51.  He has taken multiple steps to try and form a new Company using LKM's assets and employees.  ECF 51.  Shi has gone so far as to issue a press release on behalf of the Company, stating in substance that he and the Company's board of directors were not recognizing this action or the authority of this Court.  ECF 51.  Moreover, he has also taken control of the primary bank account of LKM's wholly foreign owned entity ("WFOE") in China, and as such has been able to block the Receivership from accessing this bank account, preventing the Receivership from preserving and safeguarding the Company's assets.  This has led to, among other things, LKM employees not being paid and the wrongful termination of the Company's employees.

Plaintiff should be entitled to continue to pursue remedies that will ensure Shi's compliance with the Receivership Order.  Without such a right, there is no reason to believe that Shi will not continue to attempt to frustrate the Receiver's efforts and ignore this Court's authority over him.

Likewise, Shi's request for attorneys' fees is without merit.  Indeed, Shi has failed to comply with the terms of the Indemnification Agreement, failed to demonstrate that his legal

---

[1] Shi's purported factual accounting for why he is entitled to his "non-prejudicial terms" is flawed.  Shi's "good faith" belief that, because he was the legal representative of the PRC operating subsidiaries, his responding to the Receiver's requests in May 2019 would have subjected him to sanctions in the PRC (ECF 145 at 1) has no basis.  Shi was then and still remains the legal representative of LKM's PRC operating subsidiaries.  Accordingly, Shi's legal representative status has not changed, and the purported risk he ran of sanctions is and always was a fiction.  Additionally, contrary to Shi's representations, Mr. Guo, the Receiver's agent in China, has nominal control over LKM's WFOE, not LKM's PRC operating subsidiaries – and Mr. Guo's control over the WFOE is in name only, as PRC authorities have not recognized his authority over the WFOE.  Mr. Guo does not control and he has not shut down LKM's operating subsidiaries.

expenses were reasonably incurred, and his fraudulent misconduct – that which gave rise to this action and that which has frustrated the prosecution of this action – invalidate his request. *See* Receiver's Letter to Shi dated February 18, 2020, ECF 145-1 at *16-17.[2]

### III.     Shi's Motion For Reconsideration Fails

In its May 4 Order, the Court noted that Shi's challenge to the Receiver's removing him from LKM's board of directors, as explicitly provided for in the Receivership Order, constituted a motion for reconsideration of the Receivership Order. ECF 140 at 3 n.1 (citing specific provision of the Receivership order granting the Receiver the authority to remove "any director, officer, employee, independent contractor, or agent of the Company, including any Individual Defendant, from control of, management of, or participation in, the affairs of the Company"). Notwithstanding that Shi does not have standing to challenge the authority of the Receiver until he submits to the Court's jurisdiction, his attempts to do so fail.

#### A.     Shi's Challenge To The Receivership Is Untimely

In the May 4 Order, the Court recognized that Shi's motion for reconsideration of the Receivership Order was governed by the 14-day filing period under Local Rule 6.3. ECF 140 at 3. By Shi's Letter, Shi maintains that his motion for reconsideration was actually a motion for relief from a judgment or order under Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"), and so the 14-day period to file a motion for reconsideration does not purportedly apply. ECF 140 at 3. Shi is wrong.

*First,* Rule 60 does not apply here. Rule 60 applies only to "final" judgments. *In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *3 (S.D.N.Y. May 28, 2015). An order is final for purposes of Rule 60(b) when it is appealable. *Id.* (collecting cases). A final judgment or order is one that "conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008); *Smith v. Underwood*, 2018 WL 3632522, at *2 (S.D.N.Y. July 30, 2018)

Here, Shi seeks reconsideration of an order temporarily appointing the Receiver. There is nothing about this order which conclusively determined all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision. Nor does Shi come close to arguing as such. Accordingly, Shi's argument that his motion was timely under Rule 60 fails.

