UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>Plaintiff,<br>-against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, JIA LIAN, XIAO YU,<br><br>Defendants,<br>-and-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>Nominal Defendant. | 1:18-cv-11642-VM-DCF |

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF PLAINTIFF'S APPLICATION TO
<u>SERVE DEFENDANT SHI BY ALTERNATIVE MEANS OF SERVICE</u>**

i

Plaintiff Wayne Baliga ("Plaintiff"), by his undersigned counsel, submits this notice of supplemental authority in further support of Plaintiff's Application to Serve Defendant Shi by Alternative Means of Service (ECF Nos. 104-06) (the "Application").[1]

## SUPPLEMENTAL AUTHORITY

On July 17, 2020, the United States District Court for the Southern District of New York issued an Opinion and Order in the matter of *Convergen Energy LLC et al. v. Steven J. Brooks et al.*, 1:20-cv-03746 (LJL) (ECF 89), 2020 WL 4038353 (S.D.N.Y. July 17, 2020) ("*Convergen*") (the "Opinion"). Ex. 1. The Opinion is directly relevant to Plaintiffs' Application.

In *Convergen*, plaintiffs filed a motion pursuant to Fed. R. Civ. P. 4(f)(2)(C)(i) and 4(f)(3) for an order permitting alternative methods of service on individual defendants located in Spain. Because Spain is a signatory of the Hague Convention, plaintiffs attempted to effectuate service of process on the Spanish Central Authority pursuant to Hague Convention procedures. *See id.* at *3. However, having been advised by the Spanish Central Authority that the global COVID-19 pandemic had limited the capacity of the Spanish judicial system to administer such requests, the *Convergen* plaintiffs filed their petition seeking the court to allow for service of process by other means, including by mail and email. *See id.* at *4.

The court granted the *Convergen* plaintiffs' motion. Pursuant to Fed R. Civ. P. 4(f)(3), the court held that it should exercise its discretion to permit alternative means of service because plaintiffs had attempted in good faith to serve the foreign individuals pursuant to the Hague Convention procedure, but, as a result of the COVID-19 pandemic, the Spanish judicial system would be unable to timely effectuate plaintiffs' request for service. *See id.* at *5 ("Plaintiffs'

---

[1] All capitalized terms not otherwise defined herein have the same meaning ascribed to them in the First Amended Complaint (ECF 68) ("Complaint") and the Memorandum of Law in Support of the Application. ECF 104. Unless otherwise noted, all emphasis is added, and all internal quotations and citations are omitted. References to "Ex." are to exhibits attached herewith.

attempts, the current pandemic, and the Central Authority's response all demonstrate that the request is far from 'whimsical,' and that this Court should exercise its discretion to order service pursuant to Rule 4(f)(3).").

Additionally, the *Convergen* court found both mail and email to be appropriate means to effectuate service, as both methods were in compliance with the Federal Rules of Civil Procedure and the Hague Convention. *See id.* at *6. That plaintiffs had located a physical address and an email address to serve the individual defendants (by mail and email, respectively) comported with constitutional due process concerns. *See id.* at *5-6. Notably, the *Convergen* court found that, in reviewing the proposed methods of alternative service, "the Court recognizes that the Spanish Defendants have actual notice of this action and, thus, as a practical matter, the purpose of the service requirement has already been accomplished." *Id*. at *5.

## **PLAINTIFF'S APPLICATION**

The Court should apply the reasoning of *Convergen* and grant Plaintiff's Application. *First*, Plaintiffs' request is appropriate under Rule 4(f)(3). While Plaintiff has attempted to serve Defendant Shi pursuant to Hague Convention procedure, like the plaintiffs in *Convergen,* Hague Convention service of process protocols have been frustrated – here by Defendant Shi's intentionally avoiding such service. *See* ECF 104 at 9-10; *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) (ordering alternative service because "defendants have operated in such a way as to stymie any effort to determine their true addresses."); *Vanderhoef v. China Auto Logistics Inc*., 2019 WL 6337908, at *3 (D.N.J. Nov. 26, 2019) ("where parties have

requested alternative service on foreign defendants, courts have held that such service is permitted especially when the person's address is unknown."; citing authorities).[2]

Moreover, and similar to the Spanish Central Authority's experience as a result of COVID-19, the Beijing Dongcheng District People's Court, the Chinese court responsible for carrying out service on Shi, has experienced significant closures and administrative backlogs as a result of the pandemic, serving to further delay serving Shi.[3]  Ex. 2.

