UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE BALIGA, derivatively on behalf of
LINK MOTION INC. (F/K/A NQ MOBILE INC.)

                              Plaintiff,

        -against-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYONG SHI,
JIA LIAN,
XIAO YU,

                            Defendants,

        -and-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),

                        Nominal Defendant.

Civil Action No.: 1:18-cv-11642

---

## RESPONSE OF DEFENDANT VINCENT WENYONG SHI IN OPPOSITION TO NOTICE OF SUPPLEMENTAL AUTHORITY

FELICELLO LAW P.C.
1140 Avenue of the Americas
9th Floor
New York, New York 10019
Tel. (212) 584-7806

*Attorneys for Defendant*
*Vincent Wenyong Shi*

Of counsel:    Michael James Maloney

Defendant Vincent Wenyong Shi ("Mr. Shi"), by and through his undersigned attorneys, hereby respectfully submits this response to the Notice of Supplemental Authority, dated July 27, 2020 (the "Notice," Dkt. No. 160), filed by Plaintiff Wayne Baliga ("Plaintiff"). Reference is made to the prior submissions made on Mr. Shi's behalf in opposition to Plaintiff's motion, and in response to the Court's Order, dated May 4, 2020, all of which are incorporated herein. (*See* Dkt Nos. 94, 101, 101-1 through 101-8, 110, and 145.)

### RESPONSE IN OPPOSITION TO NOTICE OF SUPPLEMENTAL AUTHORITY

The Court should only consider supplemental authority that is relevant. *See, e.g., Winslow v. Forster & Garbus, LLP*, No. CV 15-2996 (AYS), 2017 U.S. Dist. LEXIS 205113, at *15 (E.D.N.Y. Dec. 13, 2017). The District Court's decision in *Convergen Energy LLC v. Brooks* is not "relevant" to Plaintiff's motion for leave to serve Mr. Shi by alternative means because it does not reflect a change in the applicable law and does not involve a similar fact scenario. *See* No. 20-cv-3746 (LJL), 2020 U.S. Dist. LEXIS 126293, at *8 (S.D.N.Y. July 17, 2020) (the "*Convergen* Decision"). Thus, Plaintiff's Notice and attachments should be disregarded.

The authority previously provided to the Court sets forth the three relevant factors for the Court to consider when determining an application for relief under Fed. R. Civ. Proc. 4(f)(3). The *Convergen* Decision does not purport to change or alter any of those factors. Rather, the *Convergen* Decision simply applies the relevant standard to the particular fact present in the *Convergen* case.

The *Convergen* Decision is also not relevant because the facts at issue in that case are materially different than the facts before this Court. The facts at issue in *Convergen* involved service of process on individuals located in Spain and the nuances of effecting service of process on the Spanish Central Authority pursuant to the Hague Convention in light of COVID-19. The

facts in this action are materially different because here it was Plaintiff who failed to exercise reasonable diligence in seeking to effectuate service of process on Mr. Shi pursuant to the Hague Convention. Based on Plaintiff's own submissions, Plaintiff failed to even commence the process of service pursuant to the Hague Convention until sometime after October 2019 (*see* Dkt. No. 104), almost one year after the commencement of this action. Whether and to what extent COVID-19 may or may not be causing delays in the governmental operations of certain countries, Plaintiff cannot dispute that by delaying the process of commencing service pursuant to the Hague Convention he lost almost one year of time during which service might have been effected. Thus, the potential impact of COVID-19 on the prospect of service in the People's Republic of China in accordance with the Hague Convention is the result of Plaintiff's lack of diligence, not any wrongful action by Mr. Shi.

Further, the facts in this action differ from *Convergen* because, as set forth in Mr. Shi's prior submissions, Mr. Shi has not done anything to avoid or frustrate service of process. In his declaration dated May 21, 2019, Mr. Shi explained that, based on his understanding of applicable laws of the People's Republic of China (the "PRC"), he had not at that time been served with process and had a good faith belief that responding to the receiver's initial requests for information would result in Mr. Shi being found in violation of PRC laws regarding foreign control of PRC technology companies. (*See* Dkt. No. 60). Mr. Shi provided in good faith an address for purposes of effecting service of process pursuant to the Hague Convention. (*See* Dkt. No. 110, at p.3). In his submission of May 8, 2020 (Dkt. No. 145), Mr. Shi advised the Court that he had been removed from control over LKM in the PRC and, therefore, believed that he no longer faced exposure under the previously mentioned PRC laws. Mr. Shi expressed his willingness to accept service of process

on terms that were non-prejudicial. In light of the foregoing, there is no rational basis on which to conclude that Mr. Shi has been wrongfully avoiding or frustrating service of process.

Under the relevant law, whether or not to grant relief under Fed. R. Civ. Proc. 4(f)(3) falls within the discretion of the Court and, in exercising that discretion, the Court should consider all relevant facts, including the lack of Plaintiff's diligence, Mr. Shi's good faith belief regarding PRC laws, Mr. Shi's voluntarily provision of an address for service pursuant to Hague Convention, and the importance of service pursuant to the Hague Convention. *See, e.g., Devi v. Rajapaksa*, C.A. No. 11-cv-6634, at *4, 2012 WL 309605 (S.D.N.Y. 2012)("While we recognize the distinct possibility that service through the Hague Convention will prove unsuccessful, we believe that requiring use of the Convention is nevertheless important. . . ."); *SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009)(considering prior attempts by plaintiff to service pursuant to the Hague Convention). *See also Zhang v. Baidu.com Inc.*, 932 F. Supp. 2d 561, 567, 2013 U.S. Dist. LEXIS 41735, *13, 2013 WL 1195257 (Mar. 25, 2013) (refusing to find valid service of process on the PRC on the grounds that doing so under the circumstances of that case would render Article 13 of the Hague Convention a "dead letter").

## CONCLUSION

For all the foregoing reasons, the Court should enter an Order disregarding Plaintiff's

Notice of Supplemental Authority.

Dated: New York, New York
       August 4, 2020

Respectfully submitted,

FELICELLO LAW PC

By: /s/ Michael James Maloney
      Michael James Maloney
1140 Avenue of the Americas
9th Floor
New York, New York 10019
Tel. (212) 584-7806
mmaloney@felicellolaw.com
*Attorneys for Defendant Vincent Wenyong Shi*