# Robert W. Seiden

Court-Appointed Receiver for Link Motion, Inc.
Pursuant to The Honorable Victor Marrero
United States District Court Southern District of New York

---

Robert W. Seiden, Esq. | Seiden Law Group LLP
469 Seventh Avenue, 5th Floor
New York, New York 10036
Tel: 212.523.0686

February 18, 2020

Via Email

Michael Maloney
Felicello Law P.C.
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
mmaloney@felicellolaw.com

Re: *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642 (the "Action") Demand for Indemnification

Dear Mr. Maloney,

     I am the Receiver for Link Motion Inc. ("LKM") and write in response to your February 5, 2020 letter (the "Demand") demanding immediate payment for Vincent Wenyong Shi's legal fees pursuant to an Indemnification Agreement for Directors and Officers, dated March 10, 2011 (the "Indemnification Agreement"), by and between Mr. Shi and LKM.[1]

     The Demand is deficient on multiple grounds.

     Mr. Shi has failed to comply with Section 7 of the Indemnification Agreement, which requires an "undertaking in writing to repay any advances if it is ultimately determined as provided in subparagraph 8(b) of this Agreement that the Indemnitee is not entitled to indemnification under this Agreement."[2]

     Further, Mr. Shi has failed to provide "reasonable evidence that such Expenses have been incurred by [Mr. Shi] in connection with such Proceeding" as required by Section 7. CKR Law LLP rendered legal services to both Mr. Shi and LKM and (based on the Client Ledger Report

---

[1] The Receiver for LKM was not a party to the Indemnification Agreement.

[2] "Advancement of Expenses. The Expenses incurred by the Indemnitee in any Proceeding shall be paid promptly by the Company in advance of the final disposition of the Proceeding at the written request of the Indemnitee to the fullest extent permitted by applicable law; provided, however, that the Indemnitee shall set forth in such request reasonable evidence that such Expenses have been incurred by the Indemnitee in connection with such Proceeding, a statement that such Expenses do not relate to any matter described in subparagraph 9(a) of this Agreement, and an undertaking in writing to repay any advances if it is ultimately determined as provided in subparagraph 8(b) of this Agreement that the Indemnitee is not entitled to indemnification under this Agreement." Section 7 of the Indemnification Agreement.

**EXHIBIT D**

---

Robert W. Seiden, Esq. | Court-Appointed Receiver

provided by you in Appendix B to the Demand) appears to have received payment for those services. The Receiver has not been provided any evidence that Mr. Shi paid for those services and has not been provided any invoices for such services.[3] Further, given Mr. Shi's obstruction of the Receiver's efforts and the Receiver's concern that Mr. Shi has fraudulently diverted LKM's assets to himself, we will need to understand the source of funds paid to CKR Law LLP prior to any decision regarding indemnification.

Moreover, the Sixth Amended and Restated Memorandum of Association of LKM provide for indemnification of directors and officers "otherwise than by reason of his own dishonesty, actual fraud or willful default, in connection with the execution or discharge of his duties, powers, authorities or discretions as a Director or officer of the Company." The Receiver notes that although the Demand is procedurally defective for the reasons discussed above, and thus it is not necessary for the Receiver to make a final determination as to whether Mr. Shi is entitled to indemnification, Mr. Shi may not have the right to indemnification under Section 8 of the Indemnification Agreement since Mr. Baliga alleges that Mr. Shi engaged in fraud.

Thank you,

Robert W. Seiden, Esq.
Court-Appointed Receiver for Link Motion, Inc.

---

[3] The Receiver has recently become aware that in what appears to be a violation of the Receivership order, CKR Law LLP purportedly appeared and submitted a responsive statement in a U.S. Department of Labor action on behalf of LKM after the Receiver was appointed and without consulting with or authorization from the Receiver or his counsel. See *Mathison v. Link Motion US, Inc. f/k/a Nq Mobile US, Inc.* (Charge No. 6-1730-19-064).