# FELICELLO

Michael James Maloney*
Partner

Felicello Law P.C.
1140 Avenue of the Americas
9th Floor
New York, NY 10036

Tel. +1 (646) 564-3510
mmaloney@felicellolaw.com

April 23, 2020

VIA EMAIL AND PRIORITY MAIL

Link Motion Inc.
c/o Robert W. Seiden
The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York, 10018

Re:   *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642 (the "Action")
      Demand for Indemnification

Dear Mr. Seiden:

  This firm represents Vincent Wenyong Shi ("Mr. Shi"). I write in response to your letter of February 18, 2020 purporting to deny Mr. Shi's February 5, 2020 demand for indemnification (the "Demand") pursuant to the Indemnification Agreement for Directors and Officers, dated March 10, 2011 (the "Indemnification Agreement"), by and between Mr. Shi and Link Motion Inc. f/k/a NQ Mobile Inc. (the "Company"). For the reasons stated below, your denial of the Demand was in bad faith and in breach of the Indemnification Agreement.

  First, there is no need for an undertaking with respect to the legal fees paid by Mr. Shi to his prior law firm, CKR Law LLP ("CKR"). The Court's prior rulings on Mr. Shi's motion to dismiss and the denial of the motion to compel are conclusive evidence that Mr. Shi is entitled to indemnification for the legal fees incurred with those proceedings. Neither plaintiff Wayne Baliga ("Plaintiff") nor you have sought reconsideration of those rulings. Nonetheless, enclosed is an undertaking duly signed by Mr. Shi in accordance with Section 7 of the Indemnification Agreement.

  Second, the Demand fully satisfied any requirement under Section 7 for reasonable evidence that Expenses have been incurred. The Client Ledger Report submitted with the Demand was generated from the law practice management software of CKR and constitutes an admissible business record evidencing both the amounts incurred by Mr. Shi and the fees paid by him to CKR. Section 7 requires nothing more and, therefore, your denial on this basis is in bad faith. Nonetheless, enclosed is a certification by Mr. Shi confirming that he paid the fees from personal funds.

  Third, your reference to Section 8 of the Indemnification Agreement is not only without basis but premature. Plaintiff's unfounded and baseless allegations of fraud are insufficient to deny Mr. Shi his right to indemnification. As set forth in Section 8(b), "[t]he Indemnitee [*i.e.*, Mr. Shi]

**EXHIBIT E**

shall be conclusively presumed to have met the relevant standards of conduct, if any, as defined by applicable law, for indemnification pursuant to this Agreement and shall be absolutely entitled to such indemnification. . . ." Unless and until the Court makes a finding of fact that Mr. Shi committed a fraud that would terminate his right to indemnification – and the time to appeal any such finding has expired, the Company is obligated to indemnify Mr. Shi. Denying the demand before the making of findings of fact, and expiration of the time to appeal such findings, necessarily constitutes a bad faith denial and breach of the Indemnification Agreement. As receiver for the Company in possession of Company assets, you are obligated to satisfy the Company's indemnity obligations to Mr. Shi.

Indeed, recent filings in this action further demonstrate the merits of Mr. Shi's Demand for indemnification. More specifically, Plaintiff Wayne Baliga has committed a fraud on the Court by falsely alleging that he was a shareholder of the Company with standing to sue derivatively under Fed. R. Civ. Proc. 23.1. In reality, Plaintiff is the holder of ADRs and not a shareholder and under well-established and long-standing precedent does not, and has never had, standing to sue derivatively under Fed. R. Civ. Proc. 23.1. Plaintiff concealed this fact from the Court when seeking to have you appointed as receiver for the Company.

Please promptly pay the amounts set forth in my letter of February 5, 2020 by bank or certified check made payable to Felicello Law P.C. Mr. Shi reserves all rights.

Sincerely,

*/s/ Michael James Maloney*

Michael James Maloney

## UNDERTAKING

I, Vincent Wenyong Shi, hereby undertake, pursuant to Section 7 of that certain Indemnification Agreement for Directors and Officers, dated March 10, 2011, by and between me and Link Motion Inc. (the "Indemnification Agreement"), to repay any advances if it is ultimately determined as provided in subparagraph 8(b) of the Indemnification Agreement that I am not entitled to indemnification under the Indemnification Agreement.

Dated: April 23, 2020

Vincent Wenyong Shi

_____
Vincent Wenyong Shi
*Individually*

扫描全能王 创建

## CERTIFICATION

I, Vincent Wenyong Shi, hereby certify that I paid U.S.$116,954.75 to CKR Law LLP ("CKR") for legal services rendered by CKR, on my behalf, along with costs and disbursements incurred in connection with the action entitled *Baliga v. Link Motion Inc.*, Case No. 1:18-cv-11642 (the "Action"), and that the foregoing amount was paid from funds that belonged to me personally.

Dated: April 23, 2020

Vincent Wenyong Shi

_____
Vincent Wenyong Shi
*Individually*

扫描全能王 创建