UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE BALIGA, derivatively on behalf of
LINK MOTION INC. (F/K/A NQ MOBILE INC.)

                Plaintiff,

-against-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYONG SHI,
JIA LIAN,
XIAO YU,

                Defendants,

-and-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),

                Nominal Defendant.

Civil Action No.: 1:18-cv-11642

---

**MEMORANDUM OF LAW OF DEFENDANT VINCENT WENYONG SHI IN SUPPORT OF MOTION FOR ADVANCEMENT AND INDEMNIFICATION** *PENDENTE LITE*

FELICELLO LAW P.C.
1140 Avenue of the Americas
9th Floor
New York, NY 10036
Tel. 212-584-7806

*Attorneys for Defendant
Vincent Wenyong Shi*

Of counsel:    Rosanne E. Felicello
                   Michael James Maloney

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i
TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................. 1
STATEMENT OF FACTS ...................................................................................................... 2
    A.    The Indemnification Agreement ............................................................................ 2
    B.    This Action Qualifies as a "Proceeding" .............................................................. 4
    C.    The Appointment of the Receiver Constitutes a "Change of Control" ................. 4
    D.    Mr. Shi Has Successfully Defended Issues in this Action ..................................... 5
    E.    Mr. Shi's Written Request for Advancement; the Receiver's Wrongful Denial .... 5
ARGUMENT ........................................................................................................................... 6
    I.    The Indemnification Agreement Entitles Mr. Shi to Advancement ....................... 6
    III.    Advancement of Mr. Shi's Expenses is Consistent with New York Law .............. 8
CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 137 F. Supp. 2d 228 (W.D.N.Y. 2000) .......... 9

*Happy Kids, Inc. v. Glasgow*, 01 Civ. 6434 (GEL), 2002 U.S. Dist. LEXIS 785 (S.D.N.Y. Jan. 15, 2002) .......... 8, 9

*Sequa Corp. v. Gelmin*, 828 F. Supp. 203 (S.D.N.Y. 1993) .......... 9

**Statutes**

New Yok Business Corporation Law 722 .......... 9

New York Business Corporation Law 723 .......... 9

New York Business Corporation Law 724(c) .......... 9

Defendant Vincent Wenyong Shi ("Defendant" or "Mr. Shi"), by and through his undersigned attorneys, hereby respectfully submits this memorandum of law in support of his motion for an Order (1) declaring that Mr. Shi is entitled to advancement from Link Motion Inc. (the "Company" or "LKM") for the legal fees and costs incurred in connection with the defense of the claims against him in this action; (2) directing the Receiver (as defined below) to pay, from funds belonging to the Company, the sum of U.S.$208,474.76, for the legal fees that he has incurred and paid through September 30, 2020; and (3) directing the Receiver (as defined below) to pay upon presentation invoices for legal fees and expenses incurred by Mr. Shi in connection with this action.

**PRELIMINARY STATEMENT**

This motion presents the Court with one central issue: Is Mr. Shi entitled to an advancement of his legal fees? The relevant Indemnification Agreement provides that the Company will advance to Mr. Shi amounts for the payment of legal expenses incurred as a result of serving as an executive officer or director of the Company "to the fullest extent permitted by applicable law" so long as he provides an undertaking to repay those fees if he is ultimately determined to not be entitled to indemnification at the conclusion of the dispute at issue. Here, Plaintiff Wayne Baliga ("Plaintiff") alleges claims against Mr. Shi for his alleged conduct as a director or executive officer of the Company. Mr. Shi has incurred legal expenses in defense of these claims and provided the required undertaking. Under relevant New York law, advancement and indemnification are permitted where the proposed indemnitee has asserted defenses to alleged intentional misconduct, as Mr. Shi has done here. Thus, Mr. Shi is entitled to advancement of funds to pay his legal fees.

Robert W. Seiden, Esq., the court-appointed receiver for the Company (the "Receiver"), has improperly denied Mr. Shi's claim for advancement and indemnification. The denial does not comport with the language of the Indemnification Agreement or New York law on this issue.

