# EXHIBIT 9

# CAYMAN ISLANDS



Supplement No. 13 published with Extraordinary Gazette No. 53 of 17th July, 2015.

## GRAND COURT LAW

### (2015 Revision)

Law 8 of 1975 consolidated with Laws 28 of 1977, 1 of 1981, 12 of 1985, 7 of 1987, 31 of 2005, 17 of 2007, 15 of 2014 and with the Grand Court Law (Amendment) Order, 1995.

Revised under the authority of the Law Revision Law (1999 Revision).

Originally enacted-

          Law 8 of 1975-3rd September, 1975
          Law 28 of 1977-5th December, 1977

*Grand Court Law (2015 Revision)*

Law 1 of 1981-20th February, 1981
Law 12 of 1985-22nd May, 1985
Law 7 of 1987-29th April, 1987
Law 31 of 2005-9th November, 2005
Law 17 of 2007-19th November, 2007
Law 15 of 2014-11th September, 2014.

Originally made-

Grand Court Law (Amendment) Order, 1995-26th January, 1995.

Consolidated and revised this 2nd day of July, 2015.

*Note (not forming part of the Law): This revision replaces the 2008 Revision which should now be discarded.*

2

adjourn the Court in accordance with any directions given by such Judge in that behalf, or in default of any such instructions for any period not exceeding seven days.

(4)   In addition to other duties, the Clerk of the Court shall ordinarily attend all sittings of the Court, and at such sittings shall call jurors, arraign prisoners, receive and record verdicts, administer oaths to witnesses and jurors, issue summonses, writs and all other processes of the Court, and shall keep minutes and records of proceedings, judgments and orders of the Court.

9.   No Judge or officer of the Court shall act as a legal practitioner or legal agent in any cause or matter whatsoever unless specifically authorised in that behalf by this or any other law and, when so acting in accordance with such authorisation, such Judge or officer shall pay into the Treasury any fee charged in respect of the services rendered by him in such cause or matter.

<div style="float:right">Judicial and other officers not to act for private persons</div>

10.   The Court shall have an office at Grand Cayman, and such office shall be kept open for the transaction of public business on every day of the year except Saturdays, Sundays and public holidays, during the normal working hours of the offices of the Government.

<div style="float:right">Office of the Court</div>

11.   (1)   The Court shall be a superior court of record and, in addition to any jurisdiction heretofore exercised by the Court or conferred by this or any other law for the time being in force in the Islands, shall possess and exercise, subject to this and any other law, the like jurisdiction within the Islands which is vested in or capable of being exercised in England by-

<div style="float:right">Jurisdiction vested in the Court</div>

(a)   Her Majesty's High Court of Justice; and

(b)   the Divisional Courts of that Court,

as constituted by the Senior Courts Act, 1981, and any Act of the Parliament of the United Kingdom amending or replacing that Act.

<div style="float:right">U.K. Act</div>

(2)   Without prejudice to subsection (1), the Court shall have and shall be deemed always to have had power to make binding declarations of right in any matter whether any consequential relief is or could be claimed or not.

11A. (1)   The Court may by order appoint a receiver or grant other interim relief in relation to proceedings which-

<div style="float:right">Interim relief in the absence of substantive proceedings in the Islands</div>

(a)   have been or are to be commenced in a court outside of the Islands; and

(b)   are capable of giving rise to a judgment which may be enforced in the Islands under any Law or at common law.

7

(2)   The Court may, pursuant to this section, grant interim relief of any kind which it has power to grant in proceedings relating to matters within its jurisdiction.

(3)   An order under subsection (1) may be made either unconditionally or on such terms and conditions as the Court thinks fit.

(4)   Subsection (1) applies notwithstanding that -

    (a)   the subject matter of those proceedings would not, apart from this section, give rise to a cause of action over which the Court would have jurisdiction; or

    (b)   the appointment of the receiver or the interim relief sought is not ancillary or incidental to any proceedings in the Islands.

(5)   The Court may refuse an application for the appointment of a receiver or the grant of interim relief if, in its opinion, it would be unjust or inconvenient to grant the application.

(6)   In exercising the power under subsection (1), the Court shall have regard to the fact that the power is-

    (a)   ancillary to proceedings that have been or are to be commenced in a place outside the Islands; and

    (b)   for the purpose of facilitating the process of a court outside the Islands that has primary jurisdiction over such proceedings.

(7)   The Court has the same power to make any incidental order or direction for the purpose of ensuring the effectiveness of an order granted under this section as if the order were granted in relation to proceedings commenced in the Islands.

(8)   The power to make Rules under section 19 includes power to make Rules for-

    (a)   the making of an application for appointment of a receiver or interim relief under subsection (1); and

    (b)   the service out of the jurisdiction of an application or order for the appointment of a receiver or for interim relief.

(9)   Any Rules made by virtue of this section may include incidental, supplementary and consequential provisions as the Rules Committee considers necessary.

(10)   In this section, "interim relief" includes an interlocutory injunction.