# EXHIBIT 12

**[2006 CILR Note 7]**

**IN THE MATTER OF PHILADELPHIA ALTERNATIVE ASSET FUND LIMITED**

GRAND COURT (Henderson, J.): February 22nd, 2006

**Companies—compulsory winding up—jurisdiction**

The petitioners, who were minority shareholders in a Cayman company, petitioned for its winding up on the basis of a total loss of the substratum of the fund it operated, as a result of a massive fraud. Winding-up proceedings had already been commenced in the United States (where the company held assets) which were likely to be similar, but not necessarily identical, to a Cayman winding up. The U.S. receiver opposed the petition, seeking recognition by the court of his own appointment to avoid duplication of effort and costs.

**Held**: (1) As the substratum of the company had gone, the petitioners were entitled to a winding-up order even if it were contrary to the wishes of the majority of shareholders or creditors (*In re J.D. Swain Ltd.*, [1965] 1 W.L.R. 909; *In re Haven Gold Mining Co.* (1882), 20 Ch. D. 151, followed).

(2) This was so even though winding-up proceedings had already been commenced in the United States. As the company was domiciled in the Cayman Islands, this was the jurisdiction in which it should be wound up and the petitioners had a legitimate expectation that it would be wound up here even though there might be some duplication of effort or wasted costs in pursuing ancillary proceedings abroad (*North Australian Territory Co.* v. *Goldsborough, Mort & Co.*, [1893] 2 Ch. 381; *International Credit & Inv. Co.* v. *Adham*, [1994] 1 BCLC 66, followed). The U.S. receiver would not therefore be recognized and the Cayman petition would be granted.

Attorneys: *Walkers* for the petitioners; *Charles Adams, Ritchie & Duckworth* for the respondent.