# EXHIBIT 20

**[2010 (1) CILR 231]**

**IN THE MATTER OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

GRAND COURT, FINANCIAL SERVICES DIVISION (Jones, J.): February 5th, 2010

*Companies—liquidators—recognition of foreign liquidator—recognition under Companies Law (2009 Revision), s.241(1)(a) convenient way of establishing foreign liquidator's sole right to act generally for foreign company in Cayman Islands, if validly appointed under law of place of company's incorporation*

The petitioner sought a declaration recognizing his right to act in the Cayman Islands on behalf of Bernard L. Madoff Investment Securities LLC ("BLMIS").

The petitioner was appointed trustee for the liquidation of BLMIS in a US bankruptcy court. He commenced proceedings against a Cayman company, and it was likely that he would wish to commence further proceedings against other Cayman entities.

The petitioner applied for a declaration under s.241(1)(a) of the Companies Law (2009 Revision) recognizing him as the sole person having the right to act on behalf of BLMIS in the Cayman Islands.

**Held,** granting the application:

The court would make the declaration sought under s.241(1)(a) of the Companies Law (2009 Revision). Given that the petitioner had already commenced proceedings against one Cayman entity and it was likely that more would follow, such a declaration would be appropriate since the purpose of the provision was to provide a foreign bankruptcy trustee or liquidator with a convenient way of establishing his right to act on behalf of a debtor universally within the Cayman jurisdiction (rather than on a

2010 (1) CILR 232

case-by-case basis). Moreover, the court would recognize the law of a company's place of incorporation in all matters concerning the constitution of a company, including the identity of those authorized to act on its behalf as bankruptcy trustee or liquidator. Since his appointment as trustee had given him powers and duties equivalent to those of an official liquidator under Part V of the Companies Law (2009 Revision), the court would make a declaration recognizing the petitioner as the sole person having the right to act on behalf of BLMIS in the Cayman Islands (paras. 3–6).

**Legislation construed:**
Companies Law (2009 Revision), s.241(1): The relevant terms of this sub-section are set out at para. 2.

*Ms. S. White for the petitioner.*

1  **JONES, J.:** This is a petition by Irving H. Picard in his capacity as trustee of Bernard L. Madoff Investment Securities LLC ("BLMIS") by which he seeks a declaration pursuant to s.241(1)(a) of the Companies Law (2009 Revision) recognizing his right to act in the Cayman Islands on behalf of or in the name of BLMIS.

2  Section 241(1) provides that—

"upon the application of a foreign representative the Court may make orders ancillary to a foreign bankruptcy proceeding for the purposes of—

(a)  recognising the right of a foreign representative to act in the Islands on behalf of or in the name of a debtor . . ."

Mr. Picard's petition does not go on to seek any further ancillary relief under paras. (b)–(e) of s.241(1).

3  The expression "foreign representative" is defined to mean a trustee, liquidator or other official appointed in respect of a debtor for the purposes of a foreign bankruptcy proceeding. "Debtor" is defined to mean a foreign corporation or other foreign legal entity subject to a foreign bankruptcy proceeding in the country in which it is incorporated or established. BLMIS was incorporated in accordance with the laws of the state of New York in 1960 and is now the subject of bankruptcy proceedings pending before the Hon. Burton R. Lifland in the US Bankruptcy Court for the Southern District of New York. On December 15th, 2008, Mr. Picard was appointed trustee for the liquidation of the business of BLMIS with all the duties and powers of a trustee as prescribed in the US Securities Investor Protection Act of 1970. The effect of these orders, as a matter of US law, is that the powers of BLMIS's former directors and managers are terminated and Mr. Picard is now the

only person entitled to act on behalf of the company. He has powers and duties which are broadly equivalent to those of an official liquidator appointed under Part V of the Companies Law (2009 Revision). By his petition, Mr. Picard seeks a declaration that, as a matter of Cayman law, he is entitled to be recognized as the only person entitled to act on behalf of BLMIS in this jurisdiction.

4  A declaration under s.241(1)(a) takes effect for all purposes and is binding upon all persons within the territorial jurisdiction of the Grand Court. For this reason, r.2(1) of the Foreign Bankruptcy Proceedings (International Co-operation) Rules 2008 provides that all such applications shall be made by petition, which means that they will be heard in open court and that any interested party may be heard. This matter first came before me on January 21st, 2010 in the context of a proceeding commenced by Mr. Picard against Harley International (Cayman) Ltd. (in liquidation) ("Harley"). In addition to the proceeding already commenced against Harley, counsel informed me that Mr. Picard contemplates the possibility of asserting claims and, if necessary, commencing proceedings against other entities in this jurisdiction. Quite apart from counsel's statement, I concluded that Harley is most unlikely to be the only Cayman entity having a legitimate interest in the outcome of Mr. Picard's application, given the nature and scale of BLMIS's business and the fraud committed by Mr. Madoff, its founder and former chief executive officer. I therefore directed that the hearing of the petition be advertised, both locally and internationally. Notice of the hearing was duly published on January 27th, 2010 in the *Caymanian Compass* and in the *Wall Street Journal.* In the event, no other person wished to be heard on the petition.

5  Part XVII of the Companies Law (2009 Revision) was enacted in 2008 and came into force with effect from March 1st, 2009. Section 241(1)(a) did not change the pre-existing conflict of laws rules relating to this subject. Its purpose is to provide foreign representatives with a convenient and expeditious method of establishing their credentials and right to act on behalf of a debtor in a way which will have universal effect within the jurisdiction, without the need to establish his right separately as against every individual counterparty. The Cayman conflict of laws rules applicable to this issue are well established. Firstly, all matters concerning the constitution of a corporation are governed by the law of the place of its incorporation. It follows that the law of the place of incorporation determines who are the company's officials authorized to act on its behalf. Secondly, the authority of a bankruptcy trustee or liquidator appointed under the law of the place of a company's incorporation is recognized in the Cayman Islands (Dicey & Morris, 2 *The Conflict of Laws,* 10th ed., Rules 139(2) and 143, at 730 and 741 (1980)).

6  In my judgment there is no doubt that, as a matter of Cayman law, Mr. Picard is entitled to be recognized as the sole person having the right to act

2010 (1) CILR 234

on behalf of BLMIS in this jurisdiction and I make a declaration accordingly.

*Order accordingly.*

Attorneys: *Higgs & Johnson* for the petitioner.