# EXHIBIT 21

(b) a past member shall not be liable to contribute in respect of any debt or liability of the company contracted after the time at which that person ceased to be a member;

(c) a past member shall not be liable to contribute to the assets of the company unless it appears to the Court that the existing members are unable to satisfy the contributions required to be made by them under this Law;

(d) in case of a company limited by shares, no contribution shall be required from any member exceeding the amount, if any, unpaid on the shares in respect of which that person is liable as a present or past member except where such member or past member holds or held shares of a class which are expressly stated in the memorandum of association to carry unlimited liability, as provided in section 8(2);

(e) in the case of a company limited by guarantee, no contribution shall be required from any member exceeding the amount of the undertaking entered into on that person's behalf by the memorandum of association, except where the amount of the undertaking of such member is unlimited, as provided in section 9(2);

(f) nothing in this Law shall invalidate any provisions contained in any policy of insurance or other contract whereby the liability of individual members upon any such policy or contract is restricted, or whereby the funds of the company are alone made liable in respect of such policy or contract; and

(g) no sum due to any member of a company in that person's character of a member by way of dividends, profits or otherwise, shall be deemed to be a debt of the company, payable to such member in a case of competition between that person and any other creditor not being a member of the company; but any such sum may be taken into account for the purposes of the final adjustment of the rights of the contributions amongst themselves.

## PART IV - Management and Administration of Companies and Associations - Provisions for Protection of Creditors

**Registered office of company**

**50**. (1) Every company shall have a registered office in the Islands to which all communications and notices may be addressed and any company which carries on business without having such an office, shall incur a penalty of ten dollars for every day during which business is so carried on.

(2) In the case of an exempted company or a non-resident company, the address of the registered office referred to in subsection (1) shall be the same as the address of the person licensed by the Authority who provides company management services for the exempted company or non-resident company except where the



registered office was located at a different address in the Islands immediately prior to the date of commencement of this provision and remains at such address on or after the date of commencement of this provision.

### Notice of situation of registered office

**51**. (1) Notice of the situation of such registered office shall be given to the Registrar and recorded by that person and shall be published by Public Notice. Until such notice is given and published, the company shall not be deemed to have complied with this Law with respect to having a registered office.

(2) Any member of the public shall be entitled to be informed by the Registrar, on request, of the location of the registered office of any company or exempted company registered under this Law.

### Publication of name by a limited company

**52**. Every company, whether limited by shares or by guarantee, shall paint or affix, and shall keep painted or affixed, its name on the outside of every office or place in which the business of the company is carried on, or in any corridor, passage or hallway adjacent or proximate thereto, in a conspicuous position, in letters easily legible, and shall have its name in legible characters on any seal it uses, and shall have its name set out in legible characters in all notices, advertisements and other official publications of such company, and in all bills of exchange, promissory notes, endorsements, cheques and orders for money or goods purporting to be signed by or on behalf of such company, and in all bills of parcels, invoices, receipts and letters of credit of the company and its name may be followed with or preceded by, at the discretion of the company, its dual foreign name or its translated name, if any, or both.

### Penalties on non-publication of name

**53**. Any company which does not paint or affix, and keep painted or affixed, its name in manner directed by this Law is liable to a penalty of ten dollars for not so painting or affixing its name, and for every day during which such name is not so kept painted or affixed, and every director and manager of the company who knowingly and wilfully authorises or permits such default shall be liable to the like penalty; and any director, manager or officer of such company, or any person on its behalf, who uses or authorises the use of any seal purporting to be a seal of the company, whereon its name is not so engraven as aforesaid, or issues or authorises the issue of any notice, advertisement or other official publication of such company, or signs or authorises to be signed on behalf of such company any bills of exchange, promissory note, endorsement, cheque or order for money or goods, or issues or authorises to be issued any bill of parcels, invoice, receipt or letter of credit of the company, wherein its name is not set out in the manner aforesaid, is liable to a penalty of one hundred dollars, and shall further be personally liable to the holder of any such bill of exchange, promissory note, cheque, or order for money or goods for the amount thereof, unless the same is duly paid by the company.



        (iii) the nature and scope of professional indemnity insurance, if any, required to be held by persons appointed to the office of official liquidators; and

        (iv) the nature and scope of security bonds, if any, required to be posted by persons appointed to the office of official liquidator.

  (2) The Insolvency Rules Committee, after consultation with the Authority and with any organisation representing insolvency practitioners in the Islands, shall make rules prescribing the rates of fees which may be charged by an official liquidator.

# PART VI - Removal of Defunct Companies

**Company not operating may be struck off register**

**156**. (1) Where the Registrar has reasonable cause to believe that a company is not carrying on business or is not in operation, that person may strike the company off the register and the company shall thereupon be dissolved.

  (2) A request on behalf of the company to strike the company off the register shall be accompanied by a fee of seventy-five dollars.

**Company being wound up may be struck off register for want of liquidator, etc.**

**157**. Where a company is being wound up, and the Registrar has reasonable cause to believe either that no liquidator is acting, or that the affairs of the company are fully wound up, that person may strike the company off the register and the company shall thereupon be dissolved.

**Registrar to publish fact of company being struck off register**

**158**. The Registrar shall immediately publish a Government Notice to the effect that the company in question has been struck off the register, the date on which it has been struck off and the reason therefor. Such notice shall be gazetted.



