# Exhibit Q

HCMP 251/2019

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDINGS NO. 251 OF 2019



25 FEB 2019

IN THE MATTER OF an application for interim relief pursuant to Section 21M of the High Court Ordinance (Cap. 4)

BETWEEN

| | |
|---|---|
| ROBERT W. SEIDEN (IN HIS CAPACITY AS TEMPORARY RECEIVER OF LINK MOTION INC.) | Plaintiff |
| and | |
| LINK MOTION INC. | 1st Defendant |
| VINCENT WENYONG SHI | 2nd Defendant |
| JIA LIAN | 3rd Defendant |
| XIAO YU | 4th Defendant |

**INTERIM ORDER FOR INJUNCTION PROHIBITING DISPOSAL OF ASSETS**

**IMPORTANT**

**NOTICE TO THE DEFENDANTS**

1. This Order prohibits you from doing the acts set out in this Order. This Order is subject to the exceptions which are set out in this Order. You should read the whole of this document carefully. You are advised to consult a solicitor as soon as possible. You have the right to ask the Court to vary or discharge this Order.

2. If you disobey this Order you may be found guilty of contempt of Court and any of you or your directors may be sent to prison or fined or your assets may be seized.

### BEFORE DEPUTY HIGH COURT JUDGE MAURELLET SC IN CHAMBERS

### (NOT OPEN TO PUBLIC)

### ORDER

An application was made ex parte on the 22nd day of February 2019 by the Solicitors for the Plaintiff herein, to the Judge who read the Originating Summons filed on 22 February 2019, the affirmation of Robert W. Seiden affirmed on 21 February 2019 and the exhibits referred thereto, and the affidavit of Randall Ivan Arthur sworn on 22 February 2019 and the exhibits referred thereto, and accepted the undertakings in Schedule 1 at the end of this Order. After hearing the application the Judge made the following Order.

**IT IS ORDERED** that:

1. **Restriction on disposal of assets**.

    (1) Each Defendant must not in any way dispose of or deal with or diminish the value of any of the 1st Defendant's assets within Hong Kong, whether in the 1st Defendant's own name or not, and whether solely or jointly owned. This prohibition includes, but is not limited to the 1st Defendant's subsidiaries, businesses, physical assets, cash reserves and the following assets:

    (i) a bank account or accounts located in Hong Kong with Standard Chartered Bank (Hong Kong) Limited under the business name of either Link Motion Inc. or NQ Mobile Inc. with account numbers 44707861120, 44711201997, 44711202039, 44711201954 and 32200188000192235 (the "**SCB Accounts**"); and

    (ii) a bank account or accounts located in Hong Kong with China Merchants Bank Co., Ltd. under the business name of either Link Motion Inc. or NQ Mobile Inc. with account numbers 20089277, 20507659 and 20507667 (the "**CMB Accounts**").

2. Standard Chartered Bank (Hong Kong) Limited and China Merchants Bank Co., Ltd. shall forthwith (and in any event within 48 hours of service of this order) notify the Plaintiff's solicitors Messrs Kobre & Kim of the current balances of the SCB Accounts and the CMB Accounts.

3. The Originating Summons be adjourned to the 1st day of March 2019 at 10:00 a.m. before the Summons Judge in Chambers with 15 minutes reserved.

4. The costs of this application be reserved to the Judge hearing the application on the return date.

Dated the 22nd day of February 2019

Registrar

## DURATION OF THIS ORDER

This Order will remain in force until 5:00 p.m. on Friday 1st March 2019, unless before then it is varied or discharged by a further order of the Court.

## EFFECT OF THIS ORDER

1.  This Order is granted pursuant to section 21M of the High Court Ordinance (Cap. 4) and in aid of a foreign proceeding commenced in the District Court of the Southern District of New York, United States (the "**SDNY**"), case number 1:18-cv-11642 (the "**SDNY Proceedings**"). Accordingly, notwithstanding the Court of First Instance's jurisdiction to grant ancillary relief in support of the SDNY Proceedings, the SDNY retains jurisdiction in the SDNY Proceedings for all purposes.

2.  A Defendant who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

3.  A Defendant which is a corporation and which is ordered not to do something must not do it itself or by its directors, officers, employees or agents, or in any other way.

## THIRD PARTIES

1.  *Effect of this Order*: It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined, or have his assets seized.

2.  *Effect of this Order outside Hong Kong*: The terms of this Order do not affect or concern anyone outside the jurisdiction of this Court until it is declared enforceable or is enforced by a court in the relevant country and then they are to affect him only to the extent that they have been declared enforceable or have been enforced UNLESS such person is:-

    (a) A Defendant or any officer, nominee, trustee agent or attorney appointed by such Defendant or holding assets (whether directly or indirectly) for such Defendant; or

  (b) a person who is subject to the jurisdiction of this Court and:-

    (i) has been given written notice of this Order at his residence or place of business within the jurisdiction of this Court; and

    (ii) is able to prevent acts or omissions outside the jurisdiction of this Court which are a breach or assist in a breach of this Order.

3. *Set off by banks*. This injunction does not prevent any bank from exercising any right of set-off it may have in respect of any facility which it gave to the 1st Defendant before it was notified of this Order.

4. *Withdrawals by 1st Defendant*. No bank need inquire as to the application or proposed application of any money withdrawn by the 1st Defendant if the withdrawal appears to be permitted by this Order.

