**Robert W. Seiden**

Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

469 7th Avenue, 5th Floor
New York, NY 10036
Tel: (646) 766-1724
Email: rseiden@seidenlegal.com

November 13, 2020

**VIA ECF**
Honorable Debra C. Freeman
Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Baliga v. Link Motion Inc. et al.,* **1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)**

Dear Judge Freeman:

I hope this letter finds you healthy and well. I write pursuant to the Court's memo endorsement dated November 13, 2020 (ECF 187) to request the Court's approval to allow the Receiver, under the powers granted to it pursuant to the Court's February 1, 2019 order appointing the Receiver (ECF 26) (the "Receivership Order"), to call an extraordinary general meeting ("EGM") for Link Motion Inc. ("Link Motion" or the "Company").

As this Court has observed, former Link Motion Chairman Wenyong Shi ("Shi") has continuously failed to comply with this Court's orders since the inception of this matter. Furthermore, Shi and his cohorts have obstructed the Receiver at every turn, for example by stripping Link Motion of its most valuable assets and removing from the Company tens of millions of dollars in value. While the Receivership Order has had some effect outside of the People's Republic of China ("PRC"), it has had no effect inside the PRC. Indeed, within the PRC, Shi continues to disregard the Court's orders and maintains full control of all Company assets. Apparently, the only meaningful way to wrest control of the Company from Shi is to formally remove him from his role as Director of Link Motion. Pursuant to the advice of my U.S. and Cayman Islands counsel, the best method to do this, and the most equitable for all parties, including Shi, is to follow the Company's own by-laws and proceed to a shareholder vote. It is for this reason that I request the Court's approval to call an EGM of the Company's shareholders. While this case began as a derivative case, but, due to the vagaries of Cayman Island law as it relates to holders of American depository receipts ("ADRs"), was recently amended to be a direct action by shareholder Wayne Baliga, the need to preserve the Company's assets remains critical, imperative, and has never changed.

The purpose of the EGM would be to consider the following issues:

# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York**

1) Call a vote of all the shareholders equitably allowing them to consider formally removing Shi from the board of directors of the Company to prevent his continued obstructive and irreparable actions;

2) Call a vote to allow the shareholders to consider the removal of the alleged Shi loyalists and co-conspirators from the board of directors of the Company;

3) Call a vote to allow the shareholders to consider the replacement of any and all directors who are removed at the EGM with directors appointed by the shareholders of the Company;

4) Call a vote to allow the shareholders to consider the formal appointment of shareholder Francis Guo as Chairman and Director of Link Motion; and

5) Call a vote to allow the shareholders to consider the ratification that Francis Guo, as Chairman of the Company, be granted the rights and authorities of Chairman and Director to lead the efforts of recovery of all of the Company's assets, businesses, subsidiaries, and positions for the full and complete restoration of Link Motion to full compliance for all parties involved, including all harmed shareholders, employees, business partners, and creditors.

The EGM will allow shareholders, including Mr. Baliga and the above-mentioned board members, to vote and equitably decide how best to safeguard Link Motion's assets and to avoid further encroachment and damage by the Company's previous management. As referenced above and pursuant to Link Motion's by-laws, such a mechanism is also part of the normal and customary practice of the Company. Therefore, as the above resolutions are specific and necessary to safeguard the legitimate rights and interests of the Company and all its shareholders, the Receiver asks this Court to allow Link Motion's shareholders to hold an EGM.

Thank you for your time and assistance with this matter. Please do not hesitate to contact me via email or telephone if your Honor wishes to discuss this matter in further detail.

Sincerely,

*Robert Seiden*

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver
for Link Motion Inc.