IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA,<br><br>        Plaintiff,<br><br>v.<br><br>LINK MOTION INC. (f/k/a/ NQ MOBILE INC.), VINCENT WENYONG SHI, ROLAND WU, and ZEMIN XU,<br><br>        Defendants. | No. 1:18-cv-11642-VM-DCF |

**RECEIVER'S RESPONSE TO PLAINTIFF'S MOTION
FOR RECEIVER TO EFFECTUATE CONVERSION OF PLAINTIFF'S ADRs**

    This response is submitted on behalf of Robert Seiden (the "Receiver"), who was appointed by this Court to serve as Temporary Receiver for Link Motion Inc. (the "Company") by an order dated February 1, 2019 (ECF 26) (the "Receivership Order"). As further explained below, the Receiver does not object to Plaintiff's Motion for the Receiver to Effectuate Conversion of Plaintiff's ADR (ECF 200) (the "Motion"), but seeks guidance from the Court as to whether the Receiver has the authority to authorize the conversion of Plaintiff's American Depositary Receipts ("ADRs") as sought through the Motion.

    As a threshold matter, the Receiver is an officer of the Court, and his authority is derived entirely from the Court. *See Booth v. Clark*, 58 U.S. 322, 331 (1854) ("The receiver is but the creature of the court; he has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court []."); *Ledbetter v. Farmers Bank & Trust Co.*, 142 F.2d 147, 150 (4th Cir. 1944) ("It is well recognized that a receiver is the agent only of the court appointing him; he represents the court rather than the parties."); 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2981 (3d ed. 2020) ("The receiver is

considered to be an officer of the court, and therefore not an agent of the parties[.]"). These principles inform the Receiver's response to the Motion.

The Receivership Order provides in relevant part:

> The Receiver is authorized to act through and in the name of the Company to carry out his duties. The Receiver is authorized to execute and deliver (or cause to be executed and delivered) any document in the name of the Company, including but not limited to, contracts, deeds, other documents of title, and regulatory, *administrative*, and other governmental filings.

Receivership Order at II(3) (emphasis added). The Receiver understands that the Company's authorization may be required in order to convert an ADR holder's ADRs into shares of the Company and that (in the ordinary course of business) the Company would typically provide such authorization. In the Receiver's view, such authorization is an "administrative" act that the Receiver has the authority to carry out on behalf of the Company under the above-quoted provision of the Receivership Order. In the ordinary course, the Receiver would typically provide such authorization on behalf of the Company without seeking a court order.

In this case, however, multiple considerations lead the Receiver to seek the Court's authorization, including: (i) Plaintiff's standing to assert derivative claims is a central issue in this litigation; (ii) defendant Shi filed a motion to discharge the Receivership, which was premised on the assumption that Plaintiff lacks standing to assert derivative claims, *see* (ECF 183); and (iii) Plaintiff's counsel has informed the Court that Plaintiff may seek leave to amend his complaint to assert derivative claims if he is permitted to convert his ADRs (ECF 195). Because the conversion of Plaintiff's shares implicates these significant questions that are currently pending before the Court, and as the Receiver's authority is derived entirely from the Court, the Receiver respectfully awaits direction from the Court on whether the Receiver has the authority to authorize the conversion of Plaintiff's ADRs.

Dated: December 18, 2020          SEIDEN LAW GROUP LLP
       New York, New York

By: /s/ *Amiad Kushner*
    Amiad Kushner
    469 Seventh Avenue, Fifth Fl.
    New York, New York 10018
    (646) 766-1914
    akushner@seidenlegal.com

*Counsel for Robert Seiden*
*Temporary Receiver for Link Motion Inc.*

## **CERTIFICATE OF SERVICE**

I, Amiad Kushner, certify that I electronically filed the Receiver's Response to Plaintiff's Motion for Receiver to Effectuate Conversion of Plaintiff's ADR with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on this 18 day of December, 2020.

_/s/ Amiad Kushner_
Amiad Kushner
