



**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Caryn G. Schechtman
caryn.schechtman@dlapiper.com
T 212.335.4593
F 212.884.8593


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/1/19

March 1, 2019
*BY FAX ONLY (212) 805-6382*

Honorable Judge Victor Marrero
United States Courthouse
500 Pearl Street, Suite 1040
New York, New York 1007

**Re: *Baliga v. Link Motion, et al.*, 1:18-cv-11642-VM (S.D.N.Y.)**

Dear Honorable Judge Marrero:

We write pursuant to your Honor's Individual Practices Rule II.A to request a conference, or the entry of an order without a conference, for leave to permit DLA Piper LLP (US) ("DLA") to withdraw as attorney of record for Link Motion Inc. (f/k/a NQ Mobile Inc.) ("Link Motion" or "Defendant") under Local Rule 1.4. In accordance with your Honor's Individual Practices Rule II.A.2, below, we provide a "detailed description of the matter to be decided and request that it to be deemed and filed as a formal motion." Further, in accordance with Local Rule 1.4, we submit the attached Declaration of Caryn G. Schechtman ("Schechtman Decl.") that explains the reasons for withdrawal. In short, DLA requests leave to withdraw because Link Motion has been unable to pay DLA's legal fees and has represented that it cannot do so at this time. Additionally, Link Motion has not cooperated in its representation by failing to respond to inquiries. Link Motion also consents to DLA's withdrawal. Further, withdrawal would not prejudice Link Motion or unduly disrupt the proceedings because the case is in its early stages and the Court has appointed a receiver that can appoint counsel to represent Link Motion. Thus, DLA respectfully requests a conference, or the entry of an order without a conference, allowing DLA to withdraw as counsel.

Local Civil Rule 1.4 states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In order to determine whether to grant permission to withdraw, District Courts "analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the







prosecution of the suit." *Police Officers For A Proper Promotional Process v. Port Auth. of N.Y. & N.J.*, No. 11-cv-7478 (LTS) (JCF), 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012).

*First*, there are at least three several satisfactory reasons for withdrawal: (1) Link Motion has failed to and is unable to pay DLA's fees at this time, (2) it has failed to cooperate in its representation; and (3) Link Motion has consented to DLA's withdrawal. (Schechtman Decl. ¶¶ 3-6.)

Under NY Professional Rule of Conduct 1.16(c)(5), a lawyer may withdraw where the "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees," and this Court and other courts in this circuit have agreed that a client's failure to pay legal fees constitutes a "satisfactory reason" for withdrawal as counsel. *See, e.g.*, *Spadola v. N.Y. City Transit Auth.*, No. 00 CIV 3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002) (Marrero, J.) (granting motion to withdraw upon "fail[ure] to pay his attorney's fees and costs"); *Police Officers*, 2012 WL 4841849, at *1 ("'[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4.'"); *Diarama Trading Co. v. J. Walter Thompson U.S.A. Inc.*, No. 01-cv-2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons' include failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'").

Under NY Professional Rule of Conduct 1.16(c)(7), a lawyer may also withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *4-5 (S.D.N.Y. May 11, 2011); *see also Naguib v. Pub. Health Solutions*, No. 12 CV 2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (withdrawal motion granted where client refused to communicate and cooperate with counsel).

Additionally, a client's consent to withdrawal, along with a client's lack of resources to pay or non-payment of fees, has been found to be "satisfactory reasons for [] withdrawal." *Negrin v. Kalina*, No. 09 CIV. 6234 (LGS) (KNF), 2013 WL 1736470, at *1 (S.D.N.Y. Apr. 12, 2013); *Kudo v. Simels*, No. 91 CIV. 3167 (JFK), 1991 WL 278940, at *1 (S.D.N.Y. Dec. 17, 1991) (granting motion to withdraw where client consented).








