

Toby S. Soli
Tel 212.801.3196
solit@gtlaw.com

March 11, 2021

**VIA ECF**
Honorable Debra C. Freeman
Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Baliga v. Link Motion Inc. et al.*,
                1:18-cv-11642-VM-DCF

Dear Judge Freeman:

      I write to request that the Court set a scheduling conference in this matter as soon as possible.

      On December 3, 2020, the Court held a case management conference with the Parties. (ECF 195.) The Court directed the Parties to file an updated joint scheduling proposal, which they did on December 10, 2020. (ECF 196.) The Court endorsed the Parties joint scheduling proposal on December 14, 2020. (ECF 197.) Under that scheduling order, the Court will resolve Plaintiff Baliga's Motion for Receiver to Effectuate Conversion of Plaintiff's ADR (ECF 200) prior to considering Plaintiff Baliga's Motion for Leave to File Third Amended Complaint.

      Plaintiff Baliga's Motion for Receiver to Effectuate Conversion of Plaintiff's ADR is currently pending.

      Nonetheless, on March 2, 2021, Defendant Vincent Wenyong Shi ("Shi") filed a Motion for Declaratory Relief and Modification of the Receivership Order. In it, he argues that the statute of limitations for Link Motion to bring a claim for legal malpractice should be tolled and that the Receivership Order (ECF 26) should be modified to allow Shi to act on behalf of Link Motion.

      Shi's motion ignores the orderly process which the Parties agreed to for briefing the issues in this case. (ECF 197.) Moreover, Shi's motion ignores the fact that it was recently adjudicated that Shi breached his fiduciary duties to Link Motion and, in fact, did so partly by ignoring the counsel of DLA Piper. (ECF 210-1.)

      On March 2, 2021, Robert Seiden, Receiver for Link Motion Inc., filed an update regarding the Final Award entered in the arbitration between Zhongzhi Hi-Tech Overseas Investment Ltd. and Link Motion Inc. before the Hong Kong International Arbitration Tribunal. (ECF 210.)

      In particular, it is noteworthy that the Final Award found that:

The Honorable Debra Freeman
United States District Court Magistrate Judge
Southern District of New York
March 11, 2021
Page 2

- The collateral underlying the Two Pledge Agreements "constituted substantially all of Link Motion's assets." (ECF 210-1, at ¶ 149.)

- "Zhongzhi did not furnish Link Motion any consideration in exchange for the Two Pledge Agreements." (*Id.*, at ¶ 150.)

- "Link Motion's outside securities counsel, as well as its General Counsel, had concluded that offering security to Zhongzhi in such assets without consideration was improper and any director who approved that transaction would breach his or her fiduciary duties to the company." (*Id.*, at ¶ 151.)

- "Dr. Shi plainly disregarded counsel's advice in negotiating and approving the two agreements. All of these facts establish that he breached his fiduciary duty to Link Motion in negotiating the two pledge agreements with Zhongzhi." (*Id.*, at ¶ 152.)

- "Dr. Shi compounded this manifest breach of his fiduciary duty by participating in an approval process by the Board of Directors that was deeply flawed." (*Id.*, at ¶ 153.)

- "Th[e] evidentiary record demonstrates that Dr. Shi breached his fiduciary duty of care in approving the pledge agreements. Further, in addition to breaching that duty, Dr. Shi also breached his fiduciary duty of loyalty to Link Motion because, as discussed above in Section II.A. of this Award, he had a direct, personal financial interest in the repayment of the Note in view of the obligation he had undertaken in the Shi Cooperation Agreement to pay any interest that Link Motion failed to pay. The pledge agreements Dr. Shi negotiated and shepherded through the Board approval process were self-evidently intended to help ensure such repayment, in which case Dr. Shi's personal financial exposure would be reduced." (*Id.*, at ¶ 157.)

- "Dr. Shi's misconduct extends far beyond simply voting in favor of the Two Pledge Agreements at the Board meeting. The record shows that he was the principal negotiator of the agreements on behalf of Link Motion, and, as Chairman of the Board, it can reasonably be inferred that he was responsible for the deeply flawed manner in which that meeting was conducted. As a result, we conclude that Dr. Shi breached his fiduciary duty of loyalty as well as his fiduciary duty of care." (*Id.*, at ¶ 158.)

Defendant Vincent Wenyong Shi ("Shi"), after having been found to have violated his fiduciary duty of loyalty and fiduciary duty of care to Link Motion, filed his Motion for Declaratory Relief and Modification of the Receivership Order arguing that the Court should toll the statute of limitations on a legal malpractice claim against DLA Piper on behalf of Link Motion. In support of this motion, Shi incorrectly asserts that Plaintiff Wayne Baliga ("Baliga") lacks standing and inappropriately asserts that the Receiver is conflicted from bringing an action against DLA Piper. (ECF 214, at 4-5.) The issue of standing and whether the Receiver Order was proper

The Honorable Debra Freeman
United States District Court Magistrate Judge
Southern District of New York
March 11, 2021
Page 3

are not up for briefing until after Plaintiff's Motion for Receiver to Effectuate Conversion of Plaintiff's ADR is resolved. (ECF 197.)

Moreover, DLA Piper counselled Shi against breaching his fiduciary duties, but Shi proceeded nonetheless with the explicit purpose of enriching himself at the expense of every significant asset of Link Motion. (ECF 210-1, at ¶¶ 149-58.) DLA Piper also recognized that Baliga had a valid security interest in the company sufficient to support the appointment of a receiver. (ECF 214, at 7-9.)

While Shi attempts to cast himself as the hero of this story, it has already been adjudicated in the Final Award from the Hong Kong International Arbitration Tribunal that Shi breached his fiduciary duties by improperly disposing of all significant assets of Link Motion. (ECF 210-1, at ¶¶ 149-58.) Notably, one of the assets Shi extracted from Link Motion is Showself (Beijing) Technology Co., Ltd. (*Id.*, at ¶ 63.) As but one element of the damages that Shi has caused through his breaches, Showself is now one of the businesses under the umbrella of the Scienjoy Holding Corporation which trades on the Nasdaq with a market capitalization of nearly $250,000,000. (*See* Scienjoy Holding Corporation, available at https://finance.yahoo.com/quote/SJ/ (last visit Mar. 10, 2021).)

Plaintiff Wayne Baliga urges the Court to set a scheduling conference to discuss these issues and return the Parties to the ordered briefing schedule set forth in ECF 196. Shi, who has already been found to have breached his fiduciary duties to Link Motion, should not be allowed by this Court to take on a fiduciary role for Link Motion again.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
Toby S. Soli
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Email: solit@gtlaw.com
*Counsel for Plaintiff*