# FELICELLO

Michael James Maloney*
Partner

Felicello Law P.C.
1140 Avenue of the Americas
9th Floor
New York, NY 10036

Tel. +1 (646) 564-3510
mmaloney@felicellolaw.com

March 15, 2021

VIA ECF

Hon. Magistrate Judge Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-DCF (S.D.N.Y.);
        Response to March 2, 2021 letter submitted by Robert W. Seiden (the "Receiver")

Dear Judge Freeman:

This firm represents Vincent Wenyong Shi ("Mr. Shi") in the above-referenced action ("Action"). Mr. Shi writes to respond to the interim report submitted by the letter from Robert W. Seiden (the "Receiver"), dated March 2, 2021 (ECF 210), and the letter from Plaintiff Wayne Baliga, dated March 11, 2021 (ECF 215). In their letters, the Receiver and Plaintiff request the Court to recognize an arbitration award issued in a proceeding of which Mr. Shi had no notice and in which he was not permitted to participate. Plaintiff also seeks a conference to discuss Mr. Shi's motion regarding a valuable legal malpractice claim, belonging to the company, that the Receiver has failed to pursue. By email, the Receiver's counsel has also requested that Mr. Shi consent an extension of time to respond to Mr. Shi's motion until after the Court has addressed the request for recognition of the arbitration award. For the reasons set forth below, the Court should reject the request for recognition of the arbitration award and schedule a conference to set a briefing schedule for Mr. Shi's motion.

The Zhongzhi Arbitrations

In his letter, the Receiver requests that the Court recognize the findings of fact in a final award issued in the arbitration entitled *Zhongzhi Hi-Tech Overseas Investment Ltd. v. Link Motion Inc.* (the "Zhongzhi-Link Motion Arbitration"). Zhongzhi Hi-Tech Overseas Investment Ltd. ("Zhongzhi") commenced the Zhongzhi-Link Motion Arbitration on December 20, 2018, asserting a claim against Link Motion for breach of contract arising from a Note issued by Link Motion on November 9, 2017 (the "Note"). After his appointment by this Court on February 1, 2019, the Receiver took control of the representation of Link Motion in the Zhongzhi-Link Motion Arbitration, and retained his own law firm to represent the company in the arbitration. (ECF 210-1 ¶ 5,13,19). Following his assumption of control over that arbitration, the Receiver failed to

*Admitted to practice law in New York

Hon. Debra Freeman
March 15, 2021
Page 2 of 4

provide to Mr. Shi any further notice regarding those proceedings. (*See* ECF 210-1, ¶¶ 9-13, 19, 50).[1]

The Receiver admitted the factual allegations asserted by Zhongzhi concerning the issuance, terms, and non-payment of the Note (ECF 220-1 ¶ 100), but used the Zhongzhi-Link Motion Arbitration as an opportunity to continue his personal vendetta against Mr. Shi by asserting that the two pledge agreements, executed as security for the Note, constituted a fraudulent transfer under New York's Debtor and Creditor Law and that Zhongzhi aided and abetted Mr. Shi's alleged breach of fiduciary duties in arranging for the two pledge agreements in favor of Zhongzhi without fair consideration. (ECF 210-1, ¶ 26). At no time did the Receiver provide Mr. Shi with notice of these allegations against him or an opportunity to be heard in the Zhongzhi-Link Motion Arbitration. (*See* ECF 210-1, ¶¶ 9-13, 19, 50). Mr. Shi was not served with copies of the papers filed by the Receiver in that arbitration, was not called as a witness, and was not afforded the opportunity to refute the allegations asserted by the Receiver in that proceeding. (*See id*).

The Receiver's contentions that Mr. Shi breached his fiduciary duty in connection with the transaction in dispute in the Zhongzhi-Link Motion Arbitration are utterly unsupportable because a full and complete record will show that the pledge agreements were executed in consideration of an extension of time to repay existing debt and other consideration offered by Zhongzhi in relation to prior obligations owed by Link Motion. In fact, in order to obtain the valuable extension of time, Mr. Shi contributed, as additional security for the Note, and at great personal risk, a personal guaranty of Link Motion's performance under the Note. Mr. Shi did so because the Zhongzhi transaction was in the best interests of Link Motion. Unfortunately, because of the false allegations made by Henry Lin and Matthew Mathison in late-2018, Link Motion was unable to perform its obligations under the Note. Zhongzhi commenced, on December 20, 2018, an entirely separate arbitration proceeding against Mr. Shi on his personal guaranty of the Note (the "Zhongzhi-Shi Arbitration"), resulting in a final award against Mr. Shi on his personal guaranty.[2] The Receiver failed to disclose these facts to the arbitrators in the Zhongzhi-Link Motion Arbitration and failed to disclose these facts to the Court in his March 2, 2021 letter.

