**FELICELLO**

Michael James Maloney[*]
Partner

Felicello Law P.C.
1140 Avenue of the Americas
9th Floor
New York, NY 10036

Tel. +1 (646) 564-3510
mmaloney@felicellolaw.com

April 26, 2021

VIA ECF

Hon. Magistrate Judge Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-DCF (S.D.N.Y.);
      Response to Order dated April 23, 2021 (Dkt. No. 217)

Dear Judge Freeman:

      This firm represents Vincent Wenyong Shi ("Mr. Shi") in the above-referenced action ("Action"). I write in response to the Court's Order (Dkt. No. 217, the "Order") directing Mr. Shi to supplement his motion (Dkt. No. 211, the "Motion") for declaratory relief and modification of the receivership order. In the Motion, Mr. Shi requested that the Court toll the statute of limitations applicable to a potential legal malpractice claim by Link Motion Inc. (the "Company") against DLA Piper LLP (US) (the "Claim") and modify the receivership order (Dkt. No.26, the "Receivership Order") to grant Mr. Shi authority to retain counsel to prosecute the claim on behalf of the Company. In the Order, the Court requested that Mr. Shi explain "what jurisdiction's statute of limitations he is seeking to toll, and when that statute of limitations would otherwise expire. . . ." (Dkt. No. 217).

      Mr. Shi submits that New York law governs the Claim. As set forth more fully in Mr. Shi's papers (*see* Dkt. Nos. 212, 213, and 214), the Claim arises from the undertaking of DLA Piper LLP (US) ("DLA") to expand the scope of its engagement by the Company to appear as counsel for the Company in this action. In the fall of 2018, DLA was already engaged as counsel to the Company. Upon the filing of this Action, DLA appeared in this action as defense counsel for the Company. As a result of this appearance, DLA was bound to take all actions and to undertake all of the duties that arise from the role of defense counsel, including the evaluation of merits of Plaintiff's motion for a temporary restraining order, preliminary injunction, and appointment of a receiver, and assessment of Plaintiff's standing as a derivative plaintiff. DLA had knowledge of facts (i.e., Plaintiff's utter lack of standing under Cayman Islands law) that would require complete dismissal of the action and denial of Plaintiff's motion. Yet, DLA failed to present these facts to the Court and, instead, consented to Plaintiff's requested relief. These facts demonstrate that the Claim is governed by New York law regarding legal malpractice claims arising from the actions and omissions of defense counsel who represent corporate entities in litigations pending in courts located in the State of New York.

[*]Admitted to practice law in New York

Hon. Debra Freeman
April 26, 2021
Page 2 of 2

Under New York law, legal malpractice claims are governed by a three-year statute of limitations. *See Lindsay v. Pasternack Tilker Ziegler Walsh Stanton & Romano LLP*, 2015 NY Slip Op 04819, ¶ 2, 129 A.D.3d 790, 792, 12 N.Y.S.3d 124, 126 (2d Dept. 2015) (citing CPLR 214(4)).

It is unclear when the statute of limitations applicable to the Claim would otherwise expire. It is conceivable that DLA would argue that the statute of limitations began to run on December 21, 2018, the date on which DLA signed a letter (Dkt. No. 7), purporting to consent to the entry of the temporary restraining order, and that the limitations would expire on December 21, 2021, less than eight months from the date of this letter.

Mr. Shi respectfully submits that the issues presented on this Motion are ripe. To the extent the motion is granted in full, Mr. Shi will require time to retain counsel with respect to the Claim, prepare a complaint and commence an action before the expiration of the statute of limitations. To the extent the Court denies that branch of this Motion that seeks amendment of the Receivership Order (to grant Mr. Shi authority to prosecute the Claim on behalf of the Company), tolling of the statute of limitations will be necessary because the receiver currently in control of the Company will take no action to preserve the Claim. The receiver would never prosecute the Claim because doing so would necessarily require him to concede that his own law firm commenced a derivative action and sought preliminary relief without legal standing to do so. Thus, a decision is required well before the expiration of the statute of limitations regardless of the outcome of that decision.

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc:   All counsel of record (via ECF)