

Toby S. Soli
Tel 212.801.3196
Fax 914.286.2990
solit@gtlaw.com

April 27, 2021

**VIA ECF**
Honorable Debra C. Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (DCF):
      Reply to Defendant Shi's Response dated April 26,2021 (ECF 218)

Dear Judge Freeman:

   We represent Plaintiff Wayne Baliga and write both to: (1) respond to Defendant Vincent Wenyong Shi's ("Shi") contention that "[t]he receiver would never prosecute the Claim because doing so would necessarily require him to concede that his own law firm commenced a derivative action and sought preliminary relief without legal standing to do so;" and (2) to reiterate Plaintiff Wayne Baliga's request that the Court set a scheduling conference in this matter as soon as possible.

   On December 3, 2020, the Court held a case management conference with the Parties. (ECF 195.) The Court directed the Parties to file an updated joint scheduling proposal, which they did on December 10, 2020. (ECF 196.) The Court endorsed the Parties joint scheduling proposal on December 14, 2020. (ECF 197.) Under that scheduling order, the Court will resolve Plaintiff Baliga's Motion for Receiver to Effectuate Conversion of Plaintiff's ADR (ECF 200) prior to considering Plaintiff Baliga's Motion for Leave to File Third Amended Complaint, *i.e.*, an amended derivative complaint.

   Shi will have an opportunity to assert his arguments regarding Baliga's standing in response to Plaintiff Baliga's Motion for Leave to File Third Amended Complaint. In the meantime, Defendant Shi has been removed from his positions of authority at Link Motion and, as a result, has no standing to bring any claims against DLA Piper on behalf of Link Motion. Moreover, Shi should not be allowed to stand in a fiduciary position with regard to Link Motion given that he has already been found to have breached his fiduciary duties to the company in the Final Award entered in the arbitration between Zhongzhi Hi-Tech Overseas Investment Ltd. and Link Motion Inc. before the Hong Kong International Arbitration Tribunal. (ECF 210-1, at ¶¶ 149-58.)

**Greenberg Traurig, LLP | Attorneys at Law**
MetLife Building  |  200 Park Avenue  |  New York, New York 10166  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

Honorable Debra C. Freeman
April 27, 2021
Page 2

      The Receiver is the appropriate entity to evaluate and bring a claim against DLA Piper if appropriate. This power is specifically and rightly provided to him under the Court's Receivership Order. (ECF 26.)

      Shi is, once again, working to create the very chicken-and-the-egg problem that the Parties' joint scheduling proposal – approved by the Court – was designed to address. (ECF 195, ECF 196.)

      Plaintiff Baliga urges the Court to set a scheduling conference to discuss these issues and return the Parties to the ordered briefing schedule set forth in ECF 196. In addition to setting a briefing schedule, this would allow the Court to examine who the appropriate party to oppose Shi's motion might be. Moreover, DLA Piper might be a necessary party in adjudicating issues around the statute of limitations for a potential legal malpractice case against them.

      Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
     Toby S. Solit
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Email:  solit@gtlaw.com

*Counsel for Plaintiff*