# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

_____

322 Eighth Avenue, Suite 1704
New York, New York 10001
Tel: (212) 523 - 0686
Email: rseiden@seidenlawgroup.com

**VIA ECF**

Hon. Debra C. Freeman
United States Courthouse
Southern District of New York
500 Pearl Street, Suite 1040
New York, New York 10007

May 3, 2021

      Re:    **Interim Status Report of the Temporary Court-Appointed Receiver of Link Motion Inc. in the matter of *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)**

Dear Magistrate Judge Freeman:

      I write pursuant to Judge Marrero's February 1, 2019 Order (ECF 26) (the "Order") to provide the Court with an interim status report in connection with the Receivership's continued efforts to secure and maintain the assets of Link Motion Inc. ("LKM" or "the Company") inside the People's Republic of China ("PRC"), Hong Kong, and the United States, as well as the Receivership's participation in an arbitration proceeding in Hong Kong concerning the unauthorized transfer of LKM assets (the "Arbitration"). As all pre-trial matters are to be directed to your attention, the Receiver is sending you the following status report. This status report contains new information concerning the above-referenced matters and a summary of substantially all of the information previously provided to the Court in earlier status reports.[1]

**Interim Status Report**

- The Receiver continues to work with local and foreign counsel, including Kobre & Kim LLP ("Kobre Kim"), foreign counsel in Hong Kong, and the accounting firm KLC Corporate Advisory to assist in the Receivership's duties outside of the United States. These duties include a number of issues inside the PRC and Hong Kong related to the assets which have been wrongfully transferred out of LKM, including corresponding with banks and courts inside the PRC.

---

[1] Attached hereto as Exhibit 1 is a summary of all legal matters currently being litigated in China on behalf of the Receivership.

1

**Robert W. Seiden** | Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

---

- The Receiver is actively working with KSG Attorneys at Law in the Cayman Islands ("KSG"), as previously approved by the Court, to assist in securing and maintaining Company assets, as well other issues related to LKM's corporate governance in the Cayman Islands. With the help of KSG, the Receiver has been formally recognized in the Cayman Islands. This recognition has allowed the Receivership to engage Maples Corporate Services Limited ("Maples") as the Company's registered agent, and thereby avoid the Company's dissolution in the Cayman Islands by paying required corporate fees. LKM is now up to date on all recent corporate fees in the Cayman Islands. Furthermore, by engaging Maples, the Receivership has gained access to critical corporate documents that previously were unattainable.

- On March 23, 2019, the Receiver and his U.S. counsel filed a required Form 6-K with the SEC (the "6-K"). As stated in the 6-K, the Receiver appointed a new director of the Hong Kong subsidiary of LKM and removed and replaced the legal representative of the wholly foreign-owned enterprise ("WFOE") in the PRC. This has allowed the Receiver's agents abroad, as stated in Exhibit 1, to enter into lawsuits on behalf of the WFOE and secure LKM assets abroad.

- The Receiver's PRC agent, respected Chinese citizen and businessman Mr. Lilin Guo, is actively pursuing efforts to secure the bank account of the WFOE in China. Mr. Guo has successfully negotiated with other significant LKM shareholders inside the PRC to assist in the process of gaining control of the Variable Interest Entity ("VIE") contracts that maintain control over LKM's PRC subsidiaries. These activities are ongoing and include legal proceedings inside China.

- The Receiver, through his PRC agent, has taken the proper steps to gain formal control of the WFOE in the PRC. In this regard, after lawfully gaining control of the Hong Kong subsidiary which controlled the WFOE, the Receiver used the passage of corporate resolutions to make Mr. Guo the legal representative of the WFOE inside the PRC.

- The Receiver's staff has worked diligently to review and analyze contracts, legal documents and emails produced by DLA Piper, Marcum, Skadden Arps, Loeb & Loeb, and all former professional services providers to the Company for purposes of evaluating the complex financial transactions entered into by LKM with various related and unrelated entities. In this regard, the Receiver previously engaged an outside third-party vendor for the purpose of litigation e-discovery and search technology.

