# EXHIBIT 4

**Robert W. Seiden** | Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

---

469 Seventh Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com

**VIA EMAIL**

Honorable Victor Marrero
Honorable Debra C. Freeman
United States Courthouse
500 Pearl Street
New York, New York 10007

July 17, 2020

Re: *Wayne Baliga v. Link Motion Inc. et al.,* **1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)**

Dear Judge Marrero and Judge Freeman:

      I hope this correspondence finds you both healthy and safe. I write to inform the Court regarding recent and troubling information in the Link Motion Inc. ("LKM") matter that I have very recently received from the Receivership's official agent, Mr. Lilin Guo ("Mr. Guo") in the People's Republic of China ("PRC"), concerning Defendant Shi and various individuals acting at his direction. This information appears to demonstrate unequivocally that Defendant Shi continues to obstruct the Receivership and dissipate the valuable assets of LKM, despite and in violation of this Court's unambiguous orders. For example, as described in more detail below, Defendant Shi has transferred tens of millions of dollars out of a Link Motion, Inc. company bank account in what is apparently blatant contemptuous conduct in direct violation of this Court's orders.

      By way of background, and, as the Court is aware, Plaintiff Baliga has already asked the Court to hold Defendant Shi in contempt of court in March, 2019. *See* ECF Nos. 30-33. ("Order to Show Cause for Contempt"). Specifically, by the March 2019 Order to Show Cause for Contempt, Plaintiff Baliga demonstrated that Defendant Shi was in violation of the Court's Receivership Order by Defendant Shi's continuous disregard for the Receiver, the Receivership's need for funding, and Defendant Shi's flagrant public announcement in March 2019 that the Company would not be recognizing the Receiver nor this Court's authority or jurisdiction over the Company.

      Defendant Shi continues to flaunt his disregard for the Receivership Order and this Court's authority over him. As to this, Mr. Guo has reported the following facts to me through my US counsel.

      In April 2019, Mr. Guo attempted to secure and preserve LKM funds by placing them under the control of the Receivership estate. Specifically, on April 17, 2019, Mr. Guo, on behalf

of the Receivership, following the company's proper legal and corporate governance protocols, caused the change to the registered legal representative of NQ Mobile (Beijing) Co., Ltd, the wholly foreign owned entity of Link Motion Inc. in the PRC ("the WFOE") from Zemin Xu, an associate and apparent co-conspirator of Defendant Shi, to himself. Then, on April 18, 2019, Mr. Guo, as the legal representative of the WFOE, went to the China Merchants Bank, Chaowai Blvd. Sub Branch in Beijing, PRC (the "Bank") where the WFOE funds were held in an account (the "Account" or "Bank Account"), and carried out the necessary and proper procedures to secure, maintain and control that Account for the benefit of the Receivership estate. Pursuant to his authority to secure, maintain and control the Account, Mr. Guo requested that the Bank prohibit Company funds from being transferred without the consent of the Receivership.

This did not occur. It has been reported to the Receivership that Defendant Shi, through his associates, sought to obstruct the Receivership's ability to preserve these Company funds by gaining access to this Account without proper authorization and thereby transferring money out of it for his own personal benefit and to the detriment of the Company. Specifically, on April 26, 2019, Zemin Xu filed a lawsuit in the Beijing Haidian District People's Court against both the WFOE and Mr. Guo concerning the change of the WFOE's legal representative, contending that Mr. Guo purportedly falsified the documents to change the legal representative. Shortly thereafter, on May 28, 2019, Zemin Xu applied for a behavior preservation order in Beijing Haidian District People's Court related to the initial lawsuit in order to prohibit Mr. Guo from changing the registration files at the Bank and accessing the Bank Account. Both of Zemin's Xu's attempts failed; on August 22, 2019 and December 24, 2019, Beijing Haidian District People's Court and Beijing No. 1 Intermediate People's Court, respectively, determined that Mr. Guo's making himself the WFOE's legal representative was valid and legal. These court decisions can be made available to the Court if requested. In June 2020, more than a year after Mr. Guo lawfully made himself the WFOE's legal representative, the behavior preservation order was lifted, and Mr. Guo officially regained access to the Bank Account.

Once Mr. Guo regained access to the Bank Account, Mr. Guo discovered disturbing facts concerning Defendant Shi that occurred during the interim period when Mr. Guo could not access the Bank Account. For example, Mr. Guo learned that from May 15, 2019 to November 5, 2019, approximately $89 million was transferred out of the Bank Account and to a separate account, at the same bank but to a different branch, held by a legally different entity, "Beijing NQ Mobile Technology Limited." That this entity has a similar name to the Company is likely not a coincidence. Indeed, this entity is believed to be controlled by Defendant Shi, as it is one of the corporate entities within the PRC that has to date not been within the Receiver's reach. Zemin Xu was the legal representative of this company at the time of the transfers. The bank statements evidencing these transfers are attached as Exhibit A.

Critically, I have learned from the evidence presented to my counsel that Defendant Shi is the only person who could have made these transfers. Records that the Receivership was lawfully able to secure from the Beijing Electronic Taxation Bureau system, a government agency for company tax and financial information in the PRC, demonstrates that Defendant Shi's title was "Person responsible for company finance" of the WFOE at the time of the transfers, indicating he directly controlled the WFOE's bank seal, bank account coded password, and the funds in the account. The relevant record from The Beijing Taxation Bureau is attached as Exhibit B. The

Bank Account funds were transferred out of the Bank Account by Defendant Shi by his illegally using the company seal which had been invalidated since April 18, 2019 but that Defendant Shi had refused to cede control over to the Receivership.  Defendant Shi refused to turn over the company seal after Mr. Guo had legally taken control of the WFOE and then used this revoked seal to cause the transfer of millions of dollars away from the Company and into his own control and for his personal benefit.

      I hereby seek guidance from the court as to what actions the receiver should undertake to correct, reverse or otherwise preserve the status quo of these company assets

      Please do not hesitate to contact me via email or telephone if your Honor wishes to discuss this in further detail.  I await any instructions from the Court.

Respectfully submitted,

*/s/ Robert W. Seiden*

Robert W. Seiden, Esq.
Court Appointed Temporary Receiver for Link Motion Inc.

3