# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>       Plaintiff,<br>  -against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br>VINCENT WENYONG SHI,<br>JIA LIAN,<br>XIAO YU,<br><br>       Defendants,<br>  -and-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>       Nominal Defendant. | 1:18-cv-11642<br><br>**<u>VERIFIED SHAREHOLDER<br>DERIVATIVE COMPLAINT</u>** |

Plaintiff Wayne Baliga ("**Mr. Baliga**"), by and through his undersigned attorneys, submits this Verified Shareholder Derivative Complaint against Link Motion Inc. ("**LKM**" or the "**Company**"), Vincent Wenyong Shi ("**Defendant Shi**"), Jia Lian ("**Defendant Lian**"), and Xiao Yu ("**Defendant Yu**") (Defendants Shi, Lian, and Yu together as the "**Individual Defendants**"). Mr. Baliga alleges the following based upon information and belief, except as to those matters concerning Mr. Baliga, which are alleged upon personal knowledge. Mr. Baliga's information and belief is based on, among other things, the investigations conducted by himself and similarly situated shareholders organized under the name LKMForward, such investigations including, among other things, review and analysis of various filings both in the U.S and China, as well as communications with the Company's Board of Directors (the "**Board**") and certain other executives of LKM.

# NATURE OF ACTION

1. This is a shareholder derivative action brought for the benefit of LKM and its shareholders. LKM is a multinational technology company that develops, licenses, supports and sells software and services that focus on the smart car and smart ride businesses. LKM's portfolio of offerings includes enabling technology solutions and secure connected carputers for the ecosystem of car businesses, consumer ride sharing services, as well as legacy mobile security, productivity and other related applications. LKM operates internationally, is based in Beijing, and trades on the New York Stock Exchange ("**NYSE**") under the ticker "LKM." LKM has operational offices in various countries including the US.

2. This derivative action is brought seeking equitable relief and damages to remedy, inter alia, (1) the gross mismanagement of LKM including egregious self-dealing by the Individual Defendants, (2) the misleading and false statements (including material omissions) that the Individual Defendants issued (or failed to issue) to its Board, its shareholders and the investing public, and (3) the now outright fraud and theft of LKM assets by the Individual Defendants over the last few months.

3. The Individual Defendants are currently stripping the Company of all its value by transferring ownership of LKM's most valuable assets including highly profitable businesses to unknown third parties. Upon information and belief, the Individual Defendants are going to allow the Company to be delisted from the NYSE and then will "go dark" on LKM's Board and shareholders, leaving LKM and its shareholders with no value or assets and slim chance to recover the same. This action is an attempt to stop this from happening by, inter alia, getting a receiver appointed to assume control of the Company in order to attempt to claw back LKM's rightful assets, prevent any further fraudulent transfers, and take legal action in China for

the benefit of LKM regarding regaining and protecting their assets. This action also seeks damages stemming from the Individual Defendants violations of both state and federal law.

## PARTIES

4.  Plaintiff Wayne Baliga is an individual who is a U.S. citizen and resident of the State of Illinois. Mr. Baliga is currently and has at all material times of this Action been a shareholder of LKM.

5.  Nominal Defendant LKM is a company incorporated in the Cayman Islands with its principle executive offices located in Beijing, China. LKM has offices in the United States, but upon information and belief those offices are on the brink of shutting down due to the Individual Defendants cutting support and communication with the US offices. LKM securities trade on the NYSE under the ticker "LKM." LKM's agent for service of process in the United States is Law Debenture Corporate Services Inc., 400 Madison Avenue, 4th Floor, New York, New York 10017.

6.  Defendant Shi has been LKM's Chairman of the Board since December 2014 and Chief Operating Officer since October 2005. Upon information and belief, Defendant Shi is a Chinese citizen.

7.  Defendant Lian is the current acting Chief Executive Officer of LKM. Upon information and belief, Defendant Lian is a Chinese citizen.

8.  Defendant Yu is a current Director of LKM with managerial and executive influence and power, and who is involved in the highest-level operations of the Company along with Defendant Shi and Lian. Upon information and belief, Defendant Yu is a Chinese citizen.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. 1332 because the parties are citizens of different states and the amount of controversy exceeds $75,000.00. Furthermore, this Court has subject matter jurisdiction because Mr. Baliga has alleged violations of federal law.

