# Exhibit D

June 11, 2021                                        Baliga v. Link Motion Inc. et al., No. 1:18-cv-11642

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>Plaintiff,<br><br>-against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, JIA LIAN, XIAO YU,<br><br>Defendants,<br><br>-and-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>Nominal Defendant. | 1:18-cv-11642<br><br>**REPLY AFFIDAVIT OF WAYNE BALIGA IN FURTHER SUPPORT OF PRELIMINARY INJUNCTION AND APPOINTMENT OF TEMPORARY RECEIVER** |

WAYNE BALIGA, being duly sworn, deposes and states:

1. I am the Plaintiff in the above-entitled action, and as such I am fully familiar with the facts and circumstances surrounding this action. Moreover, I and other similarly situated shareholders have and continue to monitor Link Motion Inc. (or the "Company") as closely as we can, including by, among other things, reviewing and analyzing various filings by the Company both in the U.S and China, and by communicating with certain directors of the Company.

2. I make this reply affidavit in further support of my request for a preliminary injunction and appointment of a temporary receiver, and to notify the Court of the recent developments since I initiated this action. Subsequent to initiating this action, the following notable events have occurred:

a. Pursuant to Form 6-K filed by Link Motion Inc. on 1/7/19, Marcum Bernstein & Pinchuk LLP ("MBP") resigned as the Company's independent registered public accounting

firm, effective immediately. MBP has not issued reports on the Company's consolidated financial statements for the years ended 12/31/17 and 12/31/18. MBP cited numerous unresolved accounting issues for which the Company has not provided the information and documentation that MBP requires to determine whether an investigation of adequate scope has been performed and completed related to these issues.

b.  On 12/24/18, the Company disclosed that the NYSE suspended trading in Link Motion ADS and has commenced delisting proceedings. To the best of my knowledge, since that date, the Company has done nothing to restore NYSE compliance, and it is likely the Company will be delisted in the near future.

c.  The Company has done nothing to maintain its key businesses in operational status. Employees have not been paid, key employees have left the Company and these businesses are likely to become dormant and beyond rehabilitation if an independent party does not immediately seize control of the Company and operate these businesses.

d.  Subsequent to this Court granting a TRO in this action, I've learned that the Company is currently engaged in an arbitration action in Hong Kong with a significant creditor, Zhongzhi, involving payment of an outstanding note due to Zhongzhi. This arbitration was not publically disclosed. This arbitration is monitored by Defendant Vincent Shi, current Chairman of the Board of the Company. Mr. Shi has numerous conflicts with Zhongzhi regarding personal investments and debts which renders him incapable of objectively negotiating or arbitrating payment of this note.

e.  The Company is past due on payment of a note valued at $270,000,000 from Tongfang Investment Fund Series SPC (Tongfang). To the best of our knowledge, despite the note's past due status, the Company has not engaged in collection of this note or its pledged collateral.

Similar to the Zhongzhi matter above, Defenant Vincent Shi is conflicted on this matter due to his personal investments and debts. As such, he is incapable of fairly and independently enforcing debt repayment on behalf of shareholders.

3. Accordingly, this Court should grant the request for a preliminary injunction and appointment of a temporary receiver. Furthermore, this Court should appoint Robert W. Seiden ("Mr. Seiden") as the temporary receiver over the Company. I specifically hired Mr. Seiden's law firm to pursue this action for me due to Mr. Seiden's extensive experience as a court-appointed Receiver over Chinese companies that have gone dark on investors, as explained in Mr. Seiden's December 13, 2019 Affirmation in Support of TRO and OSC. In order to preserve and restore value to the Company and its shareholders, the experience and extensive network inside China that Mr. Seiden and his team possess will be required.

4. I affirm under penalty of perjury under the laws of the State of New York that the foregoing is true and correct to the best of my knowledge.

Dated: January 24, 2019

_____
Wayne Baliga

Sworn to me before this
24th day of January, 2019

_____
Notary Public

OFFICIAL SEAL
PRIYANKA KALRA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/20/2020

01/24/19

3