# Exhibit I

CERTIFICATE OF TRANSLATION

I, Tian Liang, hereby certify, pursuant to 28 U.S.C. § 1746, that I am competent to translate from Mandarin Chinese into English and that the attached translation of a Civil Judgment in the matter of NetQin Unlimited (Beijing) Technology Co., Ltd. v. Gong Linlin, Beijing No. 1 Intermediate People's Court, Trial number: (2020) Jing01 Minzhong No. 2154, Release Date 2020-04-07, is true and accurate to the best of my abilities.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: May 11, 2020
Shanghai, People's Republic of China

Tian Liang
AVIC Center, 41F, 1006 Huafu Rd,
Hua Qiang Bei, Futian District,
Shenzhen, Guangdong Province, China,
518000

**NetQin Unlimited (Beijing) Technology Co., Ltd. and Gong, Linlin's Civil Judgment of Labor Disputes in the Second Instance**

Release Date: 2020-04-07                    Views: 52 times

---

**Beijing No. 1 Intermediate People's Court**
**Civil Judgment**

Trial number: (2020) Jing01 Minzhong No. 2154

Appellant (plaintiff in the first instance): NetQin Unlimited (Beijing) Technology Co., Ltd., domiciled in Haidian District, Beijing.

Legal representative: Guo, Lilin, Chairman

Authorized legal counsel: Qu, Guijun, BEIJING GEPING LAW FIRM.

Authorized legal counsel: Sun, Shiqi, BEIJING GEPING LAW FIRM.

Appellee (Defendant in the first instance): Gong, Linlin, female, born on January 6, 1983, Han nationality, unemployed, domiciled in Chaoyang District, Beijing.

Authorized legal counsel: Yao, Xue, JINGDE LAW FIRM.

The appellant, NetQin Unlimited (Beijing) Technology Co., Ltd. (hereinafter referred to as: NetQin Unlimited), refused to accept the judgment from Haidian District People's Court (Trial number: (2019) Jing0108 Minchu No.47073) regarding the labor disputes between NetQin Unlimited and Gong Linlin, filing appeal to this court. After the case was placed on filed on March 2, 2020, a collegiate bench in our court was formed in conformity with legal provisions to hear the case. The case is now closed.

NetQin Unlimited Appeal Claims: Request the court to revoke the first item of the first-instance judgment according to law and the litigation fee shall be borne by the appellee. Facts and reasons: The labor dispute between NetQin Unlimited and Gong Linlin was caused by the original legal representative, chairman and general manager of NetQin Unlimited, Mr. Xu, who violated the loyalty and diligence obligations, and owing Gong Linlin salary is against NetQin Unlimited's will. Mr. Xu has been legally dismissed by the shareholders' resolution made by Link Motion International Limited, the sole shareholder of NetQin Unlimited. In response to Mr. Xu 's infringement of the corporate's and shareholders 'interests, NetQin Unlimited has filed a separate lawsuit in Haidian District People's Court over Mr. Xu's liability for damaging the corporate's interests. Due to Mr. Xu's breach of loyalty and diligence obligation, NetQin Unlimited is unreasonably incurred with over 4.6 million in economic compensation debts, which is obviously unfair to NetQin Unlimited. And NetQin Unlimited did not intentionally default on Gong' s wages, so NetQin Unlimited should not pay Gong Linlin economic compensation. In addition, the People's Court ordered NetQin Unlimited to pay Gong Linlin's economic compensation, which will inevitably affect NetQin Unlimited Company's other employee basic salary payment, social insurance payment and the settlement of external debts. Therefore, we request the court to revoke the judgment that NetQin Unlimited Company should pay Gong Linlin the economic compensation for the termination of the labor contract.

Gong Linlin claimed that she agreed to the first instance decision.

