# Exhibit O

Claim nature: *remedies in aid of Proceeding*
A. Non-Monetary Claim only *outside Hong Kong*
B. Interim ~~relief in the absence of substantive proceedings~~ *(under section 21M High Court Ordinance (Cap. 4))*

No. 10

**Originating summons – expedited form**

*25 (*

HCMP    / 2019

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO. *251* OF 2019



IN THE MATTER OF an application for interim relief pursuant to Section 21M of the High Court Ordinance (Cap. 4)

BETWEEN

ROBERT W. SEIDEN (IN HIS CAPACITY AS TEMPORARY RECEIVER OF LINK MOTION INC.)

Plaintiff

and

LINK MOTION INC.                                        1st Defendant

VINCENT WENYONG SHI                           2nd Defendant

JIA LIAN                                                        3rd Defendant

XIAO YU                                                        4th Defendant

---

### ORIGINATING SUMMONS

---

LET the Defendants LINK MOTION INC., of Law Debenture Corporate Services Inc., 400 Madison Avenue, 4th Floor, New York, NY 10017 United States of America and , Vincent Wenyong Shi, Jia Lian and Xiao Yu all of Law Debenture Corporate Services Inc., 400 Madison Avenue, 4th Floor, New York, NY 10017 United States of America, attend before the Summons Judge in Chambers (not open to public), at the High Court in Hong Kong on **Friday** , the **22** day of **Feb** 2019 at **9:00**

o'clock in the ~~fore~~/after-noon on the hearing of an application by the Plaintiff, Robert W. Seiden (in his capacity as Temporary Receiver of Link Motion Inc.) of 469 Seventh

Avenue, New York, NY 10018, United States of America, for the following orders to be made in aid of proceedings commenced in the United States District Court Southern District of New York in action number 1:18-cv-11642:

1. Mr. Robert W. Seiden, Partner of the Seiden Group, and Ms. Lau Wu Kwai King, Lauren of KLC Corporate Advisory and Recovery Limited be appointed as joint and several receivers of the 1st Defendant, in terms of the Order annexed as the Schedule to this Summons.

2. An injunction restraining each of the Defendants from:-

   (i) removing or causing to be removed from Hong Kong any of the 1st Defendant's assets which are within Hong Kong, whether in the 1st Defendant's own name or not, and whether solely or jointly owned; or

   (ii) in any way disposing of or dealing with or diminishing the value of any of the 1st Defendant's assets within Hong Kong, whether in the 1st Defendant's own name or not, and whether solely or jointly owned. This prohibition includes, but is not limited to the 1st Defendant's subsidiaries, businesses, physical assets, cash reserves and the following assets:

   a. a bank account or accounts located in Hong Kong with Standard Chartered Bank (Hong Kong) Limited under the business name of either Link Motion Inc. or NQ Mobile Inc. with account numbers 44707861120, 44711201997, 44711202039, 44711201954 and 32200188000192235 (the "**SCB Accounts**"); and

   b. a bank account or accounts located in Hong Kong with China Merchants Bank Co., Ltd. under the business name of either Link Motion Inc. or NQ Mobile Inc. with account numbers 20089277, 20507659 and 20507667 (the "**CMB Accounts**").

   in terms of the Order annexed as the Schedule to this Summons.

AND let the Defendant within 14 days after service of this Originating Summons on it counting the day of service, return the accompanying Acknowledgement of Service to the Registry of the High Court.

Dated this      day of February 2019.

*Note:* this Originating Summons may not be served later than 12 calendar months beginning with the above date unless renewed by order of the Court.

This Summons was taken out by Kobre & Kim of 6th Floor, ICBC Tower, Three Garden Road, Central, Hong Kong, Solicitors for the Plaintiff whose address is stated above.

Estimated time: 30 minutes

*Note:* If the Defendants do not attend personally or by their counsel or solicitor at the time and place above-mentioned, such order will be made as the Court may think just and expedient.

