UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>      Plaintiff,<br> -against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, JIA LIAN,<br>XIAO YU,<br><br>      Defendants,<br> -and-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>Nominal Defendant. | 1:18-cv-11642-VM-DCF |

**VINCENT WENYONG SHI'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S MAY 26, 2021 MEMORANDUM AND ORDER**

FELICELLO LAW P.C.
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806
*Attorneys for Defendant Vincent Wenyong Shi*

On the brief:   Michael James Maloney

Defendant Vincent Wenyong Shi ("**Shi**"), by and through his undersigned counsel, hereby submits this memorandum of law in opposition to the objections (the "**Objections**") of Plaintiff Wayne Baliga ("**Plaintiff**" or "**Baliga**") to the Magistrate Judge's May 23, 2021 order (the "**Memo & Order**", Dkt. No. 221.) Shi incorporates herein the documents previously submitted in opposition to Plaintiff's underlying motion. (Opp'n to Pl.'s Mot. for an Order Authorizing the Receiver to Effectuate Conversion of Pl.'s ADRs, Dkt. No. 206; Decl. of Michael James Maloney in Opp'n to Mot. for Authorization of Conversion of ADRs, Dkt. No. 207.) Unless otherwise defined, capitalized terms have the meanings assigned to them in Shi's previous submissions. (*See id.*)

## PRELIMINARY STATEMENT

The Plaintiff's Objections ask this Court to ignore basic principles of jurisdiction to issue a ruling on the meaning of a document, the Deposit Agreement, so that Plaintiff can travel back in time to "obtain" standing by effectuating a conversion of his American depositary shares ("**ADS**"). But examining the Court's own jurisdiction – and determining, as the Magistrate Judge did, that there is no jurisdiction here – is neither contrary to the law nor clearly erroneous. There is no dispute that the relief the Plaintiff seeks is an interpretation of the Deposit Agreement (the "**Deposit Agreement**", Dkt. No. 207-1), specifically that it permits Plaintiff to convert his ADS into shares. There is no dispute that the operative complaint does not assert any claim under the Deposit Agreement or that the Company or the Receiver have violated the Deposit Agreement in any manner. (*See* Second Am. Compl., Dkt. No. 166 (direct claims for securities law violations and unjust enrichment against the Company[1] and its directors).) The relief that Plaintiff seeks is not a simple "administrative" task under the Receiver Order: the relief would not protect the Company's assets from being wasted, dissipated, or stolen; it would not obtain a timely and objective analysis of the

---

[1] The "**Company**" is Link Motion Inc. f/k/a NQ Mobile Inc.

1

Company's financial condition; it would not maintain the status quo as it existed when the Receiver was appointed in 2019. Rather, Plaintiff seeks to change the status quo of 2018/2019 by becoming a registered shareholder in 2021.

This Court, like the Magistrate Judge, should reject Plaintiff's attempts to sidestep the all-important jurisdictional inquiry. Plaintiff's original motion was properly rejected by the Magistrate Judge and this Court should reject Plaintiff's Objections thereto. "[B]ecause a federal court must satisfy itself that it has subject-matter jurisdiction over a case before it may act," it may consider jurisdictional issues *sua sponte* at any time. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir. 1997). Here, what Plaintiff asks the Court to do is beyond its jurisdiction.

## ARGUMENT

### I. The Memo & Order Was Not Clearly Erroneous or Contrary to Law.

Rule 72(a) permits a party to object to a magistrate judge's order concerning "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). The objecting party carries a heavy burden as it must demonstrate that the order "is clearly erroneous or is contrary to law." *Id.* An order is "clearly erroneous" if the reviewing court is left with the "definite and firm conviction that a mistake has been committed." *Janki Bai Sahu v. Union Carbide Corp.*, 746 F. Supp. 2d 609, 613 (S.D.N.Y. 2010). An order is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008). This is a "highly deferential standard." *Janki Bai Sahu*, 746 F. Supp. 2d at 613; *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 U.S. Dist. LEXIS 59233, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) ("The party seeking to overturn a magistrate judge's decision thus carries a heavy burden.").

Satisfying itself of its own jurisdiction is part and parcel of a federal court's job before it

acts. *See Transatlantic Marine Claims Agency*, 109 F.3d at 107. What the Magistrate Judge did here was simply that – an inquiry into the Court's jurisdiction. (*See* Memo & Order, Dkt. No. 221 at 12-15.) And, the Magistrate Judge's analysis was not contrary to law.

