# EXHIBIT G



# 亢天辉等非法拘禁罪二审刑事裁定书

非法拘禁　点击了解更多>　　　发布日期：2020-11-26　　　浏览：38次 

## 北京市第三中级人民法院
## 刑 事 裁 定 书

（2020）京03刑终618号

原公诉机关北京市朝阳区人民检察院。

上诉人（原审被告人）**亢天辉**，男，1991年3月6日出生于黑龙江省伊春市，汉族，高中文化，无业，户籍所在地黑龙江省伊春市友好区。因涉嫌犯非法拘禁罪于2018年8月12日被羁押，同日被刑事拘留，同年9月14日被逮捕。现羁押于北京市朝阳区看守所。

原审被告人商凤起，男，1994年1月21日出生于内蒙古自治区通辽市，蒙古族，初中文化，无业，户籍所在地内蒙古自治区通辽市科尔沁区。因涉嫌犯非法拘禁罪于2018年8月12日被羁押，同日被刑事拘留，同年9月14日被逮捕。现羁押于北京市朝阳区看守所。

北京市朝阳区人民法院审理北京市朝阳区人民检察院指控原审被告人**亢天辉**、商凤起犯非法拘禁罪一案，于2020年9月23日作出（2019）京0105刑初1095号刑事判决。原审被告人**亢天辉**对判决不服，提出上诉。本院依法组成合议庭，经过阅卷、讯问了上诉人**亢天辉**、原审被告人商凤起，认为本案事实清楚，决定不开庭审理。现已审理终结。

北京市朝阳人民法院的刑事判决认定：2016年11月10日，被害人林某1在北京市朝阳区被人强行带走。2017年8月的一天，被告人**亢天辉**指示被告人商凤起在xx高速xx出口处从一男子手中接到林某1，并带至**亢天辉**在天津的暂住地对林某1进行看管。同年9月，**亢天辉**、商凤起开车将林某1带至黑龙江省伊春市继续看管。同年11月底12月初，**亢天辉**、商凤起开车将林某1带至福建省厦门市继续看管。2017年12月27日，经警方电话通知，商凤起带林某1返回北京，并和**亢天辉**一起入住酒店。次日，林某1返回家中。2018年8月12日**亢天辉**、商凤起向公安机关投案。公安机关扣押了**亢天辉**的苹果牌手机2部、商凤起的OPPO牌手机1部，现在案。另，公安机关查封了**亢天辉**的房产一套，现移送本院。

上述事实，有被害人林某1的陈述、林某1向公安机关提供的案情补充说明材料、辨认笔录、证人郭某、林某2、李某1、张某、李某2、辛某、史某的证言，公安机关出具的工作记录、扣押决定书、扣押清单，**亢天辉**农业银行账户6228\*\*\*\*\*\*\*\*交易明细、辛某农业银行账户6228\*\*\*\*\*\*\*\*交易明细、购房合同及刷卡支付单据，查封决定书、查封清单、北京通达首诚司法鉴定所司法鉴定意见书，到案经过，被告人**亢天辉**、商凤起的供述等证据予以证实。

根据上述事实及证据，北京市朝阳区人民法院认为，被告人**亢天辉**、商凤起法制观念淡薄，非法拘禁他人，二被告人的行为侵犯了他人人身权利，触犯了刑法，已构成非法拘禁罪，依法应予惩处。**亢天辉**、商凤起此前没有前科劣迹，主动投案，当庭对部分犯罪事实予以承认，故本院对二被告人所犯罪行均予以从轻处罚，并结合二被告人在共同犯罪中的具体作用予以量刑。二被告人的犯罪所得，依法应予追缴。根据在案证据，本院认定**亢天辉**非法所得人民币155万元，商凤起非法所得人民币28000元。在案之OPPO牌手机，商凤起供称在拘禁林某1时予以使用，系犯罪工具，依法应予没收。在案之苹果牌手机两部，**亢天辉**供称没有在拘禁林某1时使用过，系其个人物品，本院依法予以处理。在案查封的房产一套，系**亢天辉**所有，本院依法予以处理。故判决：一、被告人**亢天辉**犯非法拘禁罪，判处有期徒刑二年六个月；二、被告人商凤起犯非法拘禁罪，判处有期徒刑二年三个月；三、继续追缴**亢天辉**非法所得人民币一百五十五万元、商凤起非法所得人民币二万八千元，予以没收；四、在案之房产一套、苹果牌手机二部，变价后折抵被告人**亢天辉**的非法所得款；在案之OPPO牌手机一部，予以没收。

