USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
WAYNE BALIGA, derivatively on         :
behalf of LINK MOTION INC. (F/K/A     :
NQ MOBILE INC.),                      :
                                      :
                    Plaintiff,        :
                                      :  18 Civ. 11642(VM)(DCF)
       - against -                    :
                                      :  **DECISION AND ORDER**
LINK MOTION INC. (f/k/a/ NQ           :
MOBILE INC.), et al.,                 :
                                      :
                    Defendants.       :
-----------------------------------X

**VICTOR MARRERO, United States District Judge.**

On December 13, 2018, Plaintiff Wayne Baliga ("Plaintiff" or "Baliga") commenced this suit against Link Motion, Inc. (f/k/a/ NQ Mobile Inc.) (the "Company"), Vincent Wenyong Shi, Roland Wu, Zemin Xu, (collectively, "Defendants"), stemming from alleged misconduct with respect to management of the Company. (See "Complaint," Dkt. No. 1; see also "First Amended Complaint," Dkt. No. 68; "Second Amended Complaint," Dkt. No. 166.) The matter was referred to Magistrate Judge Freeman to oversee general pretrial issues, including scheduling, discovery, nondispositive pretrial motions, and settlement. (See Dkt. No. 91.)

Now before the Court is Baliga's objection ("Objection," Dkt. No. 225) to Magistrate Judge Freeman's May 26, 2021 order ("Order," Dkt. No. 221) denying his motion to direct the

1

conversion of his shares in the Company to common shares. For the reasons discussed below, Baliga's Objection is OVERRULED.

## I. LEGAL STANDARD

A magistrate judge's order granting or denying a nondispositive motion may be overturned only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "An order is 'clearly erroneous' when the entire evidence leaves the district court 'with the definite and firm conviction that a mistake has been committed.'" Nike, Inc. v. Wu, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (quoting FDIC v. Providence Coll., 115 F.3d 136, 140 (2d Cir. 1997)). And "[a]n order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal quotation marks omitted).

"[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Winfield v. City of New York, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (internal quotation marks and citation omitted). "Thus, the party seeking to overturn a magistrate judge's decision carries a heavy burden." Weinstein, 2020 WL 4042773, at *3 (internal quotation marks and alterations omitted).

## II. DISCUSSION

On December 15, 2020, Plaintiff filed a motion in Magistrate Court seeking an order directing the temporary receiver[1] to convert Plaintiff's shares in the Company from American Depositary Shares (ADSs)[2] to common shares. (See "Conversion Motion," Dkt. No. 200.) Plaintiff requested this conversion because his standing to bring a derivative -- rather than a direct -- action based solely on the ownership of ADSs had been challenged in a motion to intervene filed by non-party China AI Capital Limited. (See Dkt. No. 129 at 1 ("[H]olders of ADSs, like Baliga, are merely a beneficial owner that have no standing to bring derivative claims.").) While Magistrate Judge Freeman denied the motion to intervene, she noted that a question as to standing had been raised. (Dkt. No. 163 at 51 ("Even though this Court has found that China AI's motion to intervene must be denied, it notes that China AI has brought to the Court's attention a question as to whether Baliga has standing to maintain this action.").)

Thus, to remedy any possible standing issues, Baliga sought to convert his ADSs into common shares. His efforts

---

[1] This Court appointed the temporary receiver on February 1, 2019 "to protect the status quo of the Company, to prevent waste, dissipation, or theft of assets to the detriment of investors, and to assure timely and objective analysis of the financial condition of the Company." (Dkt. No. 26, at 3.)

[2] As explained in the Order, ADSs "represent an interest in the shares of a non-U.S. company that have been deposited with a U.S. bank." (Order at 1 n.1 (quoting U.S. Sec. & Exch. Comm'n, Investor Bulletin: American Depositary Receipts (2012), https://www.sec.gov/investor/alerts/adr-bulletin.pdf).).

were unsuccessful, however, because Deutsche Bank, the holder of Bailga's ADSs, required that "the Company [provide] written instructions through the Receiver before it w[ould] effectuate the conversion," and the temporary receiver would not provide such instructions without a court order. (Conversion Motion at 1-2.) Plaintiff therefore moved Judge Freeman for such an order directing the conversion. (See id.)

