**FELICELLO**

Michael James Maloney*
Partner
mmaloney@Felicellolaw.com
*Admitted in NY

August 25, 2021

VIA ECF

Hon. Magistrate Judge Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Baliga, et al. v. Link Motion Inc., et al.,* No. 1:18-cv-11642-VM-DCF (S.D.N.Y.)

Dear Judge Freeman:

We write on behalf of our client, Defendant Vincent Wenyong Shi ("Shi"), to provide the legal support for Shi's position that if the Receivership Order (Dkt. No. 26) is vacated, that it be vacated *ab initio* and Shi's position as to the practical ramifications of this result, as directed by this Court's August 16, 2021 Order. (Dkt. No. 251.)[1]

## I.   The Receivership Order Should be Void Ab Initio

The Receiver acts "as an officer of the court" and his "authority is wholly determined by the order of the appointing court." *Citibank, N.A. v. Nyland (CF8), Ltd.*, 839 F.2d 93, 98 (2d Cir. 1988) (internal citation omitted). The Receivership Order appointing the Receiver here was based on Plaintiff's allegation that he had standing to assert derivative claims against Link Motion and was, therefore, acting in the interests of the corporation in bringing the action. Dkt. No. 26.

As set out more fully in Shi's briefing in support of vacating the receivership (Dkt. Nos. 230, 246), Plaintiff never had such standing because he did not own shares of the company; he was merely an ADS holder, making him a beneficial holder without standing to assert derivative claims. This Court has rejected twice Plaintiff's efforts to rewind the clock to obtain standing ex post facto to assert such claims. Dkt. No. 221 (Magistrate Judge Freeman's May 26, 2021 Order) & Dkt. No. 252 (District Judge Marrero's August 16, 2021 Order).

Plaintiff Baliga's lack of standing deprives this Court of subject matter jurisdiction. *EMI Entm't World, Inc. v. Karen Records, Inc.*, 2013 U.S. Dist. LEXIS 81470, at *5-6 (S.D.N.Y. June 10, 2013), citing *Bender v. Williamsport Area Sch. Dist.*,

---

[1] All capitalized terms herein have the same meaning as in Shi's opening Memorandum of Law in Support of his Motion to Dissolve the Preliminary Injunction and Discharge the Receiver (Dkt. No. 230, "Opening Br.").

475 U.S. 534, 541-42, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986) and also, e.g. *Abortion Rights Mobilization, Inc. v. Baker*, 885 F.2d 1020, 1023 (2d Cir. 1989) ("when a plaintiff lacks standing to bring suit, a court has no subject matter jurisdiction over the case"). Similar to the facts of *EMI Entm't World* where the parties were mistaken that plaintiff owned copyrights giving it standing to assert claims of infringement, here the parties and the Court were mistaken that Baliga had standing to bring claims derivatively, giving him standing to make a claim for corporate mismanagement sufficient to support the appointment of a receiver. If the Court here, as did the court in *EMI*, determines that Plaintiff in fact lacks standing, the Receivership Order is void, not merely voidable. *Id.* at *8 ("Because of this jurisdictional flaw, the judgment is void.").

Because the order is void, any acts taken by the Receiver must be nullified. *See Action on Smoking & Health v. C.A.B.*, 713 F.2d 795, 797, 230 U.S. App. D.C. 1 (D.C. Cir. 1983) (per curiam) (noting that "[t]o vacate, as the parties should well know, means to annul; to cancel or rescind; to declare, to make, or to render, void; to defeat; to deprive of force; to make of no authority or validity; to set aside," and that vacatur "had the effect of reinstating the rules previously in force"). This is in accord with basic legal principles. A court without jurisdiction lacks authority to render judgments or make orders. Because the Court's action in appointing the Receiver was "without authority," "its judgments and orders are mere nullities, not voidable, but simply void, protecting no one acting under them, and constituting no hindrance to the prosecution of any right." *Weyant v. Okst,* 101 F.3d 845, 854 (2d Cir. 1996)*, quoting People ex rel. Tweed v. Liscomb*, 60 N.Y. 559, 568 (1875). As the Receiver derives all his power from the Court, when the Court lacks authority, so does the Receiver. *See Citibank*, 839 F.2d at 98. Because the Receiver is an agent of the court, when the Court's orders are nullified and rescinded, so are the actions of the Receiver. *Id.*

