**Robert W. Seiden**

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

322 Eighth Avenue, Suite 1704
New York, New York 10001
Tel: (212) 523 - 0686
Email: rseiden@seidenlawgroup.com

**VIA ECF**

Hon. Debra C. Freeman
United States Courthouse
Southern District of New York
500 Pearl Street, Suite 1040
New York, New York 10007

Type text here

February 3, 2022

**Re: Interim Status Report of the Temporary Court-Appointed Receiver of Link Motion Inc. in the matter of *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)**

Dear Magistrate Judge Freeman:

I write pursuant to Judge Marrero's February 1, 2019 Order (ECF 26) (the "Order") to provide the Court with an interim status report in connection with the Receivership's continued efforts. This status report contains only new information concerning the above-referenced matters. In May 2021, I provided the court with a comprehensive report of the Receivership's efforts to that date.

**Interim Status Report**

- The Receiver is actively working with KSG Attorneys at Law in the Cayman Islands ("KSG"), as previously approved by the Court. KSG is advising the Receiver with respect to the calling of an Extraordinary General Meeting ("EGM") in accordance with Link Motion Inc. ("LKM" or "the Company") company bylaws, Cayman law and the Receiver's powers, authority, and duty.

  The Receiver had previously applied to this Court for such approval. *See* ECF 188. The Receiver's request to call an EGM was denied without prejudice pursuant to the parties' proposal that "certain filed motions be held in abeyance pending the outcome of Plaintiff's anticipated motion." *See* ECF 198. The Receiver is preparing an application to the Cayman Court to seek approval to call the EGM, in order to put forward resolutions to LKM shareholders for the appointment and removal of directors, the result of which will (in the Receiver's judgment) serve to safeguard and protect the Company's assets going forward.

**Robert W. Seiden**

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

KSG counsel believes, that given the approach taken by the Cayman Court to date in the Cayman proceeding, and the strong grounds for calling the EGM, the Court is likely to grant the application.

- In December 2021, China AI Capital Limited ("China AI"), which had previously filed a motion to intervene in this matter, filed a Shareholder Derivative Complaint in this Court against DLA Piper LLP (US) (the Company's former counsel) and the Company, alleging legal malpractice based on allegations that it "caused the Company to suffer damages in excess of USD$180,400,000." *See* Exhibit A (a copy of the Complaint in *China AI Capital Limited v. DLA Piper LLP (US)*, 1:21-cv-10911) at ¶2.

  The Receiver has previously provided this Court with considerable evidence of substantial links between China AI and Defendant Shi.

- In September 2021, the Receiver learned that the China International Economic and Trade Arbitration Commission ("CIETAC") issued an award that ordered Defendant Shi to take various actions, including requiring that Defendant Shi and Xu Zhou ("Mr. Zhou") transfer their shares in NQ World Technology Co., Ltd ("NQW") to representatives designated by the Receiver. CIETAC found that Defendant Shi unlawfully executed an agreement ("Shi Agreement") between China AI, WFOE, NQW, Shi, Mr. Zhou, and the Company. The Shi Agreement was signed by Shi without the participation of NQW's controlling shareholder, Lingyun Guo. The Shi Agreement would have made any change in the Company's VIE agreements subject to the unanimous consent of the Company and China AI. CIETAC refused to recognize the validity of the Shi Agreement and found that it would have jeopardized investor funds, the stability of the VIE structure, and corporate control. CIETAC's award (dated September 4, 2021) required Shi and Mr. Zhou to transfer shares they hold in NQW to Lilin Guo ("Mr. Guo") and Lingyun Guo, cooperate in the procedure to change the registration and administration relating to the title transfer of the shares, and for Shi and Mr. Zhou to bear CIETAC's full fee. A copy of CIETAC September 4, 2021 Award with certified translation is attached as Exhibit B.

  In addition, Mr. Zhou, a party of the Shi Agreement, informed the Receiver's agent, Mr. Guo, that he didn't sign the Shi Agreement and he was not aware of the existence of the said agreement until recently. The Receiver will follow up with Mr. Zhou to obtain his testimony and supporting evidence.

Please do not hesitate to contact me via email or telephone if your honor wishes to discuss this request in more detail.

**Robert W. Seiden** | **Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York**

Respectfully submitted,

Robert Seiden

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver for
Link Motion Inc.

3