**Robert W. Seiden Esq.**

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

322 Eighth Avenue, Suite 1704
New York, New York 10001
Tel: (212) 523 - 0686
Email: rseiden@seidenlawgroup.com

**VIA ECF**

Hon. Debra C. Freeman
United States Courthouse
Southern District of New York
500 Pearl Street, Suite 1040
New York, New York 10007

February 8, 2022

      Re:    *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)

Dear Magistrate Judge Freeman:

Pursuant to Judge Marrero's February 1, 2019 Order (ECF 26) ("Order"), I write to submit an additional status report concerning a matter that recently came to my attention.

On February 4, 2022, I obtained a copy of a Hong Kong International Arbitration Centre award (the "Award") dated March 19, 2020 relating to an arbitration (the "Tongfang Arbitration") filed in April 2019 by Tongfang Investment Fund Series SPC ("Tongfang") against Link Motion Inc. and one of its subsidiaries (together, the "Company").[1] In the Award, Tongfang was awarded damages of 2.52 billion RMB (approximately $400 million) against the Company, plus 608,000 HK dollars in fees and costs. Prior to February 4, 2022, I had no knowledge of the Tongfang Arbitration or the Award.

As the Award itself reflects, Defendant Shi secretly arrogated to himself the authority to speak for the Company in the Tongfang Arbitration, and surrendered the legal interests of the Company by declining to defend against Tongfang's claims. Specifically, as the Award states:

> "The Respondents have not been legally represented in this arbitration. Instead, by email dated 5 May 2019 ***Mr. Shi confirmed to HKIAC that he was acting on behalf of the Respondents.*** The Respondents (through Mr. Shi) have

---

[1] A copy of the Award is attached as Exhibit A to this letter. The Receiver obtained the Award from Gibson Dunn & Crutcher LLP, which is representing DLA Piper LLP (US) in connection with China AI Capital Limited's ("China AI") Shareholder Derivative Complaint in this Court against DLA Piper LLP (US). *See China AI Capital Limited v. DLA Piper LLP (US)*, 1:21-cv-10911 (ECF 1). China AI's complaint alleges that an arbitration was filed by Tongfang against the Company (ECF 1, ¶¶ 87-89). However, as noted above, I had no prior knowledge of any such arbitration and was unable to confirm that such an arbitration existed until I received a copy of the Award.

1

**Robert W. Seiden Esq.**

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

> therefore been aware of these proceedings. But ***Respondents have opted not to submit any document in this reference . . . The Respondents did not file any Statement of Defence.***"
>
> "[o]n 11 December 2019 ***Mr. Shi emailed that the Respondents would not be filing any closing submissions.***"

Award at ¶¶ 9-12. (emphasis added).

      Significantly, Defendant Shi failed to notify the Receiver of the existence of this arbitration, notwithstanding the fact that it was filed several months after this Court appointed me as temporary Receiver in February 2019. Further, Shi's failure to defend the Tongfang Arbitration — exposing the Company to a $400 million damage award — is part of a pattern of egregious misconduct in which he has looted the Company, sabotaged its operations, and breached his fiduciary duties, as has been well documented in the record of this action[2] and the arbitration involving Zhongzhi.[3] Further, there is no indication in the Award that Shi disclosed the fact that this Court had appointed a receiver over the Company with the power to control any legal action or arbitration to which the Company is a party.[4]

      Please do not hesitate to contact me if Your Honor wishes to discuss the foregoing in more detail.

Respectfully submitted,

*Robert Seiden*

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver for
Link Motion Inc.

---

[2] *See, e.g.*. Receiver's Response to Defendanrt Vincent Wenyong Shi's Motion to Dissolve the Preliminary Injunction and Discharge the Receiver (ECF 239), at 6-13.
[3] *See* ECF 201-1.
[4] *See* Receivership Order (ECF 26), at II(e).