**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WAYNE BALIGA,

                Plaintiff,

    - against -

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYOUNG SHI, JIA LIAN, XIAO YU,

                Defendants.

No. 1:18-cv-11642-VM-DCF

# MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE TO ENJOIN EXTRAORDINARY GENERAL MEETINGS AND STRIKE PROPOSED SHAREHOLDER RESOLUTIONS

 

FELICELLO LAW P.C.
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806

*Attorneys for Vincent Wenyong Shi*

Of counsel:    Michael James Maloney
                    Rosanne E. Felicello
                    Kristie M. Blase

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..................................................................................................................2

PRELIMINARY STATEMENT............................................................................................................1

ARGUMENT ...........................................................................................................................................4

I. The Court Should Temporarily Enjoin the EGMs ....................................................4

II. Temporarily Enjoining the EGMs Will Not Cause Any Prejudice ..........................6

CONCLUSION........................................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Am. Civil Liberties Union v. Clapper*, 804 F.3d 617 (2d Cir. 2015) .......................................... 4

*Andino v. Fischer*, 555 F. Supp. 2d 418 (S.D.N.Y. 2008) ....................................................... 4

*Coronel v. Decker*, 449 F. Supp. 3d 274 (S.D.N.Y. Mar. 27, 2020) .......................................... 4

*Davis v. Rondina*, 741 F. Supp. 1115 (S.D.N.Y. 1990) ............................................................ 6

*Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257 (9th Cir. 1964) ....................................... 6

*Pridgen v. Andresen*, Civ. 3:94CV851(AVC), 1994 U.S. Dist. LEXIS 21383 (S.D.N.Y. June 13, 1994) ............................................................................................................................. 6

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 190 F. Supp. 2d 577 (S.D.N.Y. 2002) ............................................................................................................................. 4

*Vides v. Amelio*, 265 F. Supp. 2d 273 (S.D.N.Y. 2003) ............................................................ 6

Defendant Vincent Wenyong Shi ("Mr. Shi") respectfully submits this memorandum of law in support of his order to show cause to enjoin the extraordinary general meetings (the "EGMs" and each separately an "EGM") of Link Motion Inc. f/k/a NQ Mobile Inc. ("LKM" or the "Company") called by Robert Seiden as temporary receiver ("Receiver") of the Company and to strike Proposed Shareholder Resolution Nos. 2.1 and 2.2 from the agenda.

## PRELIMINARY STATEMENT

In an apparent attempt to subvert the Court's directives and inquiries in its September 4, 2020 Memorandum and Order (Dkt. No. 163), the Receiver filed a request with the Cayman Court to schedule "extraordinary general meetings" of LKM to stack the Board of Directors in his favor, to remove Mr. Shi as and others as Directors, to continue the receivership, and to "ratify" all his actions as receiver of the Company over the past three years. The Receiver failed to give Shi notice of the Cayman Court proceeding and, on information and belief, failed to disclose to the Cayman Court the issues raised in the Court's September 4, 2020 Memorandum and Order. Presumably without opposition, the Cayman Court granted the Receiver's request to schedule two EGMs for March 18th and March 19th, 2022, and the Receiver issued notices on or about March 4, 2022 (the "Notices" and each separately the "1st Notice" and the "2nd Notice"). Despite the recent Report & Recommendation issued by Magistrate Judge Freeman (Dkt. No. 275), recommending that the Receiver be discharged and that the "Receiver be directed not to seek any extraordinary actions from the Company's Board," the Receiver has taken no action to halt the EGMs scheduled for later this week.

By way of the 1st Notice, the Receiver seeks to hold an EGM on March 18, 2022 to stack the Board of Directors by appointing six new directors cherry-picked by the Receiver. In the 2nd Notice, the Receiver has scheduled a second EGM, the next day, to remove the Company's

current directors (including Mr. Shi),[1] obtain a resolution that the Company should continue to comply with the February 1, 2019 Order—Dkt. No. 26, the very order which Judge Freeman has now recommended be dissolved—and ratify all of the Receiver's actions taken over the past three years. *See* Declaration of Michael James Maloney dated March 7, 2022 ("Maloney Decl.") at ¶¶ 4-7, **Exhibit 1** (1st Notice) and **Exhibit 2** (2nd Notice). The Receiver appears to have delayed both alerting the Court of the Cayman Islands proceedings and the Notices calling the EGMs until *after* the Magistrate Judge informed the parties that she was preparing to issue her opinion on the Discharge Motion and requested oral argument on a discrete question of standing at the time the original complaint was filed. *See* Maloney Decl. at ¶ 28 and **Exhibit 4** (March 4, 2022 email from the Court to counsel) *and* Dkt. No. 271, 271-1.

