**SEIDEN LAW GROUP**LLP

322 Eighth Avenue
Suite 1704
New York, NY 10001 USA
+1.212.523.0686
www.seidenlawgroup.com

Robert W. Seiden, Esq.
Steve E. Seiden, Esq.
Michael Stolper, Esq.
Amiad Kushner, Esq.
Jake Nachmani, Esq.
Adam Rosen, Esq.
Richard Frankel, Esq.
Dov B. Gold, Esq.
Andrew Sklar, Esq.
Xintong Zhang, Esq.
Priya Lehal, Esq.
Kayla Conway, Investigator
Nat Francis, Snr. Investigator

April 5, 2022

**VIA ECF**

The Honorable Victor Marrero
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)

Dear Judge Marrero,

I write on behalf of Robert Seiden (the "Receiver") in his capacity as the temporary receiver of Link Motion, Inc. ("LKM").

On March 25, 2022, the Court extended the Order to Show Cause ("OSC") enjoining shareholder meetings of LKM for ten days and directed the parties to "discuss and endeavor to negotiate a standstill agreement to halt any shareholder meetings until the Court issues a ruling on any objections to Magistrate Judge Freeman's Report & Recommendation (Dkt. No. 275)." (Dkt. 292). The Receiver took no position (Dkt 285) with respect to defendant Shi's application which led to the OSC and takes no position with respect to the competing proposals for a standstill agreement that have been submitted to the Court by the parties (Dkt 295, 296). Subject to the Court's direction, however, the Receiver understands that the OSC (and Judge Freeman's Report & Recommendation) do not revoke the Receiver's authority to take actions unrelated to LKM shareholder meetings that (in the Receiver's judgment) are in the best interests of LKM and are necessary to preserve the status quo.[1]

---

[1] On February 9, 2022, the Receiver notified the Court that in March 2020, Tongfang Investment Fund Series SPC ("Tongfang") obtained an approximately $400 million final award (the "Award") against LKM in a Hong Kong arbitration that was previously not disclosed to the Receiver (Dkt 269). The Receiver also informed the Court that Defendant Shi had (in violation of this Court's preliminary injunction and receivership order) secretly maintained control of the arbitration and declined to defend against Tongfang's claims, which led to the Award being issued unopposed. *See id.* The Receiver did not receive a copy of the Award until February 4, 2022. The Receiver understands that there may be grounds for initiating a proceeding in the Hong Kong courts to set aside the Award on the basis that Shi lacked authority to represent LKM in the arbitration and/or that the Award is the product of fraud. However, under applicable Hong Kong law, an application for setting aside must be made within three months after the party making the application receives the award. To the extent the three month period arguably began to run on February 4, 2022 (the date on which the *Receiver* first received a copy of the Award, as opposed to when Defendant Shi may have received such a copy), a set aside proceeding would need to be filed by May 4, 2022. Although the Receiver has made no determination regarding whether to file such a proceeding, the Receiver understands that the OSC (and Judge Freeman's Report & Recommendation) do not prevent the Receiver from doing so in order to

The Receiver awaits further guidance from the Court as appropriate.

                                          Respectfully Submitted,

                                          /s/ Amiad Kushner
                                          Amiad Kushner

                                          *Counsel for Robert Seiden,*
                                          *Court-Appointed Temporary Receiver for*
                                          *Link Motion Inc.*

---

preserve the status quo (and thereby permit LKM to preserve its rights with respect to the Award, regardless of if and when the Court terminates the receivership).