IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA,<br><br>          Plaintiff,<br><br>     v.<br><br>LINK MOTION INC. (f/k/a/ NQ MOBILE INC.), VINCENT WENYONG SHI, ROLAND WU, and ZEMIN XU,<br><br>          Defendants. | No. 1:18-cv-11642-VM-DCF<br><br>The Honorable Victor Marrero<br>Magistrate Judge Debra C. Freeman |

## CORRECTED DECLARATION OF LILIN "FRANCIS" GUO

I, Lilin "Francis" Guo, state as follows:

1. I am a representative of Robert Seiden (the "Receiver") in his capacity as the Receiver over Link Motion Inc. ("LKM" or the "Company") in the People's Republic of China ("PRC"). In April 2019, the Receiver appointed me as the legal representative of an LKM subsidiary, NQ Mobile (Beijing) Co., Ltd., a wholly foreign owned entity (the "WFOE") in the PRC. I submit this declaration in response to the March 9, 2022, Report and Recommendation of Magistrate Judge Debra Freeman.

2. Michael James Maloney has recently filed declarations which contain a number of untrue statements about the actions of Vincent Wenyong Shi, the Receiver, and myself as an agent for the Receiver.

3. I will not address all of Maloney's false statements in this Declaration as many of them are not relevant to Shi's Objections to the March 10, 2022 Report and Recommendation. (Dkt. 293.) I will focus this Declaration on two categories of false statements: (1) the false assertion that the Receiver "expropriate[ed] economic rights and voting control over the

Company from existing shareholders and g[ave] them to" me; and (2) the false assertion that I engaged in fraud and forgery in the Receiver's service.

### **Promissory Note**

4. One June 24, 2019, this Court entered an order stating:

> [o]n June 18, 2019, the Temporary Receiver in this action (the "Receiver") submitted a letter to the Court requesting approval of a compensation incentive agreement and promissory note between Link Motion Inc. and Mr. Lilin "Francis" Guo (the "Note Agreement"). I have reviewed the Receiver's letter submission and the Note Agreement, and, with good cause appearing, it is hereby:
>
> ORDERED THAT, the request is GRANTED. The Note Agreement entered into by the Receiver is approved.

(Dkt. 71.)

5. The convertible note that was the subject of this Court's order on June 24, 2019 is the source of my ownership of registered shares in the Company.

6. Any suggestion that my share ownership "far exceeded" the powers of the Receiver is without any basis in fact.

### **False Allegations of Forgery**

7. Maloney stated in a sworn declaration that "[t]he PRC court found that the signature was a forgery." (Dkt. 290.) This is false.

8. I have acted in accordance with laws of each jurisdiction I have acted in.

9. The Court's final judgment regarding Xu Yemin's allegations that I forged his signature are attached as Exhibit A.

10. The relevant substance of the final judgment states: "in the absence of evidence to the contrary, this court confirms the authenticity of the above shareholders' resolution and the Certificate of Resolution of the Company Directors." Exhibit A.

11. The Court went on to deny all claims of Xu Zemin.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on April 8, 2022

_____
Lilin "Francis" Guo