# Exhibit A

# 北京市第一中级人民法院
# 民事判决书

(2019)京 01 民终 10118 号

上诉人（原审原告）：许泽民，男，1964 年 2 月 23 日出生，汉族，住天津市南开区迎水道日华里 23 号楼 1 门 202 号。

委托诉讼代理人：李世良，北京市证信律师事务所律师。

委托诉讼代理人：康丽，河北英陆律师事务所律师。

被上诉人（原审被告）：网秦无限（北京）科技有限公司，住所地北京市海淀区东北旺西路 8 号院 4 号楼 3 层 317 室。

法定代表人：郭力麟，董事长。

委托诉讼代理人：曲贵军，北京市格平律师事务所律师。

委托诉讼代理人：孙世奇，北京市格平律师事务所律师。

被上诉人（原审被告）：郭力麟，男，1970 年 6 月 5 日出生，汉族，住浙江省杭州市西湖区湖畔花园风荷院 14 幢 2 单元 401 室。

委托诉讼代理人：曲贵军，北京市格平律师事务所律师。

委托诉讼代理人：孙世奇，北京市格平律师事务所律师。

上诉人许泽民因与被上诉人网秦无限（北京）科技有限公司（以下简称网秦无限公司）、被上诉人郭力麟与公司有关的纠纷一案，不服北京市海淀区人民法院（2019）京 0108 民初 35030 号民事判决，向本院提起上诉。本院于 2019 年

- 1 -

证明》,《指令(委托)书》在形式上是否存在瑕疵,不影响网秦无限公司依照其股东决定变更董事、董事长和法定代表人的效力。

关于许泽民提交的《声明》的问题,该院认为,首先,从证据形式来看,该《声明》属于证人证言,吴疆并未到庭作证,其证据形式存在重大瑕疵;其次,关于网秦无限公司提交的其股东凌动智行国际有限公司的股东决定和经过公证的《公司董事决议证明》,其形式符合公司法的规定。关于《声明》所称吴疆称《公司董事决议证明》为虚假无效的问题,该院认为,上述《声明》从证据形式而言属于证人证言,证人吴疆无正当理由未到庭作证,该《声明》在证据形式上存在重大瑕疵,同时,即使吴疆对《公司董事决议证明》存在异议,亦属于吴疆与凌动智行国际有限公司之间的内部争议,不属于本案审理范畴。因此,在没有相反证据的情况下,该院对上述股东决定和《公司董事决议证明》的真实性予以确认。

综上,许泽民的涉案诉讼请求,并无事实和法律依据,该院不予支持。依据《中华人民共和国公司法》第十一条、第三十六条,《关于适用<中华人民共和国公司法>若干问题的规定(五)》第三条第一款,《中华人民共和国民事诉讼法》第六十四条第一款之规定,判决如下:驳回许泽民的全部诉讼请求。

本院二审期间,当事人围绕上诉请求依法提交了证据。本院组织当事人进行了证据交换和质证。许泽民向本院提交《情况说明》一份,证明网秦无限公司、郭力麟在行政诉讼中认可在办理工商登记中伪造了许泽民的签字,故工商变更

- 10 -

效。故，本案的争议焦点为许泽民是否仍具有网秦无限公司法定代表人、董事长、董事身份。

《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》第九十条规定："当事人对自己提出的诉讼请求所依据的事实或者反驳对方诉讼请求所依据的事实，应当提供证据加以证明，但法律另有规定的除外。在作出判决前，当事人未能提供证据或者证据不足以证明其事实主张的，由负有举证证明责任的当事人承担不利后果"。通过查明可知，网秦无限公司章程规定变更法定代表人、董事均由公司股东作出决定，各方对此亦均不持异议。网秦无限公司的唯一股东为凌动智行国际有限公司。网秦无限公司工商备案中的股东决定显示，凌动智行国际有限公司于2019年3月19日作出股东决议，免除了许泽民董事长、法定代表人、董事等身份，中华人民共和国司法部委托公证人及香港律师谢晓东出具《公司董事决议证明》亦可予以印证。因此，许泽民主张其仍系网秦无限公司的董事长、法定代表人、董事，并未提供相反证据予以推翻，本院对其上述意见不予支持。

许泽民上诉认为郭力麟等首先在香港进行违法变更，在凌动智行国际有限公司股东及董事不知情的情况下，将郭力麟等加入凌动智行国际有限公司董事会名单，在没有唯一董事吴疆在场签字同意的情况下，强行作出董事会决议，以此欺骗香港律师出具公证书。对此本院认为，上述事宜，属于本案网秦无限公司的股东凌动智行国际有限公司的内部纠纷，鉴于各方均表示对凌动智行国际有限公司的内部争议及诉讼具体情况不清楚，在无相反证据证明原股东决定已经被推翻情况下，不影响本案依据现有证据作出判断。如后续出

现新情况，当事人可另行救济。

许泽民上诉主张关于网秦无限公司的工商变更登记应属于行政诉讼审理事项一节，本院认为，本案审理的重点为判断网秦无限公司唯一股东凌动智行国际有限公司所作出的股东决议是否合法有效，进而判断对网秦无限公司法定代表人、董事长、董事身份的变更是否合法有效。故，本案不涉及对行政诉讼中相关问题的认定，并未超越审理范围。

关于许泽民上诉主张的一审判决严重损害了我国的司法主权等上诉意见，无事实和法律依据，本院均不予支持。

综上所述，许泽民的上诉请求不能成立，应予驳回；一审判决认定事实清楚，适用法律正确，应予维持。依照《中华人民共和国民事诉讼法》第一百七十条第一款第一项规定，判决如下：

驳回上诉，维持原判。

二审案件受理费 70 元，由许泽民负担。

本判决为终审判决。



审　判　长　　陈　实
审　判　员　　王　晴
审　判　员　　杨　力

二〇一九年十二月二十四日

法官助理　　郭　帅
书　记　员　　李连漪

本件与原本核对无别