**FELICELLO**  Rosanne E. Felicello*  Felicello Law P.C.
Managing Partner  366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
rosanne@felicellolaw.com

May 26, 2022

VIA ECF

Hon. Valerie Figueredo
Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-DCF (S.D.N.Y.)

Dear Judge Figuero:

We represent Defendant Vincent Wenyong Shi ("Dr. Shi"). We write to request that the following Sealed Documents, along with any motions or letter motions that served as the basis for the sealing and all supporting documents, immediately be publicly filed:

- Dkt. No. 27 (2/26/2019);
- Dkt. No. 44 (4/25/2019);
- Dkt. No. 74 (6/25/2019);
- Dkt. No.79 (7/9/2019);
- Dkt. No. 99 (9/20/2019);
- Dkt. No. 109 (10/17/2019);
- Dkt. No. 118 (12/9/2019);
- Dkt. No. 119 (1/17/2020);
- Dkt. No. 120 (1/17/2020);
- Dkt. No. 255 (9/8/2021); and
- Dkt. No. 256 (9/8/2021).

According to Judge Victor Marrero's individual practices, these documents should have been accompanied by a motion to seal or letter motion to seal that included identification of all parties and/or other case participants that the party requesting sealing believes should be granted access and should have shown that the "interest to be protected by filing under seal outweighs the presumption of public access." Standing Order 19 MISC 583. We can find no evidence on the docket or otherwise that any party made the necessary motions to seal or that Judge Marrero or Magistrate Judge Freeman granted any such motions. Without notice of the Receiver's request to seal these documents, we were deprived of an opportunity to contest the requests to seal at the time they were made.

"The common law right of public access to judicial documents is said to predate the Constitution." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). It is our understanding

*Admitted to practice law in New York & Massachusetts

that the Sealed Documents were filed by the Receiver or at the Receiver's request to report the Receiver's progress to the Court. In this Circuit, such reports, including any exhibits, are "judicial documents subject to the common law presumption of public access." *Id.* at 146. As judicial documents, the Sealed Documents may only be restricted from public view if the Court determines that restriction is necessary after "weighing the interests advanced by the parties in light of the public interest and the duty of the courts." *Id.* (citation omitted). Any restrictions that prevent the public from viewing the Sealed Documents *in toto* must be supported by specific findings. *Id.* at 148.

Here the Court has made no findings as to whether and to what extent the Sealed Documents should be sealed. There are no motions or decisions on the docket, and no notations that such findings were made for any of the Sealed Documents. In any event, even if the balance of interests had weighed in favor of sealing these documents when the Court considered the Receivership to be proper, now that Magistrate Judge Debra Freeman has issued a Report and Recommendation that the Receivership be dissolved, Dkt. No. 275, that balance has now shifted and it is critical that these documents be made publicly available.

In particular, we have now learned that "note" given to the Receiver's agent, Mr. Lilin "Francis" Guo, was not merely compensation for services, Dkt. No. 71, but a wholesale transfer of a large block of stock in the nominal defendant, Link Motion, Inc. *See*, *e.g.*, Dkt. No. 276, 277, 298. Neither the note nor the Receiver's submission regarding it were served on us when originally submitted to the Court in July 2019 and we were not afforded an opportunity to object at that time. We learned that the note was used by the Receiver to grant to Mr. Guo a large equity position in the Company in March of this year. All of the documents relating to the note and the other documents currently under seal are "judicial documents" and must be disclosed to the public. *Amodeo*, 44 F.3d at 145.

We have conferred with counsel for Plaintiff and the Receiver. We suggested that the parties enter a stipulation to unseal the Sealed Documents. To date, counsel for the Plaintiff and Receiver have refused to agree to such a stipulation.

We, therefore, request that the Court enter an Order that the above listed Sealed Documents, along with any motions or letter motions that served as the basis for the sealing and all supporting documents, be filed publicly.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ *Rosanne E. Felicello*

Rosanne E. Felicello

cc:   All counsel of record (via ECF)

4883-1754-4226, v. 7