

Toby S. Soli
Tel 212.801.3196
Fax 914.286.2990
solit@gtlaw.com

May 31, 2022

**VIA ECF**

The Honorable Victor Marrero
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (VF)
              Response to Correspondence from Receiver and Defendant (ECFs 304, 305)

Dear Judge Marrero:

      We represent Plaintiff Wayne Baliga and write in response to the Receiver's May 26, 2022 letter motion requesting "the Court's guidance" (ECF 304) and Defendant Vincent Wenyong Shi's response (ECF 305). As the Receiver correctly stated:

> Under the terms of the Deposit Agreement, American Depositary Receipts ("ADRs") holders ***have the right*** to surrender their ADRs for cancellation and take delivery of the underlying American Depositary Shares of LKM ("ADS") up until six (6) months after the Termination Date, *i.e.*, October 20, 2022.

(ECF 304 (emphasis added).) The Receiver errs, however, in determining that preventing ADR holders from exercising their rights under the Deposit Agreement is in furtherance of "preserving the status quo." (*Id.*) The status quo under the Deposit Agreement is that ADR holders "have the right to surrender their ADRs for cancellation and take delivery of the underlying American Depositary Shares of LKM." (*Id.*) *See also* Article 22 of the Deposit Agreement between LKM (Netqin Mobile Inc.) and Deutsche Bank, available at https://sec.report/Document/0000950127-11-000101/ ("[T]he Holder will . . . be entitled to delivery, to him or upon his order, of the amount of Deposited Securities represented by such Receipt.").

      Shi made two arguments for barring the cancellation of ADRs, but neither of them bear scrutiny.

**Greenberg Traurig, LLP | Attorneys at Law**

One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

Albany. Amsterdam. Atlanta. Austin. Berlin¬. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London.* Long Island. Los Angeles. Mexico City⁺. Miami. Milan». Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Francisco. Seoul∞. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv^. Tokyo*. Warsaw~. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; *A separate UK registered legal entity; ⁺Greenberg Traurig, S.C.; »Greenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ~Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k.

www.gtlaw.com

The Honorable Victor Marrero
May 31, 2022
Page 2

First, Shi misrepresents this Court's prior orders stating that this Court found that "matters concerning the conversion of the Company's ADRs into common stock are outside the jurisdiction of this case." (ECF 305.) This Court, instead, ordered that Baliga's motion which "sought vindication of the Deposit Agreement" was "irrelevant to the substantive claims at hand." (ECF 252, at 4-5.) The Court did find, however, that it has jurisdiction to effectuate its decrees. (ECF 252, at 5.) Moreover, the Court affirmed that it had jurisdiction under the Preliminary Injunction to resolve "petition[s] for instructions in pursuance of this Order." (ECF 26, at 5; ECF 252, at 5.)

Here, the Receiver has petitioned this Court for guidance regarding his authority—specifically whether fulfilling a contractual obligation allowing ADR holders to cancel their ADRs in exchange for shares would be acting "to protect the status quo of the Company, to prevent waste, dissipation, or theft of assets to the detriment of investors." (ECF 26, at 3.) Breaching Link Motion's contractual obligations under the Deposit Agreement cannot be construed as protecting the status quo of the Company. Shi's suggestion that the Court lacks jurisdiction is without basis.

Moreover, in the current unstable markets, preventing ADR holders from attempting to recoup or preserve whatever value they can recover from their investments in Link Motion does little to "preserve the status quo," but only disadvantages ADR holders. Indeed, Plaintiff is under a legal obligation to attempt to mitigate his damages. Preventing Plaintiff from cancelling his ADRs and redeeming them for value would prevent him from mitigating damages.

Second, Defendant Shi suggests that "only the duly appointed Board of Directors can take action regarding issuance, cancellation, or exchange of shares of the Company's Stock." (ECF 305.)[1] Of course, Shi does not argue that the Deposit Agreement itself was not the product of an act of the "duly appointed Board of Directors." Indeed, it is the deposit agreement that states that ADR holders are "entitled to delivery . . . of the amount of Deposited Securities represented by such Receipt." (Article 22 of the Deposit Agreement.) That is to say, it was the duly appointed Board of Directors that determined that, in the event that Deutsche Bank terminated the Deposit Agreement, ADR holders should be able to cancel their ADRs in exchange for shares. Altering the decision of the prior duly appointed Board of Directors is not maintaining the status quo.

Indeed, Shi's position that the Receiver must bar ADR holders from surrendering the ADRs despite their contractual rights suggests a *de facto* injunction against ADR holders without due process. No party has filed for injunctive relief to prevent the cancellation of ADRs. There has been no showing of a likelihood of the success on the merits or that such cancellations would prejudice that party. If Shi wishes to prevent the cancellation of ADR, he must seek injunctive relief to that end.

---

[1] Shi also notes that he has argued that "the Board of Directors as of the date of the Receiver's appointment should be fully restored." (ECF 305.) Shi suggests this was "in response to Plaintiff's objections," but in actuality this argument was one of Shi's many objections to Magistrate Judge Freeman's Report and Recommendation. Baliga's response to these arguments can be found in his briefing regarding the Report and Recommendation. (ECF 300, ECF 303.)

The Honorable Victor Marrero
May 31, 2022
Page 3

The Receiver has requested "the Court's guidance" in this matter—precisely the type of petition contemplated by the preliminary injunction. (ECF 26.) We respectfully suggest that following through on the Company's contractual obligations—unless there is reason to suspect "waste, dissipation, or theft of assets to the detriment of investors"—is in service of "protect[ing] the status quo of the Company" as required by this Court's prior orders. (*Id.*) Willfully breaching Link Motion's contractual obligations to the detriment of investors would be an act of undermining the status quo.

Respectfully submitted,

*/s/ Toby S. Soli*

Toby S. Soli

cc:   All counsel of record (via ECF)