**FELICELLO**

Michael James Maloney[*]
Partner

Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
mmaloney@felicellolaw.com

June 3, 2022

VIA ECF

Hon. Victor Marrero
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-DCF (S.D.N.Y.)
Letter from counsel for Receiver Robert W. Seiden (the "Receiver") dated May 26, 2022
(Dkt. Nos. 304, 305, 307)

Dear Judge Marrero:

We represent Defendant Vincent Wenyong Shi ("Dr. Shi"). We write in response to the letter from the Plaintiff of May 31, 2022 regarding the notice by Deutsch Bank of its termination the ADR deposit agreement with Link Motion, Inc. (the "Company").

In his letter, Plaintiff misleadingly excerpts what he terms "Article 22" of the Company's deposit agreement with Deutsch Bank as follows: "ADR holders are 'entitled to delivery . . . of the amount of Deposited Securities represented by such Receipt.'" Dkt. No. 307 at 2. That statement is wrong and misleads the Court. The full text of this quoted text – which is actually from paragraph 22 of Exhibit B to the Deposit Agreement – states as follows:

> On and after the date of termination of the Deposit Agreement, the Holder will, upon surrender of such Holder's Receipt at the Corporate Trust Office of the Depositary, upon the payment of the charges of the Depositary for the surrender of Receipts referred to in ***Article (2) hereof and in the Deposit Agreement and subject to the conditions and restrictions therein set forth***, and upon payment of any applicable taxes and/or governmental charges, be entitled to delivery, to him or upon his order, of the amount of Deposited Securities represented by such Receipt.

¶ (22) of Exhibit B to Deposit Agreement, available at https://sec.report/Document/0000950127-11-000101/ (emphasis added).

As set forth in our papers in opposition to Plaintiff's prior motion to convert his ADRs (which was denied), Article 2 of the Deposit Agreement provides that when, as here, the ADRs have been delisted and are suspended from trading, the ADR accounts are frozen and no transfers can be made without a duly noticed vote of the shareholders. *See* Dkt. No. 206; Dkt. No. 207-1 at § 2.7(b). Only the duly appointed board of directors can call a shareholder vote on this issue. *See*, *e.g.*, Dkt. Nos. 291 at 4-6.

[*]Admitted to practice law in New York

Hon. Victor Marrero
June 3, 2022
Page 2 of 2

      Accordingly, no order to show cause (as suggested by Plaintiff) is necessary and Plaintiff's request should be rejected for the same reasons set forth in Judge Marrero's August 16, 2021 Decision and Order denying the prior motion to convert ADRs. Dkt. No. 252. There are no jurisdictional grounds for the Court to act outside the scope of the pleadings to alter the contractual terms of the Deposit Agreement. *See id*.

      The appropriate course of action is to grant Dr. Shi's motion to discharge the receiver, dissolve the preliminary injunction, and restore the Board of Directors *ex ante* Plaintiff's improper commencement of this derivative action so that the duly appointed Board of Directors can consider the matter and take whatever action is in the best interests of the Company. Dr. Shi further notes that the motion to dismiss the operative complaint has been fully briefed since January 14, 2022 and is ripe for decision.

      Respectfully submitted,

      */s/ Michael James Maloney*

      Michael James Maloney

cc:    All counsel of record (via ECF)