# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York**

322 Eighth Avenue Suite 1704 New York, NY 10001 (212) 523 – 0686  rseiden@seidenlawgroup.com

**VIA ECF**
Hon. Valerie Figueredo
United States Courthouse
500 Pearl Street
New York, New York 10007

June 9, 2022

**Re:** *Baliga, et al. v. Link Motion Inc., et al.*, 1:18-cv-11642-VM-VF (S.D.N.Y.)

Dear Judge Figueredo,

I write in response to Rosanne Felicello's letter dated May 26, 2022 (Dkt 306) on behalf of Defendant Wenyong Shi, requesting that certain documents which were sealed by the Court be "publicly filed."

**Relevant Background**

The complaint in this action requested the appointment of a receiver due to allegations that Mr. Wenyong Shi ("Defendant Shi"), the then Chairman of Link Motion Inc. ("LKM" or the "Company"), was looting LKM's funds, and that without a receiver in place he would continue to plunder the Company.[1] After the Court appointed me as temporary receiver in February 2019, the Court was presented with evidence to support allegations that Defendant Shi pledged hundreds of millions of dollars in Company assets in breach of his fiduciary duties,[2] diverted revenues from Company applications to himself,[3] kidnapped LKM's founder,[4] undermined the authority of the Receiver's agent in China,[5] instigated multiple lawsuits against the Receivership,[6] and stole tens of millions of dollars from the Company after my appointment as Receiver in violation of this Court's orders.[7] My office sought funding from Defendant Shi throughout the time period of the receivership in accordance with Judge Victor Marrero's Receivership Order (*See* Dkt 26). Defendant Shi has refused to provide any such funding.[8]

---

[1] *See* Dkt 1 at ¶¶ 1-5, 13-35; *see also* Dkt 68 at ¶¶ 1-5, 13-36.
[2] *See* Dkt 210-1 ¶¶ 145, 148 – 159 ("As discussed here, Dr. Shi plainly breached his fiduciary duties. . . ").
[3] *See* Dkt 50 at ¶ 5.
[4] *See* Dkt 239-1; *see also* Dkt 239-7; *see also* Dkt 239-8.
[5] *See* Dkt 165 at 1.
[6] *See* Dkt 220-1.
[7] *See* Dkt 220 at 4 (". . .evidence showing that Defendant Shi has stolen tens of millions of dollars from the Company."); *see* Dkt 220-4 at 2 ("Mr. Guo learned that from May 15, 2019 to November 5, 2019, approximately $89 million was transferred out of the Bank Account and to a separate account, at the same bank but to a different branch, held by a legally different entity. . .").
[8] *See* Dkt 50 at ¶ 3-4 ("In direct violation of the Receivership Order, Shi failed to acknowledge or respond to any of the Receiver's letters and request to communicate in any form, to provide funds to the Receivership, or to turn over the Company chop, financial documents, and business licenses . . . employees, ex-employees and others who are in contact with Shi and who repeatedly say that anytime Shi is confronted about the Receiver and Court Orders, he instructs them to ignore and disregard as the Receiver and the Court have no rights or jurisdiction in this company matter.").

**Robert W. Seiden**   Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

**The Sealed Documents**

Due to Defendant Shi's looting of the Company, the Receivership sought alternative funding in the form of a note agreement (the "Note Agreement") with the Receiver's agent in mainland China, Mr. Lilin Guo ("Mr. Guo").[9]  The Receiver was introduced to Mr. Guo by a former high-level employee of the Company and had no prior relationship with Mr. Guo, who resides in China.

Mr. Guo believed that his physical safety in China would be placed at risk if he took actions in China to challenge Defendant Shi's takeover of the Company.  Mr. Guo requested that the Receiver file the Note Agreement with the Court under seal.  Accordingly, the Receivership requested that the Note Agreement, and all other invoices for the Receivership, be kept under seal (the "Sealed Documents").  The Court approved of the Note Agreement and also approved my request that the Note Agreement be filed under seal.  The Receivership has also (with the Court's approval) consistently filed its invoices under seal.[10]

Pursuant to [Judge Marrero's February 3, 2020 Individual Practices](#) at § II(H),[11] the Receivership requested that the Sealed Documents be filed under seal by letter motion to the Court through either courier, fax, or more recently by e-mail (pursuant to [Judge Marrero's Special Individual Rules effective March 23, 2020](#) at II(A)).  Judge Marrero granted each request under seal, and Judge Marrero's chambers filed the Sealed Documents on the docket.

