**FELICELLO**

Rosanne E. Felicello[*]
Managing Partner

Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
rosanne@felicellolaw.com

June 30, 2022

VIA ECF

Hon. Valerie Figueredo
Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-DCF (S.D.N.Y.)

Dear Judge Figueredo:

    We represent Defendant Vincent Wenyong Shi ("Dr. Shi"). We write regarding the June 9, 2022 letter (the "June 9 Letter") submitted by Robert W. Seiden (the "Receiver"), in which the Receiver made salacious allegations against our client, Dr. Vincent Wenyong Shi, and requested additional time to review the Sealed Documents and respond to our request to unseal. While the Court has granted the Receiver's request for additional time (until July 8th), we write separately to advise the court of new information relevant to the claims by the Receiver in the June 9 Letter.

    First, we note that most of the accusations against Dr. Shi in the June 9 Letter are the same that the Receiver and Plaintiff have previously made on numerous occasions during the course of this almost four-year litigation. We previously submitted voluminous evidence refuting each allegation and refer the Court to our prior submissions. *See*, *e.g.*, Declaration of Michael James Maloney, dated March 24, 2022, Dkt. 290 at ¶¶102-105 (citing to prior submissions refuting the Receiver's allegations of interference in the PRC, self-dealing, and alter ego).

    Second, we recently received information relevant to the only new information in the June 9 Letter—the notice by the Receiver that his agent, Lilin "Francis" Guo, has stopped communicating with the Receiver. Based only on this cessation of communication, the Receiver tells the Court that Mr. Guo must have "disappeared or been kidnapped." The Receiver implies that Dr. Shi is somehow responsible. This claim is false, unfounded, and counterfactual. As we have informed the Court in prior submissions, by way of his retention by the Receiver, Mr. Guo obtained control over Link Motion Inc. (the "Company") and its Chinese operating companies but then refused to pay employees of those companies. *See* Dkt. 290 ¶104(b). We recently received new communications from individuals in China claiming to have been retained by Mr. Guo to serve the Receivership, who complain that Mr. Guo has failed to pay them for their services. See Declaration of Kristie M. Blase (the "Blase Decl.") at ¶4.[1] These individuals claim

---

[1] These communications also suggest that Mr. Guo paid the original retainer for the retention of The Sieden Firm to commence this action in 2018 and, more recently, has been paying for Plaintiff Wayne Baliga's attorney's fees. Dr. Shi reserves all rights with respect to possible claims and/or accounting concerning this information.

*Admitted to practice law in New York & Massachusetts

to have learned that Mr. Guo continues to pay the employees of his own, separate business. *See* Blase Decl. ¶4. Mr. Guo's continued payment of wages to his own employees suggests that he has not been "disappeared or [] kidnapped" as claimed by the Receiver. Instead, he is disavowing his duties as agent to the Receiver.

This is not surprising. As we recently discovered, the Receiver previously granted to Mr. Guo a large block of voting shares in the Company. *See* Dkts. 276-277, 298. The most plausible explanation for Mr. Guo's failure to communicate with the Receiver is that the Receiver no longer serves Mr. Guo's personal self-interest. Mr. Guo now has control over all of the Company's Chinese operating companies and a large block of voting shares. Mr. Guo has obtained all that he wanted from the Receiver and, therefore, has no further need for him or the U.S. Courts.

Respectfully submitted,

*/s/ Rosanne E. Felicello*

Rosanne E. Felicello

cc:   All counsel of record (via ECF)