# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York**

---

322 Eighth Avenue Suite 1704 New York, NY 10001 (212) 523 – 0686  rseiden@seidenlawgroup.com

---

**VIA ECF**
Hon. Valerie Figueredo
United States Courthouse
500 Pearl Street
New York, New York 10007

July 8, 2022

Re: *Baliga, et al. v. Link Motion Inc., et al.*, 1:18-cv-11642-VM-VF (S.D.N.Y.)

Dear Judge Figueredo,

I write in response to the Court's order (Dkt 310) granting the Receiver an extension of time to respond to Defendant's letter motion (Dkt 306) seeking the unsealing of certain documents that were previously submitted by the Receiver to the Court under seal, and filed by the Court on the docket under seal (the "**Sealed Documents**").

**The Receiver Remains Unable to Communicate With Mr. Lilin Guo**

As detailed in my previous letter to your honor dated June 9, 2022 (Dkt 309), since April 1, 2022, despite repeated efforts, the Receiver and his staff have not had any contact with the Receiver's appointed agent in mainland China, Mr. Lilin Guo ("**Mr. Guo**").  After submitting the June 9 letter, my office made several further attempts to contact Mr. Guo to ascertain, among other things, whether he had any objection to the Court unsealing the Sealed Documents based on any risks to his (or those acting with him) personal safety.  Despite making numerous attempts, including multiple attempts on the date of this letter (July 8, 2022), the Receivership has been unable to contact Mr. Guo.  For this reason, the Receivership remains concerned for Mr. Guo's physical safety and well-being[1].

**The Receiver's Position Regarding Unsealing of the Sealed Documents**

The Receiver believes that the Sealed Documents comprise three categories of documents:

(1) Status reports, letters, and other written communications to the Court concerning the activities of the Receivership;

(2) Detailed invoices submitted to the Court for work performed by the Receivership and Receiver's counsel in the United States and other jurisdictions since the Receiver's appointment in February 2019, as well as invoices of other professionals and agents who worked with counsel, including Mr. Guo; and

(3) Documents relating to Mr. Guo's court-approved note agreement (the "**Note**

---

[1] The Receivership has made efforts to communicate with the authorities in this regard but to no avail.

**Robert W. Seiden**  Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

**Agreement**") and any compensation provided to him thereunder.[2]

As to the first category, the Receiver has no objection to unsealing this category of documents, provided that information concerning the Note Agreement and Mr. Guo's compensation thereunder is redacted, given the Receiver's concern that public disclosure of such information may place Mr. Guo in jeopardy (as discussed further below).[3]

As to the second category, the Receiver notes that the detailed invoices (which are voluminous and span several years) largely consist of privileged and confidential material and references to sources and methods, which would be unduly burdensome to analyze and redact. Accordingly, the Receiver does not consent to the unsealing of the invoices at this time.[4]

As to the third category, the Receiver notes that Mr. Guo specifically requested that the Receiver submit the Note Agreement and the details of his compensation to the Court under seal; the Receiver therefore requested, and the Court approved, of keeping such information under seal. As discussed above, the Receiver has been unable to communicate with Mr. Guo in order obtain his consent to unseal any documents related to the Note Agreement or his compensation. In light of Mr. Guo's sudden and unexplained disappearance for over three months in China (as well as the circumstances of this action, including the extraordinary misconduct of Defendant Shi that I described in my June 9 letter), the Receiver is concerned that public disclosure of the Note Agreement or information concerning Mr. Guo's compensation may jeopardize or gravely aggravate Mr. Guo's safety. As such, the Receivership is unable to consent to the unsealing of the documents related to Mr. Guo's Note Agreement or his compensation.

The Receiver will be guided by the Court's orders with respect to the foregoing.

Please do not hesitate to contact me via email or telephone if your Honor wishes to discuss this matter in further detail.

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver
for Link Motion Inc.

CC:   The Honorable Judge Victor Marrero (via ECF)
      All Parties (via ECF)

---

[2] We believe the sealed documents relating to Mr. Guo's Note Agreement are Dkt Nos. 74, 119, 120, 255, 256.

[3] At least some of the status reports have already been filed on the docket. *See* Dkt 220-2, 220-3, 220-4.

[4] Judge Freeman's Report and Recommendation (Dkt 275) recommended that the Receiver perform an accounting. *See* Dkt 275 at 39-42. If Judge Marrero adopts that recommendation and requires the Receiver to perform such an accounting, the Receiver may (if ordered by the Court) need to publicly file copies of all invoices with the Court (together with any appropriate redactions for privilege). In light of the foregoing, an order unsealing the Receivership's invoices at this time is premature.