**FELICELLO**         Michael James Maloney[*]         Felicello Law P.C.
                                                                             Partner                     366 Madison Avenue
                                                                                                                                                                               3rd Floor
      New York, NY 10017

Tel. +1 (212) 584-7806
mmaloney@felicellolaw.com

July 15, 2022

VIA ECF

Hon. Valerie Figueredo
Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-DCF (S.D.N.Y.)

Dear Judge Figueredo:

       We represent Defendant Vincent Wenyong Shi ("Dr. Shi"). We write in response to the July 8, 2022 letter (Dkt. No. 319, the "July 8 Letter") submitted by Robert W. Seiden (the "Receiver"), in which the Receiver offers his position on the unsealing of documents previously filed under seal.

       As the Receiver concedes, many of the Sealed Documents are merely status updates provided to the Court, for which there is no basis for sealing (classified as Category 1 documents by the Receiver). But the Receiver fails to provide a reasonable basis for the continued sealing of any of the other categories of Sealed Documents. The tranche of documents comprising invoices (classified as Category 2 documents by the Receiver) are required to be made public as part of the Receiver's accounting upon his discharge. Invoices for legal fees are not confidential merely because they reflect time expended by counsel on a matter. And the Receiver provides no legitimate basis for the continued sealing of the detailed invoices for Company funds used to pay for the Receivership.

       The third category of Sealed Documents classified by the Receiver comprises the Note Agreement provided to the Receiver's agent, Mr. Lilin Guo ("Mr. Guo"), and any compensation provided to him thereunder. The Receiver's purported reason to withhold the information from public view is the groundless contention that the release of this information "may jeopardize or gravely aggravate Mr. Guo's safety." *See* July 8 Letter at p. 2 (Dkt. No. 319). This is baseless speculation and falls far short of the standard necessary to merit the sealing of records in federal court. The Receiver does not explain how the release of such information could possibly cause danger for Mr. Guo.

       And, as we previously noted, there is a more plausible reason other than grave danger that Mr. Guo has stopped responding to the Receiver: Mr. Guo has already been handsomely compensated by the Receiver and no longer has an interest in assisting the Receiver or this Court. *See* Dkt. Nos. 315, 315-1.

[*]Admitted to practice law in New York

Magistrate Judge Figueredo
July 15, 2022
Page 2 of 2

Given that the Receiver has provided no basis for the continued sealing of the Note Agreement and compensation information other than Mr. Guo's previously expressed wishes and lack of contact from Mr. Guo, there is no grounds for maintaining this information under seal. Mr. Guo was not the Receiver's client; he was the Receiver's agent. Although it now appears that the Receiver—whether knowingly or not—worked for the benefit of Mr. Guo, it was Mr. Guo who was supposed to be the agent of the Receiver and the Receiver is an officer of this Court. As the Receiver's agent, Mr. Guo has no recognizable interest in maintaining the privacy of these documents, which belong to the Company.

We respectfully submit that all the previously Sealed Documents should be unsealed, and all the papers supporting their sealing as well as the Sealed Documents themselves be placed on the public record in this action.

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc:   All counsel of record (via ECF)