# FELICELLO

Rosanne E. Felicello*
Managing Partner

Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
rosanne@felicellolaw.com

August 3, 2022

VIA ECF

Hon. Valerie Figueredo
Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Baliga, et al. v. Link Motion Inc., et al.*,
                  Case No. 1:18-cv-11642-VM-DCF (S.D.N.Y.)

Dear Judge Figueredo:

       We represent Defendant Vincent Wenyong Shi ("Dr. Shi") and Link Motion, Inc. ("LKM") for the pending motion to dismiss the Second Amended Complaint. We write to respond to Your Honor's inquiry during Monday's oral argument concerning legal support for LKM's standing to move for dismissal of the claims brought against Roland Wu and Zemin Xu, former officers of LKM who resigned in January 2019.

       While the general rule is that litigants may only assert their own legal rights and interests, there are exceptions that permit a litigant to assert the legal rights of a third party. *Farrell v. Burke*, 449 F.3d 470, 494-95 (2d Cir. 2006). One such exception is where a party, like LKM here, has "suffered an 'injury in fact,' . . . giving [it] a 'sufficiently concrete interest' [in] the outcome of the issue in dispute," . . . has a "close relationship to the third party," . . . and there is "some hindrance to the third party's ability to protect his or her own interests." *Powers v. Ohio*, 499 U.S. 400, 411 (1991). LKM satisfies all three criteria required to assert the arguments for dismissal of the claims brought against defendants Mr. Wu and Mr. Xu.

       First, LKM has a concrete interest in the outcome of the dispute. LKM is a named party and employed Mr. Wu and Mr. Xu during the relevant time. The company's operating documents require LKM to indemnify Mr. Wu and Mr. Xu. ECF Dkt. 36-4, (Memorandum of Association) at Section 144. And pursuant to indemnification agreements, similar to the one between LKM and Dr. Shi, LKM indemnified Mr. Wu and Mr. Xu and retained the right to participate in the proceeding and assume the defense of any such proceeding. *See* ECF Dkt. 170-1 (similar indemnification agreement).

Second, LKM's obligation to indemnify Mr. Wu and Mr. Xu and right to assume the defense of a proceeding also demonstrates the close relationship between LKM and the two executives. *See* Id. at (e).[1]

Third, Mr. Wu and Mr. Xu are hindered in asserting their own defense because they have not been served with process and, therefore, do not have notice of the claims asserted against them. The fact that these individuals have not been served is not in dispute and was conceded by plaintiff's counsel in open court on Monday.

Moreover, Plaintiff's failure to serve is a separate reason for the Court to dismiss the claims against Mr. Wu and Mr. Xu. Even if LKM is not permitted to assert a defense for its indemnitees, Plaintiff cannot maintain its claims against Mr. Wu and Mr. Xu because Plaintiff has failed to serve either of them with process as required under the Federal Rules of Civil Procedure. Specifically, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action. . . ." Fed. R. Civ. P. Rule 4.

Although the Rules do not impose the 90 day requirement to effect service of foreign defendants, the Second Circuit has held that a plaintiff must at least attempt service on foreign defendants within the Rule 4(m) time period and "ben[d] over backward to effect service." *Paraguay Humanitarian Foundation, Inc. v. Banco Central Del Paraguay*, 366 Fed. App'x 250, 253 (2d Cir. 2010) (*quoting Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)); *see also Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010) (rejecting plaintiffs' proposed alternative method of service and finding that plaintiffs "have not met their threshold requirement of reasonably attempting to effect service").

The Second Amended Complaint naming Mr. Wu and Mr. Xu was filed on October 5, 2020. ECF Dkt. 166. Under *Paraguay*, Plaintiff was required to at least attempt service of process on Mr. Wu and Mr. Xu by January 3, 2021 (90 days from filing of the complaint). It is now August 3, 2022. It is our understanding that Plaintiff has taken no steps to effect service of process on either Mr. Wu and Mr. Xu, as confirmed by Plaintiff's counsel at argument on Monday, August 1, 2022. Plaintiff's counsel admitted to the Court that no service on Mr. Wu or Mr. Xu has been effected. Plaintiff's counsel gave no grounds (because there can be none) on which Plaintiff may prosecute his claims against Mr. Wu and Mr. Xu without serving them with process.

---

[1] The terms of the indemnification permit but do not require LKM to assume the defense of its indemnified executives.

Thus, even if the Court does not recognize LKM's standing to assert the statute of limitations as grounds for dismissal of the claims against Mr. Wu and Mr. Xu, the Court still must dismiss the action against both Mr. Wu and Mr. Xu for failure to serve them. *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) (finding that "there must be compliance with the terms of the [service] rule, and absent waiver, incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained.").

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Rosanne E. Felicello*

Rosanne E. Felicello

cc:   All counsel of record (via ECF)