**Robert W. Seiden**

Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

322 Eighth Avenue Suite 1704 New York, NY 10001 (212) 523 – 0686 rseiden@seidenlawgroup.com

**VIA ECF**
Hon. Victor Marrero
United States Courthouse
500 Pearl Street
New York, New York 10007

September 8, 2022

Dear Judge Marrero,

I write in response to your August 25, 2022 order directing the parties and the Receiver to file letters "that address the extent to which the disappearance of shareholder Lilin 'Francis' Guo impacts whether the Receiver can convene a meeting of the shareholders in the defendant company, Link Motion Inc." ECF 331 at 23. I also respond to some of the contentions made by Defendant Shi in his September 7, 2022 letter to the Court on this topic. *See* ECF 334.

As further explained below, the Receiver believes that while it has the authority under Cayman Island law to convene an Extraordinary General Meeting ("EGM") of shareholders, no EGM should be held until Mr. Guo is found and can attend the EGM.

**Background**

On February 3, 2022, the Receiver informed the Court that it was working with its Cayman counsel, KSG Attorneys at Law, to apply "to the Cayman Court to seek approval to call the EGM, in order to put forward resolutions to LKM shareholders for the appointment and removal of directors, the result of which will (in the Receiver's judgment) serve to safeguard and protect the Company's assets going forward." ECF 268 at 1.

On February 7, 2022, the Receiver submitted its application to the Grand Court of the Cayman Islands (the "Cayman Court"). In the application, the Receiver informed the Cayman Court of all pertinent information, including that (i) the EGM was being called under Article 55 of Link Motion Inc.'s ("LKM" or the "Company") Amended and Restated Articles of Association (the "Articles"; *see* ECF 285-4 at 75-108), the Receivership Order (ECF 26), and the Cayman Recognition Order (ECF 132-1); and (ii) there was a pending motion to discharge the Receiver (the Receiver provided the Cayman Court with all relevant motion papers). *See* ECF 285 at 11-12; *see also* ECF 285-4.

On February 23, 2022, the Cayman Grand Court approved the Receiver's application. ECF 271. The Receiver called the EGM on behalf of a shareholder of LKM, and the Receiver had no intention to participate in or otherwise influence the EGM (*see* ECF 285 at 13).

On March 9, 2022, Magistrate Judge Freeman issued a Report and Recommendation (the "R&R") recommending in relevant part that the Receiver be discharged after a full and final accounting. *See* ECF 275 at 42. On March 15, 2022, Defendant Shi filed an order to show cause to enjoin the EGM. ECF 276. On March 16, 2022, your Honor temporarily enjoined the EGM. *See* ECF 277.

**Robert W. Seiden**  Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

On March 22, 2022, in response to Defendant Shi's order to show cause to enjoin the EGM, my office disclosed publicly for the first time that the shareholder who requested the EGM was Mr. Lilin "Francis" Guo, who is the registered owner of shares representing approximately 40% of the Company's voting rights.[1]  *See* ECF 285 at 13.  On June 9, 2022, the Receiver informed the Court that Mr. Guo had disappeared and was unreachable.  *See* ECF 309 at 2-3.  Mr. Guo had been in constant contact with the Receiver up until his disappearance, which took place roughly three weeks after my office disclosed that Mr. Guo was now a shareholder of the Company.  *Id*. at 3.

On August 25, 2022, your Honor issued a Decision & Order adopting Judge Freeman's R&R.  ECF 331.  Thereafter, the Receiver has attempted, to no avail, to contact Mr. Guo multiple times.

### Authority To Call The EGM Under Cayman Law

The Cayman Court approved of the Receiver calling an EGM and stated in relevant part:

> *The Receiver is directed* to call the extraordinary general meetings in the same manner as nearly as possible as that in which general meetings are to be convened by the directors of the company under the Company's Amended and Restated Articles of Association.

*See* ECF 271-1 at 3 (emphasis added).

