

Toby S. Soli
Tel 212.801.3196
solit@gtlaw.com

September 8, 2022

**VIA ECF**

The Honorable Victor Marrero
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)

Dear Judge Marrero:

      The Report and Recommendation of Magistrate Judge Debra Freeman stated clearly that she did not "recommend that the Court direct that Defendant Vincent Shi be reinstated to his prior positions of Chairman of the Board and Chief Operation Officer of the Company, or that any other former Directors of the Company . . . be ordered reinstalled." Dkt. 275, at 41. This "Court adopt[ed] the Baliga recommendations of the Baliga R&R in their entirety." Dkt. 331, at 2.

      Despite the fact that this Court has made clear that Shi should not be reinstated as Chairman of the Board and his cronies not be reinstated to the Board, Shi called a Board meeting with those terminated Board members on September 1, 2022. *See China AI Capital Limited v. DLA Piper LLP (US) et al.*, Case No. 1:21-cv-10911 (S.D.N.Y), Dkt. 23, at 1 (Sept. 6, 2022) (attached hereto as Exhibit 1). Notably, it appears that the primary purpose of the Board meeting –called by Shi— was to secure the commitment that Link Motion would take over the lawsuit against DLA Piper. This presents a significant conflict of interest given that the suit is based on the fact that DLA Piper consented to appoint the Receiver on behalf of Link Motion—largely due to Shi's action at issue in this case.

      Defendant Shi similarly expressed his disdain for this Court's authority in his letter to this Court by arguing, effectively, that by delaying the EGM until after the conclusion of the R&R, this Court has deprived itself of the authority to call the EGM. Dkt. 334, at 1.[1]

      To address the Court's question directly, Guo's absence has no impact on "whether the Receiver can convene a meeting of the shareholders in the Defendant company, Link Motion Inc." Dkt. 331, at 24. To that end, Plaintiff Wayne Baliga adopts the arguments set forth by the Receiver

---

[1] This Court should understand Defendant Shi's submission as being filed on his behalf alone—not on behalf of Link Motion, Inc. This Court granted Defendant Shi's counsel, Michael Maloney, limited authority in Dkt. 175 to "represent the Company with respect to its interests in the motion to dismiss that Shi intends to file." Defendant Shi's counsel has *no authority* to represent Link Motion.

The Honorable Victor Marrero
United States District Court Judge
Southern District of New York
September 8, 2022
Page 2

regarding whether the Receiver can convene the EGM requested by Guo as a shareholder. Dkt. 335.

While it is Plaintiff Baliga's assertion that the EGM should go forward, there is a risk—given Guo's absence and Shi's recent actions—that Shi and those under his control will effectively render the EGM as a sham to undo any progress made by the Receiver over the course of this litigation. The only way to ensure that U.S. investors including, but not limited to, Mr. Baliga have a voice is to allow ADR holders the opportunity to convert their shares in advance of the EGM.

Defendant Shi is hoping that he can use this Court as a sword when he chooses—by preventing the EGM going forward when it was noticed this spring, for example—while ignoring this Court's orders entirely when they are inconvenient to him. The Receiver has made clear that Shi worked to prevent his efforts in China at every turn in violation of the preliminary injunction that was in place at the time. Now, literally days after the Court ordered that Shi and any terminated Directors not be reinstated, it seems Shi called a secret Board meeting in violation of that Order and without seeking permission from this Court.

This Court should order that the EGM may proceed and grant the Receiver authority sufficient to grant U.S. investors the right to convert their ADRs in advance of the EGM.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ Toby S. Soli
Toby S. Soli
One Vanderbilt Avenue
New York, New York 1017
Telephone: (212) 801-9200
Email: solit@gtlaw.com
*Counsel for Plaintiff*

cc: All counsel of record (via ECF)