```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WAYNE BALIGA,

                    Plaintiff,

    - against -

LINK MOTION INC. (f/k/a NQ MOBILE INC.), et al.,

                    Defendants.

**18 Civ. 11642 (VM)**

**ORDER**

---

**VICTOR MARRERO, United States District Judge.**

Presently before the Court is a motion by Defendant Vincent Wenyong Shi ("Shi") for a preliminary injunction against the court-appointed receiver, Robert Seiden ("Receiver"), restraining him from convening extraordinary general meetings ("EGMs") of the shareholders of Defendant Link Motion, Inc. (f/k/a/ NQ Mobile Inc.) ("LKM"). (See "Motion," Dkt. No. 276-6.)

On August 25, 2022, the Court issued a Decision and Order ("D&O") adopting Magistrate Judge Debra Freeman's Report and Recommendation in its entirety. See Baliga v. Link Motion, Inc., No. 18 Civ. 11642, 2022 WL 3699339 (S.D.N.Y. Aug. 25, 2022) (hereinafter, "D&O"). In the D&O, the Court ordered that, prior to ruling on Shi's Motion, the parties should address whether and to what extent the disappearance of a major LKM shareholder, Lilin "Francis" Guo ("Guo") -- who

1

requested the Receiver to convene the EGMs -- renders the Motion moot. See D&O at *7. The parties' additional briefing on the issue is now before the Court, (see "Shi Ltr.," Dkt. No. 334; "Receiver Ltr.," Dkt. No. 335; "Baliga Ltr.," Dkt. No. 336), and two issues remain. First, whether the Receiver maintains the authority to convene the EGMs. Second, whether the Receiver's position that the EGMs should not be convened until Guo can attend renders the Motion moot.

For the reasons stated below, the Court finds that the Receiver has authority to convene the EGMs. The Court also finds that because both Shi and the Receiver agree that the EGMs should not move forward at this time, Shi's Motion is moot. Finally, the Court orders that regardless of the Receiver's authority to do so, the EGMs shall be postponed until Guo reappears and can attend the meetings.

## I. BACKGROUND

On February 3, 2022, the Receiver informed the Court that it had applied to the Grand Court of the Cayman Islands ("Cayman Court") to seek authority to convene EGMs. (See Dkt. No. 268.) On February 23, 2022, the Cayman Court approved the Receiver's application and "authorized [the Receiver] to call an extraordinary general meeting of the shareholders of the Company for the purpose of putting [] resolutions to the shareholders" regarding the appointment and removal of

2

certain directors of LKM, including Shi. ("Cayman Order," Dkt. No. 271-1 §§ 1.1-1.2.)

On March 9, 2022, Magistrate Judge Freeman issued a Report and Recommendation that, in relevant part, recommended that the Receiver be discharged after an accounting. See Baliga v. Link Motion Inc., No. 18 Civ. 11642, 2022 WL 2531535 (S.D.N.Y. Mar. 9, 2022) (hereinafter "R&R"). While Magistrate Judge Freeman explained that a discharge Order "does not mean that the Court must require the Receiver to halt all activities at once," she offered two additional recommendations. First, she recommended against "Shi be[ing] reinstated to his prior positions of Chairman of the Board . . . or that any other former Directors of the Company who may have been removed by the Receiver be ordered reinstalled." Id. at *19. Second, she recommended that the "Receiver be directed not to seek any extraordinary actions from the Company's Board, during the remaining period of the receivership, as the Receiver's work, during this time, should instead be focused on maintaining the Company's *status quo* and providing the accounting described above." Id. at *20.

