# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York**

322 Eighth Avenue Suite 1704 New York, NY 10001 (212) 523 – 0686 rseiden@seidenlawgroup.com

<u>VIA ECF</u>
Hon. Victor Marrero
United States Courthouse
500 Pearl Street
New York, New York 10007

September 22, 2022

>    **Re:**    ***Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.)**

Dear Judge Marrero,

I write pursuant to your September 15, 2022 order (ECF 338) to address "(1) whether the LKM Board's decision to meet in early September 2022 violates any of the Court's orders in this matter; and (2) the extent of the Court's jurisdiction to address (a) any purported violations of the Court's orders by the LKM Board and (b) the LKM Board's ability to meet." *See* ECF 338 at 13.  It is the Receiver's position that Link Motion Inc.'s ("LKM") Board's decision to meet in early September 2022 violated the February 1, 2019 Order Appointing Temporary Receiver (ECF 26; the "Receivership Order"), Judge Freeman's March 9, 2022 Report and Recommendation (the "R&R"; ECF 275), and this Court's August 25, 2022 order adopting the R&R (the "Adoption Order"; ECF 331; collectively with the Receivership Order and the R&R, the "Orders"), and that the Court has jurisdiction to address violations of its orders as well as LKM's Board's ability to meet.

## LKM's Board Violated The Orders

In the Receivership Order, this Court appointed me as Receiver and directed me to assume full control of LKM with the authority to remove all directors and officers.  Specifically, the Court ordered me to:

> *assume full control of the Company by removing*, as the Receiver deems necessary or advisable, *any director*, officer, employee, independent contractor, or agent of the Company, *including any Individual Defendant, from control of, management of, or participation in, the affairs of the Company.*[1]

Accordingly, by operation of the Receivership Order, LKM's board of directors was immediately displaced and lacked authority to act.[2]  Indeed, under well-established law, the appointment of a receiver displaces the directors of a company.  *See Quadrant Structured Prod. Co., Ltd. v. Vertin*,

---

[1] ECF 26, Receivership Order at II(2)(b).

[2] On March 14, 2019, I formally removed Defendant Shi as Chairman and Chief Executive Officer. *See* Form 6-K, Report of Foreign Private Issuer Pursuant to Rule 13a-16 OR 15d-16 of the Securities Exchange Act of 1934 (2019) https://www.sec.gov/Archives/edgar/data/1509986/000114420419016009/tv517184_6k.htm.  The R&R specifically recommended that Shi not be re-instated to his previous positions. *See* ECF 275, R&R at 41.

# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York**

115 A.3d 535, 558 (Del. Ch. 2015) (the appointment of a receiver is a "'drastic' act that displaced the corporation's board of directors") (citation omitted); *Guth v. Groves*, 44 F. Supp. 851, 853 (S.D.N.Y. 1942) ("The appointment of a receiver deprives the stockholders of their right to management and displaces the directors whom they have elected to office."); *Francis v. Camel Point Ranch, Inc.*, 2019 COA 108M, ¶ 10, 487 P.3d 1089, 1093, *as modified on denial of reh'g* (Colo. App. Sept. 19, 2019) ("Upon the receiver's appointment, Camel's corporate officers and directors lost all authority to control the corporation."); *Abm. S. See & Depew v. Fisheries Prod. Co.*, 9 F.2d 235, 237 (2d Cir. 1925) ("The appointment of the receivers supersedes the power of the directors to carry on the business of the corporation, and the receivers take possession of the corporation until the further order of the court."); *Manhattan Rubber Mfg. Co. v. Lucey Mfg. Co.*, 5 F.2d 39, 40 (2d Cir. 1925) (same); 19 C.J.S. Corporations § 856 ("Since a corporate receiver supplants officers and directors of corporation and stands in their shoes, insofar as the appointment of a receiver vests the right to control the corporate property, it is obvious that the directors and officers of the corporation are, by the appointment, deprived of authority over or control thereof.") (citations omitted). As such, any authority that LKM's Board had was displaced when the Receiver was appointed.

Further, the R&R confirmed that LKM's Board lacks the authority to act until the Receiver is discharged. As Judge Freeman unambiguously stated, "*[o]nce the Receiver's discharge is effective*, the current Board should be free to take whatever business actions it deems in the Company's interest[.]" ECF 275, R&R at 41 (emphasis added).

