

Toby S. Soli
Tel 212.801.3196
solit@gtlaw.com

September 22, 2022

**VIA ECF**

The Honorable Victor Marrero
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)

Dear Judge Marrero:

On September 15, 2022, the Court requested a letter addressing: "(1) whether the LKM Board's decision to meet . . . violates any of the Court's orders in this matter; and (2) the extent of the Court's jurisdiction to address (a) any purported violations . . . by the LKM Board and (b) the LKM Board['s] ability to meet." (Dkt. 338.) This letter addresses each of these points on behalf of Plaintiff Wayne Baliga ("Baliga"). In short, the decision to call a meeting of the directors of Link Motion, Inc. (the "Company" or "Link Motion") as it existed prior to the entry of the Order Granting Preliminary Injunction and Appointing Temporary Receiver ("Receivership Order") does violate this Court's orders—and the express wishes of this Court to maintain the *status quo* until the Receiver was discharged. This Court has the authority to meet the violations of this Court's orders by Defendant Vincent Wenyong Shi ("Shi"), his counsel, and the Company. Moreover, it has the authority to enjoin any further Board meetings until after a shareholder meeting can be convened at which time a new Board of Directors can be elected.

While the Court did dissolve the preliminary injunction, the Court was very clear that the Receivership Order remained in effect until after the Receiver performed an accounting. (Dkt. 275, at 41; Dkt. 331, at 23.) Indeed, the Court has been clear that the "Board should be free to take whatever business actions it deems in the Company's interest" only "[o]nce the Receiver's discharge is effective." (Dkt. 275, at 41; Dkt. 331, at 23.) Here, the Receiver has not yet been discharged and the Receiver remains in place with the powers granted in the Receivership Order.

**1.   The Meeting of the Former Link Motion Board Violated This Court's Orders.**

The supposed meeting of the former Link Motion Board violated this Court's orders for several reasons: (1) under the New York law and Cayman Islands law, the appointment of a Receiver displaced the former Board of Directors; (2) Magistrate Judge Freeman, in her September 4, 2020 Memorandum and Order recognized that "Judge Marrero expressly authorized the Receiver to remove Shi as a director of the Company" and that the Receiver exercised that authority on March 14, 2019; (3) by undermining the decision of the Receiver not to bring a lawsuit against DLA Piper, Defendants "disturb[ed] or interfere[d] with the Receiver's performance of his

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

The Honorable Victor Marrero
September 22, 2022
Page 2

duties" under the Receivership Order; and (4) if there was any confusion regarding the former Link Motion Board's powers and the powers of the Receiver under the Receivership Order, the Receivership Order provided that Shi could "petition this Court for instructions in pursuance of this Order."

First, as the Receiver has noted before—putting Shi, his counsel, and the Company on notice of this fact—under New York and Cayman Islands law, the appointment of a Receiver displaces the Board of Directors. (Dkt. 173, at 5.) The Receiver acts with the authority of the Board and, as such, the Board of Directors lacks any authority to meet or act until the Receiver is discharged. *United States v. Whitridge*, 231 U.S. 144, 149, 34 S. Ct. 24, 26, 58 L. Ed. 159 (1913) ("The possession and control of the receivers constituted . . . an ouster of corporate management and control, with the accompanying advantages and privileges.") Indeed, the Second Circuit has held that "[t]he appointment of the receiver supersedes the power of the directors to carry on the business of the corporation." *Manhattan Rubber Mfg. Co. v. Lucey Mfg. Co.*, 5 F.2d 39, 40-41 (2d Cir. 1925); *see also Abm. S. See & Depew v. Fisheries Products Co.*, 9 F.2d 235, 237 (2d Cir. 1925) (same); *Graselli Chem. Co. v. Aetna Explosives Co.*, 252 F. 456, 462 (2d Cir. 1918) ("[D]uring the time its possession continues it has authority to restrain the action of both directors and stockholders."). New York courts agree that "the receiver, once one is appointed, displaces the directors in the control of the corporation." *Planten v. Nat'l Nassau Bank of New York*, 93 Misc. 344, 350, 157 N.Y.S. 31, 35 (Sup. Ct. 1916), *aff'd*, 174 A.D. 254, 160 N.Y.S. 297 (App. Div. 1916), *aff'd sub nom. Planten v. Earl*, 220 N.Y. 677, 116 N.E. 1070 (1917); *see also Union Guardian Tr. Co. v. Broadway Nat. Bank & Tr. Co.*, 138 Misc. 16, 23, 245 N.Y.S. 2, 10 (Sup. Ct. 1930) ("The appointment of the receivers constituted an ouster of the corporate management.") (citing *Gaboury v. Cent. Vermont Ry. Co.*, 250 N.Y. 233, 237, 165 N.E. 275, 277 (1929)). As the Receiver notes, Cayman Islands law agrees. (Dkt. 173, at 5.)

Indeed, the March 9, 2022 Report & Recommendation which this Court adopted made clear that the "Board should be free to take whatever business actions it deems in the Company's interest" only "[o]nce the Receiver's discharge is effective." (Dkt. 275, at 41; Dkt. 331, at 23.) The Receiver will not be discharged until after the accounting is complete. (Dkt. 331, at 23.) By acting prematurely, Shi, his counsel, and the former Link Motion Board of Directors violated the Receivership Order and this Court's August 25, 2022 Order adopting the Report & Recommendation.

