**FELICELLO**

Michael James Maloney
Partner

Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
mmaloney@felicellolaw.com

**VIA ECF**                                                                September 26, 2022

Hon. Victor Marrero
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-DCF (S.D.N.Y.)

Dear Judge Marrero:

  We represent Dr. Vincent Shi ("Dr. Shi") and Link Motion, Inc. (the "Company" and together with Dr. Shi, the "Defendants") in connection with the above-referenced matter. We submit this letter in response to the Court's directive, in Your August 25, 2022 Order, to submit a "proposed schedule for conducting an accounting of the receivership." Dkt. 331 at 23. Over the course of several days, we met and conferred with counsel for the Receiver and Plaintiff regarding a schedule for the accounting. Although we were able to agree on certain aspects of the procedure for the accounting, we were ultimately unable to reach agreement in all respects. A copy of our emails exchanges during the meet and confer process is annexed hereto.

  The parties' disputes appear to relate to the following issues: First, the Receiver objects to the request by Dr. Shi and the Company for an evidentiary hearing regarding the Receiver's accounts.[1] This objection should be overruled because by law, it is the "receiver's burden to justify his account," *Sherry v. United States Bank Nat'l Ass'n*, 662 F. App'x 39, 41 (2d Cir. 2016), and the parties are entitled to an evidentiary hearing. See *JDM Long Island, LLC v. U.S. Bank Nat'l Ass'n*, No. 10-CV-5564(JS)(AKT), 2014 U.S. Dist. LEXIS 163320, at *11 (E.D.N.Y. Nov. 21, 2014); *Key Bank v. Anton*, 241 A.D.2d 482, 484, 659 N.Y.S.2d 895, 897 (NY App. Div. 2nd Dept. 1997) ("a hearing on these issues is necessary", referring to disputes issues of an accounting submitted by a temporary receiver). *See also* 65 Am. Jur. 2d Receivers § 177.

  Second, the Receiver objects to the proposed deadline of Octboer 28, 2022 to submit his accounting, along with all supporting documents, on the grounds of the "amount of work required for the Receiver's office to generate an accounting." *See* September 26, 2022 email from Mr. Kushner *annexed hereto*. This objection should be overruled. The Receiver was required by law to maintain contemporaneous records of (i) all property that came into his possession upon appointment, (ii) the disposition and/or management of all property in his possession, (iii) all

---

[1] In his email of September 26, 2022, counsel for the Receiver claims that Dr. Shi and the Company asserted a "new" demand for an evidentiary hearing. This is incorrect. Dr. Shi and the Company clearly requested an evidentiary hearing throughout the meet and confer process. *See* Email from the undersigned to Mr. Kushner, dated September 22, 2022.

*Admitted to practice law in New York

income received during the receivership, and (iv) all expenditures during the receivership. *See* N.Y. CPLR § 6404 ("a temporary receiver shall keep written accounts itemizing receipts and expenditures, and describing the property and naming the depository of receivership funds") (made applicable by Rule 66 of the Fed. R. Civ. P.). *See also Key Bank*, 241 A.D.2d at 484 (order approving accounting reversed and matter remanded for a hearing on the ground that the receiver failed to provide records or other evidence justifying the expenses incurred or "explain[ing] [] the necessity of the services"). In support of his application for appointment as temporary Receiver, Mr. Seiden affirmed under oath that he had substantial knowledge and experience regarding the duties and obligations of a court-appointed temporary receivers. *See* Dkt. 93 at ¶¶ 2, 6. Accordingly, the Receiver should have known of his obligation to keep contemporaneous records and such records should already be in his possession.

Over 30 days have already elapsed since the Court directed an accounting in its August 25, 2022 decision and order. Accordingly, October 28, 2022 reflects a period of 60 days to prepare the accounting and is more than sufficient under the circumstances. If the Receiver failed to maintain contemporaneous accounts in accordance with his duties and obligations, then this fact should be fully disclosed and considered by the Court.

Moreover, the receivership should be terminated as soon as possible. It is axiomatic that "[e]quity receiverships should be terminated as soon as the legitimate purposes of the receivership have been accomplished." 3 Clark, *Treatise on law & practice of Receivers* § 691 (3d Ed. 1959). *See also WB Music Corp. v. Royce Int'l Broad. Corp.*, No. 21-55264, 2022 U.S. App. LEXIS 24548, at *17 (9th Cir. Aug. 31, 2022) (citing Clark, *Treatise on law & practice of Receivers*, § 691). Here, the basis for the appointment of the Receiver terminated as of October 5, 2020, Dkt. 331 at 7, 17-18, yet nearly two years later the Receiver remains in office and continues to assert the position that he should be permitted to control the affairs of the Company without a legitimate basis for continuation of the receivership. The receivership should be terminated as soon as possible in order to permit the Company to take steps to recover from the damage caused during the term of the receivership.

Also, it is our understanding that the parties agree that the schedule should incorporate a process by which Plaintiff and/or Dr. Shi and the Company can request that the Receiver supplement his production of supporting records. Nonetheless, to the extent the Receiver or Plaintiff dispute this issue, this letter shall constitute a formal demand by Dr. Shi and the Company for full and complete inspection of *all* records of the Receiver pursuant to N.Y. CPLR § 6404.

Accordingly, Dr. Shi and the Company propose the following schedule:

(1) On or before October 28, 2022, the Receiver shall file with the Court his accounts of the receivership, together with all records required to be kept pursuant to N.Y. CPLR § 6404 and any other records on which the Receiver intends to rely in support of his request for approval of his accounts (altogether, the "Accounting"). The Receiver may serve with his Accounting a memorandum of law in support;

(2) On or before November 28, 2022, the parties may serve on the Receiver requests to supplement the Accounting with any additional documentation (a "Request for

Supplemental Accounting"). If neither Plaintiff nor the Defendants request additional supporting documentation from the Receiver, then the parties will file a joint letter (the "Joint Letter") on or before November 28, 2022, advising the Court that no Requests for Supplemental Accounting have been served;

(3) Within 30 days of the service of a Request for Supplemental Accounting, the Receiver shall produce any additional documentation, if any (the "Supplemental Accounting"), that he wishes to be considered in support of the Accounting. The parties and the Receiver agree to negotiate in good faith to resolve any disputes over the Receiver's duty to provide additional documentation prior to seeking judicial intervention and arrange for any additional documentation (if available) to be produced;

(4) If no Request for Supplemental Accounting is served, then Plaintiff and Defendants shall serve their objections to the Accounting, along with supporting documentation, if any (the "Objections"), within 60 days of the Joint Letter;

(5) If any party has served a Request for Supplemental Accounting, then Plaintiff and Defendants shall serve their Objections within 60 days of the service of the Supplemental Accounting;

(6) Each party may serve with their Objection a memorandum in opposition to the Accounting; and

(7) After submission of the Objections, the Court shall set an evidentiary hearing on the Objections at its earliest convenience.

For the foregoing reasons, Dr. Shi and the Company respectfully request that the Court "so-order" the schedule set forth above.

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc:   All counsel of record (via ECF)