UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE BALIGA,

    Plaintiff,

- against -

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYOUNG SHI, JIA LIAN, XIAO YU,

    Defendants.

No. 1:18-cv-11642-VM-DCF

# MEMORANDUM OF LAW IN SUPPORT
# OF MOTION FOR RELIEF FROM ORDER DENYING
# IN PART REQUEST TO UNSEAL

FELICELLO LAW P.C.
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806

*Attorneys for Vincent Wenyong Shi and Link Motion, Inc.*

Of counsel:    Michael James Maloney
                Rosanne E. Felicello

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. 2

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT 5

I.                Legal standard under Fed. R. Civ. P. Rule 60 ......................................................... 5

II.              This Court should unseal the Category 3 Records because of the newly discovered evidence disclosed in the Receiver's September 22, 2022 letter ............................. 6

III.            This Court should unseal the Category 3 Records because the discharge motion has now been granted and disclosure of the Category 3 Documents is required in order to fulfill the order of the Court to conduct an accounting .............................. 6

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414 (S.D.N.Y. 2014) ....................................................... 5

*Key Bank v. Anton*, 241 A.D.2d 482 (N.Y. App. Div. 2d Dep't 1997) ............................................. 7

*Nemaizer v. Baker*, 793 F.2d 61 (2d Cir. 1986) ............................................................................. 5

*Sherry v. United States Bank Nat'l Ass'n*, 662 F. App'x 39 (2d Cir. 2016) ..................................... 7

*Stevens v. Miller*, 676 F.3d 62 (2d Cir. 2012) ................................................................................ 5

*United States v. All Assets Held at Bank Julius Baer & Co.*, Civil Action No. 04-798 (PLF/GMH), 2016 U.S. Dist. LEXIS 197186 (D.D.C. May 18, 2016) ....................................... 6

**Rules**

Fed. R. Civ. P. 60(b) ................................................................................................................ passim

Fed. R. Civ. P. 66 ............................................................................................................................ 7

N.Y. CPLR 6404 ......................................................................................................................... 7, 8

**Other Authorities**

65 Am. Jur. 2d Receivers § 176 ...................................................................................................... 7

65 Am. Jur. 2d Receivers § 177 ...................................................................................................... 8

Defendants Vincent Wenyong Shi ("Dr. Shi") and Link Motion Inc. ("LKM" or the "Company") respectfully submit this memorandum of law in support of their motion, pursuant to Local Civil Rule 6.3 and Federal Rules of Civil Procedure Rule 60(b)(1), (2), and (6), for relief from the Order dated August 22, 2022 (Dkt. No. 329) (the "Order"), which denied in part the motion by Dr. Shi to unseal "Category 3 Documents" (as defined in Dkt. No. 329) concerning a note agreement (the "Note Agreement") between Robert W. Seiden, the court-appointed receiver (the "Receiver"), and Lilin "Francis" Guo ("Guo").

## PRELIMINARY STATEMENT

The Court denied Dr. Shi's request to unseal the Category 3 Documents based on the Receiver's suggestion that Guo's safety would be put at risk if the documents were unsealed. The Receiver's contentions concerning the alleged threat to Guo's safety were based solely on a recent lack of communication with the Receiver. The Receiver has now informed this Court that "Mr. Guo has been unreachable for reasons unrelated to LKM [i.e., the Company]" and will "reappear in the next 30-60 days." Dkt. 351. Given this newly discovered evidence—that Guo's disappearance was unrelated to the Company and his safety is not at risk—there is no basis to continue to seal the Category 3 Documents, which the Court properly determined to be judicial documents for which the presumption of public access applies. The Order should be modified to grant the request to unseal the Category 3 Documents because the grounds for denial—alleged risk of harm to Mr. Guo—have now been refuted by newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for relief under Rule 59(e).

