UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.) <br><br> Plaintiff, <br> -against- <br><br> LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, JIA LIAN, XIAO YU, <br><br> Defendants, <br> -and- <br><br> LINK MOTION INC. (F/K/A NQ MOBILE INC.), <br><br> Nominal Defendant. | 1:18-cv-11642-VM-VF |

**RECEIVER'S OPPOSITION TO DEFENDANT VINCENT WENYONG SHI'S
MOTION FOR RELIEF FROM ORDER DENYING IN PART REQUEST TO UNSEAL**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................... 1

**ARGUMENT** .................................................................................................................................. 4

    **I.   Legal Standard** ................................................................................................................. 4

    **II.  Shi Fails to Present Newly Discovered Evidence That Would Alter The Outcome of The Order** ..................................................................................................................... 5

    **III. Shi Cannot Relitigate The Issue of Whether Documents Should Be Unsealed For Purposes Of The Accounting** ........................................................................................ 7

**CONCLUSION** ............................................................................................................................. 9

Robert Seiden (the "Receiver"), in his capacity as the temporary Receiver for Link Motion Inc. ("LKM") under the Receivership Order (ECF 26; the "Receivership Order"), by his undersigned counsel, respectfully submits this Opposition to Defendant Vincent Wenyong Shi's ("Shi") motion for relief from order denying in part request to unseal (ECF 358).

## PRELIMINARY STATEMENT

The Receiver's agent in Mainland China, Mr. Lilin "Francis" Guo ("Mr. Guo"), agreed to loan funds to the Receivership pursuant to a note agreement (the "Note Agreement") that was approved by the Court and filed under seal with the Court's approval. *See* ECF 309 at 2. As the Receiver previously explained:

> Mr. Guo believed that his physical safety in China would be placed at risk if he took actions in China to challenge Defendant Shi's takeover of the Company. Mr. Guo requested that the Receiver file the Note Agreement with the Court under seal. Accordingly, the Receivership requested that the Note Agreement, and all other invoices for the Receivership, be kept under seal[]. The Court approved of the Note Agreement and also approved [the Receiver's] request that the Note Agreement be filed under seal.

*Id*.; *see also* ECF 71 (in June of 2019 Judge Marrero granted the "compensation incentive agreement and promissory note between" LKM and Mr. Guo; no objection was filed).

On March 9, 2022, Judge Freeman issued a report and recommendation (the "R&R") which recommended in relevant part that "the receivership should be terminated after an accounting[.]" *See* ECF 275 at 1-2.

On March 22, 2022, the Receiver disclosed publicly, for the first time, that Mr. Guo is an LKM shareholder. *See* Dkt 285 at 5. On May 26, Shi filed a letter motion seeking to unseal all sealed documents filed by the Receiver, including the documents related to Mr. Guo's Note Agreement (the "Category 3 Documents"). ECF 306.

1

On June 9, the Receiver informed the Court that Mr. Guo was unreachable, that the Receiver had not had any contact with Mr. Guo since April 14, and that the Receiver feared "Mr. Guo has disappeared or been kidnapped." *See* ECF 309 at 2-3. The Court granted the Receiver additional time to review the sealed documents and attempt to contact Mr. Guo. ECF 310 at 3.

Shi's counsel filed a responsive letter on June 30, 2022. ECF 315. In the letter Shi "reserve[d] all rights with respect to possible claims and/or accounting concerning" information related to payments made by Mr. Guo. *See* ECF 315 at n.1. The Receiver responded on July 8, explaining that while the Receiver would consent to unseal certain documents, the Receiver could not consent to unseal the Category 3 Documents because the Receiver was unable to contact Mr. Guo to obtain his consent. ECF 319 at 2. Specifically, the Receiver explained that:

> In light of Mr. Guo's sudden and unexplained disappearance for over three months in China (as well as the circumstances of this action, including the extraordinary misconduct of Defendant Shi that [the Receiver] described in [his] June 9 letter), the Receiver is concerned that public disclosure of the Note Agreement or information concerning Mr. Guo's compensation may jeopardize or gravely aggravate Mr. Guo's safety. As such, the Receivership is unable to consent to the unsealing of the documents related to Mr. Guo's Note Agreement or his compensation.

*Id*. Shi responded on July 15, arguing in part that the Receiver's invoices "are required to be made public as part of the Receiver's accounting upon his discharge" and denied that release of the documents would jeopardize or gravely aggravate Mr. Guo's safety. ECF 322 at 1.

On August 1, the Court held oral arguments. ECF 326. During the oral arguments Shi's counsel argued that the Receiver's invoices "would have to be disclosed anyway as for the accounting that was ordered in the" R&R. *Id*. at 71.

