# FELICELLO

Michael James Maloney
Partner

Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
mmaloney@felicellolaw.com

**VIA ECF**   November 21, 2022

Hon. Valerie Figueredo
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-DCF (S.D.N.Y.)

Dear Judge Figueredo:

We write to oppose the request by Robert W. Seiden (the "Receiver") to seal the entirety of attorney invoices submitted in support of his accounting. *See* Dkt. 378. The request to seal should be denied for the following reasons.

In support of his accounting in this proceeding, the Receiver has submitted numerous invoices issued by his own law firm and lawyers and service providers retained by the Receiver. (Dkt. 376 ¶¶ 19, 24, 30, 32). But each time entry on the submitted invoices is redacted. (Dkt. 376-4, 376-5, 376-6, 376-8). The Receiver requests that the Court seal the unredacted copies of these invoices.

There is no compelling basis to grant the Receiver's request to seal these invoices. These attorney billing records are judicial records that are "critical to the determination that the requested fee is reasonable" and should not be sealed. *Doe v. Quest Diagnostics, Inc.*, 318 F.R.D. 707, 712 (S.D.N.Y. 2016) *vac'd on other grounds Doe v. Quest Diagnositcs, Inc.*, 2017 U.S. Dist. LEXIS 42885 (S.D.N.Y. Mar. 23, 2017). A "heavy presumption of access" attaches to attorney billing records. *Doe v. Quest Diagnostics, Inc.*, 318 F.R.D. at 712. *See also Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) (a "presumption of access" attached to every "judicial document" filed in court).

The Receiver's attorney billing records are judicial documents because the Receiver is relying on the redacted records in support of his application for Court approval of the fees and expenses incurred by the Receiver. The Receiver claims to have incurred fees and expenses of $3,231,673.47, of which $2,472,415.86 are alleged to have been paid or owed to his own law firm. (Dkt. 376 ¶¶ 19, 22). The Receiver is only entitled to compensation if the Court finds that the Receiver acted "reasonably and diligently." *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). When "setting a reasonable fee, the court is to consider all of the factors involved in a particular receivership . . ., include[ing], *inter alia*, the complexity of problems faced, the benefits to the receivership estate, the quality of the work performed, *and the time records presented*." *SEC v. Byers*, 590 F. Supp. 2d at 644 (emphasis added). Accordingly, the content of the invoices submitted in support of the Receiver's accounting are critical to a determination of the proper and just compensation for the Receiver and his agents and service providers. The "heavy presumption

*Admitted to practice law in New York

of access" far outweighs any marginal interest the Receiver may have in maintaining time entries as confidential.

The Receiver contends that his attorney billing records are privileged. That is not the case, and the Second Circuit has long held that attorney billing records are not privileged. *In re Grand Jury Subpoena Served upon Doe*, 781 F.2d 238, 247 (2d Cir. 1986). Even if any small portion of the Receiver's time entries had contained any information that might touch upon legal strategy, there would still be no basis to seal those portions of the time entries because the Receiver has already put his strategies into action (Dkt. 376 ¶ 21) and, therefore, time entries discussing work done in connection with those legal strategies are no longer confidential.

The *Varbero* case cited by the Receiver is entirely inapposite. That case did not involve a court-appointed Receiver seeking court approval of his fees in the context of a court-ordered accounting. Rather, the court in Varbero was faced with considering whether defendant's counsel should be required to produce financial transactions showing payments from the defendant to defendant's counsel in the context of a fraudulent conveyance case. There the court agreed to quash the subpoena because, among other things, the plaintiff could not show that the documents "are of more than marginal relevance." *Varbero*, 2020 U.S. Dist. LEXIS 224699, at *6-7.

In this case, all of the redacted time entries and other redacted information submitted by the Receiver are critical to the Court's determination of the reasonableness of the Receiver's actions and the appropriate amount of compensation. Indeed, the majority of the requested fees here are alleged to have been incurred by The Seiden Law Group ("SLG"), the law firm for which the Receiver serves as the managing partner. During the period relevant to the accounting, SLG also represented plaintiff Wayne Baliga as trial counsel. But on this accounting application, the Receiver is not entitled to an award of compensation for any time devoted by SLG on work in its capacity as counsel to Baliga. Thus, a close review of all time entries is necessary to determine which entries were incurred in connection with work for the Receiver and which were incurred in connection with work as counsel for Baliga.

Accordingly, the Receiver's request to seal must be denied.

Respectfully submitted,

/s/ *Michael James Maloney*

Michael James Maloney

cc: All counsel of record (via ECF)