IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA,<br><br>              Plaintiff,<br><br>   v.<br><br>**LINK MOTION INC. (f/k/a/ NQ MOBILE INC.), VINCENT WENYONG SHI, ROLAND WU,** and **ZEMIN XU,**<br><br>              Defendants. | No. 1:18-cv-11642-VM-DCF<br><br>The Honorable Victor Marrero<br>Magistrate Judge Valerie Figueredo |

**PLAINTIFF'S RESPONSE TO DEFENDANT VINCENT WENYONG SHI'S
SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS COMMON LAW FRAUD CLAIM</u>**

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ............................................................................................................................... 2

    I.    Baliga Has Sufficiently Alleged Reliance for Common Law Fraud. ...................... 2

    II.   The Principles of *Affiliated Ute* Apply Here. .......................................................... 8

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*904 Tower Apartment LLC v. Mark Hotel LLC*,
　853 F. Supp. 2d 386 (S.D.N.Y. 2012) ................................................................... 5, 6, 8

*Affiliated Ute Citizens of Utah v. United States*,
　406 U.S. ................................................................................................................ 1, 2, 8, 9

*Ansin v. River Oaks Furniture, Inc.*,
　105 F.3d 745 (1st Cir. 1997) .................................................................................. 8

*Constr. Laborers Pension Tr. For S. Cali. v. CBS Corp.*,
　433 F. Supp. 3d 515 (S.D.N.Y. 2020) .................................................................... 2

*DoubleLine Capital LP v. Odebrecht Fin., Ltd.*,
　323 F. Supp. 3d 393 (S.D.N.Y. 2018) .................................................................... 7

*Edens v. Goodyear Tire & Rubber Co.*,
　858 F.2d 198 (4th Cir. 1988) ................................................................................. 9

*In re Fyre Festival Litig.*,
　399 F. Supp. 3d 203 (S.D.N.Y. 2019) .................................................................... 7

*Premium Mortg. Corp. v. Equifax, Inc.*,
　583 F.3d 103 (2d Cir. 2009) ................................................................................... 5

*Sollenbarger v. Mountain States Tel. & Tel. Co.*,
　121 F.R.D. 417 (D.N.M. 1988) .............................................................................. 9

*Tradeshift, Inc. v. Smucker Services Co.*,
　20-CV-3661 (MKV), 2021 WL 4463109 (S.D.N.Y. Sept. 29, 2021) .................... 6

**State Cases**

*Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*,
　31 N.Y.3d 569, 106 N.E.3d 1176 (2018) ............................................................... 1

*DDJ Mgmt., LLC v. Rhone Group L.L.C.*,
　15 N.Y.3d 147 (2010) ............................................................................................ 5

*Directv, LLC v. Nexstar Broad., Inc.*,
　199 A.D.3d 561, 159 N.Y.S.3d 18 (2021) ............................................................. 1

*MP Cool Investments Ltd. v. Forkosh*,
　141 A.D.3d 111, 33 N.Y.S.3d 194 (App. Div.) ..................................................... 2

*MP Cool Investments Ltd. v. Forkosh*,
　142 A.D.3d 286, 40 N.Y.S.3d 1 (2016) ................................................................. 2, 6, 9

*MP Cool Invs. Ltd. v. Forkosh*,
　M-3244, 2016 WL 4545051 (N.Y. App. Div. Sept. 1, 2016) ................................ 2

*Towne v. Kingsley*,
    163 A.D.3d 1309 (2018) ................................................................................................5

The Supplemental Memorandum of Law filed by Defendant Vincent Wenyong Shi ("Shi") continues to misstate both the law and Plaintiff Wayne Baliga's ("Baliga") allegations. New York law is clear. A claim for common law fraud "can be based on 'a misrepresentation or a material omission of fact.'" *Directv, LLC v. Nexstar Broad., Inc.*, 199 A.D.3d 561, 159 N.Y.S.3d 18, 19 (2021) (quoting *Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 31 N.Y.3d 569, 578, 106 N.E.3d 1176, 1182 (2018)). Indeed, New York courts have held that justifiable reliance is adequately alleged where a plaintiff could not have "ascertained the specified risk that it claims was not disclosed to it by reading publicly filed documents." *Id.*

Judge Marrero limited his referral for supplemental briefing specifically to the question of reliance. Indeed, after discussing objections to the application of *Affiliated Ute* to common law fraud claims and Baliga's arguments regarding direct reliance, Judge Marrero held that "the Court will remand this issue for supplemental briefing and requests Magistrate Judge Figueredo to issue an amended report and recommendation based on the arguments." Dkt. 372, at 40.

