USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/12/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WAYNE BALIGA,

                Plaintiff,

- against -

LINK MOTION INC., et al.,

                Defendants.

**18 Civ. 11642 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On January 9, 2023, the court-appointed receiver in this action, Robert W. Seiden ("Receiver"), informed the Court that it had received correspondence from defendant, Link Motion Inc.'s ("LKM" or the "Company") registered agent in the Cayman Islands, Maples and Calder Service Europe Limited ("Maples"). (See Dkt. No. 382.) Maples provided the Receiver with an invoice totaling $3,219.51, which would need to be paid by January 31, 2023, for LKM to remain in good standing under Cayman Islands' law (the "Maples Invoice"). The Receiver further indicated that it currently has no funds to pay the invoice and sought the Court's direction.

The Receiver is currently carrying out its accounting pursuant to the Court's orders and will not be fully discharged until the accounting is complete and approved. The Court previously adopted Magistrate Judge Freeman's recommendation that "during the remaining period of the

receivership" the Receiver "should [] be focused on maintaining the Company's status quo." (Dkt. No. 275 at 41; see also Dkt. No. 331 (adopting in full the Report and Recommendation at Dkt. No. 275).)

The Court finds that the status quo is best kept by ensuring that the Company's good standing in the Cayman Islands is maintained. It is thus necessary for the Receiver to take appropriate steps to ensure that the Maples Invoice is timely paid. Accordingly, the Court orders LKM to immediately transfer funds sufficient to pay the Maples Invoice to the Receiver and directs the Receiver to timely execute payment.

The Company's funding of the Receiver to pay the Maples Invoice is required under the Court's original Order Appointing Temporary Receiver. (Dkt. No. 26.) The Court has previously determined, and reiterates now, that, except as limited by the Court's direction to focus on the accounting and maintaining the status quo, until the Receiver's accounting is finalized and approved by the Court, the Order Appointing Temporary Receiver remains operative in this case. (See, e.g., Dkt. Nos. 338, 364, 365 (all finding that the Receiver's authority remains intact until the accounting is complete and approved).) Under Section II.5 of the Order Appointing Temporary Receiver "[t]he Company shall be

2

responsible for funding the Receivership Account and is directed to cooperate with the Receiver in establishing and funding the Receivership Account." (Dkt. No. 26.) Further, Section II.5 requires the Company to ensure that the "Receivership Account [] maintains a minimum balance of $100,000.00 and is to be replenished fully back to this level[.]" (Id.) The Company thus must immediately transfer sufficient funds to the Receivership Account to allow the Receiver to timely pay the Maples Invoice.

**SO ORDERED.**

Dated:    12 January 2023
          New York, New York

_____
Victor Marrero
U.S.D.J.