UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>       Plaintiff,<br> -against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, JIA LIAN, XIAO YU,<br><br>       Defendants,<br> -and-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>Nominal Defendant. | 1:18-cv-11642-VM-DCF<br><br>OBJECTIONS OF VINCENT WENYONG SHI TO ACCOUNTING OF TEMPORARY RECEIVER ROBERT W. SEIDEN |

  Vincent Wenyong Shi ("Dr. Shi"), in his personal capacity and as a registered director of Link Motion Inc. ("LKM" or the "Company"), respectfully submits these Objections (the "Objections") to the accounting of Robert W. Seiden, the court-appointed temporary receiver (the "Receiver") of LKM, filed on November 18, 2022.

**1.** **Dr. Shi objects to the Receiver's account for the fees and expenses**.

  It is the "receiver's burden to justify his account." *Sherry v. United States Bank Nat'l Ass'n*, 662 F. App'x 39, 41 (2d Cir. 2016). A receiver justifies his account by providing records and evidence justifying the expenses incurred and explaining the necessity of the services. *See JDM Long Island, LLC v. U.S. Bank Nat'l Ass'n*, 2014 U.S. Dist. LEXIS 163320, at *11 (E.D.N.Y. Nov. 21, 2014); *Key Bank v. Anton*, 241 A.D.2d 482, 484 (NY App. Div. 2d Dep't 1997). The Receiver has failed to provide contemporaneous records showing the nature of the work performed and the reasonableness and necessity of the time and rates charged. Accordingly, all but $18,106.51 of the expenses should be rejected. *See Gasser v. Infanti Int'l, Inc.*, 2011 U.S. Dist. LEXIS 60526, at *72-74 (E.D.N.Y. June 3, 2011).

  In addition, substantially all of the Receiver's fees should be rejected as unnecessary,

immoderate, and unreasonable. *See S.E.C. v. Byers*, 590 F. Supp. 2d 637, 645 (S.D.N.Y. 2008) (internal citation omitted); *United States v. Code Prods. Corp.*, 362 F.2d 669, 673 (3d Cir. 1966). The Receiver's fees are excessive and unnecessary in light of (i) the amount of expenses incurred compared to the small amount of damages recoverable by the Plaintiff (*see* Dkt. 166 ¶ 126), (ii) claims for pre-October 5, 2020 work that served the interests of Plaintiff instead of the purposes of the receivership, and (iii) claims for post-October 5, 2020 work that was excessive, unnecessary, and did not confer a benefit on the Company. In the alternative, Plaintiff should be liable for the fees and expenses. Further, the Receiver should be liable for any later-discovered, undisclosed liabilities.

2. **Dr. Shi objects to Receiver's failure to account for LKM's corporate assets**.

A receiver owes a fiduciary duty "to care for the property and manage it for the creditors, to act with assiduity and with reasonable competence." *In re C.M. Piece Dyeing Co.*, 89 F.2d 37, 40 (2d Cir. 1937). A receiver must report and account for all property that "he has received, and give the reason why, if any, he failed to receive and account." 3 Clark, TREATISE ON THE LAW & PRACTICE OF RECEIVERS 1959, § 699.1, p. 1285; *see also Gasser*, 2011 U.S. Dist. LEXIS 60526, 2011 WL 2183549, at *24. In 2019, the Receiver's agent, Mr. Lilin "Francis" Guo, obtained control over LKM's interest in Beijing Netqin Tianxia Technology Co., Ltd. ("Beijing Technology")[1] and other corporate interests in China. The Receiver also assumed possession and control over LKM's smartphone application developer accounts. The Receiver acted recklessly, with gross negligence, and has failed to account for value of Beijing Technology and LKM's other corporate assets.

3. **Dr. Shi objects to the Receiver's failure to account for the value of the Tongfang Note**.

---

[1] Chinese name 北京网秦天下科技有限公司. Beijing Technology has been referred to by other English names in this action. LKM's interest in Beijing Technology had generated annual revenues of ¥68,000,000,000 (approximately $10,000,000.

In and around March 2017, LKM sold its 63% interest in FL Mobile Jutian Technology Co., Ltd. ("FL Mobile")[2] to Tongfang Investment Fund Series SPC ("Tongfang"), a Cayman Islands segregated portfolio company. In December 2017, LKM accepted from Tongfang a Senior Note (the "Tongfang Note") payable to LKM due no later than January 14, 2019 along with a security interest and other rights in FL Mobile pending payment in full. The Receiver failed to account for the Tongfang Note or explain why he did not commence an action to collect on that note. The Receiver's acts and omissions were reckless and grossly negligent and proximately caused the loss of the value of the Tongfang Note.

**4. Dr. Shi objects to the compensation granted to Mr. Guo by the Receiver.**

Fees and expenses claimed by a Receiver are governed by the rules of moderation and reasonableness. *S.E.C. v. Byers*, 590 F. Supp. 2d 637, 645 (S.D.N.Y. 2008); *see also In re Gilbert*, 276 U.S. 294, 296 (1928). Here, the Receiver retained Mr. Guo as his agent in furtherance of the receivership. In lieu of cash compensation, the Receiver issued to Mr. Guo 86,272,750 registered shares of Class B stock of LKM and transferred to Mr. Guo 59.675% of the equity of Beijing Technology. The equity granted to Mr. Guo is an improper windfall, *S.E.C. v. Byers*, 590 F. Supp. 2d at 645, Mr. Guo's shares in LKM should be canceled, and the Receiver surcharged for value of the windfall compensation awarded to Mr. Guo.

Dated: New York, New York  
February 3, 2023

Respectfully submitted,

FELICELLO LAW P.C.

By:   */s/ Michael James Maloney*  
      Michael James Maloney  
      Rosanne E. Felicello  
366 Madison Avenue  
3rd Floor  
New York, New York 10017  
Tel. (212) 584-7806  
mmaloney@felicellolaw.com

---

[2] Chinese name: 北京飞流九天科技有限公司.

rfelicello@felicellolaw.com
*Attorneys for Vincent Wenyong Shi*

4