# FELICELLO

Michael James Maloney
Partner

Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
mmaloney@felicellolaw.com

**VIA ECF**                                                                 February 14, 2023

Hon. Victor Marrero
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-VF (S.D.N.Y.)

Dear Judge Marrero:

      We write on behalf of Link Motion Inc. ("LKM") and Dr. Vincent Wenyong Shi ("Dr. Shi") in response to the Receiver's letter of February 10, 2023. In his letter, the Receiver forwards an email from Maples and Calder ("Maples") regarding LKM's inability to file an annual return in the Cayman Islands. The email states generally that Maples has not been able to file the annual return because LKM has not been able to pay the associated fee and, therefore, "the Entity is not longer in good standing." Dkt. 397-1. The Receiver cites the Court's January 20, 2023 Order (Dkt. 390), suggesting that this most recent email from Maples is a "notice from the Cayman Islands Registrar." It is not.

      As set forth more fully in our papers filed on January 18, 2023 (Dkt. 387, 388, 389), LKM is at risk of being struck from the Cayman companies register (akin to dissolution) only *after* the issuance of a notice from the Cayman Islands "Registrar." *See* Dkt. 388-1 § 171. The "Registrar" referred to in the Cayman Companies Law is not Maples; it is a government agency of the Cayman Islands known as the Registrar of Companies. *See* https://www.ciregistry.ky/companies-register/. Thus, the only notice that would be relevant to the Court's directive in the January 20, 2023 Order would be a notice issued by the Registrar of Companies. Although such a notice would likely be issued to Maples (as the current registered agent for LKM), no such notice has been issued or provided to this Court. The email from Maples only informs the Receiver that the annual report was not timely filed and the fee not paid. LKM still has substantial time to cure the deficiency in filing an annual report and paying the associated fee. *See* Dkt. 389. Indeed, the Maples email itself states that "if the annual return invoice remains unpaid, penalties will, in due course, be imposed by the Registrar." Dkt. 397-1. This sentence refers to the escalating penalties provided for under the Cayman Islands Companies Law referred to in our prior papers. *See* Dkt. 389 at 3.

      Accordingly, the email from Maples does not represent any immediate threat of LKM being struck from the Cayman register of companies. As stated in the previously filed papers, LKM expects that, after discharge of the Receiver and return of control to the Board of Directors, it will

*Admitted to practice law in New York

be able to recapitalize the company, file an annual return, and pay the fee. Dkt. 387 ¶35, 36.

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc: All counsel of record (via ECF)