**FELICELLO**  Michael James Maloney  
Partner

Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017

Tel. +1 (212) 584-7806
mmaloney@felicellolaw.com

**VIA ECF**                                                                                         March 30, 2023

Hon. Victor Marrero
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-VF (S.D.N.Y.)

Dear Judge Marrero:

  I represent Dr. Vincent Wenyong Shi ("Dr. Shi"). On March 15, 2023, Dr. Shi requested that the Court modify the Receiver Order to transfer control of Link Motion Inc. ("LKM") to the Board of Directors. Dkt. No. 399. On March 16, 2023, the Court directed "the parties and the Receiver to meet-and-confer and submit, within two weeks . . ., a stipulated proposed order for modifying the Receiver Order." Dkt. No. 400. The parties have engaged in a meet and confer process, but have been unable to reach an agreement as to the form of a stipulated proposed order.

  Specifically, I met and conferred with counsel for the Receiver and Plaintiff Wayne Baliga ("Plaintiff") on March 16, 2023 (by email), on March 23, 2023 (by telephone and email), on March 27, 2023 (by email), and on March 28, 2023 (by email). I did not receive redlined comments to Dr. Shi's Proposed Order until 7:35 p.m. this evening. Annexed hereto as <u>Exhibit A</u> is a compilation of emails reflecting the written portion of the meet and confer process.

  In Dr. Shi's March 15 request, he identified specific reliefs narrowly tailored to effectuate a transfer of control over LKM to the Board of Directors in an efficient manner while not interfering with the pending accounting process. Dkt. No. 399. During the March 23, 2023 call, the Receiver expressed concerns regarding payment for work that he contends will be required as a result of a return of control to the Board. I expressed Dr. Shi's view that transferring control to the Board will not result in any further work for the Receiver. Plaintiff expressed his view that the Receiver had previously "removed" Dr. Shi from the Board. I reminded Plaintiff that the Receiver had previously acknowledged in an October 9, 2022 letter to the Court that his purported "removal" of Dr. Shi was not effective because the Grand Court of the Cayman Islands (the "Cayman Court") declined to recognize the power of the Receiver to remove or appoint directors. *See* Dkt. No. 173 at 5.

  In an effort to reach consensus, I circulated a revised form of proposed order on March 27, 2023, which provided for the following: (i) an opportunity for the Receiver to submit a "supplemental accounting" for fees that he claims in connection with the change of control, along with an opportunity for interested parties to object, and (ii) text to make clear that Plaintiff may, if he desires, contest the current makeup of the Board before the Cayman Court. *See* <u>Exhibit B</u>

*Admitted to practice law in New York

Hon. Victor Marrero
March 30, 2023
Page 2 of 3

annexed hereto. In my cover email, I cited the Receiver's October 9, 2022 letter to the Court (filed on October 20, 2022 at Dkt. No. 173 at 5), in which the Receiver explained that his purported "removal" of Dr. Shi as a director was not effective because under Cayman law, the power to remove a director is exclusively the province of shareholders. Exhibit A at 1-2.

By emails on March 28, 2023, the Receiver and Plaintiff stated without explanation that Dr. Shi's form of proposed order was "not acceptable." Exhibit A at 9. By email dated 7:35 p.m. today, the Receiver and Plaintiff sent a redline of Dr. Shi's proposed order without any explanation for the legal basis for their proposed changes. Exhibit A at 1. A copy of the redline is annexed hereto as Exhibit C. For the following reasons, Dr. Shi does not consent to the Receiver's and Plaintiff's proposed edits.

First, Plaintiff's proposal to include ordering language purporting to declare that Dr. Shi is not a director is improper. The principles of comity require this Court to give effect to the Cayman Court's prior rulings, Dkt. Nos. 173-16 and 173-17, which declined to recognize any power of the Receiver to appoint or remove directors. *See*, *e.g.*, *Cybernaut Capital Mgmt. v. Partners Grp. Access Secondary 2008, L.P.*, 2013 U.S. Dist. LEXIS 117256, at *6 (S.D.N.Y. Aug. 7, 2013). As the Court in *Cybernaut* observed, "[c]omity counsels respect for litigation in the courts of a sovereign nation." *Id*. (citations omitted). Indeed, the Cayman Court itself applied the principles of comity in recognizing all other aspects of the Receiver Order issued by this Court. *See* Dkt. No. 173 at 5; 173-16; 173-17.[1] Now that this Court determined that the October 5, 2020 filing of the Second Amended Complaint merits discharge of the Receiver, there is no longer any basis in law or fact for this Court to be involved in or advise on issues of corporate governance such as the removal or appointment of directors of a Cayman Islands company. Those issues are for the Cayman Court to decide. This Court should defer to the Cayman Court's prior rulings regarding the lack of recognition of the Receiver's purported removal of Dr. Shi as a director.

Second, the Receiver's proposed edits improperly allocate costs (which may or may not actually materialize) to Dr. Shi without providing any party an opportunity to review and object to the expenses. In the ordinary course the costs of the receivership would be borne by either LKM or Plaintiff. *See*, *e.g.*, *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 276 (9th Cir. 1964); Dkt. No. 331 at 5 ¶5. Also, as the Court is aware, the issue of allocation of the Receiver's prior costs has been briefed in the Receiver's current accounting papers and Dr. Shi's objections and is currently sub judice. The Receiver cannot circumvent the judicial process and due process by inserting into this order his preferred ruling on an issue of receivership expenses that have not yet been incurred and which, in Dr. Shi's view, will never be incurred. If the Receiver incurs actual and legitimate expenses as a result of the transfer of control to the Board, Dr. Shi's proposed order provides for a supplemental accounting process where all interest parties can be heard regarding those expenses and a determination made by the Court.

Finally, the Receiver's and Plaintiff's proposed order contains excessive background information that is unnecessary and confusing. Dr. Shi's proposed order includes a minimum of background sufficient to provide context for the transfer of control to the Board, defined terms for

---

[1] It is our understanding that recognition of the Receiver Order was an issue of first impression in the Cayman Islands.

Hon. Victor Marrero
March 30, 2023
Page 3 of 3

clarity, and narrowly tailored ordering paragraphs that will make clear to third parties what control is being transferred to the Board.

     Accordingly, Dr. Shi respectfully requests that the Court enter an Order in the form of the Proposed Order submitted as Exhibit B to this letter.

                                        Respectfully submitted,

                                        */s/ Michael James Maloney*

                                        Michael James Maloney

cc:    All counsel of record (via ECF)