

Toby S. Soli
Tel 212.801.3196
solit@gtlaw.com

March 30, 2023

**VIA ECF**

The Honorable Victor Marrero
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)

Dear Judge Marrero:

      Attached is a proposed Order Modifying the Receiver Order which both the Receiver and Plaintiff Wayne Baliga ("Baliga") find agreeable. Counsel for the Receiver and counsel for Baliga and have attempted to negotiate an agreed order modifying the Receiver Order with counsel for Defendant Vincent Wenyong Shi ("Shi") as this Court ordered. (Dkt. 400.) Counsel for Shi never responded to our final proposed Order Modifying the Receiver Order and the first indication that Shi had rejected our proposal was when he filed his proposed stipulation after 10 pm.

      Shi's proposed Order Modifying the Receiver Order omitted all of the relevant history of this case. Indeed, as noted in the attached proposed Order Modifying the Receiver Order, this Court has previously ruled that the Receiver had the authority to remove Shi as a director and exercised that authority. (Dkt. No. 26 ¶ II.2(b), Dkt. 163, at 4.) Moreover, the Court adopted the finding in the Report and Recommendation that Shi should not be reinstated to any of his prior positions with the company. (Dkt. 275, at 41; Dkt. 331, at 23.)[1]

      Given Shi's long history of undermining the Receiver and extracting value from Link Motion in this case, it was vital that the Receiver and Baliga include protections in any proposed order. As a result, the attached proposed order requires Shi to deposit an amount equal to the Receivership's unfunded liabilities. In addition, and in accordance with this Court's prior orders, the proposed order prevents Shi from interfering with Link Motion's Board.

      Shi argues that the attached proposed order is improper because it includes language declaring that Shi is not a director. Of course, the language of the proposed order does no such thing. Instead, it simply preserves the parties' position as dictated by this Court's orders. Indeed, under the Receiver Order, the Receiver had the power to bar "any Individual Defendant from control of, management of, or participation in the affairs of the company." (Dkt. No. 26 ¶ II.2(b).) This is the status quo that the proposed Order Modifying the Receiver Order seeks to maintain.

---

[1] Shi argues that the Receiver never had the authority to remove him, but given this Court's prior orders, Baliga believes that this Court has recognized that Shi has been removed as a director. Regardless, it is clear that under this Court's prior orders, the Receiver could bar Shi's "control of, management of, or participation in the affairs of the company," which the Receiver did. (Dkt. No. 26 ¶ II.2(b).)

**Greenberg Traurig, LLP | Attorneys at Law**
77 West Wacker Drive  |  Suite 3100  |  Chicago, Illinois 60601  |  T +1 312.456.8400  |  F +1 312.456.8435

www.gtlaw.com

The Honorable Victor Marrero
United States District Court Judge
Southern District of New York
March 30, 2022
Page 2

      Shi argues that the attached proposed order improperly allocates costs under the accounting. Of course, the language of the proposed order does not such thing. Instead, it simply requires that if Shi seeks to have control of the company released to the Board of Directors before the accounting is complete, he must deposit funds sufficient to cover the Receivership's unfunded liabilities which will only be paid to the Receiver "if and to the extent the Court determines that Shi is responsible for the unfunded liabilities of the Receivership." Moreover, Shi incorrectly asserts that the issue of the allocation of the Receiver's prior costs has been briefed. The accounting has only briefed the question of the appropriateness of the Receiver's costs, the issue of the proper allocation of those costs has not been briefed.

      Shi argues that his proposed order is superior because it is simpler, but in its simplicity it goes too far, leaves too much room for ambiguity, and allows for the potential that Shi will return to control of the company contrary to this Court's prior rulings and simply disappear and refuse to meaningfully engage further in this litigation—as he did for the first 21 months of this litigation.

      Respectfully submitted,

      GREENBERG TRAURIG, LLP

      By: /s/ Toby S. Soli
          Toby S. Soli
      One Vanderbilt Avenue
      New York, NY 10017
      Telephone: (212) 801-9200
      Email: solit@gtlaw.com
      *Counsel for Plaintiff*

cc:    All counsel of record (via ECF)