**Re:** *Baliga v. Link Motion Inc. et al.*, **1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)**

Plaintiff's Correspondence to Honorable Victor Marrero dated March 30, 2023

# EXHIBIT A
[Stipulation and Proposed Order Modifying the Receiver Order]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>                        Plaintiff,<br>     -against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, JIA LIAN, XIAO YU,<br><br>                        Defendants,<br>     -and-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>                        Nominal Defendant. | Civil Action No.: 1:18-cv-11642<br><br><br>**STIPULATION AND ORDER MODIFYING RECEIVER ORDER** |

       On February 1, 2019, the Court entered a preliminary injunction and appointed Robert W. Seiden (the "Receiver") as temporary receiver for Link Motion Inc. ("LKM") (Dkt. 26), which, fully authorized the Receiver to "assume full authority of the Company by removing as the Receiver deems necessary or advisable, any director [or] officer. .of the Company, including any Individual Defendant from control of, management of, or participation in the affairs of the company" and to replace them (Dkt. No. 26 ¶ II.2(b); see also (Order, Dkt. 338 at 7);

       In a Memorandum and Order issued on September 4, 2020 (Dkt. 163, at 4), by Magistrate Judge Debra Freeman, the Court ruled that:

> As part of the Receivership Order, Judge Marrero expressly authorized the Receiver to remove Shi as a director of the Company, stating: The Receiver shall assume full control of the Company by removing, as the Receiver deems necessary or advisable, any director, officer, employee, independent contractor, or agent of the Company, including any Individual Defendant, from control of, management of, or participation in, the affairs of the Company. (*Id.* § II(2)(b).) On March 14, 2019, acting in his capacity as Receiver, Seiden apparently then removed Shi as a director of the Company. (*See* Letter to the Court from Michael James Maloney, Esq., dated Aug. 29, 2019 ("Shi 9/29/19 Ltr.") (Dkt. 95), at 1-2.);

1

On August 2, 2021, Shi admitted that he understood that "he ha[d] been removed as a director of LKM" and that "[t]he Receiver removed only Shi from his office as a director," (Dkt. 246, at 2 FN2, 17 FN2);

By Decision and Order issued on August 25, 2022 (Dkt. 331), the Court adopted the report and recommendation of the Honorable Debra Freeman (Dkt. 275), recommending that the preliminary injunction be dissolved, the Receiver be discharged after the Receiver submits an accounting for the receivership, the Receiver maintain the status quo pending a ruling on the accounting and she did not recommend that any actions taken by the Receiver be unwound or that "Shi be reinstated to his prior positions of Chairman of the Board and Chief Operation Officer of the Company, or that any other former Directors of the Company who may have been removed by the Receiver be ordered reinstalled."; see also, Order, Dkt. 364("the D&O did not require the Receiver to "unwind any activities that have already been taken on the Company's behalf.");

On September, 15, 2022, the Court issued an order (Dkt. 338) denying Shi's request for a temporary restraining order and preliminary injunction and holding that the extraordinary general meetings sought to be convened by Robert W. Seiden (Receiver) shall be postponed until Lilin "Francis" Guo ("Guo") can attend the meetings, provided that Guo reappears prior to the full discharge of the Receiver's authority, following its provision of a full accounting of the receivership's activities", which ruling was reaffirmed by the Court on October 5, 2022 (Dkt. 364), when Shi renewed his request for a temporary restraining order and preliminary injunction to enjoin the meeting (collectively the "EGM Orders"). In denying Shi's renewed motion the Court held that the Receiver "maintains the authority to convene the extraordinary general meetings ("EGMs") and may do so provided that Lilin "Francis" Guo ("Guo") reappears and is able to attend

2

the EGMs, and the EGMs are convened prior to the Court's approval of the Receiver's accounting, which results in the Receiver's discharge.";

On September 29, 2022, the Court issued an order (Dkt. 359) setting forth a schedule for submission of the Accounting and any objections thereto. The order provided that "The Court will determine if an evidentiary hearing is necessary upon review of the submissions." (Dkt. 359);

On October 7, 2022, the Court issued an order holding that an unauthorized meeting of LKM's board of directors on September 1, 2022 "violate[d] orders this Court issued in this action" and directed that LKM's board "shall not convene and vote to take any action not directed by the court-appointed receiver, Robert Seiden ("Receiver"), until after the Receiver has been fully discharged upon the Court's approval of the Receiver's final accounting."

