UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WAYNE BALIGA,

                        Plaintiff,

         -against-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYONG SHI, ROLAND WU, and
ZEMIN XU,

                       Defendants.
-----------------------------------------------------------------X

18-CV-11642 (VM) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge**

      On August 22, 2022 this Court entered an Order (the "August 22 Order") granting in part and denying in part Defendant Vincent Wenyong Shi's letter motion requesting that certain "Sealed Documents" be unsealed and publicly filed. See ECF No. 329. The August 22 Order denied Shi's motion with respect to the "Category 3" documents, defined therein as documents relating to Mr. Guo's (the Receiver's agent in China) court-approved Note Agreement. See id.[1] The August 22 Order reasoned that while the "Category 3" documents are judicial documents to which the presumption of public access applies, the presumption was overcome based on the representations of the Receiver that Guo abruptly ceased years-long, constant communications directly following the public disclosure that he has become the largest equity holder in LKM, and that given the alleged "disappearance," there was a compelling countervailing interest in maintaining the Category 3 documents under seal in order to protect against potential harm to Guo. See id. at 6-9.

---

[1] The relevant background and facts are recounted in the August 22 Order.

1

On September 28, 2022, Defendants submitted a motion for relief, pursuant to Federal Rule of Civil Procedure 60, from the portion of the August 22 Order directing that the "Category 3" documents remain under seal. See ECF No. 356 (the "Rule 60 Motion"). The basis for the Rule 60 Motion is purported new evidence contained in the Receiver's September 22, 2022 letter, which conveyed that an individual (the "Individual") in China had represented to the Receiver's office that Guo had been unreachable "for reasons unrelated to LKM" and would re-appear in "30-60 days." See ECF No. 351. Thereafter, on October 4, 2022, the Receiver submitted another letter stating that the Receiver's office had further communications with the Individual, who indicated that Guo was "estimated to re-appear by the end of October 2022." See ECF No. 363. On October 19, 2022, the Receiver opposed the Rule 60 Motion, asserting that at that time, he still had not had any direct contact with Guo ("for over 6 months") and could not verify the authenticity of the Individual's representations. See ECF No. 368.

Since October 2022, the Receiver has not provided a status update as to his knowledge of Guo's whereabouts, despite the fact that the Receiver's last communication from the Individual suggested that Guo was estimated to "re-appear by the end of October 2022." Accordingly, the Receiver is directed to submit a letter by no later than **Monday, April 24, 2023**, providing an update as to whether Guo has in fact "re-appeared," any new information as to Guo's whereabouts, and whether the Receiver still believes that Guo's safety may be in jeopardy.

**SO ORDERED.**

DATED:   New York, New York
         April 10, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge