UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

WAYNE BALIGA,

                               Plaintiff,

        -against-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYONG SHI, ROLAND WU, and
ZEMIN XU,

                             Defendants.
---------------------------------------------------------------X

18-CV-11642 (VM) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge**

On August 22, 2022, the Court entered an Order (the "August 22 Order") granting in part and denying in part Defendant Vincent Wenyong Shi's letter motion requesting that certain "Sealed Documents" be unsealed and publicly filed. See ECF No. 329. The August 22 Order denied Shi's motion with respect to the "Category 3" documents, defined therein as documents relating to Mr. Guo's (the Receiver's agent in China) court-approved Note Agreement. See id.[1] The Court reasoned that while the "Category 3" documents are judicial documents to which the presumption of public access applies, the presumption was overcome based on the Receiver's representations that Guo abruptly ceased years-long, constant communications immediately after the public disclosure that he had become the largest equity holder in Link Motion ("LKM"). See id. at 6-9. As the Court explained, given Guo's alleged "disappearance," there was a compelling countervailing interest in maintaining the Category 3 documents under seal in order to protect against potential harm to Guo. See id.

---

[1] The relevant background and facts are recounted in the August 22 Order. The Court assumes the parties' familiarity with that Order and the facts recounted therein.

1

On September 28, 2022, Defendants submitted a motion for relief, pursuant to Federal Rule of Civil Procedure 60, from the portion of the August 22 Order directing that the "Category 3" documents remain under seal. See ECF No. 356 (the "Rule 60 Motion"). The basis for Defendants' Rule 60 Motion is "new evidence," contained in a September 22, 2022 letter from the Receiver, indicating that an individual (the "Individual") in China had represented to the Receiver's office that Guo had been unreachable "for reasons unrelated to LKM" and would re-appear in "30-60 days." See ECF No. 351. Thereafter, on October 4, 2022, the Receiver submitted another letter stating that the Receiver's office had further communications with the Individual, who indicated that Guo was "estimated to re-appear by the end of October 2022." See ECF No. 363. On October 19, 2022, the Receiver opposed the Rule 60 Motion, asserting that, at the time, he still had not had any direct contact with Guo ("for over six months") and could not verify the authenticity of the Individual's representations. See ECF No. 368.

On April 10, 2023, the Court directed the Receiver to submit a letter "providing an update as to whether Guo has in fact 're-appeared,' any new information as to Guo's whereabouts, and whether the Receiver still believes that Guo's safety may be in jeopardy." See ECF No. 404 at 2. On April 20, 2023, the Receiver submitted a letter stating that "[o]n or about April 8, 2023, the Receiver unexpectedly received information from an associate of Mr. Guo's indicating that Mr. Guo had re-appeared" and that "[o]n April 13, 2023, [the Receiver's] office spoke directly with Mr. Guo," who "informed [the Receiver's office] that he is currently in the [People's Republic of China]." See ECF No. 405. The Receiver represents that while his office "remains concerned about Guo's safety," it "currently ha[s] no specific information indicating that his safety is or is not in jeopardy." See id. On April 21, 2023, Defendant Shi submitted a letter in response to the Receiver's April 20 letter, arguing that based on the Receiver's

acknowledgment that his office had communicated with Guo and has no information indicating a potential threat to Guo's safety, there is no longer a basis for the continued sealing of the Category 3 documents. See ECF No. 406.

## DISCUSSION

Under Rule 60(b):

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is warranted where "(i) there is 'highly convincing' evidence in support of the motion, (ii) the movant shows good cause for failing to act sooner, and (iii) the movant shows that granting the motion will not impose an undue hardship on any party." Delville v. Firmenich Inc., 23 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (citation omitted). Rule 60(b) "provides extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances." Sankara v. City of New York, No. 15-CV-6928 (VSB), 2019 WL 549018, at *1 (S.D.N.Y. Feb. 11, 2019) (citations and internal quotation marks omitted). The decision whether to grant a Rule 60(b) motion rests "within the sound discretion of the district court," and the moving party bears the burden of proof. Id. (citations and internal quotation marks omitted).

In response to Shi's original May 26, 2022 letter motion seeking to unseal the Category 3 Documents, see ECF No. 306, the Receiver stated that he did not oppose the unsealing "[p]rovided that there is no risk to the physical safety of Mr. Guo or any of the receiver's other agents," but that he feared Guo had "disappeared or been kidnapped" as a result of the public

3

disclosure of Guo's substantial equity interest in LKM, see ECF No. 309. In the August 22 Order, the Court reasoned the Category 3 documents should remain sealed to protect Guo's safety in light of his sudden and unexplained disappearance. See ECF No. 329. However, given Guo's recent reappearance, his direct communication with the Receiver's office, and the Receiver's representation that he does not have any information indicating that Guo's safety is in jeopardy, the basis for maintaining the Category 3 documents under seal no longer exists. In short, Guo's reemergence and the changed circumstances surrounding his personal safety and whereabouts justifies the relief sought by Defendants here, because there no longer exists a compelling countervailing interest in maintaining the Category 3 documents under seal.

For these reasons, Defendants' motion for relief is **GRANTED**. The Receiver is directed to file the Category 3 Documents on the public record in this action.[2] The Receiver may submit to the Court, for *in camera* review, proposed redactions to the Category 3 documents for personal or privileged information, along with copies of the unredacted documents and a letter explaining the basis for the proposed redactions. Any proposed redactions should be submitted by no later than **May 24, 2023**. The Clerk of Court is directed to terminate the motion at ECF No. 356.

**SO ORDERED.**

DATED:   New York, New York
         April 25, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge

---

[2] The Receiver has previously stated that, to his knowledge, the Sealed Documents relating to Mr. Guo's Note Agreement are at ECF Nos. 74, 119-20, and 255-56. See ECF No. 319 at 2 n.2.