**FELICELLO**   Michael James Maloney   Felicello Law P.C.
                Partner                  366 Madison Avenue
                                         3rd Floor
                                         New York, NY 10017

                                         Tel. +1 (212) 584-7806
                                         mmaloney@felicellolaw.com

**VIA ECF**                                                  May 3, 2023

Hon. Victor Marrero
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-VF (S.D.N.Y.)

Dear Judge Marrero:

      I represent Dr. Vincent Wenyong Shi ("Dr. Shi"). I write to request that the Court issue an Order as follows: (i) directing the Receiver to cease and desist from selling, transferring, or otherwise disposing the internet domain names and other assets belonging to LKM, (ii) directing the Receiver to preserve all tangible and intangible assets of LKM pending the outcome of the accounting, and (iii) modifying the Receiver Order to transfer control of Link Motion Inc. ("LKM") to the Board of Directors. The basis for this request is newly discovered information showing that valuable internet domain names belonging to LKM are being openly marketed for sale to the general public.

      Specifically, the domain name www.nq.com is now for sale. *See* www.nq.com ("NQ.com - Now for Sale for a Limited Time") and **Ex. A** hereto. LKM had originally purchased use rights to www.nq.com in 2011 for $1.6 million. See **Ex. B**[1] hereto. Internet records show that www.nq.com continues to be controlled by NetQin Mobile, Inc (*see* Dkt. No. 406-2), which is one of the LKM operating companies in China that has been under Mr. Guo's control since 2019. *See* Dkt. No. 394 ¶¶ 21-25 and 55-60. The domain names linkmotion.com, lkmotion.com, and netqin.com also appear to be for sale. *See* www.linkmotion.com ("The domain linkmotion.com is for sale!") and **Ex. C** hereto.

      These domain names are valuable intellectual property that have belonged to LKM since well before the appointment of the Receiver. The Receiver was previously ordered to maintain the status quo pending the resolution of his accounting. Dkt. No. 26 § II(2) (the "Receiver Order"), Dkt. No. 275 at 42, Dkt. No. 331. These prior Orders also apply to Mr. Guo, who is the agent for the Receiver and currently controls NetQin Mobile, Inc. Thus the Receiver is responsible for the failure to maintain the valuable domain names of LKM. That LKM's domain names are now openly marketed for sale demonstrates that the Receiver and his agent, Mr. Guo, are ignoring the Court's orders and neglecting to maintain the value of LKM's intellectual property. The loss of

---

[1] Exhibit B is an excerpt of LKM's 2011 Form 20-F Annual Report available at https://www.sec.gov/Archives/edgar/data/1509986/000119312512143756/d323503d20f.htm (see p.68 under "Investing Activities").

*Admitted to practice law in New York

Hon. Victor Marrero
May 3, 2023
Page 2 of 2

this intellectual property will cause irreparable harm to LKM. Accordingly, Dr. Shi requests that the Court Order the Receiver to cease all efforts to sell the domain names and to otherwise comply with the Court's prior orders to maintain and preserve all tangible and intangible property of LKM.

Dr. Shi also renews his request that the Court modify the Receiver Order to return control of LKM to the Board of Directors. Dr. Shi made a similar request on March 15, 2023. Dkt. No. 399. The Court declined to act on the request because the parties were unable to agree on the terms of a stipulated proposed order for modifying the Receiver Order. *See* Dkt. Nos. 401, 402, 403. Dr. Shi now makes a second request to modify the Receiver Order to transfer control of LKM to the Board of Directors based on new information, described above, showing that the Receiver and his agents are ignoring the Court's order to preserve LKM's assets and openly selling its valuable domain names. The Court has discretion to modify the Receiver Order pursuant to 28 U.S.C. § 3103(e) at any time.

Accordingly, Dr. Shi respectfully requests that the Court enter an Order as follows:

(i) directing the Receiver to cease and desist from selling, transferring, or otherwise disposing the internet domain names belonging to LKM,

(ii) directing the Receiver to preserve all tangible and intangible assets of LKM pending the outcome of the accounting, and

(iii) modifying the Receiver Order as requested by Dr. Shi at Dkt. No. 401-2.

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc:   All counsel of record (via ECF)