# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York**

322 Eighth Avenue Suite 1704 New York, NY 10001 (212) 523–0686  rseiden@seidenlaw.com

**VIA ECF**
Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

May 9, 2023

Re: *Baliga, et al. v. Link Motion Inc., et al.*, 1:18-cv-11642-VM-VF

Dear Judge Marrero,

     I write pursuant to Your Honor's order dated May 4, 2023 (ECF 415) and in response to Defendant Vicent Wenyong Shi's ("Shi") letter dated May 3, 2023 (ECF 414; the "May 3 Letter") requesting the Court to direct the Receiver (i) "to cease and desist from selling, transferring, or otherwise disposing the internet domain names and other assets belonging to [Link Motion Inc ("LKM")]; (ii) to preserve all tangible and intangible assets of LKM pending the outcome of the accounting; and (iii) modifying the Receiver Order to transfer control of LKM to the Board of Directors."  May 3 Letter at 1.

     Shi's allegation that the Receiver "fail[ed] to maintain the valuable domain names of LKM" grossly misrepresents what has occurred.  ECF 414, at 1.  Contrary to Shi's contention, in blatant violation of the Court's receivership order (ECF 26; the "Receivership Order"), Shi and his associates failed to turn over the certificates of ownership, registration credentials, and/or license agreements of LKM's domain names (including www.nq.com, linkmotion.com, lkmotion.com, and netqin.com) to the Receiver.  Since his appointment, the Receiver has sent numerous letters to Shi and other current and former directors and officers of LKM seeking documents, information, and other assistance pursuant to the Receivership Order.  *See* ECF 43.  However, as previously reported to the Court, Shi and his associates failed to turn over LKM's seal, financial statements, books and records, and licenses.  *See* ECF 50, 239-1, and 375.

     Tellingly, Shi's May 3 Letter provides no evidence that the Receiver was ever given the certificates of ownership, registration credentials, or license agreements for LKM's domain names.[1]  Nor does Shi provide any evidence to support his allegations that the Receiver or his agents have listed LKM's domain names for sale or "neglected to maintain the value of LKM's

---

[1] Shi also incorrectly contends that NQ.com was "controlled by NetQin Mobile, Inc. . . . which is one of the LKM operating companies in China that has been under Mr. Guo's control since 2019."  ECF 414, at 1.  Contrary to this contention, NetQin Mobile Inc. is the former name of LKM, *i.e.*, the Cayman holding company.  It is not one of LKM's operating companies in China.  *See* LKM's press release on Form 6-K, dated March 29, 2012 (available at: https://www.sec.gov/Archives/edgar/data/1509986/000119312512165556/d336009dex991.htm) (disclosing that NetQin Mobile Inc. changed its name to NQ Mobile Inc. ); LKM's press release on Form 6-K, dated January 22, 2018 (*See* available at: https://www.sec.gov/Archives/edgar/data/1509986/000114420418003154/tv483842_ex99-1.htm) (disclosing that NQ Mobile Inc. changed its name to Link Motion Inc.).

**Robert W. Seiden**

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

intellectual property." These allegations are false. It is Shi who has systematically looted LKM, including by transferring tens of millions of dollars of LKM's cash to himself or entities that he controls, while failing to turn over LKM's books and records to the Receiver and his agents and frustrating the work of the Receivership at every turn. *See, e.g.*, ECF 43, 50, 239-1, 365, and 375.

Further, contrary to Shi's egregious misrepresentation that LKM "purchased use rights to www.nq.com in 2011 for $1.6 million," LKM disclosed that in July 2011, it "purchased a domain name NQ.com from a third party [] with a consideration of ***US$1,550***."[2] Indeed, Shi's claim that LKM's domain names are "valuable intellectual property" is sheer fantasy. For example, nq.com is currently listed for sale at nine dollars and thirty cents ($9.30). *See* Exhibit A.

Because Shi's assertions regarding the Receiver's supposed marketing and sale of LKM's domain names are false, there is no basis for the Court to reconsider its denial of Shi's application to transfer control of LKM to the Board of Directors. If anything, Shi's egregious misrepresentations in the May 3 Letter regarding LKM's domain names further underscore the need for a transparent and thorough accounting, including a determination of the extent to which Shi should be held personally liable for the unfunded liabilities of the Receivership. *See* ECF 375, at 16-20. Indeed, given Shi's documented history of undermining the Receiver and looting LKM, it is critical that Shi be required to deposit an amount equal to the Receivership's unfunded liabilities prior to any change in the status quo. *See* ECF 402-1 (setting forth a proposed Order Modifying the Receivership Order in a manner acceptable to the Receiver and the Plaintiff).

Moreover, in light of Mr. Guo's recent reappearance, the Receiver now intends to immediately reconvene LKM's extraordinary general meetings ("EGMs") consistent with this Court's prior directives. *See* ECF 338, at 13 ("The extraordinary general meetings sought to be convened by [Receiver] shall be postponed until [Mr. Guo] can attend the meetings, provided that Guo reappears prior to the full discharged of the Receiver's authority, following its provision of a full accounting of the receivership's activities."); ECF 364 at 14-15 ("[The] Receiver maintains the authority to convene the extraordinary general meetings [] and may do so provided that [Mr. Guo] reappears and is able to attend the EGMs, and the EGMs are convened prior to the Court's approval of the Receiver's accounting, which results in the Receiver's discharge. ECF 364, at 14-15."). Mr. Guo intends to attend the EGMs. As previously communicated to the Court, the EGMs may result in Shi's removal from LKM's board of directors. ECF 335. Shi's May 3 Letter is a transparent and self-serving attempt to seize control over LKM before the Receiver can reconvene the EGMs. The Court should reject Shi's attempt to derail the Receiver's work through false allegations.

cc: All Parties (via ECF)

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver for Link Motion Inc.

---

[2] *See* LKM's 2011 Annual Report on Form 20-F, at F-22 (available at https://www.sec.gov/Archives/edgar/data/1509986/000119312512143756/d323503d20f.htm#toc323503_33).