# Exhibit A

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
NEW YORK, NEW YORK 10007
Telephone: (212) 805-6374
Fax No.: (212) 805-6392

CHAMBERS OF
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

# FAX COVER SHEET
# 2019
## Date: June 19

| TO: | ORGANIZATION: | FAX NUMBER |
|---|---|---|
| Robert Seiden | | 646-304-5277 |
| | | |
| | | |
| | | |
| | | |

FROM: **JUDGE VICTOR MARRERO**

NO. OF PAGES : 9
(including cover page)

MESSAGE:   It is ORDERED that counsel to whom this Order is sent is responsible for faxing/mailing copy to all counsel and retaining verification of such in the case file. DO NOT FAX SUCH VERIFICATION TO CHAMBERS.

CONFIDENTIALITY NOTE: This facsimile is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this facsimile or the information herein by anyone other than the intended recipient is prohibited. If you have received this facsimile in error, please notify us immediately by telephone or return the facsimile by mail.

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

Robert W. Seiden, Esq. | The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com

**SEALED**

**VIA FAX (212) 805-6382**
Hon. Victor Marrero
Suite 1040
United States Courthouse
500 Pearl Street
New York, New York 10007

## CONFIDENTIAL AND REQUESTED TO BE KEPT UNDER SEAL

June 18, 2019

### Re: Wayne Baliga v. Link Motion Inc. et al. 1:18-cv-11642

Dear Honorable Judge Marrero,

I write this letter at a critical juncture in order to request approval of the attached compensation incentive agreement and promissory note that I have negotiated between Link Motion Inc. and Mr. Lilin "Francis" Guo ("Mr. Guo") (the "Note Agreement").

As Your Honor is aware, my Receivership team and I have been working diligently on behalf of Link Motion Inc. ("Link Motion" or the "Company") to ensure the status quo of the Company pending the outcome of the action before Your Honor. These efforts have been met with the upmost resistance by Vincent Weyong Shi ("Mr. Shi"), who continues to actively thwart the Receivership inside China and is racing to transfer assets, personnel, and records out of Link Motion's control and into other shell companies, including removing the books and records of the Hong Kong subsidiary out of the jurisdiction of Hong Kong in contravention to Hong Kong law. This has been officially reported to the Hong Kong Police and the Hong Kong Corporate Registry. In my view, there is no longer any doubt that Mr. Shi fully intends to abandon Link Motion and strip the Company of any remaining value.

My team inside China working to prevent the above from happening has been led by Mr. Guo, a large original Link Motion shareholder that I have previously appointed as a director of Link Motion, and who has been working tirelessly and relentlessly on behalf of the Receivership

**SEALED**

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

Robert W. Seiden, Esq. | The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com

inside China. Mr. Guo, a well-respected middle-aged businessman, was instrumental in securing under the Receiver's control Link Motion's wholly owned Chinese entity Link Motion Beijing Co., Ltd. (the "WFOE"). Control over the WFOE is needed in order to have any chance to secure Link Motion's VIE Company, Beijing Link Motion Technology Co., Ltd. (the "VIE"), where Link Motion's remaining valuable assets are held. While securing the VIE will be painstaking and extremely difficult work, it is now within the Receivership's reach. It will, however, require extensive work, including fully consolidating control over the WFOE and taking legal action to assume control over the VIE. This is the only way to ensure remaining assets of Link Motion are preserved in accordance with Your Honor's instructions.

The Receivership is also undertaking extensive work within Hong Kong on behalf of the Company. The Receiver, through its Hong Kong counsel at Kobre & Kim, has recently appeared on behalf of Link Motion in an arbitration filed against the Company by Zhongzhi Hi-Tech Investment ("ZZ"). ZZ maintains a significant convertible note with Link Motion ("ZZ Note"). Link Motion has to date defaulted on the ZZ Note despite having had ample funds to pay it back. As alleged in the Complaint in the action before Your Honor, evidence supports the conclusion that the ZZ Note and subsequent default was a fraud that was orchestrated by Mr. Shi, who has significant conflicts of interests with ZZ, to divert Link Motion's two most valuable assets "Showself" and "FL Mobile" to ZZ. The arbitration filed by ZZ was not publicly disclosed, but rather was uncovered by my investigative team. Had the Receivership not appeared on behalf of Link Motion, ZZ would have won an award by default. Just this week, my legal team participated in an initial conference with the arbitration tribunal, and informed the tribunal of the role of the Receiver and requested a stay in the proceedings in order for the Receivership to investigate the situation and secure funding to participate fully in the proceedings. Participating in this arbitration is critical (and time consuming) if there is any chance to restore value back to Link Motion. Participation will require our legal team in Hong Kong to prepare for and participate in the arbitration.

