# Exhibit C

# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc.,
By Order of the Honorable Victor Marrero of the United
States District Court for the Southern District of New York**

469 7th Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com

**VIA EMAIL**

Honorable Victor Marrero
United States Courthouse
Suite 1040
500 Pearl Street
New York, New York 10007

June 1, 2020

**REQUEST FOR THIS LETTER AND ALL ATTACHMENTS TO BE MAINTAINED
UNDER SEAL**

> **Re:** ***Baliga v. Link Motion Inc. et al.,* 1:18-cv-11642 (S.D.N.Y.) (VM) (DCF)**

Dear Judge Marrero,

I write to you pursuant to your Honor's February 1, 2019 Order (ECF No. 26) to request approval on behalf of Link Motion, Inc. ("LKM" or the "Company"), a company incorporated in the Cayman Islands, to convert the current outstanding loan amount to Class B Shares in accordance with the terms of the Secured Convertible Promissory Note (the "Note"). *See attached Exhibit A – Promissory Note.*

By orders dated June 18, 2019 and January 16, 2020 (ECF Nos. 119, 120, respectively), your Honor previously approved the Note between Mr. Lilin Guo ("Mr. Guo") and the Court Appointed Receiver for Link Motion, Inc. (the "Receiver"). *See attached Exhibit B and Exhibit C.* On May 22, 2020, Mr. Guo officially notified the Receiver of his intention to convert the Note to Class B Shares in accordance with the terms of the Note. *See attached Exhibit D - notification provided by Mr. Guo to the Receiver.*

Accordingly, I request the Court's approval to convert the current outstanding loan balance of the Note plus accrued interest of $894,055 to 44,702,750 Class B Shares. _See attached Exhibit E detailing the expenses incurred to date inside the PRC and the accompanying calculation for conversion)_.

The Receiver has consulted Cayman Islands counsel at the KSG Law firm and has been advised to proceed as follows in the Cayman Islands:

1.   Upon approval by this Court, the Receiver will prepare an application with the Cayman Islands court seeking recognition of this Order and requesting approval to convert the Note to Class B shares in accordance with Cayman Islands law;

2.   Upon a granting of the application by the Cayman Islands court, the Receiver will formally register the Class B shares pursuant to paragraph 4 of the Note with the duly registered agent of LKM in the Cayman Islands.

Attached please find a proposed order which includes language provided by Cayman Islands counsel for your Honor's review and consideration.

Please do not hesitate to contact me via email or telephone if your Honor wishes to discuss this request in further detail.

Respectfully submitted,

Robert W. Seiden, Esq.
Court Appointed Temporary Receiver for Link Motion Inc.

# EXHIBIT A

THIS NOTE AND ANY SECURITIES ISSUABLE PURSUANT HERETO HAVE NOT
BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE
"SECURITIES ACT"), OR UNDER THE SECURITIES LAWS OF CERTAIN STATES.
THESE SECURITIES MAY NOT BE OFFERED, SOLD OR OTHERWISE
TRANSFERRED, PLEDGED OR HYPOTHECATED EXCEPT AS PERMITTED
UNDER THE ACT AND APPLICABLE STATE SECURITIES LAWS PURSUANT TO
AN EFFECTIVE REGISTRATION STATEMENT OR AN EXEMPTION
THEREFROM.

本票据及根据本票据可发行的任何证券尚未根据 1933 年证券法（经修订）（"证
券法"）或特定州的证券法进行登记。这些证券不得提供、出售或以其他方式转让、
质押或典押，除非根据有效的登记声明和豁免、法案和适用的国家证券法允许。

**Link Motion, Inc.**

**SECURED CONVERTIBLE PROMISSORY NOTE**
**Link Motion Inc.有担保可转换本票**

May XX, 2019                                    RMB equivalent of USD1,500,000
2019 年 5 月18 日                               价值 1,500,000 美元的人民币：

Whereas,
鉴于，

FOR VALUE RECEIVED from **Mr. Guo Lilin** (**"The Lender"**, or **"The Holder"** of this
Note) in the form of an RMB equivalent of a USD1,500,000.00 loan to Link Motion Inc.
("The **Borrower" or "The Company**"), the **Borrower** designates bank account of its
WFOE NQ Mobile (Beijing) Technology Co. Ltd (网秦无限（北京）科技有限公司) to
receive this amount subject to the approval of the Court-Appointed Temporary Receiver
and the U.S. Federal Court for the Southern District of New York, in the matter of Baliga
v. Link Motion, Inc. The amount will only be used to pay for professional services (legal
and accounting etc.) incurred in mainland PRC (excluding HK) and PRC Team
management related and other lawful expenditures on behalf of the **Borrower**. Any single
expenditure above RMB equivalent of USD10,000 out of the amount should be approved
in writing by Temporary Receiver in advance, and the general expenditures should be sent
to KLC Certified Public Accountants at end of each month for review, and then through it
submit to Temporary Receiver and US Court for filing.

对于从郭力麟先生（"贷款人"，或称本可转换本票的"持有人"）处收到的价值
为 1,500,000 美元的人民币的借款，根据法院指定临时接管人及美国联邦纽约南区
法院的批准（关于 Baliga 诉 Link Motion Inc.案），Link Motion Inc. (以下简称"借
款人"）指定的收款账户为其在中国境内的独资子公司网秦无限（北京）科技有限

公司的银行账户，帐户内资金，只限用于与在中国境内(不含香港)接管相关的各项专业服务支出（法务、会计等）、团队工作费用等合法支出。上述费用中单笔支出超过相当于 1 万美元的人民币的费用，须预先书面征得临时接管人的同意。每月整体支出经 KLC 审核后，发送给纽约接管人报法院备案。

The **Borrower** hereby promises to pay to the order of Mr. **Guo Lilin**, the principal sum in RMB equivalent of USD1,500,000.00. The **Borrower** will be paid in RMB inside China. However, payment on this Note shall be contingent on successful recovery of liquid funds as a result of the ongoing efforts by the Court Appointed Temporary Receiver and his team. The **Borrower** hereby agrees that the Holder has the option to convert the amount at any time to Class B Common Equity, and the **Borrower** shall then cause the equivalent of principal and the accrued interests to be converted into Class B Common Equity within specified time upon The Lender's notification.

借款人在此承诺，向郭力麟先生（以下简称"持有人"）支付与 1,500,000 美元价值相等的人民币的借款。借款应在中国境内以人民币偿还。但本票据还款的先决条件为：法院指定临时接管人及其团队通过持续努力成功收回流动资金。借款人在此承诺，持有人可以在任意时间选择转股，借款人在接到转股指令后将在规定的时间内将促使相应金额的本金与累积的利息转换为 B 股。

Upon the termination of the Receivership of LKM, the **Holder** is entitled to take back the unused part of the above amount in the Bank Account (thereby reducing by such amount the principal and interest to be paid on this note), or choose not to take back the unused part of the above amount and notify the Borrower for conversion.

