# Exhibit J



**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

September 13, 2021

**CAUSE NO: FSD 4 OF 2020 (MRHJ)**

**BETWEEN:**

**ROBERT W. SEIDEN, IN HIS CAPACITY AS**
**TEMPORARY RECEIVER OF LINK MOTION INC.**

**PLAINTIFF**

**AND:**

**LINK MOTION INC.**

**DEFENDANT**

**SUMMONS**

LET ALL PARTIES CONCERNED attend before the Judge in Chambers at the Law Courts, George Town, Grand Cayman on the _____ day of _____, 2021 at _____ upon an application by the Plaintiff for the following orders:

1.      Further to the Court's 3 February 2020 order recognizing the appointment, powers and functions of the Plaintiff in the Cayman Islands:

      1.1.     recognizing the power of the Plaintiff to issue 41,570,000 Class B common shares in Link Motion Inc. to Mr Guo Lilin pursuant to the terms of a Secured Convertible Promissory Note dated 18 May 2019 made between Mr Guo and Link Motion Inc. and approved by the United States District Court for the Southern District of New York; and

      1.2.     authorizing the Plaintiff to take all necessary corporate actions on behalf of Link Motion Inc. to issue and allot the shares as described above in paragraph 1.1 and to enter, or cause to be entered, the issuance and allotment of the shares on Link Motion Inc.'s Register of Members.

2.      Pursuant to Order 63, rule 3(4) of the Grand Court Rules, directing that all documents filed with the Court in connection with this application, including this summons, the Third Affidavit of Robert W. Seiden sworn 13 September 2021, Exhibit RWS-3, and

---

This Summons was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

any order made on the application, be sealed on the Court file and not open to inspection by any party or person other than the Plaintiff except with leave of the Court granted on an application made on at least 7 business days' notice to the Plaintiff.

3.      Such further orders or directions as counsel may advise or the Court considers just.

DATED this 13th day of September, 2021.



**KSG**
Attorneys for the Plaintiff

TO:                      The Registrar of the Financial Services Division

TIME ESTIMATE:      The estimated length for the hearing of this summons is 0.5 hours.

This Summons was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

2



Plaintiff
R Seiden
Third
RWS-3
13 September 2021

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**CAUSE NO: FSD 4 OF 2020 (MRHJ)**

BETWEEN:

**ROBERT W. SEIDEN, IN HIS CAPACITY AS**
**TEMPORARY RECEIVER OF LINK MOTION INC.**

**PLAINTIFF**

AND:

**LINK MOTION INC.**

**DEFENDANT**

<u>**THIRD AFFIDAVIT OF ROBERT W. SEIDEN**</u>

I, **ROBERT W. SEIDEN**, of 469 Seventh Avenue, 5th Floor, New York, New York 10018, United States of America, do solemnly and sincerely **AFFIRM** and say as follows:

**Introduction**

1.      I am the same Robert W. Seiden who has sworn two previous affidavits in this proceeding. I am the temporary receiver (**Receiver**) of Link Motion Inc. (the **Company**), the defendant in this proceeding, under an order made by the United States District Court for the Southern District of New York (the **US Court**) dated 1 February 2019 (the **Receivership Order**). In my capacity as Receiver, I am the plaintiff in this proceeding. This Court recognized my appointment by the US Court as Receiver by an order dated 3 February 2020 (the **Recognition Order**).

2.      There is now produced and shown to me marked **RWS-3** a bundle of true copies of various documents to which I will refer in this affidavit. Except where otherwise stated, or the context requires, references in this affidavit to "pages" are to pages of Exhibit RWS-3.

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/1730]

1

3.      The facts set out in this affidavit are within my knowledge. Where any matter set out in this affidavit is not within my direct knowledge, I set out the source of my knowledge and believe that the matter is true. Where I refer in this affidavit to communications with or advice from attorneys, or to any ongoing legal proceedings, I do not intend to waive any privilege and no privilege is waived.

4.      I make this affidavit in connection with the summons issued on my behalf as Receiver, seeking Cayman Islands recognition of my power to issue certain shares in the Company to Mr Guo Lilin pursuant to a convertible note instrument and authorization to take the steps necessary to issue those shares. I also request that the Court make a sealing order to keep the documents associated with this application confidential, consistent with the way the US Court dealt with this matter.

5.      The Receiver made a similar application to this Court in June 2020, which was granted by the Court in an order dated 14 July 2020 (the **2020 Conversion Order**). Accordingly, in this affidavit I reference evidence previously put before the Court in my second affidavit sworn 19 June 2020 (**Seiden 2**) and its Exhibit RWS-2.

**Promissory Note and 2020 Conversion**

6.      The background to the Secured Convertible Promissory Note made between Mr Guo and the Company (the **Note**) is set out in paragraphs 5 to 7 of Seiden 2, and a copy of the Note is at pages 10 to 13 of Exhibit RWS-2. In accordance with the terms of the 2020 Conversion Order, the Receiver caused the Company to issue 44,702,750 Class B common shares to Mr Guo and directed the Company's registered office to update the Register of Members accordingly.

7.      Following the conversion as approved by the 2020 Conversion, the Receiver drew down further amounts on the Note (the **Loan**) on behalf of the Company in accordance with the Receivership Order and the terms of the Note.

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

2

**Further Conversion of Promissory Note**

8.  On 5 August 2021, Mr Guo provided a written notice to the Receiver that he wished to exercise his conversion rights under the Note with respect to the then-outstanding balance. A copy of Mr Guo's conversion notice is at page 1 of RWS-3.

9.  As of 5 August 2021, the outstanding balance of the Loan was RMB 5,370,843.10, equivalent to US$831,400 based on that day's RMB/USD exchange rate of 6.46 RMB per USD. Based on the conversion formula set out in the Note, Mr Guo is entitled to convert the Loan into 41,570,000 Class B shares in the Company (the **Shares**). An analysis of the expenses paid from the Loan and the calculation for the conversion, prepared by my team, is at pages 2 to 9 of RWS-3.

10. Based on advice of counsel and the documentation provided to me as stated below, I am satisfied that the Company has sufficient authorized but unissued share capital to issue the Shares. The Company's current Memorandum of Association states that the Company's share capital is US$180,000 divided into (*a*) 1,560,000,000 Class A common shares with a par value of US$0.0001 each and (*b*) 240,000,000 Class B common shares with a par value of US$0.0001 each. A copy of the Company's current Memorandum and Articles of Association is at pages 18 to 60 of RWS-2. The Company's Register of Members dated 7 August 2020, which I have received from the Company's registered office, shows that the Company has issued only 120,231,157 Class B common shares. A copy of the Register of Members as of 7 August 2020 is at pages 10 to 19 of RWS-3.

11. I am also satisfied, based on advice from the Receiver's Cayman Islands attorneys, that, subject to approval of this Court, the issue of the Shares is consistent with the Company's Memorandum and Articles of Association and Cayman Islands law.

12. On 30 August 2021, the Receiver wrote to the US Court advising that Mr Guo had provided a conversion notice under the Note and seeking approval to convert the Loan into the Shares. On 8 September 2020, the US Court granted that approval and ordered that:

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

12.1.   The Receiver is authorized to exercise the rights, powers, and privileges of the directors of the Company in order to take all necessary corporate actions on behalf of the Company to issue and allot the Shares and to enter, or cause to be entered, the issuance and allotment of the Shares on the Company's Register of Members.

12.2.   The Receiver is authorized and directed to file an application with this Court to convert the Loan into the Shares by no later than 30 October 2020 (which I submit is an obvious typographical order which is intended to mean 30 October 2021), and requested the aid and assistance of this Court in giving effect to the terms of the order.

A copy of the Receiver's 30 August 2021 letter to the US Court, without exhibits attached, is at pages 20 to 21 of RWS-3. A copy of the US Court's 8 September 2021 order is at pages 22 to 24 of RWS-3. I note that there is another typographical error in the US Court's order, as it refers to the Receiver's letter to the US Court as being submitted on 30 August 2020.

13.   Paragraph 5 of the Recognition Order states that:

> *The US Receiver shall have liberty to apply to this Court in respect of any matter concerning Link Motion Inc., the interpretation and implementation of this Order and for any further orders to give further and better effect to the recognition by this Court of the Receivership Order.*

14.   Accordingly, further to the Receivership Order, the Recognition Order, and the US Court's 8 September 2021 order, I now make this application for this Court to recognize my power to issue the Shares and authorize me to take all necessary corporate actions on behalf of the Company to issue the Shares so that the conversion will be effective under Cayman Islands law.

**Request for Sealing Order**

15.   I request that the Court make a sealing order under Order 63, rule 3(4) of the Grand Court Rules to ensure that the material filed in connection with this application remains

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

4

confidential. The information concerning the Note, including the documents filed with the US Court in connection with the approval of the Note and the conversions, are not publicly available and are held by the US Court under seal. A sealing order will therefore ensure consistency between the two courts' approaches.

16.   Further, disclosure of this information to third parties not approved by the Receiver, and in particular the Individual Defendants (as defined in my first affidavit), will severely prejudice the ongoing efforts to maintain, preserve and gain control of the Company's affairs and recover its assets by revealing sensitive funding details. I acknowledge that, if the Court grants the relief sought on this application, the issuance of the Shares will be recorded on the Company's Register of Members which is available to every registered shareholder.

