UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>　　　　　　　　　　Plaintiff,<br>　-against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, JIA LIAN, XIAO YU,<br><br>　　　　　　　　　　Defendants, | 1:18-cv-11642-VM-DCF<br><br>**REPLY DECLARATION OF MICHAEL JAMES MALONEY IN FURTHER SUPPORT OF APPLICATION FOR PRELIMINARY INJUNCTION** |

MICHAEL JAMES MALONEY declares, pursuant to 28 U.S.C. § 1746, as follows:

1.　　I am an attorney duly admitted to practice law before the United States District Court for the Southern District of New York. I am a partner of Felicello Law P.C. and counsel of record for Defendant Vincent Wenyong Shi ("**Dr. Shi**").

2.　　I make this reply declaration in further support of the application by Dr. Shi, pursuant to Rules 54(b) and 65 of the Federal Rules of Civil Procedure for an order preliminarily enjoining the court-appointed temporary receiver, Robert W. Seiden (the "**Receiver**"), Mr. Francis "Lilin" Guo ("**Mr. Guo**"), and all persons acting at their direction and control, from convening any emergency general meetings ("**EGMs**") of the shareholders of Link Motion Inc. ("**LKM**" or the "**Company**"), or taking any other corporate action, pending a final determination of Dr. Shi's objections to the Receiver's accounting and discharge of the Receiver.

3.　　Upon my retention in this action by Dr. Shi in 2019, I investigated a website regarding this action formerly operating at the address http://lkmforward.com by a group referring to itself as "LKMForward."

1

4. On February 8, 2020, I printed copies of various webpages published by the LKMForward group at http://lkmforward.com.

5. Annexed hereto as Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J, Exhibit K, and Exhibit L are true and correct copies of the LKMForward webpages that I printed from the website http://lkmforward.com on February 8, 2020. (See timestamps in upper left corner).

6. In Exhibit D, the publisher of this website describes LKMForward as "a small group of LKM Shareholders" who have "spearheaded the appointment of a Receiver in New York, . . . with help from colleagues in China." Exhibit D.

7. In Exhibit E, the publisher of this website claims, on October 17, 2018, that "[t]he shareholders initiative at LKM forward has retained the Seiden Group as it legal counsel in this matter." LKMForward also stated in Exhibit F that they "have retained The Seiden Group as our legal representation" and that "with our newly appointed counsel, LKMforward has taken the first step in a legal process to safeguard our assets."

8. In Exhibit G, LKMForward states, on November 6, 2018, that "[i]n less than three weeks since our group of concerned shareholders organized under LKMforward.com, we have . . . [r]etain[ed] a prominent N.Y. securities law firm. . . ." In this web post, LKMForward states its intention to call an Extraordinary General Meeting of the shareholders of LKM.

9. In Exhibit H, LKMForward requests, on January 12, 2019, that "shareholders" donate funds to pay legal fees to the Seiden Group.

10. In Exhibit J, LKMForward states, on March 11, 2019, that the Receiver "has designated Matt Mathison as 'Official Advisor' to the Court-Appointed Receiver effective immediately." This post also directs that company assets be turned over to Mr. Guo.

11. In Exhibit I, LKMForward states, on August 29, 2019, that:

"Under the great leadership of Francis Guo, who was appointed by the Court-Appointed Receiver as Chairman of the Company, the Company's WFOE (Wholly Foreign Owned Entity) changed its Chairman and legal representation from Zemin Xu to Francis Guo. As part of this process, the Company was also able to change its business registry and official company stamp."

12. In Exhibit I, LKMForward further states:

"This was an enormous step in the right direction and set the stage for Mr. Guo to gain access to the Company's Chinese bank accounts. . . . ***This sets the stage for more of the critical work to be done with the Company's VIE and other legal entities were the vast majority of cash and assets reside. . . .*** However, ***China Merchants Bank Chaowai Branch has been delaying the necessary procedures associated with changing the WFOE bank account's legal representative*** (including the legal rep for the bank account's authorized users and signatory authority) using the excuse that it is proceeding with customer identification. ***Therefore, the WFOE has been unable to pay for its employee and ex-employee's salary and social security obligations which has impacted the WFOE's normal operations***. We have asked China Merchant's Bank and its Chaowai Branch to clarify the time needed for the customer identification procedures. We have also asked them to immediately finish the procedures to change the legal rep for the WFOE bank account. bi We have notified the China Merchant's Bank that if they still permit Vincent Shi or Zemin Xu to access the WFOE bank accounts and deposits, then China Merchant's Bank will be responsible and required to compensate the WFOE and its shareholders for any related issues. We hope that the recent court ruling in China will help speed up China Merchants Bank's cooperation in these important matters."

