```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/21/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE BALIGA,

                      Plaintiff,

    - against -

LINK MOTION INC. et al.,

                      Defendants.

18 Civ. 11642 (VM)

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    On May 26, 2023, Vincent Wenyong Shi ("Shi") filed a Proposed Order to Show Cause with Emergency Relief seeking to have the Court enjoin the court-appointed receiver, Robert W. Seiden ("Receiver") from convening an Extraordinary General Meeting ("EGM") of the shareholders of Link Motion Inc. ("LKM"). (See "OSC," Dkt. No. 421.) That same day, the Court entered an Order "temporarily enjoin[ing]" the Receiver "and the Receiver's agent in China, Francis "Lilin" Guo ("Guo") . . . from proceeding with any [EGMs] of the shareholders of LKM, including those noticed for May 30, 2023 and May 31, 2023 until further Order of this Court." (Dkt. No. 425.) Per the Court's direction, the Receiver filed a response to Shi's OSC. (See Dkt. Nos. 428-30.) Along with the Receiver's brief, he attached voluminous receipts -- all in Chinese -- of Guo's expenses related to a Convertible Note Agreement with Guo that the Court had previously approved.

1

(See Dkt. No. 428.) Shi filed a reply. (See Dkt. Nos. 437, 438 (corrected version).)

The crux of this dispute involves the propriety of the expenses Guo incurred as the Receiver's agent in China. Per the court-approved Convertible Note Agreement, those expenses served as the basis for converting Guo's debt to equity in LKM, allowing Guo to accrue substantial voting power in LKM. While the Receiver provided substantial documentation of Guo's expenses, all that documentation is in Chinese, and the Court has no way to review the expenses in any accurate or verifiable manner.

The Receiver maintains that the expenses were legitimate. In his Reply, Shi characterizes that, to the extent he was able to translate the receipts, the expenses show that "Guo lived in luxury hotels in Beijing, paid personal expenses, and transferred money to himself." (Dkt. No. 438 at 8.) The Receiver did not provide a certified translation of the documents due to the Receivership's lack of funds and the significant cost of translating the documents and insists that Shi must advance the cost of translation. (Dkt. No. 430 at 9 n.3.)

The Court cannot credit either Shi's or the Receiver's characterizations of Guo's expenses without a certified translation of the receipts and expenses in question.

2

Accordingly, and to reserve judicial resources and avoid conflicting orders, the Court reserves its decision on Shi's motion and extends the injunction granted at Dkt. No. 425 until the Receiver's accounting of expenses, including Guo's, is resolved.

Those issues are set to be resolved soon. Magistrate Judge Figueredo has scheduled a hearing for June 27, 2023 and has directed the Receiver to address Guo's expenses and compensation. (See Dkt. No. 434.) The Receiver can address the validity of Guo's expenses by providing a certified translation at that time.

As to who should bear the costs of translation, based on a review of persuasive federal case law, it appears the most proper procedure is not through an advance, but through a motion for reimbursement after those costs are incurred. Cf. Stapleton v. Kawasaki Heavy Indus., Ltd., 69 F.R.D. 489, 490 (N.D. Ga. 1975) (finding cost shifting appropriate under Federal Rule of Civil Procedure 37[1] ("Rule 37")); M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc., No. 14 Civ. 4857, 2018 WL 3104240, at *16 (D. Minn. Feb. 27 2018), report and

---

[1] The Court in Stapleton found that cost-shifting was appropriate under the subsection of Rule 37 related to sanctions due to the producing party's malfeasance. 69 F.R.D. at 490. Relief under that subsection, Rule 37(b)(2), would not be available here, however, Rule 37(a)(5)(A) likely provides an avenue for the Receiver's requested relief as Shi's OSC motion and objection to Guo's expenses caused the Receiver to produce the records that required translation.

3

recommendation adopted in relevant part by 2018 WL 1399308, at *4 (D. Minn. Mar. 20, 2018) (indicating that costs of translation are available under 35 U.S.C. Section 285, but denying request for cost of translation where party failed to "demonstrate that the translation fees it incurred were reasonably necessary to its defense of the lawsuit"); but see In re Puerto Rico Elec. Power Auth., 687 F.2d 501, 509 (1st Cir. 1982) (suggesting but not deciding that "[w]here one party has no resources by which to translate a key document, for example, and the producing party possesses easy access to such resources, a district court's inherent authority to regulate the 'terms and conditions of discovery' and to make 'just' orders requiring a party to 'provide or permit discovery' may conceivably support a translation order"). The Receiver is thus directed to provide a certified translation of the Chinese language documents and may, as appropriate, seek reimbursement.

**SO ORDERED.**

Dated:   21 June 2023
         New York, New York

_____
                           Victor Marrero
                           U.S.D.J.