# Exhibit 2

**Project Happy**
**Due diligence questionnaire - U.S. Litigation**

| Date: | |
|---|---|
| Name of Interviewee: | |
| Position/ Capacity of Interviewee | |
| [In Attendance:] | |

This due diligence questionnaire is prepared as part of our due diligence for the Proposed Transaction (as defined below) after discovery of a class action (the "**Class Action**") against NQ Mobile Inc., Vincent Wenyong Shi, Roland Wu and Zemin Xu (the "**Defendants**") through a generic internet search. We had retrieved a copy of the court document filed with the Sherman Division of the Eastern District Court of Texas (the "**Court**"). The document is enclosed as Appendix 1 to this questionnaire, (the "**Claim Document**"). **Please review and confirm whether the Claim Document is an authentic copy of the document received by the Defendants** and its legal counsel (the "**Defendants Counsel**").

It is currently expected that a company listed on the Hong Kong Stock Exchange (the "**HK Listco**") will acquire from TongFang Investment Fund Series SPC ("**TongFang Fund**") 65% of the issued share capital in the Company (as defined below) for a consideration consisting of money, shares in the HK Listco and a debt instrument issued by the HK Listco in favor of TongFang Fund (the "**Proposed Transaction**"). Immediately upon completion of the Proposed Transaction, it is expected that TongFang Fund will own about 19.7% of the HK Listco.

Reference to the "Company" in this questionnaire refers to Showself Inc., a company incorporated in the Cayman Islands, its affiliates and its subsidiaries. Unless otherwise defined or the context otherwise requires, capitalized terms in this questionnaire shall have the same meaning as those defined in the Claim Document.

1. Please briefly describe your role in the Class Action.

2. Please confirm the accuracy of the Claim Document and whether it has accurately set out the nature and factual background to Shiquang Chen's (individually and on behalf of all others similarly situated) (the "**Plaintiff**") claim as at the date of this questionnaire.

3. Please confirm whether the identity and particulars of the Plaintiffs and Defendants set out in the Claim Document remains accurate and up to date.

4. Please confirm whether the Company and its subsidiaries are a part to the Class Action.

5. Has there been any material updates to the Class Action since the filing of the Claim Document? What is the latest status? Had any hearing occurred before the Court or any other court? Did such court make any preliminary ruling or order on the Class Action?

OMM_ASIA:3477654.2

64

6. What are the main views of the Defendants Counsel on the Class Action? Please set out what would be the key grounds of defense.

7. Are there any material facts stated in the Claim Document that are apparently flawed, untrue or misleading?

8. What were the reasons for the multiple significant delays in the payment of consideration by the Tongfang Fund to NQ Mobile Inc. ("**NQ Mobile**")? Did any event of default aroused (or was waived) as a result of the delay in payment?

9. What would be the implications if TongFang Fund defaulted on the RMB1,770 million senior note? Would that entitle NQ Mobile to reverse or unwind the Transaction or take out an injunction to restrict TongFang Fund from disposing its interest in FL Mobile Jiutian Technology Co., Ltd. and Beijing Showself Technology Co., Ltd? Do you agree with the Plaintiffs that the note has a "high likelihood of default" (paragraph 24 of the Claim Document)?

10. What's the background leading to the report published by Rota Fortunae in February 2018?

11. What are the Defendants' intention with respect to the Class Action? Is there any intention to settle? If there are, what would likely be the key terms of the settlement?

12. Should the Defendants settle the Class Action, what information or terms of the settlement will be submitted to the Court or made available to the public?

13. If the Class Action proceeds to trial, what is the likelihood of the Plaintiffs succeeding in the Class Action? Why?

14. It is noted that the amount of the claim is not stated in the Claim Document. Have the Defendants Counsel gave the Defendants an indication of what the potential and likely exposure will be if the Plaintiffs succeed? Is there any likely formula or method that the Court will adopt to quantify the damages?

15. In the event that a judgment is made against the Defendants, is it possible that the liability will be several and not joint, if there is a likelihood of this, which of the Defendants will likely be liable?

16. Is it possible for the Plaintiffs to apply to the Court to enjoin or otherwise restrict the Defendants from disposing any interest in FL Mobile Jiutian Technology Co., Ltd. and Beijing Showself Technology Co., Ltd until the Class Action is resolved (paragraph (D) under Prayer for Relief in the Claim Document)? Until the date of this questionnaire, had the Plaintiffs indicated any intention to do so? If this happens, is it likely the Court will allow the application? Is there any other way which the Class Action may impact the Proposed Transaction?

17. Will the Plaintiffs have any grounds to claim against the HK Listco or its shareholders or to join them as a party to the Class Action upon becoming aware of the Proposed Transaction? If the Plaintiffs are made aware of the Proposed Transaction, is there any other immediate relief that they can seek?

18. On a confidential basis, can you share all the material documents, memo, analysis or email correspondence in relation to the Class Action with us?

