# Exhibit 5

## **CERTIFICATE OF TRANSLATION**

I, Bingjie Liu, an attorney licensed in the State of New York (United States) and a court-certified interpreter of the State Court of the State of New York, am competent to translate from Chinese into English, and certify that the translation of documents attached to this certificate is true and accurate to the best of my abilities.

_____
Bingjie Liu

Date:   6/22/2023

Beijing City Haidian District People's Court

Civil Judgment

(2020) Jing 0108 Min Chu No. 8234

Plaintiff: NetQin Infinity (Beijing) Technology Co., Ltd., business place at Beijing City Haidian District Northeast Wangxi Road No. 8 Yuan, Building No.4, Floor 3, Room 317.

Legal Representative: Lilin Guo, Chairman

Litigation Representative: Shijie Sun, Attorney at Beijing Geping Law Firm

Litigation Representative: Guijun Qu, Attorney at Beijing Geping Law Firm

Defendant: Zemin Xu, Male, Date of Birth: February 23, 1964, Mandarin, unemployed, residing at Beijing City Haidian District, Haidian Main Street No. 15, Building 1, Room 1510.

Litigation Representative: Li Kang, Attorney at Beijing Zhengxin Law Firm.

The plaintiff NetQin Infinity (Beijing) Technology Co., Ltd (hereinafter NetQin Infinity) and the defendant Zemin Xu's dispute in connection with the return of the company license, the case was filed, according to the law, the Court applied the ordinary procedures openly heard this case. Plaintiff NetQin Infinity Company's litigation representatives Shiji Sun, Guijun Qu, Defendant's litigation representative Li Kang appeared before the Court.  Now this case is closed.

The plaintiff NetQin Infinity requests that: 1. Zemin Xu return the official seal, financial seal, contract seal, and legal representative seal used during his tenure as the company's legal representative; 2. Zemin Xu return the original and duplicate business licenses that were lost on March 28, 2019; 3. Zemin Xu return all accounting books, financial accounting reports, audit reports, contracts, and company files that should be handed over to the company as of the date of Zemin Xu's removal from his position. 4. the costs of this case shall be borne by Zemin Xu.  Facts and Reasons: NetQin Infinity was established on May 15, 2007, as a limited liability company, and its business scope approved by the industrial and commercial administration department is to engage in the development, design, and production of software for computer mobile devices and other business activities in accordance with the law.  On September 2, 2015, Zemin Xu was appointed by the Company's shareholder, Hong Kong Link Motion International Limited (hereinafter Hong Kong Lin Motion), as the legal representative, chairman and manager of the Company. In view of Zemin Xu's various breaches of his duties and are suspected of having seriously infringed upon the interests of the Company and its shareholders, the Board of Directors of the Hong Kong Link Motion made a shareholders' instruction on March 19, 2019 to remove Zemin Xu from his positions as the legal representative, chairman and manager of NetQin Infinity's and to required him to hand over the Company's seal, certificates, licenses and

accounting books and records to the newly appointed legal representative, chairman and manager, Lilin Guo.  However, Zemin Xu refused to carry out the shareholders' instructions, refused to hand over the work and illegally possessed the company's seals, which seriously the NetQin Infinity's interests. After NetQin Infinity changed its business registration based on the instructions from its shareholders, Zemin Xu, in bad faith, filed a lawsuit on April 26, 2019 against NetQin Infiniaty and the new legal representative Lilin Guo seeking to restore its old registration as be reappointed as the legal representative, chairman and manager of the company.  Haidian Court ruled against Zemin Xu.  Xu appealed. The appeal court also ruled against him in affirming the trial court's decision.  The judgment has become effective. In summary, Zemin Xu has lost the legal rights to hold the seal and business license of NetQin Infinity, so NetQin Infinity sued the court.

