# Exhibit 6

## <u>CERTIFICATE OF TRANSLATION</u>

I, Bingjie Liu, an attorney licensed in the State of New York (United States) and a court-certified interpreter of the State Court of the State of New York, am competent to translate from Chinese into English, and certify that the translation of documents attached to this certificate is true and accurate to the best of my abilities.

*Bingj Liu*
_____
Bingjie Liu


Date:   <u>6/22/2023</u>

Beijing City Haidian District People's Court

Hearing Transcript

Heating time:  December 22, 2020     14:00 afternoon

Hearing place: West 3-47 court room

Judge Panel:   Chief Judge: Bing Han          People's Jurors: Youcai Lu, Mingquan Liang

Clerk:  Yuting Song

The Parties and other litigants:

Plaintiff:       NetQin Infinity (Beijing) Technology Co., Ltd., business place at Beijing City Haidian District Northeast Wangxi Road No. 8 Yuan, Building No.4, Floor 3, Room 317.

Legal Representative:         Lilin Guo, Chairman

Litigation Representative:    Hua Zhang, Attorney at Beijing Dingye Law Firm

Litigation Representative:    Fengwu Guo, Attorney at Beijing Dingye Law Firm


Defendant:    Zemin Xu, Male, Date of Birth: February 23, 1964, Mandarin, unemployed, residing at Beijing City Haidian District, Haidian Main Street No. 15, Building 1, Room 1510.

Litigation Representative:    Li Kang, Attorney at Beijing Zhengxin Law Firm.


Court: Plaintiff, do you have any objections to the individuals who appeared on behalf of Defendant?

Plaintiff: No objections

Court: Defendant, do you have any objections to the individuals who appeared on behalf of Plaintiff?

Defendant: No objections


[partial of the transcript omitted]


Court: Call for the witness Yingli Liu

(witness appeared)

Court: Witness, please descript your personal inforamtion.

Witness: Yingli Liu, female, date of birth June 23, 1975, Mandarin, unemployed, residing ███. Phone number ███████.

Court: Plaintiff, do you have any objections to the witness' identity?

Plaintiff: All subject to court verification. Plaintiff is unable to verify whether the witness has ever worked with the company because Plaintiff has no relevant license to check the records.

Court: Defendant, do you have any objections to the witness' identity?

Defendant: No objections.

[part of the transcript omitted]

Court: Witness, have you previously worked at Beijing NetQin Tianxia Technology Co. Ltd. and Bingjing NetQin Infinity Co Ltd.? If so, what was your position and what were your responsibilities?

Witness: Yes. I was the manager of the fund management department in both Beijing NetQin Tianxia Technology Co. Ltd. and Bingjing NetQin Infinity Co Ltd and was responsible for the management of the funds of both companies. I am responsible for the management of the companies under the group. At first, I signed an employment contract with Beijing NetQin Tianxia Technology Co. Ltd. and transferred to Bingjing NetQin Infinity Co Ltd (Group company) in 2018.

Court: Witness, how the company's official seal, financial seal, business license, bank seal, account book, contract, file and other materials are managed.

Witness: I have clear understanding of the part I was responsible for. The official seal, contract seal, and legal representative seal is managed by the fund management department, there is a seal management policy, the company's financial seal should be managed at the chief financial officer. The permission to open a bank account is managed by my department, U shield is managed under an authority priority order. I am not sure about the company's books, files, and contract management, the business license in my impression is managed by legal department.

[part of the transcript omitted]

Plaintiff: Witness, when you left the company on December 31, 2019, Zemin Xu still in the company?

Witness: Before my resignation, Zemin Xu's position was not changed, still the CEO. But, he was not in the company or not, I don't know.

Plaintiff: Witness,when you left your job, who did you give the company's official seals, legal representative seals, and contract seals to?

Witness: Lei Li

Plaintiff: Witness, what was Lei Li's position at the company?

Witness: Chairman's assistant.  The company I mentioned meant to say the group of companies, with no distinction of affiliated companies.

Plaintiff: Who is directly in charge of Lei Li?

Witness: Is Wenyong Shi.


[part of the transcript omitted]


Court: Any party has any other opinions?

