# Exhibit 11

## <u>CERTIFICATE OF TRANSLATION</u>

I, Bingjie Liu, an attorney licensed in the State of New York (United States) and a court-certified interpreter of the State Court of the State of New York, am competent to translate from Chinese into English, and certify that the translation of documents attached to this certificate is true and accurate to the best of my abilities.


_Bingj Liu_

Bingjie Liu


Date:   6/22/2023

Beijing City Haidian District People's Court

Civil Judgment

(2020) Jing 0108 Min Chu No. 9418


Plaintiff:      NetQin Infinity (Beijing) Technology Co., Ltd., business place at Beijing City Haidian District, North Three West Road No. 31, Building 23, Floor 1, Room 121.

Legal Representative:        Lilin Guo, Chairman

Litigation Representative:        Hua Zhang, Attorney at Beijing Dingye Law Firm

Litigation Representative:        Fengwu Guo, Attorney at Beijing Dingye Law Firm


Defendant:      Zemin Xu, Male, Date of Birth: February 23, 1964, Mandarin, unemployed, residing at Beijing City Haidian District, Haidian Main Street No. 15, Building 1, Room 1510.

Litigation Representative:       Li Kang, Attorney at Beijing Zhengxin Law Firm.


The plaintiff Beijing NetQin Tianxia Technology Co., Ltd (hereinafter NetQin Tianxia) and the defendant Zemin Xu's dispute in connection with the return of the company license, the case was filed, according to the law, the Court applied the ordinary procedures openly heard this case. Plaintiff NetQin Infinity Company's litigation representatives Hua Zhang, Fengwu Guo, Defendant's litigation representative Li Kang appeared before the Court.  Now this case is closed.

The plaintiff NetQin Tianxia requests that: 1. Zemin Xu return the official seal, financial seal and other seals, the company's bank seals; 2. Zemin Xu refund NeQin Tianxia's reasonable fees 100,000 RMB for the progress to complete the transmission of the company's license. 3. the costs of this case shall be borne by Zemin Xu. Facts and Reasons: NetQin Tianxia was established on October 21, 2005, as a limited liability company with registered capital of 50 million RMB, and it engages in internet business. The company now has registered shareholders – 3 individuals, Lingyun Guo holds 52%, Xu Zhou holds 33.25%, and Wenyong Shi holds 14.75%. NetQin Tianxia has three directors, one of them is the chairman, elected by the board, the chairman will also be the company's legal representative.  Zemin Xu was NetQin Tianxia's previous chairman, legal representative, and also take a position as manager.  Zemin Xue was the person who legally holds and manages the company's licenses. These licenses including NetQin Tianxia's business license and its duplicated copy, company's official seal, financial seal, and bank seals. On July 22, 2019, NetQin Tianxia held its shareholders meeting, re-elected Lilin Guo, Lingyun Guo, and Yuesheng Zhou to become NetQin Tianxia's new broad of directors. On the same day, the newly elected board appointed the new chairman, Lilin Guo (the legal representative) and appointed Lilin Guo as the company's manager. Above-mentioned shareholder resolutions, board of directors resolutions, and re-election of the board of directors, according to the Company Law's rules,

should be bound on NetQin Tiaxia on the date they were made. On July 26, 2019, Lilin Guo, on behalf of NetQin Tiaxia and as NetQin Tiaxia's new legal representative, mailed Zemin Xu a letter "The Matter In Connection with Changing the Company's Legal Representative" requesting Zemin Xu to transmit the company's business license, company seal, ban seal, and financial documents, as well as other company's materials and requesting Zemin Xu to cooperate to change the company's business registration in changing the legal representative. This letter was mailed (EMS) to Zemine Xu, and sent to him via email, phone message as well.  Zemin Xu, to the date this case was filed, refused to transmit the licenses and change the business registration, which caused the progress of changing the company's business registration cannot be proceeded as of today. NetQin Tiaxia's company's seal and business license is the company's important document, the financial seal and bank seal are necessary for the company to manage its funds and arrange payments.  Only Zemin Xu provides the newly-elected chairman, legal representative with the licenses, NetQin Tiaxia can proceed the progress of changing its business registration with authority and the newly-elected chairman, manager Lilin Guo can in fact to manage NetQin Tiaxia. Zemin Xu as the old chairman, legal representative, and manager, refused to hand over these license was a violation of the obligations that required under the Company Law and a violation of the company's articles.  This is abuse of power of the director and manager.  In order to compel him to hand over these licenses, NetQin Tiaxia has no option but to file this case and pay the fees for legal service.  These costs and expenses were caused by Zemin Xu, Zemin Xu should be responsible for them. Because Zemin Xu abused his power and refused to hand over the company's license had caused NetQin Tiaxia's other economic damage, NetQin Tiaxia will file claims in other cases. In order to protect NetQin Tiaxia's interests, if filed claim to this Court.

