

Miriam G. Bahcall
Tel 312.476.5135
bahcallm@gtlaw.com

July 24, 2023

**VIA EMAIL**

The Honorable Victor Marrero
United States District Court Judge
Southern District of New York
500 Pearl Street
New Your, New York 10007

Re:   *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (VF)

Dear Judge Marrero:

I write on behalf of Plaintiff Wayne Baliga in response to the Court's July 18, 2023 Order directing Baliga "to respond to the allegations made by Vincent Wenyong Shi in a letter to the Court date July 17, 2023." (Dkt. No. 455.) Shi alleges that "Guo is paying Plaintiff's counsel to delay his discharge as agent for the Receiver." (Dkt. No. 454 at 1-2.) This allegation is misleading and fails to disclose significant facts.

From the outset – before Greenberg Traurig LLP was substituted in as counsel for Plaintiff – this litigation has been funded by a group of investors in Link Motion Inc. ("LKM").[1] As Baliga disclosed in the Verified Shareholder Derivative Complaint filed on December 13, 2018, he was and is a member of an LKM investor group called "LKMForward." (Declaration of Wayne Baliga ("Baliga Dec.") at ¶¶ 2-3; Dkt. No. 1 at ¶ 35.) LKMForward was not secretive about their objectives. In fact:

> Prior to filing this litigation, LKMForward sent correspondence to LKM, care of Vincent Shi, demanding that the Board call an Extraordinary General Meeting to allow for shareholder votes: (1) regarding the dismissal of Vincent Shi, Lian Jia, and Xiao Yu; (2) the appointment of Tang Duo as Director and acting CEO, Matt

---

[1] Greenberg Traurig, LLP entered a Proposed Order for Substitution of Attorney on November 11, 2020.

**Greenberg Traurig, LLP | Attorneys at Law**

77 West Wacker Drive | Suite 3100 | Chicago, Illinois 60601 | T +1 312.456.8400 | F +1 312.456.8435

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Long Island. Los Angeles. Mexico City. Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. Seoul. Shanghai. Silicon Valley. Singapore. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ~Greenberg Traurig Germany, LLP; ^A separate UK registered legal entity; *Greenberg Traurig, S.C.; ˚Greenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; "Greenberg Traurig Singapore LLP; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ˜Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k.

ACTIVE 689018641v3                                                                                                                       www.gtlaw.com

The Honorable Victor Marrero
July 24, 2023
Page 2

>Mathison as Director and acting CFO, James Hearty as Independent Director and Audit Committee chair, and Francis Guo as Independent Director and shareholder representative; and (3) that the new Board should act quickly to resolve the issues caused by Shi's fraud on LKM and its shareholders.

(Baliga Dec. at ¶ 4, Ex. A.)

Shi asserts that the fact that Baliga's legal fees have been funded by LKM investors is a "recent revelation." (Dkt. No. 454.) But Shi's counsel filed a declaration on June 13, 2023 citing to documents that have been publicly available since November 2018—before the Verified Shareholder Derivative Complaint was filed—which plainly state that all of LKMForward's "funding came from shareholders." (Dkt. No. 435-4 at 3.) The Requisition letter referenced in that post specifically identifies as one of the outcomes LKMForward wishes to achieve is the appointment of "Francis Guo as an Independent Director and shareholder representative." (Dkt. No. 435-10 at 3.) Even after the litigation was filed, LKMForward continued to ask "all shareholders to review the Donation caption above and contribute whatever you are able to contribute to legal fee payments." (Dkt. No. 435-5 at 2.)

It is no "recent revelation" that this litigation has been funded by LKM investors or that one of the objectives of Baliga, and LKMForward, is to replace Shi and other bad actors within LKM with competent directors and officers whose interests are aligned with those of LKM and its investors. (Dkt. No. 435-5 at 2.)

While Guo has paid a portion of the costs of this litigation, he has not paid any portion of the costs since 2021. (Baliga Dec. at ¶¶ 8-10, 13.) Other LKM investors have contributed as well. Baliga has "independently directed this litigation at all time" and the payment of some of the costs of litigation by Guo and other LKM investors has "not influenced [Baliga's] judgment in directing this litigation." (*Id.* at ¶¶ 9-10.)

Indeed, Baliga never sought reimbursement for any costs or expenses related to Greenberg Traurig's representation from the Receiver and neither Guo nor any other LKM investor who participated in funding this litigation advised that they would seek reimbursement from the Receiver of any costs or expenses related to Greenberg Traurig's representation. (*Id.* at ¶¶ 11-12.)

To be clear, Shi has not alleged that Baliga or his counsel has done anything wrong.[2] Nor could he.

---

[2] Under Rule 1.8(f) of the New York Rules of Professional Conduct, counsel may accept payment from a third-party for representation of a client so long as: "(1) the client gives informed consent; (2) there is no interference with the lawyer's independent professional judgment or with the client-lawyer relationship; and (3) the client's confidential information is protected as required by Rule 1.6." N. Y. R. Prof. Cond. 1.8(f). Shi has not alleged that any of those conditions were not met. And if we are inquiring into the funding sources driving this litigation, Baliga posits that it would be interesting to see how Shi has been able to fund both this litigation and the several offensive actions he has filed in this Court and in state court.

