USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/28/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WAYNE BALIGA,

                Plaintiff,

- against -

LINK MOTION INC. et al.,

                Defendants.

**18 Civ 11642 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Wayne Baliga ("Baliga") brought this suit against Link Motion, Inc. (f/k/a NQ Mobile Inc.) ("LKM") and several of LKM's executives and directors, including Vincent Wenyong Shi ("Shi"), Roland Wu ("Wu"), and Zemin Xu ("Xu") (collectively "Defendants"). (See "Second Amended Complaint" or "SAC," Dkt. No. 166.) The matter was referred to Magistrate Judge Debra Freeman for general pretrial issues, including scheduling, discovery, non-dispositive pretrial motions, and settlement. (See Dkt. No. 91.) Those responsibilities were later reassigned to Magistrate Judge Valerie Figueredo. (See Minute Entry, Apr. 29, 2022.).

On August 10, 2022, Magistrate Judge Figueredo issued a Report and Recommendation, recommending that Shi's Motion to Dismiss the SAC be granted in part and denied in part. See Baliga v. Link Motion, Inc., No. 18 Civ. 11642, 2022 WL 3363787 (S.D.N.Y. Aug. 10, 2022) (Dkt. No. 328) (hereinafter

1

"First R&R"). Shi timely raised objections to the First R&R (see Dkt. No. 330) and Baliga filed a response to Shi's objections (see Dkt. No. 349).

The Court assessed the objections and adopted in part, rejected in part, and modified in part the recommendations and findings set forth in the First R&R. See Baliga, No. 18 Civ. 11642, 2022 WL 16707361, at *13-14 (S.D.N.Y. Nov. 4, 2022). As relevant here, the Court remanded to Magistrate Judge Figueredo, for further consideration, Baliga's common law fraud claims raised in the SAC. The Court had found that the parties did not fully address the so-called Affiliated Ute theory of reliance as it applies to state common law fraud claims, particularly "how it applies where the securities allegations primarily focus on a failure to disclose, but the common law fraud claims, targeting the same misstatements and omissions, are pled as grounded in a more direct theory of reliance." Id.

The parties filed supplemental briefing on the common law fraud claims as directed by the Court. (See Dkt. Nos. 381, 383, 392.) And the Magistrate Judge Figueredo held oral argument on the issue. (See Dkt. No. 426.)

Magistrate Judge Figueredo then issued another Report and Recommendation, recommending that the Court grant Shi's motion to dismiss Baliga's common law fraud claims. See

Baliga, No. 18 Civ. 11642, slip op. at 3 (S.D.N.Y. June 21, 2023) ("Second R&R," Dkt. No. 441). Magistrate Judge Figueredo also recommended that the Court should afford one last opportunity to Baliga to amend the common law fraud claims to add additional factual detail with respect to the element of justifiable reliance. Id. No party filed objections to the Second R&R, and time to object has expired.

For the reasons stated below, the Court adopts the recommendations of the Second R&R in their entirety.

### I. STANDARD OF REVIEW

A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149 (1985); Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge. See Fed. R. Civ. P. 72(b).

## II.   DISCUSSION

Upon a review of the full factual record in this action, including the supplemental papers submitted in connection with the underlying motion, as well the Second R&R and applicable legal authorities, the Court reaches the same conclusions as Magistrate Judge Figueredo as it relates to the dismissal of Baliga's common law fraud claims. The Court further concludes that the findings, reasoning, and legal support for the recommendations made in the Second R&R as to dismissal of the common law fraud claims are not clearly erroneous or contrary to law and are thus warranted. Accordingly, for the reasons set forth by Magistrate Judge Figueredo in the Second R&R, the Court adopts in its entirety the Second R&R's factual and legal analyses and determinations, as well as its substantive recommendations, as the Court's ruling on Shi's motion to dismiss Baliga's common law fraud claims pleaded in the SAC. Accordingly, the Court grants Shi's motion to dismiss those claims.

The Court also finds that the Second R&R's recommendation to grant Baliga's request for leave to amend and file a Third Amended Complaint ("TAC") is not clearly erroneous or contrary to law and is thus warranted. Rule 15(a) of the Federal Rules of Civil Procedure specifies that leave to amend should be granted freely. Although "that principle

4

has its limits," those limits have not yet been met. In re Parmalat Sec. Litig., 501 F. Supp. 2d 560, 592 (S.D.N.Y. 2007). Those bounds are only surpassed where any of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" are present. Foman v. Davis, 371 U.S. 178, 182 (1962). And while the Court must keep in mind the spirit of the Federal Rules' primary dictate -- to "secure the just, *speedy*, and inexpensive determination of every action," Fed. R. Civ. P. 1 (emphasis added) -- the Second R&R persuasively reasons that granting leave to amend in these circumstances and given the narrowness of the amendment recommended, remains proper.

With that said, this matter has been anything but speedy. It has been nearly five years since this action was commenced and has yet to crawl past the pleading stage. But while Courts have recognized that denial of leave to amend is appropriate where granting leave would "significantly delay resolution of the dispute" or "the amendment would cause undue delay in the final disposition of the case," State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 148-49 (E.D.N.Y. 2007) the Court agrees with, and thus adopts, the findings

5

and recommendations in the Second R&R that allowing leave to amend would not run afoul of this Circuit's liberal view on when to grant a party leave to amend, even given the prolonged delay. (See Second R&R at 17-19 (finding that despite the delay "Defendants will not be deprived of a fair opportunity to defend against Plaintiff's common-law-fraud claim if an amendment were permitted")); cf. State Teachers Ret. Bd. v. Flour Corp, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay [] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."). Accordingly, as recommended by the Second R&R, Baliga shall be granted one last opportunity to amend only the common law fraud claims "in order to allege additional facts to support the element of reliance." (Second R&R at 19.)

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Figueredo, dated June 21, 2023 (Dkt. No. 441) is adopted in its entirety; and it is further

**ORDERED** that the Defendants' motion to dismiss (Dkt. No. 262) the common law fraud claims alleged by plaintiff, Wayne Baliga ("Baliga"), in the Second Amended Complaint (Dkt. No. 166) is **GRANTED**; and it is further

**ORDERED** that Baliga's motion for leave to amend is **GRANTED**. Baliga shall file a Third Amended Complaint ("TAC") amending only the common law fraud claims in order to allege additional facts to support the element of reliance within 14 days of the date of this Order. Baliga is directed to file along with the TAC a redlined version identifying the amendments made. Defendants shall respond to the TAC within 14 days of service.

**SO ORDERED.**

Dated:     28 July 2023
           New York, New York

_____
Victor Marrero
U.S.D.J.