UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WAYNE BALIGA,

                               Plaintiff,              18-CV-11642 (VM) (VF)

               -against-                                     **ORDER**

LINK MOTION INC., et al.

                               Defendants.

-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       The Receiver seeks to file under seal attorney invoices submitted as part of the Receiver's motion for court approval of its Accounting. See ECF No. 379. The Receiver claims that sealing is appropriate because the invoices contain attorney work product and information otherwise protected by the attorney-client privilege. But the Receiver makes that assertion broadly, concerning all of the invoices submitted as part of its motion for an Accounting. A review of the invoices, however, demonstrates that not every entry in all of the invoices relate to information that might quality as privileged or protected by the work-product privilege. See, e.g., ECF No. 378-4.

       The common law and the First Amendment accord a presumption of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016) (quoting Lugosch, 435 F.3d at 119). Here, the invoices submitted by the Receiver were relied on by the Court in ruling on the Receiver's motion for an

Accounting and are thus judicial documents. See ECF No. 466. Moreover, the Receiver has not rebutted the heavy presumption of access to such documents, by pointing to a compelling justification for sealing the invoices. Many of the line items in the invoices do not mention or concern litigation strategy or attorney-client communications. And to the extent that some line items in the invoices might concern litigation strategy or other confidential information, the Receiver has already acted on those strategies or information, given that the Receiver will be discharged upon completion of the Accounting. See ECF Nos. 275, 331. It thus is not evident that disclosure of the information contained in the invoices would result in injury to any privacy interest. For a document to be properly sealed, the Court must determine the weight of the presumption of public access to that document and balance against it any competing considerations, such as the privacy interests of those resisting disclosure. See United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."). The Receiver was appointed by the Court, and the invoices at issue were relied on by the Court in ruling on the motion for an Accounting. As such, the presumption of public access outweighs any countervailing interest by the Receiver in keeping the invoices sealed. Consequently, the Receiver's motion to file the invoices under seal at ECF No. 379 is DENIED. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 379.

**SO ORDERED.**

DATED:   New York, New York
         September 20, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge