UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE BALIGA, derivatively on behalf of
LINK MOTION INC. (F/K/A NQ MOBILE INC.)

                    Plaintiff,

    -against-

LINK MOTION INC. (F/K/A NQ MOBILE INC.),
VINCENT WENYONG SHI, JIA LIAN, XIAO YU,

                    Defendants,

1:18-cv-11642-VM-VF


# VINCENT WENYONG SHI'S REPLY IN FURTHER SUPPORT OF OBJECTIONS TO THE COMPENSATION AND EXPENSE CLAIMS OF LILIN "FRANCIS" GUO

FELICELLO LAW P.C.
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806
*Attorneys for Defendant Vincent Wenyong Shi*

On the brief:   Michael James Maloney
                         Rosanne E. Felicello

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. i

RELEVANT FACTS IN REPLY ........................................................................................... 1

    A.    Guo's membership in and funding of LKMForward was not known until 2023 ......... 1

    B.    Guo used the receivership to secretly obtain rights and access that he was not otherwise entitled to as an ADR holder. ................................................................. 1

    C.    The Receiver and Guo did not comply with the terms of the Note. .......................... 2

ARGUMENT 3

    A.    There is an inherent conflict of interest between Guo's personal interest in recovering his own minority investment and the collective interests of other shareholders and creditors. ......................................................................................................... 3

    B.    The Court has the power to and should deny the compensation to Guo based on his failure to disclose. .................................................................................................... 5

    C.    Guo has failed to meet his burden to show that the claimed expenses are legitimate receivership expenses............................................................................................... 6

    D.    The prior orders and the Note should be vacated.................................................... 8

CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Berner v. Equitable Off. Bldg. Corp.*,
  175 F.2d 218 (2d Cir. 1949) ................................................................................. 3

*Friedman v. Wahrsager*,
  848 F. Supp. 2d 278 (E.D.N.Y. 2012) .................................................................. 5

*Gurney's Inn Resort & Spa Ltd. V. Benjamin*,
  878 F. Supp. 2d 411 (E.D.N.Y. 2012) ................................................................ 10

*In re Angelika Films 57th, Inc.*,
  246 B.R. 176 (S.D.N.Y. 2000) .............................................................................. 5

*In re Granite Partners, L.P.*,
  219 B.R. 22 (Bankr. S.D.N.Y. 1998) .................................................................... 6

*In re Imperial "400" Nat., Inc.*,
  456 F.2d 926 (3d Cir. 1972) ................................................................................. 3

*In re Ochoa*,
  74 B.R. 191 (Bankr. N.D.N.Y. 1987) ................................................................... 8

*In re The Leslie Fay Cos.*,
  175 B.R. 525 (Bankr. S.D.N.Y. 1994) .................................................................. 5

*Matter of Arlan's Dep't Stores, Inc.*,
  615 F.2d 925 (2d Cir. 1979) ................................................................................. 3

*Matter of Arlan's Dept. Stores, Inc.*,
  615 F.2d 925 (2d Cir.1979) .................................................................................. 8

*Opre v. Lynch*,
  648 F. App'x 20 (2d Cir. 2016) ............................................................................ 9

*Phelan v. Middle States Oil Corp.*,
  154 F.2d 978 (2d Cir. 1946) ..................................................................... 4, 5, 8, 9

*Rome v. Braunstein*,
  19 F.3d 54 (1st Cir. 1994) .................................................................................... 6

*S.E.C. v. Leffers*,
  289 F. App'x 449 (2d Cir. 2008) .......................................................................... 9

*Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC*,

No. 16-CV-6848 (BMC), 2018 WL 4623012 (E.D.N.Y. Sept. 26, 2018) ................................ 3

*Sherry v. United States Bank Nat'l Ass'n*,
   662 F. App'x 39 (2d Cir. 2016) ..................................................................................... 6

*Woods v. City Nat. Bank & Tr. Co. of Chicago*,
   312 U.S. 262 (1941) .................................................................................................. 4, 6

### Other Authorities

3 Clark, TREATISE ON THE LAW & PRACTICE OF RECEIVERS (1959) § 699.1 ............... 6

65 Am. Jur. 2d Receivers § 177 ......................................................................................... 9

Defendants Vincent Wenyong Shi ("Dr. Shi") for himself and as director of Link Motion, Inc. ("LKM" or "Company"), by and through undersigned counsel, hereby submit the following reply in further support of his objections to the compensation claims of Lilin "Francis" Guo ("Guo").

