**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| WAYNE BALIGA, derivatively on behalf of LINK MOTION INC. (F/K/A NQ MOBILE INC.)<br><br>      Plaintiff,<br>  -against-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, JIA LIAN, XIAO YU,<br><br>      Defendants,<br>  -and-<br><br>LINK MOTION INC. (F/K/A NQ MOBILE INC.),<br><br>Nominal Defendant. | 1:18-cv-11642-VM-DCF |

**VINCENT WENYONG SHI'S SUPPLEMENTAL OBJECTIONS**
**TO THE AUGUST 11, 2023 REPORT & RECOMMENDATION**
**REGARDING THE RECEIVER'S ACCOUNTING**

FELICELLO LAW P.C.
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806
*Attorneys for Defendant Vincent Wenyong Shi*

On the brief:  Michael James Maloney
      Rosanne E. Felicello

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..........................................................................................................i

**TABLE OF APPENDICES**.........................................................................................................ii

PRELIMINARY STATEMENT .....................................................................................................1

RELEVANT PROCEDUREAL HISTORY ....................................................................................2

LEGAL STANDARD .....................................................................................................................2

SUPPLEMENTAL SPECIFIC OBJECTIONS ..............................................................................3

    A.    Dr. Shi objects to the Magistrate Judge's reliance on prior *ex parte* orders in approving compensation. .............................................................................3

    B.    The Court should reject the Receiver's post-October 5, 2020 expense claims. .........................................................................................................4

    C.    The Court should reject the recommendation to approve the Receiver's pre-October 5, 2020 expenses. .........................................................................8

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Baliga v. Link Motion Inc.*,
No. 18CV11642 (VM) (DF), 2022 WL 2531535 (S.D.N.Y. Mar. 9, 2022)............. 4, 6

*Coskery v. Roberts & Mander Corp*, 200 F.2d 150 (3d Cir. 1952) ................. 3, 7, 8, 10

*Genn v. New Haven Bd. of Educ.*,
No. 3:12-cv-00704(CSH), 2017 WL 2079648 (D. Conn. May 15, 2017) ................... 8

*In re Gilbert*, 276 U.S. 294 (1928) ................................................................................. 3

*Key Bank v. Anton*,
241 A.D.2d 482 (NY App. Div. 2nd Dept. 1997) ...................................................... 3

*Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, No. 01 CIV. 2946 (DLC),
2004 WL 359138 (S.D.N.Y. Feb. 26, 2004) ............................................................. 4

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*,
711 F.2d 1136 (2d Cir. 1983) ............................................................................... 3, 8

*People v. Bilsky*,
95 N.Y.2d 172 (N.Y. 2000) ...................................................................................... 4

*Pioche Mines Consol., Inc. v. Dolman*,
333 F.2d 257 (9th Cir. 1964)................................................................................... 6

*Scott v. City of New York*,
626 F.3d 130 (2d Cir. 2010) ................................................................................... 8

*Sherry v. United States Bank Nat'l Ass'n*, 662 F. App'x 39 (2d Cir. 2016)............. 2, 8

*United States v. Code Prods. Corp.*,
362 F.2d 669 (3d Cir. 1966) ...................................................................... 3, 7, 8, 10

*Westerbeke Corp. v. Daihatsu Motor Co.*,
304 F.3d 200 (2d Cir. 2002) ................................................................................... 4

# TABLE OF APPENDICES

Page

Appendix A-1
    Time entries regarding Liquidation / EGM work      A-1

Appendix A-2
    Time entries regarding Receiver work for Plaintiff
        after October 5, 2020      A-7

Appendix A-3
    Time entries regarding Receiver work for
        Plaintiff before October 5, 2020      A-10

Appendix A-4
    Time entries regarding Receiver's October 9, 2020
        response to Judge Freeman      A-11

Defendant Vincent Wenyong Shi ("Dr. Shi") in his own capacity and as a registered director of Link Motion, Inc. ("LKM" or "Company"), by and through the undersigned counsel, hereby submit the following supplemental specific objections to the Report & Recommendation of Magistrate Judge Valerie Figueredo, dated August 11, 2023 (ECF No. 466) (the "R&R") regarding the application for approval of the accounting (the "Accounting") of Robert W. Seiden, the court appointed receiver (the "Receiver") for Link Motion Inc. ("LKM").

## PRELIMINARY STATEMENT

In this Supplemental Objection, Dr. Shi asserts additional reasons why the Court should reject the Magistrate Judge's recommendation that the Receiver's fee application be granted without change. The basis for this Supplemental Objections is that the Receiver did not timely serve on Dr. Shi's counsel copies of underlying attorney invoices and other records (the "Records")[1] that are the subject of the fee application in his November 18, 2022 accounting. The Records were originally filed under seal *ex parte*. *See* ECF No. 378-4; 484 ¶¶24-25. They were not unsealed and served on Dr. Shi until October 13 and 24, 2023, after Dr. Shi's objections to the R&R were filed. ECF No. 474; 484 ¶¶24-25. Accordingly, Dr. Shi has only recently had an opportunity to contest the contents of the Records.

Upon review of the Records, Dr. Shi asserts that there are additional grounds on which the Court should disallow the Receiver's fee claims. For example:

- The Records show unnecessary and unreasonable fees claimed for the pre-

---

[1] The Records were originally filed under seal on November 18, 2022 at ECF No. 378-4 with access restricted to the Court and the Receiver.

October 5, 2020 period; and

- The Records show substantial fees claimed for the post-October 5, 2020 period that are unreasonable and which would not have been incurred but for the improper continuation of the receivership

Accordingly, the Court should reject the Magistrate Judge's recommendation and grant the relief request in Dr. Shi's objections.

## RELEVANT PROCEDURAL HISTORY

In connection with his November 18, 2022 accounting, the Receiver[2] filed the Records under seal but did not served copies on Dr. Shi. *See* ECF No. 378-4. In his February 3, 2023 Objections, Dr. Shi timely objected to the Receiver's fee application on several grounds, including that the Records were not served on Dr. Shi. *See* ECF No. 393 ¶1; 396 at 18. Dr. Shi also objected to the Receiver's motion to seal the Records. ECF No. 380. But the Records were not unsealed or served on Dr. Shi until October 13 and 16, 2023, ECF No. 474, long after Magistrate Judge Figueredo issued her R&R on August 11, 2023. ECF No. 466. Counsel for Dr. Shi did not receive a complete set of the unredacted and unsealed Records until October 13 and 24, 2023. ECF No. 484 ¶¶24-25. Accordingly, Dr. Shi was not able to review and contest the contents of the Records before the R&R was issued.

