**Robert W. Seiden**  Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

322 Eighth Avenue Suite 1200 New York, NY 10001 (212) 523 – 0686  rseiden@seidenlaw.com

**VIA ECF**
Hon. Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

December 1, 2023

Re: *Baliga, et al. v. Link Motion Inc., et al.*, 1:18-cv-11642-VM-VF (S.D.N.Y.)

Dear Judge Figueredo,

  I write pursuant to Your Honor's order dated November 14, 2023 (ECF 500) and in response to Defendant Wenyong Shi's ("Shi") counsel, Felicello Law P.C.'s ("Felicello Firm") letter dated October 26, 2023 (ECF 490) in connection with the Felicello Firm's intention of dual representation of Shi and Link Motion Inc. ("LKM" or the "Company"). *See* ECF 490.

**Relevant Procedural History**

*Procedural History Prior to the Felicello Firm's Representation*

  On December 13, 2018, Plaintiff Wayne Baliga ("Baliga") filed his complaint against LKM and Shi among other individual defendants. *See* ECF 1. On January 22, 2019, LKM, through its counsel, DLA Piper LLP (US) ("DLA"), entered into a stipulation of non-opposition to a preliminary injunction and consent order to extend the time to answer, move, or otherwise respond to the Complaint. ECF 22 and 23.

  On February 1, 2019, the Court issued an order granting the preliminary injunction and appointing a temporary receiver (the "Receiver"). ("Receivership Order"; ECF 26). In its Receivership Order, the Court granted the Receiver "the power to commence, continue, join in, and/or control any action, suit, arbitration or proceeding of any kind or nature, in the name of the Company or otherwise, including without limitation, proceedings to prevent or avoid transactions of any kind or nature that may dissipate or transfer ownership of any of the Company's assets, whether such proceeding is located, in the United States of America, the People's Republic of China, or elsewhere. The Receiver shall furthermore have control over the Company's attorney-client privileges." ECF 26 at II. 2(e).

  On March 1, 2019, DLA submitted a letter motion seeking to withdraw as LKM's counsel and confirmed the Receiver's authority "to control this litigation and appoint counsel as necessary

**Robert W. Seiden**  Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

to prevent any prejudice to the Company." See ECF 28 at 7.

*The Felicello Firm's Representation*

On March 28, 2019, Rosanne Elena Felicello appeared as Shi's counsel. ECF 38. On October 22, 2019, Baliga's counsel, Jake Nachmani, filed a joint letter on behalf of Baliga, Shi, and the Receiver ("October 22 Letter") requesting the Court's approval of the Felicello Firm's representation of Shi and LKM in connection with "the motion to dismiss that Shi intend[ed] to file on November 4, 2020." *See* ECF 174. The October 22 Letter further detailed the "conditions" of the Felicello Firm's limited dual representation as follows:

> (i) should a future conflict arise between Felicello Law's continued representation of the Company and its representation of Shi, Mr. Maloney and Felicello Law shall have the right to continue to represent Shi even if they are required to withdraw as counsel for the Company; and
> (ii) Shi may withdraw his motion for indemnification (ECF [] 169-71) without prejudice to refiling at a later date.

*Id*. at 1. On October 23, 2019, the Court endorsed the October 22 Letter. ECF 175. Accordingly, Michael James Maloney of the Felicello Firm filed his notice of appearance as counsel for Shi and LKM on November 4, 2020. ECF 176. As stipulated by the parties, on November 4, 2020, the Felicello Firm filed a motion to dismiss the Second Amended Complaint. ECF 177-179. Significantly, on the same day (November 4, 2020), the Felicello Firm filed a motion to dissolve the preliminary injunction and discharge the Receiver (ECF 180) on behalf of Shi, not LKM, consistent with the Court's endorsement of the October 22 Letter limiting the Felicello Firm's dual representation to "the motion to dismiss that Shi intend[ed] to file on November 4, 2020." ECF 175.[1] Indeed, during a July 28, 2021 case management conference call before the Honorable Magistrate Judge Freeman, in response to Magistrate Judge Freeman's inquiry about his representation, Mr. Maloney stated that he only represented LKM "[w]ith respect to the motion to dismiss, your Honor, but technically speaking, it is my understanding that because the Receivership is still in place, the Receiver is representing the Company with respect to other matters." ECF 247 at 4:21-5:2.

On August 10, 2022, the Court issued its Report and Recommendation (the "August R&R") that denied in part and granted in part Shi and LKM's motion to dismiss the Second Amended Complaint. ECF 328. Later, by partially adopting the August R&R, the Court directed the parties to submit supplemental briefs in connection with Baliga's common law fraud claims. *See* ECF 372. On June 21, 2023, the Court issued its Report and Recommendation (the "June R&R) granting Shi and LKM's motion to dismiss Baliga's common law fraud claims and

---

[1] Pursuant to the parties' stipulation on the briefing schedule, on December 1, 2021, the Felicello Firm re-filed a motion to dismiss the Second Amended Complaint on behalf of Shi and LKM. ECF 261 and 262.

