USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/24

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WAYNE BALIGA,

                Plaintiff,

- against -

LINK MOTION INC., et al.

                Defendants.

**18 Civ. 11642 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Currently pending before the Court are objections (see Dkt. No. 472 [hereinafter the "Objections" or "Objs."]) and supplemental objections (see Dkt. No. 494), filed by defendant Vincent Wenyong Shi ("Shi"), to a Report & Recommendation issued August 11, 2023 by Magistrate Judge Valerie Figueredo (see Dkt. No. 466 [hereinafter the "R&R"]).

### I.   BACKGROUND

Shi is one of the founders of defendant Link Motion Inc. ("Link Motion"), a Chinese company organized under the laws of the Cayman Islands. Link Motion is currently under the control of a Court-appointed receiver, Robert W. Seiden (the "Receiver"). On August 25, 2022, the Court ruled that the Receiver should be discharged after a full accounting of the costs of the receivership. (See R&R at 6.)

1

The Court referred the accounting proceedings to Judge Figueredo. The Receiver submitted his accounting, along with a memorandum of law in support thereof, in November 2022. (See R&R at 7.) The Receiver also argued that the Court should pierce the corporate veil and hold Shi personally liable for more than $1 million in "unfunded liabilities" of the receivership. (Id. at 27.)

Shi submitted objections in opposition to the accounting in February 2023. (See id. at 7.) Shi's opposition papers included an objection to fees, expenses, and compensation given by the Receiver to the Receiver's agent in China, Lilin "Francis" Guo ("Guo"). (See id. at 27.) Shi argued that under a compensation incentive agreement and promissory note (the "Convertible Note Agreement") between Link Motion and Guo and approved by the Court in 2019 upon the request of the Receiver, Guo exercised a right to convert his compensation into shares of Link Motion, "massively dilut[ing] the voting rights and equity interests of existing shareholders of" Link Motion. (Dkt. No. 394 ¶ 82.) The Receiver said his accounting did not include Guo's fees and expenses because the "note agreement entered into between Mr. Guo and [Link Motion] is under seal." (Dkt. No. 376 ¶ 40; see also id. ¶ 41 (stating that "pursuant to Mr. Guo's note agreement (which was approved by this Court), Mr. Guo had the right to convert fees and

expenses that he advanced to [Link Motion] into shares of [Link Motion] stock").)

On May 26, 2023, Shi filed a proposed order to show cause, seeking a Court order enjoining the Receiver and Guo from convening a meeting of Link Motion shareholders pending a final determination with respect to the Receiver's accounting. (See Dkt. No. 440 at 1; Dkt. No. 421-1 ¶ 2.) Shi contended that the Receiver had recently disclosed records related to the Convertible Note Agreement between the Receiver and Guo and that revealed "the issuance of a major voting block" of Link Motion stock to Guo. (Dkt. No. 421-5 at 1.) The same day, the Court temporarily enjoined the Receiver and Guo from proceeding with any shareholder meeting. (See Dkt. No. 440 at 1.) The Receiver then filed voluminous receipts of Guo's expenses related to the Convertible Note Agreement. (See id.) On June 21, 2023, the Court issued an order that stated,

> The crux of this dispute involves the propriety of the expenses Guo incurred as the Receiver's agent in China. Per the . . . Convertible Note Agreement, those expenses served as the basis for converting Guo's debt to equity in [Link Motion], allowing Guo to accrue substantial voting power in [Link Motion]. . . .
> The Receiver maintains that the expenses were legitimate. . . .
>     . . . . [T]o reserve judicial resources and avoid conflicting orders, the Court reserves its decision . . . and extends the injunction [enjoining shareholder meetings] until the Receiver's accounting of expenses, *including Guo's*, is resolved.

3

> Those issues are set to be resolved soon. Magistrate Judge Figueredo . . . has directed the Receiver to address Guo's expenses and compensation.

(Id. at 2-3 (emphasis added).)

Judge Figueredo issued the R&R on August 11, 2023. She recommended that the Receiver's accounting as of November 18, 2022 be approved and that all expenses submitted by the Receiver as of that date be borne by Link Motion. (See R&R at 1.) She additionally found that the Receiver's attempt to call a shareholder meeting "so that shareholders could vote on Shi's removal" was, "given Shi's actions," carried out for "the genuine benefit of [Link Motion]." (R&R at 25.) Judge Figueredo called for supplemental briefing (1) on Shi's objections to Guo's expenses and compensation and (2) on the Receiver's veil-piercing argument. (See id. at 27-28.) She directed the parties to propose a briefing schedule on these issues and stated that she would resolve them "in a separate Report and Recommendation." (Id. at 28.) Further, Judge Figueredo recommended that the Receiver "not be discharged until these remaining issues are resolved by the Court following supplemental briefing." (Id.)

