# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York**

_322 Eighth Avenue Suite 1200 New York, NY 10001 (212) 523 – 0686  rseiden@seidenlaw.com_

**VIA ECF**

Hon. Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

June 11, 2024

Re: _Baliga, et al. v. Link Motion Inc., et al._, 1:18-cv-11642-VM-VF (S.D.N.Y.)

Dear Judge Figueredo,

I write in response to Defendant Wenyong Shi's ("Shi") letter dated June 13, 2024 ("June 14 Letter"; ECF 514) relating to Mr. Lilin Guo's ("Mr. Guo") invoices.

Your Honor ordered the Receiver to provide "a full categorization" of documents previously submitted to this Court. ECF 509. That is what was submitted. _See_ ECF 513. No new invoices were created nor was any new substantive work product submitted. As will be explained below, Shi and his counsel have misread the Receiver's chart. Yet, rather than simply confer with the Receiver to clarify any confusion, Shi has taken the opportunity to once again impose unnecessary cost and burden on the Receiver (and on this Court) by jumping to incorrect conclusions, making improper and baseless allegations against Receiver and filing improper sur-reply argument. These matters have already been fully briefed before your Honor, and no leave was provided to submit any additional argument. The Court should therefore disregard Shi's June 14 Letter in its entirety.

Shi alleges that Mr. Guo's expenses "claimed in this new submission … amount[] to $1,046,981.82," which is different from Mr. Guo's prior statement, "$617,610.28." ECF 514 at 2 (citing ECF 513-2 and ECF 486). This is incorrect.

In certain instances, the Receiver's chart included different types of documentation for the _same_ transaction, including payment records and tax records. For example, at the line entitled "Page 24-26" (_See_ (ECF 513-2 at 3), the chart lists a 7,207 RMB payment for translation services made on March 11, 2020, and two corresponding VAT invoices (for 1,062 RMB and 6,145 RMB) for this 7,207 RMB payment.[1]  In this instance, Mr. Guo paid 7,207 RMB for translation services. But Shi erroneously double counted the 7,207 RMB payment, apparently assuming that the tax invoices reflected an additional 7,207 RMB payment.  That is not the case; the VAT invoices merely provide information about a payment that has already been made.  By double-counting in

---

[1] VAT invoices (which are required by PRC tax regulations) document the value of goods or services, and the amount of the associated VAT tax which the vendor is required to pay to the government.

# Robert W. Seiden

**Court-Appointed Temporary Receiver for Link Motion Inc.
Pursuant to The Honorable Judge Victor Marrero of the
United States District Court, Southern District of New York**

this instance (and apparently many others), Shi comes to the false conclusion that Guo's expenses total $1,046,981.82 instead of the $617,610.28 that Guo previously claimed.   Contrary to Shi's contention, Guo's expenses total $617,610.28.

Another example is Mr. Guo's payment to Kobre & Kim.  At the line entitled "Page 52-57" (ECF 513-2 at 5), the chart lists a 378,386.43 RMB payment to Kobre & Kim.  The chart lists six different documents that pertain to this payment, including a cover sheet for this payment that was prepared for accounting purposes (labeled in the chart as 303-4 (dated 6/10/2020)), a wire transfer record for the 378,386.43 RMB payment (labeled in the chart as Transaction No. 2020 062449802368), as well as four VAT receipts which reflect, in the aggregate, the very same 378,386.43 RMB payment.  Yet Shi erroneously triple counted these entries, mistakenly concluding that the chart reflects *three* 378,386.43 RMB payments instead of one.

Shi could have easily avoided these errors by examining the underlying documentation (or inquiring with our office).  It is clear, for example, that VAT receipts are not the same thing as wire transfer records.  But instead of doing any diligence, Shi and his counsel chose (as they have repeatedly done throughout these proceedings) to make baseless accusations about the Receiver's work, causing the Receiver unnecessary additional burden and expense.

If your Honor has any further questions or concerns, please do not hesitate to contact me.

Respectfully submitted,

_____
Robert W. Seiden, Esq.
Court-Appointed Temporary Receiver
for Link Motion Inc.

cc:      All Counsel of Record