# FELICELLO

Michael James Maloney[*]
Partner

Felicello Law P.C.
1140 Avenue of the Americas
9th Floor
New York, NY 10036

Tel. +1 (646) 564-3510
mmaloney@felicellolaw.com

March 10, 2020

VIA EMAIL AND REGULAR MAIL

Seiden Law Group LLP
a/k/a The Seiden Group
469 Seventh Avenue, 5th Floor
New York, New York 10018
Attn: Jacob Nachmani, Esq.

Michael Cilento, Esq.
c/o Seiden Law Group LLP
469 Seventh Avenue, 5th Floor
New York, New York 10018

Re:    *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642 (the "Action")

Dear Mr. Nachmani:

This firm represents Vincent Wenyong Shi ("Mr. Shi") in the above-referenced action. On December 13, 2018, Michael Cilento, Esq. ("Cilento"), then counsel at Seiden Law Group LLP (a/k/a The Seiden Group, "SLG"), filed the Verified Shareholder Derivative Complaint in this Action, which was verified by Plaintiff Wayne Baliga ("Plaintiff"). (ECF Dkt. No. 1). In the complaint, Plaintiff purports to bring derivative claims, in accordance with Fed. R. Civ. Proc. 23.1, against Mr. Shi and others on behalf of Link Motion Inc. (the "Company").

Under Rule 23.1 and applicable law, Plaintiff would only have standing to bring derivative claims on behalf of the Company if he was the title owner of shares of the Company at the time of the challenged transactions, was title owner of shares of the Company at the time he commenced the Action, and continues to be title owner of shares of the Company throughout the Action. In his pleading, Plaintiff alleges in a conclusory manner only that he was "shareholder" of the Company. (ECF Dkt. No. 1, at ¶ 4). He failed to allege that he was a registered shareholder whose name appears on the register of shareholders of the Company.

On March 5, 2020, China AI Capital Limited ("China AI") filed an amended motion to intervene as of right pursuant to Fed. R. Civ. Proc. 24(a)(2). (ECF Dkt. Nos. 122 to 123-4). In support of the motion, China AI submitted (i) a copy of the register of shareholders of Link Motion Inc. (the "Company") as of October 22, 2018; and (ii) the declaration by Katie L. B. Pearson, dated May 3,

Seiden Law Group LLP and
Michael Cilento, c/o Jake Nachmani, Esq.
March 7, 2020
Page 2 of 4

2020 (the "Pearson Decl."). (ECF Dkt. Nos. 123-2 and 123-4). The register of shareholders shows that Plaintiff was not, in fact, a registered shareholder of the Company as of October 22, 2018.

I note that "Exhibit H" to Plaintiff's affidavit, dated April 26, 2019 (ECF Dkt. No. 49-8) purports to set forth all transactions of Plaintiff in the Company's securities. Each transaction set forth in that exhibit appears to show purchases and sales of securities trading under the symbols "NQ" or "LKM" on the New York Stock Exchange (the "NYSE"). As is evident from even a cursory review of the Company's filings available on the S.E.C.'s EDGAR website, the only securities of the Company listed on NYSE are American Depositary Shares ("ADSs") and, therefore, each of the securities listed on Exhibit H to Plaintiff's affidavit must be ADSs and not common shares of the Company. Accordingly, it is evidently clear that contrary to Plaintiff's conclusory and unsupported allegations, he is the holder of ADSs and not a registered shareholder of the Company.

As set forth more fully in the Memorandum of Law filed by China AI, the laws of the Cayman Islands control whether the holder of ADSs has standing to assert derivative claims on behalf of the Company. (ECF Dkt. 123-1, at pp.1-2). Under the laws of the Cayman Islands that govern the internal affairs of the Company, holders of ADSs, such as Plaintiff, do not have legal standing to assert derivative claims on behalf of the Company. *See* Pearson Decl. *and* Memorandum of Law of China AI, dated March 5, 2020, at pp.1-2 (ECF Dkt. No. 123-1) *citing Cannonball Fund, Ltd. v. Dutchess Capital Mgmt., LLC*, 33 Mass. L. Rptr. 626 (Super. Ct. 2016); *Howe v. Bank of N.Y. Mellon*, 783 F. Supp. 2d 466, 475 (S.D.N.Y. 2011) (applying Cayman Islands law to find that plaintiff has no standing to bring derivative claims); *Winn v. Schafer*, 499 F. Supp. 2d 390, 395 (S.D.N.Y. 2007).

