

Robert W. Seiden, Esq.
Steve E. Seiden, Esq.
Michael Stolper, Esq.
Amiad Kushner, Esq.
Jake Nachmani, Esq.
Adam Rosen, Esq.
Richard Frankel, Esq.
Dov B. Gold, Esq.
Andrew Sklar, Esq.
Xintong Zhang, Esq.
Priya Lehal, Esq.
Kayla Conway, Investigator
Nat Francis, Snr. Investigator
Olivia Johann, Analyst
Lily Dempsey, Legal Assistant

322 Eighth Avenue
Suite 1704
New York, NY 10001 USA
+1.212.523.0686
www.seidenlawgroup.com

November 2, 2022

VIA EMAIL

Michael Maloney
Felicello Law P.C.
366 Madison Avenue, 3rd Fl.
New York, NY 10017

Re: *Baliga v. Link Motion Inc. et al.*, 1:18-cv-11642 (S.D.N.Y.) (VM) (VF)

Dear Michael,

We write on behalf of Robert Seiden in his capacity as the Court-appointed temporary receiver ("Receiver") in response to Defendant Vincent Wenyong Shi's ("Defendant Shi") notice of demand for inspection of the Receiver's Accounts sent on October 3, 2022 (the "Demand").[1]  As explained below, the Demand is improper.

**CPLR 6404 Is Not Applicable To A Federal Receiver**

The Demand is purportedly made "pursuant to N.Y. CPLR 6404 and Fed. R. Civ. Proc. 66." However, neither of these rules provides a valid basis for seeking discovery from a receiver appointed in a federal court.  Discovery in the federal courts is governed by the Federal Rules of Civil Procedure, not the CPLR; the Demand fails to explain how the CPLR applies.

There is also no basis for the Demand under Federal of Civil Procedure 66 ("Rule 66").  Rule 66 states that "***the practice in administering an estate*** by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule."  However, as the Second Circuit explained, the term "administration" as used in Rule 66 "means the receiver's dealings with the property, and the 'practice' in such administration refers to orders he must get to allow him to dispose of the property, to spend money to protect it, to distribute it among the creditors or lienors, and the like."  *Phelan v. Middle States Oil Corp.*, 210 F.2d 360, 363 (2d Cir. 1954).  The Second Circuit held that applying Rule 66 to a Receiver's accounting would be a "***strained and improper construction***."  *Id*. (emphasis added).

---

[1] We note that while the Demand states that it is on behalf of Defendant Shi and *Link Motion Inc.* ("LKM"), any demand on behalf of LKM is improper. Felicello Law has no authority to represent LKM.

1



Likewise, in *S.E.C. v. Am. Bd. Of Trade, Inc.*, where the Defendant requested the "Receiver's Accounts" pursuant to CPLR 6404, the court held that "***it is well established in [the Second Circuit] that a receiver's accounting is governed by the Federal Rules of Civil Procedure***." *See* No. 83 CIV. 6213 (SWK), 1988 WL 30399, at *3 (S.D.N.Y. Mar. 4, 1988) ("It is clear that the New York's CPLR [6401-6404] does not bind the Receiver").  Accordingly, the court denied "Defendant's motion for a presentation of the Receiver's written accounts and records [pursuant to CPLR 6404]." *Id*. at *4.

Defendant Shi's Demand is improper for these reasons alone.

**Defendant Shi's Improper Circumvention Of The Court's Accounting Order**

The Demand also amounts to an impermissible end run around Judge Marrero's September 29, 2022 Order (ECF 359; the "Accounting Order").

On August 25, 2022, Judge Marrero ordered that "the parties file a proposed schedule for conducting an accounting of the receivership prior to discharging the receiver." *See* ECF 331 at 23.  After the parties and the Receiver were unable to come to an agreement, the Receiver and Defendant Shi each separately filed a proposed schedule for an accounting. *See* ECF 353, 355.  Importantly, Defendant Shi's schedule proposed that "the Receiver shall file with the Court his accounts of the receivership, together with all records required to be kept pursuant to N.Y. CPLR § 6404 and any other records on which the Receiver intends to rely in support of his request for approval of his accounts[.]"  ECF 355 at 2. On September 29, 2022, Judge Marrero issued the Accounting Order, which rejected Defendant Shi's proposal that the Receiver file with the Court "all records required to be kept pursuant to N.Y. CPLR § 6404."   Indeed, far from permitting any discovery from the Receiver before the Receiver's November 18 deadline to submit an accounting, the Accounting Order only provides for requests to "supplement the Accounting with any additional documentation."

In light of the foregoing, the Demand is an improper attempt to circumvent the Court's orders.

                                          Very truly yours,

                                          */s/ Amiad Kushner*
                                            Amiad Kushner