# SEIDEN | LAW

**VIA ECF**

Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

June 11, 2025

Re: *Baliga, et al. v. Link Motion Inc., et al.*, 1:18-cv-11642-VM-VF (S.D.N.Y.)

Dear Judge Marrero,

      We write on behalf of Robert Seiden, the former Court-appointed temporary receiver ("Mr. Seiden")[1] for Link Motion Inc. ("LKM"). As further explained below, Mr. Seiden respectfully requests that the Court stay any obligation that Mr. Seiden produce LKM documents (or enter into any stipulation with LKM regarding the termination of the Cayman and Hong Kong receiverships) until the Court resolves the dispute between Francis Lilin Guo ("Guo") and Vincent Wenyong Shi ("Shi") concerning LKM's management. In the alternative, Mr. Seiden specifically requests guidance with respect whether Felicello Law P.C. ("Felicello Law") is an authorized representative of LKM that Mr. Seiden can communicate with for purposes of addressing these matters.

      On May 29, 2025, following this Court's discharge of Mr. Seiden as Receiver on May 19, 2025, *see* ECF No. 549, counsel for Vincent Wenyong Shi, Michael Maloney of Felicello Law, sent Mr. Seiden a letter purportedly on behalf of both Shi and LKM demanding the "immediate return" of all of LKM's corporate books and records as well as Mr. Seiden's consent to enter a stipulation terminating the receiverships in the Cayman Islands and Hong Kong. *See* **Exhibit A** ("[w]e represent Link Motion, Inc. [] and Vincent Wenyong Shi in the above-referenced matter…"). According to a subsequent June 3, 2025 email from Felicello Law, Shi had convened an LKM board meeting on May 30, 2025 at which the board voted to retain Shi's counsel as counsel for LKM. *See* **Exhibit B**.

      Mr. Seiden does not oppose the turnover of all documents and information in his possession belonging to LKM. His sole concern is ensuring that the requesting party is a duly authorized representative of LKM with the proper authority to request and receive such documents. This is especially important as Mr. Seiden is currently in possession of privileged communications between LKM and its former counsel, DLA Piper, which has been embroiled in litigation with Shi concerning its prior representation of LKM. Having been terminated as receiver, Mr. Seiden neither intends to waive nor has the authority to waive LKM's attorney-client privilege. Mr. Seiden similarly does not oppose executing any necessary documents to formally terminate the receiverships in the Cayman Islands and Hong Kong, provided that any

---

[1] Mr. Seiden's appointment as the receiver of LKM was formally terminated by the Court on May 19, 2025. *See* ECF No. 549.

# SEIDEN | LAW

such documents are executed with a duly authorized representative of LKM possessing the requisite authority.

As Your Honor may recall, on April 17, 2019, pursuant to the terms of the Receivership Order, Mr. Seiden removed Shi as Chairman of the Board of Directors of LKM and appointed Guo as Interim Chairman. *See* ECF No. 43 at 3 ¶ 10. Mr. Seiden understands that the Court's termination of the receivership did not undo Guo's appointment. In the June 3 letter, however, Felicello Law disputed the effectiveness of Guo's appointment under Cayman law and argued that it is Cayman law that governs. Guo, in his capacity as both shareholder and Interim Chairman, had also been temporarily enjoined by this Court from convening a noticed extraordinary general meeting ("EGM") of LKM shareholders, one purpose of which was to reconstitute the LKM board of directors. *See* ECF No. 421-3 and 421-4. On June 10, 2025, Guo, through his counsel, submitted a letter motion requesting the Court's clarification whether Guo or Mr. Seiden may re-notice and convene the previously noticed EGM.[2] *See* ECF No. 554.

In light of the foregoing circumstances and Guo's request to convene an EGM for the purpose of changing LKM's management team, Mr. Seiden respectfully requests that the Court stay any obligation that Mr. Seiden produce LKM documents (or enter into any stipulation with LKM regarding the termination of the Cayman and Hong Kong receiverships) until the Court resolves the dispute between Mr. Guo and Shi concerning LKM's management. In the alternative, Mr. Seiden respectfully seeks the Court's guidance and instruction as to whether Felicello Law is an authorized representative of LKM to whom Mr. Seiden should turn over the LKM documents and information currently in his possession, and with whom Mr. Seiden may communicate with in order to terminate the Hong Kong and Cayman receiverships.

Respectfully submitted,

*/s/ Xintong Zhang*
Xintong Zhang

Cc:
All counsel (via ECF)

---

[2] Notably, the Court has repeatedly found that the EGM is in the best interest of LKM. *See* ECF Nos. 466 at 25; and 549 at 28-29.