# EXHIBIT B

| | |
|---|---|
| **From:** | Michael Maloney |
| **To:** | Xintong Zhang |
| **Cc:** | Amiad Kushner; Jennifer Blecher; Robert Seiden; Rosanne Felicello |
| **Subject:** | Re: Baling v Link Motion Inc. et al. |
| **Date:** | Tuesday, June 3, 2025 9:18:18 AM |
| **Attachments:** | 20200204 - Cayman Ruling.pdf |
| | 20200204 - Cayman Order.pdf |

Tony,

Please note my responses as follows:

Books and Records.

Now that the Receiver has been discharged, Link Motion is free to retain counsel of its choice. At a meeting of the board of directors held on Friday, May 30, 2025, the Board voted in favor of retaining Felicello Law PC to represent Link Motion in the Baliga case, to assist with return of books and records, and to facilitate the discharge of the receivership in Cayman Islands and Hong Kong.

You contention that Mr. Shi has been removed as a director is wrong. Pursuant to the Cayman court's rulings, the Receiver had no power to remove Mr. Shi from his position as a director and, therefore, all prior actions by the Receiver to do so are void ab initio. See attached.

Accordingly, we request that you promptly deliver all books and records of Link Motion currently in Mr. Seiden's possession. All electronic records should be uploaded to the link previously provided. Tangible records should be delivered to my offices at 366 Madison Avenue, FL3, New York, NY 10017. We also demand the production of credentials sufficient to return access and control to the following accounts:

- Facebook;
- Apple;
- Google;
- Domain name nq.com;
- Domain name lkmotion.com;
- All other electronic accounts;
- All bank accounts referred to in Mr. Seiden's accounting; and
- All other asset referred to in Mr. Seiden's accounting.

Cayman and Hong Kong Receiverships

As discussed above, we have been retained by Link Motion to facilitate the discharge of the receiverships in these jurisdiction. Although we do not believe that notice to the NY Court is necessary, please describe more fully the notice you contemplate so that we can consider your proposal. We will provide proposed stipulations after we consult with Cayman and Hong Kong

counsel.

Michael James Maloney

Partner
mmaloney@felicellolaw.com  |  LinkedIn  |  +1 (646) 564-3510
Felicello Law P.C., 366 Madison Avenue, FL3, New York, NY 10017

Notice: This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Xintong Zhang <xzhang@seidenlaw.com>
**Date:** Monday, June 2, 2025 at 11:47
**To:** Michael Maloney <mmaloney@felicellolaw.com>
**Cc:** Amiad Kushner <akushner@seidenlaw.com>, Jennifer Blecher <jblecher@seidenlaw.com>, Robert Seiden <rseiden@seidenlaw.com>, Rosanne Felicello <Rosanne@felicellolaw.com>
**Subject:** RE: Baling v Link Motion Inc. et al.

Counsel,

We are writing in response to your letter dated May 29, 2025 (the "Letter"), concerning the corporate books and records of Link Motion Inc. ("LKM").

*Books and Records*

Mr. Robert W. Seiden does not object to turning over LKM's corporate books and records to the company or to an individual authorized to act on behalf of LKM. However, it remains unclear who currently has the authority to represent LKM in this matter.

While your Letter states that you are making this request on behalf of both LKM and Mr. Wenyong Shi ("Mr. Shi"), we note that, according to the Court's latest order (ECF 549), the Court permitted Felicello Law to represent LKM and Mr. Shi solely for the limited purpose of moving to partially dismiss the Plaintiffs' Third Amended Complaint. *See* ECF 549 at p. 37 (adopting the November Report's recommendation "permitting Felicello to represent Shi and Link Motion for the limited purpose of moving to partially dismiss the TAC").

Accordingly, it is unclear whether your firm is authorized to represent LKM in connection with the document request outlined in your Letter. Mr. Seiden would require further clarification or confirmation from the Court or an appropriately authorized individual before proceeding with the requested turnover.

With respect to the request made on behalf of Mr. Shi, we respectfully request clarification regarding the capacity in which Mr. Shi is making this request. Specifically, please confirm the role under which Mr. Shi is seeking access to LKM's corporate books and records.

