

| | Michael James Maloney* | Felicello Law P.C. |
|---|---:|---:|
| | Partner | 366 Madison Avenue |
| | | 3rd Floor |
| | | New York, NY 10017 |

Tel. +1 (212) 584-7806
Direct +1 (646) 564-3510
mmaloney@felicellolaw.com

June 11, 2025

VIA ECF

Hon. Victor Marrero
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Baliga, et al. v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642-VM-DCF (S.D.N.Y.)
      Response to letter dated June 11, 2025, ECF No. 555

Dear Judge Marrero:

      We write on behalf of Dr. Vincent Wenyong Shi ("Dr. Shi") and Link Motion Inc. ("LKM") to oppose the requests by Robert W. Seiden, former receiver for LKM made in the above-referenced letter.

      We object to the Receiver's refusal to turnover LKM's records. The Court should reject the Receiver's contention that "Mr. Seiden removed Shi as Chairman of the Board of Directors of LKM and appointed Guo as Interim Chairman." ECF No. 555 at 2. This assertion is not correct.

      Pursuant to the internal affairs doctrine, matters concerning the internal affairs of a corporation are governed by the laws of the state of incorporation. *See Ezrasons, Inc. v. Rudd*, No. 2, 2025 WL 1436000, at *2 (N.Y. May 20, 2025) ("[W]ith rare exception, the substantive law of the place of incorporation applies to disputes involving the internal affairs of a corporation") quoting *Eccles v. Shamrock Cap. Advisors, LLC*, 42 N.Y.3d 321, 339–40 (2024); *Gelles v. TDA Indus.*, 44 F.3d 102, 106 (2d Cir. 1994) ("Corporations are creatures of state law, and investors commit their funds to corporate directors on the understanding that . . . state law will govern the internal affairs of the corporation"); *Howe v. Bank of New York Mellon*, 783 F. Supp. 2d 466, 475 (S.D.N.Y. 2011) (applying Cayman Islands law to the issue of standing to sue derivatively in New York).

      In this case, LKM is a Cayman Islands limited company and the issue of whether the Receiver had any power to remove or appoint directors has already been decide under Cayman law. Pursuant to the February 4, 2020 Ruling and Order of the Grand Court of the Cayman Islands, Financial Services Division (the "Cayman Court"), the Receiver lacked any power to remove or appoint directors of LKM.

*Admitted to practice law in New York

Hon. Victor Marrero
June 11, 2025
Page 2 of 3

More specifically, in the Order, the Cayman Court recognized the Receiver in the Cayman Islands subject to the limitations that would ordinarily apply to a receiver appointed by a Cayman Court:

> 1. The US Receiver's appointment as temporary receiver of Link Motion Inc. under the Order Granting Preliminary Injunction and Appointing Temporary Receiver made by the United States District Court for the Southern District of New York dated 1 February 2019 in case number 1: 18-cv-11642 (the Receivership Order), including the powers and functions granted to the US Receiver under the Receivership Order, is recognized by this Court.
>
> 2. Notwithstanding paragraph 1 of this Order, the power granted to the US Receiver in paragraph II.2(b) of the Receivership Order to appoint or replace any director of Link Motion Inc. is not recognized.

**Exhibit A**, annexed hereto.

In the Ruling, the Cayman Court explained the reasoning behind its refusal to recognize the appointment power of the Receiver:

> 13. In *Schemmer*, the Court asked the question whether the court of the country where the company was incorporated would recognise the foreign Receiver. In that case, the learned judge was considering an application to recognise a Receiver appointed by a US Court who sought to take control of assets in England which belonged to a company incorporated in the Bahamas, a company that was not a defendant to the US proceedings and had never carried on business there. It was in that context that he suggested that one of the factors the English Court should consider is whether the courts where the company was incorporated would recognise a receiver appointed by US Court.
>
> 14. In *In re Silk Road*, the test appears to be framed in terms of reciprocity, with the question being whether the foreign Court which appoints the Receiver would recognise a Receiver appointed by this Court. There is no evidence before me that the US Court would do so but, in the absence of any clear evidence that it would not, I hold that comity requires that the appointment of a Receiver by a foreign Court of equivalent jurisdiction, on evidence that would have justified the appointment of a Receiver by this Court, be recognized, provided that the other conditions identified by Smellie CJ in *In re Silk Road* were satisfied.
>
> 15. ***One of those conditions is that the powers conferred upon the foreign Receiver be powers capable of being granted under Cayman Islands law. In this case, the powers conferred upon the Receiver are the same as could be granted by this Court, save for the power to appoint Directors which will be excluded from the Recognition Order.***

**Exhibit B** (emphasis added), annexed hereto.

Hon. Victor Marrero
June 11, 2025
Page 3 of 3

The Cayman Court's Ruling and Order has not been appealed, is final, and is consistent with U.S. law on this issue. *Eberhard v. Marcu*, 530 F.3d 122, 132 (2d Cir. 2008) ("[T]he authority of a receiver is defined by the entity or entities in the receivership") (internal citations and quotations omitted). This Court has previously recognized the Cayman Court's Ruling. *See* ECF No. 338 at 7 ("the Court acknowledges that the Cayman Court did not recognize the Receiver's power to appoint or replace a director of LKM") (citing ECF. No. 132-1 at 2).

Accordingly, the Cayman Ruling and Order are *res judicata*. *See Saud v. Bank of New York*, 929 F.2d 916, 919 (2d Cir. 1991) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*"). Pursuant to the Cayman Court Ruling and Order, the *purported* actions by the Receiver to remove Dr. Shi and appoint Guo as Interim Director were null and void under Cayman law. Dr. Shi remains a duly appointed director of LKM.[1] The board of directors held a duly noticed meeting on May 30, 2025 where a majority of the directors voted to retain Felicello Law P.C. as counsel for LKM in connection with the turnover of the Receiver's records. Thus, our request for turnover of the records is duly authorized by LKM and the Receiver should be directed to comply with our requests.

The Receiver's contention that "Mr. Seiden understands that the Court's termination of the receivership did not undo Guo's appointment" should be rejected for the same reasons. The Receiver lacked any power to appoint Gou in the first place.

Now that the Receiver has been discharged, this case is a simple case involving claims for fraud and negligence misrepresentation in connection with the purchase and sale of securities by Plaintiff Wayne Baliga. The extent of damages is approximately $20,000.00. The so-called "dispute" regarding management of LKM is for the Cayman Courts to decide, not this court.

Finally, the Receiver's letter refers to Mr. Guo's letter of June 10, 2025, ECF No. 554, regarding the TRO enjoining the Receiver from calling an EGM. Mr. Guo's request suffers numerous legal and factual defects. We oppose Mr. Guo's request and will submit a response on or before June 17, 2025.

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc:
All counsel of record by ECF

---

[1] The most recent register of directors of LKM continues to identify Dr. Shi as an active director of LKM. *See* ECF No. 285-5 at 122-124.