```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2025
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WAYNE BALIGA,

                    Plaintiff,

    - against -

LINK MOTION INC. (f/k/a NQ MOBILE INC.), et al.,

                    Defendants.

**18 Civ. 11642 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    The Court is in receipt of various letters seeking clarity on certain issues in the wake of the Court's discharge of the Receiver in this action.

    First, the Court has received a letter from Lilin "Francis" Guo ("Guo") seeking clarification on whether the Court's previous injunction against convening noticed Extraordinary General Meeting ("EGM") of Link Motion, Inc. ("Link Motion") shareholders can now be lifted in the wake of the Court's discharge of the Receiver and resolution of various other issues related to the Receiver's accounting. (See Dkt. No. 554.)

    Second, the Court has received a letter from the Robert W. Seiden (the "Seiden"), former Receiver of Link Motion, requesting a stay of any obligation he might have to produce Link Motion documents to Vincent Wenyong Shi ("Shi") in the

1

wake of his discharge as Receiver until the Court resolves the dispute between Guo and Shi concerning Link Motion's management. (See Dkt. No. 555.)

Shi has responded to Seiden's request by letter, arguing that Guo's appointment as interim director of Link Motion and the Receiver's removal of Shi from the board of directors was in violation of Cayman law per a ruling of the Grand Court of the Cayman Islands (the "Cayman Court"). (See Dkt. No. 556.) Accordingly, Shi contends that he remains a duly appointed director of Link Motion.

In the interest of caution, the Court **GRANTS** the Receiver's request for a temporary stay of any obligation to turn over Link Motion documents to Shi while the Court resolves the underlying issue of what effect it should give the Cayman Court's decision regarding Guo's appointment as interim director and Shi's removal as a director.

Moreover, because the issue of whether Guo was properly appointed as interim director is intertwined with the issue of whether the Court should lift the injunction on Guo's noticing of the EGM, the Court will direct the affected parties to indicate their positions on these issues in a streamlined letter exchange. Shi has already indicated that he will file a reply to Guo's letter on June 17, 2025. In that reply, the Court directs Shi to keep the letter to four

(4) pages maximum and to indicate his position as to how the purported illegitimacy of Guo's appointment under Cayman Islands law impacts the Court's pending injunction against the noticed-EGMs. Guo is hereby directed to respond to Shi's letter by June 23, 2025, in a letter no longer than four (4) pages, indicating his position on the various issues raised, including the legality of his appointment as interim director.

**SO ORDERED.**

Dated:   12 June 2025
         New York, New York

                                                                                       Victor Marrero
                                                                                        U.S.D.J.