*Second*, even if Rule 60 applies here, courts routinely hold that motions for reconsideration filed under Rule 60 are subject to the 14-day filing period under Local Rule 6.3. *See, e.g.*, *Jackson*

---

[2] Shi's cited authorities are unavailing. First, unlike the movants in those cases, Shi, until he submits to the Court's jurisdiction, cannot demonstrate that he has "by his pleadings ... raised genuine issues of fact or law," which he is required to do before a court will authorize the payment of his attorneys' fees. N.Y. Bus. Corp. Law § 724(c); *see also Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491 (1989) (company was not required to indemnify corporate officer because the indemnification agreement there did not unequivocally apply to litigation between the parties, and contracts of indemnity must be construed strictly, with an eye to whether the agreement unmistakably provides for indemnification of legal fees in litigation between the parties).

*v. Harvest Capital Credit Corp.*, 2020 WL 1166452, at *1, n. 1 (S.D.N.Y. Mar. 11, 2020); *Smith v. Underwood*, 2018 WL 3632522, at *3 (S.D.N.Y. July 30, 2018).

Here, as the Court noted, Shi's challenge to the Receiver's authority to remove him as a director was filed a full six months after the Court expressly gave the Receiver that authority and more than four months after the Receiver exercised it. Accordingly, Shi does not come close to meeting the deadline under Local Rule 6.3. *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("the untimeliness of a motion for reconsideration is reason enough to deny the motion."; citing cases).[3]

### B. Shi Has Not Met His Burden Of Establishing That The Receiver Exceeded His Authority

A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011). The standard for granting a motion for reconsideration is accordingly high. *Nakshin v. Holder,* 360 Fed. Appx. 192, 193 (2d Cir. 2010). It may be granted only where a court has overlooked "controlling decisions or factual matters that were put before it on the underlying motion" and which, if examined, might reasonably have led to a different result. *Eisemann v. Greene,* 204 F.3d 393, 395 n. 2 (2d Cir. 2000). To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014).

Shi has not met this high burden. In fact, Shi has failed to establish facts which have anything to do with these bases for reconsideration. Instead, Shi rehashes arguments set forth in his letter dated March 27, 2020 (ECF 132) and the motion to intervene filed by China AI Capital Limited (ECF 127) concerning Plaintiff's standing. These arguments fail. They have no bearing on any intervening change in the law; they are based on facts available to Shi from the outset of this action; and there is no risk of clear error or injustice here. *See Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014) ("the movant cannot rely upon facts, issues, or arguments that were previously available but not presented to the court, or reargue issues that have already been considered."); *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 697 (S.D.N.Y. 2011) (party seeking reconsideration could not raise arguments that could have been raised prior to the party's motion for reconsideration). Accordingly, Shi's motion for reconsideration of the Receivership Order should be denied.[4]

---

[3] Shi confuses his motion to discharge the Receiver (ECF 35-38) filed on March 27, 2019, with his bringing to the Court's attention his intention to challenge the Receiver's authority to remove him as a director of LKM, made on August 9, 2019. ECF 90. Even if the earlier filings were relevant, Rule 60 would not apply to his challenge, and his March 2019 filings would still be untimely under Local Rule 6.3.

[4] Notwithstanding that these arguments are irrelevant to Shi's motion for reconsideration, Plaintiff has already addressed them and demonstrated their meritlessness in Plaintiff's brief in opposition to China AI Capital Limited's motion to intervene. ECF 141.

Dated: May 15, 2020

/s/ Jake Nachmani
Jake Nachmani
SEIDEN LAW GROUP LLP
469 Seventh Ave., Suite 502
New York, New York 10018
jnachmani@seidenlegal.com
(646) 766-1723

*Attorneys for Plaintiff Wayne Baliga*

---

Similarly, Shi provides no authority for the incorrect propositions that Plaintiff's standing affects the Receiver's authority or that receiverships are appointed in derivative matters only. *See Daum Glob. Holdings Corp. v. Ybrant Digital Ltd.*, 2018 WL 2122816, at *4 (S.D.N.Y. May 8, 2018) (appointing a receiver in the absence of any derivative claims). Moreover, Shi's argument is moot, as Plaintiff has already represented that, in the event that the Court has any concerns regarding his standing, Plaintiff will seek leave to amend the complaint and assert direct claims only. ECF 141 at 16.