Exacerbating the situation and as set forth in Plaintiffs' Application, Hague Convention service in China is at best administratively labyrinthine, can take upwards of a year to effectuate, is subject to local protectionism, and may never at all be effectuated.  *See* ECF 104 at 7-8.  It has been approximately eleven months since Plaintiff has attempted to serve Shi pursuant to the Hague Convention.  The extraordinary amount of time that has passed is also an appropriate basis for a court to order alternative service.  *See* 4B Fed. Prac. & Proc. Civ. § 1134 (4th ed.) (noting that court-directed service pursuant to Rule 4(f)(3) is appropriate when for example "there is a need for speed that cannot be met by following the Hague Convention methods, when the Central Authority of the foreign country has refused to serve a particular complaint … or when a foreign country's Central Authority *fails to effect service within the six-month period provided by the Hague Convention.*") (emphasis in original); *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262,

---

[2] Notably, the lack of a physical address for Defendant Shi at the time of service suggests that "the Hague Convention does not even apply inasmuch as Article 1 of the Hague Convention specifies that it 'shall not apply where the address of the person to be served with the document is not known.'" *Elsevier*, 287 F. Supp. at 379 (S.D.N.Y. 2018) (quoting Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents art. 1; citing authorities); *see also Microsoft Corp. v. Does*, 2012 WL 5497946, at *2 (E.D.N.Y. Nov. 13, 2012) ("As other courts in this Circuit have already recognized, Article 1 of the Hague Convention specifies that the Convention does not apply when the addresses of foreign defendants are unknown.") *SEC v. Lines*, 2009 WL 3151793 (S.D.N.Y Oct. 2, 2009) (noting that "[The Hague Convention] shall not apply where the address of the person to be served with the document is not known.").

[3] Plaintiff can provide a certified translated copy of this exhibit should the Court so request.  Additionally, Plaintiff will gladly communicate with the Chinese Central Authority to determine whether it has limited capacity to effectuate service of process pursuant to the Hague Convention, should the Court require this.

266 (S.D.N.Y. 2012) (citing authorities for delay of as little as three months as a basis for ordering alternative service).

*Second*, Plaintiff's proposed means of alternative service – personal delivery and by email – are appropriate methods for service under *Convergen*. While China has objected to Article 10 of the Hague Convention, thereby proscribing the methods by which defendants within China can be served pursuant to the Hague Convention, its objections are limited to only those methods of service that are expressly set forth; service by email is not expressly objected to and therefore is in compliance with the Hague Convention. *See, e.g.*, *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) ("China's objection to service by postal mail does not cover service by email"; granting alternative service by email to defendant's business email address). Shi has already (albeit without the authority to do so) agreed to accept service and submit to the Court's jurisdiction on conditional, "non-prejudicial terms." *See* ECF 145. Additionally, Plaintiff has already personally served Shi and has provided the Court with an email address Shi uses, satisfying due process concerns. *See* ECF 28; *Convergen* at *6 (due process concerns met because "service by email [was] reasonably calculated to notify [defendant] of this action."). No further showing is required.[4]

---

[4] Although the *Convergen* court did not permit service to be effectuated via email on defendants' US counsel, the *Convergen* court recognized that it falls in the minority of cases from this District as to this issue; the majority of cases hold otherwise, authorizing service upon a defendant's U.S. counsel. *See, e.g.*, *Zanghi v. Ritella*, 2020 WL 589409, at *7 (S.D.N.Y. Feb. 5, 2020) (noting that service on a Chinese defendant's U.S. counsel "is a common form of service ordered under Rule 4(f)(3)"); *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013) (same); *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (ordering service on U.S. counsel under Rule 4(f)(3) where "the circumstances of th[e] case ma[de] clear that service on counsel ... [was] virtually guaranteed to provide notice to" the defendant); *NYKCool A.B. v. Pacific Int'l Servs., Inc.*, 2015 WL 998455, at *4 (S.D.N.Y. Mar. 5, 2015) (same where it was "clear that [defendant's] lawyers are in touch with him" and that it was "difficult to imagine evidence more clearly demonstrating … [defendant's] … interaction with his lawyers").

Dated: July 27, 2020

New York, New York

                SEIDEN LAW GROUP LLP

                /s/ Jake Nachmani
                Jake Nachmani
                469 Seventh Avenue, Fifth Fl.
                New York, NY 10018
                jnachmani@seidenlegal.com
                (212) 523-0686

                *Counsel for Plaintiff Baliga*

Dated: July 27, 2020

New York, New York

        SEIDEN LAW GROUP LLP

        /s/ Jake Nachmani
        Jake Nachmani
        469 Seventh Avenue, Fifth Fl.
        New York, NY 10018
        jnachmani@seidenlegal.com
        (212) 523-0686

        *Counsel for Plaintiff Baliga*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System"). The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsels of record.

Dated: July 27, 2020                                       SEIDEN LAW GROUP LLP

                                                                          /s/ Jake Nachmani
                                                                          Jake Nachmani