The Indemnification Agreement provides that this Court shall review that determination *de novo* and that the Company bears the burden of proof on the issue of whether Mr. Shi is entitled to advancement and indemnification. Mr. Shi has met the conditions precedent for advancement and the Receiver has failed to demonstrate any basis for denial. Accordingly, this Court should issue an Order declaring that Mr. Shi is entitled to advancement of legal fees and direct the Receiver to reimburse Mr. Shi for the fees and expenses he has already incurred.

## STATEMENT OF FACTS

### A. The Indemnification Agreement

Effective as of March 10, 2011, LKM entered into an indemnification agreement with Mr. Shi. (Ex. A)[1]. Paragraph 7 of Indemnification Agreement provides that "The Expenses incurred by the Indemnitee in any Proceeding shall be paid promptly by the Company in advance of the final disposition of the Proceeding at the written request of the Indemnitee to the fullest extent permitted by applicable law; provided, however, that the Indemnitee shall set forth in such request reasonable evidence that such Expenses have been incurred by the Indemnitee in connection with such Proceeding, a statement that such Expenses do not relate to any matter described in subparagraph 9(a) of this Agreement, and an undertaking in writing to repay any advances if it is ultimately determined as provided in subparagraph 8(b) of this Agreement that the Indemnitee is not entitled to indemnification under this Agreement." (Ex. A, at ¶ 7).

---

[1] All references to "Ex. _" refer to exhibits to the Declaration of Michael James Maloney, dated October 14, 2020 (the "Maloney Decl.").

Paragraph 1(e) of the Agreement defines "Proceeding" as "any threatened, pending or completed action, suit, arbitration, alternate dispute resolution mechanism, or other proceeding (including, without limitation, an appeal therefrom), formal or informal, whether brought in the name of the Company or otherwise, whether of a civil, criminal, administrative or investigative nature, and whether by, in or involving a court or an administrative, other governmental or private entity or body (including, without limitation, an investigation by the Company or its Board of Directors), by reason of (i) the fact that the Indemnitee is or was a director/an executive officer of the Company, or is or was serving at the request of the Company as an agent of another enterprise, whether or not the Indemnitee is serving in such capacity at the time any liability or expense is incurred for which indemnification or reimbursement is to be provided under this Agreement, (ii) any actual or alleged act or omission or neglect or breach of duty, including, without limitation, any actual or alleged error or misstatement or misleading statement, which the Indemnitee commits or suffers while acting in any such capacity, or (iii) the Indemnitee attempting to establish or establishing a right to indemnification or advancement of expenses pursuant to this Agreement, the Company's Articles, applicable law or otherwise." (Ex. A, at ¶ 1(e)).

Paragraph 1(c) of the Agreement defines "Expenses" as "without limitation, expenses of Proceedings, including attorneys' fees, disbursements and retainers, accounting and witness fees, expenses related to preparation for service as a witness and to service as a witness, travel and deposition costs, expenses of investigations, judicial or administrative proceedings and appeals, amounts paid in settlement of a Proceeding by or on behalf of the Indemnitee, costs of attachment or similar bonds, any expenses of attempting to establish or establishing a right to indemnification or advancement of expenses, under this Agreement , the Company's Memorandum of Association and Articles of Association as currently in effect (the "Articles"), applicable law or otherwise, and

3

reasonable compensation for time spent by the Indemnitee in connection with the investigation, defense or appeal of a Proceeding or action for indemnification for which the Indemnitee is not otherwise compensated by the Company or any third party." (Ex. A, at ¶ 1(c)).

### B. This Action Qualifies as a "Proceeding"

On December 13, 2018, Plaintiff Wayne Baliga ("Plaintiff") commenced this action, entitled *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642, by filing a Verified Shareholder Derivative Complaint on behalf of LKM (the "Action"). (ECF Dkt. No. 1).[2] In the Action, Plaintiff alleged derivative claims against Mr. Shi based on alleged actions and omissions by Mr. Shi in his capacity as an officer and director of LKM.