### Company, creditor or member may apply to court for company to be reinstated

**159**. If a company or any member or creditor thereof feels aggrieved by the company having been struck off the register in accordance with this Law, the Court on the application of such company, member or creditor made within two years or such longer period not exceeding ten years as the Cabinet may allow of the date on which the company was so struck off, may, if satisfied that the company was, at the time of the striking off thereof, carrying on business or in operation, or otherwise, that it is just that the company be restored to the register, order the name of the company to be restored to the register, on payment by the company of a reinstatement fee equivalent to the original incorporation or registration fee and on such terms and conditions as to the Court may seem just, and thereupon the company shall be deemed to have continued in existence as if its name had not been struck off; and the Court may, by the same or any subsequent order, give such directions and make such provisions as seem just for placing the company and all other persons in the same position as nearly as may be as if the name of the company had not been struck off.

### Liability of members of company to remain

**160**. The striking off the register of any company under this Law shall not affect the liability, if any, of any director, manager, officer or member of the company, and such liability shall continue and may be enforced as if the company had not been dissolved.

### Registrar not liable for any act performed under this Part

**161**. No liability shall attach for any act performed or thing done by the Registrar under this Part.

### Vesting of property

**162**. Any property vested in or belonging to any company struck off the register under this Law shall thereupon vest in the Minister charged with responsibility for Finance and shall be subject to disposition by the Cabinet, or to retention for the benefit of the Islands.

## PART VII - Exempted Companies

### What companies may apply to be registered as exempted companies

**163**. Any proposed company applying for registration under this Law, the objects of which are to be carried out mainly outside the Islands or pursuant to a licence to carry on business in the Islands to which section 174 refers, may apply to be registered as an exempted company.



**Registration of exempted companies**

**164**. On being satisfied that section 165 has been complied with, the Registrar shall register the company as an exempted company.

**Declaration by proposed company**

**165**. A proposed exempted company applying for registration as an exempted company shall submit to the Registrar a declaration signed by a subscriber to the effect that the operation of the proposed exempted company will be conducted mainly outside the Islands or pursuant to a licence to carry on business in the Islands to which section 174 refers.

**Shares shall be non-negotiable**

**166**. The shares of an exempted company shall be non-negotiable and shall be transferred only on the books of the company.

*Repealed*

**167**. **Repealed** by section 3 of the *Companies (Amendment) Law, 2016* [*Law 3 of 2016*].

**Annual return**

**168**. In January of each year after the year of its registration each exempted company that does not hold a licence to carry on business in the Islands to which section 174 refers shall furnish to the Registrar a return which shall be in the form of a declaration that —

  (a) since the previous return or since registration, as the case may be, there has been no alteration in the memorandum of association, other than an alteration in the name of the company effected in accordance with section 31 or an alteration already reported in accordance with section 10;

  (b) the operations of the exempted company since the last return or since registration of the exempted company, as the case may be, have been mainly outside the Islands; and

  (c) section 174 has been and is being complied with.

**Annual fee**

**169**. (1) Every exempted company shall, in January of each year after the year of its registration, pay to the revenues of the Islands the annual fee specified in Part 4 of Schedule 5.

  (2) Each such annual fee referred to in subsection (1) shall be tendered with the return required by section 168.

  (3) An exempted company who defaults in submitting its annual return under section 168 or the fee specified in subsection (1) shall incur a penalty of —



(a) 33.33% of the annual fee specified in subsection (1) if the return is submitted or the fee and penalty are paid between the 1st April and the 30th June;

(b) 66.67% of the annual fee specified in subsection (1) if the return is submitted or the fee and penalty are paid between the 1st July and the 30th September; and

(c) 100% of the annual fee specified in subsection (1) if the return is submitted or the fee and penalty are paid between the 1st October and the 31st December.

**Failure to comply with section 168 or 169**

**170**. Any exempted company which fails to comply with section 168 or 169 shall be deemed to be a defunct company and shall thereupon be dealt with as such under Part VI but without prejudice to its being registered again as though it were being registered for the first time.

**Registrar to give notice**

**171**. Before taking action under section 170, the Registrar shall give one month's notice to the defaulting company and, if the default is made good before the expiry of such notice, sections 168 and 169 shall be deemed to have been complied with.

**False statement in declaration**

**172**. If any declaration under section 165 or 168 contains any wilful false statement or misrepresentation the company shall, on proof thereof, be liable to be immediately dissolved and removed from the register and in such case any fee tendered under section 26 or 169 shall be forfeited to the Minister charged with responsibility for Finance for credit to the general revenue.

**Penalty for false declaration**

**173**. Every director and officer of a company who knowingly makes or permits the making of any such declaration knowing it to be false commits an offence and is liable on summary conviction to a fine of five thousand dollars and to imprisonment for a term of one year, or to both.

**Prohibited enterprises**

**174**. (1) An exempted company shall not carry on a trade or business in the Islands with any person, except in furtherance of the business of the exempted company carried on outside of the Islands, unless that exempted company holds a licence to carry on business in the Islands under any applicable law.

(2) Nothing in this section shall be construed so as to prevent an exempted company effecting and concluding contracts in the Islands and exercising in the Islands all its powers necessary for the carrying on of its business outside the Islands.