## SERVICE OUT OF THE JURISDICTION AND SUBSTITUTED SERVICE

1. The Plaintiff may issue the Originating Summons and serve it on any Defendant at any place outside of Hong Kong that the Defendant may be found by any means authorised under the law of the place in which the Originating Summons is served.

2. In addition to paragraph 1, the 2nd, 3rd and 4th Defendants be served with the Originating Summons, any evidence filed in these proceedings, and a copy of this Order at any known email addresses held by these Defendants by 5:00 p.m. on Monday 25th February 2019.

3. If any Defendant wishes to defend the action he must acknowledge service within 14 days of being served with the Originating Summons.

## UNDERTAKINGS

The plaintiff gives to the court the undertakings set out in Schedule 1 to this Order.

## VARIATION OR DISCHARGE OF THIS ORDER

Each Defendant (or anyone notified of this Order) may apply to the Court at any time to vary or discharge this Order (or so much of it as affects that person), but anyone wishing to do so should first give 24 hours advance notice to the Plaintiff's solicitors or such period as the Court may allow.

## NAME AND ADDRESS OF PLAINTIFF'S SOLICITORS

The Plaintiffs' solicitors are:

Kobre & Kim
ICBC Tower, 6/F
3 Garden Road
Central, Hong Kong
Tel:   +852 2127 3288
Fax:   +852 2127 3280
(Ref: RA/RTM1381.002)
Attn: Mr. Randall Arthur/Mr. Ryan Middlemas

The Plaintiffs' solicitors offices are open from Monday to Friday between 9:00 am and 6:30 pm.

Email:   randall.arthur@kobrekim.com.hk.
         ryan.middlemas@kobrekim.com.hk

## INTERPRETATION OF THIS ORDER

1. In this Order "he", "him" or "his" include "she", "her", "hers" and "it" or "its".

2. When there are two or more defendants then (unless otherwise stated):

    (i)   references to "the defendant" mean both or all of them;

    (ii)  an order requiring "the defendant" to do or not to do anything requires each defendant to do it or not to do it; and

    (iii) a requirement relating to service of this Order, or of any legal proceedings on "the defendant" means on each of them.

# SCHEDULE 1

## UNDERTAKINGS GIVEN TO THE COURT BY THE PLAINTIFF

1. If the Court later finds that this Order has caused loss to the 1st Defendant or any other party and decides that the 1st Defendant or that other party should be compensated for that loss, the Plaintiff will comply with any order the Court may make.

2. Anyone notified of this Order will be given a copy of it by the Plaintiff's solicitors.

3. The Plaintiff will pay the reasonable costs of anyone other than the Defendants which have been incurred as a result of this Order, including the costs of ascertaining whether that person holds any of the 1st Defendant's assets and if the Court later finds that this Order has caused such person loss, and decides that such person should be compensated for that loss, the Plaintiff will comply with any order the Court may make.

4. If for any reason this Order ceases to have effect, the Plaintiff will forthwith take all reasonable steps to inform, in writing, any person or company to whom he has given notice of this Order, or who he has reasonable grounds for supposing may act upon this Order, that it has ceased to have effect.

5. The Plaintiff do file and serve an inter partes summons seeking a continuation of this Order and any other orders it may seek to be returnable before the Summons Judge at 10:00 a.m. on Friday 1st of March 2019.

HCMP 251 / 2019

| | |
|---|---|
| **PENAL NOTICE** | IN THE HIGH COURT OF THE HONG KONG SPECIAL ADMINISTRATIVE REGION COURT OF FIRST INSTANCE MISCELLANEOUS PROCEEDINGS NO. 251 OF 2019 |
| IF YOU, THE WITHIN NAMED 1st TO 4th DEFENDANTS DISOBEY THIS ORDER, OR ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE DEFENDANTS TO BREACH THE TERMS OF THIS ORDER (INCLUDING BUT NOT LIMITED TO THE CURRENT DIRECTORS OF THE DEFENDANTS), YOU MAY BE FOUND GUILTY OF CONTEMPT OF COURT AND LIABLE TO PROCESS OF EXECUTION TO COMPEL YOU TO OBEY IT AND YOU MAY BE SENT TO PRISON OR FINED OR YOUR ASSETS MAY BE SEIZED. | IN THE MATTER OF an application for interim relief pursuant to Section 21M of the High Court Ordinance (Cap. 4) |

BETWEEN

| | |
|---|---:|
| ROBERT W. SEIDEN (IN HIS CAPACITY AS TEMPORARY RECEIVER OF LINK MOTION INC.) and | Plaintiff |
| LINK MOTION INC. | 1st Defendant |
| VINCENT WENYONG SHI | 2nd Defendant |
| JIA LIAN | 3rd Defendant |
| XIAO YU | 4th Defendant |

Dated the 22nd day of February 2019

**KOBRE & KIM**
Solicitors for the Plaintiff

**INTERIM ORDER FOR INJUNCTION PROHIBITING DISPOSAL OF ASSETS**

Dated the 22nd day of February 2019
Filed the 22nd day of February 2019

Kobre & Kim
Solicitors for the Plaintiffs
6th Floor, ICBC Tower
3 Garden Road, Central
Hong Kong
Tel: 2127 3288  Fax: 2127 3280
Ref: RA/RTM/01381.002