As described in the Declaration of Caryn G. Schechtman, prior to the filing of Plaintiff Wayne Baliga's Verified Shareholder Derivative Complaint ("Complaint") and Order to Show Cause with Temporary Restraining Order, Preliminary Injunction, and Temporary Receiver ("OSC"), Link Motion had failed to pay outstanding and overdue legal fees owed to DLA despite repeated requests to pay. Notwithstanding, at Link Motion's request, DLA appeared in this action after the Plaintiff filed its Complaint and OSC in order to protect Link Motion's immediate interest in the emergency filing and to allow Link Motion the opportunity to determine whether to contest the matter. Subsequently, after determining not to oppose the OSC, Link Motion has indicated that it does not have sufficient assets and cannot pay DLA's legal fees at this time. Additionally, Link Motion has failed to cooperate in the representation by failing to respond to inquiries, thus making the representation unreasonably difficult for DLA to carry out its representation effectively. Finally, Link Motion has consented to DLA's withdrawal. (Schechtman Decl. ¶¶ 3-6.)

*Second*, withdrawal would not impact the proceedings or prejudice Link Motion. When a case is "not on the verge of being tried" and withdrawal "will not in and of itself unnecessarily delay the proceedings," counsel should be permitted to withdraw. *See Blue Angel Films, Ltd.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245, at *2-3 (noting that "recent case law in the Southern and Eastern Districts of New York has held that non-payment of legal fees alone can be a satisfactory reason for withdrawal," regardless of the timing of the withdrawal); *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-cv-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (same).

This case is pre-discovery and far from trial ready. Moreover, on February 1, 2019, the Court appointed Robert W. Seiden, Esq., as temporary receiver ("Receiver") for the pendency of this action. (ECF 26 at II.1.) The Court granted the Receiver: (a) the power to "assume full control of the Company," (*id.* at II.2(b)); (b) the "power to commence, continue, join in, and/or control any action, suit, arbitration or proceeding of any kind or nature, in the name of the Company or otherwise," (*id.* at II.2(e)); and, (c) the power to "retain one or more experts or advisors, including . . . attorneys . . . as the Receiver deems appropriate in order to carry out his duties," (*id.* at II.2(f)). Thus, the Receiver has the power to control this litigation and appoint counsel as necessary to prevent any prejudice to the Company.

Thus, DLA respectfully requests the Court grant it leave to withdraw as counsel to Link Motion.

We thank the Court for its attention in this matter.

Case 1:18-cv-11642-VM Document 28 Filed 03/01/19 Page 4 of 10






Respectfully Submitted,

*s/ Caryn G. Schechtman*
Caryn G. Schechtman

cc: Robert W. Seiden, Esq. (by email, rseiden@seidenlegal.com)
Michael D. Cilento, Esq. (by email, mcilento@seidenlegal.com)
Link Motion, Vincent Wenyong Shi (by email, vincent@lkmotion.com)

Request GRANTED. Counsel for defendant Link Motion Inc. is authorized to withdraw as attorney of record. Link Motion is directed to inform the Court within 30 days of the date of this Order as to the name of substitute counsel who shall enter a notice of appearance 15 days thereafter.

SO ORDERED:

DATE 3-1-19 VICTOR MARRERO, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>Plaintiff,<br><br>vs.<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, JIA LIAN, and XIAO YU,<br><br>Defendants,<br><br>and<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>Nominal Defendant. | Case No.: 1:18-cv-11642-VM<br><br>**DECLARATION OF CARYN G. SCHECHTMAN** |

Caryn G. Schechtman, hereby declares as follows:

1. I am a partner at DLA Piper LLP (US) ("DLA"), which has represented and appeared in this matter on behalf of Link Motion Inc. (f/k/a NQ Mobile Inc.) ("Link Motion" or "Defendant"). My colleague Marc A. Silverman and I have appeared as counsel for Link Motion during this litigation.

2. Prior to the filing of Plaintiff Wayne Baliga's Verified Shareholder Derivative Complaint ("Complaint") and Order to Show Cause with Temporary Restraining Order, Preliminary Injunction, and Temporary Receiver ("OSC"), Link Motion had failed to pay outstanding invoices to DLA despite repeated requests to pay.

3. Notwithstanding, at Link Motion's request, DLA appeared in this action after the Plaintiff filed its Complaint and OSC in order to protect Link Motion's immediate interest in the emergency filing and to allow Link Motion the opportunity to determine whether to contest the matter.