In short, the Receiver's conduct in the Zhongzhi-Link Motion Arbitration was entirely unnecessary, contrary to the best interests of Link Motion and misleading to that tribunal. Indeed, Matthew Mathison, the primary witness proffered by the Receiver during the Zhongzhi-Link Motion Arbitration, had previously filed a whistleblower claim under the Sarbanes-Oxley Act against Link Motion, *In re: Matthew Matthison v. Link Motion US, Inc.*, OSHA No. 6-1730-19-064, which was dismissed by OSHA as unfounded. Despite the fact that Mr. Shi did not participate in the arbitration, the Receiver was substantially unsuccessful in his assertion of counterclaims as a defense. (*See* ECF 210-1 ¶ 139, 199(c)). After over two years of arbitrating, the arbitrator ordered

---

[1] The primary witness called by the Receiver, Matthew Mathison, the former investor relations contact for Link Motion, previously filed a whistleblower claim under the Sarbanes-Oxley Act against Link Motion, *In re: Matthew Matthison v. Link Motion US, Inc.*, OSHA No. 6-1730-19-064, which was dismissed by OSHA as unfounded.
[2] The fact that an arbitrator entered an award against Mr. Shi on his personal guaranty in no way implicates any fraudulent conveyance or breach of fiduciary duty. Rather, the execution of the personal guaranty should be viewed as a contribution of capital to Link Motion.

Hon. Debra Freeman
March 15, 2021
Page 3 of 4

Link Motion to pay to Zhongzhi the sum of US $163,311,980 plus interest. As a result of this unnecessary litigation, Link Motion incurred attorney's fees to the Receiver's own law firm, which represented Link Motion in the arbitration.

The Findings About Mr. Shi in the Final Award
Should Not be Recognized By This Court

Under applicable law, the arbitration award against Link Motion cannot be recognized by this Court as against Mr. Shi. The enforcement of foreign arbitration awards is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et seq. (1982) ("the Convention"). "[T]he Convention preempts state laws and leaves the entire subject of enforcement of foreign arbitration awards governed by its terms." *Victrix S.S. Co., S.A. v Salen Dry Cargo* A.B., 825 F2d 709, 712-713 (2d Cir 1987), *citing Island Territory of Curacao v. Solitron Devices, Inc*., 489 F.2d 1313, 1319 (2d Cir. 1973) (indicating, by implication, that the Convention would preempt state law concerning enforcement of foreign arbitral awards), *cert. denied*, 416 U.S. 986, 94 S. Ct. 2389, 40 L. Ed. 2d 763 (1974). The Convention specifically provides that a party who was "unable to present his case" in the arbitration proceedings may avoid recognition and enforcement of the arbitration award against him. The Convention, Article V.

Similarly, it would be improper to rely on any of the findings of fact about Mr. Shi's alleged conduct made by the arbitrator in the Zhongzhi-Link Motion Arbitration. Mr. Shi was not served with notice of the allegations against him in that proceeding and no witnesses or representatives appeared on behalf of Mr. Shi. Thus, the Receiver was able to set forth his version of the evidence against Mr. Shi and Mr. Shi was not able to counter that evidence directly or indirectly because Mr. Shi was not even a party to the proceeding. Mr. Shi was "unable to present his case." Thus, any findings against Mr. Shi's interest should not be considered by this Court.

The Receiver Has Failed to Take Action to Preserve Claims Belonging to Link Motion

On November 4, 2020, Mr. Shi filed motions to dismiss Plaintiff Second Amended Complaint and to discharge the Receiver. During a telephone conference held on December 3, 2020, Plaintiff first advised the Court and the undersigned counsel of Plaintiff's intentions to file a motion for authorization to convert his ADRs into registered shares of Link Motion with the ultimate goal of realleging derivative claims that had been previously dismissed voluntarily. (ECF 195.) During the call, the Court expressed concerns regarding the potential impact of Plaintiff's new motion upon the motions to dismiss and discharge. The Court ruled that it would deny the motion to dismiss and to discharge without prejudice pending the outcome of Plaintiff's motion for authorization to convert and directed the parties to propose a briefing schedule. (ECF 195). Accordingly, by means of the original receivership order, (ECF 26), the Receiver continues to control all legal claims belonging to Link Motion.

Despite this power, however, the Receiver has utterly failed to take any action to preserve a valuable legal malpractice claim against DLA Piper LLP (US) ("DLA"). The crux of the claim is simple: DLA was retained by Link Motion to advise regarding the issuance of Class B shares and, therefore, necessarily knew the identity of each registered shareholder of Link Motion. When

Hon. Debra Freeman
March 15, 2021
Page 4 of 4


Plaintiff – who is not and never was a registered shareholder – commenced this derivative action in December 2018, the DLA attorneys representing Link Motion at the time should have easily recognized that Plaintiff was not a registered shareholder and promptly advised the Court that Plaintiff had no legal standing to act derivatively. Instead, the DLA counsel appeared in Court and consented to all of the preliminary relief requested by Plaintiff. Mr. Shi submits that the Receiver is irretrievably conflicted from prosecuting the legal malpractice claim because it was DLA's legal malpractice that resulted in the Receiver's appointment.

We respectfully request that the Court issue an order declining to recognize the final award in the Zhongzhi-Link Motion Arbitration as against Mr. Shi and set a conference to set a briefing schedule for Mr. Shi's motion (ECF 211-213).

Respectfully submitted,

/s/ *Michael James Maloney*

Michael James Maloney


cc:     All counsel of record (via ECF)

4819-8553-8272, v. 3