- The Receiver, as ordered by the Court and upon the legal advice of Hong Kong counsel Kobre Kim, participated in the Arbitration in Hong Kong. Seasoned litigator Amiad Kushner, Esq. of Seiden Law Group LLP led the Arbitration on behalf of the Receiver. In addition, the Receiver has previously received large volumes of discovery in the Hong Kong Arbitration proceedings and has reviewed

**Robert W. Seiden** | Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

___

these documents The Arbitration is now concluded, and the Receiver submitted the Arbitration's final award as a status update on March 2, 2021. (ECF 210).

- The Receiver, upon advice of counsel, continues its work to identify, secure, and preserve the Company's assets, including sending formal letters and calls to commercial partners in the United States.

- The Receiver continues to seek cooperation from former LKM officers, directors, former Company counsel, and members of the Special Committee which was created in 2016 to deal with allegations concerning internal governance matters within LKM.

- The Receiver and his team continue to analyze documents and communications produced by previously-engaged third party service providers in the U.S.

- The Receiver, in concert with the Hong Kong co-Receiver and its legal counsel, took formal control of the Company's Hong Kong subsidiary. This has been formally recognized by the Company's registry offices in Hong Kong in September 2019.

- The Receiver continues to work with the well-respected translator Mr. Jianfeng Li. Mr. Li has provided invaluable English-Chinese and Chinese-English translation and advisory services inside China.

- The Receiver has interviewed management from the Company's Finland entity in connection with monetizing the Company's intellectual property assets controlled there. The Receiver and his counsel have had multiple conversations and correspondence with Finland management to further this goal. In brief, prior to the appointment of the Receivership, Defendant Shi had cut off funding to the Finland entity with very short notice, leaving a group of unpaid employees in his wake. According to the management of the Finland entity, the Finland entity is now in bankruptcy in Finland due to the decisions made by Defendant Shi.

- In connection with China AI Capital Limited's ("China AI") motion to intervene (ECF 128), the Receiver conducted a thorough investigation into China AI. Based on that investigation, the Receiver's team determined there was a link between China AI and Defendant Shi. The Receiver alerted the Court to this via formal letters dated May 2, 2020[2] and May 20, 2020[3]. Further, the Receiver has learned that Defendant Shi and China AI's attorneys both work at the same law firm, Felicello Law P.C., a firm comprised of two attorneys and three affiliated counsel.

- The Receiver has learned, through documents obtained by Maples, that China AI, the current majority shareholder of the Company, never paid $10,000,000 for half

___

[2] Attached hereto as Exhibit 2.
[3] Attached hereto as Exhibit 3.

3

Case 1:18-cv-11642-VM-DCF   Document 220   Filed 05/03/21   Page 4 of 6

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

of its LKM shares. As China AI has been in default for roughly two years, the Receiver sent China AI a demand letter for the unpaid $10,000,000. China AI rejected the Receiver's request and has refused to even put the money it owes the Company in an escrow account as a showing of good faith, the Receiver asked Judge Marrero for permission to cancel China AI's unpaid shares in a letter submitted, under seal, on October 2, 2020. As all decisions have been redirected to this Court, the Receiver submitted a letter on November 30, 2020 for permission to cancel China AI's shares. (ECF 194). The Receiver submitted a corrected letter to this court on December 18, 2020. (ECF 205).

- Upon further investigation into the relationship between Defendant Shi and China AI, the Receiver discovered that Jingyuan Hua, who had previously claimed to be the sole owner and director of China AI, has more substantial ties to Defendant Shi than had been disclosed. By Mr. Hua's own admission, he wholly owns True Hero Ventures Limited, a British Virgin Islands company, through which he claims to own his interest in China AI. However, True Hero Ventures Limited also appears to be the entity through which Defendant Shi owned Tongfang Investment Fund Series SPC ("Tongfang"), an entity Defendant Shi used to strip LKM of valuable assets. Mr. Hua, in his declaration to this Court, states that he purchased China AI in August 2019. However, in a document filed in court in China, which Defendant Shi is attempting to use to further control LKM assets in China, Mr. Guo signs on behalf of China AI on January 10, 2019, seven months before he claimed in this Court to have purchased China AI. The Receiver and his team are investigating whether this important agreement between China AI and LKM was forged or backdated by Defendant Shi in an effort to further thwart the Receivership efforts in China. It is clear that Defendant Shi is either being untruthful in Chinese court documents or Jingyuan Hua has misrepresented his relationship with Shi to this Court.