10. This Court has jurisdiction over each Defendant named herein because LKM is a corporation that conducts and transacts business in this District, trades on the NYSE, and otherwise has sufficient minimum contacts with the U.S. and this District. The Individual Defendants through LKM as well as individually also have sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Furthermore, this Court has jurisdiction over each Defendant based on FRCP 4(k)(1) and CPLR 302, due to the Individual Defendants' contacts with this District via LKM and individually. Moreover, this Court has jurisdiction over all Defendants pursuant to FRCP 4(k)(1)(c) and Section 27 of the Exchange Act (15 U.S.C § 78aa) due to the Exchange Act violations alleged herein.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because each of the Defendants are subject to personal jurisdiction of this District with respect to this action.

12. In connection with the acts, conduct and other wrongs alleged herein, Defendants either directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to the United States mails, interstate telephone communications, and the facilities of the national securities exchange.

# FACTUAL ALLEGATIONS

## LKM Background

13. LKM is a multinational technology company that develops, licenses, supports and sells software and services that focus on the smart car and smart ride business. LKM's portfolio of offerings includes enabling technology solutions and secure connected carputers for the ecosystem of car businesses, consumer ride sharing services, as well as legacy mobile security, productivity and other related applications.

14. LKM was a very successful business with a very significant balance sheet of liquid and current assets when mismanagement and negligence by Defendant Shi and other members of the Board led the Company to be in a position it finds itself today, which includes noncompliance with the NYSE for failing to file current financials, including the annual audited report on Form 20-F for the year 2017 among other listing requirements of which the Company remains today in breach.

15. Due to various allegations of wrongdoing, there were independent investigations and audits of the Company, which found several potential allegations of conflicts of interest and self-dealings by Defendant Shi. It was then recommended in or around late 2017 that the directors of the board form a special committee and pursue an independent investigation into the matters of dispute between the co-founder Henry Lin and the Chairman of the Board, Defendant Shi. The Company's auditors communicated that they would not be able to complete their audit work for the year 2017 until such a time that the independent investigation was completed. This occurred in August 2018 and was summarized in a press release and 6K by the Company. It became clear based on the findings that Defendant Shi needed to step down from his positions with the Company until the allegations could ultimately be resolved. This was also

communicated by the Company's audit committee chair at the time, who has since resigned, as well as the Company's independent auditor.

16. Unfortunately, Defendant Shi was unwilling to step down, and, instead, began to direct a campaign of deceit, gross mismanagement, fraudulent self-dealing, and quite literally theft of LKM's most valuable assets. In their recent rampage to destroy the Company and extract as much value for themselves as possible, the Individual Defendants have breached their fiduciary duties to the Company, the Board, and its shareholders, and have committed various violations of both state and federal law as outlined herein.

**Breaches Due to Mismanagement**

17. By reason of their positions as officers and/or directors of the Company, and because of their ability to control the business and corporate affairs of the Company, the Individual Defendants owed LKM the fiduciary obligations of good faith, trust, loyalty, and due care, and were required to use their utmost ability to control and manage the Company in a fair, just, honest and equitable manner. The Individual Defendants were required to act in furtherance of the best interests of the Company so as to benefit the Company and not in furtherance of their personal interests or benefit.

18. The Individual Defendants, because of their positions of control and authority as directors and/or officers of LKM, were able to, and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.

19. The Individual Defendants have breached their fiduciary duties by failing to take the necessary steps to prevent the Company's involuntary for-cause delisting from the NYSE. There are two separate bases for this delisting: (1) the Company has failed to file their annual 2017 Form 20-F as a foreign issuer, and (2) the Company's share price was less than

$1.00 over a consecutive 30 trading-day period as of at least September 24, 2018. Upon information and belief, the Company has not taken the necessary steps to conduct an audit and prepare their 2017 Form 20-F and thus the Company will be imminently delisted from the NYSE.

20. The Individual Defendants have breached their fiduciary duties by directing and/or allowing LKM to abandon certain of its business lines, engaging in gross mismanagement and wasting of corporate assets. The Defendants ceased communicating with LKM's subsidiary in Finland, which has resulted in corporate waste and the closing of the Finland office on about November 23, 2018. LKM Finland required both operating capital and direction from LKM as its largest shareholder to make corporate decisions. Defendants, however, simply cut LKM Finland off from any support whatsoever, which brought LKM Finland to a halt, forcing improper employee layoffs and ultimately the closure of a successful subsidiary with receivables that exceed debt. Upon information and belief, LKM may now face legal action in Finland due to the way LKM Finland was mishandled and how the business was forced to shut down and lay off employees.