NetQin Unlimited's claims in the court of first instance: we request that our company shall be exempted from paying the RMB￥227,047 of economic compensation for dissolving the labor contract with Gong Linlin and Gong shall pay the legal cost of this lawsuit. Facts and reasons: Facing a fund shortage, we expressed greatest kindness and did our best to put the social security payments of all staff as our priority. Since we treat the benefits of all staffs equally, we could not even meet the salary demands of a certain staff, let alone economic compensation. Our financial difficulty in covering the social security payments of all staffs means that our separate agreement to the economic compensation asked by a certain staff would deprive other staff of their limited right guarantee, which is unfair to others. According to Article 1 and Article 9 of the minutes of meeting of a labor dispute at Beijing Dongpian Court, 2009, the court could turn down the claim by a worker who asks for economic compensation in the case that the enterprise doesn't act with malice. Even if economic compensation must be paid, the amount should be reasonably reduced in accordance with the equity principle of civil law.

The first instance court identified facts by trial as follows: Gong Linlin joined NetQin Unlimited on May 18, 2009. Both parties signed a written labor contract. The contract stipulated that the salary should be paid in legal currency and the payment date should not exceed 10th of each month. NetQin Unlimited has not paid wages to Gong Linlin since December 2018. Gong Linlin proposed to terminate the labor contract with NetQin Unlimited on March 15th, 2019 on the grounds of arrears of wages. Both parties confirmed that Gong Linlin's average salary standard for the 12 months before her resignation was RMB ￥25,000.

Gong Linlin filed an arbitration application to the Beijing Labor and Personnel Dispute Arbitration Commission on the grounds that she requested NetQin Unlimited to pay wages and terminate the labor contract economic compensation, etc. The Commission issued the award of JingLaoRenZhongzi [2019] No. 543, ruling: 1. NetQin Unlimited shall pay Gong Linlin the actual salary from December 1, 2018 to March 15, 2019 of RMB￥68,834.63; 2. NetQin Unlimited shall pay Gong Linlin an economic compensation of RMB￥227,047 for the termination of labor contract; 3. Gong Linlin's other arbitration requests and applications were rejected. NetQin Unlimited refused to accept the second item of the arbitration award, and Gong Linlin refused to accept the result of the arbitration award, both of them filed a lawsuit within the legal period. Gong Linlin filed first. Prior to the first instance, Gong Linlin made it clear that she accepted the result of the arbitration award and withdrew the suit.

The court of first instance concluded that NetQin Unlimited and Gong Linlin both admitted the first item of the arbitration and had no objection. Based on the facts ascertained by the court of first instance, NetQin Unlimited did not pay Gong Linlin's salary from December 2018 and Gong Linlin proposed to resign on the ground of arrears of salary. According to Article 46 of the Labor Contract Law of the People's Republic of China, NetQin Unlimited shall pay Gong Linlin the economic compensation for the termination of the labor contract. Based on Gong Linlin's working years and the average salary standard for the 12 months before resignation, the arbitration award requests NetQin Unlimited to pay Gong Linlin an economic compensation of RMB￥227,047 for the termination of the labor contract, which was not higher than the legal standard, and the court of first instance confirmed this.

First-instance judgment: 1. NetQin Unlimited (Beijing) Technology Co., Ltd. shall pay Gong Linlin an economic compensation of RMB￥227,047. And payment should be paid within seven days from the date of entry into force of this judgment; 2. NetQin Unlimited (Beijing) Technology Co., Ltd. shall pay

2

Gong Linlin the salary from December 1, 2018 to March 15, 2019 of RMB ￥68,834.63. This salary should be paid within seven days from the date of entry into force of this judgment.

During the second instance, no new evidence was submitted to this court.

The facts ascertained by this court are consistent with the facts ascertained by the court of first instance.

We concluded that the disputed issue in this case is whether NetQin Unlimited should pay Gong Linlin economic compensation for the termination of labor contract. NetQin Unlimited and Gong Linlin agreed that the payment date should not exceed 10th of each month. NetQin Unlimited has been in arrears with Gong Linlin's salary since December 2018, which has constituted a failure to pay salary in time. Gong Linlin has proposed to terminate the labor relationship on March 15th, 2019 on the grounds that NetQin Unlimited owed wages. According to Article 46 of the "Labor Contract Law of the People's Republic of China", if "the employee dissolves the labor contract in pursuance of Article 38 of this Law, the employer shall pay the employee an economic compensation", and according to Article 38 of "Labor Contract Law of the People's Republic of China", "if the employer fails to timely pay the full amount of remunerations, employees may dissolve the labor contract", NetQin Unlimited shall pay Gong Linlin the economic compensation. Whether NetQin Unlimited subjectively exists malicious arrears of Gong Linlin's salary and the dispute between NetQin Unlimited and Mr. Xu does not affect the outcome of the case. The result of this case also has no relationship with other employee's salary payment, social insurance payment and the settlement of external debts of NetQin Unlimited.