**KOBRE & KIM**
**Solicitors for the Plaintiffs**

**IMPORTANT**
Directions for Acknowledgment of Service are given with the accompanying form.

## SCHEDULE

HCMP**251**/2019

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDINGS NO.**251** OF 2019

---

IN THE MATTER OF an application for interim relief pursuant to Section 21M of the High Court Ordinance (Cap. 4 )

---

BETWEEN

ROBERT W. SEIDEN (IN HIS CAPACITY AS TEMPORARY     Plaintiff
RECEIVER OF LINK MOTION INC.)

and

LINK MOTION INC.                                   1st Defendant

VINCENT WENYONG SHI                                2nd Defendant

JIA LIAN                                           3rd Defendant

XIAO YU                                            4th Defendant

---

### INTERIM ORDER

**(1)    APPOINTING AN INTERIM RECEIVER OVER THE 1ST DEFENDANT**
**(2)    INJUNCTION PROHIBITING DISPOSAL OF ASSETS**

---

<table>
<tr><td>

**PENAL NOTICE**

IF YOU, THE WITHIN NAMED 1st TO 4th DEFENDANTS DISOBEY THIS ORDER, OR ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE DEFENDANTS TO BREACH THE TERMS OF THIS ORDER (INCLUDING BUT NOT LIMITED TO THE CURRENT DIRECTORS OF THE DEFENDANTS), YOU MAY BE FOUND GUILTY OF CONTEMPT OF COURT AND LIABLE TO PROCESS OF EXECUTION TO COMPEL YOU TO OBEY IT AND YOU MAY BE SENT TO PRISON OR FINED OR YOUR ASSETS MAY BE SEIZED.

Dated the          day of February 2019

**KOBRE & KIM**
Solicitors for the Plaintiff

</td></tr>
</table>

**INTERIM ORDER**

(3)    **APPOINTING AN INTERIM RECEIVER OVER THE 1ST DEFENDANT**

(4)    **INJUNCTION PROHIBITING DISPOSAL OF ASSETS**

---

**IMPORTANT NOTICE TO THE DEFENDANTS**

1.    This Order prohibits you from dealing with the assets of the 1st Defendant.  The Order is subject to the exceptions which are set out in the Order.  You should read the whole of this document carefully.  You are advised to consult a solicitor as soon as possible.  You have the right to ask the Court to vary or discharge this Order.

2.    If you disobey this Order you may be found guilty of contempt of Court and any of you or your directors may be sent to prison or fined or your assets may be seized.

**BEFORE**                              **IN CHAMBERS (NOT OPEN TO PUBLIC)**

**ORDER**

An application was made on the 22nd day of February 2019 by the Solicitors for Robert W. Seiden, the Plaintiff, to the Judge who read the Originating Summons and the affirmation of Robert W. Seiden dated 21 February 2019 and the exhibits thereto, and accepted the undertakings in Schedule 3 at the end of this Order.  After hearing the application the Judge made the following Order.

**IT IS ORDERED** that:

3.    Mr. Robert W. Seiden, Partner of the Seiden Group, and Ms. Lau Wu Kwai King, Lauren of KLC Corporate Advisory and Recovery Limited be appointed as joint and

several receivers (the "**Receivers**") of the 1ˢᵗ Defendant's assets in Hong Kong, on the terms set out in Schedule 1.

4.     **Restriction on disposal of assets**.

    a.     Each Defendant must not:-

        (iii)   remove or cause to be removed from Hong Kong any of the 1ˢᵗ Defendant's assets which are within Hong Kong, whether in the 1ˢᵗ Defendant's own name or not, and whether solely or jointly owned; or

        (iv)   in any way dispose of or deal with or diminish the value of any of the 1ˢᵗ Defendant's assets within Hong Kong, whether in the 1ˢᵗ Defendant's own name or not, and whether solely or jointly owned. This prohibition includes, but is not limited to the 1ˢᵗ Defendant's subsidiaries, businesses, physical assets, cash reserves and the following assets:

            a.     a bank account or accounts located in Hong Kong with Standard Chartered Bank (Hong Kong) Limited under the business name of either Link Motion Inc. or NQ Mobile Inc. with account numbers 44707861120, 44711201997, 44711202039, 44711201954 and 32200188000192235 (the "**SCB Accounts**"); and

            b.     a bank account or accounts located in Hong Kong with China Merchants Bank Co., Ltd. under the business name of either Link Motion Inc. or NQ Mobile Inc. with account numbers 20089277, 20507659 and 20507667 (the "**CMB Accounts**").