Plaintiff's argument in his Objections is a red herring. The question is not whether the Court has jurisdiction to ensure that its own orders are carried out. What is really at issue here is a judicial interpretation of a document that is not the subject of this action. The Magistrate Judge correctly rejected this request as outside the Court's jurisdiction. (*See id.* at 12.)

First, Plaintiff admits that his request is based on the Deposit Agreement. (*E.g.*, Pl.'s Mot. for Receiver to Effectuate Conversion of Pl.'s ADR, Dkt. No. 200 at 1 ("Under the Deposit Agreement and the Articles of Association, Baliga has the right to convert his ADRs to common shares."); Pl.'s Reply in Support of Mot. for Receiver to Effectuate Conversion of Pl.'s ADR, Dkt. No. 208 at 6 ("Pursuant to the Deposit Agreement . . . Baliga has an absolute right to convert his ADRs to common shares.").) Plaintiff then tells the Court that it doesn't need to consider what that very agreement means – because he, the Receiver (his former counsel), and the depositary have already agreed on what the contract means. (Plaintiff did not even provide the Court with a copy of the Deposit Agreement!) Shi disagrees with Plaintiff's interpretation, as set out in his opposition. (*See* Opp'n, Dkt. No. 206; Maloney Decl., Dkt. No. 207.) In short, Plaintiff seeks judicial imprimatur of his own, private interpretation of the Deposit Agreement. That is an improper use of the Court's power.

Second, the operative complaint contains no claims for breach of the Deposit Agreement. Nor does Plaintiff make any in his motion papers. He does not allege that the Company or the depositary (parties to the Deposit Agreement) have violated its terms vis à vis Plaintiff or his interests. None of the causes of action in the operative complaint rely on, even tangentially, the

3

Deposit Agreement. There is no cause of action for declaratory judgment as to Plaintiff's rights under the Deposit Agreement. A federal court may only decide actual controversies. U.S. Const., Art. III, § 2. Where there is no related cause of action, a court has no jurisdiction to interpret a contract. *Cf. Collins & Aikman Prods. Co. v. Bldg. Sys.*, 58 F3d 16, 23 (2d Cir. 1995); *Armor ALL/STP Prods. Co. v. TSI Prods.*, 337 F. Supp. 3d 156 (D. Conn. 2018).

Third, as the Magistrate Judge found, exercising jurisdiction is not required here to "vindicate the Court's judicial authority." (Order, Dkt. No. 221 at 13.) Plaintiff does not claim that directing the Receiver to convert Plaintiff's ADS is "necessary to give meaningful effect to the Order by which the Court appointed the Receiver." (*Id.*) Plaintiff does not make this argument because the relief he seeks is not related to the Receiver Order. The Court appointed the Receiver to (1) protect the Company's *status quo*, (2) protect the Company's assets from being wasted, dissipated, or stolen, and (3) assure a "timely and objective analysis" of the Company's financial condition. (Receiver Order, Dkt. No. 26 § II(2).) No aspect of the Court's Receiver Order would be "undermined, or its stated purposes thwarted, if [Plaintiff's] ADSs were not converted to common shares." (*Id.*)

Fourth, the Magistrate Judge's decision to not exercise ancillary jurisdiction was not erroneous or contrary to law. It was exactly what Courts are empowered and expected to do when a party abuses the judicial process and misleads the Court. As set forth in detail in the Order, Plaintiff has made decisions throughout this litigation that have prolonged this litigation and disregarded direction of the Court. (Order, Dkt. No. 221 at 14-15.) As the Magistrate Judge found, "[w]ith this history, this Court sees no reason – based on considerations of judicial economy, convenience, or fairness – why, even if issues regarding the conversion of Baliga's shares could be found to fall within the Court's ancillary jurisdiction, the Court should exercise its discretion to invoke such jurisdiction." (*Id.* at 15.)