上诉人**亢天辉**的上诉理由是：原判认定其非法所得的数额与事实不符，对其房产的处理不当。

本院经审理查明的事实和证据与原判相同。二审期间，上诉人**亢天辉**及原审被告人商凤起均未提供新的证据。经审核，原判列举的各项证据，经一审法院开庭质证属实，能够证明案件事实，本院均予以确认。

关于上诉人**亢天辉**所提上诉理由，经查，**亢天辉**针对非法所得的情况在侦查阶段有过多次供述，其供述中所称收到钱款的数额、形式、存放账户、处理方式、退款原因、退款金额等细节内容有在案证人李某1的证言、被害人林某1向公安机关提供的案情补充说明材料、**亢天辉**以及辛某农业银行账户2017年9月至2017年12月交易明细等证据予以印证。其所称从事物流行业年收入六七十万至二三百万的情况与在案证人辛某的证言、**亢天辉**以及辛某农业银行账户2016年11月至2017年8月交易明细等证据证明的内容相背，不具备可信性。综上，原审法院结合在案证据材料认定其非法所得的数额及对查封房产的处理并无不当。

本院认为，上诉人**亢天辉**、原审被告人商凤起无视国法，共同长期剥夺他人人身自由，其行为均已构成非法拘禁罪，依法应予惩处。鉴于**亢天辉**、商凤起均系初犯、有主动投案情节，庭审中能如实供述部分犯罪事实，可以酌情从轻处罚。原审法院根据上诉人**亢天辉**、原审被告人商凤起犯罪的事实、犯罪的性质、情节和对于社会的危害程度所作出的判决、定罪和适用法律正确，量刑及对在案物品处理适当，审判程序合法，应予维持。据此，依照《中华人民共和国刑事诉讼法》第二百三十六条第一款第（一）项之规定，裁定如下：

驳回**亢天辉**的上诉，维持原判。

本裁定为终审裁定。

审 判 长　孙　蓉<br>
审 判 员　李　丹<br>
审 判 员　方　玉<br>
二〇二〇年十一月六日<br>
法官助理　李　烨<br>
书 记 员　宋叶娉婷

## 公　告

一、本裁判文书库公布的裁判文书由相关法院录入和审核，并依据法律与审判公开的原则公开。若有关当事人对相关信息内容存有异议的，可向公布法院书面申请更正或者下撤。

二、本裁判文书库提供的信息仅供查询人参考，内容以正式文本为准。非法使用裁判文书库信息给他人造成损害的，由非法使用人承担法律责任。

三、本裁判文书信息查询免费，严禁任何单位和个人利用本裁判文书库信息牟取非法利益。

四、未经允许，任何商业性网站不得建立本裁判文书库的镜像（包括全部和局部镜像）。

五、根据有关法律规定，相关法院依法定程序撤回在本网站公开的裁判文书，其余网站有义务免费及时撤回相应文书。

**刑 事 裁 定 书 (2020) 京 03 刑终 618 号**

原公诉机关北京市朝阳区人民检察院

**Criminal Judgment (2020) Jing 03 Xing Zhong #618**

Original Public Prosecution Office, Beijing Chaoyang District people's Procuratorate

上诉人（原审被告人）亢天辉因涉嫌犯非法拘禁罪于 2018 年 8月12日被羁押，同日被刑事拘留，同年 9月14日被逮捕。现羁押于北京市朝阳区看守所。

Appellant(First instance defendant) KTH, was detained on suspicion of false imprisonment offence on Aug. 12, 2018, and held on criminal detention the same day, under arrest on Sept. 14 in the same year.Currently detained in Beijing Chaoyang District Detention Center.