Judge Freeman denied the Conversion Motion, concluding that "it asks the Court to act on a matter that is outside the scope of any of the pleaded claims . . . and that is thus outside the Court's jurisdiction." (Order at 12.) In reviewing the Order issued by Magistrate Judge Freeman, this Court is persuaded that it is neither "clearly erroneous" nor "contrary to law." Fed. R. Civ. P. 72(a).

In general, courts are limited to deciding matters that "affect the rights of litigants *in the case before them*." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (emphasis added); see also Flast v. Cohen, 392 U.S. 83, 96 (1968) ("[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions."). In other words, federal courts are without jurisdiction to adjudicate issues irrelevant to the substantive claims at hand. See Ass'n of Car Wash Owners Inc. v. City of New York, 911 F.3d 74, 85 (2d Cir. 2018)

4

("[F]ederal courts may not give an opinion advising what the law would be upon a hypothetical state of facts." (internal quotation marks and citations omitted).)

Here, the Court finds that the Order was consistent with these fundamental principles. First, although Baliga correctly points out that "a Court has jurisdiction to 'effectuate its decrees'" (Objection at 7 (citing Order at 13)), Baliga's Conversion Motion did not ask Judge Freeman to effectuate the order granting a preliminary injunction and appointing the temporary receiver. Instead, Baliga sought vindication of the Deposit Agreement between the Company and Deutsche Bank, which he argues affords him "the legal right to convert his shares." (See Opposition at 7-8; see also Conversion Motion at 1.) Therefore, Judge Freeman did not abuse her discretion in concluding that it was beyond her jurisdiction to determine the legal rights that flow exclusively from the Deposit Agreement, rather than from a previous court order.[3]

---

[3] For the same reasons, the Order did not violate any "law of the case" principles. Under that doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009). Here, the order appointing the temporary receiver provided that "[t]he Receiver and the Parties to this action may . . . petition this Court for instructions in pursuance of this Order." (Dkt. No. 26, at 7.) The anticipated petitions were therefore limited to only petitions seeking to effectuate the stated purposes of the order. (Id. at 3; see supra n.1.) As discussed herein, Baliga's request regarding conversion of his ADSs in the Company was not designed to effectuate any of those goals.

The Court likewise rejects Plaintiff's argument that the Conversion Motion raises only a "simple question" regarding the temporary receiver's authority. (Opposition at 5.) Instead, the Conversion Motion asked explicitly for the Court to direct the temporary receiver to convert Plaintiff's shares. (Conversion Motion at 4 ("Baliga asks that the Court order the Receiver to perform those actions necessary to effectuate Baliga's conversion of his ADRs to the common shares.").) And, at any rate, without an associated, justiciable dispute, courts are not authorized to answer legal questions, regardless of how "simple" they may be. Cf. In re Franchise Servs. of N. Am., Inc., 891 F.3d 198, 205 (5th Cir. 2018) ("But this does not license us to answer a question of law divorced from the facts of the case before us and broader than necessary to resolve that case.").

Lastly, Baliga again correctly points out that courts may exercise ancillary jurisdiction over a variety of issues related to matters otherwise properly before them. However, "[t]he determination whether to exercise ancillary jurisdiction is discretionary, and is informed by considerations of judicial economy, convenience, and fairness to litigants." Chesley v. Union Carbide Corp., 927 F.2d 60, 66 (2d Cir. 1991). Thus, this Court concludes that Judge Freeman's decision not to exercise ancillary jurisdiction

6

here was not "clearly erroneous" or "contrary to law," but rather fully within the court's discretion.

### III. CONCLUSION

Accordingly, for the reasons set forth above, plaintiff Wayne Baliga's objection (Dkt. No. 223) to Magistrate Judge Freeman's order dated May 26, 2021 (Dkt. No. 221) is hereby **OVERRULED**.


**SO ORDERED.**

Dated: New York, New York
      16 August 2021

_____
Victor Marrero
U.S.D.J.