Moreover, it is well-accepted that "judicial decisions are presumptively retroactive in their effect and operation." *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y,* 215 F. Supp. 3d 805, 809 (S.D. Iowa 2016); *see also Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.").[2] Where a Court of Appeals overrules a District Court, the decision of the District Court "is rendered a legal nullity as if it had never been decided." *Tagaeva v. BNV Home Care Agency, Inc.*, No. 16-CV-6869 (RRM) (RLM), 2018 U.S. Dist. LEXIS 42081, at *8 (E.D.N.Y. Mar. 13, 2018), citing *Hawknet, Ltd. v.*

---

[2] The only classes of cases that are excepted from the general retroactive application of judicial decisions are cases involving qualified immunity and those involving the finality bar to *habeas corpus* petitions. *Sinoying Logistics PTE Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 215 (2d Cir. 2010).

*Overseas Shipping Agencies*, 590 F.3d 87, 91 (2d Cir. 2009); *accord Green*, 2017 U.S. Dist. LEXIS 162961, at *10-11.

Courts in this district have applied these principles to find that where the court lacked authority for its orders, subsequent actions taken based on those orders must be vacated. For instance, in *Lightray Imaging Inc. v. Tarek Invs. Ltd. (In re Peak Hotels & Resorts Grp. Ltd.)*, 2019 U.S. Dist. LEXIS 55978 *44-45, 2019 WL 1434316 (S.D.N.Y. March 31, 2019), the court found that where the Bankruptcy Court erred in sending a party into bankruptcy, the court lacked authority to take actions such as appointing a trustee and permitting that trustee to replace the company's board, and thus, those subsequent actions were void *ab initio*. *See also Fed. Sav. & Loan Ins. Corp. v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980).

## II. The Expenses and Costs of the Receivership Should be Charged to the Plaintiff and Restitution Awarded to LKM.

To date, the costs and expenses of the Receivership have been borne by the Company. The Receiver has sought and obtained court approval for payment of substantial fees and expenses and has paid a substantial portion of these amounts from Company funds. (*See, e.g.*, Dkt. Nos. 54, 59.) The Receiver has indicated to the Court that he has additional costs and expenses that have not yet been approved or paid because he has exhausted the Company's funds.[3] Because the Receivership Order is void *ab initio*, the Company should not bear those costs. As the Supreme Court has long held, "a party against whom an erroneous judgment or decree has been carried into effect is entitled, in the event of a reversal, to be restored by his adversary, to that which he has lost thereby." *Arkadelphia Milling Co. v. St. Louis S. R. Co.*, 249 U.S. 134, 145 (1919). "This right, so well founded in equity, has been recognized in the practice of the courts of common law from an early period." *Id.*

Often, in cases where courts enter restraining or similar orders against a party at the beginning of an action, a security or bond is required to be posted by the party obtaining the order. If the order was wrongfully obtained, then the party restrained can recover all damages it sustained against the security. *See, e.g., U.S. D.I.D. Corp. v. Windstream Communs., Inc.*, 775 F.3d 128 (2d Cir. 2014). Where, as here, no security was posted by Plaintiff in support of the Receivership Order, the Company is entitled to restitution. *Arkadelphia*, 249 U.S. at 145. A party that is improperly restrained is entitled to equitable restitution from the party that obtained the wrongful restraint. *In re N.Y., N. H. & H. R. Co.*, 147 F.2d 40 (2d Cir. 1945); *see also Pub. Serv. Com. v. Brashear Frgt. Lines, Inc.*, 312 U.S. 621, 629 (1941) ("Under long settled equity practice, courts of chancery have discretionary power to assess damages sustained by parties who have been injured because of an injunctive

---

[3] The Receiver disclosed to the Court that he had exhausted the Company's funds during the October 15, 2020 conference.