On March 10, 2022, the Hon. Magistrate Judge Debra Freeman issued a Report & Recommendation (Dkt. No. 275, the "Report & Recommendation") on the motion by Mr. Shi to dissolve the preliminary injunction and discharge the receiver (the "Discharge Motion"). In the Report & Recommendation, Judge Freeman found that the grounds for the receivership over the Company ceased to exist on October 5, 2020 (when Plaintiff withdrew his derivative claims), recommended that the Receiver be discharged, and recommended that in the interim the Receiver should be directed to take no "extraordinary" actions regarding the Company. Dkt. No. 275. Objections to the Report & Recommendation are due March 23, 2022.

This Court should temporarily enjoin the EGMs and strike proposed shareholder resolution numbers 2.1 and 2.2 because any actions taken at an EGM held before the District

---

[1] The Receiver's prior attempt to remove Mr. Shi as a Director was discussed in the Court's September 4, 2020 Memorandum and Order. When the Court recognized the discrepancy between this Court's receivership order and the Cayman Island court's order declining to recognize the Receiver's authority to remove or appoint directors, the Court directed the Receiver to make a submission by October 9, 2020 addressing this issues and submitting documentation to the Court. The Receiver failed to comply with the Court's order.

Court decides the Discharge Motion will irreparably harm the Company, its shareholders, Mr. Shi and the other current directors, and be against the public interest. The grounds for the receivership ceased to exist in October 2020 and, therefore, the Receiver should not be usurping the role of the Board of Directors when no grounds exist for the Receiver to act on behalf of the Company. The Company's by-laws require that Directors call general meetings, and the Receiver is neither a Director nor a registered shareholder.

Moreover, the Notices are riddled with errors and lack supporting information necessary for registered shareholders to make informed decisions on the proposed resolutions. The 1st Notice purports to appoint six new Directors but fails to disclose their qualifications, terms of compensation, or other information relevant to the evaluation of their appointment. The 2nd Notice purports to remove as a Director Bruson Li, but Mr. Li previously resigned from the Board of Directors in February 2019. Mr. Li's resignation was publicly reported to the S.E.C., and the Receiver should have been aware of this fact when drafting the Notices.

The 2nd Notice is also defective because it recommends that the shareholders resolve that the Company continue the receivership by vote of the shareholders, which is contrary to the findings of Judge Freeman in the Report & Recommendation. Another defect in the 2nd Notice is the request for shareholder to "ratify" all prior actions of the Receiver. As an agent of the Court, the Receiver's appointment and actions can only be reviewed by *this Court*, not the shareholders. Asking the shareholders to ratify the Receiver's actions is contrary to public policy; these resolutions should be struck in their entirety.

Finally, temporarily enjoining the EGMs will cause no harm or prejudice to the shareholders or the Company because the Company by-laws permit shareholders representing one-half of the voting power of the Company to hold the EGMs within three months of the time

the EGMs were originally noticed.

**ARGUMENT**

"The standard for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Procedure are identical." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (*quoting Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002)). The party seeking the preliminary injunction or temporary restraining order must show "a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Coronel v. Decker*, 449 F. Supp. 3d 274, 280-81 (S.D.N.Y. Mar. 27, 2020) (*citing Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015)). The irreparable harm factor is "the single most important prerequisite for the issuance of a preliminary injunction." *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990).

**I.     The Court Should Temporarily Enjoin the EGMs**

In the Report & Recommendation, Magistrate Judge Freeman found that as of October 5, 2020, the appointment of a Receiver was no longer justified. *See* Dkt. No. 275 at 37-41. That is the date that plaintiff Baliga filed the operative complaint in this action, withdrawing all derivative claims. *See* Dkt No. 166. The Report makes it clear that the Receiver should not be taking any "extraordinary actions" at the present time, when he "should instead be focused on maintaining the Company's status quo and providing the accounting described above." Dkt. No. 275 at 41. Holding the EGMs is, in their own words, "extraordinary" actions that will not "maintain[] the Company's status quo" – rather, the EGMs attempts to install a whole new slate of directors (1st Notice), remove the current directors (2nd Notice, Resolution 1.1), and obtain shareholder ratification of everything that the Receiver has done (2nd Notice, Resolution 2.2).