On March 22, 2022, in response to Defendant Shi's order to show cause to enjoin extraordinary general meetings and strike proposed shareholder resolutions, my office disclosed publicly (for the first time) that Mr. Guo is currently a shareholder of the Company.[12]  On April 25, 2022, Mr. Michael Maloney, a colleague of Ms. Felicello, sent my office a letter requesting that Mr. Guo's Note Agreement with the Company be unsealed.  My office informed Ms. Felicello that the Receivership was prepared to discuss any proposal to unseal the Note Agreement.  On April 29, 2022, Ms. Felicello sent the Receiver's and Plaintiffs' counsel a draft stipulation that sought the unsealing of all of the Sealed Documents, rather than only the Note Agreement.  The stipulation also omitted the fact that the Court previously approved of the sealing of the Sealed Documents.

**Mr. Guo Disappears**

In late May 2022, while considering Ms. Felicello's request to unseal the Sealed Documents, my office attempted to contact Mr. Guo to ascertain whether he had any objections to unsealing the

---

[9] *See* Dkt 71 ("On June 18, 2019, the Temporary Receiver in this action (the "Receiver) submitted a letter to the Court requesting approval of a compensation incentive agreement and promissory note between Link Motion Inc. and Mr. Lilin "Francis" Guo (the "Note Agreement").  I have reviewed the Receiver's letter submission and the Note Agreement, and, with good cause appearing, it is hereby . . . GRANTED.").
[10] *See* Dkt 147 (granting the Receiver's invoices submitted under seal as "[t]he Court finds the costs, hours, rates, and activities listed in the invoices to be reasonable, and sees no reason to defer payment to these professionals for services already rendered."); *see* Dkt 220 at 6 ("Pursuant to the Order, the Receiver will be submitting further invoices under seal.").
[11] Judge Marrero's prior individual practices, which encompass the vast majority of the Sealed Documents, do not have a provision for sealing documents. *See e.g.,* [Judge Marrero's Individual Practices Dated September 13, 2019](#).
[12] *See* Dkt 285 at 5; *see also* Dkt 285-3 at ¶ 17; Mr. Guo subsequently stated in a declaration filed with this Court that the Note Agreement is the source of Mr. Guo's shares in the Company.  Mr. Guo did not provide a copy of the Note Agreement.  *See* Dkt 300-1 at ¶¶ 4-5.

**Robert W. Seiden**

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

Sealed Documents based on any risk to his personal safety or for any other reason. Likewise, my office began reviewing the Sealed Documents to see if any other names or information needed to be redacted based on privilege or for safety reasons.

Neither my office nor Mr. Guo's employees (who work for Mr. Guo in his capacity as the Receiver's agent) received any response from Mr. Guo. Since April 14, 2022, my office has had no contact with Mr. Guo, despite repeated attempts to reach him. Further, Mr. Guo has not posted anything on his WeChat account (a Chinese social media application that Mr. Guo regularly posted on) since April 16, 2022, roughly three weeks after my office disclosed that Mr. Guo is LKM's largest shareholder. The lack of any communication from Mr. Guo is highly concerning, given that he has remained in close contact with my office during his work for the Receivership over the past several years. My office fears that Mr. Guo has disappeared or been kidnapped.

Provided that there is no risk to the physical safety of Mr. Guo or any of the receiver's other agents, and that the Receivership be allowed to redact personal or privileged information, the Receivership does not object to the unsealing of the Sealed Documents. Under the circumstances, I am requesting additional time to review the Sealed Documents and to attempt to contact Mr. Guo.

Please do not hesitate to contact me via email or telephone if your Honor wishes to discuss this matter in further detail.

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver
for Link Motion Inc.

CC:   The Honorable Judge Victor Marrero (via ECF)
      All Parties (via ECF)