After consultation with Cayman counsel, it is the Receiver's understanding that Mr. Guo's disappearance has no effect on the Receiver's ability to call an EGM under Cayman law.  This is so as (i) the Receiver called the EGM, not a shareholder; (ii) the Cayman Court's grant of authority to call an EGM was made to the "Receiver;" and (iii) while the Cayman Court was informed that Mr. Guo requested that the Receiver call the EGM, the Cayman Court did not put any limitation on the Receiver's request to call an EGM or require that Mr. Guo participate in the EGM.[2]

### The EGM Should Not Be Convened in Mr. Guo's Absence

While the Receiver has been advised that Mr. Guo's disappearance does not impact the Receiver's ability to call an EGM, the Receiver has also been advised by Cayman counsel that Mr. Guo's

---

[1] Shi incorrectly contends that Mr. Guo's becoming a shareholder was "an unlawful action to circumvent the Cayman Court's ruling" (*see* ECF 334 at n. 2 (citing ECF 173-17)).  This Court approved Mr. Guo's Note Agreement on June 20, 2019 (*see* ECF 71), eight months before the Cayman Court ruling was issued on February 4, 2020 (ECF 173-17).  Shi knows that Mr. Guo became a shareholder through the Note Agreement.  *See* ECF 329 at 2.

[2] Mr. Shi contends that the Cayman Court order has expired or has no further effect given that the Receivership may be terminated after an accounting is completed.  Contrary to these contentions, while the Company's Articles specify a time-period in which an EGM must be called after a *shareholder* requisitions an EGM, there is no deadline to call an EGM if a *director* notices an EGM (*see* ECF 285-4 at 89-90, ¶¶ 55 – 55A).  In this instance, the Receiver is vested with the powers of a director and noticed the EGM by virtue of such powers.  The Receiver acknowledges that Your Honor adopted Judge Freeman's Report and Recommendation in its entirety, including Judge Freeman's directive that the Receiver not "seek any extraordinary actions from the Company's Board, during the remaining period of the receivership."  ECF 275 at 42.  Further, Your Honor issued an order enjoining the EGM.  ECF 277.  Under the circumstances, while *this Court's* orders bar the Receiver from proceeding with the EGM, the Receiver has seen nothing to suggest that the *Cayman Court* order has been nullified.

**Robert W. Seiden**

Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

disappearance does impact shareholders' ability to pass any resolutions at an EGM.

As discussed above, Mr. Guo requested that the Receiver call the EGM as a shareholder who controls 40% of the Company's voting rights. As the Receiver has been unable to contact Mr. Guo since April 16, 2022 (*see* ECF 309 at 3), it is unlikely that Mr. Guo would attend the EGM to vote his shares. Without Mr. Guo voting his shares, it is unlikely that the shareholders would be able to pass any of the noticed resolutions at an EGM.

Further, under the Company's Articles (*see* ECF 285-4 at 66), there is a significant possibility that Mr. Shi would preside over the EGM as chairman of the meeting. Under the Articles, the Chairman of the Board of Directors "shall preside as chairman," however,

> If at any meeting the Chairman of the Board of Directors is not present within fifteen minutes after the time appointed for holding the meeting or is unwilling to act as chairman, the Members present shall choose a chairman of the meeting.

*See* ECF 285-4 at 92, ¶¶ 60-61.

While I appointed Mr. Guo as Chairman of the Company on March 14, 2019,[3] in his absence at the EGM, it is unclear who would be appointed by the shareholders of the Company to preside over the EGM. Based on the Receiver's understanding of the links between China AI Capital Limited (which owns 20 million shares of LKM and owes the Company $10,000,000) and Defendant Shi (*see* ECF 220 at 3-4), it is very possible that Defendant Shi would preside over the EGM. As one of the proposed resolutions specifically sets out to remove Shi as a director of the Company (ECF 271-1 at 1.2.1.1), a clear conflict of interest exists with respect to Mr. Shi presiding over the EGM. It is unlikely that Shi would allow the proposed resolutions to proceed at an EGM.

Based on the above, I recommend that the EGM not proceed unless and until Mr. Guo can attend.[4]

Respectfully Submitted,

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver
for Link Motion Inc.

---

[3] Although Defendant Shi's September 7, 2022 (ECF 334) letter states that the Receiver appointed "Mr. Guo as a Director and [made] other changes to the Board of Directors," my office only appointed Mr. Guo as the Company's Chairman and Chief Executive Officer. *See* Form 6-K, Report of Foreign Private Issuer Pursuant to Rule 13a-16 OR 15d-16 of the Securities Exchange Act of 1934 (2019) https://www.sec.gov/Archives/edgar/data/1509986/000114420419016009/tv517184_6k.htm.

[4] Reportedly, Link Motion's board of directors recently met. *See* DLA Piper Freed From $180M Malpractice Suit, For Now (Sept. 6, 2022), https://www.law360.com/corporate/articles/1527653/dla-piper-freed-from-180m-malpractice-suit-for-now. The Receiver has no personal knowledge of any such board meeting and expresses no view on whether any actions taken at the meeting are consistent with this Court's orders.