On March 15, 2022, Shi moved for an order to show cause to temporarily enjoin the Receiver from convening EGMs during which LKM shareholders were to vote on the resolution to

3

remove and appoint directors, including Shi, to LKM's board. (See Motion.) Shi requested that the Receiver be restrained "from holding the EGM until at least (30) days after the Court's decision on objections to the Report & Recommendation." (Id. ¶ 38.) On March 16, 2022, the Court entered an order to show cause temporarily enjoining the Receiver from convening the EGMs. (See Dkt. No. 277). On March 22, 2022, the Receiver responded to Shi's Motion, and disclosed, for the first time, that Guo had requested that the Receiver convene the EGMs regarding the appointment and removal of certain LKM directors. (See Dkt. No. 285.) On April 5, 2022, the Court extended the temporary restraining order enjoining the Receiver from convening the EGMs until it entered a ruling on the objections to the R&R. (See Dkt. No. 298.) Then, on June 9, 2022, the Receiver informed the Court that Guo had disappeared and had been unreachable since April 2022. (See Dkt. No. 309.)

On August 25, 2022, the Court entered the D&O, adopting the R&R in its entirety. See D&O, at *1. The Court ordered the parties to provide additional briefing addressing the extent to which the disappearance of shareholder Guo impacted whether the Receiver can convene the EGMs to vote on the appointment and removal of the LKM directors. See Id. at *7-8.)

On September 7 and 8, 2022, the parties submitted additional briefing. (See Dkt. Nos. 334, 335, 336.) Shi argues that the EGMs should not be convened because the Cayman Order that gave the Receiver authority to call the EGMs has expired, and because the Court terminated the Receiver's authority to act on behalf of LKM, except for the limited purposes of preparing an accounting. (See generally Shi Ltr.) The Receiver argues that it maintains the authority to convene the previously noticed EGMs under the Cayman Order, but that the EGMs should not move forward unless and until Guo can attend. (See generally Receiver Ltr.) Plaintiff, Wayne Baliga ("Baliga"), asserts that Guo's disappearance has no impact on the Receiver's authority to convene the meeting, and adopts the Receiver's arguments on this issue. (See Baliga Ltr. at 1.) Unlike Shi and the Receiver, Baliga asserts that the EGMs should move forward. (Id. at 2.)[1]

## II. LEGAL STANDARD

Four factors are required for a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm; (3) that the balance of hardships tips in the movant's favor;

---

[1] Baliga requests that the Court "grant the Receiver authority sufficient to grant U.S. investors the right to convert their ADRs in advance of the EGM." (Baliga Ltr. at 2.) The Court has already rejected Baliga's request to convert the American Depository Receipts and ordered that the "Receiver shall take no action regarding the conversion of the American Depository Receipts in LKM to common stock in LKM," See D&O at *8. The Court again rejects the invitation to order conversion of the shares. Id.

5

and (4) that a preliminary injunction serves the public interest. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). However, "[v]oluntary cessation is an important factor bearing on the question of whether a court should grant a preliminary injunction or consider the request moot." Abbott Labs v. Adelphia Supply USA, No. 15 Civ. 5826, 2015 WL 10906060, at *13 (E.D.N.Y. Nov. 6, 2015) (citing Holland v. Goord, 758 F.3d 215, 223 (2d Cir. 2014)). The question is whether the record evinces "some cognizable danger of recurrent violation." Robert Stigwood Grp. Ltd. V. Hurwitz, 462 F.2d 910, 913 (2d Cir. 1972).

### III. DISCUSSION

The questions before the Court are narrow: (1) whether the Receiver, regardless of Guo's ability to attend, maintains the authority to convene the EGMs; and (2) whether the Receiver's position that it will not convene the EGMs until Guo can attend the meetings renders the Motion moot. Because the Court finds that the Motion is moot, it does not address the four preliminary injunction factors.

A. THE RECEIVER'S AUTHORITY

First, the Court must decide whether the Receiver, regardless of Guo's presence, can convene an EGM. The Court finds that the Receiver has that authority. The Court's grant of authority to the Receiver was broad, providing the Receiver

with full authority "to do any acts to protect the status quo of the Company" including "removing, as the Receiver deems necessary or advisable, any director." ("Receiver Order," Dkt. No. 26 ¶ II.2(b).) While the Court acknowledges that the Cayman Court did not recognize the Receiver's power to appoint or replace a director of LKM (see Dkt. No. 132-1 at 2), the Cayman Court later provided the Receiver with the explicit authority to convene the EGMs that would allow LKM's shareholders to vote on the same (see Cayman Order at §§ 1.1-1.2). Thus, the Court concludes that the Receiver had the authority, initially, to issue the notices convening the EGMs.