Significantly, in a prior filing with the Court in this action, Defendant Shi (and his counsel, Michael Maloney) *conceded* that the appointment of a Receiver had displaced LKM's board. On March 27, 2019, Shi filed a motion (ECF 37) in this Court seeking to have the Receiver discharged. In the motion, Shi argued that LKM's VIE structure "may be deemed legitimate only if the ultimate controlling person(s) is/are of PRC nationality" and that, under PRC law, it was "illegal" for a non-PRC citizen to displace a board of directors. ECF 37 at 14 (citations omitted). The motion contended that:

> *The moment a non-PRC citizen, such as Mr. Seiden, deprives the board of directors of Link Motion of control over the company*, the company's operations will be deemed illegal under PRC law and, therefore, destroy all remaining value in Link Motion. Accordingly, the Court should discharge the receiver so as to prevent Link Motion from becoming illegal under PRC law.

*Id.* (emphasis added). Thus, Shi and his counsel understood that the Court's appointment of the Receiver displaced LKM's board.[3]

---

[3] Further, the displacement of LKM's Board by the Receiver is also consistent with Cayman law. As the Grand Court of the Cayman Islands has stated: "*These authoritative statements which, so far as I know, have never been doubted, make it abundantly clear that the powers of the directors of a company are suspended during the tenure in office of the receiver and manager. The receiver is an officer of the court in the performance of his functions and has for that purpose all the powers of the company.*" ECF 173-7, *Canadian Arab Financial Corporation v Player*, 1984-85 CILR 110 Line 9 to 16 (emphasis added); *see also* ECF 173-18, *Argentine Holdings (Cayman) Limited v. Buenos Aires Hotel Corporation SA,* 1997 CILR 90 at 102 Line 37 to 104 line 5 (quoting *Kerr on Receivers*, 16th ed., at 216 (1983)) ("The powers of the directors in this respect are entirely in abeyance so far as that business of the company is

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion
Inc. Pursuant to The Honorable Judge Victor Marrero of
the United States District Court, Southern District of New
York

For all of the foregoing reasons, the LKM Board's meeting in early September 2022 was a violation of the Orders.

## The Court Has Jurisdiction To Address Violations Of Its Orders By LKM's Board

LKM is a Defendant in this action. In the Receivership Order, the Court stated that: "The appointment of the Receiver herein is *binding upon the Defendants and their past and present directors,* officers, senior management, employees, agents, and stockholders of the Company, who shall cooperate with the Receiver in the performance of his duties." ECF 26, Receivership Order at II(4) (emphasis added). Further, the Court has jurisdiction under the Receivership Order to "interpret, construe, and enforce [the Receivership Order], and any such other or further Orders of this Court." ECF 26, Receivership Order at II(13). In addition, federal courts may exercise ancillary jurisdiction over matters "that are incidental to other matters properly before them . . . where the exercise of such jurisdiction is necessary, for example, to enable a court to 'manage its proceedings, vindicate its authority, and effectuate its decrees.'"[4] Likewise, federal courts have "broad discretion to fashion remedies as equity requires, to ensure compliance with their orders."[5] Accordingly, this Court has the jurisdiction address violations of the Court's orders by the LKM Board.

## The Court Has Jurisdiction To Address The LKM Board's Ability To Meet

As the Second Circuit has stated, once a court "enter[s] a decree within its jurisdiction [it] has inherent authority to enter an injunctive order designed to effectuate that decree . . . and to impose sanctions for contempt in order to enforce compliance with its mandates."[6] Here, as discussed above, LKM's Board meeting violates the Orders, and the Court's ability to effectuate the Orders would be undermined if LKM's Board was free to act with impunity. As such, the Court has jurisdiction to address the LKM Board's ability to meet.

Respectfully Submitted,

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver
for Link Motion Inc.

---

concerned, and the relevant powers of the company are exercised by the receiver under the direction of the court."; analyzing multiple Cayman Islands cases for the same proposition).

[4] *Baliga on behalf of Link Motion Inc. v. Link Motion Inc.,* No. 18CV11642 (VM) (DF), 2021 WL 2137613, at *6 (S.D.N.Y. May 26, 2021) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 378-80 (1994)).

[5] *See Cordius Tr. v. Kummerfeld Assocs., Inc.,* 658 F. Supp. 2d 512, 524 (S.D.N.Y. 2009); *see also Saadeh v. Kagan,* No. 20CIV1945PAESN, 2022 WL 4115949, at *2 (S.D.N.Y. Sept. 9, 2022) (adopting report and recommendation that acknowledged the "court's inherent authority to take action to enforce its judgments").

[6] *Motown Rec. Co., L.P. v. Motown Beverage Co. of Ohio,* 28 F. App'x 107, 109 (2d Cir. 2002) (citing cases).