Second, Magistrate Judge Freeman, in her September 4, 2020 Memorandum and Order recognized that "Judge Marrero expressly authorized the Receiver to remove Shi as a director of the Company" and that the Receiver exercised that authority on March 14, 2019. (Dkt. 163, at 4.) Indeed, **Shi has admitted to the Court on numerous occasions that he had been removed as a director**. (Dkt. 95, at 1-2; Dkt. 246, at 7, 17; Dkt. 254, at 4.) Magistrate Judge Freeman and this Court ordered that Shi not be reinstated to his prior positions. (Dkt. 275, at 41; Dkt. 331, at 23.) By purporting to act as a director, Shi violated these orders.

Third, the Receivership Order gives the Receiver the sole "power to commence, continue, join in, and/or control any action, suit, arbitration or proceeding of any kind or nature, in the name of the Company." (Dkt. 26, at 4.) In fact, the Receiver has complete "control over the Company's attorney-client privileges." (*Id.*) Exercising a power that was expressly reserved for the Receiver

The Honorable Victor Marrero
September 22, 2022
Page 3

is a violation of this Court's orders. Moreover, the Receivership Order expressly states that "Defendants shall not in any way disturb or interfere with the Receiver's performance of his duties under this Order." (*Id.*, at 5.) Given the Receiver expressly determined *not* to sue DLA Piper, meeting and commencing an action in this way certainly "disturb[s] or interfere[s] with the Receiver's performance of his duties under this Order." (*Id.*)

Fourth, the Receiver has repeatedly through these proceedings applied to this Court for further instructions pursuant to Section II.10 of the Receivership Order. (Dkt. 26, at 7.) For this reason, Shi and his counsel knew well that "the Parties to this action may, from time to time, on an ex-ante basis or noticed motion on shortened time, petition this Court for instructions in pursuance of this Order." (*Id.*) Rather than following the procedures set forth by this Court for precisely this type of issue, Defendants supposedly convened a secret meeting of the former Board of the Company. Another clear violation of the Receivership Order.

## 2. This Court Has Jurisdiction to Remedy Past Violations and Prevent Further Violations.

The Receivership Order expressly states that this Court has jurisdiction to "interpret, construct, and enforce this Order." (Dkt. 26, at 7.) Federal courts always have the ability to exercise ancillary jurisdiction necessary to "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (finding the court had the power to compel payment of opposing party's attorney's fees as sanction for misconduct)). Indeed, the Court "can take 'any reasonable action ... to secure compliance,' and the 'scope of a district court's equitable powers to remedy past wrongs is broad.'" *In re Tronox Inc.*, 855 F.3d 84, 112 (2d Cir. 2017) (alteration in original) (quoting *Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir. 1985)). The Second Circuit has found that these powers to effectuate its decrees even extend to staying state court actions. *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 158 (2d Cir. 2019) ("[I]n deciding the motion to stay, the district court exercised its power to effectuate its decrees, and therefore the district court had ancillary jurisdiction over the motion to stay.").

Of course this Court has personal jurisdiction over both Shi and the Company who have repeatedly submitted to the jurisdiction of this Court, including by moving to enjoin the EGM. Additionally. The Court has ancillary jurisdiction sufficient to effectuate its decrees, including the Receivership Order. This Court has the power to stay the state court proceedings in order to effectuate their orders. *Kaplan*, 919 F.3d at 158. Alternatively, given that this Court has already granted the Receiver the "power to . . . control any action . . . in the name of the Company" and "ha[s] control over the Company's attorney-client privileges," this Court has the power to: direct the Receiver to appear in the state court action; and direct Felicello Law P.C. to turn over all correspondence related to the Board Meeting, the waiver of conflict, and the state court action to the Receiver. Most importantly, however, the Court should rule that given the Receivership Order, the supposed meeting of the former board was a nullity and its actions had no force or effect.

As to future violations, the Court has the power to and should enjoin the Company from holding further Board meetings until the Receiver is discharged and to take any and all further concrete actions to disincentive and penalize the past and future misconduct of Defendants.

The Honorable Victor Marrero
September 22, 2022
Page 4

                                                          Respectfully submitted,

                                                          GREENBERG TRAURIG, LLP

                                                          By: /s/ *Toby S. Soli*
                                                                Toby S. Soli
                                                          One Vanderbilt Avenue
                                                          New York, New York 10017
                                                          445 Hamilton Avenue
                                                          White Plains, New York 10601
                                                          Telephone: (212) 801-9200
                                                          Email: solit@gtlaw.com

                                                          Miriam G. Bahcall
                                                          (admitted pro hac vice)
                                                          77 W. Wacker Dr., Suite 3100
                                                          Chicago, IL 60601
                                                          Telephone: (312) 476.5135
                                                          Email: bahcall@gtlaw.com

                                                          *Counsel for Plaintiff*

cc:      All counsel of record (via ECF)