The Order should also be modified on the grounds that production of the Category 3 Documents is necessary for the parties to prepare objections to the Receiver's account. At the time the Order was issued, the motion by Dr. Shi for discharge of the receiver was *sub judice*. Three days after the Order was issued, the Honorable Victor Marrero issued a Decision and Order, Dkt.

331, granting Dr. Shi's motion to discharge the Receiver and directing the Receiver to prepare an account in connection with his final discharge. Production of the Category 3 Documents are necessary to the preparation and evaluation of the Receiver's account. Accordingly, the issuance of Judge Marrero's August 25, 2022 Decision and Order constitutes an additional ground requiring the unsealing of the Category 3 Documents.

## STATEMENT OF FACTS

This action was commenced by plaintiff Wayne Baliga ("Plaintiff") on December 13, 2018. In his original Complaint, Plaintiff asserted derivative claims against Dr. Shi and two other individuals for breach of fiduciary duty, waste, fraud, and a purported claim for securities fraud. Plaintiff asserted his derivative claims on the allegation that he was a "shareholder" of the Company. The next day, December 14, 2018, Plaintiff moved by order to show cause for appointment of the Receiver and a preliminary injunction. In an order dated February 1, 2019, the Court granted the motion for appointment of the Receiver and entry of a preliminary injunction.

In April 2019, the Receiver retained Guo as his agent in China. Dkt. 303-1 at ¶ 1; Dkt. 43 ¶ 10 at 3. On June 18, 2019, the Receiver filed a motion under seal for approval of a "note agreement" with Guo. Dkt. 71. The application was filed under seal without an opportunity for Dr. Shi or the Company to be heard or present argument. Dkt. 71. The Receiver later claimed that the purpose of the note agreement was to obtain "alternative financing" to fund the retention of Guo. *See* Dkt. 309 at 2.

Following the revelation that Plaintiff lacked standing to bring derivative claims on behalf of the Company, he withdraw his derivative claims and filed, on October 5, 20220, a Second Amended Complaint in which he dropped all of his derivative claims and asserted only direct claims seeking only money damages. *See* Dkt. 275. On November 4, 2020, Dr. Shi moved to discharge the Receiver and vacate the preliminary injunction on the grounds that, as a result of the

2

dismissal of the derivative claims, there no longer existed any basis to continue the receivership or the preliminary injunction. *See* Dkt. 275. On March 9, 2022, Magistrate Judge Freeman issued a Report & Recommendation ("R&R") granting Dr. Shi's motion to discharge the Receiver and dissolve the preliminary injunction. Dkt. 275. In the R&R, Magistrate Judge Freeman recommended that the Receiver be directed to prepare an accounting.

On May 26, 2022, Dr. Shi moved by letter motion to unseal the Category 3 Documents (*i.e.*, the note agreement and documents related to that agreement). Dkt. 306. In opposition to that part of the motion seeking to unseal the Category 3 Documents, the Receiver claimed that Guo had requested that the note agreement be filed under seal because of concerns about his "physical safety in China". Dkt. 309 at 2. The Receiver then claimed that after the filing of the motion to unseal, Guo had "disappeared or been kidnapped." Dkt. 309 at 2. The Receiver argued that the motion seeking unsealing of the Category 3 Documents should be denied on the grounds that doing so would present a risk to Guo's safety. At oral argument, the Receiver stated that the note agreement provided for the right to convert Guo's compensation into shares of stock of the Company. Dkt. 326 at 87:6 to 87:11.

After receiving submission from the parties and hearing argument, the Court denied that aspect of the motion in the Order dated August 22, 2022. Dkt. 329. In the Order, the Court noted that "[t]here is a long-established 'general presumption in favor of public access to judicial documents'" (citing *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006))) and described the standard for sealing as follows:

> Under the federal common law presumption of access to court proceedings and records, a court must first determine whether "the documents at issue are indeed judicial documents" to which the presumption of access attaches. Lugosch, 435 F.3d at 119 (internal quotations omitted). If the documents at

> issue are judicial in nature, the court must then determine the weight of the presumption of access. Id. Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it," which include "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Id. at 120 (citation and internal quotation marks omitted). A party may overcome this presumption "by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege." Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (citation and internal quotation marks omitted).