On August 22, the Court issued an order (the "Order") holding in relevant part that the Category 3 Documents be kept under seal "[g]iven Guo's sudden and unexplained disappearance,

2

there is a compelling countervailing interest in maintaining the documents in this category sealed, in order to protect against potential harm to Guo." ECF 329 at 8. The Court further found that disclosing the specific percentage of Mr. Guo's equity interest in LKM could

> jeopardize Guo's safety, because it would presumably demonstrate that Guo had acted against Shi. Accordingly, the Receiver has met his burden of presenting a compelling countervailing factor—the potential for physical harm to Guo—that overcomes the presumption of public access to the Category 3 Documents.

*Id*. at 9.

On September 22, the Receiver informed the Court that an individual (the "Individual") had contacted the Hong Kong receiver's office regarding Mr. Guo. *See* ECF 351. The Receiver soon spoke with the Individual, who stated that while he had not spoken with Mr. Guo since April (roughly the same time when the Receiver lost touch with Mr. Guo), he had spoken with Mr. Guo's wife. *Id*. Mr. Guo's wife allegedly informed the Individual that she believed that Mr. Guo would appear in 30-60 days. *Id*. The Individual further stated that "he believes that Mr. Guo has been unreachable for reasons unrelated to LKM." *Id*. The Receiver cautioned that without an agent in mainland China, the Receiver "has been unable to confirm the authenticity of the Individual's statements[.]" *Id*.

On October 4, the Receiver provided a further status update to the Court relaying a message from the Individual, that he believed that Mr. Guo was expected to reappear by the end of October 2022. *See* ECF 363. The Receiver once again informed the Court that:

> [w]ithout an official agent in mainland China, and with the limitations of the [covid] lockdowns, [the Receiver's] office is unable to confirm the veracity of the Individual's statements (including whether he has actually communicated with Mr. Guo's wife), or the reliability of the information that Mr. Guo's wife conveyed to the Individual concerning Mr. Guo's whereabouts.

*Id*.

3

The Individual has never filed a sworn statement or appeared in this action. The Receiver has now had no contact with Mr. Guo for over six months. *See* ECF 309, 319, 335, 351, 363.

## ARGUMENT

### I. Legal Standard

A motion pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") "provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Sankara v. City of New York*, No. 15-CV-6928 (VSB), 2019 WL 549018, at *1 (S.D.N.Y. Feb. 11, 2019) (citations omitted); *see also Martal Cosms., Ltd. v. Int'l Beauty Exch.*, No. CV 01-7595 (SJF) (JO), 2007 WL 2126091, at *9 (E.D.N.Y. July 24, 2007) ("As a general matter, motions for relief under Rule 60(b)(2) are disfavored, and should not be granted absent extraordinary circumstances."). As the Second Circuit has made clear,

> because a motion for reconsideration is itself an extraordinary request, [] the underlying standard for a district court to grant[] such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court

*Smith v. CVS Albany, LLC*, No. 20-4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022) (citations and quotations omitted) (reviewing a denial of a motion for reconsideration under Fed. R. Civ. P. 60(b)); *Schlafman v. State Univ. of New York, Farmingdale*, 541 F. App'x 91, 92 (2d Cir. 2013) (same application under Rule 60(b)).

Under Rule 60(b), "[a] motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'" *Mediavilla v. City of New York*, No. 14-CV-8624 (VSB), 2017 WL 4155401, at *1 (S.D.N.Y. Sept. 18, 2017) (citations omitted). Relief under Rule 60(b)(2) will only be granted where the party demonstrates that the

4

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Reese v. United States*, 408 F. Supp. 3d 533, 535 (VM) (S.D.N.Y. 2019) (citing *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)).  The above "requirements must be strictly met . . . Moreover, the newly discovered evidence must be 'highly convincing.'" *Apex Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, No. 11 CIV. 9718 (ER), 2017 WL 456466, at *7-8 (S.D.N.Y. Feb. 1, 2017) (citation and quotation omitted) (denying relief pursuant to Rule 60(b)(2) as the defendant failed to show that the evidence was "of such importance that it probably would have changed the outcome of the case.").[1]

## II. Shi Fails to Present Newly Discovered Evidence That Would Alter The Outcome of The Order

To grant relief pursuant to Rule 60(b)(2) a court must find that new facts would have "altered the outcome of the" order.  *See In re PBS Foods, LLC*, 549 B.R. 586, 600 (Bankr. S.D.N.Y. 2016), *aff'd*, No. 09-15629 (JLG), 2017 WL 1167377 (S.D.N.Y. Mar. 28, 2017), *aff'd*, 718 F. App'x 89 (2d Cir. 2018) (denying relief pursuant to Rule 60(b)(2) as the new information would not have changed the court's determination) (citing cases).