Apparently recognizing that his arguments on reliance are not strong, Shi has disregarded Judge Marrero's limited remand as Shi attempts to relitigate whether Baliga has adequately pled loss causation. Dkt. 381, at 8-9. Shi previously briefed this issue before the Magistrate on the Report and Recommendation ("R&R") and again before Judge Marrero. Judge Marrero reviewed this ruling in the R&R and held that "[n]o error was committed." Dkt. 372, at 37. The Court went on to "adopt[] the *R&R* as to loss causation in its entirety." *Id*. The Magistrate Judge should disregard Shi's renewed argument regarding causation. In the interest of efficiency, Baliga will not be responding to Shi's argument regarding causation. Should Magistrate Judge Figueredo decide that she wishes to reexamine her holding on causation—which the Court has already upheld—Baliga respectfully requests that he be provided an opportunity to respond.

**ARGUMENT**

Regardless of whether the *Affiliated Ute* presumption applies to a claim of common law fraud, Baliga has adequately pled direct reliance on Defendants' misrepresentations and omissions under New York law. Baliga's allegations are more than sufficient to support a claim for common law fraud. Shi attempts to engage in sleight-of-hand by relying on authority that simply stands for the proposition that a plaintiff must allege reliance or, in the case of omissions, must plead defendants had knowledge of the material omission and that "the alleged fraud involved matters peculiarly within defendants' knowledge." *MP Cool Investments Ltd. v. Forkosh*, 142 A.D.3d 286, 292, 40 N.Y.S.3d 1, 6 (2016).[1] The omissions in this case fall within that category. Moreover, the *Affiliated Ute* principles are applicable in cases involving omissions under New York law.

### I. Baliga Has Sufficiently Alleged Reliance for Common Law Fraud.

The Court has found that statements about the Tongfang Transaction "would be material to an investor 'in deciding whether to buy or sells shares of stock.'" Dkt. 372, at 24 (quoting *Constr. Laborers Pension Tr. For S. Cali. v. CBS Corp.*, 433 F. Supp. 3d 515, 531 (S.D.N.Y. 2020)). Moreover, the Court found that "Magistrate Judge Figueredo was correct . . . that the 'crux of the alleged omissions in the SAC' was the failure of LKM 'to disclose Shi's financial interest in the Tongfang Transaction or the lack of any clear or direct affiliation between Tongfang SPC and Tsinghua Tongfang.'" *Id.* (quoting Dkt. 328, at 15). The Court went on to hold that Defendants had a duty to "disclose details regarding the Tongfang Transaction as a related party transaction . . . ." *Id.* The Court similarly found that Link Motion and Shi's statements and omissions regarding Tongfang SPC's ability to pay the amounts owed to Link Motion are actionable. *Id.*, at 26-29.

---

[1] Shi cites to *MP Cool Investments Ltd. v. Forkosh*, 141 A.D.3d 111, 33 N.Y.S.3d 194 (App. Div.). That opinion, however, was "recalled and vacated." *MP Cool Invs. Ltd. v. Forkosh*, M-3244, 2016 WL 4545051 (N.Y. App. Div. Sept. 1, 2016). A new decision was issued on September 1, 2016 and can be found at *MP Cool Investments Ltd. v. Forkosh*, 142 A.D.3d 286, 40 N.Y.S.3d 1 (2016).

The Court has noted the long series of misleading statements and omissions that Baliga identified in his Second Amended Complaint and previously briefed before the Magistrate Judge. Indeed, in 2016, as a result of his concerted effort to push Lin out and seize control of Link Motion:

> Shi found himself in a precarious position. He was running out of time before the Internal Investigation caught up to him, and he needed money to pay the Convertible note to Zhongzhi. Notably, both Shi and Zhongzhi have a financial interest in an entity known as Tongfang Investment Fund Series SPC ("Tongfang SPC"). To generate the cash to pay off the Convertible Note, Shi used Tongfang SPC and turned his attention to LKM's most valuable assets, FL Mobile and Showself, engineering their sale in a secretly self-dealing transaction which, when the truth about the deal was revealed and in the words of a financial analyst, 'reeked' of fraud." (SAC, ¶ 39.)