The Receiver submitted his accounting (the "Accounting") on November 4, 2022 (Dkt. 375, 376). In the Accounting, the Receiver contended that throughout the Receivership, the Receiver's work has been complicated by Defendant Shi's violations of this Court's orders, including by diverting LKM's assets to himself and frustrating the Receiver's asset recovery efforts. The Receiver further contended that, under well-established law, a corporate officer may be held personally liable for the debts of a corporation in receivership, where the officer diverted the corporation's funds and thereby drained the assets available to the Receivership. The Receiver therefore contended that given Shi's extraordinary misconduct — including diverting over $80 million in LKM funds during the Receivership to companies that he controlled — the Court should hold Shi personally liable for the Receivership's unfunded liabilities. (*see* Dkt. 375 at 1-2, 16-20). The Receiver's unfunded liabilities as of the date of the Accounting totaled $1,077,117.38. (Dkt. 375 at 9).

Defendant Vincent Wenyong Shi ("Dr. Shi") submitted objections to the accounting on February 3, 2023; and

Plaintiff Wayne Baliga ("Plaintiff") declined to respond to the accounting;

3

By letter dated March 15, 2023 (Dkt. 399), defendant Dr. Shi requested a conference with the Court concerning the request to modify the Receiver Order to immediately return control over LKM to the board of directors of LKM, notwithstanding that the Court had not ruled on the Accounting or determined whether to conduct an evidentiary hearing in connection with the Accounting; and

Pursuant to the Order dated March 16, 2023 (Dkt. 400), the parties and the Receiver have met and conferred and stipulate to entry of this Stipulation and Order.

In light of the above and all prior proceedings in this action, and with good cause appearing, it is hereby

ORDERED that, unless otherwise expressly provided, whenever the terms listed below are used in this Order the following definitions shall apply:

"Accounting" shall mean the accounting and supporting papers filed by the Receiver on November 4, 2022; and

"Board" shall have the meaning assigned to that term in LKM's Memorandum of Association; and

"Companies Law" shall mean the Companies Law of the Cayman Islands and amendments and revision thereto; and

"Developer Accounts" shall mean all accounts maintained in the name of or for the benefit of LKM with Apple Inc., DAPP Global Limited, Facebook Ireland Ltd., ACH-Google LLC, PayPal, Inc., and/or any other related developer accounts; and

"Directors" shall mean the directors of LKM as of the date of the entry of this Stipulation and Order taking into consideration the fact that the Receiver, pursuant to the

Receiver Order, excluded Dr. Shi from control of, management of, or participation in the affairs of LKM; and

"Dkt." shall refer to the document and/or documents filed at the referenced number on the docket of this action maintained by the Clerk of Court for the United States District Court for the Southern District of New York; and

"LKM" shall mean named corporate defendant Link Motion Inc., an exempt limited company formed and existing under the laws of the Cayman Islands; and

"LKM International" shall mean LKM's wholly-owned subsidiary Link Motion International Limited, a private company limited by shares formed and existing under the laws of Hong Kong under Companies Register No. 144596; and

"Memorandum of Association" shall mean LKM's Sixth Amended and Restated Memorandum of Association (Dkt. 130-3); and

"Prior Orders" shall mean all prior Orders entered in this action, including but not limited to the Receiver Order dated February 1, 2019, Decision & Order dated October 7, 2022 (Dkt. 365); and the EGM Orders dated September 15, 2022 and October 5, 2022 and

"Receiver" shall mean Robert W. Seiden, the Court-appointed temporary receiver for LKM; and