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

Robert W. Seiden, Esq. | The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com

We have further been informed that Mr. Shi may have committed criminal acts within Hong Kong by transferring significant Company cash to a particular Hong Kong-listed entity that we have identified and are actively investigating. The Receivership on behalf of the Company intends on filing criminal charges against Mr. Shi for this alleged illegal theft and transfer of assets outside the control of the shareholders and Receivership.

This work within China and Hong Kong will require significant time, effort and funding. The Receivership will need to pay legal teams on the ground in both China and Hong Kong to initiate the required lawsuits and to participate in the arbitration. Additionally, in order to preserve the Company's value and the status quo of its economic and operational condition, the Receiver will need to resume paying normal day-to-day operational expenses on the ground inside China, as Mr. Guo continues to make progress, including paying Link Motion's Chinese employees (who have been working without pay for some time) and paying for new office space from which to manage the existing assets of the Company and avoid erosion of the ongoing business. If a new office space is not secured and paychecks do not resume, the Company's remaining employees will quit, and operations will completely shut down.

Mr. Guo has graciously agreed to provide the necessary effort and funding to accomplish all of the above. Under the Note Agreement, Mr. Guo will provide the Company with a loan of RMB equivalent of $1,500,000.00 to fund the lawsuits within China, the arbitration within Hong Kong, and day-to-day operations within China, including securing a new office space for the Company. The funds will be held in the WFOE's bank account within China controlled by the Receivership. All expenses using this money will be reviewed by the Receiver and his accounting professionals. Mr. Guo has further agreed that repayment of the Note Agreement is <u>contingent on the Receivership successfully recovering and securing liquid funds of the Company</u>. To the extent that Mr. Shi is successful in completely stripping the Company of its assets, and we cannot recover any funds, Guo will not be entitled to any repayment of these advances funds. In consideration for the loan and the significant risks Mr. Guo is taking, the Note Agreement provides Mr. Guo with

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

Robert W. Seiden, Esq. | The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com

both interest and a conversion option whereby at the maturity date, Mr. Guo can choose to convert his RMB equivalent of $1,500,000.00 into equity of the Company at $.10 per ADS equivalent.[1]

I believe this Note Agreement is fair, just, and absolutely necessary under the circumstances. If the Receivership does not secure additional funding for the above activities, the Company and its value will be imminently lost forever. Furthermore, we believe that Mr. Guo is uniquely positioned to accomplish the daunting tasks ahead of navigating the Chinese legal system and regulatory processes necessary for maintaining the status quo and for the Receivership's efforts to ultimately be successful, and to bring value back to the Company and the shareholders. The shareholder's ability to see any recovery is directly tied to the Receiver's efforts to be successful inside of China to preserve the assets and enterprise value. The immediate funding, business expertise and leadership of Mr. Guo, guided and overseen by the Receiver, are critical.

Please do not hesitate to contact me via email or telephone if your honor wishes to discuss this request in more detail.

Respectfully submitted,

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver for
Link Motion Inc.

> Request GRANTED. The Note Agreement described above and attached hereto entered into by the Court-appointed receiver in this action is approved.
>
> SO ORDERED.
>
> 6-18-19
> DATE    VICTOR MARRERO, U.S.D.J.

---

[1] It is important to note that the ADS was trading at $0.15/ADS prior to being delisted. Thus, Mr. Guo's conversion option at $.10 per ADS is completely justified and fair.

THIS NOTE AND ANY SECURITIES ISSUABLE PURSUANT HERETO HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), OR UNDER THE SECURITIES LAWS OF CERTAIN STATES. THESE SECURITIES MAY NOT BE OFFERED, SOLD OR OTHERWISE TRANSFERRED, PLEDGED OR HYPOTHECATED EXCEPT AS PERMITTED UNDER THE ACT AND APPLICABLE STATE SECURITIES LAWS PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT OR AN EXEMPTION THEREFROM.