在法院裁定终止接管时，持有人有权选择取回账户内该笔资金剩余未使用的部分（并因此从此本票应付的本金和利息中扣除），或选择不取回账户内该笔资金剩余未使用的部分并通知转股。

1. <u>Maturity Date</u>. Unless earlier converted pursuant to Section 4, this Note will automatically mature and be due and payable on the one-year anniversary of the date hereof (the "<u>Maturity Date</u>").

   到期日。除非根据第 4 条提前转换，否则本票据将在订立一周年自动到期应付（"到期日"）。

2. <u>Interest Rate</u>. The outstanding principal amount of this Note, shall return 1.25 times of the original principal amount. In no event will the interest rate under this Note exceed that permitted by applicable law in either the United States or the Peoples Republic of China. If any interest or other charge or amount due hereunder is determined in finality by a court of competent jurisdiction to have exceeded the maximum amount permitted by law, then the interest, charge or other amount shall be reduced to the maximum permitted by law, and the **Holder** may credit any excess amount previously collected

against future interest obligations and/or the outstanding principal balance or other amounts due hereunder, or refund the amount to the Company.

利率。对于本票据的未偿本金，其利息应为原有本金的 1.25 倍。在任何情况下，本票据下的利率都不得超过适用的美国或中华人民共和国法律允许的利率。如果有管辖权的法院最终裁定本协议项下的任何利息或其他费用或金额超过法律允许的最大金额，则该利息、费用或其他金额应减少至法律允许的最大金额，持有人可将之前多收取的任何金额贷记于未来的利息义务中和/或未付本金余额或本协议项下到期的其他款项，或将其退还给公司。

3. <u>Interest Payments</u>. Subject to Section 4, all principal and interest from recovered funds of the Borrower due hereunder shall be payable on the Maturity Date as defined above. In the event that any payment to be made hereunder shall be or become due on a Saturday, Sunday or any other day on which banking institutions in New York are required by law to be closed, such payment shall be or become due on the next succeeding business day.

利息支付。根据第 4 条的规定，本协议项下到期的所有本金和利息应在上述到期日支付。如果本协议项下的任何付款在星期六、星期日或纽约州法律规定的法定银行假日内到期，则该付款应顺延至下一个工作日。

4. <u>Conversion</u>. 转换

The lender has the right to either be reimbursed at the agreed-upon multiplier as outlined above in paragraph 2 or, at the the Lender's choosing, opt to convert the amount loaned plus earned and accrued interest into Class B Common Equity at $0.10 per ADS equivalent, in which one ADS will equal to 5 Class B Common shares. The **Borrower** should convert the equivalent amount (Principal + Interests) into Class B Common Equity within two weeks of the lender's notification. It is the **Borrower**'s responsibility to issue and register the Class B Common Equity under the name of the **Holder**. These shares shall be validly issued, subject to Court approval and conforming to the U.S. securities laws and Articles of Incorporation of the Company, and shall be issued and delivered to the **Holder** following necessary procedures.

持有人有权以上述第二条所述比率取得本金及利息，也可由贷款人选择将贷款金额及应得利息以 0.10 美元/ADS 的价格转为 B 类普通股，1 个 ADS 对应的 B 类普通股为 5 股。持有人提出转股指令后，借款人应在两周内将对应金额（本金+利息）转换成 B 股并登记到持有人名下。按本条约定发行并将相对应的 B 股登记到持有人名下是借款人（发行人）的工作与责任。该股份须在法院批准及符合美国证券法的情况下根据公司章程合法发行，并须遵守必须的发行和授予持有人的程序。

In issuing the above Class B Common Equity, the Receiver shall exercise the shareholders' rights on behalf of all shareholders (including public shareholders, and Class B Common Equity shareholders with all founders included) and rights of the Board of Directors within the legal framework, such as by obtaining necessary prior Court approval and complying with U.S. securities laws and terms of Articles of Incorporation of the Company, .
接管人在法院批准及符合美国证券法的情况下在法律框架下行使全体股东的权力（包含公众股东及全体创始人在内的 B 股股东）与董事会权力、按照公司章程发行本项 B 股。

This Agreement is signed by the Court Appointed Temporary Receiver on behalf of Link Motion Inc., and is thereby legally binding upon Link Motion Inc. and the Holder. This Agreement and its terms and conditions are subject to the approval of the U.S Court (SDNY), J. V. Marrero.
本协议由法院指定临时接管人代表 Link Motion Inc.签字，因此对于 Link Motion Inc.及持有人具有法律约束力。本协议及其条款和条件须经美国纽约南区法院（SNDY）J.V. Marrero 批准。

IN WITNESS WHEREOF, the undersigned have caused this Note to be duly executed and delivered.
兹证明，以下签字人已正式签署并交付本票据。

Link Motion, Inc.

By: _____
Name: Court-Appointed Temporary
Receiver for Link Motion, Inc.
（法院指定临时接管人代表 Link
Motion Inc.签字）

Accepted and agreed:
出借人签字：

郭利蓉 LiLin Guo

By: _____
Name:
Title:
Address:

4 / 4

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
NEW YORK, NEW YORK  10007
Telephone: (212) 805-6374
Fax No.: (212) 805-6382

CHAMBERS OF
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

# FAX COVER SHEET
# 2019

## Date: June 19

| TO: | ORGANIZATION: | FAX NUMBER |
|-----|---------------|------------|
| Robert Seiden | | 646-304-5277 |
| | | |
| | | |
| | | |
| | | |

# FROM:  JUDGE VICTOR MARRERO

NO. OF PAGES : 9
(including cover page)

MESSAGE:    It is ORDERED that counsel to whom this Order is sent is responsible for faxing/mailing copy to all counsel and retaining verification of such in the case file. DO NOT FAX SUCH VERIFICATION TO CHAMBERS.

CONFIDENTIALITY NOTE:  This facsimile is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this facsimile or the information herein by anyone other than the intended recipient is prohibited. If you have received this facsimile in error, please notify us immediately by telephone or return the facsimile by mail.