AFFIRMED before me at New
York, New York, this 13th
day of September, 2021

**ROBERT W. SEIDEN**

Steven E. Seiden
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02SE6135135
Qualified in New York County
Commission Expires 12/23/2021

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

5

Plaintiff
R Seiden
Third
RWS-3
13th September 2021

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

CAUSE NO: FSD 4 OF 2020 (MRHJ)

BETWEEN:

ROBERT W. SEIDEN, IN HIS CAPACITY AS
TEMPORARY RECEIVER OF LINK MOTION INC.

PLAINTIFF

AND:

LINK MOTION INC.

DEFENDANT

---

**EXHIBIT RWS-3**

---

This is the exhibit marked RWS-3 to the Third Affidavit of Robert W. Seiden.

AFFIRMED before me at New
York, New York, this 13th
day of September, 2021

ROBERT W. SEIDEN

Steven E. Seiden
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02SE6135135
Qualified in New York County
Commission Expires 12/23/2021

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42
North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/1730]

6

Guo Lilin

Holder of Link Motion Inc.

Secured Convertible Promissory Note

郭力麟

Link Motion Inc. 有担保可转换本票持有人

Attention:

Mr. Robert W. Seiden, Esq.

Court-Appointed Temporary Receiver for Link Motion, Inc.

Seiden Law Group LLP

469 Seventh Avenue, 5th Floor, New York, NY 10018, USA

致：罗伯特·W·赛登律师

赛登律师集团                                             Aug 5th, 2021

美国纽约第 7 大道 469 号 5 层，10018              2021 年 8 月 5 日

**<u>Conversion Notification of Link Motion Inc. Secured Convertible Promissory Note</u>**
**<u>Link Motion Inc. 有担保可转换本票行权通知</u>**

Dear Mr. Seiden,

尊敬赛登先生，

In accordance with the specific articles of the Link Motion Inc. Secured Convertible Promissory Note that signed between the Court-Appointed Temporary Receiver for Link Motion, Inc. and myself on May 18th 2019 and that became effective after Court approval on June 20th, I hereby formally submit my Conversion Notification of the Convertible Promissory Note. Please proceed with the conversion in accordance with the articles of the Court approved, effective and implemented Secured Convertible Promissory Note.

根据 2019 年 5 月 18 日接管人与本人签署并经法庭 6 月 20 日批准生效的 Secured Convertible Promissory Note 的具体约定，本人在此正式发出 Secured Convertible Promissory Note 的转股指令，请按经法庭批准并生效执行的 Secured Convertible Promissory Note 约定办理。

Yours sincerely,

你诚挚的，

Guo Lilin

Holder of Link Motion Inc. Secured Convertible Promissory Note

郭力麟

Link Motion Inc. 有担保可转换本票持有人

费用统计（2020年5月12日～2021年6月30日）Expenses Statistics for May 12, 2020 -- June 30, 2021

单位: 元　Unit: RMB Yuan

| 2019年费用合计 Total Expenses for 2019 | 2,207,970.14 |
| --- | --- |

| 序号<br>Number | 付款时间<br>Payment Date | 费用类别<br>Payment Type | 金额<br>Amount | 收款方<br>Paid to | 备注<br>Remarks |
| --- | --- | --- | --- | --- | --- |
| 1 | May 12, 2020 | 水电费Utilities | 1,297.80 | 中关村鸿嘉物业服务有限公司 Zhongguancun Hongjia Property Service Ltd (Beijing) 周冰洁Zhou Bingjie | |
| 2 | May 20, 2020 | 翻译费Translation Fee | 2,200.00 | 周冰洁 Zhou Bingjie | 翻译费预付款Translation fee downpayment |
| | 2020年5月12日至今完全统计<br>Incomplete statistic from May 12, 2020 onwards | | 3,497.80 | | |
| 1 | June 10, 2020 | 办公费Office Expenses | 33.00 | 周冰洁Zhou Bingjie | |
| 2 | June 10, 2020 | 快递费 Express fee | 135.92 | 周冰洁Zhou Bingjie | |
| 3 | June 10, 2020 | 交通费Transportation fee | 402.00 | 周冰洁Zhou Bingjie-c249 郝坤Hao kun153 | |
| 4 | June 10, 2020 | 员工工资Staff salary | 18,250.00 | 周冰洁Zhou Bingjie10000 郝坤Hao kun4000 闫璇璇Yan Shumin4250 | |
| 5 | June 10, 2020 | 劳务费 Labor service fee | 33,792.00 | 李剑锋Frank Li | |
| 6 | June 10, 2020 | 法律咨询服务费 Legal advisory servi | 25,531.43 | 美国高博金律师事务所驻上海代表处 Payment to Kobre & Kim Shanhhai Rep Office | 25531.43元为纳博金会另外要求支付的对应3528 55元人民币的法律咨询费的税金。本项对高博金支付的费用总共为378386.43元，RMB25531.43 is tax paid on the legal advisory service dee as of RMB352855, thus total payment on Kobre & Kim is RMB378386.43 |
| 7 | June 24, 2020 | 法院诉讼费 Court litigation fee | 1,150.00 | 周冰洁Zhou Bingjie | |
| 8 | June 24, 2020 | 招行工体支行打印回执借款 Cashed borrowed, to get China Merchants Bank Worker Stadium SubBranch bank receipts printed | 2,000.00 | 郝坤（现金）Hao kun(cash) | |
| | 2020年6月不完全统计<br>June（2020）Incomplete Statistic | | 81,294.35 | | |
| 1 | July 6, 2020 | 招行朝外支行打印回执借款 Cashed borrowed, to get China Merchants Bank ChaoWai SubBranch bank receipts printed | RMB2400 | 郝坤（现金）Hao kun(cash) | |
| 2 | July 11, 2020 | 员工工资salary | 20,000.00 | 郝坤Hao kun10000 周冰洁Zhou Bingjie10000 | |
| 3 | July 11, 2020 | 劳务费Labor service fee | 49,932.00 | 李剑锋Frank Li | |
| 4 | July 11, 2020 | 法律服务费 Legal Service Fee | 54,800.00 | 北京尚公律师事务所Beijing B.D.L. Inernational Law Firm | |
| 5 | July 11, 2020 | 快递费 Express fee | 151.86 | 周冰洁Zhou Bingjie | |
| 6 | July 11, 2020 | 办公费 Office Expenses | 1,643.24 | 周冰洁Zhou Bingjie | |

2019年费用合计 Total Expenses for 2019 — 2,207,970.14

# 费用统计（2020年5月12日－2021年6月30日）Expenses Statistics for May 12, 2020 -- June 30, 2021

单位：元　Unit: RMB Yuan

| 序号 Number | 付时间 Payment Date | 费用类别 Payment Type | 金额 Amount | 收款方 Paid to | 备注 Remarks |
|---|---|---|---|---|---|
| 7 | July 11, 2020 | 翻译费 Translation Fee | 383.50 | 周冰洁Zhou Bingjie | |
| 8 | July 11, 2020 | 加油费 Fuel Charge | 660.00 | 周冰洁代郝坤报销 Reimbursement to Haokun, collected by Zhou Bingjie | |
| 9 | July 11, 2020 | 补打印单费 Prints charges for additional bank receipts | 8,500.00 | 周冰洁代郝坤报销 Reimbursement to Haokun, collected by Zhou Bingjie | |
| 10 | July 11, 2020 | 招行账户变更手续费 Bank account change procedure charges of China Merchants Bank | 100.00 | 周冰洁代郝坤报销 Reimbursement to Haokun, collected by Zhou Bingjie | |
| 11 | July 11, 2020 | 停车费 Parking Fee | 213.75 | 周冰洁代郝坤报销 Reimbursement to Haokun, collected by Zhou Bingjie | |
| 12 | July 23, 2020 | 补五险一金费用 Compensation on the social insurance & funds | 47,760.00 | 补偿周冰洁2019年8月－2020年7月份五险一金公司应缴部分 Compensated Zhoubingjie the employer payables on her social insurance & funds of August 2019 – July 2020 | |
| 2020年7月不完全统计 July（2020）Incomplete Statistic | | | 184,144.35 | | |
| 1 | Aug 1, 2020 | 网页保全公证费 Notarization fee for web pages preservation | 3,166.00 | 周冰洁报销  Reimbursement to Zhou Bingjie | |
| 2 | Aug 1, 2020 | 郝坤还款 Repayment from Haokun | -4,400.00 | 郝坤还款（现金）Repayment from Haokun (cash) | |
| 3 | Aug 10, 2020 | 员工工资 Staff salary | 20,000.00 | 周冰洁Zhou Bingjie10000 郝坤Haokun10000 | |
| 4 | Aug 10, 2020 | 办公费Office Expenses | 167.60 | 周冰洁报销 Reimbursement to Zhou Bingjie | |
| 5 | Aug 10, 2020 | 翻译费Translation Fee | 2,912.50 | 周冰洁报销Reimbursement to Zhou Bingjie | |
| 6 | Aug 10, 2020 | 快递费Express fee | 50.00 | 周冰洁报销Reimbursement to Zhou Bingjie | |
| 7 | Aug 10, 2020 | 打车费Taxi fee | 636.00 | 周冰洁报销（其中有246是郝冰洁代郝坤报销）Bingjie(Of which RMB246 reimbursed to Hao Kun) | Zhou |
| 8 | Aug 13, 2020 | 水电费Utilities | 998.01 | 中关村鸿嘉物业服务有限公司（现金）Beijing Zhongguancun Hongjia Property Service Ltd （cash） | |
| 9 | Aug 13, 2020 | 法律服务费 Legal Service Fee | 155,700.00 | 北京市鼎业律师事务所 Beijing B.D.L. Inernational Law Firm | |
| 10 | Aug 13, 2020 | 法律服务费 Legal Service Fee | 50,000.00 | 北京市鼎业律师事务所 Beijing B.D.L. Inernational Law Firm | |
| 11 | Aug 17, 2020 | 劳务费 Labor service fee | 41,517.00 | 李剑锋 Frank Li | |
| 12 | Aug 20, 2020 | 法律服务费 Legal Service Fee | 295,358.00 | 北京市鼎业律师事务所 Beijing B.D.L. Inernational Law Firm | |
| 13 | Aug 21, 2020 | 法律服务费 Legal Service Fee | 370,332.00 | 美国高博金律师事务所上海代表处 Kobre & Kim Law Firm Shanghai Rep Office | |