(emphasis added).

13. Based on the statements made and detailed information about the operations of the receivership under Robert Seiden, including information that logically could have come only from Mr. Guo, it is Dr. Shi's contention that Plaintiff Wayne Baliga and Mr. Francis "Lilin" Guo are or were members of the LKMForward group.

14. It is also Dr. Shi's contention that Plaintiff and/or Mr. Guo controlled or influenced the statements published by LKMForward on its website.

15. It is also Dr. Shi's contention that claims on the LKMForward website in Exhibits D, E, F, and G regarding "spearheading" the appointment of the Receiver and "retaining" the

Seiden Group as counsel are referring to Plaintiff and Mr. Guo retaining Robert W. Seiden and the Seiden Law Group to commence this action, have Mr. Seiden appointed as Receiver, and to transfer LKM assets to Mr. Guo.

16. In Exhibit L, the LKMForward group stated, on January 15, 2020, that:

> "As mentioned in our last update, under the great leadership of Francis Guo inside China, who was named by the Court-Appointed Receiver as Chairman of the Company, the Company's WFOE (Wholly Foreign Owned Entity) changed its Chairman and legal representative from Zemin Xu to Francis Guo. . . . Additionally, "in what we believe is the first time ever, ***we also were able to successfully take the first steps in asserting legal control over Beijing NQ Technology Co. Ltd, the Variable Interest Entity (VIE).***"

(emphasis added).

17. The VIE Beijing NQ Technology Co. Ltd. ("Beijing Technology") is the same entity referred to LKM's S.E.C. filings as the entity through which it operated its primary technology operations in China. *See*, *e.g.*, Dkt. 130-2 at ECF p 9 of 32 ("we conduct our operations in China primarily through contractual arrangements between our wholly-owned PRC subsidiary, NetQin Beijing, and our affiliated entity, Beijing Technology. Beijing Technology holds the qualifications, licenses and permits necessary to conduct our operations in China").

18. Beijing Technology is also the same entity referred to in Exhibit 6 (ECF Dkt. 394-6) to my declaration dated February 3, 2022, submitted in support of Dr. Shi's objections to the Receiver's accounting. *See* Dkt. 394, 394-6.

19. Exhibit 6 to my February 3, 2022 declaration is a true and correct copy of a report of publicly available information concerning the ownership and directors and officers of Beijing Technology (the "QCC Report"). *See* Dkt. 394-6.

20. Exhibit 6 confirms that Mr. Guo assumed control over Beijing Technology in December 2019. Exhibit 6 also confirms that Mr. Guo became a registered shareholder of Beijing

Technology on "2020-01-19." Exhibit 6 shows that Mr. Guo now owns a majority (59.675%) of the equity of Beijing Technology.

21.     Sometime after February 8, 2020, the LKMForward website was shut down. The website http://lkmforward.com is no longer operational. All of the pages that I printed on February 8, 2020 are no longer available at http://lkmforward.com.

22.     Despite the reference in Exhibit I to "with the Company's VIE and other legal entities where the vast majority of cash and assets reside," and the evidence in Exhibit L and QCC Report suggesting that ownership and control of Beijing Technology was transferred to Mr. Guo in 2019, the Receiver's accounting, filed on November 18, 2022, fails to account for any of the valuable assets and operations of Beijing Technology.

23.     Attached hereto as Exhibit M is a true and correct copy of a letter from the Receiver dated November 5, 2018.

24.     Attached hereto as Exhibit N is a true and correct copy of a letter I sent to the Receiver on April 25, 2022.

25.     Attached hereto as Exhibit O is a true and correct copy of a translation of the Annex to the Consulting agreement filed at Dkt. 429-1.

26.     Attached hereto as Exhibit P is a true and correct copy of a translation of the first page headers and certain columns of the chart annexed to the Consulting agreement filed at Dkt. 429-1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 13, 2023

                                               */s/ Michael James Maloney*
                                               Michael James Maloney