OMM_ASIA:3477654.2

65

Confidential                                                                                                                                                      DLA_0000519

19. Has it transpire that the Company had not comply with any laws or government regulations in relation to the Class Action?

20. If the Plaintiff is to apply for an injunction to prohibit the Proposed Transaction in Hong Kong until the Class Action is concluded, is there any likelihood of success?

21. What would be the implications on the Class Action if in the Proposed Transaction, we need to establish the "ownership continuity" of Beijing Showself Technology Co., Ltd in the manner as set out in Appendix 2, some of which may need to be submitted to the Hong Kong Stock Exchange and publicly disclosed by way of an announcement or shareholders circular in Hong Kong in the future.

OMM_ASIA:3477654.2

66

Confidential

DLA_0000520

**<u>Appendix 1</u>**
**<u>Claim Document</u>**

*[to be extracted and inserted from pdf file]*

67

**Appendix 2**
**Disclosure of ownership continuity**

| Disclosure to the Hong Kong Stock Exchange | | | | Allegation in the Claim Document |
|---|---|---|---|---|
| The Company respectfully sets forth below a summary of the shareholding structure of Showself for the year ended 31 December 2017 up to immediately prior to the Corporate Reorganisation: | | | | |
| Name of Shareholder(s) | Shareholding (%) | | | |
| | From 1 January 2017 to 31 March 2017[(i)] | From 31 March 2017[(i)(iv)] to 31 December 2017 | Upon this submission | |
| Beijing NQ Technology Co., Ltd. (北京網秦天下科技有限公司, "**Beijing NQ**") [(ii)] | 65.00 | | | |
| Mr. Lu Pei[(iii)] | 35.00 | 35.00 | 35.00 | |
| Dr. Shi[(iv)] | | 65.00[(i)] | 65.00[(i)] | |
| **Total:** | **100.00** | **100.00** | **100.00** | |
| *Notes:* | | | | |
| (iv)   TongFang Fund is a limited partnership incorporated in Cayman Islands. The shareholding structure of TongFang Fund remains unchanged since 30 March 2017 up to the submission of this enquiry. It is held as to (1) 0.01% by TongFang Cayman as the managing partner, (2) as to 65.12% by True Hero Ventures Limited, which in turn is 100% beneficially owned by Dr. Shi, (3) as to 19.93% by Prominent Stage Investments Limited, which is 100% owned by Mr. Yan Yuqiang, a financial investor and (4) as to 14.94% by Alpha Pioneer Ventures, which is 100% beneficially owned by Mr. Chen Ping, also a financial investor, all of which are limited partners. TongFang Fund is a segregated portfolio investment fund under | | | | *We think this is strong evidence that Tongfang Securities (and therefore Neo-Neon and Tsinghua Tongfang) do not control Tongfang Investment Fund and did not invest in FL Mobile and Showself. Our opinion is further supported by the fact that Wenyong Shi remains the legal representative of FL Mobile (as seen in the BECIN records above).*<br><br>Every business in China is required to have a legal |

| | |
|---|---|
| TongFang Cayman specifically for investment in Showself. According to the articles of association of TongFang Fund, its directors shall have all the powers necessary for managing, and for directing and supervising, the business and affairs of TongFang Fund, subject to any relevant rules or regulations. The shareholders of TongFang Fund have jointly appointed Dr. Shi, Mr. Zhou Hongbin and Mr. Li Pak Wang Daniel as the directors of TongFang Fund while Mr. Zhou Hongbin and Mr. Li Pak Wang Daniel have entered into an acting in concert agreement with Dr. Shi, pursuant which, Mr. Zhou Hongbin and Mr. Li Pak Wang Daniel have agreed that they shall act in concert in making decisions and Dr. Shi's opinion shall prevail if they cannot reach a consensus. Thus, Dr. Shi has the final decision of all matters in relation to the operation and management of TongFang Fund, and, effectively, controls TongFang Fund in terms of investment in Showself. TongFang Fund designated Dr. Shi to exercise its shareholder's right in Showself. Accordingly, Dr. Shi was registered as a shareholder of Showself holding 65% equity interests. | representative. He/she is the main principal of the company and is the employee with the legal power to represent and enter into binding obligations on behalf of the company. According to the linked article above, PRC Company Law states the legal representative may be one of three people: 1) the chairman of the board; 2) the executive director (if there is not board of directors); or 3) the general manager.<br><br>*If Tongfang were an independent party, we would expect to see and independent legal representative. We believe this is strong evidence that Wenyong Shi is the controlling member of Tongfang. But perhaps the best supporting evidence is the fact that NQ announced it would sell FL Mobile to Wenyong Shi three months before the Tongfang deal was announced, but changed the deal after an SEC inquiry.*<br><br>*(pg.11 of the Claim Document)* |

OMM_ASIA:3477654.2

Confidential                                                                                                                    DLA_0000523