The defendant Zemin Xu argued: 1. NetQin Infinity self-identified that the company seal and license were lost when it was changing business registration with authority, and there is no factual basis for this case to be prosecuted. When NetQin Infinity changed its business registration, it has explicitly claimed that its employee negligently lost the original and duplicate business licenses of NetQin Infinity and inadvertently lost the official seal, and published a statement of loss in the Beijing Daily, promising to strengthen the management of licenses in the future so that similar incidents will not happen again.  Therefore, NetQin Infinity has already admitted the loss of the seal and license involved in the case when it was changing its business registration, and there is no factual basis for the prosecution in this case. 2. Zemin Xu was the former legal representative of NetQin Infinity and did not directly hold the company's seal, licenses and other documents during his tenure. NetQin Infinity claiming that according to NetQin Infinity's articles of incorporation and amendments, Zemin's Xu's duties as legal representative include: convening shareholders' meetings; checking the implementation of shareholders' resolutions and report to shareholders; execution of  relevant documents on behalf of the company; and to exercise special ruling and disposing power over the ccompany's affairs in case of emergencies such as war or extraordinary natural disasters, provided that such ruling and disposing of power is in the interest of the company and return high to shareholders afterwards.  Zemin Xu is the chairman of the company and his specific responsibilities are: convening the shareholders' meeting and reporting to the shareholders' meeting; implementing the resolutions of the shareholders' meeting; finalizing the company's business plan and investment plan; formulating the company's annual financial budget plan and final account plan; formulating the company's profit distribution plan and loss recovery plan; formulating the company's capital increase or decrease and issuing corporate bonds; to formulate the plan of merger, demerger, change of corporate form and dissolution of the company; to decide on the establishment of internal management bodies of the company; to decide on the hiring or dismissal of the manager of the company and remuneration matters; and to decide on the hiring or dismissal of the deputy manager and financial officer of the company and their remuneration matters based on the nomination of the manager. None of the above-mentioned duties involve being in charge of the company's seals and licenses, which does not indicate that the seals and documents involved in this action are under the control of Zemin Xu.  According to the Seal Management Policy, it is clear that the seals of group companies and subsidiaries are managed separately by designated seal management personnel, among which: the official seal, contract seal, and legal representative's name long are kept by the contract administrator, the special invoice seal is kept by the tax commissioner of the Finance Department and the financial seal is kept by the

chief financial officer. According to Zemin Xu's understanding during his employment, the above-mentioned seal had been kept by Yingli Liu, the manager of fund management of the company's finance department, and according to Yingli Liu's statement, Zemin Xu never held the company's license by himself, and the company's official seal was kept by the corresponding person in charge strictly in accordance with the content of the seal management policy, and Yingli Liu did not hand over the above-mentioned company sign to Zemin Xu when she left the company. Regarding the company's official seal is currently in the hands of what person, Zemin Xu said do not know.  3. Zemin Xu left the company in September 2018 and has no knowledge of the use and handover of the seal after his departure. NetQin Group controls NetQin Infinity through VIE structure, which means NetQin Infinity is a subsidiary of NetQin Group.  On September 11, 2018, Zemin Xu resigned from the position of director and CEO of the group companies to Wenyong Shi, Chairman of NetQin Group.  On September 14, 2018, the company announced to the public that Zemin Xu had resigned from the position of director and CEO plant of the company, and Mr. Jia Lian acted as CEO of the company Zemin Xu transmitted work to Jia Lian and related vice presidents and department heads on the same day, which has been fully completed. Zemin Xu sent an email to NetQin Group on the same day, pushing NetQin Group to complete the change of legal representative, directors and other related positions. From October 2018, NetQin Infinity no longer sends oh that salary to Zemin Xu. The reason why Zemin Xu sued NetQin Infinity and the Haidian Bureau of Industry and Commerce after he left his job was that NetQin Infinity forged Zemin Xu's signature when Guo Lilin forcibly took over for business registration, and the resolution on which the change was based was invalid.  Zemin Xu verified with director Jiang Wu, who said he had no knowledge of Guo Lilin's takeover. Therefore, Zemin Xu, whose rights infringement led to the conduct of industrial and commercial change matters may produce and cause results that could not be estimated, therefore filed an administrative lawsuit and related litigation with the company in the hope of restoring the rights before they were infringed and conducting the change through the path of legal and proper means. Zemin Xu submitted Exhibit 4, a statement of circumstances, in the administrative proceedings, only intending to use this statement of circumstances submitted by NetQin Infinity in another case as a way to disprove its claim in the business registration that "the company documents were accidentally lost and now reapplied for it." Although the statement includes that the license "has been legally held by Zemin Xu "the purpose of the statement was a proof of purpose, and the evidence was filed on July 23, 2019, a year and a half after the event. You can't just rely on a sentence from a year and a half ago to determine that Zemin Xu still holds these licenses. 4. The statement of circumstances and notice of arbitration submitted by Zemin Xu in the administrative proceedings could not actually prove that Zemin Xu holds the company's seal. Zemin Xu submitted the above-mentioned evidence in the administrative litigation, hoping to prove that the company's official seal was held by Zemin Xu, but both the Haidian Court and the No.1 Intermediate Court explicitly rejected this purpose of proof in their factual findings. The statement of circumstances and the notice of arbitration can only show that the official seal was not lost in March 2019, and it cannot be directly presumed that the official seal is in Zemin Xu's possession. The current situation of the official seal is not clear to Zemin Xu.