Plaintiff: No

Defendant: No.

Court: Hearing is closed. Parties should review the transcript and sign it if no mistaks.


[Signature – Li Kang]

12/22/2020


[Signature – Hua Zhang]

12/22/2020

# 北京市海淀区人民法院
## 开庭笔录

开庭时间：2020 年 12 月 22 日　　下午 14：00

开庭地点：西 3-47 法庭

合议庭：审判长：韩斌　　　人民陪审员：陆友才，梁铭全

书记员：宋宇婷

当事人及其他诉讼参加人：

原告：北京网秦天下科技有限公司，住所地北京市海淀区北三环西路 31 号 23 号楼一层 121 室

法定代表人：郭力麟。

委托诉讼代理人：张华，北京市鼎业律师事务所律师。

委托诉讼代理人：郭凤武，北京市鼎业律师事务所律师。（未到庭）

被告：许泽民，男，1964 年 2 月 23 日出生，汉族，无业，住北京市海淀区海淀中街 15 号 1 号楼 1510。

委托诉讼代理人：康丽，北京市证信律师事务所律师。

审：原告方对被告方出庭人员是否有异议？

原：无异议。

审：被告方对原告方出庭人员是否有异议？

被：无异议。

审：合议庭已于开庭前三日通知各方，是否收到？

原：收到。

被：收到。

审：法庭对当事人出庭人员身份核对完毕，与向本庭提交的身份证明一致，出庭资格合法有效，准予出庭。现在开庭，北京市海淀区人民法院依法适用普通程序公开开庭审理原告北京网秦天下科技有限公司诉被告许泽民公司证照返还纠纷一案，本案由法官韩斌担任审判长，与人民陪审员陆友才、梁铭全组成合议庭，由书记员宋宇婷担任法庭记录。根据《中华人民共和国民事诉讼法》的规定，当事人有权委托代理人，提出回避请求，收集提供证据，

1

进行辩论，请求调解，提出上诉，申请执行。可以查阅本案有关材料，复制有关材料及法律文书。双方可以自行调解，原告可以放弃或者变更诉讼请求，被告可以承认或者反驳诉讼请求，有权提出反诉。当事人对自己的主张，有责任提供证据。当事人必须依法行使诉讼权利，遵守诉讼秩序，履行发生法律效力的裁判文书。以上权利义务双方是否听清？

原：听清。

被：听清。

审：对法庭组成人员是否申请回避？

原：不申请回避。

被：不申请回避。

审：下面进行法庭调查，原告起诉的诉讼请求及事实与理由与上次庭审有无变化和补充？

原：同上次庭审一致，没有变化和补充。

审：被告陈述你方答辩意见？

被：有变化，以本次答辩意见为准：一、被告系网秦天下的原法定代表人，在未离职前，不直接持有公司的印章、证照等文件。

1、原告起诉称根据网秦天下的公司章程及修正案，许泽民作为法定代表人的具体职责为：召集和主持股东会议；检查股东会议的落实情况，并向股东会报告；代表公司签署有关文件；在发生战争、特大自然灾害等紧急情况下，对公司事务行使特别裁决权和处置权，但这类裁决权和处置权须符合公司利益，并在事后向股东报告。许泽民是公司的董事长具体职责为：负责召集股东会，并向股东会议报告工作；执行股东会的决议；审定公司的经营计划和投资方案；制定公司的年度财务预算方案、决算方案；制定公司的利润分配方案和弥补亏损方案；制定公司增加或者减少注册资本以及发行公司债权的；制定公司合并、分立、变更公司形式、解散的方案；决定公司内部管理机构的设置；决定聘任或者解聘公司经理及其报酬事项，并根据经理的提名决定聘任或者解聘公司副经理、财务负责人及其报酬事项。制定公司的基本管理制度。上述内容均不涉及掌管公司印章及证照的职责，不能说明