The defendant Zemin Xu argued: 1. Zemin Xu was the former legal representative of NetQin Tiaxia and did not directly hold the company's seal, licenses and other documents during his tenure. NetQin Tiaxia claiming that according to NetQin Tiaxia's articles of incorporation and amendments, Zemin's Xu's duties as legal representative include: convening shareholders' meetings; checking the implementation of shareholders' resolutions and report to shareholders; execution of relevant documents on behalf of the company; and to exercise special ruling and disposing power over the company's affairs in case of emergencies such as war or extraordinary natural disasters, provided that such ruling and disposing of power is in the interest of the company and return high to shareholders afterwards.  Zemin Xu is the chairman of the company and his specific responsibilities are: convening the shareholders' meeting and reporting to the shareholders' meeting; implementing the resolutions of the shareholders' meeting; finalizing the company's business plan and investment plan; formulating the company's annual financial budget plan and final account plan; formulating the company's profit distribution plan and loss recovery plan; formulating the company's capital increase or decrease and issuing corporate bonds; to formulate the plan of merger, demerger, change of corporate form and dissolution of the company; to decide on the establishment of internal management bodies of the company; to decide on the hiring or dismissal of the manager of the company and remuneration matters; and to decide on the hiring or dismissal of the deputy manager and financial officer of the company and their remuneration matters based on the nomination of the manager. None of the above-mentioned duties involve being in charge of the company's seals and licenses, which does not indicate that the seals and documents involved in this action are under the control of Zemin Xu.  According to the Seal

Management Policy, it is clear that the seals of group companies and subsidiaries are managed separately by designated seal management personnel, among which: the official seal, contract seal, and legal representative's name long are kept by the contract administrator, the special invoice seal is kept by the tax commissioner of the Finance Department and the financial seal is kept by the chief financial officer. According to Zemin Xu's understanding during his employment, the above-mentioned seal had been kept by Yingli Liu, the manager of fund management of the company's finance department, and Yingli Liu did not hand over the above-mentioned company sign to Zemin Xu when she left the company. Regarding the company's official seal is currently in the hands of what person, Zemin Xu said do not know.  2. Zemin Xu left the company in September 2018 and has no knowledge of the use and handover of the seal after his departure. NetQin Group controls NetQin Infinity through VIE structure, which means NetQin Infinity is a subsidiary of NetQin Group.  On September 11, 2018, Zemin Xu resigned from the position of director and CEO of the group companies to Wenyong Shi, Chairman of NetQin Group.  On September 14, 2018, the company announced to the public that Zemin Xu had resigned from the position of director and CEO plant of the company, and Mr. Jia Lian acted as CEO of the company Zemin Xu transmitted work to Jia Lian and related vice presidents and department heads on the same day, which has been fully completed. Zemin Xu sent an email to NetQin Group on the same day, pushing NetQin Group to complete the change of legal representative, directors and other related positions. After Zemin Xu left the company, he was not involved in NetQin Tianxia's management and had no knowledge of the company's seal.  Before he left the company, the company's seal and licenses were managed by Yingli Liu and he did not contact Yingli Liu after he left the company. He had no knowledge about that. The " Matter In Connection with Changing the Company's Legal Representative" letter was issued on July 26, 2019, the time Zemine Xu had left the company and not in charge of management of the company's seals and licenses.  Also, he could not verify Lilin Guo's identity and standing. Zemin Xu did not sign anything after he left his position. Therefore, the document was directly mailed from Lilin Guo and addressed to NetQin Tianxia company, Zemin Xu will not receive it. As of date, on the company's business registration, the company's legal representative is Youdi Nie, there is no basis to sue Zemin Xu to return the licenses. Due to Zemin Xu's resignation, on December 26, 2019, NetQin Tianxia's changed its legal representative and replaced Zemin Xu from the legal representative position.  Zemin Xu has no relationship with NQ Tianxia. Even if NetQin Tianxia's claim based on Zemin Xu was the company's legal representative, and even assuming Zemin Xu had control over the company's seals.  However, not only the business registration but also the shareholder resolutions, Zemin Xue was no longer NetQin Tianxia's legal representative.  Therefore, there is no basis to claim Zemin Xu to return seals. Also, all pleadings in this action contain no NetQin Tianxia's official seal, only contain Lilin Guo's signature. It is invalid, and therefore his agent identity is unacceptable.  Accordingly, the party bears the burden of proof to establish its claims. If a party fails to provide evidence or the evidence is insufficient to prove the implementation of its claim before a judgment is rendered, the party with the burden of proof shall bear the adverse consequences. Zemin Xu does not hold NetQin Tianxia's official seal, NetQin Tianxia's claims shall be rejected.