The Honorable Victor Marrero
July 24, 2023
Page 3

The question, then, is whether a payment from Guo in his personal capacity as an LKM investor to counsel for Baliga "establish[es] . . . bad faith on the part of the Receiver and his agent to multiply litigation in this action", as Shi asserts. (Dkt. No. 454.)

Shi cites to a single inapposite case that was decided over 80 years ago. In *Kelleam v. Maryland Cas. Co. of Baltimore, Md.*, the Supreme Court determined that a receiver was not properly appointed in the context of a probate dispute between heirs where a surety sought a receivership to protect it from liability rather than to preserve assets or as a "means to reach some legitimate end sought through the exercise of the power of a court of equity." *Kelleam v. Maryland Cas. Co. of Baltimore, Md.*, 312 U.S. 377, 381 (1941). Of course, in this case the Court has already determined that the Receiver was properly appointed. (Dkt. No. 331.)

As an initial matter, Shi has waived this argument. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 58–59 (2d Cir. 2011) (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (internal quotation marks omitted)). Indeed, courts have found arguments waived as "devoid of any substantial development" where they are proffered with "a single citation . . . and a few additional sentences." *Mitsubishi Motors N. Am. Inc. v. Grand Auto., Inc.*, No. CV18814SJFSIL, 2018 WL 10669652, at *4 (E.D.N.Y. July 26, 2018).

While Shi does not develop his argument, it appears that his insinuation—and the inference he would like the Court to draw—is that Guo has been operating as a puppet-master and serving his own interests through this litigation. (Dkt. No. 454.) There are, of course, a number of factors that militate against such an inference:

- Guo's only compensation for his work as an agent of the Receiver has been in the form of largely worthless shares in LKM (notably, these shares were rendered worthless by Shi's malfeasance).

- The Receiver's mandate is to preserve value for the shareholders. Guo's status as a shareholder simply aligns his interests with those of Baliga and the Receiver.

- Guo has no pecuniary interest in prolonging the Receivership, instead his only interest is in creating value for shareholders, as that will increase the value of his holdings in LKM.

- Similarly, Guo has no pecuniary interest in harming Shi. His only interest is in creating value for shareholders, including himself.

Shi also asserts that the Receiver or his agent acted in bad faith to "multiply litigation in this action." (Dkt. No. 454, at 2.) As an initial matter, Baliga has made clear that he has "independently directed this litigation at all times." (Baliga Dec. at ¶ 9.) The reason for bringing the motion to convert Plaintiff's ADRs into registered shares of LKM was to resolve "any potential standing defect", as discussed by Greenberg Traurig at the December 3, 2020 case management conference and acknowledged by both Magistrate Judge Freeman's Memorandum and Order and Judge Marrero's Decision and Order on the issue. (Dkt. No. 221, at 2; Dkt. 252, at 3).

The Honorable Victor Marrero
July 24, 2023
Page 4

While Shi now argues that the motion practice was "meritless" and "entirely unnecessary", at the time Shi agreed to a briefing scheduled which allowed the motion to convert Plaintiff's ADRs prior to resolving the motion to discharge the Receiver or the motion to dismiss. (Dkt. No. 196.) And nothing in the Court's order indicates that Baliga's arguments were baseless or frivolous. (Dkt. Nos. 221, 252.) In fact, the Court did not reach the merits and instead decided not to exercise ancillary jurisdiction over the question. (Dkt. No. 221, at 13-15; Dkt. No. 252, at 6-7.)[3]

Shi's assertion that the ADR "resulted in a nearly 2-year delay" simply has no basis in fact. Baliga filed his motion on December 15, 2020. (Dkt. No. 200.) Shi re-filed his Motion to Discharge the Receiver on June 11, 2021. (Dkt. No. 227.) This amounts to an *agreed* delay of less than six months caused by the strategy which Baliga directed and Shi's agreement to the briefing order—not by any actions taken by Guo or the Receiver. (Baliga Dec. at ¶ 9, Dkt. No. 196.)

Shi's July 17, 2023, letter does not identify any actions by Guo that demonstrate an actual conflict between personally funding a portion of Baliga's legal fees and his efforts as an agent of the Receiver in China. Instead, Shi argues solely by insinuation and supposition.

This Court appointed the Receiver based upon Shi's repeated bad acts. This Court has repeatedly found Shi to be in violation of Court orders. The reality of this litigation is that Shi, not Baliga or the Receiver has been responsible for "multiply[ing] litigation in this action."

Shi's strategy is clear. He believes that if he throws enough mud against the wall and makes the litigation expensive enough, he can forestall the EGM (which this Court has ordered on several occasions until the Receivership is dissolved). This letter is just another salvo in that long-standing strategy.

Respectfully,

*/s/ Miriam G. Bahcall*
Miriam G. Bahcall

MGB:bds

---

[3] The course of this litigation, in fact, demonstrates that the Receiver exercising LKM's authority and permitting the conversion of ADRs would have better preserved the *status quo* and protected shareholder value.