## RELEVANT FACTS IN REPLY

**A. Guo's membership in and funding of LKMForward was not known until 2023.**

The Receiver now concedes that "Guo was affiliated with LKMForward," and does not controvert Defendants' contention that the Receiver was acting as an advocate for LKMForward (and Guo) *before* he was appointed as the Receiver. *See* ECF No. 477 at 7-8[1] & ECF No. 473 at 13-14. This information was not disclosed to the Court either at the time that the Receiver sought appointment or when the Receiver requested that the Court approve the Note with Guo. The LKMForward website did not identify Guo as a member of the "LKM Shareholders." *See* ECF No. 435-1. The LKMForward website identified Guo as "a respected China businessman and shareholder in Link Motion." ECF No. 435-7 at 5. Similarly, the November 2018 requisition letter also does not disclose Guo's relationship to LKMForward. ECF No. 435-10 (describing Guo as a proposed "Independent Director and shareholder representative"). The Receiver did not disclose this information until June and July of 2023. *See* ECF Nos. 454, 460-1 ¶11.

**B. Guo used the receivership to secretly obtain rights and access that he was not otherwise entitled to as an ADR holder.**

The Receiver concedes that Guo was not a registered shareholder of LKM when this action was commenced. This fact is important because ADR holders, like Guo, had rights and interests in LKM that were different from, and less than, registered shareholders. *See* ECF No. 484 ¶¶3-14.

Guo and the Receiver claim that Guo held 6,022,203 ADRs of LKM when this action was

---

[1] Pursuant to Rule I(i) of the Hon. Magistrate Judge Valerie Figueredo's individual practices, all citations to documents filed on ECF refer to the ECF docket number and the ECF page number, except were reference is made to a specific section or paragraph.

commenced. ECF No. 460-1 ¶2; ECF No. 477 at 7. Thus, when Guo first retained the Receiver as counsel in 2018, Guo held only a 1.06% beneficial equity interest in LKM, a very small minority interest by any measure. *See* ECF No. 484 ¶¶15-17.

But for the conversion rights in the Note, Guo had no right to request issuance of Class B Common Shares. ECF No. 142-6 §§2.6, 2.7; *see also* ECF No. 484 ¶¶11-13, 16. The Receiver now concedes the fact that Guo had received the Class B Common Shares was not disclosed until November 2022. ECF No. 477 at 10. Further, the Note approval application, the Court's June 19, 2019 fax directive, and the subsequent June 1, 2020 and August 30, 2021 conversion applications and related papers were not unsealed and served on counsel until May 23, 2023, despite the directive on the Court's June 19, 2019 fax order that all counsel of record be served with copies of the Note and other papers submitted with the Receiver's request for approval.[2] *See* ECF No. 419, 419-1, 421-1 ¶¶8-12.

### C. The Receiver and Guo did not comply with the terms of the Note.

The Receiver has not submitted copies of the pre-approvals or monthly audits of Guo's expenses required under the Note. *See* ECF No. 419-2 at 4. Neither ECF Nos. 419-3 and 419-8 contain copies of any prior approvals or monthly audits. The Receiver's time entries (recently unsealed and served on Dr. Shi's counsel on October 13, 2023), fail to evidence any prior approvals by the Receiver or receipt of audit reports from a CPR. *See* ECF No. 484 ¶¶28-33. The Receiver concedes that Guo failed to deposit any funds into an LKM bank account in China. *See* ECF No. 477 at 8.

---

[2] The Receiver does not dispute that the Court's June 19, 2019 fax order (ECF No. 419-1) directed the Receiver to serve all counsel of record with copies of the Note and other papers submitted with the Receiver's request for its approval, or that he failed to comply with that directive. *See generally* ECF No. 477.