## LEGAL STANDARD

It is the "receiver's burden to justify his account." *Sherry v. United States Bank Nat'l Ass'n*, 662 F. App'x 39, 41 (2d Cir. 2016). A court-appointed receiver justifies his account by providing records and evidence justifying the expenses incurred and

---

[2] The "Receiver" refers to Robert W. Seiden, the Court-appointed temporary receiver for Link Motion Inc.

explaining the necessity of the services. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (emphasis added);; *Key Bank v. Anton*, 241 A.D.2d 482, 484 (NY App. Div. 2d Dep't 1997) (order approving accounting reversed and matter remanded for a hearing on the ground that the receiver failed to provide records or other evidence justifying the expenses incurred or "explain[ing] [] the necessity of the services").

When assessing a receiver's fee application, "'the considerations are the time, labor and skill required, but not necessarily that actually expended, in the proper performance of the duties imposed by the court upon the receivers, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity, integrity and dispatch with which the work is conducted and the result obtained.'" *United States v. Code Prods. Corp.*, 362 F.2d 669, 673 (3d Cir. 1966), quoting *Coskery v. Roberts & Mander Corp*, 200 F.2d 150, 154 (3d Cir. 1952). "[I]n fixing allowances for services to court officers, [judges] should be most careful, and [] vicarious generosity in such a matter could receive no countenance." *In re Gilbert*, 276 U.S. 294, 296 (1928).

## SUPPLEMENTAL SPECIFIC OBJECTIONS

### A. Dr. Shi objects to the Magistrate Judge's reliance on prior *ex parte* orders in approving compensation.

On pages 17-18 of the R&R, the Magistrate Judge recommended approval of the Receiver's expenses for the period September 22, 2019 through October 5, 2020 based on the similarity of these expenses requests to expense requests approved in the Court's *prior* orders for *earlier* periods. R&R at 16-18, citing ECF Nos. 59, 78, 79, 109

(the "Prior Expense Orders").

In addition to the reasons set forth in Dr. Shi's Objections, ECF No. 393 ¶1; 396 at 9-10, the Court should reject the foregoing recommendation because the Records were never served on Dr. Shi and, therefore, Dr. Shi was deprived of a full and fair opportunity to litigate the contents of the Records. *See*, *e.g.*, *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 219 (2d Cir. 2002) ("[T]he 'law of the case' doctrine may be properly invoked only if 'the parties had a 'full and fair' opportunity to litigate the initial determination'"), quoting *People v. Bilsky*, 95 N.Y.2d 172, 175 (N.Y. 2000) (quotation marks omitted). *See also Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, No. 01 CIV. 2946 (DLC), 2004 WL 359138, at *6 (S.D.N.Y. Feb. 26, 2004) ("The law of the case doctrine should not be invoked unless the parties had a "full and fair" opportunity to litigate the initial determination.").

### B. The Court should reject the Receiver's post-October 5, 2020 expense claims.

As Magistrate Judge Freeman found, with respect to the post-October 5, 2020 expense claims, "any costs of the receivership that would not have arisen but for the continuation of the Receiver's appointment after October 5, 2020 should be charged against the party invoking the receivership (here, Baliga). . . ." *Baliga v. Link Motion Inc.*, No. 18CV11642 (VM) (DF), 2022 WL 2531535, at *19 (S.D.N.Y. Mar. 9, 2022), report and recommendation adopted, No. 18 CIV. 11642 (VM), 2022 WL 3699339 (S.D.N.Y. Aug. 25, 2022).

The Records show that a substantial portion of the post-October 5, 2020 time entries would not have arisen but for the continuation of the Receiver's appointment

after October 5, 2020. First, the Records show that shortly after the filing of the SAC

on October 5, 2020, the Receiver spent a substantial amount of time organizing a

meeting of shareholders to effect a liquidation of LKM. For example:

| 11/12/2020 | AS | Conference call w/R. Seiden, S. Steven, A. Kushner to discuss extraordinary general meeting; legal strategy; case admin; revisions to letter to court re extraordinary meeting; | $450.00 | 4.0 | $1,800.00 |
|---|---|---|---|---|---|

ECF No. 378-4 at 125.

| 08/06/2021 | NF | Review possible liquidator's strategy and budget | $325.00 | 0.6 | $195.00 |
|---|---|---|---|---|---|

ECF No. 378-4 at 142.

| 08/10/2021 | AK | Call with Grant Thornton, M. Russell, and team re: EGM and Cayman liquidation. | $675.00 | 0.8 | $540.00 |
|---|---|---|---|---|---|

| 08/10/2021 | NF | Call with Receiver's counsel; shareholder representatives, Cayman counsel and possible Cayman liquidator regarding strategy; follow up discussions with Receiver's counsel re: same | $325.00 | 1.0 | $325.00 |
|---|---|---|---|---|---|
| 08/11/2021 | AS | Review e-mails with Cayman Liquidator proposal | $450.00 | 0.2 | $90.00 |
| 08/12/2021 | AK | Review proposed timeline and budget for Cayman liquidation; review correspondence with Court re: supplemental briefing; confer with team re: same. | $675.00 | 1.0 | $675.00 |

| 08/13/2021 | AK | Communications with working group re: Cayman liquidation and related issues. | $675.00 | 1.0 | $675.00 |
|---|---|---|---|---|---|

ECF No. 378-4 at 143.

As reflected in the papers later filed with the Court, the Receiver appears to

have changed strategy to pursue an EGM to continue the receivership by shareholder

vote. *See* ECF No. 271; 276-3 (notice purporting to request shareholder approval to

"comply" with the receivership order as originally entered despite the report &

recommendation of Magistrate Judge Freeman to dissolve the receivership). A review

of the Records shows that the Receiver devoted approximately 114.2 hours to the

liquidation/EGM effort and claims fees of $55,472. None of the work devoted to this liquidation/EGM project would have been incurred had the Receivership been wound down as of October 5, 2020. Accordingly, all of the Receiver's work devoted to calling an EGM to liquidate or perpetuate the Receivership must be rejected. *Baliga*, 2022 WL 2531535, at *19, citing *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 273-276 (9th Cir. 1964).

Time entries also reflect significant time improperly devoted to assisting Plaintiff Baliga in pursuing his legal claims. For example:

| 11/02/2020 | AS | Conf. call with team to discuss outgoing strategy; calls with Greenberg Traurig to discuss outgoing and new legal strategies for Baliga and the Receivership; emails with Shi's counsel | $450.00 | 2.8 | $1,260.00 |
| 11/04/2020 | AS | Call with incoming counsel to discuss legal strategy and opposing counsel | $450.00 | 0.5 | $225.00 |

ECF No. 378-4 at 124

The Records show 44.6 hours of time devoted to Baliga's legal claims and claim fees of $22,104. *See* Appendix A-2. The Receiver was directed to locate and preserve LKM's assets, not act as counsel for plaintiff. Accordingly, all of these fee claims must be rejected.