**Robert W. Seiden**  Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York

permitted Baliga a final opportunity to amend his complaint. ECF 441. On July 28, 2023, the Court adopted the June R&R and directed Baliga to file a "Third Amended Complaint." ECF 461.

Therefore, as of July 28, 2023, motion practice related to LKM's motion to dismiss Baliga's Second Amended Complaint completely ceased.[2]

**Shi's Conflicts of Interest with LKM**

The records and evidence revealed through the Receiver's investigation are more than clear that Shi has conflicts of interest with LKM. For example, Shi and his associates continuously frustrated the Receivership by, among other misconduct: (1) improperly and covertly transferring approximately $89 million out of LKM's accounts before the Receiver's agent was able to access LKM's subsidiaries' accounts in China, (2) using an invalid LKM Hong Kong subsidiary seal to contact Chinese authorities and producing false company documents in an attempt to restore Shi's authority in LKM's Chinese subsidiaries, and (3) filing numerous frivolous, costly and burdensome proceedings in China against the Receiver's local agent. *See* ECF 30, 43, 50, 128, 143, 161, 173, 220, 239-1, 269, 365, and 443.[3]

**Receiver's Position**

Pursuant to the Receivership Order and considering the significant conflict of interest between Shi and LKM, during the pendency of the receivership, the Receiver should have the authority to control LKM's positions in this litigation and appoint counsel for the company. However, the Court has determined that the receivership will be terminated after an "accounting of the receivership." *See e.g.*, ECF 275 and 331. The accounting includes three briefings: (1) the Receiver's initial accounting submission (ECF 375, 376, 394, 395, and 396); (2) the Receiver's supplemental submission relating to its agent, Lilin Guo's expenses and costs (ECF 473 and 477); and (3) future briefing related to determining whether Shi should have personal liability for the

---

[2] Although the Court has ordered that the "Receiver shall furthermore have control over the Company's attorney-client privilege," the Receiver has been provided no privileged information in connection with the Felicello Firm's representation of LKM.

[3] After the issuance of the Receivership Order, on April 26, 2019, Shi contacted LKM's banks (China Merchants Bank) and falsely claimed that "Mr. Wenyong Shi, the executive director of Link Motion International, is authorized, approved, and directed, on behalf of [LKM International], to execute [] back [to] the previous registration of [NQ Infinity] in [Beijing MSA] and take such further actions such as director or officer shall deem necessary, appropriate or advisable in order to carry out the intent and purposes of the foregoing resolutions." *See* ECF 443-7 ¶5 and ECF 443-9. Also, on December 20, 2020 during a court hearing before the Haidian People's Court, a witness testified that she gave the "company's official seals, legal representatives seals, and contract seals" to "Lei Li" who appeared to be Shi's "assistant." ECF 443-7 ¶13 and ECF 443-13. Importantly, in or about October 2019, LKM's Chinese subsidiary commenced an action ([2020] Jing 0108 Min Chu No. 328 and [2020] Jing 01 Min Zhong No. 2389) against its previous legal representative, Zemin Xu (Shi's associate), for breach of fiduciary duties. *See* ECF 443-7 ¶46. On August 15, 2021, the Haidian People's Court found that Zemin Xu "breached of his fiduciary duties to [LKM's Chinese subsidiary]." *Id*. Likewise, LKM may have the same or similar causes of action against Shi.

# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc. Pursuant to The Honorable Judge Victor Marrero of the United States District Court, Southern District of New York**

Receiver's unpaid invoices, costs, and expenses. To date, the issues of the Receiver's accounting and Lilin Guo's expenses have been fully briefed; the Court has issued a Report and Recommendation approving the accounting (ECF 466), but Shi's objections remain pending. The issue of Shi's personal liability has not yet been briefed. Accordingly, the accounting is not yet complete.

Pending the termination of the receivership, the Receiver has been directed to maintain the *status quo* and "not to seek any extraordinary action from the Company's board." *See* ECF 275 and 331 (the Court "fully adopts Magistrate Judge Freeman's recommendations as to the motion to dissolve the Receivership Order and discharge the Receiver."). Therefore, the Receiver seeks the Court's instructions as to whether he should engage counsel for LKM in defending Baliga's Third Amended Complaint (ECF 470) considering that the receivership has not been terminated, and the Court directed the Receiver to maintain the *status* quo and not engage in any extraordinary action.

Respectfully submitted,

Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver
for Link Motion Inc.

Cc: All Counsel of Record