On August 18, 2023, counsel for Shi submitted to Judge Figueredo a joint letter on behalf of Shi, the Receiver, and plaintiff Wayne Baliga ("Baliga"). (See Dkt. No. 467.) The parties proposed a briefing schedule with respect to "the

4

issue of Mr. Guo's expenses" and stated that after "a Report & Recommendation is issued concerning Guo's expenses, the parties will meet and confer regarding a schedule concerning supplemental briefing concerning the Receiver's fee-shifting application," by which counsel presumably meant the Receiver's request to pierce the corporate veil. (Id.; see also Objs. at 18 (citing Dkt. No. 467).) The parties have now briefed the dispute over Guo's expenses, and Judge Figueredo has not yet issued a Report & Recommendation resolving that dispute.

On September 11, 2023, Baliga filed his third amended complaint. (See Dkt. No. 470.) On October 11, 2023, Shi moved to dismiss the common law fraud claim in the third amended complaint. (See Dkt. No. 480.) Shi's counsel also purported to file the motion on behalf of Link Motion. (See id.) On October 16, 2023, the Court referred the motion to dismiss to Judge Figueredo. (See Dkt. No. 483.) On October 25, 2023, Baliga requested an extension of time to file opposition papers to the motion to dismiss and stated that he "does not concede that [Shi's counsel] had authority to file the [motion] on behalf of Link Motion." (Dkt. No. 489.) Judge Figueredo granted the extension (see Dkt. No. 492), and after a conference, Judge Figueredo ordered "briefing in connection with Baliga's challenge to Dr. Shi's attorneys also

5

representing Link Motion" (Dkt. No. 500). She further stated that "deadlines associated with the pending motion to dismiss are hereby stayed pending the resolution of this matter." (Dkt. No. 500.) The issue of whether Shi's counsel has authority to represent Link Motion in connection with the motion to dismiss has been briefed (see Dkt. Nos. 505–07) but not yet resolved by Judge Figueredo.

Meanwhile, Shi filed the Objections to the R&R regarding the Receiver's accounting on September 15, 2023. (See Objs. at 19.) Shi objected to, among other things, Judge Figueredo's recommendation that the Receiver not be discharged pending the resolution of the disputes over Guo's expenses and over the Receiver's veil-piercing request. (See id. at 18–19.) He filed supplemental objections on October 31, 2023 (see Dkt. No. 494), with leave of the Court (see Dkt. No. 497). Baliga and the Receiver filed response papers on November 30, 2023. (See Dkt. Nos. 503–04.) These Objections and supplemental objections are the only issues in this matter currently pending before this Court. All other issues remain before Judge Figueredo.

Finally, the Court notes two further developments. *First*, the Receiver on October 11, 2023 filed a letter advising the Court that Maples Group, Link Motion's registered agent in the Cayman Islands, had told the Receiver

6

that due to Link Motion's failure to pay an invoice, Maples Group terminated its appointment as Link Motion's registered agent and would notify the Cayman Islands Registrar of Companies accordingly. (See Dkt. No. 479.) Maples advised the Receiver that Link Motion is "obliged to maintain a registered office in the Cayman Islands, failing which the Registrar of Companies will list the Company for striking from the Register [of Companies] and ultimately the assets of the Company will vest in the Cayman Islands government." (Id. (emphasis removed) (quoting id. Ex. A).) The Receiver wrote to the Court that in light of a Court order requiring the Receiver to preserve the status quo, the Receiver took no action in response to the Maples invoice other than to inform Maples Group that the Receiver "is required to preserve the status quo and has no funds." (Id.) The Receiver had previously filed in this Court similar letters and accompanying requests "that the Court order defendant Shi to deposit [funds] with the Receiver in order to facilitate payment to Maples." (Dkt. No. 453.) Given that they seek payment directly from Shi, these requests appear related to the Receiver's request to pierce the corporate veil.

Shi filed a letter in response on October 13, 2023. (See Dkt. No. 482.) Shi wrote that any striking from the Register of Companies "would not occur until the end of January 2024

7

at the earliest" and that even if Link Motion "is struck from the Register of Companies, it may apply to be reinstated at any time within 10 years." (Id. at 1–2.) Shi further argued that the Court "should exercise its discretion to discharge the Receiver and return control over [Link Motion] to the board of directors so that the board of directors can . . . retain a new registered office in the Cayman Islands." (Id. at 3.)

*Second*, on November 9, 2023, Baliga asked the Court to enter a mediation referral order, writing that given the "precarious status of Link Motion Inc. in the Cayman Islands, Baliga believes that this would be an appropriate time to refer this case for mediation." (Dkt. No. 498.) Shi objected, stating that mediation was premature because it was "not possible to fully and finally settle all claims in this case at a mediation" before the discharge of the Receiver. (Dkt. No. 501.) The Court denied Baliga's request without prejudice, stating that he "may renew the request at a later point in the litigation, after discharge of the Receiver." (Dkt. No. 502.)