Accordingly, it appears that Baliga's allegations that he was a "shareholder" are at best misleading and at worst fraudulent on their face.[1] Baliga did not have legal standing to bring derivative claims against my client at the time he commenced this action.

Rule 11 mandates that "[e]very pleading . . . must be signed by at least one attorney of record in the attorney's name..." Fed. R. Civ. P. 11(a). By signing the pleading, the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading, at a minimum, contains "claims, defenses, and other legal contentions [that] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See* Fed. R. Civ. P. 11(b)(1)-(2).

---

[1] On March 9, 2020, I sent to Jacob Nachmani, Esq., current counsel for Plaintiff, an email requesting confirmation that Plaintiff is in fact the holder of only ADSs and not a registered shareholder of the Company. Mr. Nachmani was unable to respond immediately and requested four weeks to prepare Plaintiff's opposition to the motion or otherwise determine Plaintiff's next course of action. At this time, we are not aware of any conduct by Mr. Nachmani that would implicate Fed. R. Civ. Proc. 11. Mr. Shi nonetheless reserves all rights.

Seiden Law Group LLP and
Michael Cilento, c/o Jake Nachmani, Esq.
March 7, 2020
Page 3 of 4

The case law cited by China AI establishes that the holder of ADSs issued by a Cayman Islands company has no standing to bring derivative claims. Indeed, the Company's own Form F-1 from 2011 disclosed this fact when it was filed with the S.E.C. in 2011.

Yet, Plaintiff has signed a verification of at least one pleading in which he falsely stated that he was a "shareholder" of the Company and that he could adequately represent the shareholders of the Company to sue derivatively. (ECF Dkt. No. 1). Attorney Michael Cilento signed the same pleading on behalf of SLG and also the First Amended Verified Shareholder Derivative Complaint, both of which falsely allege that Plaintiff has legal standing to bring derivative claims. (ECF Dkt. Nos. 1, 64, and 68). Plaintiffs, SLG and Mr. Cilento have also signed other papers submitted to the Court containing the same false allegations or that were otherwise false because they omitted to state the fact that Plaintiff is not, and never was, a shareholder of the Company. (*See*, *e.g.*, ECF Dkt. Nos. 24, 49, 51). Rule 11 mandates that Attorney Cilento and SLG not submit misleading claims or other legal contentions to the Court.

It is now evident that neither Plaintiff nor SLG performed any reasonable investigation whatsoever as to Plaintiff's standing before this Action was commenced. It is "fundamental to Rules 11 and 23.1 . . . , that the Court be assured that some person, party, attorney, advisor, or otherwise has responsibly investigated the allegations at the behest of the named plaintiff, who then stands behind the merits of the complaint. . . ." *Rogosin v. Steadman*, 65 F.R.D. 365, 367 (S.D.N.Y. 1974). When this fundamental requirement is not met, Courts may "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Rule 11(c)(1).

Indeed, the procedural history of this case calls into question whether or not Plaintiff is nothing more than a puppet of SLG. In his reply affidavit, date January 24, 2019 (ECF Dkt. No. 24), Plaintiff states that he retained SLG specifically for the purpose of having SLG's managing partner, Robert W. Seiden, appointed as receiver over the assets of the Company. In that capacity, the Receiver has seized valuable assets of the Company from which he had paid himself and presumably SLG.

In light of the revelation of Plaintiff's lack of standing to act derivatively, we know now that the entire basis on which Mr. Seiden was appointed as Receiver, *i.e.*, Plaintiff's representation of the shareholders of the Company, was fraudulent.

Therefore, on behalf of Mr. Shi, we hereby demand the following:

i.    Plaintiff stipulate to the dismissal with prejudice of all causes of action asserted on a derivative basis,

ii.   Plaintiff stipulate to the discharge of the Receiver, and the return of Company's affairs and assets to the *status quo ex ante*.

Seiden Law Group LLP and
Michael Cilento, c/o Jake Nachmani, Esq.
March 7, 2020
Page 4 of 4

    iii.    Plaintiff and his counsel reimburse Mr. Shi and the Company for all costs and expenses incurred in this action and otherwise as a result of the appointment of the Receiver. (We will provide an itemized list of costs and expenses at a later date.)

Please take notice that in the event that Plaintiff, SLG, and Attorney Cilento fail to withdraw the false and misleading papers, claims, and legal contentions discussed herein, Mr. Shi will request that the Court award sanctions against Plaintiff, SLG, and Attorney Cilento.

Sincerely,

*/s/ Michael James Maloney*

Michael James Maloney

cc:    Dov Gold, Esq. (via email)
       Jae H. Cho, Esq. (via email)