As you are aware, Mr. Shi's managerial roles-namely, as Chairman and an officer of LKM-were removed by Mr. Seiden (when was the Court-appointed Receiver) in 2019. *See* ECF 43.  Further, on March 9, 2020, Magistrate Judge Freeman issued a Report and Recommendation (ECF 275, the "Freeman R&R") recommending the termination of the receivership.  However, the Freeman R&R expressly stated that "in light of the fact that the Receivership Order was properly authorized in the first instance, and Shi has not persuasively shown that the actions of the Receiver, taken as a whole, have been detrimental to the Company (as opposed to detrimental to Shi, himself), ***none of the actions taken by the Receiver should be required by the Court to be unwound***." *See* ECF 275 at p. 41 (emphasis added).  Indeed, Magistrate Judge Freeman further noted: "Nor do I recommend that the Court direct Shi be reinstated to his prior positions of Chairman of the Board and Chief Operating Officer of the Company, or that any other former Directors of the Company who may have been removed by the Receiver be ordered reinstalled." *Id*.  The Court adopted the Freeman R&R in its entirety on August 25, 2022. *See* ECF 331.

Accordingly, it is Mr. Seiden's understanding that Mr. Shi does not currently hold any corporate office or board position at LKM and therefore may not be entitled to request LKM's corporate records in such capacity.

Please clarify the basis of Mr. Shi's authority to make this request and identify the role or legal standing under which the request is being made.

*Cayman and Hong Kong Receivership*

In light of Judge Marrero's order terminating the receivership, Mr. Seiden does not object to the termination of the receivership in the Cayman Islands and Hong Kong, provided there is appropriate advance notice to the New York court and that Cayman/Hong Kong procedures are followed.   We understand that you are proposing to terminate the Cayman/Hong Kong receiverships via a stipulation between Mr. Seiden and LKM, but (for the reasons discussed above) any such stipulation must made with a duly authorized representative of LKM.  We have also been looking into Cayman/Hong Kong procedure in order to determine whether Mr. Seiden could file appropriate papers with the respective courts in those jurisdictions.

*Mr. Guo's Representation*

Please be advised that neither Mr. Robert W. Seiden nor Seiden Law LLP has ever been retained by Mr. Lilin "Francis" Guo ("Mr. Guo"), and we do not represent him in any capacity, nor do we have any intention to do so. At this time, we are not aware of any legal counsel currently representing Mr. Guo. However, his most recent contact email address on file is: glltrend@vip.163.com.

Best reghards,
Tony

---

**From:** Amiad Kushner <akushner@seidenlaw.com>
**Sent:** Thursday, May 29, 2025 8:55 AM
**To:** Xintong Zhang <xzhang@seidenlaw.com>; Jennifer Blecher <jblecher@seidenlaw.com>; Robert Seiden <rseiden@seidenlaw.com>
**Subject:** Fw: Baling v Link Motion Inc. et al.

**Amiad Kushner**
*Partner, Head of Litigation*

**Error! Filename not specified.**
Seiden Law LLP
322 Eighth Avenue, Suite 1200
New York, NY 10001 USA
+1 (646) 766-1914 (O)
+1 (646) 275-2485 (C)
akushner@seidenlaw.com
www.seidenlaw.com

**Confidentiality Statement:** This email (including any attachments) may contain privileged and/or confidential information. If you are not the correct recipient, please notify the sender immediately and delete the email

---

**From:** Michael Maloney <mmaloney@felicellolaw.com>
**Sent:** Thursday, May 29, 2025 8:08:50 AM
**To:** Amiad Kushner <akushner@seidenlaw.com>
**Cc:** Rosanne Felicello <Rosanne@felicellolaw.com>
**Subject:** Baling v Link Motion Inc. et al.

Please see the attached correspondence.

Michael James Maloney

Partner
mmaloney@felicellolaw.com  |  LinkedIn  |  +1 (646) 564-3510
Felicello Law P.C., 366 Madison Avenue, FL3, New York, NY 10017

Notice: This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Case 1:18-cv-11642-VM-VF   Document 555-2   Filed 06/11/25   Page 6 of 6