Plaintiff's First Amended Complaint (ECF Dkt. No. 65) and Second Amended Complaint (ECF Dkt. No. 166) also allege claims against Mr. Shi based on alleged actions and omissions in his capacity as an officer and director of LKM.

Therefore, the Action constitutes a "Proceeding," as that term is defined in Section 1(e) of the Indemnification Agreement.

### C. The Appointment of the Receiver Constitutes a "Change of Control"

On February 1, 2019, the Court appointed Robert W. Seiden (the "Receiver") as the receiver of LKM. (ECF Dkt. No. 26). The Court's February 1, 2019 order provided the Receiver with the power to take control over the affairs of LKM to the exclusion of the Board of Directors. (*See id.*)

Paragraph 1(a) of the Indemnification Agreement defines "Change of Control" as a change in control of the Company of a nature that would be required to be reported in response to Item 6(e) of Schedule 14A of Regulation 14A (or in response to any similar item on any similar or

---

[2] Plaintiff incorporates herein all papers filed on the Court's ECF system and cited by docket number in this Memo of Law.

successor schedule or form) promulgated under the United States Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder (collectively, the "Act"), whether or not the Company is then subject to such reporting requirement. . . ." (Ex. A, at ¶ 1(a)).

On March 26, 2019, the Receiver filed with the S.E.C. a Form 6-K disclosing his appointment as the Receiver over LKM. (Ex. B). Accordingly, the appointment of the Receiver on February 1, 2019 constitutes a "Change of Control" as the term is defined in the Indemnification Agreement.

### D. Mr. Shi Has Successfully Defended Issues in this Action

On March 27, 2019, Mr. Shi filed papers in opposition to a motion by the Receiver for an order of contempt and in support of a motion to dismiss the Complaint. (ECF Dkt. Nos. 36-37). Following briefing on the motions, the Court dismissed the Complaint without prejudice in a Decision & Order dated June 11, 2019 (ECF Dkt. No. 64).

### E. Mr. Shi's Written Request for Advancement; the Receiver's Wrongful Denial

In connection with Mr. Shi's defense of the claims in this Action, including but not limited to the motion to dismiss, he has incurred legal expenses and other costs that qualify as "Expenses" pursuant to section 1(c) of the Indemnification Agreement. (Maloney Decl., at ¶ 5-6, 11; Annex to Ex. C; Ex. F).

As a result of the Receiver's taking control over the Company, he now controls all Company's assets, including all funds held in Company accounts. Accordingly, by letter to the Receiver, dated February 5, 2020, Mr. Shi requested advancement of funds to pay for the expenses Mr. Shi incurred in connection with the Action. (Ex. C). Annexed to his letter was a Client Ledger Report from CKR Law LLP setting forth the amounts of legal fees incurred by Mr. Shi through December 31, 2019, which amounted to U.S.$116,954.74. (Annex to Ex. C).

By letter dated February 18, 2020, the Receiver rejected Mr. Shi's demand on the grounds that Mr. Shi had not provided an "undertaking in writing to repay any advances if it is ultimately determined as provided in subparagraph 8(b) of this Agreement that the indemnitee is not entitled to indemnification under this Agreement." (Ex. D)(quoting the Indemnification Agreement). The Receiver also objected on the grounds that the Client Ledger Report was insufficient evidence that Mr. Shi had actually incurred the expenses for legal fees to CKR Law LLP and that the Company's "Sixth Amended and Restated Memorandum of Association of LKM provide for indemnification of directors and officers otherwise than by reason of his own dishonesty, actual fraud or willful deceit. . . ." (Ex. D)(internal quotations and citations omitted).

By letter dated April 23, 2020, Mr. Shi provided an undertaking as required under paragraph 7 of the Indemnification Agreement, stating that he will repay the Company if he is later found to not be entitled to indemnification, and a certification that he actually incurred the cost of legal fees set forth in the Client Ledger Report and paid those fees using his own personal funds. (Annex to Ex. E; Maloney Decl., at ¶ 9-10).