4. Subsequently, after determining not to oppose the OSC, Link Motion has indicated that it does not have sufficient assets and cannot pay DLA's legal fees at this time.

5. Link Motion has also failed to cooperate in the representation by failing to respond to inquiries, thus making the representation unreasonably difficult for DLA to carry out its representation effectively.

6. Further, Link Motion has consented to DLA's withdrawal as counsel in this matter. (Attached as Exhibit A is an email from Vincent Wenyong Shi, Chairman of the Board and Chief Operating Officer, Link Motion, to Caryn G. Schechtman, Esq., DLA Piper LLP (US), dated Feb. 4, 2019.)

7. Additionally, on February 1, 2019, the Court appointed Robert W. Seiden, Esq., as temporary receiver ("Receiver") for the pendency of this action. (ECF 26 at II.1.) The Court granted the Receiver the power to "assume full control of the Company." (*Id.* at II.2(b).) The Receiver also has the "power to commence, continue, join in, and/or control any action, suit, arbitration or proceeding of any kind or nature, in the name of the Company or otherwise." (*Id.* at II.2(e).) Finally, the Receiver has the power to "retain one or more experts or advisors, including . . . attorneys . . . as the Receiver deems appropriate in order to carry out his duties." (*Id.* at II.2.(f).) The Receiver, therefore, has the power to control this litigation and appoint counsel as necessary to prevent any prejudice to the Company.

8. DLA is not asserting a retaining or charging lien.

9. As a result, DLA respectfully requests that the Court grant it leave to withdraw as counsel for Link Motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 1, 2019.

*s/ Caryn G. Schechtman*
Caryn G. Schechtman

Case 1:18-cv-11642-VM Document 28-4 Filed 03/01/19 Page 8 of 10

# Exhibit A

**Silverman, Marc**

**From:** Vincent Shi <vincent@lkmotion.com>
**Sent:** Monday, February 04, 2019 2:25 AM
**To:** Schechtman, Caryn G.
**Cc:** Silverman, Marc
**Subject:** Re: Baliga v. Link Motion Inc., et al., No. 1:18-cv-11642-VM (S.D.N.Y.) -PLEASE RESPOND

**[EXTERNAL]**

---

Confirmed

发自我的 iPhone

在 2019年2月4日，09:05，Schechtman, Caryn G. <caryn.schechtman@dlapiper.com> 写道：

Vincent,

As recently discussed on the phone, DLA will be seeking to withdraw as counsel for Link Motion Inc. ("Link Motion") in the litigation titled *Baliga v. Link Motion Inc., et al.*, No. 1:18-cv-11642-VM (S.D.N.Y.) (the "Litigation") as a result of Link Motion's failure to pay DLA's invoices and Link Motion's failure to promptly respond to DLA's inquiries regarding the Litigation. In our call, you informed me that Link Motion does not have sufficient assets to pay DLA's legal fees, and that Link Motion consented to DLA's withdrawal.

Kindly respond to this email with the word "Confirm" to re-confirm Link Motion's consent to DLA's withdrawal as counsel in this matter.

Thank you,

Caryn

Please consider the environment before printing this email

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any



**DLA Piper** LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
T 212.335.4500
F 212. 335.4501
W www.dlapiper.com

## Facsimile

Marc Silverman
T

**Date:** 2019-03-01 11:24:04 EST

***To:***

***Fax:*** 12128056382

---

**Comments:**

Baliga v. Link Motion, et al., 1:18-cv-11642-VM (S.D.N.Y.)

Honorable Judge Marrero,

Pursuant to your Honor's Individual Practices I.A and II.A, please find the attached correspondence and declaration with attachments.

Respectfully,

Marc

**Marc A. Silverman**
Associate

T +1 212.335.4828
F +1 212.884.8487
E marc.silverman@dlapiper.com

*The information contained in this facsimile message is confidential and, if addressed to our client or certain counsel, is subject to the attorney-client or work product privilege. This message is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U. S. Postal Service.*