- The Receiver informed the Court in a previous letter dated July 17, 2020,[4] of the actions of Defendant Shi in regards to Company bank accounts in China and the evidence showing that Defendant Shi has stolen tens of millions of dollars from the Company. Mr. Guo has reviewed bank documents from these Chinese banks with accounts held by LKM. These documents show that Defendant Shi has been plundering these bank accounts for years. For example, the bank records show that Defendant Shi had pledged the funds in LKM bank accounts in order to secure large loans for other companies that he and his cohorts established and control in China. These companies are not linked to LKM. The evidence in the possession of the Receiver indicate that these loans were never disclosed to LKM shareholders and were never approved via proper corporate governance protocols. Records within China also show that Defendant Shi has moved shares of LKM subsidiary companies out of the LKM corporate structure and into his own control. The Receiver continues to investigate this matter and gather more evidence in this regard.

---

[4] Attached hereto as Exhibit 4.

Case 1:18-cv-11642-VM-DCF   Document 220   Filed 05/03/21   Page 5 of 6

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

_____

- In order to recover value from the bank account funds stolen from the Company by Defendant Shi, specifically from the bank accounts referenced above, the Receiver, through Mr. Guo, has filed an application for State Compensation in China against the Haidian District People's Court of Beijing Municipality ("the Chinese Court"). This application is based on the error that the Chinese Court made in allowing Defendant Shi and his cohorts to remove millions of dollars from the LKM bank accounts inside China while the Receiver was in place.

- The Receiver, in accordance with Cayman Islands law and proper corporate governance protocols, has changed LKM's corporate seal in order to assist Mr. Guo in the PRC to gain control of the LKM assets there. This was in response to Defendant Shi using the LKM company seal to obstruct the Receiver's dealings with banks and government agencies inside the PRC.

- During the course of the Receiver's investigation into the current and former assets of LKM, the Receiver has learned that Showself Technology Co., Ltd., a large asset that belonged to LKM and was sold to Tongfang Investment Fund Series SPC, an entity controlled by Defendant Shi, has since been sold to Scienjoy Holding Corp., is now listed in the United States on the Nasdaq. Notably, Tongfang never fully paid LKM for the asset and was apparently prohibited from selling or transferring it to a third party. As stated in the Receiver's letter submitting the Arbitration's final award (ECF 210), the pledge agreements which transferred Showself Technology Co., Ltd. have now been rendered void. The Receiver's team's investigation into this transaction is ongoing.

- The Receiver, via Mr. Guo, has referred the actions of Defendant Shi and Defendant Xu to the Beijing Police who have accepted the evidence and continue to investigate. The Receiver will keep the court updated on this matter as the situation unfolds.

**Receivership Account and Invoices**

- Section 5 of your the Court's Order provides for a bank account "to fund the Receivership including the compensation and expenses of the Receiver, which are subject to the approval of the Court." Indeed, the Court ordered LKM to "cooperate with the Receiver in establishing and funding the Receivership Account" with a minimum balance of $100,000. However, the Company has continually failed to comply with this mandate, and LKM has not provided these funds. This has created an enormous burden on the Receivership.

- Section 6 of the Order states, "The Receiver and his professionals shall be paid on an hourly basis at a reasonable and customary rate for such work to be approved by the Court and paid promptly out of the Receivership Estate . . . Payment of the Receiver's compensation and expenses shall have priority over all other obligations,

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

_____

payments, or distributions of the Company." Pursuant to the Order, the Receiver will be submitting further invoices under seal.

Please do not hesitate to contact me via email or telephone if your honor wishes to discuss this request in more detail.

Respectfully submitted,

*Robert Seiden*

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver for
Link Motion Inc.