21. The Individual Defendants have breached their fiduciary duties by directing and/or allowing LKM to abandon LKM's office and operations in Dallas, Texas, which is estimated to not have sufficient capital for more than a few weeks of operations. Similar to the situation with LKM Finland, the Defendants ceased communications with its US offices, stopped providing support and capital, and have opted to simply go dark on its US operations and employees. Moreover, and similar to the situations with LKM Finland and the US operations, the Defendants have also ceased operations and communications with several operating entities

in China and even missed employee payroll and other regular operating support during this same time frame.

22. In addition to the above breaches of fiduciary duties by the Individual Defendants due to their gross mismanagement of the Company, the Individual Defendants have further breached their fiduciary duties by wrongfully transferring ownership interests of certain LKM assets to unknown third parties, without the consent or knowledge of the Board, shareholders, or the public – these breaches are outlined below.

**FL Mobile and Showself Self-Dealing, Misstatements, and Illegal Transfer**

23. In or around March 2017, LKM entered into a certain transaction with Tongfang Investment Fund Series SPC ("**Tongfang**") whereby LKM would sell its FL Mobile and Showself Live Social Video Business ("**Showself**") to Tongfang for approximately $507 million dollars. Press releases announcing the sale to this effect were issued by LKM. The agreement between LKM and Tongfang called for a small cash payment upfront, after which LKM would transfer Showself to Tongfang, and Tongfang would pay the remaining balance due before May 31, 2017. The agreement called for FL Mobile and Showself to be transferred back to LKM if Tongfang failed to pay the remaining balance due.

24. Unfortunately, Tongfang failed to pay the balance remaining by the due date of May 31, 2017. After that time, LKM issued multiple press releases every few months explaining that it was extending the due date for Tongfang and that Tongfang was making final preparations to pay the remaining balance due. Eventually on or around December 14, 2017, LKM issued a press release stating that it was accepting a note from Tongfang in consideration for the remaining balance due under their agreement. The note was due to be fully paid in one year from the date of issuance. Tongfang has still not paid down the note.

25. LKM's statements in their press releases to the investing public regarding the FL Mobile and Showself transaction were materially false and/or misleading because they misinterpreted and failed to disclose the following adverse facts pertaining to the Company's business and operations which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) the extent of the related party transactions involving the transaction between LKM and Tongfang, especially the involvement of ZhongZhi Hi-Tech Investment ("**ZZ**"); (2) due to the related parties involved in the Transaction, most notably ZZ who maintains a significant convertible note with LKM, LKM agreed to consideration in the form of a note with a high likelihood of default because of ZZ's conflicts of interest with Defendant Shi; (3) Defendant Shi's interest in the transaction was not fully disclosed (Defendant Shi it was later discovered was a significant owner of Tongfang who has a junior position to all other purchasing parties, notably ZZ who also has a Director position on LKM's Board and is the note holder); and (4) as a result, Defendants' statements about LKM's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

26. In addition to all of the wrongful behavior outlined above regarding the FL Mobile and Showself transaction, Defendants now have gone even further and appear to have committed and outright theft of FL Mobile and Showself by brazenly transferring the ownership interest of Showself to a completely unrelated third-party entity. Showself the business (aka Shi Xiang Shi Guang in Chinese) was held by an entity called Shi Xiang Shi Dai. The ownership of Showself/Shi Xiang Shi Guang was not to be transferred until the note was paid off by Tongfang. Public Chinese records show, however, that Shi Xiang Shi Guang was transferred from Shi Xiang Shi Dai to an unrelated third-party entity named Shi Xiang Hui Shi on November

27, 2018. It appears now that Tongfang will default on the note, and instead of Showself being transferred back to LKM as per the agreement, Defendants have stolen the valuable Showself business from LKM and strictly for the benefit of themselves.

**<u>SyberOS and Rideshare Illegal Transfers</u>**

27. In addition to the fraudulent and illegal transfer of Showself, the Defendants have also recently and brazenly stolen two more of LKM's most valuable assets by transferring two highly valuable assets belonging to LKM to a mysterious third-party. This fraudulent transfer of ownership, like the Showself transfer, is evidenced unambiguously by China's public records.

28. LKM owns a subsidiary called NQ Beijing. NQ Beijing in turn owns Qing Yun Wu Xian. Qing Yun Wu Xian is an investment entity that owns two highly profitable businesses: SyberOS and Link Motion Rideshare ("**Rideshare**").