In summary, NetQin Unlimited 's appeal grounds cannot be supported, and its appeal claims should be rejected. The facts in the judgment of the court of first instance were clear, the law in the judgment of the court of first instance was applied correctly. The result of the processing was not improper and should be maintained. According to the first section of Article 170, paragraph 1, of the Civil Procedure Law of the People's Republic of China, the judgment is as follows:

Reject the appeal and maintain the original judgment.

The second-instance case acceptance fee of RMB ￥10 shall be borne by NetQin Unlimited (Beijing) Technology Co., Ltd.

This judgment is the final judgment.

Presiding Judge：Pan, Jie

Judge：Zhang, Jing

Judge：Liang, Rui

March 17, 2020

Assistant Judge: Mu, Linfang

Clerk: Li, Qian

3

2020/5/6

Case 1:18-cv-11642-VM-DCF    Document 229-9    Filed 06/11/21    Page 6 of 8
Case 1:18-cv-11642-VM-DCF    Document 155-16    Filed 05/29/20    Page 6 of 8

# 网秦无限（北京）科技有限公司与宫琳琳劳动争议二审民事判决书

发布日期：2020-04-07　　　　浏览：52次

## 北京市第一中级人民法院
## 民 事 判 决 书

（2020）京01民终2154号

上诉人（原审原告）：网秦无限（北京）科技有限公司，住所地北京市海淀区。

法定代表人：郭力麟，董事长。

委托诉讼代理人：曲贵军，北京市格平律师事务所律师。

委托诉讼代理人：孙世奇，北京市格平律师事务所律师。

被上诉人（原审被告）：宫琳琳，女，1983年1月6日出生，汉族，无业，住址及户籍所在地北京市朝阳区。

委托诉讼代理人：姚雪，北京市京德律师事务所律师。

上诉人网秦无限（北京）科技有限公司（以下简称网秦无限公司）因与被上诉人宫琳琳劳动争议一案，不服北京市海淀区人民法院（2019）京0108民初47073号民事判决，向本院提起上诉。本院于2020年3月2日立案后，依法组成合议庭进行了审理，现已审理终结。

网秦无线公司上诉请求：请求本院依法撤销一审判决第一项，诉讼费由被上诉人承担。事实和理由：网秦无线公司与宫琳琳劳动争议纠纷，系网秦无线公司原法定代表人、董事长、总经理许某违反忠实和勤勉义务、违背网秦无线公司意志拖欠宫琳琳工资所致，许某已由网秦无线公司唯一股东凌动智行国际有限公司（香港）依法做出的股东决定罢免。针对许某侵害公司和股东利益之行为，网秦无线公司已向北京市海淀区人民法院另案提起损害公司利益责任纠纷诉讼。由于网秦无线公司因许某违反忠实和勤勉义务的行为无故负担多达460余万的经济补偿金债务对于网秦无线公司明显不公，并且网秦无线公司也不存在故意拖欠宫琳琳工资的主观恶意，故而网秦无线公司不应向宫琳琳支付经济补偿金。此外，人民法院判令网秦无线公司支付宫琳琳经济补偿金，必然影响网秦无线公司的员工基本工资发放、社会保险缴纳及对外债权的清偿。恳请撤销网秦无线公司向宫琳琳支付解除劳动合同经济补偿金的判决。

宫琳琳辩称，同意一审判决。

网秦无限公司向一审法院起诉请求：判令我公司无需支付宫琳琳解除劳动合同经济补偿金227047元且本案诉讼费由宫琳琳承担。事实与理由：我公司在资金不足的情况，优先保障支付全员社保，尽了最大的善意和努力。我公司对员工的权益一视同仁，无力也不能满足某一位员工的工资发放要求，更何况是经济补偿金。在为全员保障社保都捉襟见肘的情况下，如单独满足某一员工的经济补偿金要求意味着剥夺了其他员工的有限的权利保障，对其他人是不公平的。参照2009年北京东片法院劳动争议案件会议纪要第一条和第九条规定，可以不支持在企业非恶意情况下劳动者要求经济补偿金的诉讼请求。退一万步将，至少应当根据民法的公平原则酌情减少经济补偿金的数额。