5.     **Disclosure of information**.

    a.     Each Defendant must inform the Plaintiff in writing at once of all of the 1ˢᵗ Defendant's assets with an individual value of HK$10,000.00 or more, in Hong Kong, whether in the 1ˢᵗ Defendant's own name or not, and whether solely or jointly owned, giving the value, location and details of all such assets. Each defendant may be entitled to refuse to provide some or all of this information on the grounds that it may incriminate them.

    b.     This information must be confirmed in an affidavit which must be served on the plaintiff's solicitors within 14 days after this Order has been served on that

Defendant.

6.   The Originating Summons be adjourned to the        day of        2019 before a Judge in Chambers with 15 minutes reserved.

7.   The costs of this application be reserved to the Judge hearing the application on the return date.

Dated the        day of        2019

Registrar

## DURATION OF THIS ORDER

This Order will remain in force until determination of the above proceedings (the "**Determination**"), unless before then it is varied or discharged by a further order of the Court.

## EXCEPTIONS TO THIS ORDER

1.   This Order does not prohibit the 1st Defendant from spending HK$20,000 per week towards its ordinary and proper business expenses and a total amount of HK$400,000 on legal advice and representation.

2.   This Order does not prohibit the Receivers from exercising their powers of appointment in accordance with this Order.

3.   The 1st Defendant may agree with the Plaintiff's solicitors that the above spending limits should be increased or that this Order should be varied in any other respect, but any such agreement must be in writing.

## EFFECT OF THIS ORDER

1.   This Order is granted pursuant to section 21M of the High Court Ordinance (Cap. 4) and in aid of a foreign proceeding commenced in the District Court of the Southern District of New York, United States (the "**SDNY**"), case number 1:18-cv-11642 (the "**SDNY Proceedings**").   Accordingly, notwithstanding the Court of First Instance's jurisdiction to grant ancillary relief in support of the SDNY Proceedings, the SDNY retains jurisdiction in the SDNY Proceedings for all purposes.

2.   A Defendant who is an individual who is ordered not to do something must not do it himself or in any other way.   He must not do it through others acting on his behalf or on his instructions or with his encouragement.

3.   A Defendant which is a corporation and which is ordered not to do something must not do it itself or by its directors, officers, employees or agents, or in any other way.

**THIRD PARTIES**

1.   *Effect of this Order*:  It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order.  Any person doing so may be imprisoned, fined, or have his assets seized.

2.   *Effect of this Order outside Hong Kong*:  The terms of this Order do not affect or concern anyone outside the jurisdiction of this Court until it is declared enforceable or is enforced by a court in the relevant country and then they are to affect him only to the extent that they have been declared enforceable or have been enforced UNLESS such person is:-

   (a)   A Defendant or any officer, nominee, trustee agent or attorney appointed by such Defendant or holding assets (whether directly or indirectly) for such Defendant; or

   (b)   a person who is subject to the jurisdiction of this Court and:-

      (i)   has been given written notice of this Order at his residence or place of business within the jurisdiction of this Court; and

      (ii)   is able to prevent acts or omissions outside the jurisdiction of this Court which are a breach or assist in a breach of this Order.

3.   *Set off by banks*.  This injunction does not prevent any bank from exercising any right of set-off it may have in respect of any facility which it gave to the 1st Defendant before it was notified of this Order.

4.   *Withdrawals by 1st Defendant*.  No bank need inquire as to the application or proposed application of any money withdrawn by the 1st Defendant if the withdrawal appears to be permitted by this Order.

### SERVICE OUT OF THE JURISDICTION AND SUBSTITUTED SERVICE

1.   The Plaintiff may issue the Originating Summons and serve it on any Defendant at any place outside of Hong Kong that the Defendant may be found by any means authorised under the law of the place in which the Originating Summons is served.

2.   If any Defendant wishes to defend the action he must acknowledge service within 14 days of being served with the Originating Summons.

### UNDERTAKINGS

The plaintiff gives to the court the undertakings set out in Schedule 3 to this Order.

### VARIATION OR DISCHARGE OF THIS ORDER

Each Defendant (or anyone notified of this Order) may apply to the Court at any time to vary or discharge this Order (or so much of it as affects that person), but anyone wishing to do so should first give three clear days advance notice to the Plaintiff's solicitors.