## II. Even If the Court Decided to Exercise Jurisdiction, the Court Would Have, Correctly, Rejected Plaintiff's Motion.

As Shi set out in his opposition papers, the Deposit Agreement does not mean what Plaintiff says it means. (Opp'n, Dkt. No. 206; Maloney Decl., Dkt. No. 207.). Rather, under the terms of the Deposit Agreement, because the Company's ADSs were delisted from the NYSE and the Depositary closed in December 2018, an ADS holder must undertake additional steps before his ADS could be converted into common shares. (Opp'n, Dkt. No. 206 at 6-7, 9, 10.) Plaintiff's desired conversion must be put to a shareholder vote under the terms of the Deposit Agreement. (*Id.* at 6-7, 10.) It cannot be accomplished by mere request by Plaintiff. The Deposit Agreement requires more than Plaintiff admits in his papers, and the Court would have rejected Plaintiff's request to essentially "so order" Plaintiff's self-serving interpretation of the Deposit Agreement.

In any event, Plaintiff's request is also contrary to public policy and would not provide him retroactive standing. Converting a portion of his ADS into common shares in 2021 will not change Plaintiff's lack of standing as of 2018, when he commenced this action and falsely claimed to be a shareholder. Neither would a conversion now confer standing on Plaintiff regarding the period before commencement, when he claims he (as a shareholder)/the Company (derivatively) was injured by earlier actions of the Company's directors. Under Cayman law, because Plaintiff was not a holder of the Company's common shares, he did not (and does not) have standing to assert claims derivatively.[2] (*See* Opp'n, Dkt. No. 206; Decl. of Kathrine L. B. Pearson, Dkt. No. 131; Second

---

[2] Plaintiff's new argument that New York law allows beneficial owners to sue derivatively is simply wrong. The law is that, pursuant to the internal affairs doctrine, "the rights of shareholders of a foreign company (including the right to sue derivatively) are determined by the law of the place where the company is incorporated." *Howe v. Bank of N.Y. Mellon*, 783 F. Supp. 2d 466, 475 (S.D.N.Y. 2011) (internal citations omitted) (applying Cayman Islands law to the issue of standing to sue derivatively in New York). The 1959 decision cited by Plaintiff finds that beneficial owners can sue derivatively under the "law of the state of incorporation of the corporations involved **here**," which was Delaware in that action. *Marco v. Dulles*, 177 F. Supp. 533, 552 (S.D.N.Y. 1959) (emphasis added). The law of the Cayman Islands, where the Company is incorporated, does not allow beneficial owners to sue derivatively and, therefore, Plaintiff never had standing.

Decl. of Kathrine L. B. Pearson, Dkt. No. 154.) Conversion in 2021 will not magically confer standing as of 2018 on Plaintiff. Without contemporaneous ownership at the time of the alleged misconduct, Plaintiff has no standing to assert derivative claims. (*See* Opp'n, Dkt. No. 206 at 9-10.) Plaintiff's request is entirely futile.

Additionally, Plaintiff lacked standing to assert the claims on which the Preliminary Injunction and Receiver Order were based. (*See* Verified Shareholder Derivative Compl., Dkt. No. 1; Receiver Order, Dkt. No. 26; Opp'n, Dkt. No. 206; Decl. of Kathrine L. B. Pearson, Dkt. No. 131; Second Decl. of Kathrine L. B. Pearson, Dkt. No. 154.) Plaintiff misled the Court. Without proper jurisdiction at the time it was entered, the receivership order is *void ab initio*. *Fed. Sav. & Loan Ins. Corp. v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980) ("[W]here, as here, the court lacks jurisdiction to adjudicate the principal matter, its orders purporting to grant the ancillary relief of temporary receivership are likewise beyond its jurisdiction and as such are void ab initio." (internal citations omitted)); *see also Ramgoolie v. Ramgoolie*, 2016 U.S. Dist. LEXIS 176912, at *22 (S.D.N.Y. Dec. 20, 2016) (rejecting appointment of a receiver where personal jurisdiction did not exist). The Court never had jurisdiction to impose the Receiver Order, making Plaintiff's current request – to interpret a document and direct the Receiver to take certain steps to Plaintiff's benefit – academic.

## CONCLUSION

For the foregoing reasons, the Court should reject Plaintiff's Objections to the Magistrate Judge's May 26, 2021 Order.

                                             Respectfully submitted,

                                             */s/ Michael James Maloney*
                                             Michael James Maloney, Esq.
                                             FELICELLO LAW P.C.
                                             366 Madison Avenue
                                             3rd Floor
                                             New York, New York 10017
                                             Tel. (212) 584-7806
                                             Direct (646) 564-3510
                                             *Attorneys for Defendant Vincent Wenyong Shi*