原审被告人商凤起因涉嫌犯非法拘禁罪于 2018 年 8月12日被羁押，同日被刑事拘留，同年 9 月 14 日被逮捕。现羁押于北京市朝阳区看守所。

First instance defendant, SFQ, on suspicion of false imprisonment offence, was detained on Aug 12 2018, on criminal detention the same day, and under arrest on Sept. 14 in the same year. Currently detained in Beijing Chaoyang District Detention Center.

北京市朝阳区人民法院审理北京市朝阳区人民检察院指控原审被告人亢天辉、商凤起犯非法拘禁罪一案，于 2020 年 9月23日作出 (2019) 京 0105 刑初 1095 号刑事判决。原审被告人亢天辉对判决不服，提出上诉。本院依法组成合议庭，经过阅卷，讯问了上诉人亢天辉、原审被告人商凤起，认为本案事实清楚，决定不开庭审理。现已审理终结。

On hearing of Beijing Chaoyang District People's Procuratorate accused first instance defendants KTH, SFQ for false imprisonment offence, Beijing Chaoyang District People's Court reached criminal judgment (2019) Jing 0105 Xing Chu 1095 on Sept 23, 2020.First instance defendant KTH did not agree with the verdict and appealed against the judgment. The Court formed a collegial panel by law, reviewed and questioned the appellant KTH and the first instance defendant SFQ, considered that the facts of the case are clear and decided not to hold a hearing. Proceedings are closed.

上诉人亢天辉的上诉理由是：原判认定其非法所得的数额与事实不符，对其房产的处理不当。

本院经审理查明的事实和证据与原判相同。二审期间，上诉人亢天辉及原审被告人商凤起均未提供新的证据。经审核,原判列举的各项证据,经一审法院开庭质证属实,能够证明案件事实，本院均予以确认。

The appellant's grounds of appeal: the first instance findings of his ill-gotten gains are inconsistent with the actual amount and the disposal of his property was improper. The facts and evidence ascertained by the

2

Court identified with the first instance judgment. Within second instance trial, neither the appellant KTH nor the first instance defendant SFQ provided new evidence. After examination and verification of various evidence of the first instance judgment, that have been cross-examined by first instance court on opening sessions, sufficiently proved the case facts, which this court confirmed without exception.

本院认为，上诉人亢天辉、原审被告人商凤起无视国法，共同长期剥夺他人人身自由，其行为均已构成非法拘禁罪，依法应予惩处。鉴于亢天辉、商凤起均系初犯，有主动投案情节，庭审中能如实供述部分犯罪事实，可以酌情从轻处罚。原审法院根据上诉人亢天辉、原审被告人商凤起犯罪的事实、犯罪的性质、情节和对于社会的危害程度所作出的判决，定罪和适用法律正确，量刑及对在案物品处理适当，审判程序合法，应予维持。据此，依照《中华人民共和国刑事诉讼法》第二百三十六条第一款第（一）项之规定，裁定如下：

驳回亢天辉的上诉，维持原判。

本裁定为终审裁定。

The court believes that, the appellant KTH, and first instance defendant SFQ ignored national law, jointly deprived others of their personal freedom for a long time, and their acts have constituted the crime of false imprisonment, that should be punished in accordance with the law. In view of the fact that both KTH and SFQ are first time offenders, there are voluntary surrender circumstances, and during the trial there are truthful confession on partial crime facts, lenient punishment could be given where appropriate. Based on the appellant KTH, the defendant SFQ's crime facts, crime nature, crime circumstances and extent of injury to society, the first instance court's judgement, conviction and applicable law are correct, measurement of penalty and disposal of items on the case record are appropriate, and judicial procedure is lawful and should be sustained. In accordance with Criminal Procedure Law of the People's Republic of China article 236- 1(a), of the , it is ruled as follows:
KTH's appeal is denied and the first instance judgment sustain .
This ruling is final.

审 判 长　孙　　蓉

Chief judge　　Sun Rong

审 判 员　李　　丹

Judge　　　　Li Dan

审 判 员　方　　玉

Judge　　　　Fang Yu

二〇二〇年十一月六日

November 6, 2020

法官助理　李　　烨

3

Assistant judge Li Ye

书 记 员　宋叶娉婷

Court clerk Song Ye Pingting