restraint ultimately determined to have been improperly granted."). Here, Plaintiff Baliga moved the Court for the Receivership Order, purportedly for the benefit of "shareholders" like himself. We now know that Baliga was not a shareholder and the Court lacked subject matter jurisdiction to appoint the Receiver and to preliminarily enjoin the Company. The damage that resulted to the Company from the Receivership, including the amounts paid to the Receiver and other amounts paid from Company assets "ought not equitably to be saddled on [the Company] but on the part[y] for whose supposed benefit the restraint was imposed," *i.e.*, Plaintiff Baliga. *In re N.Y., N. H. & H. R. Co.*, 147 F.2d at 48; *see also Pub. Serv. Com.*, 312 U.S. at 629-30 (directing district court to assess costs of litigation against parties that obtained the wrongful restraint). Baliga should repay to the Company what has been paid to the Receiver and any agents or other professionals retained by him during the Receivership, and Baliga should be required to satisfy any obligations incurred by the Receiver and his agents.

### III. The Practical Ramifications of Voiding the Receivership

The Court has requested that the parties address the practical effects of voiding the Receivership Order *ab initio*. Shi recognizes that unwinding the Receiver's actions taken over the past 18 months will take some time. In addition, the Company's Directors do not have full knowledge of, or access to, what the Receiver has done in the Company's name. That does not mean that the Court should avoid nullifying the Receivership Order. Several steps can, and should, have immediate effect.

**Restoration of Director(s) & Control of the Company** – The Court should order that Shi and any other Directors as of December 2019 are reinstated to the extent the Receiver purported to remove them, and declare that they have full power over the affairs of the Company. The Directors must have immediate authority to protect the Company and its assets.

**Bank Accounts** – The Court should order the Receiver and his agent in China to immediately transfer control of all Company bank accounts, including those recently opened, to a corporate officer selected by the Company's Directors by written board action or at a duly called meeting of the Directors.

**Authority to Act** – The Court should immediately direct the Receiver and his agent in China to deliver to the Directors all physical manifestations of the Company's authority to act, including but not limited to removal of the legal representatives appointed by the Receiver and his agents.

**Accounting of Receiver's Actions** – The Court should require the Receiver to fully account for his term as receiver within 15 days of entry of an order voiding the Receivership Order. The Court should also require the Receiver to cooperate with the

Company's Directors to understand the report and assist the Directors in the steps necessary to reassert control and authority over the Company's affairs.

**Order of Restitution** – Upon an accounting of the costs of the Receiver's actions, including for example the amounts paid to the Receiver, and the cost of judgments entered against the Company as a result of the actions of the Receiver and his agents, the Court should order Plaintiff to pay restitution to the Company for all such amounts that resulted from the erroneous appointment of the Receiver.

The Company's Directors should be afforded other opportunities to evaluate the debts incurred and other actions taken by the Receiver and his agent. The Board of Directors will then be able to determine an appropriate course of action with respect to restoring the Company to the *status quo ante*. It may be that the Company will need to assert claims for damages against the Plaintiff here (as is often done in circumstances where a preliminary injunction or restraining order was wrongfully obtained) or against the Receiver and his agent, for failing to preserve and protect the Company and its assets during the time he was in control of the Company. The Company's Directors will need time to assess what the Receiver has done over the past 18 months and determine an appropriate way forward. In any event, as laid out in Section II, the Plaintiff should bear the costs of the Receivership and refund to the Company all amounts that the Receiver paid himself, his law firm, or his agents.

For all the foregoing reasons and those in Shi's moving papers, the Court should void and dissolve the Receivership, declare all actions of the Receiver during the period of the Receivership *void ab initio*, order the Receiver to take all actions and execute all instruments necessary to return the Company's Board of Directors to the status quo ante before the appointment of the receiver, order the Receiver to take all actions and execute all instruments necessary to return to the Board of Directors all rights to legal claims and control over the Company and its assets, including the removal of Guo Lilin as director and from all positions and/or offices to which he was appointed by or through the Receiver, order the Receiver to account for all actions taken and monies received in connection with the Receivership and expenses incurred as a result of the Receivership, and find that the Plaintiff is responsible for all costs and expenses incurred in connection with the Receivership.

Sincerely,

*/s/ Michael James Maloney*

Michael James Maloney