4

Mr. Shi respectfully requests the Court to enjoin the EGMs, which will be in the public interest, will conserve judicial resources and the parties' resources, and will protect the Company, its directors (including Mr. Shi), and shareholders. The Report & Recommendation recommends that the Discharge Motion be granted in part, so there should be no EGM until the Court rules on the Report & Recommendation. Mr. Shi respectfully submits that, for the reasons set forth in his papers on the Discharge Motion (Dkt. Nos. 227, 230, 246, 254, 272) and the Report & Recommendation (Dkt. No. 275), he is likely to succeed on the Discharge Motion beginning from at least October 2020 (as set out in the Report & Recommendation). If the EGMs are not enjoined and proceed before the District Court takes action on the Report & Recommendation and the Discharge Motion, then any actions taken at the EGMs would have to be reversed, causing further delay and harm to the Company, its shareholders, and the current directors.

Where a special meeting of shareholders is called without providing "accurate and full disclosure" of relevant facts, such as the backgrounds of proposed new directors or their relationships to the company and its affiliates where an election is called, holding a shareholder vote constitutes irreparable harm. *Pridgen v. Andresen*, Civ. 3:94CV851(AVC), 1994 U.S. Dist. LEXIS 21383, *14 (S.D.N.Y. June 13, 1994); *see also Vides v. Amelio*, 265 F. Supp. 2d 273, 276 (S.D.N.Y. 2003) (finding that "federal regulations governing the solicitation of proxies provide that 'if action is to be taken with regard to the election of directors,' the proxy statement must furnish information about the compensation of directors and executive officers"). The Notices contain no information about the proposed new directors (1st Notice) or the Receiver's actions taken since his appointment (2nd Notice). "The shareholders of a corporation have a right to a full and accurate disclosure of the facts before being called upon to elect directors." *Pridgen,*

5

1994 U.S. Dist. LEXIS 21383, at *14. Failing to provide that information is irreparable harm to the shareholders, *id.*, and irreparable harm to the directors, including Mr. Shi, who the Receiver is attempting to remove, *id.* at 14-15 (citing *Davis v. Rondina*, 741 F. Supp. 1115, 1125 (S.D.N.Y. 1990) (irreparable harm to directors)). If Mr. Shi and the others are removed as directors, as the Receiver seeks in Resolution 1.1 of the 2nd Notice, they will suffer immediate, irreparable harm.

Further, a shareholder vote absolving the Receiver from liability may not be reversible and would certainly be against public policy. As Magistrate Judge Freeman recognized in the Report & Recommendation, a receiver must account to the court that appointed him or her. *See* Dkt. No. 275 at 39-41 (citing *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 273-76 (9th Cir. 1964)). A resolution to "ratify" the Receiver's prior actions would usurp the role of the Court in reviewing the accounting to be submitted to the Court. Similarly, the Receiver's appointment and powers derive form the court that appointed him. A shareholder vote purporting to continue the receivership in the face of the findings of the Report & Recommendation is an affront to the Court and an abuse of the Receiver's court-granted power.

The foregoing harm is avoidable if (i) the EGMs are enjoined until the District Court can consider any objections to the Report & Recommendation and rule on the Discharge Motion; and (ii) and resolutions 2.1 and 2.2 are stricken. Delaying the EGMs during this time period will not harm the Company or its shareholders.

## II.     Temporarily Enjoining the EGMs Will Not Cause Any Prejudice

The relief requested on this application will not prejudice the Company or any of the registered shareholders because the Company's by-laws provide that EGMs can be re-scheduled to a date within three months after the time ordinarily provided for in the by-laws. It is reasonable to expect that the Court will rule on the Report & Recommendation well within that time frame.

Moreover, striking Resolution Nos. 2.1 and 2.2 will cause no prejudice because those resolutions are contrary to the Report & Recommendation and against public policy by purporting to usurp the power of this Court.

## CONCLUSION

For all the reasons set forth above, the Court should enjoin the EGMs until after a decision is issued on the Discharge Motion and strike Proposed Shareholder Resolution Nos. 2.1 and 2.2 from the 2nd Notice.

Dated: New York, New York
March 15, 2022

Respectfully submitted,

FELICELLO LAW P.C.

By: */s/ Michael James Maloney*
    Michael James Maloney
    Rosanne E. Felicello
    Kristie M. Blase
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806
mmaloney@felicellolaw.com
rosanne@felicellolaw.com
kristie@felicellolaw.com
*Attorneys for Vincent Wenyong Shi*