Next, the Court must address whether the Receiver's authority to convene the EGMs remains valid. To that end, Shi argues that under LKM's corporate by-laws, the Receiver's authority to convene the EGMs expired in June 2022. Shi argues the Receiver's authority expired because Guo requested that the Receiver convene the meetings, and the by-laws require that an EGM requisitioned by a shareholder be held within three months' time; Shi says that time has since passed. (See Shi Ltr. at 1 (citing "LKM By-laws," Dkt. No. 130-3 ¶ 55(d)).) The Receiver counters the time-bar has no effect because it applies only to EGM's called upon a shareholder requisition to LKM's directors, which did not occur here. (See Receiver

7

Ltr. at 2 n.2.) The Court is persuaded that the time-bar does not apply.

The LKM By-laws establish two different paths for calling an EGM.[2] First, "[t]he Directors may call general meetings" on their own accord. (LKM By-laws ¶ 55.) Second, the Directors also "shall on a Members requisition forthwith proceed to convene an extraordinary general meeting of the Company." (Id.) After a "Members requisition," the Directors are allowed "21 calendar days from the date of the deposit of the requisition" to convene the EGM, and that EGM must be "held within a further 21 calendar days." (Id. ¶ 55(d).) After the second 21-day period passes, the requisitioning parties may themselves convene a general meeting" and that meeting must be convened within "three months," from the end of the second 21-day period. (Id.) The Court agrees with the Receiver's assertion that no such temporal limitation is implicated when a Director calls for a general meeting. The provision of two different means for calling an EGM is bolstered by the LKM By-laws, which also require that any EGM convened by the requisitioning parties must be convened "in

---

[2] The by-laws use the terms "general meeting" and "extraordinary general meeting" interchangeably. (See Dkt. No. 130-3 ¶ 53 ("All general meetings of the Company other than annual general meetings shall be called extraordinary general meetings.").)

8

the same manner as nearly as possible as that in which general meetings are to be convened by Directors." (Id.)

In its response to the Motion, the Receiver notified this Court and, previously, the Cayman Court, that Guo was "unable to requisition an extraordinary general meeting." (See Dkt. No. 285 at 5; Dkt. No. 285-3 ¶¶ 15-17.) The parties do not dispute that point here. As such, any EGM that the Receiver sought to convene following Guo's request is not made "on a Members requisition," and is thus more akin to a Director calling the meeting, meaning the temporal aspects of paragraph 55(d) of the LKM By-laws would not apply. Accordingly, the Court finds that the Receiver's authority to convene the EGMs is not subject to the time limitations of paragraph 55(d) of the LKM By-laws.

Next, the Court addresses whether Guo must be present at the meeting. Nothing in the parties' briefing, the LKM By-laws, or the Cayman Order indicates that Guo's attendance is necessary to convene the EGMs. The Receiver indicates only that Guo's attendance is preferred. (See Receiver Ltr. at 3.) The Court finds that the EGMs could move forward without Guo.

Finally, the Court finds that the Court's adoption of the R&R, which discharges the Receiver upon a final accounting, does not nullify the Receiver's ability to call the EGMs. In the D&O, the Court enumerated Magistrate Judge

9

Freeman's "overarching recommendations," which it would adopt. See D&O, at *3. One of those recommendations was to "direct that the Receiver not be required to unwind any activities that have already been taken on the Company's behalf, but, at the same time, direct that the Receiver not seek any extraordinary actions from the Company's Board, during the remaining period of the receivership." Id. This provision looks backwards, to activities the Receiver has already undertaken, and forward, asking the Receiver to focus its efforts on the accounting.