Dkt. 329 at 3-4.

The Court then concluded that "there is no dispute that the documents in Category 3 are 'judicial documents' to which the presumption of public access applies." Dkt. 329 at 7 (citation omitted). But despite this finding, the Court then proceeded to find that the Receiver overcame the presumption of access on the ground that "[g]iven Guo's sudden and unexplained disappearance, there is a compelling countervailing interest in maintaining the documents in this category sealed, in order to protect against potential harm to Guo." Dkt. 329 at 8.

Three days later, on August 25, 2022, the Court granted Dr. Shi's motion to discharge the Receiver and dissolve the preliminary injunction. Dkt. 331. In the Decision and Order, the Court found that the filing of the Second Amended Complaint on October 5, 2020 warranted dissolution of the preliminary injunction and discharge of the Receiver. Dkt. 331 at 7.

Also in the August 25, 2022 Decision and Order, the Court deferred a ruling on a pending motion (the "EGM Motion") to enjoin the Receiver from convening two extraordinary general meetings ("EGMs") of the shareholders of the Company. Dkt. 331 at 20, 23. The Court directed the parties to make further submissions on this motion. Dkt. 331 at 23.

After receiving submissions, Dkt. 334, 335, 336, On September 15, 2022, the Court issued an Order denying the EGM Motion as moot but permitting the Receiver to proceed to convene the EGMs in the event that Guo reappeared. Dkt. 338.

Predictably, the Receiver disclosed, in a letter filed seven days later, that Guo had not, in fact, been disappeared or kidnapped. Rather, "Mr. Guo has been unreachable for reasons unrelated to LKM [i.e., the Company]" and will "reappear in the next 30-60 days." Dkt. 351. The Receiver also disclosed that Mr. Guo had apparently executed a power of attorney granting to an unidentified "Individual" authority over the Company's corporate interests in China. Dkt. 351.

## ARGUMENT

### I. Legal standard under Fed. R. Civ. P. Rule 60

Federal Rule of Civil Procedure Rule 60(b) provides that "the court may relieve a party or its legal representative from . . . a[n] order . . . for the following reasons: (1) mistake . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) [or] . . . (6) any other reason that justifies relief." This rule "should be broadly construed to do substantial justice." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (internal citations and quotation marks omitted). Relief under Rule 60(b) is warranted where "(i) there is 'highly convincing' evidence in support of the motion, (ii) the movant shows good cause for failing to act sooner, and (iii) the movant shows that granting the motion will not impose an undue hardship on any party." *Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (quoted citation omitted). Rule 60(b)(6) represents "a 'grand reservoir of equitable power to do justice in a particular case,'" when the moving party "demonstrate[s] that 'extraordinary circumstances' warrant relief.'" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). "A district court considering a motion for relief from judgment under Rule 60(b) must strike a delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts." *United States v. All Assets Held at Bank Julius Baer & Co.*, Civil Action No. 04-798 (PLF/GMH), 2016 U.S. Dist. LEXIS 197186, at *10 (D.D.C. May 18, 2016) (cleaned up).