> Here, the Order held that the Category 3 documents be kept under seal as
>
>> Public disclosure of the Note Agreement now would reveal the specific percentage of Guo's equity interest in LKM . . . *That information could further jeopardize Guo's safety, because it would presumably demonstrate that Guo had acted against Shi.* Accordingly, the Receiver has met his burden of presenting a compelling countervailing factor—*the potential for physical harm*

---

[1] While Shi's legal standard and conclusion sections cite to Rule 60(b)(1) & (6), Shi's motion only makes arguments under Rule 60(b)(2).  *See* ECF 358 at 6-7.

5

>> *to Guo*—that overcomes the presumption of public access to the Category 3 Documents.

ECF 329 at 8-9 (emphasis added).

Shi argues that the outcome of the Order would have been different if the Court knew about the Individual's statements to the Receiver, because (according to Shi) the Individual's communications with the Receiver demonstrate that Mr. Guo's disappearance is unrelated to LKM. *See* ECF 358 at 1, 6.

Shi fails to demonstrate that the Individual's communications with the Receiver would have altered the outcome of the Order.  First, the Individual told the Receiver that he has not spoken with Mr. Guo since late April 2022; therefore, any information that the Individual may have is at best secondhand.  *See* ECF 351.  Second, the Individual merely stated that he "*believes*" Mr. Guo is unreachable for reasons unrelated to LKM; the Individual's unsubstantiated *belief* does not conclusively establish whether Mr. Guo's disappearance is related to LKM.  *Id*.  Third, the Receiver does not know the Individual's motives or whether he is telling the truth.  Indeed, as stated in the September 22 letter, "[w]ithout an agent in mainland China, [the Receiver's] office has been unable to confirm the authenticity of the Individual's statements[.]"  *See* ECF 351.  As the Receiver cannot authenticate the identity of the Individual or the veracity of his statements, the Individual's unsubstantiated statements (standing alone) are not a basis to overturn the Order.[2]  *See* S.E.C. v. U.S. Env't, Inc., No. 94 CIV. 6608 (PKL), 2004 WL 2274813, at *4 (S.D.N.Y. Oct. 8, 2004) (defendant failed to meet Rule 60(b)(2)'s "high burden of clear and convincing evidence" in part because defendant's "claim is uncorroborated as lacking a sworn statement of one with

---

[2] The Receiver's recent status update to the Court submitted on October 4, 2022 further made clear that the Individual had not recently spoken directly with Mr. Guo and that the Receiver's office "is unable to confirm the veracity of the Individual's statements (including whether he has actually communicated with Mr. Guo's wife), or the reliability of the information that Mr. Guo's wife conveyed to the Individual[.]" *See* ECF 363.

6

personal knowledge"); *Tufts v. Corp. of Lloyd's*, 981 F. Supp. 808, 812 (S.D.N.Y. 1996), *aff'd*, 128 F.3d 793 (2d Cir. 1997) ("[A]n action brought under Rule 60(b)(2) must be proven by clear and convincing evidence[.]").

Moreover, even if the Individual is correct and Mr. Guo is currently unreachable for reasons unrelated to LKM, it does not negate the Order's conclusion that disclosing the details of the Note Agreement "could further jeopardize Guo's safety, because it would presumably demonstrate that Guo had acted against Shi." ECF 329 at 8-9. Accordingly, the relief sought by Shi pursuant to Rule 60(b) should be denied as he has not presented evidence "of such importance that it probably would have changed the outcome" of the Order. *Azkour v. Little Rest Twelve*, No. 10-CV-4132 (RJS), 2017 WL 1609125, at *6 (S.D.N.Y. Apr. 28, 2017) (citations and quotations omitted) (denying motion seeking relief pursuant to Rule 60(b)(2) as the proposed new evidence would not have altered the order); *see also Reese v. McGraw-Hill Companies, Inc.*, 293 F.R.D. 617, 618 (S.D.N.Y. 2013), *aff'd sub nom. Reese v. Bahash*, 574 F. App'x 21 (2d Cir. 2014) (same).[3]

### III. Shi Cannot Relitigate The Issue of Whether Documents Should Be Unsealed For Purposes Of The Accounting

Shi's arguments that documents should be unsealed for purposes of the accounting (*see* ECF 358 at 6-7) could have been (or were) raised before the Order was issued, and cannot be relitigated on this motion. *See Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, No. 18-CV-12361 (JMF), 2020 WL 2555281, at *1 (S.D.N.Y. May 20, 2020) ("[U]nder Rules 59(e) and 60(b)(2) of the Federal Rules of Civil Procedure, a party may not seek relief based on evidence that was not