Shi and Defendants falsely and repeatedly represented that Tongfang SPC, the entity which was to acquire Link Motion's interests in FL Mobile and Showself, "was a corporate affiliate of Tsinghua Tongfang, a bona fide Chinese state-owned computer manufacturing giant based in Beijing with billions of dollars in annual revenue, tens of thousands of employees, and scores of legitimate corporate subsidiaries under its management." (SAC, ¶¶ 40-42.) Defendants, including Shi specifically, maintained this pretense through December 2017. (SAC, ¶ 43.) During this time Defendants referred to Tongfang SPC as:

- "an affiliate of Tsinghua Tongfang," (SAC, ¶ 43);
- "an affiliate private equity investment fund of Tsinghua Tongfang," (SAC, ¶ 44); and
- "an affiliate of Tongfang Securities Limited, a part of Tsinghua Tongfang," (SAC, ¶ 45).

As the Court agreed, Defendants' repeated assertions that Tongfang SPC was an affiliate of Tsinghua Tongfang put Defendants under a duty to disclose Shi's interests in Tongfang SPC and the Tongfang Transaction. Dkt. 372, at 34-35. Instead, Defendants repeatedly made materially false and misleading statements and omissions concerning Shi's actual interest in the Tongfang Transaction:

3

- On March 30, 2017, Link Motion stated that Shi "has equity interest in FL Mobile and will continue to participate with the Investor in the future." (SAC, ¶ 48.) This "disclosure" omits that ownership of FL Mobile would be transferred to Shi in the Tongfang Transaction and that Shi had an interest in Tongfang SPC.

- On April 26, 2017[2], Link Motion stated that Shi entered into a "share purchase agreement with FL Mobile and Xinjiang NQ, pursuant to which, Dr. Shi acquired 22% equity interest in FL Mobile by terminating the relevant contractual arrangements and paying Xinjiang NQ a total consideration of RMB880 million." (SAC, ¶ 48.) As before, this "disclosure" omits that ownership of FL Mobile would be transferred to Shi in the Tongfang Transaction and that Shi had an interest in Tongfang SPC.

- Further, none of these disclosures discuss the interests Shi was set to acquire in Showself.

On May 15, 2018 Link Motion disclosed that the cause of the delay for its Form 20-F filing for 2017 was because Link Motion's public accountant found that the company's financial statements from the second quarter of 2016 through the fourth quarter of 2017 could not be relied upon and were inaccurate. (SAC, ¶ 69.) Ultimately, Link Motion's public accountant, Marcum Bernstein & Pinchuk LLP, resigned on January 11, 2019 as a result of the significant misrepresentations and omissions of Link Motion's financial reporting. (SAC, ¶ 74.) Indeed, Marcum Bernstein & Pinchuk noted troubling corporate governance issues within the Company and stated that they could no longer "rely on the representations of management." (SAC, ¶ 74.)

In short, the Court held that Shi and Link Motion had a duty to disclose the details of Shi's involvement on both sides of the Tongfang Transaction. Dkt. 372, at 34-35. The Court also held that failing to disclose Shi's involvement on both sides withheld material facts from investors. *Id.*, at 35. Under New York Law, that "[t]o state a claim of fraud under New York law, a plaintiff must establish '(1) a misrepresentation or a material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it,

---

[2] These statements appeared in Link Motion's 2016 annual report, which was signed by Shi. Defendants Wu and Xu each signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") for this annual report.

4

(3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury.'" *904 Tower Apartment LLC v. Mark Hotel LLC*, 853 F. Supp. 2d 386, 398 (S.D.N.Y. 2012) (quoting *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009)).

Given the Court's findings, the *only* question to be resolved is whether Baliga alleged facts sufficient that "[a] jury might find that plaintiff[] justifiable relied on that mistaken belief" that the Tongfang Transaction was an arms' length transaction with an affiliate of Tsinghua Tongfang. *904 Tower Apartment LLC*, 853 F. Supp. 2d at 399 (finding justifiable reliance based on allegations that defendant failed to adequately disclose certain debts). New York courts have held that in the context of claims for omissions, the element of justifiable reliance is inextricably linked to whether "the plaintiff 'has the means available to ... know[], by the exercise of ordinary intelligence, the truth or the real quality of the subject of the [omission],' but fails to 'make use of those means.'" *Towne v. Kingsley*, 163 A.D.3d 1309, 1311–12 (2018) (quoting *DDJ Mgmt., LLC v. Rhone Group L.L.C.*, 15 N.Y.3d 147, 153 (2010)) (alterations in original).