"Receiver Order" shall mean the Order Granting Preliminary Injunction and Appointing Temporary Receiver (Dkt. 26); and

"Stipulation and Order" shall mean this Stipulation and Order Modifying Receiver Order; and

"Supplemental Accounting" shall mean a supplemental accounting of all expenses the Receiver claims to have incurred as a result of compliance with this Stipulation and Order; and

"Supplemental Objections" shall mean objections to the Supplemental Accounting, which shall be limited to the legal issues concerning and matters specified in the Supplemental Accounting;

and it is further

ORDERED that, within 3 business days of the entry of this Stipulation, Shi deposit with the Court an amount (the "Shi Deposit") equal to the Receivership's unfunded liabilities, which shall be paid to the Receiver if and to the extent the Court determines that Shi is responsible for the unfunded liabilities of the Receivership;

Upon the Court's confirmation of Shi's payment of the Shi Deposit, the Receiver Order shall be modified as follows:

(i) Paragraphs 2 (including subparagraphs (a) through (g), inclusive) 3, 4, and 5 of the Receiver Order are stricken; and

(ii) All powers and authority granted to the Directors of LKM pursuant to the Companies Law and Memorandum of Association, including but not limited to the power to meet and take action on behalf of LKM, are immediately restored to the Board; and

(iv) The Receiver shall provide a copy of this Stipulation and Order to The Grand Court of the Cayman Islands Financial Services Division; and

(v) The Receiver shall provide a copy of this Stipulation and Order to the High Court of the Hong Kong Special Administrative Region; and

(vii) The Receiver is hereby directed to otherwise cooperate with the Board in order to effectuate the transfer of control over LKM to the Board; LKM is directed to compensate the Receiver and his staff, including counsel and other professionals, for all work that may required in transferring control over LKM to the Board or otherwise in connection with this Stipulation.

> The Receiver and his staff (as well as his counsel and other professionals) shall have no obligation perform any work without compensation.

and it is further

ORDERED, that all Prior Orders prohibiting the Board from meeting or otherwise restricting the powers and/or authority of the Board are hereby modified to remove and dissolve all such restrictions and to otherwise conform with the relief granted in this Order,

ORDERED, that the Court enjoins Shi from participating in any Board meeting or other Board action pending the Court's final determination of the Accounting; and it is further

ORDERED, within thirty (30) days of entry of this Order, the Receiver may file a Supplemental Accounting. Within thirty (30) days of the filing of the Receiver's Supplemental Accounting, Defendants may file Supplemental Objections and within thirty days (30) of the filing of Defendants' Supplemental Objections, Plaintiff may file a response to the Accounting and Supplemental Objections ; and it is further

ORDERED, that all parties to this Stipulation shall remain subject to the Court's jurisdiction until a final ruling on the Accounting and the Supplemental Accounting.

Dated: New York, New York
       March _, 2023

| | |
|---|---|
| GREENBERG TRAURIG, LLP | FELICELLO LAW P.C. |
| By: *DRAFT* | By: *DRAFT* |
| Miriam G. Bahcall | Michael James Maloney, Esq. |
| 77 West Wacker Drive Suite 3100 | 366 Madison Avenue 3rd Floor |
| Chicago, IL 60601 | New York, NY 10017 |
| T +1 (312) 476-5135 | Tel. +1 (212) 584-7806 |
| bahcallm@gtlaw.com | mmaloney@felicelloawlaw.com |
| *Attorneys for Plaintiff Wayne Baliga* | *Attorneys for Defendants Link Motion Inc. and Vincent Shi* |

SEIDEN LAW LLP

By: <u>  DRAFT         </u>
Amiad Kushner, Esq.
322 Eighth Avenue Suite 1704
New York, NY 10001
(212) 523 – 0686
akushner@seidenlaw.com
*Attorneys for Robert W. Seiden*
*Temporary Receiver for Link Motion Inc.*

SO ORDERED.

Dated: <u>                       </u>
      New York, New York

_____
Victor Marrero
U.S.D.J.

8