本票据及根据本票据可发行的任何证券尚未根据 1933 年证券法（经修订）（"证券法"）或特定州的证券法进行登记。这些证券不得提供、出售或以其他方式转让、质押或典押，除非根据有效的登记声明和豁免、法案和适用的国家证券法允许。

## Link Motion, Inc.

### SECURED CONVERTIBLE PROMISSORY NOTE
### Link Motion Inc.有担保可转换本票

June __, 2019                         RMB equivalent of USD1,500,000
2019 年 6 月  日                      价值 1,500,000 美元的人民币：

Whereas,
鉴于，

FOR VALUE RECEIVED from **Mr. Guo Lilin** ("**The Lender**", or "**The Holder**" of this Note) in the form of an RMB equivalent of a USD1,500,000.00 loan to Link Motion Inc. ("**The Borrower**" or "**The Company**"), the Borrower designates bank account of its WFOE NQ Mobile (Beijing) Technology Co. Ltd (网秦无限（北京）科技有限公司) to receive this amount subject to the approval of the Court-Appointed Temporary Receiver and the U.S. Federal Court for the Southern District of New York, in the matter of Baliga v. Link Motion, Inc. The amount will only be used to pay for professional services (legal and accounting etc.) incurred in mainland PRC (incuding HK) and PRC Team management related and other lawful expenditures on behalf of the **Borrower**. Any single expenditure above RMB equivalent of USD10,000 out of the amount should be approved in writing by Temporary Receiver in advance, and the general expenditures should be sent to KLC Certified Public Accountants at end of each month for review, and then through it submit to Temporary Receiver and US Court for filing.

对于从郭力麟先生（"贷款人"，或称本可转换本票的"持有人"）处收到的价值为 1,500,000 美元的人民币的借款，根据法院指定临时接管人及美国联邦纽约南区法院的批准（关于 Baliga 诉 Link Motion Inc.案），Link Motion Inc.(以下简称"借款人"）指定的收款账户为其在中国境内的独资子公司网秦无限（北京）科技有限

1 / 4

公司的银行账户,帐户内资金,只限用于与在中国境内(包括香港)接管相关的各项专业服务支出(法务、会计等)、团队工作费用等合法支出。上述费用中单笔支出超过相当于 1 万美元的人民币的费用,须预先书面征得临时接管人的同意。每月整体支出经 KLC 审核后,发送给纽约接管人报法院备案。

**The Borrower** hereby promises to pay to the order of Mr. **Guo Lilin**, the principal sum in RMB equivalent of USD1,500,000.00. The **Borrower** will be paid in RMB inside China. However, payment on this Note shall be contingent on successful recovery of liquid funds as a result of the ongoing efforts by the Court Appointed Temporary Receiver and his team. The **Borrower** hereby agrees that the Holder has the option to convert the amount at any time to Class B Common Equity, and the **Borrower** shall then cause the equivalent of principal and the accrued interests to be converted into Class B Common Equity within specified time upon The Lender's notification.

借款人在此承诺,向郭力麟先生(以下简称"持有人")支付与 1,500,000 美元价值相等的人民币的借款。借款应在中国境内以人民币偿还。但本票据还款的先决条件为:法院指定临时接管人及其团队通过持续努力成功收回流动资金。借款人在此承诺,持有人可以在任意时间选择转股,借款人在接到转股指令后将在规定的时间内将促使相应金额的本金与累积的利息转换为 B 股。

Upon the termination of the Receivership of LKM, the **Holder** is entitled to take back the unused part of the above amount in the Bank Account (thereby reducing by such amount the principal and interest to be paid on this note), or choose not to take back the unused part of the above amount and notify the Borrower for conversion.

在法院裁定终止接管时,持有人有权选择取回账户内该笔资金剩余未使用的部分(并因此从此本票应付的本金和利息中扣除),或选择不取回账户内该笔资金剩余未使用的部分并通知转股。

1. <u>Maturity Date</u>. Unless earlier converted pursuant to Section 4, this Note will automatically mature and be due and payable on the one-year anniversary of the date hereof (the "<u>Maturity Date</u>").
   到期日。除非根据第 4 条提前转换,否则本票据将在订立一周年自动到期应付("到期日")。

2. <u>Interest Rate</u>. The outstanding principal amount of this Note, shall return 1.25 times of the original principal amount. In no event will the interest rate under this Note exceed that permitted by applicable law in either the United States or the Peoples Republic of China. If any interest or other charge or amount due hereunder is determined in finality by a court of competent jurisdiction to have exceeded the maximum amount permitted by law, then the interest, charge or other amount shall be reduced to the maximum permitted by law, and the **Holder** may credit any excess amount previously collected

2/4

against future interest obligations and/or the outstanding principal balance or other amounts due hereunder, or refund the amount to the Company.