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

Robert W. Seiden, Esq. | The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com

**SEALED**

**VIA FAX (212) 805-6382**
Hon. Victor Marrero
Suite 1040
United States Courthouse
500 Pearl Street
New York, New York 10007

## CONFIDENTIAL AND REQUESTED TO BE KEPT UNDER SEAL

June 18, 2019

### Re: Wayne Baliga v. Link Motion Inc. et al. 1:18-cv-11642

Dear Honorable Judge Marrero,

I write this letter at a critical juncture in order to request approval of the attached compensation incentive agreement and promissory note that I have negotiated between Link Motion Inc. and Mr. Lilin "Francis" Guo ("Mr. Guo") (the "Note Agreement").

As Your Honor is aware, my Receivership team and I have been working diligently on behalf of Link Motion Inc. ("Link Motion" or the "Company") to ensure the status quo of the Company pending the outcome of the action before Your Honor. These efforts have been met with the upmost resistance by Vincent Weyong Shi ("Mr. Shi"), who continues to actively thwart the Receivership inside China and is racing to transfer assets, personnel, and records out of Link Motion's control and into other shell companies, including removing the books and records of the Hong Kong subsidiary out of the jurisdiction of Hong Kong in contravention to Hong Kong law. This has been officially reported to the Hong Kong Police and the Hong Kong Corporate Registry. In my view, there is no longer any doubt that Mr. Shi fully intends to abandon Link Motion and strip the Company of any remaining value.

My team inside China working to prevent the above from happening has been led by Mr. Guo, a large original Link Motion shareholder that I have previously appointed as a director of Link Motion, and who has been working tirelessly and relentlessly on behalf of the Receivership

**SEALED**

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

Robert W. Seiden, Esq. | The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com

inside China. Mr. Guo, a well-respected middle-aged businessman, was instrumental in securing
under the Receiver's control Link Motion's wholly owned Chinese entity Link Motion Beijing
Co., Ltd. (the "WFOE"). Control over the WFOE is needed in order to have any chance to secure
Link Motion's VIE Company, Beijing Link Motion Technology Co., Ltd. (the "VIE"), where Link
Motion's remaining valuable assets are held. While securing the VIE will be painstaking and
extremely difficult work, it is now within the Receivership's reach. It will, however, require
extensive work, including fully consolidating control over the WFOE and taking legal action to
assume control over the VIE. This is the only way to ensure remaining assets of Link Motion are
preserved in accordance with Your Honor's instructions.

The Receivership is also undertaking extensive work within Hong Kong on behalf of the
Company. The Receiver, through its Hong Kong counsel at Kobre & Kim, has recently appeared
on behalf of Link Motion in an arbitration filed against the Company by Zhongzhi Hi-Tech
Investment ("ZZ"). ZZ maintains a significant convertible note with Link Motion ("ZZ Note").
Link Motion has to date defaulted on the ZZ Note despite having had ample funds to pay it back.
As alleged in the Complaint in the action before Your Honor, evidence supports the conclusion
that the ZZ Note and subsequent default was a fraud that was orchestrated by Mr. Shi, who has
significant conflicts of interests with ZZ, to divert Link Motion's two most valuable assets
"Showself" and "FL Mobile" to ZZ. The arbitration filed by ZZ was not publicly disclosed, but
rather was uncovered by my investigative team. Had the Receivership not appeared on behalf of
Link Motion, ZZ would have won an award by default. Just this week, my legal team participated
in an initial conference with the arbitration tribunal, and informed the tribunal of the role of the
Receiver and requested a stay in the proceedings in order for the Receivership to investigate the
situation and secure funding to participate fully in the proceedings. Participating in this arbitration
is critical (and time consuming) if there is any chance to restore value back to Link Motion.
Participation will require our legal team in Hong Kong to prepare for and participate in the
arbitration.

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

Robert W. Seiden, Esq. | The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com

We have further been informed that Mr. Shi may have committed criminal acts within Hong Kong by transferring significant Company cash to a particular Hong Kong-listed entity that we have identified and are actively investigating. The Receivership on behalf of the Company intends on filing criminal charges against Mr. Shi for this alleged illegal theft and transfer of assets outside the control of the shareholders and Receivership.

This work within China and Hong Kong will require significant time, effort and funding. The Receivership will need to pay legal teams on the ground in both China and Hong Kong to initiate the required lawsuits and to participate in the arbitration. Additionally, in order to preserve the Company's value and the status quo of its economic and operational condition, the Receiver will need to resume paying normal day-to-day operational expenses on the ground inside China, as Mr. Guo continues to make progress, including paying Link Motion's Chinese employees (who have been working without pay for some time) and paying for new office space from which to manage the existing assets of the Company and avoid erosion of the ongoing business. If a new office space is not secured and paychecks do not resume, the Company's remaining employees will quit, and operations will completely shut down.

Mr. Guo has graciously agreed to provide the necessary effort and funding to accomplish all of the above. Under the Note Agreement, Mr. Guo will provide the Company with a loan of RMB equivalent of $1,500,000.00 to fund the lawsuits within China, the arbitration within Hong Kong, and day-to-day operations within China, including securing a new office space for the Company. The funds will be held in the WFOE's bank account within China controlled by the Receivership. All expenses using this money will be reviewed by the Receiver and his accounting professionals. Mr. Guo has further agreed that repayment of the Note Agreement is contingent on the Receivership successfully recovering and securing liquid funds of the Company. To the extent that Mr. Shi is successful in completely stripping the Company of its assets, and we cannot recover any funds, Guo will not be entitled to any repayment of these advances funds. In consideration for the loan and the significant risks Mr. Guo is taking, the Note Agreement provides Mr. Guo with

# Robert W. Seiden

Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

Robert W. Seiden, Esq. | The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com

both interest and a conversion option whereby at the maturity date, Mr. Guo can choose to convert his RMB equivalent of $1,500,000.00 into equity of the Company at $.10 per ADS equivalent.[1]

I believe this Note Agreement is fair, just, and absolutely necessary under the circumstances. If the Receivership does not secure additional funding for the above activities, the Company and its value will be imminently lost forever. Furthermore, we believe that Mr. Guo is uniquely positioned to accomplish the daunting tasks ahead of navigating the Chinese legal system and regulatory processes necessary for maintaining the status quo and for the Receivership's efforts to ultimately be successful, and to bring value back to the Company and the shareholders. The shareholder's ability to see any recovery is directly tied to the Receiver's efforts to be successful inside of China to preserve the assets and enterprise value. The immediate funding, business expertise and leadership of Mr. Guo, guided and overseen by the Receiver, are critical.

Please do not hesitate to contact me via email or telephone if your honor wishes to discuss this request in more detail.

Respectfully submitted,

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver for
Link Motion Inc.