2019年费用合计 Total Expenses for 2019 — 2,207,970.14

单位：元

Unit: RMB Yuan

## 费用统计 （2020年5月12日--2021年6月30日） Expenses Statistics for May 12, 2020 -- June 30, 2021

| 序号 Number | 付款时间 Payment Date | 费用类别 Payment Type | 金额 Amount | 收款方 Paid to | 备注 Remarks |
|---|---|---|---|---|---|
| | **2020年8月不完全统计 August (2020) Incomplete Statistic** | | **936,437.11** | | |
| 1 | Sept 10, 2020 | 员工工资 Staff salary | 20,000.00 | 周浩昆Zhou Bingjie10000 郝坤Haokun10000 | |
| 2 | Sept 10, 2020 | 办公费 Office Expenses | 79.00 | 属冰洁报销Zhou Bingjie Reimbursment | |
| 3 | Sept 10, 2020 | 快递费 Express fee | 84.49 | 属冰洁报销Zhou Bingjie Reimbursment | |
| 4 | Sept 10, 2020 | 交通费 Transportation Fee | 72.00 | 属冰洁报销Zhou Bingjie Reimbursment | |
| 5 | Sept 10, 2020 | 装订费 Binding fee | 150.00 | 周冰洁代郝律师报销 Reimbursment to Huokun, collected by Zhou Bingjie | |
| 6 | Sept 11, 2020 | 法律服务费 Legal Service Fee | 100,000.00 | 海南群律师事务所Hainan Xiangrui Law Firm | |
| 7 | | 工资 Salary | 409,986.00 | 郭力4个月工资（每个月1.5万美金，合计6万美金）Guo Lilin's 4 months salary(US$15000/Month, totalling US$60000) | 2020年5、6、7、8月工资（根据中国银行2020年9月10日汇率计算）May,June,July,August 2020 Salary（Calculated on the exchange rate of the Bank of China dated September 10, 2020） |
| | **2020年9月不完全统计 September (2020) Incomplete Statistic** | | **530,371.49** | | |
| 1 | Oct 10, 2020 | 员工工资 Staff salary | 20,000.00 | 周冰洁Zhou Bingjie10000 郝坤Hao kun10000 | |
| 2 | Oct 10, 2020 | 办公费 Office Expenses | 361.55 | 属冰洁报销Zhou Bingjie Reimbursment | |
| 3 | Oct 10, 2020 | 交通费 Transportation Fee | 288.00 | 属冰洁报销Zhou Bingjie Reimbursment | |
| 4 | Oct 10, 2020 | 快递费 Express fee | 156.52 | 属冰洁报销Zhou Bingjie Reimbursment | |
| 5 | Oct 10, 2020 | 补打回单、银行变更 Bank receipts prints, Bank charges | 810.00 | 郝坤报销Hao kun Reimbursment | |
| 6 | Oct 10, 2020 | 交通费 Transportation Fee | 840.00 | 郝坤报销Hao kun Reimbursment | |
| 7 | Oct 10, 2020 | 差旅费 Travel Expenses | 7,105.91 | 海南汪律师差旅费（注册业）Wang Shiye (Hainan, lawyer) Travel expenses | |
| 8 | Oct 14, 2020 | 劳务费 Labor service fee | 30,000.00 | 翁冯Weng Yun | |
| 9 | Oct 22, 2020 | 水电费 Utilities | 713.13 | 中关村网景物业服务有限公司（现金）Beijing Zhongguancun Hongjia Property Service Ltd (Cash) | |
| 10 | Oct 29, 2020 | 仲裁服务 Arbitration fee | 51,269.67 | Epiq Hong Kong,Limited, 香港与仲裁有关的仲裁服务费（5909Q港币、7622.61美元）Epiq Hongkong Limited, Arbitration fee for HK & ZZ (HK$59090, US$7622.21) | |
| 11 | Oct 29, 2020 | 转账手续费Transfer fee | 47.08 | 转账手续费美元（中国银行10月29日汇率为6.726）Transfer fee US$7(Bank of China Exchange Rate on Oct.29 was 6.726) | |

2019年费用合计 Total Expenses for 2019 · 2,207,970.14

# 费用统计 （2020年5月12日－2021年6月30日） Expenses Statistics for May 12, 2020 -- June 30, 2021

单位：元
Unit: RMB Yuan

| 序号 Number | 付款时间 Payment Date | 费用类别 Payment Type | 收款方 Paid to | 金额 Amount | 备注 Remarks |
|---|---|---|---|---|---|
| 12 | Oct. 29, 2020 | 法律服务费 Legal Service Fee | KSG Attorneys Ltd.（甲受KSG律师事务所关于公司股东会议拒绝服务费的预付款， 5000美元）KSG Attorneys Ltd. (Legal service fee downpayment to KSG the Cayman law firm for convening the company shareholders meeting - US$5000) | 33,630.04 | |
| 13 | Oct. 29, 2020 | 转账手续费 Transfer Fee | 转账手续费20美元Transfer fee US$20 | 134.52 | |
| 2020年10月不完全统计 October（2020）Incomplete Statistic | | | | 145,356.38 | |
| 1 | Nov. 4, 2020 | 仲裁服务费 Arbitration fee | Hong Kong International Arbitration Centre（香港与仲值与仲裁案） | 104,763.70 | |
| 2 | Nov. 4, 2020 | 转账手续费 Transfer Fee | 转账手续费7美元Transfer fee US$7 | 46.74 | |
| 3 | Nov. 10, 2020 | 工资 Salary | 盛冰洁10000 郝坤10000 Zhou Bingjie10000 Hao Kun10000 | 20,000.00 | |
| 4 | Nov. 10, 2020 | 办公费 Office Expenses | 周冰洁Zhou Bingjie | 277.60 | |
| 5 | Nov. 10, 2020 | 快递费 Express fee | 周冰洁Zhou Bingjie | 20.00 | |
| 6 | Nov. 10, 2020 | 网络带宽费 Broad band fee | 北京中关村软件园发展有限责任公司（9月19日-12月31日网络带宽费）Beijing Zhongguancun Software Park Development Co., Ltd (Internet broadband fee Sept 19-Dec 31) | 6,154.80 | |
| 7 | Nov. 26, 2020 | 法院诉讼费 Court litigation fee | 郝坤Hao kun | 21,657.00 | 2020年12月8日收到发票Obtained the invoice on Dec 8, 2020 |
| 2020年11月不完全统计 November（2020）Incomplete Statistic | | | | 152,919.84 | |
| 1 | Dec. 10, 2020 | 员工工资 Staff salary | 周冰洁10000 郝坤10000 Zhou Bingjie10000 Hao Kun10000 | 20,000.00 | |
| 2 | Dec. 10, 2020 | 办公室费 Office Expenses | 盛冰洁报销 Reimbursement to Zhou Bingjie | 524.00 | |
| 3 | Dec. 10, 2020 | 交通费 Transportation Fee | 盛冰洁报销 Reimbursement to Zhou Bingjie | 16.00 | |
| 4 | Dec. 10, 2020 | 快递费 Express fee | 盛冰洁报销 Reimbursement to Zhou Bingjie | 129.89 | |
| 5 | Dec. 10, 2020 | 法律服务费 Legal Service Fee | KSG Attorneys Ltd （13934.31美元，汇率6.5476）KSG Attorneys Ltd. (US$13934.31, Exchange rate 6.5476) | 91,236.29 | |
| 6 | Dec. 10, 2020 | 转账手续费 Transfer Fee | 20美元Transfer fee US$20 | 130.95 | |
| 7 | Dec. 29, 2020 | 保洁费 Cleaning Fee | 阿姨办公室搬家保洁人员房务费（冯振平，13718492530）（所存现金）NQ Office moving & cleaning labors fee (Feng Zhenping 13718492530)(Cash in stock) | 200.00 | |
| 8 | Dec. 29, 2020 | 搬运费 Moving Fee | 阿姨办公室家电搬运人工费（景文凯，15611090005）（所存现金）NQ Office Household appliance handing labors fee (Jing Wenkai 15611090005)(Cash in stock) | 400.00 | |