In accordance with the law, the parties submitted evidence around the claims. The Court organized the parties to exchange and examine the evidence. The evidence that the parties do not object to,

the Court confirmed and recorded on the file. According to the parties' statements and the evidence examined and confirmed by the Court, the Court finds the facts as follows:

The business registration of the corporate entity shows: NetQin Infinity was founded on May 15, 2007, is a limited liability company (foreign legal person wholly owned), and the legal representative blade is Lilin Guo. Zemin Xu was registered as the chairman, manager, and legal representative of NetQin Infinity on September 2, 2015. Subsequently, on April 17, 2019, the chairman, general manager, and legal representative of NetQin Infinity changed to Lilin Guo. After investigation, NetQin Infinity's articles of incorporation do not provide for the safekeeping of the company's seals and documents, only Article 26 provides that all vouchers, books, and records of the company are to be properly managed by a designated person. However, the articles of incorporation do not specify the specific custodian. In the lawsuit, Zemin Xu submitted a copy of the "Seal Management Policy" of NetQin Group Company, which stated that the seals of the Group and its subsidiaries were managed separately by designated seal special administrators, among which the official seal, contract seal and legal representative's name long were kept by the contract administrator, the invoice seal was kept by the tax commissioner, and the financial seal was kept by the chief financial officer. NetQin Infinity does not recognize the authenticity of this evidence, which it claims that it has never seen, there may be relevant policy, but this is the policy for the company's normal operation, Zemin Xu discharged all employees of the company at the end of 2018, and it is his obligation as the legal representative, chairman and general manager of the company to complete the custody and handover of the official seal, seal and contract files.

In the litigation, in order to prove that Zemin Xu holds a company license, NetQin Infinity submitted civil judgment No. (2019) 01 Min Final 10118 rendered by the Beijing No. 1 Intermediate Court in a dispute related to the company sued by Xu Zemin regarding the change of business registration of the legal representative of NetQin Infinity; The Administrative Judgment No. (2020) Jing 01 Xing Zhong 425 made by No.1 Intermediate Court on the administrative litigation brought by Zemin Xu against the administrative change of registration and the Administrative Judgment No. (2019) Jing 0108Xing Chu No. 812 made by this Court on the aforesaid administrative case. The factual finding section of Civil Judgment No. 10118 contains the following content: " Zemin Xu submitted to the Court a factual statement dated April 12, 2019 and a notice of filing from the Labor Dispute Arbitration Commission, and a number of notices of appearance, claiming that NetQin Infinity and Lilin Guo falsely claimed that NetQin Infinity 's seal and license were lost during the process of industrial and commercial registration, but in fact the seal and license were not." In Case Nos. 812 and 425, Zemin Xu submitted a statement of circumstances, a summons and a notice of arbitration to prove that the official seal and business license of NetQin Infinity had never been lost and had always been legally held by Zemin Xu, and that the Beijing Haidian Bureau of Industry and Commerce had failed in its duty to examine them, which was a violation of the statutory procedures. NetQin Infinity submitted this statement of circumstances. After investigation, the aforementioned evidence in the statement of circumstances does not contain any content about Zemin Xu's possession of the official seal and business license. The specific contents of the statement of circumstances are excerpted as follows: during the period from March 1, 2019 to April 30, 2019, NetQin Infinity was subject to four notices of filing and court appearance by the BeijingLabor Arbitration Commission, and one summons film by the