2



涉诉的印章、证照等在许泽民处。2、根据《印章管理规定》明确，集团公司及子公司印章由指定的印章专管人员分别管理，其中：公章、合同专用章、法定代表人名章由合同管理员保管，发票专用章由财务部税务专员保管，财务专用章由财务总监保管。据本人在职期间的了解，上述印章一直由公司财务部资金管理经理刘颖丽保管，根据今天刘颖丽的陈述，许泽民从不自行持有公司证照，公司的公章证照严格按照印章管理规定的内容由各相应负责人保管，并且刘颖丽离职时也未将上述公司证照交接给许泽民。至于目前公章具体在何人手中，由何人保管，许泽民并不知悉。

二、原告已经于2018年9月离职，对于离职后公司的印章的适用、交接情况均不知悉。1、网秦集团通过VIE架构控制网秦天下，网秦天下是网秦集团的下属公司。2018年9月11日，许泽民向网秦集团董事长史文勇辞去集团公司各公司董事、CEO的职位，2018年9月14日，公司对外宣布许泽民辞去公司董事、CEO职务，由连佳先生代理公司CEO，9月19日，许泽民和连佳总及相关副总、部门负责人进行了交接工作，已经全部完成。许泽民当日向网秦集团发邮件，催促集团尽快完成法人代表、董事等所有相关职务的变更。许泽民离职后，不再参与网秦天下的经营活动，对于公司印章证照等的情况均不知悉。离职前，公司的印章、证照等的管理由公司的刘颖丽具体负责，离职后没有联系过，不清楚后续的情况。《关于公司法定代表人变更相关事宜的函》是2019年7月26日作出的，此时许泽民已经离职，根本不掌握公章、证照。而且对于郭力麟的身份和主体资格无法确认，许泽民离职后不再签收任何网秦天下事宜相关的文件，所以直接由郭力麟寄来的文件，并且是称寄给网秦天下的，许泽民不会签收。而且至今，在工商登记上，其他也不是公司法定代表人。目前网秦天下的法定代表人是聂友弟，起诉许泽民主张返还证照没有依据。基于许泽民的离职，2019年12月26日，网秦天下变更了法定代表人，将许泽民法定代表人的身份更换了，许泽民已和网秦天下无任何关系，即使原告起诉的依据是许泽民系网秦天下的法定代表人，对公司的公章证照存在控制力，但目前无论从工商信息还是股东会决议来看，

3

许泽民都不再是网秦天下的法定代表人,所以起诉许泽民主张已经没有任何依据。本案的所有文书均未加盖网秦天下的印章,仅有郭力麟的签字不具有法律效力,代理人的身份不能认可。综上,当事人对自己提出的主张,有责任提供证据。在作出判决前,当事人未能提供证据或者证据不足以证明其事实主张的,由负有举证证明责任的当事人承担不利的后果。本案被告不持有原告的印章,应驳回原告的全部诉讼请求。

审:下面进行举证质证,本院上次庭审后,依法通知了刘颖丽作为证人到庭。因为证人时间问题,先请证人出庭,双方是否同意?

原:同意。

被:同意。

审:传证人刘颖丽。

(证人出庭)

审:证人,陈述一下你的个人情况。

证:刘颖丽,女,1975年6月23日出生,汉族,无业,住北京市 ▓▓▓▓▓▓▓ 手机号 ▓▓▓▓▓▓▓

审:原告,你方对证人身份是否有异议?

原:以法庭核实为准,我方无法核实证人是否在公司任职,因为我方没有相关公章证照的查询权限。

审:被告,你方对证人身份是否有异议?

被:无异议。

审:证人,今天本院公开开庭审理原告网秦无限(北京)科技有限公司诉被告许泽民公司证返还纠纷一案,你作为本院通知出庭的证人,应如实向法庭陈述你亲身感知的事实,不得使用猜测、推断或评论性的语言,不得做虚假证言,否则将承担相应的法律后果,你听清楚了吗?

证:听清楚了。

审:证人,你之前是否在北京网秦天下科技有限公司、北京网秦无限(北京)科技有限公司有任职?如有任职,具体担任什么职务,负责什么事项?