In accordance with the law, the parties submitted evidence around the claims. The Court organized the parties to exchange and examine the evidence. The evidence that the parties do not object to,

the Court confirmed and recorded on the file. According to the parties' statements and the evidence examined and confirmed by the Court, the Court finds the facts as follows:

The business registration of the corporate entity shows: NetQin Tianxia was founded on October 21, 2007, is a limited liability company and the legal representative is Youdi Nie. Zemin Xu was registered as NetQin Tianxia's legal representative on November 18, 2015. Later, On July 22, 2019, NetQin Tianxia adopted board of directors resolution elected Lilin Guo as chairman, legal representative, and company manager. After investigation, NetQin Tianxia's articles of association did not address the management of the company's seals and licenses.

In the lawsuit, Zemin Xu provided the court with a seal management policy. According to the seal management policy, the group companies and its subsidiaries' seals are managed by designated individuals. That said, the company's official seal, contract seal are managed by the contract administrator, legal representative seal, invoice seal are managed by the financial department. The financial seal is managed by chief financial officer. NetQin Tianxia argued the authentication of the evidence and request Zemin Xu to be responsible for management obligation and return obligation.

In the litigation, in order to prove that Zemin Xu holds a company license, NetQin Tianxia submitted civil judgment No. (2019) 01 Min Final 10118 rendered by the Beijing No. 1 Intermediate Court in a dispute related to the company sued by Xu Zemin regarding the change of business registration of the legal representative of NetQin Infinity; The Administrative Judgment No. (2020) Jing 01 Xing Zhong 425 made by No.1 Intermediate Court on the administrative litigation brought by Zemin Xu against the administrative change of registration and the Administrative Judgment No. (2019) Jing 0108Xing Chu No. 812 made by this Court on the aforesaid administrative case. The factual finding section of Civil Judgment No. 10118 contains the following content: " Zemin Xu submitted to the Court a factual statement dated April 12, 2019 and a notice of filing from the Labor Dispute Arbitration Commission, and a number of notices of appearance, claiming that NetQin Infinity and Lilin Guo falsely claimed that NetQin Infinity 's seal and license were lost during the process of industrial and commercial registration, but in fact the seal and license were not." In Case Nos. 812 and 425, Zemin Xu submitted a statement of circumstances, a summons and a notice of arbitration to prove that the official seal and business license of NetQin Infinity had never been lost and had always been legally held by Zemin Xu, and that the Beijing Haidian Bureau of Industry and Commerce had failed in its duty to examine them, which was a violation of the statutory procedures. NetQin Tianxia submitted this statement of circumstances. After investigation, the aforementioned evidence in the statement of circumstances does not contain any content about Zemin Xu's possession of NetQin Tianxia's official seal and business license.