# ARGUMENT

A. **There is an inherent conflict of interest between Guo's personal interest in recovering his own minority investment and the collective interests of other shareholders and creditors.**

The Receiver argues that it is unclear to whom Guo owed a duty and Guo's interest in "recover[ing] his own investment" does not conflict "with the interests of any other LKM shareholder, or of the Receiver who was appointed to 'preserve and safeguard the Company's assets.'" ECF no. 477 at 11. This argument is incorrect. First, it is clear that an officer appointed by the court (such as the Receiver) and any agent of that officer (such as Guo) owe a duty of loyalty to the Court, *Matter of Arlan's Dep't Stores, Inc.*, 615 F.2d 925, 941 (2d Cir. 1979). A court appointed receiver's duty of loyalty extends to the corporation entrusted to the officer and the shareholders and creditors. *See In re Imperial "400" Nat., Inc.*, 456 F.2d 926, 929 (3d Cir. 1972) ("[A]n officer of the court . . . occupies a special fiduciary position, and counsel for the trustee has equivalent fiduciary responsibilities to the estate in reorganization and the creditors.") (citing *Berner v. Equitable Off. Bldg. Corp.*, 175 F.2d 218, 221 (2d Cir. 1949) (counsel to court appointed trustee owed duty to all shareholders)); *see also Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC*, No. 16-CV-6848 (BMC), 2018 WL 4623012, at *5 (E.D.N.Y. Sept. 26, 2018). Thus, Guo's duty of loyalty extended to the other registered shareholders of LKM, ADR holders, and LKM's creditors.

Second, a conflict existed because Guo's appointment as agent with rights to receive Class B Common Shares under the Note placed his interests above the interests of other shareholders. Guo—a beneficial owner of a minority 1.06% interest—obtained rights under the Note to receive Class B shares and was given unfettered control over LKM's assets in China. *See* ECF No. 473 at 12-13. None of the other shareholders and ADR holders were granted similar rights. Guo used these preferential rights to transfer to himself 40% of the voting power and 13% of the equity of LKM at the expense of other shareholders, who were massively diluted. ECF No. 290 ¶81. This is a classic

conflict of interest between a controlling minority shareholder and the other non-controlling shareholders.

The Supreme Court has long recognized that "[w]here the interests of majorities and minorities do not coincide," a conflict of interest arises. *Woods v. City Nat. Bank & Tr. Co. of Chicago*, 312 U.S. 262, 266 (1941). The fact pattern here is remarkably similar to that in *Woods*. The Receiver appointed Guo as his agent in China purportedly to assist in protecting the shareholders and creditors. *See* ECF No. 26 §II(2). But the Receiver and Guo failed to disclose to the Court that the Receiver had previously acted as counsel for Guo, who had paid legal fees to the Receiver and his law firm to initiate the lawsuit, and that Guo was motivated to act as agent in order to recover his own, personal investment in LKM in advance of other shareholders. *See* ECF No. 460-1 ¶12.

Guo portrayal of himself as a "large original Link Motion shareholder," ECF No. 419-2 at 3, and "one of LKM's largest original ADR holders," ECF No. 460-1 ¶2, was blatantly false because Guo held no more than a 1.06% beneficial equity interest in LKM. *See* ECF No. 484 ¶17. Guo's suggestion to the Court that the conversion feature in the Note was analogous to the conversion feature of ADRs into common shares, ECF No. 419-2 at 6 ("ADS equivalent"), was false because the Note provided for conversion into Class B Common Shares where ADR holders only had the right to request conversion into Class A Common Shares. *See* ECF No. 142-6 §§2.6, 2.7; ECF No. 484 ¶¶11-13,16.

It was improper for the Receiver to grant rights to Guo that allowed him to gain an outsized equity and voting interest in LKM, to the detriment of the other shareholders and creditors of LKM and without disclosing the material facts to the Court. *See Phelan v. Middle States Oil Corp.*, 154 F.2d 978, 991-92 (2d Cir. 1946). The conflict caused actual damage to other shareholders because Guo's conversions diluted the other shareholders, who received no consideration whereas 40% of

the voting power and 13% of the equity in LKM was transferred to Guo. *See* ECF No. 290 ¶81. Had LKM simply been wound up in February 2019, instead of having a receiver appointed, Guo would have been entitled to only a pro rata 1.06% share of LKM net assets after the payment of creditors. ECF No. 484 ¶¶18-19, 484-1 §140(1). Now, by way of his undisclosed influence over the Receiver, Guo purports to claim a 13% of LKM's net assets, 40% of the voting control over LKM, and holds direct control over all of LKM's interests in China. ECF No. 290 ¶81; ECF No. 394 ¶¶15-26, 55-61, 83-91; ECF No. 396 at 6-7.