Finally, other post-October 5, 2020 time entries by the Receiver and his counsel evidence gross overbilling and waste. For example, entries for February 7, 2019 show an unreasonable amount of time billed for telephone calls and reviewing documents:

| 02/07/2019 | DBG | Call with Deutsche Bank; tel-call with DLA; reviewed ZZ noted background; sent demand letters | $450.00 | 4.0 | $1,800.00 |
| 02/07/2019 | NF | Draft and sent demand letters to banks and 3rd parties; coordinate with HK counsel regarding Court Order and information needed | $325.00 | 4.0 | $1,300.00 |

ECF No. 378-4 at 4.

Another entry from April 3, 2019 shows 3.4 hours billed for a telephone call and reviewing letters and emails:

| 04/03/2019 | RWS | Tel-call with PRC and HK teams regarding updates of Court proceedings and with banks and employees; review letters and send to multiple 3rd party sources for information; emails from team in NY and abroad | $750.00 | 3.4 | $2,550.00 |
|---|---|---|---|---|---|

ECF No. 378-4 at 16.

In light of the "time, labor and skill required" to perform the necessary tasks, "measured by conservative business standards," *Code Prods. Corp.*, 362 F.2d at 673, the Court should substantially reduce the fees claimed by the Receiver for the post-October 5, 2020 period.

The Court should also consider the Receiver's fee claim in light of "the result obtained." *Code Prods. Corp.*, 362 F.2d at 673, quoting *Coskery*, 200 F.2d at 154. Here, the results of the Receiver's activities are the following:

- The transfer to Guo of complete control over LKM's China assets (ECF No. 394 ¶¶15-16,18-27,55-61),

- The transfer to Guo of a majority interest in LKM's primary asset in China, Beijing Technology (ECF No. 394 ¶¶85-93; 394-6 at ECF page 3 of 12),

- The issuance to Guo of 86,272,750 shares of Class B common stock of LKM ECF No. 290 ¶¶75-89),

- The dilution of existing shareholders' voting power by 40% (ECF No. 290 ¶81),

- The dilution of existing shareholders' equity interests by 13% (ECF No. 290 ¶81), and

- No commensurate recovery or consideration in exchange for the foregoing.

These results are terrible for the existing shareholders. The Receiver has argued that Dr. Shi frustrated his efforts to recover asset for LKM. But Dr. Shi has submitted

evidence refuting the Receiver's assertions, which at this stage are mere allegations. Given the Receiver's undisclosed conflicts of interest (*see*, *e.g.*, ECF Nos. 421-1, 435, 454, 472 at 3-8), the Receiver's allegations as to Dr. Shi are no longer entitled to any presumptions of good faith or merit. The newly unsealed Records add to the substantial body of evidence showing that the Receiver was acting as an advocate for Guo and Baliga and not as an impartial fiduciary acting in good faith to preserve LKM's assets for shareholders. The terrible results of the Receiver's actions weigh strongly against his fee claim.

### C. The Court should reject the recommendation to approve the Receiver's pre-October 5, 2020 expenses.

The Second Circuit requires fee applicants to submit records that "specify, for each attorney, the date, the hours expended, and *the nature of the work done*." *Carey*, 711 F.2d at 1148 *see also Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). Failure to submit records specifying "the nature of the work done" requires denial of the fee application. *Carey*, 711 F.2d at 1154; *see Genn v. New Haven Bd. of Educ.*, No. 3:12-cv-00704(CSH), 2017 WL 2079648, at *5 (D. Conn. May 15, 2017) (collecting cases).

None of the Court's previous rulings address the reasonableness or necessity of the Receiver's pre-October 5, 2020 expense claims. The Receiver is, therefore, still obligated to demonstrate the necessity and reasonableness of his pre-October 5, 2020 activities. *See Sherry*, 662 F. App'x at 41; *see also In re Gilbert*, 276 U.S. 294, 296 (1928); *Code Prods. Corp.*, 362 F.2d at 673, quoting *Coskery*, 200 F.2d at 154.

Here, the Records evidence substantial fees devoted to work that was

unnecessary to the legitimate receivership purposes. For example, the Records show substantial work performed by the Receiver to assist *Baliga* in preparing his Second Amended Complaint. For example:

| 09/09/2020 | NF | Compiled actions and occurrences since the 1st amended complaint in SDNY case in order to add in new factual allegations in 2nd amended complaint; call with F. Guo and Receiver's counsel regarding updates on progress in China and US | $325.00 | 4.1 | $1,332.50 |

ECF No. 378-4 at 119.

| 10/01/2020 | AK | Teleconference re: background on appointment of receiver and related issues related to amended complaint. | $675.00 | 0.4 | $270.00 |
| 10/02/2020 | AS | Drafting letters to the court; teleconferences with S. Seiden re: submitting the letters; mailing the letters | $450.00 | 2.1 | $945.00 |
| 10/02/2020 | NF | Discuss second amended complaint with A. Sklar; fact research for second amended complaint | $325.00 | 2.9 | $942.50 |
| 10/03/2020 | NF | Discuss second amended complaint with A. Sklar; fact research for second amended complaint | $325.00 | 1.1 | $357.50 |
| 10/04/2020 | NF | Discuss second amended complaint with A. Sklar; fact research for second amended complaint | $325.00 | 1.9 | $617.50 |
| 10/05/2020 | NF | Discuss second amended complaint with A. Sklar; fact research for second amended complaint | $325.00 | 3.1 | $1,007.50 |

ECF 378-4 at 121.

Additional time entries reflecting work performed by the Receiver *for* Plaintiff are set forth in Appendix A-3. These time entries reflect 48.6 hours of work for Plaintiff and claim fees of $9,440. The Receiver has previously claimed to have acted independently from Baliga. Accordingly, the Receiver's claims for work for the benefit of Baliga were unnecessary and, therefore, should be rejected.