## II. STANDARD OF REVIEW OF THE R&R

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court may designate a magistrate judge to

8

submit recommendations for the disposition of certain motions. A party may object in writing to the magistrate judge's recommendations, and the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). "The district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." Morris v. Local 804, Int'l Brotherhood of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order); see Minto v. Decker, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (same).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence *or recommit the matter to the magistrate judge with instructions*." 28 U.S.C. § 636(b)(1) (emphasis added); see Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

After a de novo review, the Court concludes that the public interest in judicial efficiency counsels in favor of an approach that would consolidate the issues in this matter for a global resolution that would both settle the dispute

9

over control of Link Motion and move this case into discovery. See Stutson v. United States, 516 U.S. 193, 197 (1996) (per curiam) (stating that judicial efficiency is an "important value[]"); United States v. Nieves, 58 F.4th 623, 639 n.6 (2d Cir. 2023) (stating that judicial efficiency "is an important value in busy district courts"). As courts have observed, "[t]he goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." Winder v. Berryhill, 369 F. Supp. 3d 450, 454 (E.D.N.Y. 2019) (quoting McCarthy v. Manson, 554 F. Supp. 1275, 1286 (D. Conn. 1982)). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." Id. at 454-55 (quoting Toth v. N.Y.C. Dep't of Educ., No. 14 Civ. 3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017)).

The Court therefore makes two rulings. *First*, Shi's objection to Judge Figueredo's recommendation in the R&R that the Receiver not be discharged pending the resolution of the disputes over Guo's expenses and the Receiver's veil-piercing claim (see Objs. at 18-19) is hereby overruled with prejudice. These issues are clearly intertwined with each other and with the Receiver's accounting, i.e., with the subject of the R&R pending before this Court. Indeed, the parties raised

arguments concerning Guo's expenses and veil piercing when briefing the validity of the Receiver's accounting before Judge Figueredo. (See R&R at 27.) Further, the accounting and Guo's expenses are both tied to the rationale for the injunction that currently prohibits the Receiver and Guo from convening a shareholder meeting. (See Dkt. No. 440 at 2–3.) Finally, Shi cites no legal authority to support his contention that Judge Figueredo's recommendation should be reversed. (See Objs. at 18–19.)

*Second*, Shi's remaining Objections (including the supplemental objections, see Dkt. No. 494) are hereby overruled without prejudice, and the Court hereby recommits this matter to Judge Figueredo with instructions to consolidate as many pending issues in this case as reasonably possible and to resolve all issues so consolidated in one global Report & Recommendation. Judge Figueredo, in doing so, may simply incorporate the existing R&R on the Receiver's accounting into any future global Report & Recommendation, thereby in effect re-issuing the R&R on the accounting as already written along with forthcoming recommendations on the related issues still pending before her.

Judicial efficiency is best served by proceeding in this manner. If this case continues on its current trajectory, the Court will — given the tendency of the parties in this action

11

to file objections to opinions issued by the Magistrate Court (see, e.g., Dkt. Nos. 225, 293–94, 330) — potentially need to resolve *four (4)* sets of objections to *four (4)* different Magistrate Court opinions before the Receiver can be discharged, the receivership's unfunded liabilities can be paid, and the parties can proceed to discovery:

- (1) the current R&R regarding the Receiver's accounting;
- (2) a forthcoming Report & Recommendation on the propriety of Guo's expenses and compensation;
- (3) a forthcoming Report & Recommendation on the veil piercing issue, which under the status quo will not be briefed in Magistrate Court until after Judge Figueredo issues her Report & Recommendation on Guo's expenses; and
- (4) a forthcoming Report & Recommendation on the pending motion to dismiss the common law fraud claim in the third amended complaint, which under the status quo will not be decided until after Judge Figueredo resolves the dispute over whether Shi's counsel is authorized to represent Link Motion in connection with the motion.

Such a piecemeal approach would not be an efficient use of the Court's limited resources. See Stutson, 516 U.S. at 197; Nieves, 58 F.4th at 639 n.6; Winder, 369 F. Supp. 3d at 454–55. The Court instead directs that all pending issues be consolidated in Magistrate Court to the extent possible. After such consolidation, the Court will be able to, at one time rather than in piecemeal fashion, address any and all

objections to recommendations made by Judge Figueredo with respect to the consolidated issues.

The Court therefore returns the matter to Judge Figueredo for further proceedings consistent with this Decision and Order.

## IV.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the objections and supplemental objections (see Dkt. Nos. 472, 494) raised by defendant Vincent Wenyong Shi ("Shi") to the Report & Recommendation (the "R&R," see Dkt. No. 466) issued August 11, 2023 by Magistrate Judge Valerie Figueredo ("Judge Figueredo") in this action, upon the Court's de novo review, are hereby **OVERRULED** without prejudice, except as otherwise stated in this Order; and it is further

**ORDERED** that, notwithstanding any statement in the previous paragraph, Shi's objection (see Dkt. No. 472 at 18-19) to the R&R's recommendation that Receiver Robert W. Seiden not be discharged until certain issues and/or disputes still pending before Judge Figueredo are resolved is hereby **OVERRULED** with prejudice; and it is further

13

**ORDERED** that this matter is hereby recommitted to Judge Figueredo for further proceedings consistent with this Decision and Order.

**SO ORDERED.**

Dated:   21 May 2024
         New York, New York

                                         Victor Marrero
                                           U.S.D.J.

14