Nonetheless, the Company has refused to comply with the terms of the Indemnification Agreement and provide the requested advancement and indemnification. (Ex. D).

For the period from January 1, 2020 through September 30, 2020, Mr. Shi has incurred and paid legal fees to Felicello Law P.C. in connection with the defense of Plaintiff's claims in this action of U.S.$91,520.00. (Ex. F).

## ARGUMENT

### I. The Indemnification Agreement Entitles Mr. Shi to Advancement

As discussed above, Paragraph 7 of the Indemnification Agreement provides that the Company is required to "promptly" pay expenses "incurred" by Mr. Shi "in advance of the final disposition of the Proceeding." *See* Ex. A, ¶ 7. Paragraph 7 provides for only four conditions

precedents to payment: First, that Mr. Shi make a written request for payment. Second, that Mr. Shi provide evidence that the expenses have been incurred in connection with "such Proceeding." Third, a statement that the expenses do not relate to matters described in Paragraph 9(a). And, fourth, that he provide an undertaking that he will reimburse LKM if it is "ultimately determined" that he is not entitled to indemnification. *See* Ex. A, ¶ 7.

Mr. Shi has satisfied each condition. He made a written request for advancement on February 5, 2020. *See* Ex. C. Mr. Shi has provided a Client Ledger Report, which qualifies as sufficient evidence that he has incurred the legal fees and expenses described therein. *See* Annex to Ex. C. Mr. Shi provided a Certification that the payments made to CKR Law LLP came from his own personal funds. *See* Annex to Ex. E. The Action is not of the type described in Paragraph 9(a) of the Indemnification Agreement, because it is not an action "initiated or brought voluntarily by the Indemnitee" and the expenses were not incurred in preparing Mr. Shi to serve or serving "as a witness in cooperation with any party or entity who or which has threatened or commenced any action or proceeding against the Company." *See* Complaint, ECF Dkt. No. 1, First Amended Complaint, ECF Dkt. No. 65, Second Amended Complaint, ECF Dkt. No. 166; Ex. A, at ¶ 9(a). And Mr. Shi has provided an Undertaking, agreeing to repay any advanced funds if it is ultimately determined that he is not entitled to indemnification. *See* Annex to Ex. E.

Thus, by the terms of the Indemnification Agreement, Mr. Shi is entitled to the advancement of the U.S.$116,954.76 that he incurred in defending the claims in this Action through December 31, 2019 and U.S.$91,520 for legal fees incurred during the period from January 1, 2020 through September 30, 2020, for a total amount of U.S.$208,474.76. (Annex to Ex. C; Ex. F.)

## II. The Receiver's Denial of Advancement and Indemnification is Improper.

In his February 18, 2020 letter, the Receiver improperly and wrongfully breached paragraph 8(b) of the Indemnification Agreement by denying Mr. Shi's request for indemnification. Paragraph 8(b) of the Indemnification Agreement provides that:

> ***The Indemnitee [i.e., Mr. Shi] shall be conclusively presumed to have met the relevant standards of conduct***, *if any, as defined by applicable law, for indemnification pursuant to this Agreement and shall be **absolutely entitled to such indemnification***

(Ex. A, at ¶ 8(b))(emphasis added).

The Company can deny indemnification pursuant to 8(b) only upon a "determination" that the Indemnitee failed to meet the requisite standards of conduct when such determination is made in accordance with the strict provisions of Section 8(b). Section 8(b) provides that after a change of control, only a court of competent jurisdiction can make such a determination.

The appointment of the Receiver constitutes a change of control, as that term is defined in the Indemnification Agreement and, therefore, the Receiver alone has no power to reject Mr. Shi's demand for indemnification pursuant to Section 8(b). Because the Receiver's opinion and purported "determination" does not fall within the rubric as set forth in Section 8(b), it is without effect and Mr. Shi "shall be conclusively presumed to have met the relevant standards of conduct" and "shall be absolutely entitled to such indemnification." Indemnification Agreement, Section 8(b). Thus, the Receiver's failure to provide the requested advancement and indemnification is in breach of the Indemnification Agreement.