29. Public Chinese records show that on October 20, 2018, Qing Yun Wu Xian was 100% transferred from NQ Beijing to a mysterious third-party named Zhu Wei.

30. Upon discovering that Qing Yun Wu Xian was transferred to an unknown third-party, the shareholder group LKMForward wrote an email to LKM's Board requesting an explanation. At least two Board members replied to the email indicating that they were unaware that this transfer had taken place.

31. Thus, the Individual Defendants did not gain the necessary approval of the Board for the transfer of Qing Yun Wu Xian, and furthermore, upon information and belief, failed to disclose these material transactions to anyone at the Company or its shareholders, and now two of the Company's most valuable assets, SyberOS and Rideshare, are under the ownership of an unknown third-party.

**Derivative Allegations and Demands to the Board**

32. Mr. Baliga brings this action derivatively in the right and for the benefit of LKM to redress the wrongful and illegal conduct outlined herein by the Individual Defendants.

33. Mr. Baliga will adequately represent the interests of LKM and its shareholders in enforcing and prosecuting its rights.

34. LKM is named as a nominal defendant in this action solely in a derivative capacity. This is not a collusive attempt to confer jurisdiction on this Court that it would not otherwise have. Prosecution of this action, independent of the Individual Defendants, is in the best interests of LKM and its shareholders.

35. The group of LKMForward shareholders, including Mr. Baliga, have, on at least three different occasions over the last two months, made demands via formal letters to the Board to remedy the current situation as outlined above and hold the Individual Defendants responsible for their behavior. Such demands have not been successful. The Board has either refused or been unable to stop the Individual Defendants from looting the Company. The Board similarly has not agreed to take legal action against the Company or the Individual Defendants.

## FIRST CAUSE OF ACTION
### (Appointment of a Receiver)
### (As to Nominal Defendant LKM)

36. Mr. Baliga repeats and realleges each of the foregoing allegations as if more fully set forth at length herein.

37. Due to the wrongful conduct herein, which includes, inter alia, the theft of assets, abandonment of business lines and operations, and failure to properly manage the Company in many material ways, an independent receiver is necessary to (a) prevent the further dissipation of the Company and its assets; (b) take the necessary steps in China to claw back the

assets that were wrongfully transferred out of the ownership of the Company; and (c) manage the Company's operations, prevent the Company from being delisted from the NYSE, and restore value to the Company and its shareholders.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duties)
### (As to the Individual Defendants)

38. Mr. Baliga repeats and realleges each of the foregoing allegations as if more fully set forth at length herein.

39. As outlined herein, the Individual Defendants, due to their positions and control over LKM owed and continue to owe LKM, the Board, and the shareholders certain fiduciary obligations.

40. The Individual Defendants breached their fiduciary obligations in that the Individual Defendants:

    a. failed to disseminate accurate and truthful information to its Board, shareholders, and to the investing public;

    b. failed to get the required Board approval for certain material actions that the Individual Defendants took on behalf of LKM (while at the same time ignoring the recommendations of LKM's legal and financial professionals;

    c. failed to prudently manage the Company in a way that put the best interests of the Company first, including by (i) taking the necessary regulatory steps in the US to ensure the Company stays listed on the NYSE, and (ii) abandoning certain subsidiaries and international offices of the Company which has resulted in corporate waste and potential legal liability of LKM;

    d.    structured the Showself transaction in a way that benefited the Individual Defendants to the detriment of the Company;

    e.    wrongfully transferred ownership of Showself to an unknown third-party without the consent or knowledge of the Board or the shareholders;

    f.    wrongfully transferred ownership of SyberOS and Rideshare to an unknown third-party without the consent or knowledge of the Board of the shareholders.

41.    Due to the Individual Defendants' breaches, LKM has been substantially harmed.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)
### (As to the Individual Defendants)

42.    Mr. Baliga repeats and realleges each of the foregoing allegations as if more fully set forth at length herein.

43.    By their wrongful acts and omissions, the Individual Defendants have been and continue to be unjustly enriched at the expense of and to the detriment of LKM, and the circumstances require relief in equity and good conscious.

44.    The Individual Defendants have gained the benefit of ownership of certain assets belonging to LKM at the expense of LKM losing said assets.

45.    Because the Individual Defendants have gained this benefit at the expense of LKM, equity and good conscious requires that LKM be afforded restitution.