一审法院经审理认定事实如下：宫琳琳于2009年5月18日入职网秦无限公司，双方曾签署书面劳动合同，合同约定工资以法定货币形式支付，支付日期不超过每月10日。网秦无限公司于2018年12月起未向宫琳琳支付工资，宫琳琳于2019年3月15日以拖欠工资为由与网秦无限公司提出解除劳动合同，双方均确认宫琳琳离职前12个月平均工资标准为25000元。

宫琳琳以要求网秦无限公司支付工资、解除劳动合同经济补偿金等为由向北京市劳动人事争议仲裁委员会提起仲裁申请，该委作出京劳人仲字[2019]第543号裁决书，裁决：1、网秦无限公司向宫琳琳支付2018年12月1日至2019年3月15日期间实发工资68834．63元；2、网秦无限公司向宫琳琳支付解除劳动合同经济补偿金227047元；3、驳回宫琳琳其他仲裁请求和申请。网秦无限公司不服仲裁第二项结果，宫琳琳不服仲裁裁决结果，于法定期限内提起诉讼，宫琳琳起诉在先。一审开庭前，宫琳琳明确表示认可仲裁裁决结果，撤回起诉。

一审法院认为，网秦无限公司与宫琳琳均认可仲裁第一项结果，对此一审法院不持异议。现依据一审法院查明的事实，网秦无限公司确存在2018年12月起未支付宫琳琳工资的情况，且宫琳琳以拖欠工资为由提出离职，依据《中华人民共和国劳动合同法》第四十六条之规定，网秦无限公司应向宫琳琳支付解除劳动合同经济补偿金。依据宫琳琳工作年限及离职前12个月平均工资标准核算，仲裁裁决网秦无限公司向宫琳琳支付解除劳动合同经济补偿金227047元，未高于法定标准，对此一审法院予以确认。

一审判决：一、网秦无限（北京）科技有限公司于本判决书生效之日起七日内支付宫琳琳解除劳动合同经济补偿金227047元；二、网秦无限（北京）科技有

限公司于本判决书生效之日起七日内支付宫琳琳2018年12月1日至2019年3月15日期间实发工资68834．63元。

二审中，双方未向本院提交新证据。

本院经审理查明的事实与一审法院查明的事实一致。

本院认为，本案争议焦点为网秦无限公司是否应支付宫琳琳解除劳动合同经济补偿金。网秦无限公司与宫琳琳约定每月不超过10日发放上月工资，而网秦无限公司自2018年12月起拖欠宫琳琳工资，已构成未及时支付劳动报酬。宫琳琳于2019年3月15日以网秦无限公司拖欠工资为由提出解除劳动关系。根据《中华人民共和国劳动合同法》第四十六条关于劳动者依照本法第三十八条规定解除劳动合同的，用人单位应当向劳动者支付经济补偿金的规定，以及《中华人民共和国劳动合同法》第三十八条关于用人单位未及时足够支付劳动报酬的，劳动者可以解除劳动合同的规定，网秦无限公司应向宫琳琳支付解除劳动合同经济补偿金。网秦公司主观是否存在恶意拖欠宫琳琳工资，网秦公司与许某之间的争议该如何处理，均不影响本案的处理结果。本案的处理结果亦与网秦公司其他员工工资的发放、社会保险缴纳及网秦公司对外债权的清偿无关。

综上所述，网秦无限公司的上诉理由均不能成立，其上诉请求应予驳回。一审法院判决认定事实清楚，适用法律正确，处理结果并无不当，应予维持。依照《中华人民共和国民事诉讼法》第一百七十条第一款第一项规定，判决如下：

驳回上诉，维持原判。

二审案件受理费10元，由网秦无限（北京）科技有限公司负担。

本判决为终审判决。

审　判　长　　潘　洁

审　判　员　　张　静

审　判　员　　梁　睿

二〇二〇年三月十七日

法官助理　　慕林芳

书　记　员　　李　倩