### NAME AND ADDRESS OF PLAINTIFF'S SOLICITORS

The Plaintiffs' solicitors are:

Kobre & Kim
ICBC Tower, 6/F
3 Garden Road
Central, Hong Kong
Tel:   +852 2127 3288
Fax:   +852 2127 3280
(Ref: RA/RTM1381.002)
Attn: Mr. Randall Arthur/Mr. Ryan Middlemas

The Plaintiffs' solicitors offices are open from Monday to Friday between 9:00 am and 6:30 pm.

Email:        randall.arthur@kobrekim.com.hk.
              ryan.middlemas@kobrekim.com.hk

## INTERPRETATION OF THIS ORDER

1. In this Order "he", "him" or "his" include "she", "her", "hers" and "it" or "its".

2. When there are two or more defendants then (unless otherwise stated):

   (i)   references to "the defendant" mean both or all of them;

   (ii)  an order requiring "the defendant" to do or not to do anything requires each defendant to do it or not to do it; and

   (iii) a requirement relating to service of this Order, or of any legal proceedings on "the defendant" means on each of them.

## SCHEDULE 1

## TERMS OF RECEIVERSHIP

1.  Robert W. Seiden and Ms. Lau Wu Kwai King, Lauren be appointed as joint and several receivers (the "**Receivers**") over the entire assets and undertakings of the 1st Defendant in Hong Kong (in whatever form) and, without prejudice to the generality of this appointment, their appointment as Receivers shall extend to the particular assets mentioned in Schedule 2 annexed hereto (the "**Receivership Assets**").

2.  The Receivers shall take all steps that they consider necessary or desirable, including (without limitation and notwithstanding the orders made in paragraph 2 of this Order under the hearing "Restriction on Disposal of Assets") to:

    a)   identify and secure the Receivership Assets;

    b)   transfer into the individual name of the Receivers or any entity nominated by them any of the Receivership Assets, including any shares or other rights in any other company, or the proceeds of sale of such shares or any other asset;

    c)   investigate the affairs of the 1st Defendant for the purpose of discharging their duties under this Order, and in particular, for the purpose of identifying the Receivership Assets and in order to ensure that the 1st Defendant does not remove, sell, transfer, interfere with, charge, dissipate or otherwise howsoever diminish the value of any of its assets, or howsoever procure the same until further order; and

    d)   take steps in the names of the 1st Defendant to recover the Receivership Assets.

3.  The Receivers shall have the power to do all acts and things necessary for the purpose of complying with this Order, and carrying out their functions, including (without limitation and notwithstanding the orders made in paragraph 2 of this Order (under the hearing "Restriction on Disposal of Assets")) each of the following powers, namely, to:

    a)   require any director or officer or former director or officer of the 1st Defendant to supply all and any information and copies of documents to him (in both physical

and electronic format) concerning the affairs and assets of the 1st Defendant in Hong Kong;

b) to take control of all bank accounts (including but not limited to the SCB and CMB Accounts) and any other property included within the Receivership Assets. ;

c) to enter upon or take possession of the property of the 1st Defendant in Hong Kong, without limitation, any premises of the 1st Defendant, or any site office where the Receiver has reason to believe that there are assets, property or books and records of the 1st Defendant, and, if necessary by order of the Court granting the Receiver the power by force, to change locks and open safes and other strongboxes;

d) to ascertain, take possession of, collect, give valid receipts for and protect the Receivership Assets including, but without prejudice to the generality of the foregoing powers, to demand and receive all debts due or which may fall due to the 1st Defendant, but not to distribute or part with them save for the exercise of the powers hereunder or until further order;

e) to ascertain and conduct investigations into the affairs of the 1st Defendant, including without prejudice to the generality of the foregoing, the power to see, review, secure, take possession of any copy all books, records and documents of the 1st Defendant, or relating to its accounts (including but not limited to the SCB and CMB Accounts) and audit of such accounts, located at the offices of the 1st Defendant, its banks, accountants, auditors and other advisors or agents, or any other person in Hong Kong;

f) request any information from any third party within Hong Kong as the Receivers may reasonably require for the purpose of carrying out their functions.