By the time Magistrate Judge Freeman had issued the R&R on March 9, 2022, the Receiver had already set in motion its plan to convene the EGMs. First, the Receiver had already put the Court on notice of its intent to seek from the Cayman Court the authority to convene the EGMs. (See Dkt. No. 268, dated February 3, 2022.) Second, the Receiver had already been granted the authority to notice the EGMs via the Cayman Order. (See Cayman Order, dated February 23, 2022) And third, the Receiver had already issued the notices to LKM's shareholders regarding the resolutions to appoint and remove certain LKM directors that would be addressed at the EGMs. (See Dkts. Nos. 276-2, 276-3, both dated March 4, 2022.) Because the Receiver's attempts to convene the EGMs were already underway prior to the time the R&R was issued, the

10

Court finds its adoption of the R&R (which does not require the Receiver to unwind actions already taken (see D&O, at *3)) allows the Receiver to maintain its authority to convene the EGM's until the Receiver is discharged, after providing its full and final accounting. And the Receiver maintains the authority to convene the EGMs regardless of Guo's attendance.

B.   SHI'S MOTION

With the Receiver's authority settled, the Court must now decide whether Shi's Motion to enjoin the EGMs from being convened is moot. Although the Court finds the Receiver maintains the authority to convene the EGMs, the Receiver has affirmed it will not do so until Guo can be located. The Receiver's position on behalf of himself thus moots Shi's Motion. The issue Shi complains of is also not likely to recur in the near future because the Court also orders that the EGMs shall be postponed unless and until Guo reappears and can attend, ensuring that the Receiver maintains its position on when the EGMs can be convened.

Shi's Motion is temporally limited. Shi requested that the Receiver be restrained "from holding the EGM until at least (30) days after the Court's decision on objections to the Report & Recommendation." (Dkt. No. 276-1 ¶ 38.). The Court issued that decision, the D&O, on August 25, 2022, meaning that Shi's Motion requests that the EGMs not be

11

convened before at least September 24, 2022, which is imminently approaching.

Further, Shi and the Receiver agree that the EGMs should not be convened in the immediate future, albeit for different reasons. Shi argues the EGMs should not be convened due to the Receiver's lack of authority, arguments the Court disposes of above. (See Shi Ltr. at 1-2.) The Receiver argues that if Guo (who has forty percent of the vote) cannot attend the EGMs the shareholders' ability to pass the resolutions regarding the appointment or removal of the certain directors is impacted, and that holding the EGMs without Guo could also lead to conflicts of interest should Shi (who would be considered for removal) preside over the EGM. (Receiver Ltr. at 3.)

Despite the difference in reasons, the Court is persuaded that the agreement between Shi and the Receiver that the EGMs should not move forward at this time is sufficient to moot the issue. According to the Receiver, Guo has been unreachable since April 2022. The Court finds that it is unlikely that Guo will reappear in the short term such that the EGMs could be convened within 30 days of the entry of the D&O (i.e., September, 24, 2022). Because no EGM will be held within this time period, Shi's Motion to enjoin the Receiver from convening the EGMs is moot.

12

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that Defendant Wenyong Shi's Motion to enjoin the Receiver from convening extraordinary general meetings of the Link Motion, Inc. shareholders to vote on resolutions to remove and appoint directors of the Link Motion, Inc. board (Dkt. No. 276) is **DENIED AS MOOT**; and it is further

**ORDERED** that the extraordinary general meetings sought to be convened by Robert W. Seiden ("Receiver") shall be postponed until Lilin "Francis" Guo ("Guo") can attend the meetings, provided that Guo reappears prior to the full discharge of the Receiver's authority, following its provision of a full accounting of the receivership's activities; and it is further

**ORDERED** that within seven (7) days of the date of this order, the parties and the Receiver shall file separate letters, not to exceed three pages, that address the following: (1) whether the LKM Board's decision to meet in early September 2022 violates any of the Court's orders in this matter; and (2) the extent of the Court's jurisdiction to address (a) any purported violations of the Court's orders by the LKM Board and (b) the LKM Board's ability to meet.


**SO ORDERED.**

Dated:     September 15, 2022
           New York, New York

_____
            Victor Marrero
              U.S.D.J.