**II.      This Court should unseal the Category 3 Records because of the newly discovered evidence disclosed in the Receiver's September 22, 2022 letter**

The Court denied the request to unseal the Category 3 Records on the basis of the Receiver's argument that Guo's disappearance was somehow linked to the request to unseal the note agreement and presented a risk to his personal safety. *See* Dkt. 329 at 8-9. But the Receiver has now disclosed that Guo's lack of communications was "for reasons unrelated to LKM [i.e., the Company]." Dkt. 351. This information was not disclosed until September 22, 2022 and, therefore, constitutes "newly discovered" evidence for purposes of Rule 60(b)(2). Dr. Shi could not have discovered this information by exercising due diligence because the Receiver himself claims that he received the information after September 8, 2022. Dkt. 351. And the new information negates the basis for the Court's ruling denying the request to unseal. Indeed, the Receiver previously consented to production of the Category 3 Documents in the event that there is no risk to the safety of Mr. Guo. Dkt. 309. The lack of risk is now established by the disclosure that Guo's lack of communication has nothing to do with the proceedings concerning the Company. Accordingly, the Order should be amended to grant that part of the motion to unseal the Category 3 Documents. *United States v. All Assets Held at Bank Julius Baer & Co.*, 2016 U.S. Dist. LEXIS 197186, at *10 (cleaned up) (granting Rule 60(b) motion to reconsider protective order ruling based on newly discovered evidence).

**III.     This Court should unseal the Category 3 Records because the discharge motion has now been granted and disclosure of the Category 3 Documents is required in order to fulfill the order of the Court to conduct an accounting**

The August 25, 2022 Decision and Order discharging the Receiver and directing an accounting also constitutes a separate ground for modification of the Order under Rule 60(b)(2). In an accounting, "[a] receiver must account for its stewardship of receivership assets, accounting personally for the receipts and disbursements of all money and property received by as receiver

and for the receiver's performance of its duties and compliance with the court's orders. The burden of proof rests with the receiver to prove its accounting filed with the court." 65 Am. Jur. 2d Receivers § 176 (citations omitted). "A receiver's account is not merely a statement of cash receipts and disbursements; it must include a record of property in possession of the receiver or under the receiver's control at the beginning and end of the accounting period, and a monetary value should be ascribed to it." *Id*. Any party with an interest in the subject of the receivership has a right to inspect the accounts of the receiver. N.Y. CPLR 6404 (made applicable by Fed. R. Civ. P. 66).

The Category 3 Documents constitute records of the Receiver that must be accounted for. [*Sherry v. United States Bank Nat'l Ass'n*, 662 F. App'x 39, 41 (2d Cir. 2016)](#) (it is the "receiver's burden to justify his account"); *See also* [*Key Bank v. Anton*, 241 A.D.2d 482, 484 (N.Y. App. Div. 2d Dep't 1997)](#) (order approving accounting reversed and matter remanded for a hearing on the ground that the receiver failed to provide records or other evidence justifying the expenses incurred or "explain[ing] [] the necessity of the services"). Dr. Shi and the Company are entitled to inspection of these records. N.Y. CPLR 6404 (applicable here pursuant to FRCP 66). Further, as objectors to the Receiver's account, Dr. Shi and the Company are entitled to an opportunity to be heard and present evidence. 65 Am. Jur. 2d Receivers § 177. Dr. Shi and the Company need access to the Category 3 Documents to be able to present argument and heard, rights to which they are entitled under the law.

The August 25, 2022 decision and order discharging the Receiver and directing an accounting had not been issued at the time the Court denied the motion to unseal. Accordingly, the August 25, 2022 decision and order also constitutes "newly discovered" evidence for purposes of Rule 60(b)(2) and requires reconsideration of the motion to unseal. The Category 3 Documents must be unsealed and produced in order to afford Dr. Shi and the Company their right to be heard

and present evidence in the accounting.

## CONCLUSION

For all the reasons set forth above, the Court should grant the motion by Dr. Shi, pursuant to Rule 60(b)(1), (2), and (6), for relief from the August 22, 2022 Order, grant the request unseal the Category 3 Documents, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 28, 2022

Respectfully submitted,

FELICELLO LAW P.C.

By: _/s/ Michael James Maloney_
    Michael James Maloney
    Rosanne E. Felicello
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806
mmaloney@felicellolaw.com
rosanne@felicellolaw.com
*Attorneys for Vincent Wenyong Shi and Link Motion Inc.*