---

[3] Shi's citation to *United States v. All Assets Held at Bank Julius Baer & Co.*, 2016 U.S. Dist. LEXIS 197186, at *10 (D.D.C. May 18, 2016) is inapposite. *See* ECF 358 at 6. In *United States* the court ordered materials to be redacted. The motion for reconsideration was granted as the redacted materials had become part of the public record. There is no such finding here. *See United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, No. CV 04-798 (PLF/GMH), 2016 WL 11609893, at *3 (D.D.C. May 18, 2016) ("Additionally, now that the fact of the creation of the Confidential Materials is a matter of public record, there is no justification for keeping it confidential in this case. This constitutes the sort of outcome-changing evidence that warrants reconsideration.").

7

previously submitted to the Court if the party reasonably could have presented the evidence, but chose not to.").

Significantly, Shi was aware of the accounting long before the motion practice that led to the Order. Indeed, Shi requested the accounting well over a year ago, on June 11, 2021. ECF 230 at 2. In the March 9, 2022 R&R, Judge Freeman recommended that "The Receiver Should Be Discharged After an Accounting." *See* ECF 275 at 39. Shi then raised the accounting in his June 30 and July 15, 2022 letters in support of his request to unseal the sealed documents. *See* ECF 315 at n.1 ("Dr. Shi reserves all rights with respect to possible claims and/or accounting concerning" information related to payments made by Mr. Guo); *see also* 322 at 1 ("The tranche of documents comprising invoices (classified as Category 2 documents by the Receiver) are required to be made public as part of the Receiver's accounting upon his discharge."). Further, during oral arguments on August 1, Shi's counsel argued that the Receiver's invoices "would have to be disclosed anyway as for the accounting that was ordered in the" R&R. ECF 326 at 71.

Having previously cited the accounting as a basis to unseal documents, Shi cannot now relitigate the Order on that basis. *See Mavl Cap., Inc. v. Marine Transp. Logistics, Inc.*, No. 13-CV-7110 (PK) (CRLM), 2018 WL 1474175, at *6 (E.D.N.Y. Mar. 26, 2018) (plaintiffs' attempts to "get a second bite at the apple . . . is plainly not a basis for vacating an order under Rule 60(b)(2)"); *see also In re Mader*, No. CV 19-2048 (GRB), 2021 WL 1729472, at *10 (E.D.N.Y. Mar. 31, 2021) (affirming denial of relief pursuant to Rule 60(b)(2) as the evidence was available originally).

There is also no basis for Shi's argument that the Category 3 Documents should be unsealed pursuant to "*CPLR 6404*," which Shi contends is "made applicable by Fed. R. Civ. P. 66." *See* ECF 358 at 7 (emphasis added). "[I]t is well established in [the Second] Circuit that a receiver's

8

accounting is governed by the Federal Rules of Civil Procedure[,]" not the CPLR. *S.E.C. v. Am. Bd. of Trade, Inc.*, No. 83 CIV. 6213 (SWK), 1988 WL 30399, at *3 (S.D.N.Y. Mar. 4, 1988) (citing *Phelan v. Middle States Oil Corp.*, 210 F.2d 360, 364 (2d Cir.1954)). Therefore, Shi does not have the "right to inspect the accounts of the Receiver" pursuant to the CPLR and his arguments should be disregarded. *See* ECF 358 at 7.[4]

## CONCLUSION

For the foregoing reasons, the Court should deny Shi's motion for relief and reconsideration of the Order pursuant to Rule 60(b).

October 19, 2022
New York, NY

                                               SEIDEN LAW GROUP LLP

                                               By: /s/ Amiad Kushner
                                                    Amiad Kushner
                                                    Andrew Sklar
                                                    Xintong Zhang
                                                    322 Eighth Ave, Suite 1704
                                                    New York, NY 10001
                                                    646-766-1914
                                                    akushner@seidenlawgroup.com
                                                    asklar@seidenlawgroup.com
                                                    xzhang@seidenlawgroup.com

                                                    *Counsel for Robert Seiden*
                                                    *Court-Appointed Temporary Receiver*
                                                    *for Link Motion Inc.*

---

[4] Shi's contention that the CPLR applies should also be rejected because it is an entirely new argument that cannot be raised in a Rule 60(b) motion. *See Mediavilla*, 2017 WL 4155401, at *1 (Rule 60(b) motion is not "an opportunity for making new arguments that could have been previously advanced").

9