In this case, Baliga has alleged that he relied on Defendants' "misstatements and omissions concerning the various corporate transactions entered into by LKM." (SAC, ¶ 2.) Baliga specifically alleged that he "relied on the materially false and misleading statements and omissions alleged herein in reaching investment decisions." (SAC, ¶ 119.) Indeed, Baliga "purchased LKM securities between the time Defendants misrepresented or failed to disclose material facts, and the time the true facts were disclosed without knowledge of the misrepresented or omitted facts." (SAC, ¶ 120.) "Plaintiff directly relied on Defendants' false and misleading statements alleged herein when deciding to purchase LKM securities." (SAC, ¶ 124.)[3]

---

[3] The Magistrate has already noted these allegations once in holding that Plaintiff sufficiently alleged common law fraud. Dkt. 328, at 53. If the Magistrate finds these allegations insufficient, Baliga respectfully requests that the Court provide Baliga with an opportunity to replead and provide additional allegations regarding the materials he relied on in making his investment decisions.

5

Baliga has alleged that he read and relied on the statements that this Court has already determined were sufficient to allege that Shi omitted material facts. The Court also held that Baliga has "allege[d] with particularity how Shi structured the deal to conceal his position on both sides of the transaction." Dkt. 372, at 25. So Baliga has adequately alleged that he did not have "the means available to ... know[], by the exercise of ordinary intelligence, the truth or the real quality of the subject of the [omission]." *Towne*, 163 A.D.3d at 1311–12. These allegations are sufficient that "[a] jury might find that plaintiff[] justifiable relied on that mistaken belief." *904 Tower Apartment LLC*, 853 F. Supp. 2d at 399. That is all that is necessary at the pleading stage.

None of Shi's authority suggests that any other outcome is necessary. Shi cites to New York Civil Practice Law and Rule § 3016(b) for the pleading requirements under New York law, but "the applicable pleading rule in this case is Federal Rule of Civil Procedure 9(b), not New York Civil Practice Law and Rule § 3016(b)." *Tradeshift, Inc. v. Smucker Services Co.*, 20-CV-3661 (MKV), 2021 WL 4463109, at *6 (S.D.N.Y. Sept. 29, 2021).

Shi's argument that "bundled, bare-boned and conclusory allegations do not establish the basic elements of fraud" cites to a decision that was recalled and vacated. Looking at the reissued decision, however, the *MP Cool* court held that "[a]ctual specific false factual statements are not identified. Nor is specific false concealment identified." *MP Cool*, 142 A.D.3d at 291. In this case, the Court has already held that Baliga has adequately alleged specific false factual statements, omissions, and a scheme to conceal the omitted facts. Dkt. 372, at 24- 25, 34-35. For this reason, the *MP Cool* decision actually buttresses Baliga's argument that the key to determining whether justifiable reliance exists in an omission case is whether the plaintiff has the means to discover the truth through the exercise of reasonable diligence. *MP Cool*, 142 A.D.3d at 291–92 (finding no justifiable reliance where it "Plaintiff had total, unfettered access").

6

*DoubleLine Capital LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393 (S.D.N.Y. 2018), which Shi relies on throughout his argument simply stands for the proposition that a complaint for fraud must be dismissed where it "fail[s] to provide Defendants with notice of which misstatements were relied upon by Plaintiffs in their decision to purchase the Notes." *Id.*, at 463. Importantly, the *DoubleLine* court determined that plaintiff had failed to allege any actionable omissions, only actionable misleading statements. *Id.*, at 455. As a result, *DoubleLine* sheds no light on the right standard for justifiable reliance on an actionable *omission*. This Court, moreover, has already determined that the Second Amended Complaint did provide Shi with sufficient notice of what misleading statements and omissions are at issue. Baliga has alleged with specificity the omissions he justifiably relied on, providing Shi with notice of what facts are at issue.

Finally, Shi relies on *In re Fyre Festival Litig.*, 399 F. Supp. 3d 203 (S.D.N.Y. 2019). While the *In re Fyre Festival Litig.* court does discuss a common law fraud claim with allegations of omissions, it concludes that plaintiff failed to even plead that defendants had any knowledge of the facts they are alleged to have omitted. *Id.*, at 218. Moreover, the allegations do not even assert "the context of the omissions." *Id.* Significantly, Shi cites to the *In re Fyre Festival Litig.* court's holding regarding a failure to allege direct reliance on a misleading statements, rather than omissions. Notably, the *In re Fyre Festival Litig.* court had an entirely separate section entitled "Plaintiffs Do Not Otherwise Plead Fraud by Omission/Concealment." *Id.*, at 217. This is because, as the *In re Fyre Festival Litig.* court notes, "[c]oncealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative misrepresentations of fact." *Id.*

These cases are all in accord. Baliga read and relied on the statements that this Court has determined were sufficient to allege that Shi omitted material facts. Baliga has "allege[d] with

7

particularity how Shi structured the deal to conceal his position on both sides of the transaction." Dkt. 372, at 25. These allegations are sufficient that "[a] jury might find that plaintiff[] justifiable relied on that mistaken belief" that the Tongfang Transaction was an arms' length transaction with an affiliate of Tsinghua Tongfang. *904 Tower Apartment LLC*, 853 F. Supp. 2d at 399.