利率。对于本票据的未偿本金，其利息应为原有本金的 1.25 倍。在任何情况下，本票据下的利率都不得超过适用的美国或中华人民共和国法律允许的利率。如果有管辖权的法院最终裁定本协议项下的任何利息或其他费用或金额超过法律允许的最大金额，则该利息、费用或其他金额应减少至法律允许的最大金额，持有人可将之前多收取的任何金额贷记于未来的利息义务中和/或未付本金余额或本协议项下到期的其他款项，或将其退还给公司。

3. <u>Interest Payments</u>. Subject to Section 4, all principal and interest from recovered funds of the Borrower due hereunder shall be payable on the Maturity Date as defined above. In the event that any payment to be made hereunder shall be or become due on a Saturday, Sunday or any other day on which banking institutions in New York are required by law to be closed, such payment shall be or become due on the next succeeding business day.

利息支付。根据第 4 条的规定，本协议项下到期的所有本金和利息应在上述到期日支付。如果本协议项下的任何付款在星期六、星期日或纽约州法律规定的法定银行假日内到期，则该付款应顺延至下一个工作日。

4. <u>Conversion</u>. 转换

The lender has the right to either be reimbursed at the agreed-upon multiplier as outlined above in paragraph 2 or, at the the Lender's choosing, opt to convert the amount loaned plus earned and accrued interest into Class B Common Equity at $0.10 per ADS equivalent, in which one ADS will equal to 5 Class B Common shares. The **Borrower** should convert the equivalent amount (Principal + Interests) into Class B Common Equity within two weeks of the lender's notification. It is the **Borrower's** responsibility to issue and register the Class B Common Equity under the name of the **Holder**. These shares shall be validly issued, subject to Court approval and conforming to the U.S. securities laws and Articles of Incorporation of the Company, and shall be issued and delivered to the **Holder** following necessary procedures.

持有人有权以上述第二条所述比率取得本金及利息，也可由贷款人选择将贷款金额及应得利息以 0.10 美元/ADS 的价格转为 B 类普通股，1 个 ADS 对应的 B 类普通股为 5 股。持有人提出转股指令后，借款人应在两周内将对应金额（本金+利息）转换成 B 股并登记到持有人名下。按本条约定发行并将相对应的 B 股登记到持有人名下是借款人（发行人）的工作与责任。该股份须在法院批准及符合美国证券法的情况下根据公司章程合法发行，并须遵守必须的发行和授予持有人的程序。

In issuing the above Class B Common Equity, the Receiver shall exercise the shareholders' rights on behalf of all shareholders (including public shareholders, and Class B Common Equity shareholders with all founders included) and rights of the Board of Directors within the legal framework, such as by obtaining necessary prior Court approval and complying with U.S. securities laws and terms of Articles of Incorporation of the Company,、

接管人在法院批准及符合美国证券法的情况下在法律框架下行使全体股东的权力（包含公众股东及全体创始人在内的 B 股股东）与董事会权力、按照公司章程发行本项 B 股。

This Agreement is signed by the Court Appointed Temporary Receiver on behalf of Link Motion Inc., and is thereby legally binding upon Link Motion Inc. and the Holder. This Agreement and its terms and conditions are subject to the approval of the U.S Court (SDNY), J. V. Marrero.

本协议由法院指定临时接管人代表 Link Motion Inc.签字，因此对于 Link Motion Inc.及持有人具有法律约束力。本协议及其条款和条件须经美国纽约南区法院（SNDY）J.V. Marrero 批准。

IN WITNESS WHEREOF, the undersigned have caused this Note to be duly executed and delivered.
兹证明，以下签字人已正式签署并交付本票据。

Link Motion, Inc.

By: _____
Name: Court-Appointed Temporary Receiver for Link Motion, Inc.
（法院指定临时接管人代表 Link Motion Inc.签字）

Accepted and agreed:
出借人签字：

_____

By: _____
Name:
Title:
Address:

4 / 4