_Request GRANTED. The Note Agreement described above and attached hereto entered into by the Court-appointed receiver in This action is approved._

**SO ORDERED.**

6-18-19
DATE                    VICTOR MARRERO, U.S.D.J.

---

[1] It is important to note that the ADS was trading at $0.15/ADS prior to being delisted. Thus, Mr. Guo's conversion option at $.10 per ADS is completely justified and fair.

THIS NOTE AND ANY SECURITIES ISSUABLE PURSUANT HERETO HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), OR UNDER THE SECURITIES LAWS OF CERTAIN STATES. THESE SECURITIES MAY NOT BE OFFERED, SOLD OR OTHERWISE TRANSFERRED, PLEDGED OR HYPOTHECATED EXCEPT AS PERMITTED UNDER THE ACT AND APPLICABLE STATE SECURITIES LAWS PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT OR AN EXEMPTION THEREFROM.

本票据及根据本票据可发行的任何证券尚未根据 1933 年证券法（经修订）（"证券法"）或特定州的证券法进行登记。这些证券不得提供、出售或以其他方式转让、质押或典押，除非根据有效的登记声明和豁免、法案和适用的国家证券法允许。

## Link Motion, Inc.

## SECURED CONVERTIBLE PROMISSORY NOTE
## Link Motion Inc.有担保可转换本票

June ___, 2019
2019年6月　日

RMB equivalent of USD1,500,000
价值 1,500,000 美元的人民币：

Whereas,
鉴于,

FOR VALUE RECEIVED from **Mr. Guo Lilin** (<u>"The Lender"</u>, or <u>"The Holder"</u> of this Note) in the form of an RMB equivalent of a USD1,500,000.00 loan to Link Motion Inc. ("**The Borrower" or "The Company**"), the **Borrower** designates bank account of its WFOE NQ Mobile (Beijing) Technology Co. Ltd (网泰无限（北京）科技有限公司) to receive this amount subject to the approval of the Court-Appointed Temporary Receiver and the U.S. Federal Court for the Southern District of New York, in the matter of Baliga v. Link Motion, Inc. The amount will only be used to pay for professional services (legal and accounting etc.) incurred in mainland PRC (incuding HK) and PRC Team management related and other lawful expenditures on behalf of the **Borrower**. Any single expenditure above RMB equivalent of USD10,000 out of the amount should be approved in writing by Temporary Receiver in advance, and the general expenditures should be sent to KLC Certified Public Accountants at end of each month for review, and then through it submit to Temporary Receiver and US Court for filing.

对于从郭力麟先生（"贷款人"，或称本可转换本票的"持有人"）处收到的价值为 1,500,000 美元的人民币的借款，根据法院指定临时接管人及美国联邦纽约南区法院的批准（关于 Baliga 诉 Link Motion Inc.案），Link Motion Inc. (以下简称"借款人"）指定的收款账户为其在中国境内的独资子公司网泰无限（北京）科技有限

公司的银行账户，帐户内资金，只限用于与在中国境内(包括香港)接管相关的各项
专业服务支出（法务、会计等）、团队工作费用等合法支出。上述费用中单笔支出
超过相当于 1 万美元的人民币的费用，须预先书面征得临时接管人的同意。每月整
体支出经 KLC 审核后，发送给纽约接管人报法院备案。

The Borrower hereby promises to pay to the order of Mr. **Guo Lilin**, the principal sum in
RMB equivalent of USD1,500,000.00. The **Borrower** will be paid in RMB inside China.
However, payment on this Note shall be contingent on successful recovery of liquid funds
as a result of the ongoing efforts by the Court Appointed Temporary Receiver and his team.
The **Borrower** hereby agrees that the Holder has the option to convert the amount at any
time to Class B Common Equity, and the **Borrower** shall then cause the equivalent of
principal and the accrued interests to be converted into Class B Common Equity within
specified time upon The Lender's notification.
借款人在此承诺，向郭力麟先生（以下简称"持有人"）支付与 1,500,000 美元价
值相等的人民币的借款。借款应在中国境内以人民币偿还。但本票据还款的先决条
件为：法院指定临时接管人及其团队通过持续努力成功收回流动资金。借款人在此
承诺，持有人可以在任意时间选择转股，借款人在接到转股指令后将在规定的时间
内将促使相应金额的本金与累积的利息转换为 B 股。

Upon the termination of the Receivership of LKM, the **Holder** is entitled to take back the
unused part of the above amount in the Bank Account (thereby reducing by such amount
the principal and interest to be paid on this note), or choose not to take back the unused
part of the above amount and notify the Borrower for conversion.
在法院裁定终止接管时，持有人有权选择取回账户内该笔资金剩余未使用的部分
（并因此从此本票应付的本金和利息中扣除），或选择不取回账户内该笔资金剩余
未使用的部分并通知转股。

1. Maturity Date. Unless earlier converted pursuant to Section 4, this Note will
   automatically mature and be due and payable on the one-year anniversary of the date
   hereof (the "Maturity Date").
   到期日。除非根据第 4 条提前转换，否则本票据将在订立一周年自动到期应付
   （"到期日"）。

2. Interest Rate. The outstanding principal amount of this Note, shall return 1.25 times of
   the original principal amount. In no event will the interest rate under this Note exceed
   that permitted by applicable law in either the United States or the Peoples Republic of
   China. If any interest or other charge or amount due hereunder is determined in finality
   by a court of competent jurisdiction to have exceeded the maximum amount permitted
   by law, then the interest, charge or other amount shall be reduced to the maximum
   permitted by law, and the **Holder** may credit any excess amount previously collected

against future interest obligations and/or the outstanding principal balance or other amounts due hereunder, or refund the amount to the Company.

利率。对于本票据的未偿本金，其利息应为原有本金的 1.25 倍。在任何情况下，本票据下的利率都不得超过适用的美国或中华人民共和国法律允许的利率。如果有管辖权的法院最终裁定本协议项下的任何利息或其他费用或金额超过法律允许的最大金额，则该利息、费用或其他金额应减少至法律允许的最大金额，持有人可将之前多收取的任何金额贷记于未来的利息义务中和/或未付本金余额或本协议项下到期的其他款项，或将其退还给公司。

3. **Interest Payments.** Subject to Section 4, all principal and interest from recovered funds of the Borrower due hereunder shall be payable on the Maturity Date as defined above. In the event that any payment to be made hereunder shall be or become due on a Saturday, Sunday or any other day on which banking institutions in New York are required by law to be closed, such payment shall be or become due on the next succeeding business day.