| 2019年费用合计 Total Expenses for 2019 | 2,207,970.14 |
|---|---|

## 费用统计 （2020年5月12日－2021年6月30日） Expenses Statistics for May 12, 2020 -- June 30, 2021

单位：元　　Unit: RMB Yuan

| 序号 Number | 付款时间 Payment Date | 费用类别 Payment Type | 金额 Amount | 收款方 Paid to | 备注 Remarks |
|---|---|---|---|---|---|
| | | 工资 Salary | 294,642.00 | 郭小娟3个月工资（每个月1.5万美金，合计4.5万美金） Guo Lilin's 3 months salary (US$15000/Month, totalling US$45000) | 2020年9、10、11月工资。（根据中国银行2020年12月10日汇率计算） Sept, Oct, Nov 2020 Salary .（Calculated on the exchange rate of the Bank of China dated December 10, 2020） |
| 2020年12月不完全统计 December (2020) Incomplete Statistic | | | 407,279.13 | | |
| 1 | Jan 6, 2021 | 退还押金Deposit refunded | -135,493.48 | 北京云云基地云计算科技发展有限公司（网秦办公室房租到期、退还押金） Beijing Cloud Valey Computing Technology Ltd (NQ Office rent terminated & Deposit refunded) | 1、为了节省成本，从2021年1月1日开始，网秦北京在原办公楼租期满后租了新的办公室。现办公室比原办公室面积小了一半，现办公室每年可比原办公室节省人民币74401.6元。 1. To cut costs, from Jan 1, 2021 NQ switched to a new office which reduced half size of the old office but in the same building. The new rent saves 74401.6 quarterly. 2、现办公室每年按2021年5月21日的租金及押金共计为人民币156607.21元。 2. The new rent till May 21 2021 plus deposit amounts 156607.21 in total. 3、原办公室租金到期，使用原租房押金抵扣现租房金及新房租。尚需支付21113.73元，实际支付为21113.73元。 3. The old office lease was terminated and deposit of 135493.48 was released.The new lease deposit and first batch of rent minus the released is 21113.73, thus the actual payment is 21113.73. |
| 2 | Jan 6, 2021 | 租房押金Deposit for rent | 61,091.88 | 北京云云基地云计算科技发展有限公司（网秦办公室租房押金） Beijing Cloud Valey Computing Technology Ltd (Deposit for NQ Office new lease) | |
| 3 | Jan 6, 2021 | 租赁费 Rent | 95,515.33 | 北京云云基地云计算科技发展有限公司（2021年1月1日-2021年5月21日） Beijing Cloud Valey Computing Technology Ltd (Jan1 to May 21, 2021 rent for NQ Office new lease) | |
| 4 | Jan 10, 2021 | 员工工资 Staff salary | 20,000.00 | 周冰洁10000 郧坤10000 Zhou Bingjie10000 Hao Kun10000 | |
| 5 | Jan 10, 2021 | 交通费 Transportation Fee | 196.00 | 周冰洁报销 Reimbursement to Zhou Bingjie | |
| 6 | Jan 10, 2021 | 快递费 Express fee | 75.00 | 周冰洁报销 Reimbursement to Zhou Bingjie | |
| 7 | Jan 10, 2021 | 办公费 Office Expenses | 2,521.94 | 周冰洁报销 Reimbursement to Zhou Bingjie | |
| 8 | Jan 10, 2021 | 法律服务费 Legal Service Fee | 100,000.00 | 稻盈律师所Beijing B.D.L. Inernational Law Firm | |
| 9 | Jan 14, 2021 | 网络服务Internet Service Fee | 10,800.00 | 北京中科软件园发展有限责任公司（2021年1月1日-6月30日网络带宽费） Beijing Zhongguancun Software Park Development Co. (Jan 1 - June 30, 2021 Internet broadband fee) | |
| 10 | Jan 14, 2021 | 网络运营Internet move fee | 2,000.00 | 北京中科软件园发展有限责任公司 Beijing Zhongguancun Software Park Development Co. Ltd. | |

费用统计 （2020年5月12日－2021年6月30日） Expenses Statistics for May 12, 2020 -- June 30, 2021

| 2019年费用合计 Total Expenses for 2019 | 2,207,970.14 |
|---|---|

单位：元
Unit: RMB Yuan

| 序号 Number | 付款时间 Payment Date | 费用类别 Payment Type | 金额 Amount | 收款方 Paid to | 备注 Remarks |
|---|---|---|---|---|---|
| 11 | Jan 14, 2021 | 电话延移费 telepone move fee | 3,000.00 | 北京中关村软件园发展有限责任公司 Beijing Zhongguancun Software Park Development Co. Ltd. | |
| 12 | Jan 14, 2021 | 电话费 Telephone fee | 682.90 | 北京中关村软件园发展有限责任公司（2020年4月-2020年12月）Beijing Zhongguancun Software Park Development Co. Ltd. （April-December 2020） | |
| 13 | Jan 31, 2021 | 法律服务费 Legal Service Fee | 100,000.00 | 沛业律所 Beijing B.D.L. Inernational Law Firm | |
| 2021年1月不完全统计 Jan. (2021) Incomplete Statistic | | | 260,389.57 | | |
| 1 | Feb 10, 2021 | 水电费 Utilities | 1,321.37 | 中关村鸿嘉物业服务有限公司 Zhongguancun Hongjia Property Service Ltd | Beijing |
| 2 | Feb 10, 2021 | 快递费 Express fee | 322.74 | 屈冰活报销 Reimbursement to Zhou Bingie | |
| 3 | Feb 10, 2021 | 办公费 Office Expenses | 910.50 | 屈冰活报销 Reimbursement to Zhou Bingie | |
| 4 | Feb 10, 2021 | 交通费 Transportation Fee | 111.00 | 屈冰活报销 Reimbursement to Zhou Bingie | |
| 5 | Feb 10, 2021 | 差旅费 Travel Expenses | 15,175.00 | 曲宝玉报销（和郭总一起北京出差）Qu Baoyu Reimbursement (Business trips to Beijing with Mr. Guo) | |
| 6 | Feb 10, 2021 | 差旅费 Travel Expenses | 4,381.00 | 郭总北京出差报销 Mr. Guo Reimbursement for business trips to Beijing | |
| 7 | Feb 10, 2021 | 员工工资 Staff salary | 20,000.00 | 周冰活10000 郝坤10000 Zhou Bingie10000 Hao Kun10000 | |
| 8 | Feb 23, 2021 | 法律服务费 Legal Service Fee | 50,000.00 | 北京诉律平津师事务所 Beijing Geping Law Firm | |
| 2021年2月不完全统计 Feb. (2021) Incomplete Statistic | | | 92,221.61 | | |
| 1 | Mar 3, 2021 | 诉讼费 Litigation Fee | 571,533.00 | 北京诉律平津师事务所（2021法03民初524字诉讼费）Beijing Geping Law Firm （Case#2021 JingD3MinChu524 Litigation fee） | |
| 2 | Mar 10, 2021 | 快递费 Express fee | 12.00 | 郝坤报销 Reimbursement to Haokun | |
| 3 | Mar 10, 2021 | 办公费 Office Expenses | 275.00 | 周冰活报销 Reimbursement to Zhou Bingie | |
| 4 | Mar 10, 2021 | 快递费 Express fee | 35.00 | 周冰活报销 Reimbursement to Zhou Bingie | |
| 5 | Mar 10, 2021 | 员工工资 Staff salary | 20,000.00 | 周冰活10000 郝坤10000 Zhou Bingie10000 Hao Kun10000 | |
| | | 工资 Salary | 292,977.00 | 郭习麟3个月工资（每个月1.5万美金，合计4.5万美金）Guo Lilin`s 3 months salary (US$15000/Month, totalling US$45000) | 2020年12月，2021年1、2月工资根据中国银行2021年3月10日汇率计算）December 2020, January & February 2021 Salary（Calculated according to the exchange rate of the Bank of China on March 10, 2021.） |
| 2021年3月不完全统计 Mar. (2021) Incomplete Statistic | | | 884,832.00 | | |
| 1 | Apr 10, 2021 | 员工工资 Staff salary | 20,000.00 | 周冰活10000 Zhou Bingie10000 Hao Kun10000 | |
| 2 | Apr 10, 2021 | 办公费 Office Expenses | 475.00 | 周冰活报销 Reimbursement to Zhou Bingie | |
| 3 | Apr 10, 2021 | 快递费 Express fee | 56.70 | 周冰活报销 Reimbursement to Zhou Bingie | |