Beijing Haidian District People's Court. All of the above cases require a copy of the Business License with the official seal of NetQin Infinity, a legal representative verification letter, an authorization letter, and other materials for the court session, and NetQin Infinity's business license and official seal were in normal use during this period. The bottom right corner is dated July 29, 2019 and stamped with the company seal of NetQin Infinity. Zemin Xu commented on the statement of circumstances, arguing that the statement was in another case to prove that the official seal of NetQin Infinity was not lost, and the content also stated that the seal and documents of NetQin Infinity were in normal use, and it could not be concluded that the official seal and licenses were in the hands of Zemin Xu on this basis. In this case, there is no other evidence submitted by NetQin Infinity to show that the company materials such as the company seal and license and the company books were held by Zemin Xu.

In the lawsuit, NetQin Infinity confirmed that it had issued a new official seal and business license after losing the company's official seal and business license, and that what it requested Zemin Xu to return in this case was the company's official seal and business license before it was lost and replaced.

In the lawsuit, Zemin Xu claimed that he was responsible for the daily operation and management of the company at NetQin Infinity, but the company's official seal and documents were managed by a dedicated person according to the seal management polciy. The company's finance department is responsible for keeping the financial seal, and account books, and the company's legal department is responsible for keeping business licenses, contracts, and company files. The dedicated person in charge of the specific management of the company's finance department is Liu Yingli, who was responsible for the company's official seal, financial seal, contract seal, and legal representative's seal before she left the job. The court by exercising its power notified Yingli Liu to testify in court. Yingli Liu said that NetQin Infinity and Beijing NetQin Tianxia Technology Co., Ltd. were both companies under NetQin Mobile Group, and she was the manager of the fund management department of the two companies before she left her position, responsible for the fund management of the two companies, and the company's official seal, contract seal and legal representative seal were managed by the fund management department. And there is a corresponding management policy, the special financial seal is managed by the chief financial director management, business license is managed by the legal department.  The court showed her the seal management policy submitted by Zemin Xu, and Yingli Liu said that the detailed companies of NetQin Group are managing the company seal and license according to this policy. She left the company on December 31, 2019 and handed over the seal to Li Lei in the Chairman's Office when she went through the transmission process. NetQin Infinity claimed that Yingli Liu has a strong relationship with this case and her testimony should not be admitted in its entirety.

The Court believes that the parties should provide evidence to prove their allegations; if the parties fail to provide evidence or the evidence is insufficient to prove their claims, the party with the burden of proof shall bear the adverse consequences. In the dispute of the return of company documents, the plaintiff shall first prove that the holder of the official seal and documents is the defendant. The second proves that the defendant was in unlawful possession of the seal and documents. NetQin Infinity filed this lawsuit to claim that Zemin Xu returned to it the seal, license,

and other company documents, it should first submit evidence to prove that the company seal, license, and documents are held or controlled by Zemin Xu. In this case, the articles of incorporation of NetQin Infinity did not clearly specify the person in charge of management of the official seal and documents in the case, and although it was agreed that the company's books would be managed by a dedicated person, no clear provisions were given for specific personnel. The only relevant evidence submitted by NetQin Infinity is the content and purpose of the evidence submitted by Zemin Xu in the other case, which is to testify to the fact that NetQin Infinity's business license and official seal were not lost. In the absence of any other evidence to prove that Zemin Xu holds the company's official seal and license, the purpose of the evidence alone can only prove that the original official seal of NetQin Infinity was still in use after Zemin Xu left his position in NetQin Infinity. It cannot be concluded that Zemin Xu himself is in possession of the official seal, license and company information that NetQin Infinity is seeking to return in this case. Accordingly, the Court finds that NetQin Infinity failed to prove that its claimed company seal and other documents are held by Zemin Xu, and the corresponding adverse legal consequences should be borne by itself. Therefore, NetQin Infinity's claims in this case are not supported by the Court due to insufficient evidence. The other evidence presented by the parties or other opinions expressed do not affect the Court's decision based on the facts identified in accordance with the law, and the Court again does not comment on them one by one.