证:有任职,因为是一个集团,集团名称叫网秦移动,北京网秦天下科技有限公司、北京网秦无限(北京)科技有限公司是集团下的公司,我在两公司是资金管理部经理,负责两公司的资金的

4

管理，集团下面的公司我负责管理，刚开始是与北京网秦天下科技有限公司签订的劳动合同，18 年转到北京网秦移动（集团公司）。

审：证人，公司的公章、财务章、营业执照、银行印鉴、账册、合同、档案等材料是如何管理和保管的？

证：我负责的部分，我清楚，公章、合同章、法人章是由资金管理部管理，有印章管理制度，公司的财务章应该在财务总监处管理，银行的开户许可证由我的部门管理，U 盾是分权限管理，公司的账册、档案、合同的管理情况我不清楚，营业执照在我印象中是法务管理。

审：证人，公司对于章证照的管理是否有具体规程？

证：集团有印章管理制度。

审：证人，本院现当庭向你方出示一份证据，你看一下，公司的章证照的管理规程是否与该证据内容一致？证据中载明的邮箱是否是你的邮箱？（向证人出示被告提交的证据4）

证：是这个章证照的管理规程，邮箱也是我方邮箱，集团项下的公司均以此来管理，每个公司没有单独的，以集团的为准。

审：证人，你是何时从公司离职的？

证：2020 年 1 月办的手续，但是离开公司是 2019 年 12 月 31 日，从 2018 年 8 月份开始家里老人生病，我一直在休假。公司有会我就过去，就不天天去公司了。离开公司的公司时候公司还在正常经营。

审：证人，你离职时许泽民是否还在公司，是否已经离职？

证：我走的时候我不清楚许泽民是否还在公司，是 HR 直接联系我办理的离职。

审：证人，许泽民在公司具体负责什么工作？

证：是公司的 CEO，不是我的直接领导，在网秦无限及网秦天下，对员工来说许泽民就是最大的领导了。

审：证人，你方刚刚陈述的公司章证照的具体管理情况，许泽民是否能够自己保管上述材料？

证：不可能自己保管，必须按照章证照的管理规程进行。

审：原告是否有问题向证人发问。

原：有。

审：原告发问。

原：证人，您离职的时候网秦集团移动是否欠你工资？

5

证：拖欠，但是已经给完了，走的时候没有结清，因为我父母都是癌症，公司后来就给结清了。与公司没有劳动争议。

原：证人，在 2018 年几月份开始不上班？

证：我不是不上班，因为要看护老人，只要我不在医院，我就会去上班，2018 年 8 月份开始的。

原：证人，2019 年 12 月 31 日离职时，许泽民是否在公司？

证：在我离开之前，我了解的许泽民职务没有发生变化，还是 CEO，但是他是否还在公司我方不清楚。

原：证人，离职时公章、法人章、合同章等交给谁了？

证：李蕾。

原：证人，李蕾在公司担任何职务？

证：是总裁办的助理，我们说的公司都是集团公司，不分具体的关联公司。

原：李蕾的直接负责人是谁？

证：是史文勇。

原：证人，为何没有交给资金管理部的其他人员？

证：因为资金管理部的备份岗位就是李蕾，我交接的时候资金管理部没有其他人员了，所以给了李蕾。

原：证人，你认为史文勇与许泽民在网秦集团谁的职务更高？

证：史文勇，是我们董事长，我不知道 CEO 大还是董事长大。

审：是否还有其他问题？

原：没有。

审：被告有无问题提问？

被：有。

审：被告发问？

被：证人，许泽民对公章的掌控是随便可以用还是需要审批？

证：必须按照管理办法进行审批，不可以随便。

被：证人，你是 2018 年 8 月开始你开始休假，实际离职时间是 2019 年 12 月 31 日，在此期间你与许泽民是否有联系？

证：没有联系。

被：证人，公司发生的事情及与员工的劳动争议是否清楚？

证：不清楚，我去公司不频繁，去的不是很多，基本是同事觉得我必须要去，我才去，一月去两至三次。

被：证人，在此期间你是否看到或收到过许泽民签发的通知及文

6

2020.12.22

件?