In the lawsuit, Zemin Xu claimed that he was responsible for the daily operation and management of the company at NetQin Infinity, but the company's official seal and documents were managed by a dedicated person according to the seal management policy. The company's finance department is responsible for keeping the financial seal, and account books, and the company's legal department is responsible for keeping business licenses, contracts, and company files. The dedicated person in charge of the specific management of the company's finance department is

Yingli Liu, who was responsible for the company's official seal, financial seal, contract seal, and legal representative's seal before she left the job. The court by exercising its power notified Yingli Liu to testify in court. Yingli Liu said that NetQin Infinity and Beijing NetQin Tianxia Technology Co., Ltd. were both companies under NetQin Mobile Group, and she was the manager of the fund management department of the two companies before she left her position, responsible for the fund management of the two companies, and the company's official seal, contract seal and legal representative seal were managed by the fund management department. And there is a corresponding management policy, the special financial seal is managed by the chief financial director management, business license is managed by the legal department.  The court showed her the seal management policy submitted by Zemin Xu, and Yingli Liu said that the detailed companies of NetQin Group are managing the company seal and license according to this policy. She left the company on December 31, 2019 and handed over the seal to Li Lei in the Chairman's Office when she went through the transmission process. NetQin Infinity claimed that Yingli Liu has a strong relationship with this case and her testimony should not be admitted in its entirety.

In the lawsuit, NetQin Tianxia provide the court with its engagement letter with Beijing Dingye Law Firm (hereinafter Dingye Firm) in order to support its second cause of action.  The engagement letter dated October 10, 2019 and attached a wire transfer record from Lilin Guo to Dingye firm in the amount of 200,000 RMB, the notes indicating that the purpose for transaction was NetQin Infinity legal services.  On April 17, 2020, Dingye Firm issued 200,000 RMB invoice to NetQin Infinity. Zemin Xu disputed with the authentication and legality of the evidence. Zemin Xu argued that the client is NetQin Infinity not NetQin Tianxia.

The Court believes that the parties should provide evidence to prove their allegations; if the parties fail to provide evidence or the evidence is insufficient to prove their claims, the party with the burden of proof shall bear the adverse consequences. In the dispute of the return of company documents, the plaintiff shall first prove that the holder of the official seal and documents is the defendant. The second proves that the defendant was in unlawful possession of the seal and documents. NetQin Tianxia filed this lawsuit to claim that Zemin Xu returned to it the seal, license, and other company documents, it should first submit evidence to prove that the company seal, license, and documents are held or controlled by Zemin Xu. In this case, the articles of incorporation of NetQin Tianxia did not clearly specify the person in charge of management of the official seal and documents in the case, and although it was agreed that the company's books would be managed by a dedicated person, no clear provisions were given for specific personnel. The only relevant evidence submitted by NetQin Tianxia is the content and purpose of the evidence submitted by Zemin Xu in the other case, which is different legal entities. Accordingly, it can not confirm the facts NetQin Tianxia pled.  Therefore, NetQin Tianxia failed to carry out its burden to prove the company's seals and licenses are held be Zemin Xu and should bear the corresponding adverse legal consequences. Therefore  NetQin Tianxia's claims in this case are not supported by the Court due to insufficient evidence.

Regarding NetQin Tianxia's second cause of action.  This Court believes that, as discussed above, this Court will not support its first cause of action, NetQin Tianxia's claim that the costs and expenses thar occurred in connection with this action shall be paid by Zemin Xu, therefore, lack

of foundation and without supporting authorities.  Also, in supporting its claim, NetQin Tianxia submitted evidence that was an engagement letter between a non-party NetQin Infinity and Dingye Firm.  The client is NetQin Infinity not NetQin Tianxia, Dingye firm's invoice also issued to NetQin Infinity. NetQin Tianxia used this invoice as evidence failed to show the relationship between the evidence and its claims.  Therefore, this Court will not support its claim. The parties' other arguments or statements will not impact this Court ruling a case based upon verified facts, this Court will not address all arguments or statements one-by-one.

In summary, the Court, in accordance with the provisions of Article 64 of the Civil Procedure Law of the People's Republic of China and Article 90 of the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China, ruled as follows:

The plaintiff, NetQin Tianxia's claims are dismissed in their entirety.

The case acceptance fee of 1150 yuan, which has been paid in advance by the plaintiff NetQin Infinity, shall be borne by itself.

If you do not accept this judgment, you may appeal to the Beijing No. 1 Intermediate People's Court within fifteen days from the date of service of the judgment by submitting a notice of appeal and a copy of the notice of appeal to this Court and paying the appeal case acceptance fee in accordance with the amount of the appeal request for the part of the judgment. If the appeal fee is not paid within seven days after the expiration of the appeal period, the appeal will be automatically withdrawn.