Contrary to the Receiver's suggestion, *Friedman v. Wahrsager*, 848 F. Supp. 2d 278, 290-91 (E.D.N.Y. 2012), does not support his contention that Guo has no conflict of interest. Here, Guo used the receivership, which he spearheaded, to obtain a substantial interest in LKM for no compensation, directly diluting the Company's pre-existing shareholders. This is different in kind from the situation in *Friedman* where a receiver was appointed to represent both the debtor and certain creditors. *Friedman*, 848 F. Supp. 2d at 291. The Receiver in Friedman was tasked with "step[ping] into the shoes of the debtor, and [to]be] vested with his property as the arm of the Court for the benefit of the creditor," and thus there was no conflict in his role. *Id.* Guo, in contrast, was conflicted from the start because he funded the litigation for the purpose of obtaining control over LKM to the detriment of its existing shareholders.

**B. The Court has the power to and should deny the compensation to Guo based on his failure to disclose.**

The Court has the power to deny compensation and expenses where an officer of the court, such as a court-appointed receiver, fails to disclose facts concerning a potential conflict of interest. *See, e.g.*, *In re Angelika Films 57th, Inc.*, 246 B.R. 176, 179 (S.D.N.Y. 2000) (collecting cases); *In re The Leslie Fay Cos.*, 175 B.R. 525, 536 (Bankr. S.D.N.Y. 1994). An actual conflict of interest need not be shown. *Phelan*, 154 F.2d at 991 ("Since failure to make such full disclosure has 'a

tendency to dampen the sale,' it is presumed that it did so, where the receiver had an interest in the sale in conflict with that of any other parties to the proceeding, 'regardless of whether it actually had an adverse effect or not'") (citations omitted). The failure to disclose relevant facts and circumstances is sufficient by itself to merit disallowance of claims for compensation. *In re Granite Partners, L.P.*, 219 B.R. 22, 40 (Bankr. S.D.N.Y. 1998) ("the failure to make proper disclosure may itself warrant disqualification and partial or complete denial of compensation"). *See also Rome v. Braunstein*, 19 F.3d 54, 59 (1st Cir. 1994) ("Absent the spontaneous, timely and complete disclosure required . . ., court-appointed counsel proceed at their own risk").

Here, Dr. Shi has demonstrated that Guo failed to disclose and in fact concealed the relevant facts and circumstances concerning conflicts between Guo's personal interests in recovering his investment and the interests of the registered shareholders and other creditors. Guo used his position as client of and "agent" to the Receiver to obtain a more favorable interest in LKM than he would otherwise have. In *Woods*, the Supreme Court held that expense claims submitted by a court-appointed trustee and its counsel are not proper "where the claimant cannot show that they were made in furtherance of a project ***exclusively devoted to the interests of those whom the claimant purported to represent***." *Woods*, 312 U.S. at 269 (emphasis added).

### C. Guo has failed to meet his burden to show that the claimed expenses are legitimate receivership expenses.

Guo, as agent to the Receiver, bears the "burden to justify his account." *Sherry v. United States Bank Nat'l Ass'n*, 662 F. App'x 39, 41 (2d Cir. 2016). In order to satisfy this burden, the Receiver must submit a true and accurate account of all receivership proceedings. *See* 3 Clark, TREATISE ON THE LAW & PRACTICE OF RECEIVERS (1959) § 699.1, p. 1285. Guo has failed to meet this standard. The records submitted by Guo fail to meet this standard.

First, Guo submitted contradictory records. Excluding "salary," Guo's June 1, 2020 and

August 30, 2021 submissions claimed receivership expenses in 2020 of $617,610.28. *See* ECF No. 484 ¶¶34-39, citing ECF No. 419-3 and 419-8. Yet in his October 10, 2023 affidavit, Guo claims that "excluding [his] salary, [he] spent approximately [] $510,559 for the benefit of LKM." ECF No. 477-1 ¶5. It is Guo's burden to explain these discrepancies; and substantial discrepancies in these amounts, which were required to be audited on a monthly basis, calls into question the accuracy of all of Guo's records.