The Records also show that the Receiver has billed an unreasonable amount of time for work performed. For example, time entries related to responding to Magistrate Judge Freeman's September 4, 2020 directive reflect gross overbilling. Judge Freeman directed the Receiver to explain why he sought recognition of the receivership in the

Cayman Islands. ECF No. 163 at 28. The Receiver responded to this directive with a six-page letter on October 9, 2020. *See* ECF No. 173. Between September 4, 2020 and October 9, 2020, the Receiver billed over 44.5 hours to this response and claims a fee of $20,042.50. *See* Appendix A-4, citing ECF No. 378-4 at 119, 120, 121, and 122. The amount of time billed by the for this task is unreasonable because the Court simply asked the Receiver to explain why he had taken an earlier action. The Receiver should have already known the reasons why he had taken the prior action and simply recited those pre-existing reasons in a letter. The work here reflects the fact that the Receiver spent substantial time to make up an after-the-fact explanation for his prior actions. Presumably, the Receiver did not want to disclose the original reasons for seeking recognition in the Cayman Islands.

Given the unreasonableness of the foregoing examples, the Court should substantially reduce the fees claimed for the post-October 5, 2020 period. *Code Prods. Corp.*, 362 F.2d at 673. And, for the Court should also reject these fee claims because of the poor "results obtained" for the work performed by the Receiver. *Code Prods. Corp.*, 362 F.2d at 673, quoting *Coskery*, 200 F.2d at 154.

## CONCLUSION

For the foregoing reasons, the Court should adopt in part and reject in part the Report & Recommendation and issue an Order rejecting the R&R and

(1) rejecting $3,213,563.96 of the Receiver's expense claims or, in the alternative, finding Plaintiff liable for any unpaid receivership expenses;

(2) allowing the Receiver's claims for $15,000 (arbitration fees to the HKIAC) and $3,109.51 (fees to the Cayman registrar);

(3) directing that the Receiver be surcharged for any undisclosed tax or other

liabilities discovered after his discharge;

(4) directing that the Receiver be surcharged for the value of the assets lost to Mr. Guo;

(6) discharging the Receiver;

(7) directing the Receiver to return control of LKM and its assets to the Board of Directors; and

(8) granting such other and further relief and the Court deems appropriate.

Dated:  New York, New York
   October 31, 2022

Respectfully submitted,

FELICELLO LAW P.C.

*/s/ Michael James Maloney*
Michael James Maloney
Rosanne E. Felicello
FELICELLO LAW P.C.
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806
mmaloney@felicellolaw.com
rosanne@felicellolaw.com
*Attorneys for Defendant Vincent Wenyong Shi*

Appendix A-1 to Supplemental Objections

Time entries regarding Liquidation / EGM work

(excerpted from unsealed copy of ECF No. 378-4)

| 10/19/2020 | NF | Call with A. Sklar to discuss next steps following court conference call; review emails regarding case administration and settlement discussions and provide factual analysis | $325.00 | 1.1 | $357.50 |
| 10/20/2020 | DBG | Strategy call | $450.00 | 1.0 | $450.00 |
| 10/20/2020 | AK | Call with internal team re: next steps in response to teleconference with Court. | $675.00 | 1.0 | $675.00 |
| 10/20/2020 | AS | Teleconference with team re: next steps in filing; review filings; follow up with Paypal; follow up with the Cayman Islands; follow up with Mark Russell; follow up with S. Seiden | $450.00 | 1.9 | $855.00 |
| 10/20/2020 | NF | Call with Receiver and his counsel regarding possible settlement and case administration | $325.00 | 1.0 | $325.00 |
| 10/21/2020 | NF | Call with Receiver's counsel and M. Russell regarding Cayman liquidation; call with W. Baliga and M. Mathison regarding next steps | $325.00 | 2.0 | $650.00 |

| 10/22/2020 | AS | Document review; e-mails with team; e-mail communications with receiver's agent in China | $450.00 | 0.8 | $360.00 |
| 10/23/2020 | AK | Teleconference with F. Guo re: receivership update and next steps | $675.00 | 1.0 | $675.00 |
| 10/23/2020 | AS | Teleconference with Receivership team; prep for call | $450.00 | 1.3 | $585.00 |
| 10/26/2020 | AK | Teleconference with R. Seiden and S. Seiden re: communications with Mr. Guo, status of receivership, and next steps. | $675.00 | 1.0 | $675.00 |
| 10/26/2020 | AS | Review e-mails; communications concerning the receivership with receivership team | $450.00 | 0.3 | $135.00 |
| 10/26/2020 | NF | Call with F. Guo and receiver's counsel regarding Cayman liquidation plan and status of receivership in US | $325.00 | 1.1 | $357.50 |

ECF 378-4 at 123

| 11/12/2020 | AS | Conference call w/R. Seiden, S. Steven, A. Kushner to discuss extraordinary general meeting; legal strategy; case admin; revisions to letter to court re extraordinary meeting; | $450.00 | 4.0 | $1,800.00 |

ECF No. 378-4 at 125

| 08/06/2021 | NF | Review possible liquidator's strategy and budget | $325.00 | 0.6 | $195.00 |

ECF No. 378-4 at 142

| 08/10/2021 | AK | Call with Grant Thornton, M. Russell, and team re: EGM and Cayman liquidation. | $675.00 | 0.8 | $540.00 |

| 08/10/2021 | NF | Call with Receiver's counsel; shareholder representatives, Cayman counsel and possible Cayman liquidator regarding strategy; follow up discussions with Receiver's counsel re: same | $325.00 | 1.0 | $325.00 |
|---|---|---|---|---|---|
| 08/11/2021 | AS | Review e-mails with Cayman Liquidator proposal | $450.00 | 0.2 | $90.00 |
| 08/12/2021 | AK | Review proposed timeline and budget for Cayman liquidation; review correspondence with Court re: supplemental briefing; confer with team re: same. | $675.00 | 1.0 | $675.00 |

| 08/13/2021 | AK | Communications with working group re: Cayman liquidation and related issues. | $675.00 | 1.0 | $675.00 |
|---|---|---|---|---|---|

ECF No. 378-4 at 143

| 08/26/2021 | AS | Call With Tim Haynes from Kobre re: Cayman Liquidation; communications with S. Seiden and team re: same; review of documents | $450.00 | 1.9 | $855.00 |
|---|---|---|---|---|---|
| 08/27/2021 | AS | Communications with Tim Haynes; communications with S. Seiden re: Cayman Liquidation | $450.00 | 0.2 | $90.00 |