## III. Advancement of Mr. Shi's Expenses is Consistent with New York Law

Although the Company is organized under and governed by the laws of the Cayman Islands, the Indemnification Agreement itself provides that it "shall be governed and interpreted

in accordance with the laws of the State of New York without regard to the conflict of laws principles thereof." (Ex. A, at ¶ 16).

Courts sitting in New York have consistently enforced agreements by corporations to advance legal fees for the defense of officers and directors. For example, in *Happy Kids, Inc. v. Glasgow*, 01 Civ. 6434 (GEL), 2002 U.S. Dist. LEXIS 785, at *3-5 (S.D.N.Y. Jan. 15, 2002), this Court directed a corporation to advance to one of its officers and directors amounts reasonably necessary for the defense of legal claims against that officer and director. *See e.g., Happy Kids, Inc*, 2002 U.S. Dist. LEXIS 785, at *3-5, citing NY BCL §§ 722, 723. Thus, it is consistent with New York law for this Court to order the Receiver to advance to Mr. Shi funds for litigation expenses. *See id.*

The fact that Plaintiff here alleges intentional misconduct by Mr. Mr. Shi does not in any way obviate the Company's obligation to advance legal fees. *See id.* at *5. Where, as here, the indemnitee has "raised genuine issues of fact or law" he is entitled to advancement. *Happy Kids, Inc.* at *12-13, citing NY BCL § 724(c). Nor does a mere allegation of intentional misconduct obviate the Company's duty to provide indemnification. *Id.* ("Courts have routinely ordered indemnification where a director is charged with intentional misconduct.") at *12, citing *Sequa Corp. v. Gelmin*, 828 F. Supp. 203, 206 (S.D.N.Y. 1993); *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 137 F. Supp. 2d 228, 236 (W.D.N.Y. 2000).

The terms of the Indemnification Agreement here are, therefore, entirely consistent with New York law because they require Mr. Shi to provide an undertaking that he will repay any amounts advanced to the extent he is later found to not be entitled to advancement. Thus, Mr. Shi is entitled to an advancement of legal fees incurred and expected to be incurred as this action proceeds.

9

## IV. The Receiver Bears the Burden on this Motion

Paragraph 8(c) of the Indemnification Agreement provides that the Company bears the burden of proving that indemnification or advancement is not proper. By way of the Court's February 1, 2019 order appointing the Receiver, he now stands in the shoes of the Company and, therefore, bears the burden to prove that advancement would not be proper. The Receiver has not, and cannot, meet this burden. Mr. Shi has asserted successful defenses in this Action, as indicated by the Court's decision to grant Mr. Shi's motion to dismiss the original Complaint and denying Plaintiff's motion to compel. Moreover, subsequent proceedings have demonstrated that many of the transactions at issue were entered into for legitimate business purposes. (*See* ECF Dkt. Nos. 156 to 158; 159 to 159-3). Thus, under the broad terms of advancement and indemnification provided by the Indemnification Agreement, the Receiver has no grounds to assert that indemnification or advancement is not proper here.

## CONCLUSION

For all the foregoing reasons, the Court should enter an Order (1) declaring that Mr. Shi is entitled to advancement from the Company for the legal fees and costs incurred in connection with the defense of the claims against him in the Action; (2) directing the Receiver to pay, from Company funds, the sum of U.S.$208,474.76, for the legal fees that Mr. Shi has incurred and paid through September 30, 2020; and (3) directing the Receiver to pay upon presentation future invoices for legal fees and expenses incurred by Mr. Shi in connection with this action; and granting such other and further relief as the Court deems just and equitable.

Dated: New York, New York
      October 14, 2020

Respectfully submitted,

FELICELLO LAW P.C.

By: <u>*/s/ Michael James Maloney*</u>
    Michael James Maloney
    Rosanne E. Felicello
1140 Avenue of the Americas
9th Floor
New York, NY 10036
Tel. 212-584-7806

*Attorneys for Defendant Vincent Wenyong Shi*