## FOURTH CAUSE OF ACTION
### (Violation of Section 10(b) of The Exchange Act and Rule 10b-5)
### (As to All Defendants)

46. Mr. Baliga repeats and realleges each of the foregoing allegations as if more fully set forth at length herein.

47. The Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the various false statements and omissions outlined herein, which they knew to be false or deliberately disregarded in order to make the statements made, in light of the circumstances under which they were made, not misleading.

48. The Individual Defendants failed to disclose to the Board, its shareholders, or the investing public the various information concerning their wrongful and fraudulent conduct as outlined herein, causing the Company's securities to be artificially inflated and then drop by nearly 50% upon discovery of the misstatements and omissions.

49. The Individual Defendants participated in a scheme to defraud the Company and its shareholders by wrongfully transferring assets out of the Company to unknown third-parties.

## FIFTH CAUSE OF ACTION
### (Violation of Section 20(a) of The Exchange Act)
### (As to All Defendants)

50. Mr. Baliga repeats and realleges each of the foregoing allegations as if more fully set forth at length herein.

51. The Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, the Individual Defendants knew the adverse non-public information regarding the Company's business practices.

52. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

53. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace.

54. The Individual Defendants did cause the Company to disseminate false information and further failed to disclose the wrongful and fraudulent scheme by the Individual Defendants in transferring assets and value out of the Company.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wayne Baliga demands that judgment be entered in favor of LKM as follows:

(a) **on the first cause of action (appointing a receiver)**, judgment against Defendants LKM, for the following relief:

  i. appointing an independent receiver to assume full control over the Company, its assets, and employees;

  ii. for attorneys' fees and costs; and

  iii. for such other and further as this Court may deem equitable and just.

(b) **on the second cause of action (breach of fiduciary duties)**, judgment against Defendants Vincent Wenyong Shi, Jia Lian, and Xiao Yu, jointly and severally, for the following relief:

  i. compensatory damages in an amount to be determined at trial;

      ii.    consequential damages in an amount to be determined at trial;

      iii.   punitive damages in an amount to be determined at trial;

      iv.   attorneys' fees and costs;

      v.    such other and further relief as this Court may deem equitable and just.

**(c) <u>on the third cause of action (unjust enrichment)</u>** judgment against Defendants Vincent Wenyong Shi, Jia Lian, and Xiao Yu, jointly and severally, for the following relief:

      i.    compensatory damages in an amount to be determined at trial;

      ii.   consequential damages in an amount to be determined at trial;

      iii.   attorneys' fees and costs;

      iv.   such other and further relief as this Court may deem equitable and just.

**(d) <u>on the fourth course of action (Violation of Section 10(b) of The Exchange Act and Rule 10b-5)</u>**, judgment against Defendants Vincent Wenyong Shi, Jia Lian, and Xiao Yu, jointly and severally, for the following relief:

      i.    compensatory damages in an amount to be determined at trial;

      ii.   consequential damages in an amount to be determined at trial;

      iii.   attorneys' fees and costs;

      iv.   such other and further relief as this Court may deem equitable and just.

**(e) <u>on the fifth cause of action (Violation of Section 20(a) of The Exchange Act)</u>**, judgment against Defendants Vincent Wenyong Shi, Jia Lian, and Xiao Yu, jointly and severally, for the following relief:

      i.    compensatory damages in an amount to be determined at trial;

      ii.   consequential damages in an amount to be determined at trial;

      iii.   attorneys' fees and costs;

  iv. such other and further relief as this Court may deem equitable and just.

## JURY DEMAND

Plaintiff Wayne Baliga demands a trial by jury on all issues in this action.

Dated: December 13, 2018
   New York, New York

                   THE SEIDEN GROUP

                   _____

                   Michael D. Cilento, Esq.
                   469 Seventh Ave., Fifth Floor
                   New York, New York 10018
                   (646)-766-1723
                   mcilento@seidenlegal.com

                   *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE BALIGA, derivatively on behalf of
LINK MOTION INC. (F/K/A NQ MOBILE INC.)

       Plaintiff,

-against-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYONG SHI,
JIA LIAN,
XIAO YU,

       Defendants,

-and-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),

       Nominal Defendant.

**VERIFICATION**

WAYNE BALIGA, being duly sworn, deposes and says that deponent is the Plaintiff in this action and has read this Complaint; deponent knows its content and knows that it is true to the best of deponent's knowledge, except as to those matters stated to be upon information and belief, and as to those matters, deponent believes them to be true.

_____
Wayne Baliga

Sworn to me before this 13th day
of December 2018.

_____
Notary Public

OFFICIAL SEAL
PRIYANKA KALRA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/20/2020

12/13/18