g) to preserve the Receivership Assets, for the benefit of all the shareholders of the 1st Defendant, until further order;

h)   to take control of and exercise all rights which the 1st Defendant may have in relation to any of its joint-ventures, subsidiaries or associated companies or other entities in which the 1st Defendant holds an interest (each, a "**Subsidiary**", and together, the "**Subsidiaries**") (in accordance with the provisions of any relevant constitutional or related documentation of the Subsidiary), or such shares of such Subsidiary as are owned (directly or indirectly) by the 1st Defendant, as may be necessary to obtain control or management of any such Subsidiary including, without prejudice to the generality of the foregoing, the power to call of cause to be called such meetings of the Subsidiary (in accordance with the provisions of any relevant constitutional or related documentation of the Subsidiary) as the Receivers shall consider necessary to appoint or remove all of any directors and other officers and agents of any such Subsidiary and to take all such steps as the Receivers thinks fit to protect the interests of the 1st Defendant therein and for the purpose of protecting the Receivership Assets and managing the affairs of the 1st Defendant;

i)   to exercise, in relation to the Receivership Assets, or any part thereof, all such powers, authorities and things as the Receivers would be capable of exercising if they were the absolute beneficial owner of the same (excluding the power of sale), and to use the name of the 1st Defendant, for all or any of such purposes, including but not limited to the right to attend meetings and to exercise any votes, and to direct nominees of the 1st to Defendant in whose names shares or other securities beneficially owned by the 1st Defendant are registered to exercise all or any such rights as the Receivers shall direct;

j)   by reason of the taking control of, or the exercise of all rights (arising from the 1st Defendant's holding of shares whether directly or indirectly) which they may have in relation to any Subsidiary to do or, as a shareholder cause or compel a Subsidiary to do or permit the doing of, all acts in accordance with the provisions of any relevant constitutional documentation of such Subsidiary, and the relevant laws of the jurisdiction in which the Subsidiary is situated, which may include but are not limited to the following:

(i)   to enter upon or take possession of the property of any Subsidiary, including without limitation, any premises of the Subsidiary or any site

office where the Receivers have reason to believe there are assets, property, or books of the Subsidiary, and if necessary by force, to change locks and open safes and other strongboxes;

(ii)     to ascertain, take possession of, collect, give valid receipts for, and protect the money, books, records, documents, properties, things in action, and other assets of a Subsidiary (collectively the "**Subsidiary Assets**") including, but without prejudice to the generality of the foregoing powers, to demand and receive all debts due or which may fall due to the Subsidiary, but not to distribute or part with them save for the exercise of the powers hereunder or until further order;

(iii)    to ascertain and conduct investigations into the affairs of a Subsidiary, including without prejudice to the generality of the foregoing, the power to see, review, secure, take possession of and copy all books, records, and documents of the Subsidiary, or relating to its or their accounts and audit of such documents, located at the offices of the Subsidiary, its accountants, auditors and other advisors or agents, or any other person whether in Hong Kong or overseas;

(iv)    to preserve the Subsidiary Assets and, so far as may be necessary, to carry on the business of a Subsidiary.

4.  The Receivers be authorised to:

a)     take such steps as they consider necessary for the purpose of getting in, obtaining control and/or custody of and recovering and preserving all of the Receivership Assets, including as far as may be necessary taking such steps (including, if appropriate the commencement of foreign proceedings) to be recognised for such purposes in any other jurisdiction;

b)     retain independent advisors, including without limitation, legal advisors, in such disciplines as they shall consider appropriate, to assist them in the conduct of their duties;

c) retain the services of such overseas professionals as they may consider reasonably necessary, for the like purpose; and

d) exercise all of the corporate powers of the 1st Defendant which are vested in its Board of Directors save for power to defend these proceedings or other powers which the Court on any application on notice permits any of them to exercise.

5. The Defendants and any person upon whom this order is served within Hong Kong shall:

a) give to the Receivers such information and documentation relation to the Receivership Assets;

b) attend on the Receivers at all such times; and

c) do all such things,

as the Receivers may reasonable require for the purposes of carrying out their functions.