## II. The Principles of *Affiliated Ute* Apply Here.

The principles animating *Affiliated Ute* are applicable in cases involving omissions. "Because of the logical impossibility of proving that plaintiffs relied on information that they did not have, '[p]ositive proof of reliance on omissions is not necessary where materiality has been established.'" *Ansin v. River Oaks Furniture, Inc.*, 105 F.3d 745, 754 (1st Cir. 1997). That is another way of saying what the New York cases all dictate: the element of justifiable reliance is inextricably linked to whether "the plaintiff 'has the means available to ... know[], by the exercise of ordinary intelligence, the truth or the real quality of the subject of the [omission],' but fails to 'make use of those means.'" *Towne*, 163 A.D.3d at 1311–12. The *Affiliated Ute* presumption—which Shi focuses on—says little more.

Under *Affiliated Ute*, "once a plaintiff alleges facts sufficient to support an 'obligation to disclose' and the 'withholding of a material fact,' the plaintiff has sufficiently alleged 'the requisite element of causation in fact.'" Dkt. 328, at 43 (quoting *Affiliated Ute*, 406 U.S. at 154). Or, in other words, these allegations are sufficient that "[a] jury might find that plaintiff[] justifiable relied on that mistaken belief" that the Tongfang Transaction was an arms' length transaction with an affiliate of Tsinghua Tongfang. *904 Tower Apartment LLC*, 853 F. Supp. 2d at 399.

While Shi is correct that decisions in the Southern District of New York tend not to apply the *Affiliated Ute* presumption in common law fraud cases, the decisions from the state courts provide little direction on the issue. Courts outside of New York are split on the issue. Some courts,

such as the Fourth Circuit, have endorsed importing the *Affiliated Ute* presumption into common law fraud claims. *Edens v. Goodyear Tire & Rubber Co.*, 858 F.2d 198, 207 (4th Cir. 1988) ("As the United States Supreme Court has recognized, 'cases involving omissions create difficult problems of proof of reliance.'"); *see also Sollenbarger v. Mountain States Tel. & Tel. Co.*, 121 F.R.D. 417, 434 (D.N.M. 1988) (holding that "an inference of reliance is logical in an omission of material facts situation because of the difficulty in proving what the party would have done if it had had the relevant information."). Other courts have not.

Regardless, it is clear that the principles of *Affiliated Ute* apply. Even Shi's authority stands for the proposition that reliance is demonstrated where defendants had knowledge of the material omission and that "the alleged fraud involved matters peculiarly within defendants' knowledge." *MP Cool*, 142 A.D.3d at 292. This is no different from the presumption under *Affiliated Ute* that "once a plaintiff alleges facts sufficient to support an 'obligation to disclose' and the 'withholding of a material fact,' the plaintiff has sufficiently alleged 'the requisite element of causation in fact.'" Dkt. 328, at 43 (quoting *Affiliated Ute*, 406 U.S. at 154). In this case, the Court has already held that Baliga sufficiently alleged that Shi: had knowledge of material facts; acted to conceal those facts; and was under a duty to disclose those facts. Because those facts were peculiarly within Shi's knowledge, the differences between the *Affiliated Ute* presumption and New York law are functionally non-existent as it pertains to *this* case.

## **CONCLUSION**

Whether the Court deems it applying the *Affiliated Ute* presumption or simply applying New York law as it pertains to what is necessary to allege justifiable reliance in a claim for fraud based on material omissions, Baliga has adequately pleaded facts sufficient to establish justifiable

9

reliance. For that reason, and the further reasons set forth above, this Court should deny Shi's Motion to Dismiss the Common Law Fraud Claim.

Dated: January 9, 2023                                         **GREENBERG TRAURIG, LLP**

By: */s/ Toby S. Soli*

Toby S. Soli
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Email: solit@gtlaw.com

Miriam G. Bahcall
(admitted *pro hac vice*)
77 W. Wacker Dr., Suite 3100
Chicago, IL 60601
Telephone: (312) 476.5135
Email: bahcall@gtlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Toby S. Soli, an attorney, certify that I electronically filed Plaintiff's Response to Defendant Vincent Wenyong Shi's Supplemental Memorandum of Law in Support of Motion to Dismiss Common Law Fraud Claim with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on this 9th day of January, 2022.

                                      */s/ Toby S. Soli*
                                      Attorney for Plaintiff