利息支付。根据第 4 条的规定，本协议项下到期的所有本金和利息应在上述到期日支付。如果本协议项下的任何付款在星期六、星期日或纽约州法律规定的法定银行假日内到期，则该付款应顺延至下一个工作日。

4. **Conversion.** 转换

The lender has the right to either be reimbursed at the agreed-upon multiplier as outlined above in paragraph 2 or, at the the Lender's choosing, opt to convert the amount loaned plus earned and accrued interest into Class B Common Equity at $0.10 per ADS equivalent, in which one ADS will equal to 5 Class B Common shares. The **Borrower** should convert the equivalent amount (Principal + Interests) into Class B Common Equity within two weeks of the lender's notification. It is the **Borrower**'s responsibility to issue and register the Class B Common Equity under the name of the **Holder**. These shares shall be validly issued, subject to Court approval and conforming to the U.S. securities laws and Articles of Incorporation of the Company, and shall be issued and delivered to the **Holder** following necessary procedures.

持有人有权以上述第二条所述比率取得本金及利息，也可由贷款人选择将贷款金额及应得利息以 0.10 美元/ADS 的价格转为 B 类普通股，1 个 ADS 对应的 B 类普通股为 5 股，持有人提出转股指令后，借款人应在两周内将对应金额（本金+利息）转换成 B 股并登记到持有人名下。按本条约定发行并将相对应的 B 股登记到持有人名下是借款人（发行人）的工作与责任。该股份须在法院批准及符合美国证券法的情况下根据公司章程合法发行，并须遵守必须的发行和授予持有人的程序。

3 / 4

In issuing the above Class B Common Equity, the Receiver shall exercise the shareholders' rights on behalf of all shareholders (including public shareholders, and Class B Common Equity shareholders with all founders included) and rights of the Board of Directors within the legal framework, such as by obtaining necessary prior Court approval and complying with U.S. securities laws and terms of Articles of Incorporation of the Company, .

接管人在法院批准及符合美国证券法的情况下在法律框架下行使全体股东的权力（包含公众股东及全体创始人在内的 B 股股东）与董事会权力、按照公司章程发行本项 B 股。

This Agreement is signed by the Court Appointed Temporary Receiver on behalf of Link Motion Inc., and is thereby legally binding upon Link Motion Inc. and the Holder. This Agreement and its terms and conditions are subject to the approval of the U.S Court (SDNY), J. V. Marrero.

本协议由法院指定临时接管人代表 Link Motion Inc.签字，因此对于 Link Motion Inc.及持有人具有法律约束力。本协议及其条款和条件须经美国纽约南区法院（SNDY）J.V. Marrero 批准。

IN WITNESS WHEREOF, the undersigned have caused this Note to be duly executed and delivered.

兹证明，以下签字人已正式签署并交付本票据。

**Link Motion, Inc.**

By: _____

Name: Court-Appointed Temporary
Receiver for Link Motion, Inc.
（法院指定临时接管人代表 Link
Motion Inc.签字）

**Accepted and agreed:**
**出借人签字：**

_____

By: _____
Name:
Title:
Address:

**4 / 4**

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
NEW YORK, NEW YORK 10007
Telephone: (212) 805-6374
Fax No.: (212) 805-6382

CHAMBERS OF
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

# FAX COVER SHEET
# 2020
## Date: January 17

| TO: | ORGANIZATION: | FAX NUMBER |
|-----|---------------|------------|
| Robert W. Seiden | | (646) 304-5277 |
| | | |
| | | |
| | | |
| | | |

## FROM:  JUDGE VICTOR MARRERO

**NO. OF PAGES : 6**
**(including cover page)**

**MESSAGE:**   It is **ORDERED** that counsel to whom this Order is sent is responsible for faxing/mailing copy to all counsel and retaining verification of such in the case file. **DO NOT FAX SUCH VERIFICATION TO CHAMBERS.**

**CONFIDENTIALITY NOTE:**  This facsimile is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this facsimile or the information herein by anyone other than the intended recipient is prohibited. If you have received this facsimile in error, please notify us immediately by telephone or return the facsimile by mail.

# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc.**
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York

Robert W. Seiden, Esq. | The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York 10018
Tel: (212) 523-0686
Email: rseiden@seidenlegal.com



**VIA FAX (212) 805-6382**
Hon. Victor Marrero
Suite 1040
United States Courthouse
500 Pearl Street
New York, New York 10007

## CONFIDENTIAL AND REQUESTED TO BE KEPT UNDER SEAL

January 14, 2020

### Re: Wayne Baliga v. Link Motion Inc. et al. 1:18-cv-11642

Dear Honorable Judge Marrero,

I write this letter for purposes of clarification as it relates to the previously approved Promissory Note Agreement signed between the Court-Appointed Temporary Receiver for Link Motion, Inc. and Mr. Lilin (Francis) Guo. The original Note Agreement included language that the loan proceeds could be used to cover for costs outside of the PRC, including Hong Kong. The Receiver and Mr. Guo have agreed that there is no requirement for loan proceeds are to be used outside of the PRC and there is no requirements for Mr. Guo to cover any of the costs incurred in Hong Kong, including the ongoing Hong Kong arbitration proceedings. We have attached a fully executed copy of the Loan Agreement outlining these terms and conditions. We respectfully request the Court approve this revised Loan Agreement.

Please do not hesitate to contact me via email or telephone if your honor wishes to discuss this request in further detail.

Respectfully submitted,

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver for Link Motion Inc.

THIS NOTE AND ANY SECURITIES ISSUABLE PURSUANT HERETO HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), OR UNDER THE SECURITIES LAWS OF CERTAIN STATES. THESE SECURITIES MAY NOT BE OFFERED, SOLD OR OTHERWISE TRANSFERRED, PLEDGED OR HYPOTHECATED EXCEPT AS PERMITTED UNDER THE ACT AND APPLICABLE STATE SECURITIES LAWS PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT OR AN EXEMPTION THEREFROM.

本票据及根据本票据可发行的任何证券尚未根据 1933 年证券法（经修订）（"证券法"）或特定州的证券法进行登记。这些证券不得提供、出售或以其他方式转让、质押或典押。除非根据有效的登记声明和豁免、决案和适用的国家证券法允许。

## Link Motion, Inc.

## SECURED CONVERTIBLE PROMISSORY NOTE
### Link Motion Inc.有担保可转换本票

**May XX, 2019**                         **RMB equivalent of USD1,500,000**
**2019 年 5 月18 日**                      **价值 1,500,000 美元的人民币：**

Whereas,
鉴于,

FOR VALUE RECEIVED from **Mr. Guo Lilin ("The Lender"**, or **"The Holder"** of this Note) in the form of an RMB equivalent of a USD1,500,000.00 loan to Link Motion Inc. (**"The Borrower" or "The Company"**), the **Borrower** designates bank account of its WFOE NQ Mobile (Beijing) Technology Co. Ltd (网秦无限（北京）科技有限公司) to receive this amount subject to the approval of the Court-Appointed Temporary Receiver and the U.S. Federal Court for the Southern District of New York, in the matter of Baliga v. Link Motion, Inc. The amount will only be used to pay for professional services (legal and accounting etc.) incurred in mainland PRC (excluding HK) and PRC Team management related and other lawful expenditures on behalf of the **Borrower**. Any single expenditure above RMB equivalent of USD10,000 out of the amount should be approved in writing by Temporary Receiver in advance, and the general expenditures should be sent to KLC Certified Public Accountants at end of each month for review, and then through it submit to Temporary Receiver and US Court for filing.