2019年费用合计 Total Expenses for 2019 — 2,207,970.14

## 费用统计（2020年5月12日–2021年6月30日）Expenses Statistics for May 12, 2020 -- June 30, 2021

单位：元　Unit: RMB Yuan

| 序号 Number | 付款时间 Payment Date | 费用类别 Payment Type | 金额 Amount | 收款方 Paid to | 备注 Remarks |
|---|---|---|---|---|---|
| 4 | Apr 15, 2021 | 水电费Utilities | 769.69 | 中关村鸿嘉物业服务有限公司 Beijing Zhongguancun Hongjia Property Service Ltd | |
| 5 | Apr 21, 2021 | 开曼秘书公司费用Cayman secretary company fee | 4,595.23 | Maples and Calder(Hong Kong)LLP | 706.46美元（根据中国银行2021年4月21日汇率计算）USD706.46(Calculated according to the exchange rate of the Bank of China on April 21, 2021) |
| 6 | Apr 21, 2021 | 手续费Service Charge | 45.53 | | 7美元（根据中国银行2021年4月21日汇率来计算）USD7.00 (Calculated according to the exchange rate of the Bank of China on April 21, 2021) |
| 7 | Apr 21, 2021 | 开曼秘书公司费用Cayman secretary company fee | 18,990.24 | Maples and Calder(Hong Kong)LLP | 2919.51美元（根据中国银行2021年4月21日汇率来计算）USD2919.51(Calculated according to the exchange rate of the Bank of China on April 21, 2021) |
| 8 | Apr 21, 2021 | 手续费Service Charge | 45.53 | | 7美元（根据中国银行2021年4月21日汇率来计算）USD7.00 (Calculated according to the exchange rate of the Bank of China on April 21, 2021) |
| 2021年4月不完全统计 April (2021) Incomplete Statistic | | | 44,977.92 | | |
| 1 | May 10, 2021 | 员工工资Staff salary | 20,000.00 | 周冰洁10000 郝坤10000 Zhou Bingjie10000 Hao Kun10000 | |
| 2 | May 10, 2021 | 办公费 Office Expenses | 518.50 | 偿还冰洁报销 Reimbursement to Zhou Bingjie | |
| 3 | May 10, 2021 | 快递费 Express fee | 61.00 | 偿还冰洁报销 Reimbursement to Zhou Bingjie | |
| 4 | May 10, 2021 | 交通费 Transportation Fee | 128.00 | 因冰洁报销64 Zhou Bingjie64 Hao Kun64 | |
| 5 | May 17, 2021 | 补缴社保一金费用 Compensation on the social insurance & funds | 47,760.00 | 补缴郝坤2010年6月—2021年5月份五险一金公司应缴部分 Compensate to Hao Kun the employer payables in his social insurance & funds from June 2010 to May 2021 | |
| 6 | May 20, 2021 | 法律服务费 Legal Service Fee | 38,600.00 | 北京世泽律师事务所 Beijing B.D.L. Inernational Law Firm | |
| 7 | May 20, 2021 | 租房费 Rent | 61,091.88 | 北京云基地云计算科技发展有限公司（2021年5月22日-2021年12月31日）Beijing Cloud Valley Computing Technology Ltd (May 22,2021 to Dec. 31, 2021) | |
| 2021年5月不完全统计 May (2021) Incomplete Statistic | | | 168,159.38 | | |
| 1 | June 7, 2021 | 法律服务费 Legal Service Fee | 95,600.00 | 北京世泽律师事务所 Beijing Geping Law Firm | |
| 2 | June 10, 2021 | 员工工资 Staff salary | 20,000.00 | 周冰洁10000 郝坤10000 Zhou Bingjie10000 Hao Kun10000 | |
| 3 | June 10, 2021 | 办公费 Office Expenses | 411.00 | 因冰洁报销 Reimbursement to Zhou Bingjie | |
| 4 | June 10, 2021 | 快递费 Express fee | 48.92 | 因冰洁报销 Reimbursement to Zhou Bingjie | |
| 5 | June 10, 2021 | 交通费 Transportation Fee | 176.00 | 郝坤报销 Reimbursement to Haokun | |
| 6 | June 18, 2021 | 水电费 Utilities | 683.63 | 中关村鸿嘉物业服务有限公司 Beijing Zhongguancun Hongjia Property Service Ltd | |

2019年费用合计 Total Expenses for 2019   2,207,970.14

# 费用统计（2020年5月12日－2021年6月30日）Expenses Statistics for May 12, 2020 -- June 30, 2021

单位：元
Unit: RMB Yuan

| 序号 Number | 付款时间 Payment Date | 费用类别 Payment Type | 金额 Amount | 收款方 Paid to | 备注 Remarks |
|---|---|---|---|---|---|
| 7 | | 工资 Salary | 287,874.00 | 郭)缴3个月工资（每个月1.5万美金 合计4.5万美金）（包含每月翻译费用）Guo Llin's 3 months salary (US$15000/Month, totalling US$45000) (including monthly translation fee) | 2021年3、4、5月工资，根据(中国银行2021年6月10日汇率计算）Salary（Calculated according to the exchange rate of the Bank of China on June 10, 2021) |
| 2021年6月不完全统计 June（2021）Incomplete Statistic | | | 404,793.55 | | |
| 费用合计 Total Expenses for May 12, 2020 – June 30, 2021: | | | 4,296,674.48 | | |

备注：所有服务合同均已按流程进行批准

Note:All service contracts have been approved according to procedures

**Calculation for Share Conversion**

Amount eligible for conversion    RMB 4,296,674.48

Amount after interest    RMB 5,370,843.10

(1.25 times Principal)

Amount in USD    $831,400

(Using the exchange rate of 6.46 RMB per USD on August 5, 2021, the date Mr. Guo official made the request to convert shares)

Resulting shares    41,570,000

(Using the formula: loan amount plus earned and accrued interest converted to ADS at $.10 per ADS where one ADS equals 5 Class B common shares)

# Shareholder Register - Standard Format by Fund

As of: 08/07/2020

**User-Defined Record Selection Criteria**

**Account Type(s)**
ALL

**Account Status(s)**
A

**Representative(s)**
ALL

**SocialCode(s)**
ALL

**Broker/Dealer(s)**
ALL

**Branch(es)**
ALL

**Fund(s)**
ALL

# Shareholder Register - Standard Format by Fund

**As of: 08/07/2020**

Link Motion Inc. - Class A Common Shares - Base Currency: USD

| Investor ID: | 10286 | Group Desc.: | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Investor: | Abali Corp. | | | | | | | |
| | Abali Corp. | | | | | | | |
| | Rm 404, Building A2, Tianda Tech Park, | | | | | | | |
| | No. 80, 4th Street, | | | | | | | |
| | Tianjin | | | | | | | |
| | China | | | | | | | |
| | | Cust. Class. Codes: | Not Assigned, Not Assigned, None | | | | | |
| | | Broker: | | | | | | |

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 661944A 10286 | | | Corporation | Other | 2 | 2 | 0.00% | 1 | 0.00 | 2.00 |

| Investor ID: | 8696 | Group Desc.: | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Investor: | China Mobile Communications Industry Investment Limited | | | | | | | |
| | China Mobile Communications Industry Investment Limited | | | | | | | |
| | UNIT 1205 12/F, SINO PLAZA, | | | | | | | |
| | 255 GLOUCESTER ROAD, | | | | | | | |
| | CAUSEWAY BAY, | | | | | | | |
| | HONG KONG | | | | | | | |
| | | Cust. Class. Codes: | Not Assigned, Not Assigned, None | | | | | |
| | | Broker: | | | | | | |

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 661944A 8696 | | | Corporation | Other | 2 | 2 | 0.00% | 1 | 0.00 | 2.00 |

| Investor ID: | 1011 | Group Desc.: | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Investor: | Deutsche Bank Trust Company Americas | | | | | | | |
| | Deutsche Bank Trust Company Americas | | | | | | | |
| | 60 Wall Street, New York | | | | | | | |
| | New York 10005 | | | | | | | |
| | USA | | | | | | | |
| | Attention: ADR Department | | | | | | | |
| | | Cust. Class. Codes: | Not Assigned, Not Assigned, None | | | | | |
| | | Broker: | | | | | | |

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 661944A 1011 | | | Corporation | Other | 0 | 438,043,750 | 88.50% | 1 | 0.00 | 438,043,750.00 |

| Investor ID: | 11281 | Group Desc.: | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Investor: | Double Rise Investments Limited | | | | | | | |
| | Double Rise Investments Limited | | | | | | | |
| | Second Floor, Capital City, | | | | | | | |
| | Independence Avenue, P.O.Box 1008, Victoria | | | | | | | |
| | | Cust. Class. Codes: | Not Assigned, Not Assigned, None | | | | | |
| | | Broker: | | | | | | |



**MShare 10.9.3 (Build 20300)**

| Report compiled | 08/07/2020 | 10:18AM | **Record Selection:** | See Cover | Page | 2 | of | 10 |
|---|---|---|---|---|---|---|---|---|

# Shareholder Register - Standard Format by Fund

Link Motion Inc. - Class A Common Shares - Base Currency: USD

As of: 08/07/2020



Mahe'
Seychelles

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6619A4A 11281 | | | Corporation | Other | 3 | 3 | 0.00% | 1 | 0.00 | 3.00 |

Investor ID: 9251

Group Desc.:

Investor: Feiliu Mobile Inc.
Feiliu Mobile Inc.
Scotia Centre, 4th Floor
P.O. Box 2804
George Town
Grand Cayman KY 1-1112
Cayman Islands

Cust. Class. Codes :

Broker: Not Assigned, Not Assigned, None

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6619A4A 9251 | | | Corporation | Other | 4 | 4 | 0.00% | 1 | 0.00 | 4.00 |

Investor ID: 10001

Group Desc.:

Investor: FINE ACE LIMITED
FINE ACE LIMITED
P.O. Box 1239 Offshore Incorporations Centre, Victoria
Mahe
Republic of Seychelles

Cust. Class. Codes :

Broker: Not Assigned, Not Assigned, None

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6619A4A 10001 | | | Corporation | Other | 3 | 3 | 0.00% | 1 | 0.00 | 3.00 |

Investor ID: 9986

Group Desc.:

Investor: FORTUNE NETWORK LIMITED
FORTUNE NETWORK LIMITED
Room 510-511 D2, Nan Fung Tower 173
Des Vœux Road Central, Sheung Wan
Hong Kong

Cust. Class. Codes :

Broker: Not Assigned, Not Assigned, None

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6619A4A 9986 | | | Corporation | Other | 2 | 10,000,002 | 2.02% | 1 | 0.00 | 10,000,002.00 |

Record Selection:     See Cover

MShare 10.9.3 (Build 20300)