In summary, the Court, in accordance with the provisions of Article 60(1) of the Civil Procedure Law of the People's Republic of China and Article 90 of the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China, ruled as follows:

The plaintiff, NetQin Infinity's claims are dismissed in their entirety.

The case acceptance fee of 70 yuan, which has been paid in advance by the plaintiff NetQin Infinity, shall be borne by itself.

If you do not accept this judgment, you may appeal to the Beijing No. 1 Intermediate People's Court within fifteen days from the date of service of the judgment by submitting a notice of appeal and a copy of the notice of appeal to this Court and paying the appeal case acceptance fee in accordance with the amount of the appeal request for the part of the judgment. If the appeal fee is not paid within seven days after the expiration of the appeal period, the appeal will be automatically withdrawn.

Chief Judge:   Bin Han

People's Jurors:    Youcai Lu

People's Jurors:    Mingquan Liang

August 12, 2021

Clerk: Yuting Song

[SEAL]

# 北京市海淀区人民法院
# 民事判决书

（2020）京 0108 民初 8234 号

原告：网秦无限（北京）科技有限公司，住所地北京市海淀区东北旺西路 8 号院 4 号楼三层 317 室。

法定代表人：郭力麟，董事长。

委托诉讼代理人：孙世奇，北京市格平律师事务所律师。

委托诉讼代理人：曲贵军，北京市格平律师事务所律师。

被告：许泽民，男，1964 年 2 月 23 日出生，汉族，无业，住北京市海淀区海淀中街 15 号 1 号楼 1510。

委托诉讼代理人：康丽，北京市证信律师事务所律师。

原告网秦无限（北京）科技有限公司（以下简称网秦无限公司）与被告许泽民公司证照返还纠纷一案，本院立案后，依法适用普通程序，公开开庭进行了审理。原告网秦无限公司的委托诉讼代理人孙世奇、曲贵军，被告许泽民的委托诉讼代理人康丽到庭参加了诉讼。本案现已审理终结。

原告网秦无限公司向本院提出诉讼请求：1.判令许泽民返还其担任网秦无限公司法定代表人期间使用的公章、财务专用章、合同专用章、法定代表人印章；2.判令许泽民返还网秦无限公司于 2019 年 3 月 28 日挂失的营业执照正副本；3.判令许泽民返还网秦无限公司截至许泽民被免除职务之日止应交接的会计账簿、

财务会计报告、审计报告、合同、公司档案等全部资料；4.本案诉讼费由许泽民承担。事实与理由：网秦无限公司成立于2007年5月15日，组织形式为有限责任公司，在工商行政管理部门核准的经营范围内依法从事计算机及移动设备软件的开发、设计、制作等经营活动。2015年9月2日，许泽民受网秦无限公司股东香港凌动智行国际有限公司（以下简称香港凌动公司）的委派，担任网秦无限公司的法定代表人、董事长及经理。鉴于许泽民的各种违反忠实和勤勉义务的行为涉嫌严重侵害公司和股东利益，香港凌动公司董事会于2019年3月19日作出股东指示，免除许泽民在网秦无限公司的法定代表人、董事长及经理职务，并要求许泽民向新委任的法定代表人、董事长以及经理郭力麟交接公司印章、证书、执照以及会计资料等公司物品。然而，许泽民拒不认可股东指示，拒不配合办理工作交接并非法使用其持有的印鉴，严重损害网秦无限公司的利益。网秦无限公司根据股东指示依法办理工商变更登记后，许泽民于2019年4月26日以网秦无限公司、新任法定代表人郭力麟为共同被告恶意提起与公司有关的纠纷之诉讼，要求恢复登记其为公司法定代表人、董事长以及经理，海淀区人民法院一审判决许泽民败诉。许泽民上诉后，二审法院也作出判决，维持原判，判决已经生效。综上，许泽民已丧失持有网秦无限公司印章、证照等物品的合法权利，故网秦无限公司诉至法院。