证：我没有看到。

被：证人，公司是否有一些外文的网站？

证：我不清楚，我的工作范围内我不知道。

审：是否还有其他问题？

被：没有。

审：双方还有其他问题吗？

原：没有。

被：没有。

审：证人退庭，庭后阅读笔录无误后签字。

（证人退庭）

原告你方上次庭审共提交了13份证据，你方证据是否有变化和补充？

原：没有变化和补充。

审：被告对原告提交的证据的质证意见是否有变化和补充？

被：没有变化，补充质证意见如下，证据六：判决书真实性、合法性认可，关联性和证明目的不予认可。1、判决是史文勇与网秦无限之间的纠纷，与许泽民无关；2、许泽民对该股东会决议的内容以及诉讼的内容不知情，对于许泽民来说，离职后明确表示希望尽快变更法定代表人，但是这个变更也是建立在网秦天下公司的配合下，而不是一个随随便便的个人。3、许泽民未收到网秦天下相关的任何文件，包括但不限于股东会决议。

证据七：新疆网秦移动章程和起诉许泽民证照返还起诉书，真实性、合法性、关联性、证明目的均不认可。1、新疆网秦移动起诉的情况许泽民并不知情，并且也不能以起诉时间作为知情的日期，应该以送达到许泽民本人为准。2、变更代表人时也是许泽民接到通知，要求配合，他本人不想参与这些纠纷才去自己的应然范围内执行。3、许泽民未收到网秦天下相关的任何文件，包括但不限于股东会决议，因此不能认定知情。

证据八：网秦天下部分工商档案，真实性、合法性认可，关联性和证明目的不予认可。许泽民不清楚决议的情况，只是看到有合法的文件，去工商办理变更登记，不想再参与公司的任何事

7

2020.12.22

宜。

　　证据九：郭玲云的举报书和原告企业信息打印件，真实性、合法性、关联性、证明目的都不认可。签字情况我方不清楚，根据32页郭玲云的举报书看，举报时间是2019年12月31日，公示信息是涉嫌冒用他人信息，目前暂未显示结果，据举报已经11个月，工商信息也没有作出处理结果，也没有否认决议本身的问题，只有在接到郭凌云的举报，并且举报期已经满9个月，可能经调查并没有任何的问题。

　　证据十：网秦天下东城分公司的注销档案，真实性、合法性、关联性、证明目的都不认可。变更代表人时也是许泽民接到通知，要求配合，他本人不想参与这些纠纷才去在自己的应然范围内执行。许泽民未收到网秦天下相关的任何文件，包括但不限于股东会决议，因此不能认定知情；

　　证据十一：许泽民与网秦无限、郭力麟及相关行政机构的多份生效判决书，真实性、形式合法性认可，关联性、证明目的不认可。1、许泽民在行政诉讼中提交的证据四情况说明，只是想借用这份网秦无限在另案中提交的情况说明作为反证，推翻其在工商登记时所称的"公司证照不慎丢失，重新申请办理"。虽然有"一直被许泽民合法持有的"的描述，但是该句话的背景是作为一个证明目的存在，并且该证据是许泽民在2019年7月23日立案提交的，距今也有一年半的时间。因此，不能仅凭一句一年半前的证明目的认定许泽民仍然持有网秦无限的公司证照。2、许泽民在行政诉讼中提交的情况说明和仲裁通知书实际不能证明许泽民持有公司印章。（1）许泽民在行政诉讼中提交上述证据，拟证明公司印章由许泽民持有，但海淀法院及一中院都在事实认定中，明确不予认可该证明目的。（2）情况说明和仲裁通知书仅能证明2019年3月公章并未丢失，不能因此直接推定公章在许泽民处。

　　证据十二：2020年9月30日新京报新闻，形式真实性、合法性认可，关联性、证明目的不认可。但从报道内容来看，许泽民明确已离职两年，与离职申请相符。

　　证据十三：郭力麟授权，真实性、合法性、关联性、证明目

8

的均不认可。郭力麟不是本案的主体。

审：被告你方上次庭审共提交了4份证据，你方证据是否有变化和补充？

被：没有变化和补充。

审：原告对被告提交的证据的质证意见是否有变化和补充？

原：没有变化和补充。补充质证意见如下，对证据一、经我方核实，4份文件真实性我方认可，但是该4份协议中多数有保密协议及保密约定，不可能向自称已离职两年的许泽民出借，并且至今被告方未按法庭要求告知出借人与所谓的出借人为谁；