Chief Judge:   Bin Han

People's Jurors:        Youcai Lu

People's Jurors:        Mingquan Liang

August 12, 2021

Clerk: Yuting Song

[SEAL]

# 北京市海淀区人民法院

## 民事判决书

（2020）京 0108 民初 9418 号

原告：北京网秦天下科技有限公司，住所地北京市海淀区北三环西路 31 号 23 号楼一层 121 室。

法定代表人：郭力麟。

委托诉讼代理人：张华，北京市鼎业律师事务所律师。

委托诉讼代理人：郭凤武，北京市鼎业律师事务所律师。

被告：许泽民，男，1964 年 2 月 23 日出生，汉族，无业，住北京市海淀区海淀中街 15 号 1 号楼 1510。

委托诉讼代理人：康丽，北京市证信律师事务所律师。

原告北京网秦天下科技有限公司（以下简称网秦天下公司）与被告许泽民公司证照返还纠纷一案，本院立案后，依法适用普通程序，公开开庭进行了审理。原告网秦天下公司的委托诉讼代理人张华，被告许泽民的委托诉讼代理人康丽到庭参加了诉讼。本案现已审理终结。

原告网秦天下公司向本院提出诉讼请求：1. 判令许泽民向网秦天下公司返还公司营业执照正本及副本，公司公章、财务专用章和其他印章，公司之银行印鉴；2. 判令许泽民赔偿网秦天下公司为实现证照移交而支出的合理费用 10 万元；3. 本案诉讼费由许

泽民承担。事实与理由：网秦天下公司是一家从事移动互联网业务的有限责任公司，成立于 2005 年 10 月 21 日，注册资本 5000 万元。公司现有登记股东 3 人，郭凌云持股 52%，周旭持股 33.25%，史文勇持股 14.75%。网秦天下公司设董事 3 名，其中董事长 1 名，由董事会选举产生，董事长任公司法定代表人。许泽民系网秦天下公司的原任董事长、法定代表人，并兼任经理职务。许泽民是持有和管理网秦天下公司证照的法定责任人，这些证照包括网秦天下公司的营业执照正本及副本，公司公章、财务专用章，银行印鉴等。2019 年 7 月 22 日，网秦天下公司召开股东会，重新选举郭力麟、郭凌云和周粤生为网秦天下公司董事，组成新一届董事会。同日，新一届董事会选举郭力麟为董事长（法定代表人），并聘任郭力麟为公司经理。上述股东会决议、董事会重组及董事会决议，依照《公司法》的规定，自相关决议作出之日起即对网秦天下公司具有约束力。2019 年 7 月 26 日，郭力麟以网秦天下公司新任法定代表人的身份，对许泽民签发《关于公司法定代表人变更相关事宜的函》，要求许泽民于收函后十日内移交营业证照、公司印章、银行印鉴和财务凭证等公司资料并配合办理法定代表人变更的工商登记手续。该函于 2019 年 7 月 31 日至 8 月 1 日先后以中国邮政特快专递（EMS）、电子邮件、手机短信的方式送达许泽民。许泽民至本案起诉之日，拒绝移交公司证照及配合办理工商变更（备案）登记，导致上列事项的工商变更（备案）登记

程序至今不能启动。网秦天下公司的公章和营业执照，系公司日常运营管理并对外代表公司的最重要印信，财务专用章及银行印鉴更为公司进行财务管理及资金支付所不可或缺。只有许泽民向新任董事长、法定代表人作出移交，网秦天下公司方可完成有关工商变更登记，新任董事长、经理郭力麟才有可能实现对网秦天下公司的管理。许泽民身为原任董事长、法定代表人和经理，拒不实施以上证照的移交，违反《公司法》对公司董事、法定代表人和经理法定义务的规定，违反公司章程，属于滥用董事、经理职权。为促成其移交，网秦天下公司不得不依法提起本案诉讼并为此支付法律服务费，该费用缘起于许泽民，许泽民应当承担赔偿责任；因许泽民滥用职权不移交公司证照所导致的网秦天下公司其他经济损失，网秦天下公司将另案追诉。网秦天下公司为维护自身合法权益诉至法院。

被告许泽民辩称：一、许泽民系网秦天下公司的原法定代表人，在未离职前，不直接持有公司的印章、证照等文件。网秦天下公司起诉称根据网秦天下公司的公司章程及修正案，许泽民作为法定代表人的具体职责为：召集和主持股东会议；检查股东会议的落实情况，并向股东会报告；代表公司签署有关文件；在发生战争、特大自然灾害等紧急情况下，对公司事务行使特别裁决权和处置权，但这类裁决权和处置权须符合公司利益，并在事后向股东报告。许泽民是公司的董事长具体职责为：负责召集股东