Second, Guo's claim that he was "not actually able to obtain control over NQ Infinity's bank accounts for more than a year after the Note was entered into," is false and misleading. The Receiver and Guo no longer dispute that Guo had obtained control over the relevant entity, NQ Mobile (Beijing) Technology Co. Ltd. (网秦无限（北京）科技有限公司), on April 16, 2019,[3] and had obtained access to its account at least by July 2020. ECF No. 477 at 8-9.[4] They offer no explanation as to why Guo did not open a new account to hold the funds described in the Note or why they did not seek leave of Court to modify the deposit requirement under the Note. Nor do they explain why the money was not deposited into the account after July 2020, when Guo had access to the account.

Third, the evidence shows that Guo and the Receiver never complied with the preapproval and audit terms of the Note. *See* ECF No. 484 ¶¶28-33.

Fourth, the Receiver's own statements show that the VAT receipts relied on by Guo are insufficient to support his expense claims. Guo previously claimed that VAT receipts as evidence purportedly showing payments *he* claims to have made on behalf of the receivership. ECF No. 428 ¶9 and n.4. But the Receiver now states that the VAT receipts do not identify the source of funds used to make the payment. ECF No. 477 at 13. According to Guo, the VAT receipts—by

---

[3] ECF No. 394-3 at 1-2 and 6-7.
[4] The Receiver now claims that Guo "had intended to deposit" the "loan" made by Guo to the Company to "a bank account maintained by on LKM subsidiary" but did not do so because he was prevented from obtaining access to a pre-existing account. ECF No. 477 at 5.

7

themselves—are insufficient to show that Guo (rather than an LKM entity) actually paid the expenses at issue. But Guo has not submitted actual wire or bank transfer records to back up his contention that the payments reflected in the VAT receipts were made from different accounts.

The Court should not credit the Receiver's attempts to explain why he failed to include Guo's expenses in the November 18, 2022 accounting. The Receiver's assertion in ECF No. 477 at 13-14 is directly contradicted by the Receiver's November 18, 2022 statement that "the Receiver's Accounting does not include Mr. Guo's fees and expenses" because "Mr. Guo [] has been missing since April 2022" and "documentation of the note agreement entered into between Mr. Guo and LKM is under seal." ECF No. 376 ¶40. The Receiver's recently unsealed time entries show that he never conducted any pre-approvals and never reviewed any monthly audit reports. *See* ECF No. 378-4; ECF No. 484 ¶¶28-33. The Receiver failed to include them in his November 18, 2022 accounting because Guo had not provided any backup to the Receiver at that time.

The Receiver's assertion that "[t]here is no prohibition on Guo spending his own money on non-receivership work" is another diversion. The fiduciary duties owed by Guo require full disclosure of facts and circumstances that relate to potential conflicts of interest—including the fact that Guo was "spending his own money on non-receivership work" including work relating to advancing Guo's personal interests in these proceedings. *See Phelan*, 154 F.2d at 991. The fact that Guo concealed activities relating to his personal interests is grounds for denial of his expense claims. *In re Ochoa*, 74 B.R. 191, 194 (Bankr. N.D.N.Y. 1987) ("Some courts have held the very failure to disclose a potential conflict of interest disqualifies the non-disclosing party) (citing *Matter of Arlan's Dept. Stores, Inc.*, 615 F.2d 925, 933–34 (2d Cir.1979)).

D. **The prior orders and the Note should be vacated.**

The Receiver's argument sounding in laches, ECF No. 477 at 16, is wrong. In ECF No. 393