ECF No. 378-4 at 144

| 12/02/2021 | AS | Calls with Mr. Guo and the shareholders; call with Deutsche bank; prep for calls; debrief and review of documents | $450.00 | 2.2 | $990.00 |
|---|---|---|---|---|---|
| 12/06/2021 | SS | Conference call with Cayman counsel Mark Russell regarding legal procedures for Receiver to call a shareholder meeting, including reviewing emails and documents | $600.00 | 2.9 | $1,740.00 |
| 12/06/2021 | AS | Call with M. Russell and S. Seiden; communications with shareholder group; review of documents | $450.00 | 1.6 | $720.00 |
| 12/07/2021 | AS | Communications with S. Seiden and M. Russell; review of documents from Maples | $450.00 | 0.2 | $90.00 |
| 12/08/2021 | SS | Tel-conference with Cayman counsel Mark Russel and A. Sklar regarding Cayman rules to call LKM shareholders meeting, including review of emails and documents provided; teleconference with John Ang, LKM shareholder and representative/translator for Mr. Lilin Guo and A. Sklar to discuss process and procedures for calling an LKM shareholders meeting, including review of emails | $600.00 | 3.7 | $2,220.00 |
| 12/08/2021 | AS | Call with M. Russell; communications with Maples; review of documents | $450.00 | 0.7 | $315.00 |
| 12/13/2021 | AS | Review of documents; communications re: shareholder meeting | $450.00 | 0.7 | $315.00 |
| 12/14/2021 | AS | Communications re: Shareholder meeting and Deutsche Bank | $450.00 | 0.2 | $90.00 |
| 12/15/2021 | AS | Communications with shareholder group; communications with M. Russell; communications with Deutsche Bank | $450.00 | 0.4 | $180.00 |
| 12/17/2021 | AS | Call with Deutsche Bank; prep and debrief re: same | $450.00 | 1.1 | $495.00 |

ECF No. 378-4 at 151

| 12/20/2021 | AS | Communications with Mr. Guo and M. Russell and Deutsche Bank re: shareholder meeting; review of DITC website and past filings; communications with Maples | $450.00 | 3.3 | $1,485.00 |
|---|---|---|---|---|---|
| 12/21/2021 | AS | Communications with Maples; communications with Cayman Counsel; communications with M. Mathison; communications with R. Seiden, S. Seiden and N. Francis; review of documents re: shareholder meeting | $450.00 | 3.2 | $1,440.00 |
| 12/21/2021 | NF | Call with A. Sklar regarding Cayman proceedings; research to determine email addresses of outgoing LKM directors; coordination with Cayman counsel and F. Guo | $325.00 | 1.7 | $552.50 |
| 12/22/2021 | AS | Communications with R. Seiden, M. Russell, N. Francis and the Receiver; communications with M. Mathison; review of documents re: shareholder meeting | $450.00 | 2.2 | $990.00 |
| 12/22/2021 | NF | Preparation for and call with Cayman counsel regarding shareholder and board meetings to be held; review of emails re: same; call with M. Mathison to request support for shareholder and board meetings | $325.00 | 2.4 | $780.00 |
| 12/23/2021 | AS | Review of board meeting documents sent by M. Russell | $450.00 | 0.5 | $225.00 |
| 12/23/2021 | NF | Review updated drafts of documents pertaining to shareholder and board meetings and email from M. Russell | $325.00 | 0.8 | $260.00 |
| 12/24/2021 | AK | Review draft notices of EGM; extensive calls with S. Seiden, R. Seiden, M. Russel, and A. Sklar re: EGM and liquidation. | $675.00 | 2.0 | $1,350.00 |
| 12/24/2021 | AS | Calls re: Shareholder meeting with internal team and Mark Russell; communications and review of documents re: same; calls re: LKM ES Return with Cayman | $450.00 | 4.5 | $2,025.00 |
| 12/24/2021 | SS | Review draft notices of EGM; extensive calls with A. Kushner, A. Sklar, the Receiver and Cayman counsel Mark Russell, including review of emails and documents related to the process and procedures of calling an EGM in accordance with Cayman rules | $600.00 | 2.7 | $1,620.00 |
| 12/25/2021 | AK | Extensive communications with internal and external teams re: EGM and Cayman liquidation scenarios. | $675.00 | 2.0 | $1,350.00 |

| 12/26/2021 | AS | Communications with shareholder group re: EGM; review of docket re: same; review of MTD; Cayman filings re: staying in good standing | $450.00 | 1.5 | $675.00 |
|---|---|---|---|---|---|
| 12/26/2021 | AK | Emails with team re: potential EGM and Cayman liquidation. | $675.00 | 1.0 | $675.00 |
| 12/27/2021 | AK | Calls and emails with M. Russell and internal team re: potential options in Cayman. | $675.00 | 1.0 | $675.00 |
| 12/27/2021 | AS | Communications with A. Kushner, M. Russell, S. Seiden, R. Seiden; review of response to Motion to Dismiss | $450.00 | 1.6 | $720.00 |
| 12/27/2021 | NF | Review of emails regarding EGM and liquidation strategy; call with Receiver and his staff re: same; draft status report | $325.00 | 1.3 | $422.50 |
| 12/28/2021 | SS | Review of emails from Mr. Lilin Guo regarding calling for a shareholders meeting, including review of texts from other shareholders regarding same; draft email response to Mr. Guo regarding his questions about calling a shareholders meeting; review of emails and documents provided by Cayman counsel Mark Russell in regard to the process and procedures of calling a EGM in the Cayman Islands and in accordance with the company Articles and Bylaws and Cayman law | $600.00 | 4.2 | $2,520.00 |
| 12/28/2021 | NF | Review email and WeChat communication regarding Receivership status and EGM; final additions to draft Receiver status report | $325.00 | 1.0 | $325.00 |

ECF No. 378-4 at 152

| 01/04/2022 | AK | Calls with R. Seiden, S. Seiden, A. Sklar, and J. Ang re: EGM. | $675.00 | 1.0 | $675.00 |
|---|---|---|---|---|---|
| 01/04/2022 | AS | Communications with team, Cayman counsel, and John Ang re: shareholder meeting; document review re: same | $450.00 | 0.6 | $270.00 |
| 01/07/2022 | AS | Communications with Tim Hayes and team | $450.00 | 0.2 | $90.00 |
| 01/07/2022 | AK | Respond to Mr. Guo's email re: EGM process; confer with R. Seiden and S. Seiden re: same. | $675.00 | 0.5 | $337.50 |
| 01/10/2022 | AK | Preparation for call with Mr. Guo, confer with T. Zhang and R. Seiden. | $675.00 | 1.0 | $675.00 |
| 01/11/2022 | AK | Call with Mr. Guo re: EGM and Cayman filing. | $675.00 | 1.2 | $810.00 |

| 01/17/2022 | NF | Review Cayman application; determine evidence needed in support | $325.00 | 0.8 | $260.00 |
|---|---|---|---|---|---|
| 01/18/2022 | AK | Call with A. Sklar and T. Zhang re: Cayman EGM filing. | $675.00 | 0.4 | $270.00 |
| 01/18/2022 | AS | Call with A. Kushner and T. Zhang; review of documents; e-mail communications with team re: upcoming shareholder meeting | $450.00 | 0.9 | $405.00 |
| 01/18/2022 | NF | Review Cayman application; determine evidence needed in support | $325.00 | 0.7 | $227.50 |
| 01/18/2022 | XZ | Call with Andrew, Amiad, Nat re: application of shareholder meeting in Cayman; review documents and PACER dockets provided by Andrew | $495.00 | 1.7 | $841.50 |