6. Standard Chartered Bank (Hong Kong) Limited and China Merchants Bank Co., Ltd. shall forthwith (and in any event within 48 hours of service of this order) notify the Receivers' solicitors Messrs Kobre & Kim of the current balances of the SCB Accounts and the CMB Accounts; and

7. The Receivers be at liberty to apply to the Court for directions concerning the conduct of the receivership.

8. The powers of the Receivers in relation to the Receivership Assets shall be vested in them to the exclusion of powers of the Board of Directors of the 1st Defendant and other officers save that the Board of Directors may cause the 1st Defendant to make applications and take other steps in these proceedings and otherwise with the permission of the Court.

## SCHEDULE 2

### ASSETS OF RECEIVERSHIP

1. The Receivership Assets comprise all the funds, properties, premises, accounts, businesses, partnerships, sole proprietorships, shares in subsidiaries and any other kinds of assets directly or indirectly owned, beneficially or otherwise, managed or controlled by the 1st Defendant, whether held in their own names of in the names of others, situated in Hong Kong ("**Receivership Assets**"), including but not limited to the SCB and CMB Accounts.

## SCHEDULE 3

### UNDERTAKINGS GIVEN TO THE COURT BY THE PLAINTIFF

1.  If the Court later finds that this Order has caused loss to the 1st Defendant or any other party and decides that the 1st Defendant or that other party should be compensated for that loss, the Plaintiff will comply with any order the Court may make.

2.  Anyone notified of this Order will be given a copy of it by the Plaintiff's solicitors.

3.  The Plaintiff will pay the reasonable costs of anyone other than the Defendants which have been incurred as a result of this Order, including the costs of ascertaining whether that person holds any of the 1st Defendant's assets and if the Court later finds that this Order has caused such person loss, and decides that such person should be compensated for that loss, the Plaintiff will comply with any order the Court may make.

4.  If for any reason this Order ceases to have effect, the Plaintiff will forthwith take all reasonable steps to inform, in writing, any person or company to whom he has given notice of this Order, or who he has reasonable grounds for supposing may act upon this Order, that it has ceased to have effect.

231

HCMP      /2019

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDINGS NO. 231 OF 2019

_____

IN THE MATTER OF an application for interim relief pursuant to Section 21M of the High Court Ordinance (Cap. 4)

_____

BETWEEN

| | |
|---|---|
| ROBERT W. SEIDEN (IN HIS CAPACITY AS TEMPORARY RECEIVER OF LINK MOTION INC.) | Plaintiff |
| and | |
| LINK MOTION INC. | 1st Defendant |
| VINCENT WENYONG SHI | 2nd Defendant |
| JIA LIAN | 3rd Defendant |
| XIAO YU | 4th Defendant |

_____

**ORDER**

_____

| Dated the | day of | 2019 |
|---|---|---|
| Filed the | day of | 2019 |

**Kobre & Kim**
Solicitors for the Plaintiffs
6th Floor, ICBC Tower
3 Garden Road, Central
Hong Kong
Tel: 2127 3288      Fax: 2127 3280
Ref: RA/RTM/01381.002

No. 15

### Acknowledgment of Service of Originating Summons – for all cases other than costs-only proceedings under section 52B of the High Court Ordinance

(O. 10 r. 5; O. 12 r. 3(1))

*Directions for Acknowledgment of Service*

1.     The accompanying form of ACKNOWLEDGMENT OF SERVICE should be detached and completed by a Solicitor acting on behalf of the Defendant or by the Defendant if acting in person. After completion it must be delivered or sent by post to the Registry of the High Court of the following address: –

**LG1, High Court Building, 38 Queensway, Hong Kong.**

2.     If the only remedy that the Plaintiff is seeking is the payment of a liquidated amount of money or the payment of an unliquidated amount of money, you may admit the Plaintiff's claim in whole or in part by completing Form No. 16 or 16C (as the case may require) accompanying the Originating Summons.

A completed Form No. 16 or 16C must be filed with the Registry of the High Court and served on the Plaintiff [or the Plaintiff's Solicitors] within the period for filing of the Defendant's affidavit evidence.

3.     A Defendant who wishes to dispute the jurisdiction of the Court of First Instance in the proceedings or to argue that the Court of First Instance should not exercise its jurisdiction in the proceedings, and wishes to apply to the Court of First Instance for an order staying the proceedings, must give notice of intention to defend the proceedings and make the application within the time limited for service of a defence.

*See over for Notes for Guidance*

**Notes for Guidance**

1.      Each Defendant (if there are more than one) is required to complete an Acknowledgment of Service and return it to the Registry of the High Court.