刘于从郭力麟先生（"贷款人"，或称本可转换本票的"持有人"）处收到的价值为 1,500,000 美元的人民币的借款，根据法院指定临时接管人及美国联邦纽约南区法院的批准（关于 Baliga 诉 Link Motion Inc.案），Link Motion Inc. (以下简称"借款人"）指定的收款账户为其在中国境内的独资子公司网秦无限（北京）科技有限

公司的银行账户，帐户内资金，只限用于与在中国境内(不含香港)接管相关的各项
专业服务支出（法务、会计等）、团队工作费用等合法支出。上述费用中单笔支出
超过相当于 1 万美元的人民币的费用，须预先书面征得临时接管人的同意。每月整
体支出经 KLC 审核后，发送给纽约接管人报法院备案。

The **Borrower** hereby promises to pay to the order of Mr. **Guo Lilin**, the principal sum in
RMB equivalent of USD1,500,000.00. The **Borrower** will be paid in RMB inside China.
However, payment on this Note shall be contingent on successful recovery of liquid funds
as a result of the ongoing efforts by the Court Appointed Temporary Receiver and his team.
The **Borrower** hereby agrees that the Holder has the option to convert the amount at any
time to Class B Common Equity, and the **Borrower** shall then cause the equivalent of
principal and the accrued interests to be converted into Class B Common Equity within
specified time upon The Lender's notification.

借款人在此承诺，向郭力麟先生（以下简称"持有人"）支付与 1,500,000 美元价
值相等的人民币的借款。借款应在中国境内以人民币偿还。但本票据还款的先决条
件为：法院指定临时接管人及其团队通过持续努力成功收回流动资金。借款人在此
承诺，持有人可以在任意时间选择转股，借款人在接到转股指令后将在规定的时间
内将促使相应金额的本金与累积的利息转换为 B 股。

Upon the termination of the Receivership of LKM, the **Holder** is entitled to take back the
unused part of the above amount in the Bank Account (thereby reducing by such amount
the principal and interest to be paid on this note), or choose not to take back the unused
part of the above amount and notify the Borrower for conversion.

在法院裁定终止接管时，持有人有权选择取回账户内该笔资金剩余未使用的部分
（并因此从此本票应付的本金和利息中扣除），或选择不取回账户内该笔资金剩余
未使用的部分并通知转股。

1. <u>Maturity Date</u>. Unless earlier converted pursuant to Section 4, this Note will
   automatically mature and be due and payable on the one-year anniversary of the date
   hereof (the "<u>Maturity Date</u>").
   到期日。除非根据第 4 条提前转换，否则本票据将在订立一周年自动到期应付
   （"到期日"）。

2. <u>Interest Rate</u>. The outstanding principal amount of this Note, shall return 1.25 times of
   the original principal amount. In no event will the interest rate under this Note exceed
   that permitted by applicable law in either the United States or the Peoples Republic of
   China. If any interest or other charge or amount due hereunder is determined in finality
   by a court of competent jurisdiction to have exceeded the maximum amount permitted
   by law, then the interest, charge or other amount shall be reduced to the maximum
   permitted by law, and the **Holder** may credit any excess amount previously collected

Case 1:18-cv-11642-VM-VF   Document 419-3   Filed 05/24/23   Page 24 of 34

against future interest obligations and/or the outstanding principal balance or other amounts due hereunder, or refund the amount to the Company.

利率。对于本票据的未偿本金，其利息应为原有本金的 1.25 倍。在任何情况下，本票据下的利率都不得超过适用的美国或中华人民共和国法律允许的利率。如果有管辖权的法院最终裁定本协议项下的任何利息或其他费用或金额超过法律允许的最大金额，则该利息、费用或其他金额应减少至法律允许的最大金额，持有人可将之前多收取的任何金额贷记于未来的利息义务中和/或未付本金余额或本协议项下到期的其他款项，或将其退还给公司。

3. Interest Payments. Subject to Section 4, all principal and interest from recovered funds of the Borrower due hereunder shall be payable on the Maturity Date as defined above. In the event that any payment to be made hereunder shall be or become due on a Saturday, Sunday or any other day on which banking institutions in New York are required by law to be closed, such payment shall be or become due on the next succeeding business day.

利息支付。根据第 4 条的规定，本协议项下到期的所有本金和利息应在上述到期日支付。如果本协议项下的任何付款在星期六、星期日或纽约州法律规定的法定银行假日内到期，则该付款应顺延至下一个工作日。

4. Conversion. 转换

The lender has the right to either be reimbursed at the agreed-upon multiplier as outlined above in paragraph 2 or, at the the Lender's choosing, opt to convert the amount loaned plus earned and accrued interest into Class B Common Equity at $0.10 per ADS equivalent, in which one ADS will equal to 5 Class B Common shares. The **Borrower** should convert the equivalent amount (Principal + Interests) into Class B Common Equity within two weeks of the lender's notification. It is the **Borrower's** responsibility to issue and register the Class B Common Equity under the name of the **Holder**. These shares shall be validly issued, subject to Court approval and conforming to the U.S. securities laws and Articles of Incorporation of the Company, and shall be issued and delivered to the **Holder** following necessary procedures.

持有人有权以上述第二条所述比率取得本金及利息，也可由贷款人选择将贷款金额及应得利息以 0.10 美元/ADS 的价格转为 B 类普通股，1 个 ADS 对应的 B 类普通股为 5 股。持有人提出转股指令后，借款人应在两周内将对应金额（本金+利息）转换成 B 股并登记到持有人名下。按本条约定发行并将相对应的 B 股登记到持有人名下是借款人（发行人）的工作与责任。该股份须在法院批准及符合美国证券法的情况下根据公司章程合法发行，并须遵守必须的发行和授予持有人的程序。

In issuing the above Class B Common Equity, the Receiver shall exercise the shareholders' rights on behalf of all shareholders (including public shareholders, and Class B Common Equity shareholders with all founders included) and rights of the Board of Directors within the legal framework, such as by obtaining necessary prior Court approval and complying with U.S. securities laws and terms of Articles of Incorporation of the Company, .