Report compiled     08/07/2020     10:18AM

# Shareholder Register - Standard Format by Fund

As of: 08/07/2020

Link Motion Inc. - Class A Common Shares - Base Currency: USD



**Investor ID:** 8811   **Group Desc:**

**Investor:** Gather Benefit Holdings Limited
Gather Benefit Holdings Limited
Akara Bldg, 24 De Castro Street,
Wickhams Cay 1, Road Town,
Tortola,
British Virgin Islands

**Cust. Class. Codes:**
**Broker:** Not Assigned, Not Assigned, None

| Account | Designation | Status | Acct. Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 661944A 8811 | | | Corporation | Other | 1,940,636 | 1,940,636 | 0.39% | 1 | 0.00 | 1,940,636.00 |

**Investor ID:** 10201   **Group Desc:**

**Investor:** Loneranger International Limited
Loneranger International Limited
Suite 13, First Floor, Oliaji Trade Centre
Francis Rachel Street, Victoria
Mahe
Republic of Seychelles

**Cust. Class. Codes:**
**Broker:** Not Assigned, Not Assigned, None

| Account | Designation | Status | Acct. Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 661944A 10201 | | | Corporation | Other | 2 | 2 | 0.00% | 1 | 0.00 | 2.00 |

**Investor ID:** 7611   **Group Desc:**

**Investor:** RPL Holdings Limited
RPL Holdings Limited
PO Box 3444,
Road Town,
Tortola,
British Virgin Islands

**Cust. Class. Codes:**
**Broker:** Not Assigned, Not Assigned, None

| Account | Designation | Status | Acct. Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 661944A 7611 | | | Corporation | Other | 0 | 45,000,000 | 9.09% | 1 | 0.00 | 45,000,000.00 |

**Investor ID:** 10696   **Group Desc:**

**Investor:** Shenzhen Chinaxyl Mobile Connection Technolgy Co., Ltd
Shenzhen Chinaxyl Mobile Connection Technolgy Co., Ltd
2F, 5 Wing Kut Street,
Central,

**Cust. Class. Codes:**
**Broker:** Not Assigned, Not Assigned, None

# Shareholder Register - Standard Format by Fund

**As of: 08/07/2020**

Link Motion Inc. - Class A Common Shares - Base Currency: USD

**Hong Kong SAR**

| Account | Designation | Status | Acct. Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 661944A 10696 | | | Corporation | Other | 1 | 1 | 0.00% | 1 | 0.00 | 1.00 |

**Investor ID:** 9487
**Investor:** Top King Technology Ltd.

Top King Technology Ltd.
Akara Bldg., 24 De Castro Street
Wickhams Cay 1, Road Town
Tortola
British Virgin Islands

**Group Desc.:**
**Cust. Class. Codes :** Not Assigned, Not Assigned, None
**Broker:**

| Account | Designation | Status | Acct. Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 661944A 9487 | | | Corporation | Other | 3 | 3 | 0.00% | 1 | 0.00 | 3.00 |

**Investor ID:** 10006
**Investor:** VISION UNICORN LIMITED

VISION UNICORN LIMITED
P.O. Box 1239, Offshore Incorporations Centre
Victoria, Mahe
Republic of Seychelles

**Group Desc.:**
**Cust. Class. Codes :** Not Assigned, Not Assigned, None
**Broker:**

| Account | Designation | Status | Acct. Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 661944A 10006 | | | Corporation | Other | 1 | 1 | 0.00% | 1 | 0.00 | 1.00 |

**Investor ID:** 10086
**Investor:** WINSHINE BUSINESS GROUP INC.

WINSHINE BUSINESS GROUP INC.
5C, No. 380,
Shensong Road,
Shanghai, China

**Group Desc.:**
**Cust. Class. Codes :** Not Assigned, Not Assigned, None
**Broker:**

| Account | Designation | Status | Acct. Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 661944A 10086 | | | Corporation | Other | 3 | 3 | 0.00% | 1 | 0.00 | 3.00 |

**Link Motion Inc. - Class A Common Shares**

| | | | | | Book Shares | Total Shares | % of Tot. Shares | | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 1,940,662 | 494,984,412 | 100.00% | | 0.00 | 494,984,412.00 |

14 Record(s)

**Record Selection:**   See Cover

MShare 10.9.3 (Build 20300)
Report compiled   08/07/2020   10:18AM



# Shareholder Register - Standard Format by Fund

**As of: 08/07/2020**

Link Motion Inc. - Class B Common Shares - Base Currency: USD



**Investor ID:** 7622

**Investor:** Banean Holdings Ltd.
Banean Holdings Ltd.
101 University Ave,
4th Floor, Palo Alto, CA 94301
United States of America

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6619441 | 7622 | | Corporation | Other | 3 | 3 | 0.00% | 1 | 0.00 | 3.00 |

**Cust. Class. Codes:** Not Assigned, Not Assigned, None
**Broker:**

**Investor ID:** 7627

**Investor:** C2C INTERNATIONAL LIMITED
C2C INTERNATIONAL LIMITED
P.O. Box 957,
Offshore Incorporations Centre,
Road Town,
Tortola,
British Virgin Islands

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6619441 | 7627 | | Corporation | Other | 4 | 4 | 0.00% | 1 | 0.00 | 4.00 |

**Cust. Class. Codes:** Not Assigned, Not Assigned, None
**Broker:**

**Investor ID:** 7618

**Investor:** Ceyuan Ventures Advisors Fund, LLC
Ceyuan Ventures Advisors Fund, LLC
PO Box 309, Ugland House,
Grand Cayman,
KY1-1104,
Cayman Islands

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6619441 | 7618 | | Corporation | Other | 1 | 1 | 0.00% | 1 | 0.00 | 1.00 |

**Cust. Class. Codes:** Not Assigned, Not Assigned, None
**Broker:**

**Investor ID:** 7617

**Investor:** Ceyuan Ventures I, L.P.
Ceyuan Ventures I, L.P.
PO Box 309, Ugland House,
Grand Cayman,

**Cust. Class. Codes:** Not Assigned, Not Assigned, None
**Broker:**

**MShare 10.9.3 (Build 20300)**
Report compiled  08/07/2020    10:18AM

**Record Selection:** See Cover

Page   6   of   10



**Shareholder Register - Standard Format by Fund**

Link Motion Inc. - Class B Common Shares - Base Currency: USD

As of: 08/07/2020

| Account | Designation | Status | Acct. Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|

**KYI-1104,**
Cayman Islands

| 6619448 7617 | 37636 | | Corporation | Other | 1 | 1 | 0.00% | 1 | 0.00 | 1.00 |

Investor ID: 37636

Group Desc.:

Cust. Class. Codes : Not Assigned, Not Assigned, None

Broker:

Investor:
China AI Capital Limited *50% Full paid: 50% Nil paid
China AI Capital Limited *50% Full paid: 50% Nil paid
Vistra Corporate Services Centre, Wickhams Cay II, Road Town,
Tortola, VG1110
British Virgin Islands

| 6619448 37636 | 6162 | | Corporation | Other | 0 | 70,175,439 | 58.37% | 1 | 0.00 | 70,175,439.00 |

Investor ID: 6162

Group Desc.:

Cust. Class. Codes : Not Assigned, Not Assigned, None

Broker:

Investor:
Fidelity Asia Principals Fund L.P.
Fidelity Asia Ventures Fund L.P.
FIL Capital Management (Hong Kong) Limited,
17/F, One International Finance Centre,
1 Harbour View Street,
Central, Hong Kong SAR

| 6619448 6162 | 6161 | | Corporation | Other | 2 | 2 | 0.00% | 1 | 0.00 | 2.00 |

Investor ID: 6161

Group Desc.:

Cust. Class. Codes : Not Assigned, Not Assigned, None

Broker:

Investor:
Fidelity Asia Ventures Fund L.P.
Fidelity Asia Ventures Fund L.P.
FIL Capital Management (Hong Kong) Limited,
17/F, One International Finance Centre,
1 Harbour View Street,
Central, Hong Kong SAR

| 6619448 6161 | | | Corporation | Other | 2 | 2 | 0.00% | 1 | 0.00 | 2.00 |

Record Selection: See Cover

MShare 10.9.3 (Build 20300)

Report compiled   08/07/2020   10:18AM

**Shareholder Register - Standard Format by Fund**

As of: 08/07/2020

Link Motion Inc. - Class B Common Shares - Base Currency: USD



| Investor ID: | 7613 | Group Desc: | | | | Cust. Class. Codes | | | | |
| Investor: | GSR Associates II, L.P. | | | | | Broker: | Not Assigned, Not Assigned, None | | | |
| | GSR Associates II, L.P. | | | | | | | | | |
| | 101 University Ave., | | | | | | | | | |
| | 4F, Palo Alto, | | | | | | | | | |
| | CA 94301, | | | | | | | | | |
| | United States of America | | | | | | | | | |

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
| 6619448 7613 | | | Corporation | Other | 4 | 4 | 0.00% | 1 | 0.00 | 4.00 |

| Investor ID: | 40746 | Group Desc: | | | | Cust. Class. Codes | | | | |
| Investor: | GUO LILIN | | | | | Broker: | Not Assigned, Not Assigned, None | | | |
| | GUO LILIN | | | | | | | | | |
| | 317,Building4C,8 Dongbeiwang West Road,Haidian District | | | | | | | | | |
| | Beijing, 100193 | | | | | | | | | |
| | China | | | | | | | | | |