被告许泽民辩称：一、网秦无限公司在办理工商变更登记时，

自认公司印章及证照丢失，本案的起诉没有事实基础。网秦无限公司在进行工商变更登记时，已经明确称员工疏忽将网秦无限公司营业执照正、副本两份丢失，不慎将公章丢失，并在《北京日报》上刊载了遗失声明，保证以后加强对执照的管理，不再发生此类事件。因此，网秦无限公司已经在办理工商变更登记时自认涉案印章及证照丢失，本案的起诉已经没有事实基础。二、许泽民系网秦无限公司的原法定代表人，在职期间，也不直接持有公司的印章、证照等文件。网秦无限公司起诉称根据网秦无限公司的公司章程及修正案，许泽民作为法定代表人的具体职责为：召集和主持股东会议；检查股东会议的落实情况，并向股东会报告；代表公司签署有关文件；在发生战争、特大自然灾害等紧急情况下，对公司事务行使特别裁决权和处置权，但这类裁决权和处置权须符合公司利益，并在事后向股东报告。许泽民是公司的董事长，具体职责为：负责召集股东会，并向股东会议报告工作；执行股东会的决议；审定公司的经营计划和投资方案；制定公司的年度财务预算方案、决算方案；制定公司的利润分配方案和弥补亏损方案；制定公司增加或者减少注册资本以及发行公司债权的；制定公司合并、分立、变更公司形式、解散的方案；决定公司内部管理机构的设置；决定聘任或者解聘公司经理及其报酬事项，并根据经理的提名决定聘任或者解聘公司副经理、财务负责人及其报酬事项。制定公司的基本管理制度。上述内容均不涉及掌管公司印章及证照的职责，不能说明涉诉的印章、证照等在许泽民

处。根据《印章管理规定》明确，集团公司及子公司印章由指定的印章专管人员分别管理，其中：公章、合同专用章、法定代表人名章由合同管理员保管，发票专用章由财务部税务专员保管，财务专用章由财务总监保管。据许泽民在职期间的了解，上述印章一直由公司财务部资金管理经理刘颖丽保管，根据刘颖丽的陈述，许泽民从不自行持有公司证照，公司的公章证照严格按照印章管理规定的内容由各相应负责人保管，并且刘颖丽离职时也未将上述公司证照交接给许泽民。至于目前公章具体在何人手中，由何人保管，许泽民并不知悉。三、许泽民已经于2018年9月离职，对于离职后公司的印章的使用、交接情况均不知悉。网秦集团通过VIE架构控制网秦无限公司，网秦无限公司是网秦集团的下属公司。2018年9月11日，许泽民向网秦集团董事长史文勇辞去集团公司各公司董事、CEO的职位，2018年9月14日，公司对外宣布许泽民辞去公司董事、CEO职务，由连佳先生代理公司CEO，9月19日，许泽民和连佳及相关副总、部门负责人进行了交接工作，已经全部完成。许泽民于当日向网秦集团发邮件，催促集团尽快完成法定代表人、董事等所有相关职务的变更。2018年10月起，网秦无限公司不再向许泽民发放工资。许泽民之所以在离职后起诉网秦无限公司和海淀工商局，是因为网秦无限公司在郭力麟强力接管进行工商变更时伪造许泽民的签字，并且其变更所依据的决议是无效的，许泽民与董事吴疆进行核实，其表示对郭力麟接管事宜并不知情，因此，许泽民在权利侵害导致进行工商

变更事宜可能产生的结果和造成的损失无法估计的情况下，因此提起行政诉讼和与公司有关的诉讼，希望能够恢复到权利被侵害之前，通过合法正当的途径进行变更。许泽民在行政诉讼中提交的证据四情况说明，只是想借用这份网秦无限公司在另案中提交的情况说明作为反证，推翻其在工商登记时所称的"公司证照不慎丢失，重新申请办理"。虽然有"一直被许泽民合法持有的"的描述，但是该句话的背景是作为一个证明目的存在，并且该证据是许泽民在2019年7月23日立案提交的，距今也有一年半的时间。因此，不能仅凭一句一年半前的证明目的认定许泽民仍然持有网秦无限的公司证照。四、许泽民在行政诉讼中提交的情况说明和仲裁通知书实际不能证明许泽民持有公司印章。许泽民在行政诉讼中提交上述证据，拟证明公司印章由许泽民持有，但海淀法院及一中院都在事实认定中，明确不予认可该证明目的。情况说明和仲裁通知书仅能证明2019年3月公章并未丢失，不能因此直接推定公章在许泽民处。公章目前的情况许泽民也不太清楚。