对证据二情况说明真实性无法确认，最后一页许泽民的邮箱，而该邮箱是原告法人郭力麟在2019年8月1日向许泽民发出法定代表人变更事项告知的邮箱，也是我方提供的证据5中的邮箱，该邮件的发送情况。

（详见我方提交的书面质证意见）

审：双方对证人证言的发表意见？

原：我方没有核实到证人的具体用工情况、离职情况，我方对证人证言的倾向性有质疑，相关报道中林宇指责证人参与到了史文勇与许泽民共同实施的转移5.17亿的行为中，证人具有重大利益倾向，其证言的公正性我方存疑，证人的证言中我方认为充满与事实不符的内容。具体意见我方庭后7日提交书面意见。

被：认可部分证人证言，对许泽民的离职情况我方不认可，我方是在2018年9月离职的，证人在2018年8月就不怎么去公司，证人对许泽民的是否在公司的情况不清楚，根据证人证言，我方认为结合我方证据可以说明公司证照、印章均在各负责人手中持有保管，许泽民并不持有保管。许泽民的离职已经进行了公示，并且与连佳进行了交接工作。

审：双方就本案是否还有证据提交？

原：没有。

被：没有。

审：举证质证结束，下面进行法庭询问。原告，除本案现有证据外，是否有其他证据证明你方诉讼请求第一项的材料在被告许泽民处？

9

原：没有其他证据。

审：双方对事实部分是否还有补充?

原：没有。

被：没有。

审：法庭调查结束。下面进行法庭辩论，下面由原告方发表辩论意见。

原：坚持诉讼请求。庭后 7 日内提交代理词。

审：下面被告发表辩论意见。

被：坚持答辩意见。庭后 7 日内提交代理词。

审：原告方有无新的辩论意见。

原：没有。

审：被告有无新的辩论意见。

被：没有。

审：法庭辩论结束。下面由原告方陈述最后意见。

原：坚持诉讼请求。

审：下面被告陈述最后意见。

被：坚持答辩意见。

审：鉴于双方分歧较大，法庭今天庭上不再主持调解工作。现在休庭，双方当事人看笔录无误后签字。

2020.12.22

# 北京市海淀区人民法院
## 询问笔录

时间：2020 年 12 月 22 日　　　下午 16：00

地点：西 3-47 法庭

审判长：韩斌　　　书记员：宋宇婷

当事人及其他诉讼参加人：

原告：北京网秦天下科技有限公司，住所地北京市海淀区北三环西路 31 号 23 号楼一层 121 室

法定代表人：郭力麟。

委托诉讼代理人：张华，北京市鼎业律师事务所律师。

委托诉讼代理人：郭凤武，北京市鼎业律师事务所律师。（未到庭）

被告：许泽民，男，1964 年 2 月 23 日出生，汉族，无业，住北京市海淀区海淀中街 15 号 1 号楼 1510。

委托诉讼代理人：康丽，北京市证信律师事务所律师。

审：原告北京网秦天下科技有限公司诉被告许泽民公司证照返还纠纷一案，受合议庭委托，本案由法官韩斌进行询问，由书记员宋宇婷担任法庭记录。双方是否有异议？是否申请回避？

原：没有异议，不申请回避。

被：没有异议，不申请回避。

审：原告就本案你方共提交的 13 份证据，你方上次庭审中出示了证据 2、3 及 5 中的 EMS 快递、7 及 9 中的举报信、13 的原件，你方是否还有其他证据原件提交？

原：证据 1、4、8 为工商打印件，证据 5 的邮箱当庭登录、证据 6、证据 10 为工商局给我方的光盘

（被告核对原告提交的原件，核对后退还原告方）

审：你方核对原告证据原件后，质证意见是否有变化？

被：我方对证据五补充质证意见，根据原告该证据，可以看出许泽民邮箱的后缀是集团的邮箱，2018 年 9 月许泽民离职后就不再用了，发送至该邮箱的内容我方是收不到的。

1

　　对证据六的质证意见，我方补充即使其交出了原件，我方对其主体资格存有异议。

审：各方是否还有其他意见？

原：没有。

被：没有。

审：询问到此，双方看笔录确认无误后签字。

2020.12.22

2020.12.22