- 3 -

会，并向股东会议报告工作；执行股东会的决议；审定公司的经营计划和投资方案；制定公司的年度财务预算方案、决算方案；制定公司的利润分配方案和弥补亏损方案；制定公司增加或者减少注册资本以及发行公司债权的；制定公司合并、分立、变更公司形式、解散的方案；决定公司内部管理机构的设置；决定聘任或者解聘公司经理及其报酬事项，并根据经理的提名决定聘任或者解聘公司副经理、财务负责人及其报酬事项。制定公司的基本管理制度。上述内容均不涉及掌管公司印章及证照的职责，不能说明涉诉的印章、证照等在许泽民处。根据《印章管理规定》明确，集团公司及子公司印章由指定的印章专管人员分别管理，其中：公章、合同专用章、法定代表人名章由合同管理员保管，发票专用章由财务部税务专员保管，财务专用章由财务总监保管。据本人在职期间的了解，上述印章一直由公司财务部资金管理经理刘颖丽保管，根据刘颖丽的陈述，许泽民从不自行持有公司证照，公司的公章证照严格按照印章管理规定的内容由各相应负责人保管，并且刘颖丽离职时也未将上述公司证照交接给许泽民。至于目前公章具体在何人手中，由何人保管，许泽民并不知悉。

二、许泽民已经于 2018 年 9 月离职，对于离职后公司的印章的适用、交接情况均不知悉。网秦集团通过 VIE 架构控制网秦天下公司，网秦天下公司是网秦集团的下属公司。2018 年 9 月 11 日，许泽民向网秦集团董事长史文勇辞去集团公司各公司董事、CEO 的职

- 4 -

位，2018 年 9 月 14 日，公司对外宣布许泽民辞去公司董事、CEO
职务，由连佳先生代理公司 CEO，9 月 19 日，许泽民和连佳及相
关副总、部门负责人进行了交接工作，已经全部完成。许泽民于
当日向网秦集团发邮件，催促集团尽快完成法定代表人、董事等
所有相关职务的变更。许泽民离职后，不再参与网秦天下公司的
经营活动，对于公司印章证照等的情况均不知悉。离职前，公司
的印章、证照等的管理由刘颖丽具体负责，离职后没有联系过，
不清楚后续的情况。《关于公司法定代表人变更相关事宜的函》
是 2019 年 7 月 26 日作出的，此时许泽民已经离职，根本不掌握
公章、证照。而且对于郭力麟的身份和主体资格无法确认，许泽
民离职后不再签收任何网秦天下公司事宜相关的文件，所以直接
由郭力麟寄来的文件，并且是称寄给网秦天下公司的，许泽民不
会签收。而且至今，在工商登记上，其也不是公司法定代表人。
目前网秦天下公司的法定代表人是聂友弟，起诉许泽民主张返还
证照没有依据。基于许泽民的离职，2019 年 12 月 26 日，网秦天
下公司变更了法定代表人，将许泽民法定代表人的身份更换了，
许泽民已和网秦天下公司无任何关系，即使网秦天下公司起诉的
依据是许泽民系网秦天下公司的法定代表人，对公司的公章证照
存在控制力，但目前无论从工商信息还是股东会决议来看，许泽
民都不再是网秦天下公司的法定代表人，所以起诉许泽民主张已
经没有任何依据。本案的所有文书均未加盖网秦天下公司的印章，

仅有郭力麟的签字不具有法律效力，代理人的身份不能认可。综上，当事人对自己提出的主张，有责任提供证据。在作出判决前，当事人未能提供证据或者证据不足以证明其事实主张的，由负有举证证明责任的当事人承担不利的后果。本案许泽民不持有网秦天下公司的印章，应驳回网秦天下公司的全部诉讼请求。

当事人围绕诉讼请求依法提交了证据，本院组织当事人进行了证据交换和质证。对当事人无异议的证据，本院予以确认并在卷佐证。根据当事人陈述及经本院审查确认的证据，本院认定事实如下：