8

¶4, Dr. Shi timely objected to Guo's compensation—including issuance of the Class B shares, and Dr. Shi has moved to unseal the records necessary to substantiate the objection, *see* ECF Nos. 306, 329, 356, 406, 410. Once unsealed, ECF No. 419, Dr. Shi then promptly made an application based on the newly unsealed papers. ECF No. 421, 421-5 at 5, 6. "A person interested in the estate . . . is not barred because of laches if he acts with reasonable promptness after he discovers the facts showing such misconduct by the receiver." *Phelan*, 154 F.2d at 992. The cases cited by the Receiver are inapposite. In *S.E.C. v. Leffers*, 289 F. App'x 449, 451 (2d Cir. 2008). The court in *Leffers* found that the officers had notice of, and had participated in, a prior litigation in which the defense of advice of counsel had been rejected and were barred from raising it in the current litigation. In *Opre v. Lynch*, the court denied the petitioners' request for an extension on the ground that they had waited three years before filing their motion to reopen. *Opre v. Lynch*, 648 F. App'x 20, 23 (2d Cir. 2016). Here, Dr. Shi was not served with copies of the Receiver's papers for approval or conversion of the Note, and these papers were not unsealed until May 23, 2023. *See* ECF No. 419. After the papers were unsealed, Dr. Shi swiftly moved to vacate. *See* ECF No. 421-5.[5]

The Receiver's argument that Dr. Shi lacks standing to assert an objection based on the affirmative defense of usury is wrong. Any person with an interest in the estate of the receiver has standing to assert an objection to a receiver's accounting. 65 Am. Jur. 2d Receivers § 177. Dr. Shi is person with an interest in the accounting because he is an ADR holder who was diluted like all of the other shareholders. *See* ECF No. 485 ¶4.

The Court's February 1, 2019 receivership order does not bar Dr. Shi from objecting to Guo's compensation claims. Appointment of the Receiver was temporary, and the Receiver long ago

---

[5] The Receiver raises for the first time the assertion that the request to vacate the Note and related prior orders have not been referred to the Magistrate Judge for report and recommendation. Dr. Shi has submitted with this brief a request for clarification addressed to Judge Marrero.

9

conceded that the Court's February 1, 2019 receivership order does not provide any power remove Dr. Shi from his position as a registered director of LKM. *See* ECF No. 163 at 28-29 (directing the Receiver to making further submissions regarding the issue of his authority to remove Dr. Shi as a director); ECF No. 173 at 5-6 (conceding that the Receiver has no power to appoint or remove directors). The Court subsequently modified the February 1, 2019 receivership order by vacating the preliminary injunction and directing the Receiver to maintain the status quo and submit an accounting. ECF No. 331. Dr. Shi timely objected to Guo's compensation, ECF No. 393 ¶4, and supplemented that objection after the relevant papers were unsealed. *See* ECF No. 421-1, 421-5, 435, 436, 438, 473.

Contrary to the Receiver's contention, Dr. Shi has submitted evidence showing the value of the LKM shares at the times of Guo's conversions. ECF No. 419-1 at 6; ECF No. 484 ¶20 and ECF No. 484-2. The Mathison affidavit is not admissible evidence, ECF No. 438 at 8, 9, and the valuations asserted by the Receiver are tainted by his undisclosed conflict of interest.

Finally, the Court should reject the Receiver's new contention that conversion feature of the Note with Guo was "not contingent on any recovery of funds Guo." ECF No. 477 at 17. This new contention directly contradicts the representation that the Receiver's prior statements "that repayment of the Note Agreement is contingent on the Receivership successfully recovering and securing liquid funds of the Company." ECF No. 419-1 at 5-6. Having asserted the contingent nature repayment as a basis to justify the terms of Guo's compensation under the Note, the Receiver is estopped from now claiming that the conversion feature was not subject to the condition that Guo recover liquid funds. *See Gurney's Inn Resort & Spa Ltd. V. Benjamin*, 878 F. Supp. 2d 411, 419 (E.D.N.Y. 2012).

## CONCLUSION

For the foregoing reasons, the Court should issue an Order as follows:

(1) vacating the Prior Orders;

(2) declaring the Convertible Note null and void;

(3) rejecting the expense claims submitted by Guo;

(4) cancelling all Class B shares issued to Guo; and

(5) granting such other and further relief and the Court deems appropriate.

Dated:  New York, New York
        October 24, 2023

Respectfully submitted,

FELICELLO LAW P.C.

*/s/ Michael James Maloney*
Michael James Maloney
Rosanne E. Felicello
FELICELLO LAW P.C.
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806
mmaloney@felicellolaw.com
rosanne@felicellolaw.com
*Attorneys for Defendant Vincent Wenyong Shi and Link Motion Inc.*