ECF No. 378-4 at 154

| 01/20/2022 | AS | Communications with T. Zhang, A. Kushner and shareholder group re: EGM and Mr. Guo; review of docket re: same | $450.00 | 0.6 | $270.00 |
|---|---|---|---|---|---|
| 01/20/2022 | XZ | Review documents; draft/edit Section 12.1-12.4 of the Receiver's Affidavit | $495.00 | 1.3 | $643.50 |
| 01/21/2022 | AK | Attention to draft of Receiver's affidavit for Cayman application, related call with A. Sklar. | $675.00 | 0.5 | $337.50 |
| 01/21/2022 | AS | Review of Seiden Affidavit; communications with N. Francis and T. Zhang re: same | $450.00 | 1.8 | $810.00 |
| 01/21/2022 | NF | Call with A.Sklar and T. Zhang regarding R. Seiden affidavit in Cayman proceeding; research re: same | $325.00 | 0.7 | $227.50 |
| 01/24/2022 | AS | Call with Mr. Guo, M. Russell, and T. Zhang; prep for call; review e-mails post call; call with T. Zhang re: affidavit for LKM | $450.00 | 1.3 | $585.00 |
| 01/24/2022 | XZ | Conference call with Mr. Guo via WeChat before the scheduled team conference (as requested by Guo); Conference with Mark, Andrew, Guo re: Cayman application for shareholder meeting; Call with Andrew and prepare follow up email to Guo | $495.00 | 2.2 | $1,089.00 |
| 01/25/2022 | AS | Calls with T. Zhang re: drafts of the cayman application; edits re: same | $450.00 | 1.6 | $720.00 |
| 01/25/2022 | XZ | Review documents provided by Guo via WeChat; translate and summarize of docs; conference call with Andrew; draft section 12.3, 12.4 of Affidavit; research Haidian Court's decision, and Qichach record to verify facts; conference call with Guo. | $495.00 | 4.2 | $2,079.00 |
| 01/26/2022 | XZ | Verify the info provided by Guo via email; translate/summarize Guo's answer and email to Andrew; prepare 12th draft by using Guo's answers. | $495.00 | 0.5 | $247.50 |
| 01/26/2022 | AS | Communications with T. Zhang and N. Francis re: affidavit for Mr. Guo; edit to affidavit re: same | $450.00 | 1.2 | $540.00 |
| 01/26/2022 | XZ | Review Guo's file, cross-check the affidavit statement with Docket 220 (1-5) and Docket 239, add section 12.4 of the Affidavit, call with Andrews, email to Guo, Andrew, and Nat. | $495.00 | 1.4 | $693.00 |
| 01/26/2022 | NF | Review R. Seiden affidavit; communicate re: same with A. Sklar and T. Zhang | $325.00 | 0.7 | $227.50 |

| 01/27/2022 | XZ | Call with Guo re: Changes of the Affdaivt; confirm the questions | $495.00 | 0.4 | $198.00 |
|---|---|---|---|---|---|
| 01/27/2022 | AS | Communications with T. Zhang re: Seiden affidavit | $450.00 | 0.2 | $90.00 |
| 01/28/2022 | XZ | Call with Andrew, review docs, communicate with Guo's associate; prepare emails to Guo, Amiad and Steve; edit affidavit | $495.00 | 1.1 | $544.50 |
| 01/28/2022 | AS | Review of affidavit and communications with T. Zhang, N. Francis and Mr. Guo | $450.00 | 1.2 | $540.00 |
| 01/31/2022 | AS | Communications with T. Zhang re: Receiver affidavit; review of e-mails | $450.00 | 0.3 | $135.00 |

ECF No. 378-4 at 155

| 02/02/2022 | AK | Review and comment re: R. Seiden Cayman affidavit. | $675.00 | 0.7 | $472.50 |
|---|---|---|---|---|---|
| 02/02/2022 | AS | Communications with A. Kushner and T. Zhang; review of affidavit; e-mail updated affidavit to the team | $450.00 | 0.4 | $180.00 |
| 02/02/2022 | AS | Communications with team re: letter; applying edits to Seiden affidavit; communications with A. Kushner and T. Zhang re: same | $450.00 | 1.1 | $495.00 |
| 02/03/2022 | AS | Review of affidavit for cayman court and status report for SDNY; edits re: same; communications with team re: same; communications with Cayman counsel | $450.00 | 1.4 | $630.00 |
| 02/03/2022 | XZ | Edit and review the Receiver's affidavit; communicate with team; draft status report; cross-check details info | $495.00 | 1.5 | $742.50 |
| 02/03/2022 | AK | Review and comment re: Receiver's status letter to Judge Freeman. | $675.00 | 0.5 | $337.50 |
| 02/03/2022 | NF | Review and edit status report | $325.00 | 0.2 | $65.00 |

ECF No. 378-4 at 156

| 02/24/2022 | AS | Review of e-mails re: shareholder meeting; communications with Z. Zhang and S. Seiden re: same | $450.00 | 0.4 | $180.00 |
|---|---|---|---|---|---|

ECF No. 378-4 at 158

| 03/01/2022 | AS | Communications with M. Russell and T. Zhang; review of notices and related documents for EGM | $450.00 | 0.5 | $225.00 |
|---|---|---|---|---|---|
| 03/01/2022 | XZ | Call with Andrew and Mark; prepare email to Guo re: following steps; pull out docs for Guo; send email to team and Guo | $495.00 | 0.4 | $198.00 |
| 03/02/2022 | XZ | Review Guo's messages and mail; call Guo, send email to Mark and team re: Guo's comments. | $495.00 | 0.4 | $198.00 |
| 03/02/2022 | AS | Review of documents re: EGM and communications with T. Zhang re: same | $450.00 | 0.4 | $180.00 |

| 03/03/2022 | AS | Review of caselaw; communications with team re: Freeman e-mail; review of filings; communications with T. Zhang; review of documents re: shareholder meeting | $450.00 | 2.0 | $900.00 |
|---|---|---|---|---|---|
| 03/04/2022 | XZ | Review cases, prepare a draft of the letter to Ct.; prepare notice; communicate with Rob, Andrew, and Amiad the same; provide copy to Chin AI's counsel. | $495.00 | 1.1 | $544.50 |