[2.      For the purpose of calculating the period of 14 days for acknowledging service, an Originating Summons served on the Defendant personally is treated as having been served on the day it was delivered to him and an originating summons served by post or by insertion through the Defendant's letter box is treated as having been served on the seventh day after the date of posting or insertion.]

(*Note*: Not applicable if the Defendant is a company served at its registered office.)

3.      Where the Defendant is sued in a name different from his own, the form must be completed by him with the addition in paragraph 1 of the words "sued as (the name stated on the Originating Summons)".

4.      Where the Defendant is a FIRM and a Solicitor is not instructed, the form must be completed by a PARTNER by name, with the addition in paragraph 1 of the description "partner in the firm of (.........................................................…………........)" after his name.

5.      Where the Defendant is sued as an individual TRADING IN A NAME OTHER THAN HIS OWN, the form must be completed by him with the addition in paragraph 1 of the description "trading as (.................…….........)" after his name.

6.      Where the Defendant is a LIMITED COMPANY the form must be completed by a Solicitor or by someone authorized to act on behalf of the Company, but the Company can take no further step in the proceedings without a Solicitor acting on its behalf.

7.      Where the Defendant is a MINOR or a MENTAL Patient, the form must be completed by a Solicitor acting for a guardian ad litem.

8.      A Defendant acting in person may obtain help in completing the form at the Registry of the High Court.

9.      These notes deal only with the more usual cases. In case of difficulty a Defendant in person should refer to paragraph 8 above.

No. 15

HCMP __251__ / 2019

## IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE  251
MISCELLANEOUS PROCEEDINGS NO.   251   **OF 2019**

IN THE MATTER OF an application for interim relief pursuant to Section 21M of the High Court Ordinance (Cap. 4)

BETWEEN

ROBERT W. SEIDEN (IN HIS CAPACITY AS TEMPORARY          Plaintiff
RECEIVER OF LINK MOTION INC.)

and

LINK MOTION INC.                                                 1st Defendant

VINCENT WENYONG SHI                                             2nd Defendant

JIA LIAN                                                        3rd Defendant

XIAO YU                                                         4th Defendant

### ACKNOWLEDGMENT OF SERVICE
### OF ORIGINATING SUMMONS

If you intend to instruct a Solicitor to act for you, give him this form IMMEDIATELY.

*Important.* Read the accompanying directions and notes for guidance carefully before completing this form. If any information required is omitted or given wrongly, THIS FORM MAY HAVE TO BE RETURNED.

| | | |
|---|---|---|
| see Notes 1, 3, 4 and 5. | 1. | State the full name of the Defendant by whom or on whose behalf the service of the Originating Summons is being acknowledged. |
| | 2. | State whether the Defendant intends to contest the proceedings (tick appropriate box) |

☐ yes          ☐ no

No. 15

HCMP **2 5 1** / 2019

**IN THE HIGH COURT OF THE**
**HONG KONG SPECIAL ADMINISTRATIVE REGION**
**COURT OF FIRST INSTANCE**
**MISCELLANEOUS PROCEEDINGS NO**.      **2 5 l**      **OF 2019**

---

IN THE MATTER OF an application for interim relief pursuant to Section 21M of the High Court Ordinance (Cap. 4)

---

BETWEEN

ROBERT W. SEIDEN (IN HIS CAPACITY AS TEMPORARY           Plaintiff
RECEIVER OF LINK MOTION INC.)

and

LINK MOTION INC.                                        1st Defendant

VINCENT WENYONG SHI                                     2nd Defendant

JIA LIAN                                                3rd Defendant

XIAO YU                                                 4th Defendant

ACKNOWLEDGMENT OF SERVICE
OF ORIGINATING SUMMONS

If you intend to instruct a Solicitor to act for you, give him this form IMMEDIATELY.

*Important.* Read the accompanying directions and notes for guidance carefully before completing this form. If any information required is omitted or given wrongly, THIS FORM MAY HAVE TO BE RETURNED.

---

see Notes 1,     1.     State the full name of the Defendant by whom or on whose behalf the
3, 4 and 5.             service of the Originating Summons is being acknowledged.