接管人在法院批准及符合美国证券法的情况下在法律框架下行使全体股东的权力（包含公众股东及全体创始人在内的 B 股股东）与董事会权力、按照公司章程发行本项 B 股。

This Agreement is signed by the Court Appointed Temporary Receiver on behalf of Link Motion Inc., and is thereby legally binding upon Link Motion Inc. and the Holder. This Agreement and its terms and conditions are subject to the approval of the U.S Court (SDNY), J. V. Marrero.

本协议由法院指定临时接管人代表 Link Motion Inc.签字，因此对于 Link Motion Inc.及持有人具有法律约束力。本协议及其条款和条件须经美国纽约南区法院（SNDY）J.V. Marrero 批准。

IN WITNESS WHEREOF, the undersigned have caused this Note to be duly executed and delivered.
兹证明，以下签字人已正式签署并交付本票据。

Link Motion, Inc.

By: _____
Name: Court-Appointed Temporary
Receiver for Link Motion, Inc.
（法院指定临时接管人代表 Link Motion Inc.签字）

Accepted and agreed:
出借人签字：

郭力琳 LiLin Guo

By: _____
Name:
Title:
Address:

4 / 4

SO ORDERED. Request GRANTED. The
Promissory Note Agreement set forth
above is approved.

1-17-20
DATE     VICTOR MARRERO, U.S.D.J.

# EXHIBIT D

Guo Lilin
Holder of Link Motion Inc.
Secured Convertible Promissory Note
郭力麟
Link Motion Inc. 有担保可转换本票持有人

Attention:
Mr. Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver for Link Motion, Inc.
Seiden Law Group LLP
469 Seventh Avenue, 5th Floor, New York, NY 10018, USA
致：罗伯特·W·赛登律师
赛登律师集团                                    May 22th, 2020
美国纽约第 7 大道 469 号 5 层，10018              2020 年 5 月 22 日

**<u>Conversion Notification of Link Motion Inc. Secured Convertible Promissory Note</u>**
**<u>Link Motion Inc. 有担保可转换本票行权通知</u>**

Dear Mr. Seiden,
尊敬赛登先生，

In accordance with the specific articles of the Link Motion Inc. Secured Convertible Promissory Note that signed between the Court-Appointed Temporary Receiver for Link Motion, Inc. and myself on May 18th 2019 and that became effective after Court approval on June 20th, I hereby formally submit my Conversion Notification of the Convertible Promissory Note. Please proceed with the conversion in accordance with the articles of the Court approved, effective and implemented Secured Convertible Promissory Note.

根据 2019 年 5 月 18 日接管人与本人签署并经法庭 6 月 20 日批准生效的 Secured Convertible Promissory Note 的具体约定，本人在此正式发出 Secured Convertible Promissory Note 的转股指令，请按经法庭批准并生效执行的 Secured Convertible Promissory Note 约定办理。

Yours sincerely,
你诚挚的，

Guo Lilin
Holder of Link Motion Inc. Secured Convertible Promissory Note
郭力麟
Link Motion Inc. 有担保可转换本票持有人

# EXHIBIT E

| 2019年费用合计 Total Expenses for 2019 | 2,207,970.14 |
|---|---|

**费用统计（2020年）Expenses Statistics for 2020**

单位：元 Unit: RMB Yuan

| 序号 Number | 付款时间 Payment Date | 费用类别 Payment Type | 金额Amount | 收款方 Paid To | 备注 Remarks |
|---|---|---|---|---|---|
| 1 | 1/9/20 | 咨询费 Consulting fee | 16,115.00 | 李剑锋 Frank Li | |
| 2 | Friday, January 10, 2020 | 工资 Salary | 20,000.00 | | |
| 3 | Friday, January 10, 2020 | 办公费 Office Expenses | 244.70 | 京东商城 JD.com | |
| 4 | Friday, January 10, 2020 | 咨询费 Consulting fee | 200,000.00 | 鼎业律所 Beijing B.D.L. Inernational Law Firm | 根据双方2019年7月2日签订的服务协议支付相关款项 Payment made followingJuly 2nd 2019 Service Agreement |
| | 1月不完全统计 | | 236,359.70 | | |
| 1 | Wednesday, February 5, 2020 | 咨询费 Consulting fee | 4,250.00 | 北京百嘉翻译服务公司 Beijing Baijia Translation Service Company | |
| 2 | Monday, February 10, 2020 | 工资 Salary | 20,000.00 | | |
| 3 | Monday, February 10, 2020 | 办公费 Office Expenses | 51.00 | 顺丰速运 SF Express | |
| 4 | Tuesday, February 11, 2020 | 咨询费 Consulting fee | 8,552.00 | 李剑锋 Frank Li | |
| 5 | Friday, February 28, 2020 | 诉讼费 Litigation Cost | 21,657.00 | 海淀法院 Haidian District Court | |
| | 2月不完全统计 | | 54,510.00 | | |
| 1 | Tuesday, March 10, 2020 | 工资 Salary | 20,000.00 | | |
| 2 | Tuesday, March 10, 2020 | 办公费 Office Expenses | 589.00 | | |
| 3 | Tuesday, March 10, 2020 | 咨询费 Consulting fee | 2,957.00 | 北京百嘉翻译服务公司 Beijing Baijia Translation Service Company | |
| 4 | Tuesday, March 10, 2020 | 咨询费 Consulting fee | 30,100.00 | 鼎业律所 Beijing B.D.L. Inernational Law Firm | |
| 5 | Thursday, March 12, 2020 | 水电费 Utilities | 1,494.19 | 中关村鸿嘉物业服务有限公司 Beijing Zhongguancun HongJia Property Service Ltd | |
| | 3月不完全统计 | | 55,140.19 | | |