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
| 6619448 40746 | | | Individual | Other | 44,702,750 | 44,702,750 | 37.18% | 1 | 0.00 | 44,702,750.00 |

| Investor ID: | 7621 | Group Desc: | | | | Cust. Class. Codes | | | | |
| Investor: | H.T.C. (B.V.I.) CORP | | | | | Broker: | Not Assigned, Not Assigned, None | | | |
| | H.T.C. (B.V.I.) CORP | | | | | | | | | |
| | 3rd Floor, Omar Hodge Building, | | | | | | | | | |
| | Wickhams Cay I, | | | | | | | | | |
| | PO Box 362, | | | | | | | | | |
| | Road Town, | | | | | | | | | |
| | Tortola, | | | | | | | | | |

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
| 6619448 7621 | | | Corporation | Other | 3 | 3 | 0.00% | 1 | 0.00 | 3.00 |

| Investor ID: | 7626 | Group Desc: | | | | Cust. Class. Codes | | | | |
| Investor: | JOINTLINK ENTERPRISES LIMITED | | | | | Broker: | Not Assigned, Not Assigned, None | | | |
| | JOINTLINK ENTERPRISES LIMITED | | | | | | | | | |
| | P.O. Box 957, | | | | | | | | | |
| | Offshore Incorporations Centre, | | | | | | | | | |

**Record Selection:**     See Cover

*MShare 10.9.3 (Build 20300)*

Report compiled     08/07/2020     10:18AM

**Shareholder Register - Standard Format by Fund**

As of: 08/07/2020

Link Motion Inc. - Class B Common Shares - Base Currency: USD



| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6619448 7626 | Road Town, Tortola, British Virgin Islands | | Corporation | Other | 4 | 4 | 0.00% | 1 | 0.00 | 4.00 |

| Investor ID: | 7620 | Group Desc. | | | | | Cust. Class. Codes | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Investor: | Pacific Growth Ventures, L.P. | | | | Broker: | | Not Assigned, Not Assigned, None | | | |
| | Pacific Growth Ventures, L.P. Walker House, Mary Street, PO Box 265, Grand Cayman, KY1-9001, | | | | | | | | | |

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6619448 7620 | | | Corporation | Other | 0 | 3 | 0.00% | 1 | 0.00 | 3.00 |

| Investor ID: | 7611 | Group Desc. | | | | | Cust. Class. Codes | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Investor: | RPL Holdings Limited | | | | Broker: | | Not Assigned, Not Assigned, None | | | |
| | RPL Holdings Limited PO Box 3444, Road Town, Tortola, British Virgin Islands | | | | | | | | | |

| Account | Designation | Status | Acct.Type | Soc. Code | Book Shares | Total Shares | % of Tot. Shares | NAV / Share | Cash Bal. | Market Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6619448 7611 | | | Corporation | Other | 44,702,774 | 5,352,941 | 4.45% | 1 | 0.00 | 5,352,941.00 |

**Link Motion Inc. - Class B Common Shares**

| | | | | | 44,702,774 | 120,231,157 | 100.00% | | 0.00 | 120,231,157.00 |
|---|---|---|---|---|---|---|---|---|---|---|

13 Record(s)

**Record Selection:**   See Cover

Page    9    of    10

MShare 10.9.3 (Build 20300)

Report compiled    08/07/2020    10:18AM

**Shareholder Register - Standard Format by Fund**

As of: 08/07/2020

| Grand Totals: | Book Shares | Total Shares | | Cash Bal. | Market Value |
|---|---|---|---|---|---|
| 27  Total Records | 46,643,436 | 615,215,569 | | 0.00 | 615,215,569.00 |

**End of Report**

# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc.**
**Pursuant to The Honorable Judge Victor Marrero of the**
**United States District Court, Southern District of New York**

322 Eighth Avenue, Suite 1704
New York, New York 10001, U.S.A.
Tel: (212) 523-0686
Email: rseiden@seidenlawgroup.com


<u>**VIA EMAIL**</u>


Honorable Judge Victor Marrero
United States Courthouse
500 Pearl Street
New York, New York 10007


August 30, 2020


<u>**REQUEST FOR THIS LETTER AND ALL ATTACHMENTS TO BE MAINTAINED**</u>
<u>**UNDER SEAL FOR THE COURT'S EYES ONLY**</u>

**Re: Wayne Baliga v. Link Motion Inc. et al. 1:18-cv-11642**


Dear Judge Marrero,

I write to you pursuant to your Honor's February 1, 2019 Order (ECF 26; the "Order") appointing me as the Temporary Receiver for Link Motion Inc. (the "Receiver") to request approval on behalf of Link Motion, Inc. ("LKM" or the "Company") to convert the current outstanding loan amount of the attached Promissory Note (the "Note")[1] between Mr. Lilin Guo ("Mr. Guo") and the Receiver on behalf of the Company into Class B shares of the Company.

Your Honor approved the Note by Order dated June 18, 2019[2] and by subsequent Order dated January 17, 2020.[3]  Your Honor approved a previous request (the "Previous Conversion") to convert the past outstanding loan amount into Class B shares of the Company pursuant to the Note on June 5, 2020.[4]

On August 5, 2021, Mr. Guo officially notified the Receiver of his intention to convert the Note to Class B shares of the Company.[5]  Accordingly, I request approval to convert the current outstanding loan balance of the Note plus accrued interest of $831,400 to 41,570,000 Class B shares of the Company.[6]

---

[1] Exhibit A, The Note.
[2] Exhibit B, June 18, 2019 Order granting Note request; *see also* ECF 119.
[3] Exhibit C, January 17, 2020 Order granting amended Note request; *see also* ECF 120.
[4] Exhibit D, June 5, 2020 Order granting Previous Conversion.
[5] Exhibit E, August 5, 2021 Notification provided by Mr. Guo to the Receiver.
[6] Exhibit F, Detailing the expenses incurred inside the PRC from the date of the last conversion, and the accompanying calculation for conversion.

1

# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York**

The Receiver has consulted Cayman Islands counsel at the KSG Law firm, who assisted in the Previous Conversion, and is advised to proceed as follows in the Cayman Islands:

1. Upon approval by this Court, prepare an application with the Cayman Islands court seeking recognition of this Order and requesting approval to convert the Note to Class B shares in accordance with Cayman Islands law;

2. Upon a granting of the application by the Cayman Islands court, to formally register the Class B shares pursuant to paragraph 4 of the Note with the duly registered agent of Link Motion, Inc. in the Cayman Islands.

Attached please find a proposed order which includes language provided by Cayman counsel for your Honor's review and consideration.

Please do not hesitate to contact me via email or telephone if your Honor wishes to discuss this request in further detail.

Respectfully submitted,

Robert W. Seiden, Esq.
*Court-Appointed Temporary Receiver
for Link Motion Inc.*

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE BALIGA, derivatively on behalf of
LINK MOTION INC. (F/K/A NQ MOBILE INC.)

                         Plaintiff,

      -against-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYONG SHI,
JIA LIAN,
XIAO YU,

                         Defendants,

      -and-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),

                      Nominal Defendant.

1:18-cv-11642

**<u>ORDER</u>**

---

On December 13, 2018, Plaintiff commenced this action by filing a complaint against Link Motion, Inc. ("LKM" or the "Company") and the individual defendants. ECF 1.

On February 1, 2019, the Court granted Plaintiff's request for the appointment of a Receiver over the Company and issued an order appointing a Temporary Receiver for Link Motion, Inc. (the "Receiver"). ECF 26. In its ruling the Court ordered a temporary restraining order to enjoin Defendants from: transferring, liquidating, dissipating, assigning, and/or granting a lien or security interest or other interest in, any assets belonging to the Company. ECF 26.

On June 18, 2019, the Court approved the Convertible Promissory Note Agreement between Mr. Lilin Guo ("Mr. Guo") and the Receiver in order to assist with funding of the Court Appointed Temporary Receivership's mandate inside the PRC. ECF 119. On

1

January 17, 2020, the Court approved the amended Convertible Promissory Note Agreement (the "Note") between Mr. Guo and the Receiver.  ECF 120.  On June 5, 2020, the Court approved a request to convert the past outstanding loan amount into Class B Common Equity of the Company pursuant to the Note.

On August 30, 2020, the Receiver submitted a letter application (the "Application") and requested that the Court approve Mr. Guo's request to exercise his option to convert the Note to Class B Common Equity in accordance with the terms of the Note, and to further approve the Receiver to take the necessary steps to register the converted shares with the Cayman Registry.

In light of the above, and upon review of all the papers submitted by the Receiver in this action and in support of the Application, and with good cause appearing, it is hereby

**ORDERED AS FOLLOWS:**

The Receiver is authorized to exercise the rights, powers, and privileges of the directors of Link Motion, Inc. in order to take all necessary corporate actions on behalf of the Company to issue and allot the Class B Common Equity shares in accordance with the terms of the Note and to enter, or cause to be entered, the issuance and allotment of the shares on the Company's Register of Members.

The Receiver's Application to convert the Note to Class B Common Equity under the name of Mr. Lilin Guo is **GRANTED**.

The Receiver is authorized and directed to file with the Grand Court of the Cayman Islands an application to convert the Note to Class B Common Equity under the name of Mr. Lilin Guo no later than October 30, 2020, and this Court requests the aid and assistance of the Grand Court of the Cayman Islands in giving effect to the terms of this

Order.

**IT IS SO ORDERED.**                    Enter:

Dated:  September 8, 2021

Victor Marrero
U.S.D.J.