当事人围绕诉讼请求依法提交了证据，本院组织当事人进行了证据交换和质证。对当事人无异议的证据，本院予以确认并在卷佐证。根据当事人陈述及经本院审查确认的证据，本院认定事实如下：

工商企业信用信息显示：网秦无限公司成立于2007年5月15日，类型为有限责任公司（外国法人独资），法定代表人郭力麟。许泽民在2015年9月2日被登记为网秦无限公司的董事长、经理

及法定代表人。后 2019 年 4 月 17 日，网秦无限公司的董事长、总经理及法定代表人变更为郭力麟。经查，网秦无限公司的公司章程中对于公司印章、证照的保管没有规定，仅在章程第二十六条规定公司的一切凭证、账簿、报表均需专人妥善保管，但公司章程对于具体保管人员未作具体规定。

诉讼中，许泽民提交了一份网秦移动集团公司的《印章管理规定》，该规定载明，集团公司及子公司印章由指定的印章专管人员分别管理，其中：公章、合同专用章、法定代表人人名章由合同管理员保管，发票专用章由财务税务专员保管，财务专用章由财务总监保管。网秦无限公司对该证据的真实性不认可，对于该规定其主张并未见过，可能有相关规定，但是是公司正常运营时期的规定，许泽民在 2018 年年底遣散了公司全体员工，其作为公司法定代表人、董事长、总经理有义务完成公章、印鉴、合同档案的保管及交接工作。

诉讼中，网秦无限公司为证明许泽民持有公司公章证照，提交了北京市第一中级人民法院就网秦无限公司法定代表人工商登记变更事宜，许泽民起诉的与公司有关的纠纷一案作出的（2019）京 01 民终 10118 号民事判决书；北京市第一中级人民法院就许泽民不服行政变更登记提起的行政诉讼作出的（2020）京 01 行终 425 号行政判决书及本院就前述行政案件作出的（2019）京 0108 行初 812 号一审行政判决书。其中 10118 号民事判决书的事实认定部分包含有如下内容："许泽民向该院提交网秦无限公司工商备案材

料中 2019 年 4 月 12 日的《情况说明》及劳动争议仲裁委员会的立案通知书、出庭通知书若干，主张网秦无限公司及郭力麟在办理工商变更登记过程中谎称网秦无限公司的印章和执照丢失，但实际上印章和执照从未丢失"；812 号及 425 号案件中，许泽民提交了情况说明、传票及仲裁通知书等，证明网秦无限公司的公章和营业执照从未丢失，一直被许泽民合法持有，北京市海淀区市场监督管理局未尽审慎审查义务，属于违反法定程序。网秦无限公司提交了该份《情况说明》。经查，前述证据中的《情况说明》中并未包含任何有关许泽民持有公章及营业执照的内容。《情况说明》具体内容摘录如下：网秦无限公司于 2019 年 3 月 1 日至 4 月 30 日期间，分别收到北京市劳动人事争议仲裁委员会立案通知书及出庭通知书 4 份，北京市海淀区人民法院传票 1 份，以上案件开庭时均需提交加盖网秦无限公司公章的《营业执照》副本复印件、《法人身份证明书》、《授权委托书》等材料，此期间网秦无限公司的《营业执照》和公章均在正常使用，特此说明。右下角落款日期为 2019 年 7 月 29 日并加盖了网秦无限公司公章。许泽民对该《情况说明》发表意见称，该说明系在另案中证明网秦无限公司的公章及营业执照并未丢失，内容也是陈述网秦无限公司章证照在正常使用，并不能够据此认定章证照在许泽民手中。本案中，网秦无限公司提交的证据材料中，并未有其他证据显示其诉请许泽民返还的公司章证照及公司账簿等公司相应材料系由许泽民持有的相关内容。