工商企业信用信息显示：网秦天下公司成立于 2005 年 10 月 21 日，类型为有限责任公司，现工商登记的法定代表人为聂友弟。许泽民在 2015 年 11 月 18 日被登记为网秦天下公司的董事长、经理及法定代表人。后，2019 年 7 月 22 日，网秦天下公司作出董事会决议，选举郭力麟为董事长，法定代表人、公司经理。经查，网秦天下公司的公司章程中对于公司印章、证照的保管没有相关规定。

诉讼中，许泽民提交了一份网秦移动集团公司的《印章管理规定》，该规定载明，集团公司及子公司印章由指定的印章专管人员分别管理，其中：公章、合同专用章由财务部合同管理员保管，法定代表人名章、发票专用章由财务部出纳保管，财务专用章由财务总监保管。网秦天下公司对该证据的真实性不认可，主

张许泽民应承担保管义务和返还责任。

诉讼中，网秦天下公司为证明许泽民持有公司公章证照，提交了北京市第一中级人民法院就网秦无限（北京）科技有限公司（以下简称网秦无限公司）法定代表人工商登记变更事宜，许泽民起诉的与公司有关的纠纷一案作出的（2019）京01民终10118号民事判决书；北京市第一中级人民法院就许泽民不服行政变更登记提起的行政诉讼（2020）京01行终425号行政判决书及本院就前述行政案件作出的（2019）京0108行初812号一审行政判决书。其中10118号民事判决书的事实认定部分包含有如下内容："许泽民向该院提交网秦无限公司工商备案材料中2019年4月12日的《情况说明》及劳动争议仲裁委员会的立案通知书、出庭通知书若干，主张网秦无限公司及郭力麟在办理工商变更登记过程中谎称网秦无限公司的印章和执照丢失，但实际上印章和执照从未丢失"；812号及425号案件中，许泽民提交了情况说明、传票及仲裁通知书等，证明网秦无限公司的公章和营业执照从未丢失，一直被许泽民合法持有，北京市海淀区市场监督管理局未尽审慎审查义务，属于违反法定程序。网秦天下公司提交了该份《情况说明》。经查，前述证据中的《情况说明》中并未包含任何有关许泽民持有本案中网秦天下公司的公章及营业执照的内容。本案中，网秦天下公司提交的证据材料中，并未有证据显示其诉请许泽民返还的网秦天下公司的章证照等公司相应材料系由许泽民持

有。

诉讼中，许泽民称其在网秦天下公司负责公司的日常经营管理工作，但公司章证系根据印章管理规定由专人管理，财务部负责保管财务章、财务账簿，法务部负责保管营业执照、合同及公司档案，财务部具体负责管理的专人为刘颖丽，刘颖丽在离职前负责管理公司公章、财务章、合同章、法定代表人人名章。本院依职权通知了刘颖丽到庭作证，刘颖丽称网秦无限公司及网秦天下公司均是网秦移动集团下面的公司，其离职前是两公司的资金管理部经理，负责两公司的资金管理，公司的公章、合同章及法人人名章是由资金管理部管理，有相应的印章管理制度，财务专用章在财务总监处管理，营业执照是法务部管理。本院向其出示了许泽民提交的印章管理制度，刘颖丽称网秦集团项下的公司均是按照这个制度管理公司章证照，其在 2019 年 12 月 31 日离开了公司，其在办理离职的时候将印章进行了交接，交接给了总裁判办的李蕾。网秦天下公司主张刘颖丽与许泽民有重大利益关系，其证言不具有真实性和关联性。

诉讼中，网秦天下公司就其第二项诉讼请求主张的 10 万元的费用支出，向本院提交了网秦无限公司与北京市鼎业律师事务所（以下简称鼎业律所）于 2019 年 10 月 10 日签订《委托代理协议书》及郭力麟向鼎业律所转账 20 万元的客户回单，其中用途处载明代付网秦无限法律服务费。2020 年 4 月 17 日，鼎业律所向网秦