ECF No. 378-4 at 159

Appendix A-1 Hours:          114.2

Appendix A-1 Fee claim:       $55,472

Appendix A-2 to Supplemental Objections

Time entries regarding Receiver work for Plaintiff after October 5, 2020[1]

(excerpted from unsealed copy of ECF No. 378-4)

| 10/19/2020 | NF | Call with A. Sklar to discuss next steps following court conference call; review emails regarding case administration and settlement discussions and provide factual analysis | $325.00 | 1.1 | $357.50 |
| 10/20/2020 | DBG | Strategy call | $450.00 | 1.0 | $450.00 |
| 10/20/2020 | AK | Call with internal team re: next steps in response to teleconference with Court. | $675.00 | 1.0 | $675.00 |

| 10/21/2020 | AS | Teleconference with Baliga, M. Mathison, Baliga's counsel, Seiden Team; teleconference with S. Seiden; e-mail communications with Paypal team; review of articles of association; follow up messages and review | $450.00 | 3.1 | $1,395.00 |

ECF No. 378-4 at 123

| 11/02/2020 | AK | Teleconference with new counsel for Baliga and related preparation with internal team; attention to Tribunal's request for further post-hearing submissions | $675.00 | 1.4 | $945.00 |
| 11/02/2020 | AS | Telephone conferences with N. Francis; review filings; review updates from the receiver's agent in China | $450.00 | 0.6 | $270.00 |
| 11/02/2020 | NF | Update call with A. Sklar and review of F. Guo Wechat's; analysis of Receiver's progress in China as it pertains to control of WFOE325 | $325.00 | 1.1 | $357.50 |
| 11/02/2020 | AS | Conf. call with team to discuss outgoing strategy; calls with Greenberg Traurig to discuss outgoing and new legal strategies for Baliga and the Receivership; emails with Shi's counsel | $450.00 | 2.8 | $1,260.00 |
| 11/04/2020 | AS | Call with incoming counsel to discuss legal strategy and opposing counsel | $450.00 | 0.5 | $225.00 |

ECF No. 378-4 at 124

| 11/11/2020 | AS | Case admin; communications with incoming counsel | $450.00 | 1.0 | $450.00 |

| 11/10/2020 | AS | Revisions to notice of substitution of counsel; case admin and communication with incoming counsel for plaintiff | $450.00 | 1.0 | $450.00 |

| 11/13/2020 | AS | Call with new counsel for Baliga; review e-mails. | $450.00 | 1.5 | $675.00 |
| 11/13/2020 | AK | Teleconference with Greenberg Traurig re: issues related to upcoming briefing, related emails and confers with internal team | $675.00 | 1.0 | $675.00 |

[1] On information and belief, the term "GT" refers to Greenberg Traurig, Baliga's new counsel.

| 11/17/2020 | AS | Case admin; communication with incoming counsel regarding upcoming deadlines and hearing | $450.00 | 1.3 | $585.00 |

ECF No. 378-4 at 125

| 11/18/2020 | AS | Drafting and finalizing stipulation re scheduling order and briefing; case admin; communications with plaintiff's counsel; review and analysis of bullet points for team conference; recap of conversation with plaintiff's counsel | $450.00 | 2.0 | $900.00 |

ECF No. 378-4 at 126

| 12/02/2020 | AK | Teleconference with team re: preparation for call with Court and response to Baliga's inquiry re: shares | $675.00 | 1.0 | $675.00 |
| 12/02/2020 | AS | Teleconferences with Baliga's counsel; review of filings; prep for court hearing; communications with Receiver's Agent in China | $450.00 | 2.2 | $990.00 |

ECF No. 378-4 at 127

| 06/07/2021 | AK | Attention to communications with GT and working group re: briefing in SDNY and next steps; call with R. Seiden and S. Seiden. | $675.00 | 1.0 | $675.00 |
| 06/08/2021 | AK | Teleconference with F. Guo, R. Seiden, and S. Seiden; confer with R. Seiden and S. Seiden re: strategy; call with Shi counsel and GT re briefing schedule; review and comment re: letter to Court re same. | $675.00 | 2.0 | $1,350.00 |

ECF No. 378-4 at 137

| 07/28/2021 | NF | Call with Plaintiff counsel re: Receivership status and next steps | $325.00 | 0.8 | $260.00 |
| 07/28/2021 | NF | Call with Plaintiff counsel re: Receivership status and next steps | $325.00 | 0.8 | $260.00 |

ECF No. 378-4 at 140

| 08/05/2021 | AK | Teleconference with GT re: supplemental briefing; call with Grant Thornton re: Cayman proceeding; confer with R. Seiden and S. Seiden re: next steps and status. | $675.00 | 2.0 | $1,350.00 |
| 08/05/2021 | SS | Teleconference with GT re: supplemental briefing; call with Grant Thornton re: Cayman proceeding; confer with A. Kushner and Receiver regarding next steps and status; teleconference with Mark Russell, Cayman counsel and A. Sklar regarding process and procedure to call a shareholder meeting under Cayman law | $600.00 | 1.5 | $900.00 |

| 08/09/2021 | AK | Call with Greenberg Traurig re: supplemental briefing; emails with Grant Thornton re: potential Cayman proceeding. | $675.00 | 0.6 | $405.00 |

ECF No. 378-4 at 142

| 09/09/2021 | AK | Call with GT re: supplemental briefing. | $675.00 | 0.4 | $270.00 |

ECF No. 378-4 at 145

| 03/14/2022 | XZ | Call with GT and team; call with Mark and team. | $495.00 | 1.5 | $742.50 |

ECF No. 378-4 at 160

| 08/29/2022 | RB | Set up a zoom meeting and send link to required individuals | $250.00 | 0.2 | $50.00 |
| 08/30/2022 | OJ | Meeting with Mimi | $250.00 | 0.5 | $125.00 |
| 08/30/2022 | XZ | Team call with GT re: Receiver's position on EGMs and Guo's status. | $495.00 | 0.7 | $346.50 |
| 08/30/2022 | AS | Call with team; call with GT; call with M. Russell; communications re: shareholder meeting and notes re: same | $450.00 | 1.3 | $585.00 |
| 08/30/2022 | RB | Set up Zoom link for a call re: Order | $250.00 | 0.3 | $75.00 |