---

         2.     State whether the Defendant intends to contest the proceedings
                (tick appropriate box)

                       ☐  yes            ☐  no

See Direction 3.   3.   If the only remedy that the Plaintiff is seeking is the payment of a liquidated amount of money or the payment of an unliquidated amount of money, state whether the Defendant intends to make an admission (tick appropriate box).

☐ yes          ☐ no

If yes, the Defendant may make the admission by completing Form No. 16 or 16C (as the case may require) accompanying the Originating Summons.

Where words appear between square brackets, delete if inapplicable.

Service of the Originating Summons is acknowledged accordingly.

(Signed) [Solicitor] (                    )

[Defendant in person]

Address for service

*Notes as to Address for Service*

Solicitor. Where the Defendant is represented by a Solicitor, state the Solicitor's place of business in Hong Kong.

Defendant in person. Where the Defendant is acting in person, he must give his residence OR, if he does not reside in Hong Kong, he must give an address in Hong Kong where communications for him should be sent. In the case of a limited company, "residence" (居所) means its registered or principal office.

No. 15

HCMP ___251___ / 2019

## IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE
## MISCELLANEOUS PROCEEDINGS NO.     251     OF 2019

IN THE MATTER OF an application for interim relief pursuant to Section 21M of the High Court Ordinance (Cap. 4)

BETWEEN

ROBERT W. SEIDEN (IN HIS CAPACITY AS TEMPORARY                      Plaintiff
RECEIVER OF LINK MOTION INC.)

                                                    and
LINK MOTION INC.                                                    1st Defendant

VINCENT WENYONG SHI                                                 2nd Defendant

JIA LIAN                                                            3rd Defendant

XIAO YU                                                             4th Defendant

### ACKNOWLEDGMENT OF SERVICE
### OF ORIGINATING SUMMONS

If you intend to instruct a Solicitor to act for you, give him this form IMMEDIATELY.

*Important.* Read the accompanying directions and notes for guidance carefully before completing this form. If any information required is omitted or given wrongly, THIS FORM MAY HAVE TO BE RETURNED.

| | | |
|---|---|---|
| see Notes 1, 3, 4 and 5. | 1. | State the full name of the Defendant by whom or on whose behalf the service of the Originating Summons is being acknowledged. |
| | 2. | State whether the Defendant intends to contest the proceedings (tick appropriate box) |

☐ yes              ☐ no

See Direction 3. 3. If the only remedy that the Plaintiff is seeking is the payment of a liquidated amount of money or the payment of an unliquidated amount of money, state whether the Defendant intends to make an admission (tick appropriate box).

☐ yes ☐ no

If yes, the Defendant may make the admission by completing Form No. 16 or 16C (as the case may require) accompanying the Originating Summons.

Where words appear between square brackets, delete if inapplicable.

Service of the Originating Summons is acknowledged accordingly.

(Signed) [Solicitor] (                    )

[Defendant in person]

Address for service

*Notes as to Address for Service*

Solicitor. Where the Defendant is represented by a Solicitor, state the Solicitor's place of business in Hong Kong.

Defendant in person. Where the Defendant is acting in person, he must give his residence OR, if he does not reside in Hong Kong, he must give an address in Hong Kong where communications for him should be sent. In the case of a limited company, "residence" (居所) means its registered or principal office.

HCMP 251 / 2019

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO. 251 OF 2019

_____

IN THE MATTER OF an application for interim relief pursuant to Section 21M of the High Court Ordinance (Cap. 4)

_____

BETWEEN

| | |
|---|---|
| ROBERT W. SEIDEN (IN HIS CAPACITY AS TEMPORARY RECEIVER OF LINK MOTION INC.) | Plaintiff |

and

| | |
|---|---|
| LINK MOTION INC. | 1st Defendant |
| VINCENT WENYONG SHI | 2nd Defendant |
| JIA LIAN | 3rd Defendant |
| XIAO YU | 4th Defendant |

_____

**ORIGINATING SUMMONS**

_____

Dated the 22 day of February 2019
Filed the 22 day of February 2019

**Kobre & Kim**
Solicitors for the Plaintiffs
6th Floor, ICBC Tower
3 Garden Road, Central
Hong Kong
Tel: 2127 3288      Fax: 2127 3280
Ref: RA/RTM/01381.002