| | | | | | |
|---|---|---|---|---|---|
| 1 | Friday, April 10, 2020 | 工资 Salary | 14,090.91 | | |
| 2 | Friday, April 10, 2020 | 办公费 Office Expenses | 642.70 | 含快递费、消毒液费等 Courier fees and sanitizers | |
| 3 | Friday, April 10, 2020 | 翻译费 Translation Fee | 1,853.00 | 北京百嘉翻译服务公司 Beijing Baijia Translation Service Company | |
| 4 | Friday, April 10, 2020 | 咨询费 Consulting fee | 40,056.00 | 李剑锋 Frank Li | |
| 5 | Thursday, April 16, 2020 | 租赁费 Office Rent | 116,989.84 | 北京云基地云计算发展有限公司 Beijing Cloud Valley Computing Technology Ltd | |
| 6 | Thursday, April 16, 2020 | 电话费 Telephone cost | 506.06 | 中关村软件园发展有限责任公司 Zhongguancun Software Park Development Co. Ltd. | |
| | 4月不完全统计 | | 174,138.51 | | |
| 1 | Wednesday, May 6, 2020 | 咨询费 Consulting fee | 50,000.00 | 北京市格平律师事务所 Beijing Geping Law Firm | 根据双方签订的服务协议支付相关款项 Payment made following service agreement signed |
| 2 | Thursday, May 7, 2020 | 租赁费 Office Rent | 288,805.28 | 北京云基地云计算发展有限公司 Beijing Cloud Valley Computing Technology Ltd | 根据双方签订的租赁协议支付相关款项 Payment made following Office Rent agreement signed |
| 3 | Thursday, May 7, 2020 | 咨询费 Consulting fee | 100,000.00 | 北京市君泽君律师事务所 Beijing Junzejun Law Offices | 根据双方签订的服务协议支付相关款项 Payment made following service agreement signed |
| 4 | Saturday, May 9, 2020 | 工资 Salary | 18,863.64 | | |
| 5 | Saturday, May 9, 2020 | 办公费 Office Expenses | 373.60 | | |
| 6 | Saturday, May 9, 2020 | 翻译费 Translation Fee | 404.00 | 北京百嘉翻译服务公司 Beijing Baijia Translation Service Company | |
| 7 | Saturday, May 9, 2020 | 咨询费 Consulting fee | 31,545.00 | 李剑锋 Frank Li | |
| 8 | Saturday, May 9, 2020 | 咨询费 Consulting fee | 150,000.00 | 北京市君泽君律师事务所 Beijing Junzejun Law Offices | 根据双方签订的服务协议支付相关款项 Payment made following service agreement signed |

| | | | | | |
|---|---|---|---|---|---|
| 9 | Saturday, May 9, 2020 | 咨询费 Consulting fee | 200,000.00 | 鼎业律所 Beijing B.D.L. Inernational Law Firm | 根据双方签订的服务协议支付相关款项 Payment made following service agreement signed |
| 10 | | 工资 Salary | 1,164,422.00 | 郭力麟11个月薪资（对应每月1.5万美元，合计16.5万美元）Eleven Months' Salary for Francis Guo (equivalent to USD$15000/month, totalling USD$165,000) | 按照接管人批准办理 Payment upon Receiver's approval |
| 11 | | 咨询费 Consulting fee | 352,855.00 | 高博金律师事务所（对应5万美元，待接管人提供账号等资料）Payment to Kobre & Kim (equvalaent to USD$50,000, upon bank account and other documents from Receiver) | 按照接管人批准办理 Payment upon Receiver's approval |
| | 5月不完全统计 May Statistics (Incomplete) | | 2,357,268.52 | | |
| | 合计 Total for 2020 | | 2,877,416.92 | | |
| | 累计（含以前年度）Total Amount Including 2019 | | 5,085,387.06 | | |

备注：所有服务合同均已按流程进行批准

Note:All service contracts have been approved according to procedures

**Calculation for Share Conversion**

Amount eligible for conversion          **RMB 5,085,387.06**

Amount after interest                          **RMB 6,356,733.75**
(1.25 times Principal)

Amount in USD                                     **$894,055**
(Using the exchange rate of 7.11 RMB per USD on May 22, 2020, the date Mr. Guo officially made the request to convert shares)

Resulting shares                                    **44,702,750**
(Using the formula:  loan amount plus earned and accrued interest converted to ADS at $.10 per ADS where one ADS equals 5 Class B Common shares)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE BALIGA, derivatively on behalf of
LINK MOTION INC. (F/K/A NQ MOBILE INC.)

                     Plaintiff,

        -against-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYONG SHI,
JIA LIAN,
XIAO YU,

                     Defendants,

        -and-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),

                     Nominal Defendant.

1:18-cv-11642

**[PROPOSED] ORDER**

---

On December 13, 2018, Plaintiff commenced this action by filing a complaint against Link Motion, Inc. ("LKM" or the "Company") and individual defendants for, *inter alia*, breach of fiduciary duty, unjust enrichment, and securities fraud.  ECF No. 1.

On February 1, 2019, the Court issued an order granting Plaintiff's request for the appointment of a temporary receiver over the Company.  ECF No. 26  (as to the Court-appointed receiver, the "Receiver").  Moreover, in its ruling, the Court ordered a temporary restraining order to enjoin Defendants from transferring, liquidating, dissipating, assigning, and/or granting a lien or security interest or other interest in any assets belonging to the Company.  ECF No. 26.

On June 18, 2019, the Court approved the Convertible Promissory Note Agreement between Mr. Lilin Guo ("Mr. Guo") and the Receiver in order to assist with funding of the Court Appointed Temporary Receivership's mandate inside the PRC.  On January 16,

2020, the Court approved the amended Convertible Promissory Note Agreement between Mr. Guo and the Receiver.  ECF Nos. 119, 120.

On June 1, 2020, the Receiver submitted a letter application (the "Application") and requested that the Court approve Mr. Guo's request to exercise his option to convert the Note to Class B Common Equity in accordance with the terms of the Note and to further approve the Receiver to take the necessary steps to register the converted shares with the Company's Cayman Island Registry.

In light of the above, and upon review of all the papers submitted by the Receiver in this action and in support of the Application, and with good cause appearing, it is hereby

**ORDERED AS FOLLOWS:**

The Receiver is authorized to exercise the rights, powers, and privileges of the directors of Link Motion, Inc. in order to take all necessary corporate actions on behalf of the Company to issue and allot the Class B Common Equity shares in accordance with the terms of the Secured Convertible Promissory Note and to enter, or cause to be entered, the issuance and allotment of the shares on the Company's Register of Members.

The Receiver's Application to convert the Secured Convertible Promissory Note to Class B Common Equity under the name of Mr. Lilin Guo is **GRANTED**.

The Receiver is authorized and directed to file with the Grand Court of the Cayman Islands an application to convert the Secured Convertible Promissory Note to Class B Common Equity under the name of Mr. Lilin Guo no later than June 30, 2020, and this Court requests the aid and assistance of the Grand Court of the Cayman Islands in giving effect to the terms of this Order.

**IT IS SO ORDERED.**                                   Enter:


Dated: _____, 2020               _____
                                        Hon. Victor Marrero
                                        United States District Judge