3

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**CAUSE NO FSD 4 OF 2020 (MRHJ)**

**BETWEEN:**

**ROBERT W. SEIDEN, IN HIS CAPACITY AS**
**TEMPORARY RECEIVER OF LINK MOTION INC.**

**PLAINTIFF**

**AND:**

**LINK MOTION INC.**

**DEFENDANT**

**PLAINTIFF'S**
**SKELETON ARGUMENT**
**(for hearing of summons dated 13 September 2021)**

**I.   Background and Recommended Reading**

1.   These brief written submissions are made in support of the application brought by Robert W. Seiden, in his capacity as temporary receiver (the **Receiver**) of Link Motion Inc. (**Link Motion** or the **Company**), for an order approving and authorizing the issue of Link Motion shares to the holder of a convertible promissory note.

2.   The Court will recall that:

2.1.   The Receiver was appointed by the United States District Court for the Southern District of New York (the **US Court**) under an order dated 1 February 2019 (the **Receivership Order**).

2.2.   This Court recognized the Receiver's appointment by an order dated 3 February 2020 (the **Recognition Order**).

2.3.   The Receiver's efforts to investigate the affairs of the Company and to take control of its assets and undertaking, as contemplated by the Receivership

This skeleton argument was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

1

Order, required funding which was unavailable from the assets of the Company under the Receiver's control.

2.4.   Mr Guo Lilin, who has been appointed by the Receiver to several positions within the Company and its subsidiaries, was willing to provide funding to the receivership. The Receiver and Mr Guo negotiated and agreed to a Secured Convertible Promissory Note, which was made between the Company and Mr Guo (the **Note**), under which Mr Guo agreed to make a loan to the Company of the renminbi (**RMB**) equivalent of US$1,500,000 (the **Loan**).

2.5.   Under the Note, Mr Guo has the option at any time to convert the outstanding amount of the Loan to Class B common shares in the Company at a price of US$0.10 per ADS (American Depositary Share) equivalent, where one ADS is equivalent to 5 common shares.

2.6.   The US Court approved the Note on 18 June 2019.

2.7.   On 22 May 2020, Mr Guo notified the Receiver that he wished to exercise his conversion rights under the Note for the balance of the Loan as of that date. The US Court and this Court subsequently approved the conversion and authorized the Receiver to take steps to issue Class B common shares to Mr Guo, including by an order of this Court dated 14 July 2020 (the **2020 Conversion Order**).

3.   On 5 August 2021, Mr Guo gave a written notice to the Receiver that he wished to exercise his conversion rights under the Note with respect to the outstanding balance of the Loan as of that date. As of that date, the outstanding principal balance of the Loan was RMB 4,296,674.48 and RMB 5,370,843.10 with interest, which corresponded to 41,570,000 Class B common shares (the **Shares**) based on the conversion formula in the Note and the prevailing foreign exchange rate.[1]

4.   As contemplated by the Note, the Receiver sought the US Court's approval to the convert the Note and issue the Shares. By an order dated 8 September 2021 (the

---

[1] Exhibit RWS-3 at page 9. **[TAB 3]**

This skeleton argument was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

2

**Approval Order**),[2] the US Court approved the conversion and directed the Receiver to make this application so that the conversion of the Note and the issue of the Shares would be effective under Cayman Islands law.[3]

5.      The Receiver also seeks a sealing order under Order 63, rule 3(4) of the Grand Court Rules (**GCR**) to ensure that the material filed in connection with this application remains confidential. Disclosure of sensitive funding details to non-approved persons would prejudice the Receiver's continuing work and the Company. The US Court has treated the relevant documents and information as confidential and a sealing order here would ensure consistency between the two courts' approaches.

6.      The Court is invited to read the following materials in dealing with the application:

    6.1.    the summons dated 13 September 2021 **[TAB 1]**;

    6.2.    the Third Affidavit of Robert W. Seiden sworn 13 September 2021 **[TAB 2]**;

    6.3.    the Approval Order at page 22 of Exhibit RWS-3 **[TAB 3]**;

    6.4.    the 2020 Conversion Order **[TAB 8]**; and

    6.5.    this Skeleton Argument.

    The time estimate for reading this material is 1 hour.

**II.    Recognition and Approval to Issue Shares**

7.      The Receiver now seeks an order in similar terms to the 2020 Conversion Order, recognizing his power to issue the Shares pursuant to the terms of the Note and authorizing him to take all necessary corporate actions on behalf of the Company to issue and allot the Shares, including recording the issue in the Company's Register of

---

[2] Exhibit RWS-3 at page 22. **[TAB 3]**
[3] As noted at [12] of the Third Affidavit of Robert W. Seiden **[TAB 2]**, the Approval Order includes an obvious typo when it directs the Receiver to file this application by no later than 30 October 2020. It is submitted that this Court can properly construe the Approval Order as meaning 30 October 2021 even without an amended version issued by the US Court.

This skeleton argument was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

3

Members. This relief is consistent with the Recognition Order and Cayman Islands law, as previously recognized by this Court when it made the 2020 Conversion Order.

8.    As with the 2020 Conversion Order, the order requested now is a supplemental request for recognition of the Receiver's powers granted to him by the US Court, within the scope of the liberty to apply clause in the Recognition Order. The Receiver's contractual obligation to issue the Shares derives from the Note that was authorized by the US Court further to the Receivership Order. This Court's approval of the Share issue is thus necessary to give further and better effect to the recognition of the Receiver.

9.    The request is consistent with Cayman Islands principles of recognition of foreign receiverships and general corporate law:

9.1.    There is nothing in the terms of the Note that is objectionable under Cayman law. It represents third party funding of a court-appointed officer's costs and expenses, which is a familiar concept in this jurisdiction.

9.2.    The Receiver is not seeking recognition or authority to do something in the Cayman Islands that could not or would not be granted under Cayman law. As explained on the application for the 2020 Conversion Order, the power to issue shares is, under the Company's Articles of Association, vested in the directors. Under Cayman law, a receiver on appointment displaces the directors and is vested with their powers. There is nothing that suggests that the power to issue shares could not therefore be granted to a locally-appointed receiver in appropriate circumstances – including, like here, where the shares could be used as consideration for services to the receivership estate.

9.3.    The issue of Shares is consistent with the Company's constitutional documents. Article 7 of the Company's Articles of Association grant the directors power "*in their absolute discretion and without the approval of the existing Members*" to issue shares "*as they deem necessary and appropriate … at such times and on such other terms as they think proper*". The Company here has received due consideration for the Shares in the form of relief from the debt under the Loan to be converted.

This skeleton argument was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

4

9.4.    There are sufficient unissued shares to satisfy the conversion under the Note. The current Memorandum of Association provides for 240,000,000 Class B common shares with a par value of US$0.0001 each. There are currently only 120,231,157 Class B common shares in issue.

9.5.    The conversion formula under the Note means that Mr Guo is effectively paying a subscription price of US$0.02/share. That price is greater than the par or nominal value of the Class B common shares so does not raise any concern about issuing shares at a discount.

9.6.    The US Court has specifically authorized the Receiver to make this application, and requested the aid and assistance of this Court, to give effect to the terms of the Approval Order and ensure that the issue of the Shares is done appropriately under Cayman law.[4]

10.    Accordingly, the recognition and authorization sought by the Receiver on this application is consistent with the Receivership Order, the Recognition Order, Cayman Islands law, the Company's constitutional documents, and the previous decision of this Court on a similar application. The Court is therefore requested to grant the relief sought in paragraph 1 of the Receiver's summons to give effect to the Share issue.

### III.    Sealing Order

11.    GCR Order 63, rule 3(4) **[TAB 6]** provides that:

> The Court may order that the Court file relating to any proceeding or any specific document therein be closed and not open to inspection by any party or other person except with the prior leave of the Court.

12.    The Court of Appeal considered this rule in *Sasken Communication Technologies Limited v Spreadtrum Communications Incorporated*.[5] There, Rix JA confirmed that it is not necessary for the party requesting a sealing order to "*identify a clear and present danger or a desire to inspect*". The test is whether, "*for good reason, the closure of a*

---

[4] Approval Order, Exhibit RWS-3 at page 23 **[TAB 3]**.
[5] 2016 (1) CILR 1 **[TAB 7]**.

This skeleton argument was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]

*file, in whole or in part, is needed in the interests of justice*".[6] By necessity that is a highly fact-sensitive test to be assessed within the specific factual and legal context of each case.

13.   Here, the Receiver has put documents before the Court that contain details of receivership funding in areas that are key to the Receiver's efforts. Disclosure of those details to non-approved parties may reasonably be expected to prejudice ongoing efforts to maintain, preserve and gain control of the Company's affairs and recover its assets. On that basis alone, the sealing order is justified.

14.   Additionally, the US Court has recognized these sensitivities and sealed the documents filed with it relating to the approval of the Note and the conversion. This includes all the US Court filings provided on this application. A local sealing order here will ensure consistency between the two courts' approaches and uphold principles of comity and cooperation in a cross-border proceeding.

15.   The terms of the sealing order sought, requiring any party seeking access to the sealed documents to apply to the Court on notice to the Receiver, is consistent with the principles set out in *Sasken*.[7]

IV.   **Relief Sought**

16.   Based on the above, the Receiver requests that the Court make an order in the form sought **[TAB 4]** authorizing the issue of the Shares to Mr Guo and sealing the documents filed in connection with this application and any order made.

17.   All of which is respectfully submitted.

Mark A. Russell
**KSG**

Attorneys for the Plaintiff

5 October 2021

---

[6] *Sasken* at [17] **[TAB 7]**.
[7] *Sasken* at [21] **[TAB 7]**.

This skeleton argument was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MR/02335]