诉讼中，网秦无限公司确认其在挂失公司公章、营业执照后补办了新的公章和营业执照，其在本案中要求许泽民返还的系公司挂失补办前的公司公章和执照。

诉讼中，许泽民称其在网秦无限公司负责公司的日常经营管理工作，但公司章证系根据印章管理规定由专人管理，公司财务部负责保管财务章、财务账簿，公司法务部负责保管营业执照、合同及公司档案。公司财务部具体负责管理的专人为刘颖丽，刘颖丽在离职前负责管理公司公章、财务章、合同章、法定代表人人名章。本院依职权通知了刘颖丽到庭作证，刘颖丽称网秦无限公司及北京网秦天下科技有限公司均是网秦移动集团下面的公司，其离职前是两公司的资金管理部经理，负责两公司的资金管理，公司的公章、合同章及法人人名章是由资金管理部管理，有相应的印章管理制度，财务专用章在财务总监处管理，营业执照是法务部管理。本院向其出示了许泽民提交的印章管理制度，刘颖丽称网秦集团项下的公司均是按照这个制度管理公司章证照，其在2019年12月31日离开了公司，其在办理离职时将印章进行了交接，交接给了总裁办的李蕾。网秦无限公司主张刘颖丽与本案有利害关系，其证言不应被全部采纳。

本院认为，当事人对自己提出的诉讼请求所依据的事实或者反驳对方诉讼请求所依据的事实，应当提供证据加以证明；当事人未能提供证据或者证据不足以证明其事实主张的，由负有举证证明责任的当事人承担不利的后果。公司证照返还纠纷中，原告
- 8 -

对于主张要求被告返还公司章证照等相关资料，应当首先证明其主张的公司章证照等资料的持有方系被告，其次证明被告系非法持有。网秦无限公司提起本案诉讼主张许泽民向其返还章证照等公司资料，其应当首先提交证据证明其所诉请返还的相应公司资料系由许泽民持有或控制。本案中，网秦无限公司的公司章程并未明确规定其在本案诉请中主张的章证照等公司资料的具体管理部门或人员，虽对公司账簿约定了由专人管理，但对于具体人员亦未予以明确规定。网秦无限公司提交的证据中与此相关的仅为另案中许泽民提交证据的证明目的中的相关陈述。对此，本院认为，根据许泽民在另案的中提交的证据内容及证明目的，需要结合另案的全案情况进行分析。另案中，许泽民举证时所陈述的网秦无限公司的营业执照及公章由其持有的证明目的，在该案中系佐证网秦无限公司的营业执照及公章并未丢失这一事实，在其提交的证据内容无任何相关许泽民持有公司章证照等公司资料的情况下，单凭该证明目的仅能证明许泽民被解除在网秦无限公司的职务后，网秦无限公司的原公章仍在使用，并不能够得出许泽民本人持有网秦无限公司在本案中所诉请返还的公司相关资料的事实。据此，本院认为，网秦无限公司并未举证证明其所主张的公司章证照及诉请的其他公司资料系由许泽民持有，相应不利法律后果应由其自行承担，故网秦无限公司在本案中所提诉讼请求，证据不足，本院不予支持。当事人提举的其他证据或发表的其他意见，不影响本院依据查明的事实依法进行裁处，本院在此不予

一一评述。

综上，本院依照《中华人民共和国民事诉讼法》第六十四条第一款，《最高人民法院关于适用＜中华人民共和国民事诉讼法＞的解释》第九十条之规定，判决如下：

驳回原告网秦无限（北京）科技有限公司的全部诉讼请求。

案件受理费70元，原告网秦无限（北京）科技有限公司已预交，由其自行负担。

如不服本判决，可在判决书送达之日起十五日内向本院递交上诉状及副本，按照不服一审判决部分的上诉请求数额交纳上诉案件受理费，上诉于北京市第一中级人民法院。如在上诉期满后七日内未交纳上诉费的，按自动撤回上诉处理。

审　判　长　　韩　斌
人　民　陪　审　员　　陆友才
人　民　陪　审　员　　梁铭全

二〇二一年八月十二日

此件与原件核对无异

书　记　员　　宋宇婷