- 8 -

无限公司开具了 20 万元的律师费发票。许泽民对前述证据的真实性、合法性不认可，认为代理人系网秦无限公司委托，而非网秦天下公司。

本院认为，当事人对自己提出的诉讼请求所依据的事实或者反驳对方诉讼请求所依据的事实，应当提供证据加以证明；当事人未能提供证据或者证据不足以证明其事实主张的，由负有举证证明责任的当事人承担不利的后果。公司证照返还纠纷中，原告对于主张要求许泽民返还公司章证照等相关资料，应当首先证明其主张的公司章证照等资料的持有方系许泽民，其次证明许泽民系非法持有。网秦天下公司提起本案诉讼主张许泽民向其返还章证照等公司资料，其应当首先提交证据证明其所诉请返还的相应公司资料系由许泽民持有或控制。本案中，网秦天下公司的公司章程，并未明确规定其在本案诉请中主张的章证照等公司资料的具体管理部门或人员。网秦天下公司提交的证据中与此相关的仅为另案中许泽民提交证据的证明目的中关于其他公司公章，营业执照情况的相关陈述。而另案中许泽民系对于网秦无限公司的章证照的相关证明目的陈述，与本案网秦天下公司分属不同的法人主体。据此，无法得出许泽民持有网秦天下公司所诉请返还的公司相关资料的事实。因此，本院认为，网秦天下公司并未举证证明其所主张的公司章证照等相关资料系由许泽民持有，相应不利法律后果应由其自行承担，故网秦天下公司在本案中所提出的要

求许泽民返还相应公司章证照等资料的诉讼请求，证据不足，本院不予支持。

关于网秦天下公司的第二项诉讼请求。本院认为，如前所述，本院对其第一项诉讼请求不予支持，网秦天下公司主张其因提起本案诉讼实现证照移交所支出的费用由许泽民承担，亦缺乏前提基础，且无相应法律依据。且本案中，网秦天下公司就该项主张所提交证据为案外人网秦无限公司与鼎业律所所签署的代理协议，委托方系案外人网秦无限公司而非网秦天下公司，鼎业律所开具的发票亦是向网秦无限公司开具，故该笔费用的支出为网秦无限公司的支出，网秦天下公司据此作为其费用支出的凭据，亦无法体现与本案的关联性，故本院对其该项诉讼请求亦不予支持。当事人提举的其他证据或发表的其他意见，不影响本院依据查明的事实依法进行裁处，本院在此不予一一评述。

综上，本院依照《中华人民共和国民事诉讼法》第六十四条第一款，《最高人民法院关于适用＜中华人民共和国民事诉讼法＞的解释》第九十条之规定，判决如下：

驳回原告北京网秦天下科技有限公司的全部诉讼请求。

案件受理费1150元，原告北京网秦天下科技有限公司已预交，由其自行负担。

如不服本判决，可在判决书送达之日起十五日内向本院递交上诉状及副本，按照不服一审判决部分的上诉请求数额交纳上诉

- 10 -

案件受理费，上诉于北京市第一中级人民法院。如在上诉期满后七日内未交纳上诉费的，按自动撤回上诉处理。

审　　判　　长　　韩　斌

人 民 陪 审 员　　陆友才

人 民 陪 审 员　　梁铭全

此件与原件核对无异

二〇一　年八月十二日

书　　记　　员　　宋宇婷



法院专递邮件详情单

ORIGINAL OFFICE 收件 单位名称

中国科学公园骨件中转中心

法律审判三庭《收今审判庭》

北京市海淀区人民法院

北京市海淀区人民法院

单号 (G020)苏0108民初8418号

温州市鹿城区公安分局承印   国家邮政局监制

ACCEPTED DATE 收寄日期2021年8月16日5时20分



10031229977995

62697060

0376

WORLD EXPRESS MAIL SERVICE

COMPANY NAME 单位名称

北京网誉天下科技有限公司

ADDRESS 地址

北京市朝阳区人大地路今大厦业大厦北京市鹏业律师所

POSTAL CODE 邮政编码

移动电话 13021247023

办公电话

实物返单

http://www.ems.com.cn







10031229977995

全国统一服务电话 11183
www.ems.com.cn

中国邮政
CHINA POST

封套编码：B-PT-100
印制单位：山东泰华印刷有限公司
数量：500万个
生产日期：2020年11月
监制单位：国家邮政局市场监管司
监制证号：25-07-150

提示：
1. 收件人本人签收的，需出示有效身份证件，签名并填写证件号码。
2. 收件人是单位的，签收人签收时需出示有效身份证件，签名并填写证件号码，同时必须注明与收件人的关系。
3. 证件......

Please do not put in EMS items cash, dangerous and all kinds of prohibited articles.