ECF No. 378-4 at 171

| 09/08/2022 | AS | Finalize edits to letter; call with W. Baliga's counsel; collect and begin reviewing status reports to file with the Court | $450.00 | 3.8 | $1,710.00 |
| 09/09/2022 | XZ | Review documents and prepare email for team. | $495.00 | 0.3 | $148.50 |
| 09/09/2022 | AS | Edits to letter to file; communications with team re: Mr. Koo; call with M. Mathison re: same; communications with clerk re: filing | $450.00 | 2.6 | $1,170.00 |

ECF No. 378-4 at 173

| 09/14/2022 | XZ | Call with Amiad, Andrew, and GT re: Guo's agent | $495.00 | 0.7 | $346.50 |

ECF No. 378-4 at 174

Appendix A-2 Hours:       44.6

Appendix A-2 Fee claim:  $22,104

Appendix A-3 to Supplemental Objections

Time entries regarding Receiver work for Plaintiff before October 5, 2020

(excerpted from unsealed copy of ECF No. 378-4)

| 09/09/2020 | NF | Compiled actions and occurrences since the 1st amended complaint in SDNY case in order to add in new factual allegations in 2nd amended complaint; call with F. Guo and Receiver's counsel regarding updates on progress in China and US | $325.00 | 4.1 | $1,332.50 |
|---|---|---|---|---|---|

| 09/15/2020 | AK | Teleconference with team re: issues for Receivership Baliga action. | $675.00 | 1.0 | $675.00 |
|---|---|---|---|---|---|
| 09/15/2020 | AS | Teleconference with A. Kushner, S. Seiden, N. Francis re: responding to the Judge's last Order; caselaw research and follow up conversations with A. Kushner. | $450.00 | 5.2 | $2,340.00 |

ECF No. 378-4 at 119

| 09/15/2020 | NF | Call with counsel regarding filing of amended complaint; research and analysis regarding actions taken by LKM shareholder to convert ADRs | $325.00 | 1.3 | $422.50 |
|---|---|---|---|---|---|

| 09/16/2020 | NF | Discuss amended complaint with Receiver's team; research regarding registered shareholders of LKM | $325.00 | 0.8 | $260.00 |
|---|---|---|---|---|---|

ECF No. 378-4 at 120

| 10/01/2020 | AK | Teleconference re: background on appointment of receiver and related issues related to amended complaint. | $675.00 | 0.4 | $270.00 |
|---|---|---|---|---|---|

| 10/01/2020 | AK | Teleconference re: background on appointment of receiver and related issues related to amended complaint. | $675.00 | 0.4 | $270.00 |
|---|---|---|---|---|---|
| 10/02/2020 | AS | Drafting letters to the court; teleconferences with S. Seiden re: submitting the letters; mailing the letters | $450.00 | 2.1 | $945.00 |
| 10/02/2020 | NF | Discuss second amended complaint with A. Sklar; fact research for second amended complaint | $325.00 | 2.9 | $942.50 |
| 10/03/2020 | NF | Discuss second amended compaint with A. Sklar; fact research for second amended complaint | $325.00 | 1.1 | $357.50 |
| 10/04/2020 | NF | Discuss second amended complaint with A. Sklar; fact research for second amended complaint | $325.00 | 1.9 | $617.50 |
| 10/05/2020 | NF | Discuss second amended complaint with A. Sklar; fact research for second amended complaint | $325.00 | 3.1 | $1,007.50 |

ECF 378-4 at 121

Appendix A-3 Hours:          48.6

Appendix A-3 Fee Claim:      $9,440

Appendix A-4 to Supplemental Objections

Time entries regarding Receiver's October 9, 2020 response to Judge Freeman

(excerpted from unsealed copy of ECF No. 378-4)

| 09/15/2020 | AK | Teleconference with team re: issues for Receivership Baliga action. | $675.00 | 1.0 | $675.00 |
| 09/15/2020 | AS | Teleconference with A. Kushner, S. Seiden, N. Francis re: responding to the Judge's last Order; caselaw research and follow up conversations with A. Kushner. | $450.00 | 5.2 | $2,340.00 |

ECF No. 378-4 at 119

| 09/15/2020 | SS | Prepare for and attend teleconference with A. Kushner, A. Sklar and N. Francis re: responding to the Court's Order, including review of Cayman Island filings and exhibits and conferring with Cayman counsel re: same | $600.00 | 1.9 | $1,140.00 |

ECF No. 378-4 at 120

| 10/01/2020 | AS | Draft and edit letters to the court; teleconferences with N. Francis; review Pacer case file | $450.00 | 3.8 | $1,710.00 |

| 10/02/2020 | AS | Drafting letters to the court; teleconferences with S. Seiden re: submitting the letters; mailing the letters | $450.00 | 2.1 | $945.00 |

| 10/05/2020 | AS | Review of letters; e-mail communications with Cayman registered agent re: changing seal; communications with the team re: call with the court | $450.00 | 2.0 | $900.00 |
| 10/06/2020 | AK | Review draft letter to the Court re: Cayman proceedings, teleconference with team re: same | $675.00 | 1.0 | $675.00 |
| 10/06/2020 | AS | Teleconference with the team regarding letter to the court explaining Cayman recognition; teleconference with S. Seiden re: same; drafting and editing of letter | $450.00 | 6.1 | $2,745.00 |
| 10/06/2020 | NF | Research regarding Cayman recognition letter to SDNY and call with Receiver's counsel re: same | $325.00 | 2.6 | $845.00 |

ECF No. 378-4 at 121

| 10/07/2020 | AS | Teleconference with team; editing of letters to the court; teleconference with Cayman Counsel re: same; teleconference with A. Kushner re: same. | $450.00 | 6.4 | $2,880.00 |
| 10/07/2020 | NF | Research regarding Cayman recognition letter to SDNY and call with Receiver's counsel re: same; review of evidence provided by F. Guo of defendant Shi's continued asset-stripping | $325.00 | 2.1 | $682.50 |

| 10/09/2020 | AK | Review and revise letter to Court re: Receiver's Cayman application, related teleconferences and emails with working group | $675.00 | 1.2 | $810.00 |
|---|---|---|---|---|---|
| 10/09/2020 | AS | Communications with Seiden Team and Mark Russell (Cayman Counsel) re: letters to the court; review final drafts and finalize for the court | $450.00 | 5.9 | $2,655.00 |
| 10/09/2020 | NF | Research regarding Cayman recognition letter to SDNY and call with Receiver's counsel re: same; Hua and Scienjoy analysis for SDNY case | $325.00 | 3.2 | $1,040.00 |

ECF No. 378-4 at 122

Appendix A-4 Hours:               44.5

Appendix A-4 Fee Claim:        $20,042.50

A-12