**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/2/26

WAYNE BALIGA,

Plaintiff

- against -

LINK MOTION INC. (F/K/A NQ MOBILE INC.), VINCENT WENYONG SHI, ROLAND WU, and ZEMIN XU,

Defendants.

**18 Civ. 11642 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Wayne Baliga ("Baliga") filed this case in 2018 against Link Motion Inc. ("LKM") and several of LKM's executives and directors, including Vincent Wenyong Shi ("Shi"). (See Dkt. No. 470.)

Before the Court are Shi's Objections to an Opinion and Order issued by Magistrate Judge Valerie Figueredo on August 11, 2026 (Dkt. No. 589 (the "Order")). (See Dkt. No. 594 (Specific Objections of Vincent Wenyong Shi Dated August 25, 2026) (the "Objections" or "Obj.").)[1] Baliga and Lilin "Francis" Guo ("Guo") have responded in opposition to Shi's Objections. (See Dkt. Nos. 608 (Baliga's Response to Shi's Objections Dated October 5, 2026) ("Baliga Resp."); 606

[1] LKM did not file any objections to the Order.

(Guo's Response to Shi's Objections Dated October 5, 2026) ("Guo Resp.").)[2]

For the reasons that follow, the Court **DENIES** Shi's Objections and **AFFIRMS** the Order. The Court further **ADOPTS IN FULL** Magistrate Judge Figueredo's recommendation that the injunction be dissolved and Guo be allowed to convene an Extraordinary General Meeting ("EGM") consistent with the rulings of the Grand Court of the Cayman Islands ("Cayman Court") and the corporate governance documents of LKM.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and lengthy history of this case and recites the facts and history only as necessary to rule on Shi's Objections.

### A. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

LKM is a multinational technology company incorporated in the Cayman Islands. (See Order at 1-2.) Shi is LKM's co-founder and served as chairman of LKM's Board of Directors from 2014 through 2019. (See id. at 2.)

On February 1, 2019, this Court issued an Order appointing Robert Seiden as a temporary receiver (the "Receiver") to protect the status quo at LKM and prevent waste, dissipation, and theft of assets. (See Dkt. No. 43.)

[2] The remaining parties did not file responses to the Objections.

That Order permitted the Receiver to remove any director of LKM necessary to further those goals. (See id. § II(2)(b).) On April 17, 2019, the Receiver notified the Court that he had removed Shi from LKM's Board of Directors and appointed Guo as the Receiver's agent in China and as interim Chairman of LKM. (See Dkt. No. 43; Order at 2; Dkt. No. 549 at 3.) At the time, Guo held numerous shares in LKM. (See Order at 2.) The Receiver subsequently applied to this Court for an order approving a convertible note agreement between Guo and the Receiver, under which Guo would provide a loan to LKM. (See Order at 2.) This Court granted the application for an order approving the convertible note agreement. (See id. at 2-3.)

On February 4, 2020, the Cayman Court recognized this Court's appointment of the Receiver and all powers granted to the Receiver except for the powers "to appoint or replace any director of Link Motion Inc." (Dkt. No. 556-2 at 2 (the "Cayman Court Ruling"); see also Dkt. No. 556-1 (the "Cayman Court Order").)

Consistent with the Cayman Court Ruling and Cayman Court Order, on March 4, 2022, the Receiver noticed two EGMs for LKM shareholders to elect new directors and ratify the actions taken by the Receiver. (See Dkt. Nos. 276-2, 276-3.) The Receiver explained that each meeting would be chaired by Guo pursuant to the Receiver's appointment of Guo. (See Dkt. Nos.

276-2, 276-3.) The Cayman Court approved the Receiver's notice of the EGMs. (See Dkt. No. 271-1.)

Over the course of the Receivership, the Receiver submitted applications to this Court to approve Guo's request to convert certain amounts of a loan to Class B shares of LKM stock. The Court granted Guo's request. (See Order at 2-4.)

On August 25, 2022, this Court ordered that the Receiver be discharged after providing a full accounting of its activities performed during its appointment. (See Dkt. No. 331 at 23.) Numerous disputes ensued, and this Court temporarily enjoined the Receiver and Guo from holding EGMs of the LKM shareholders until the Receiver provided an accounting of its expenses. (See Dkt. No. 338.) The Court extended the injunction several times pending further developments in this case. (See Dkt. Nos. 425, 440.) Critically, this Court has repeatedly declined to "unwind any activities" taken by the Receiver on behalf of LKM, including having appointed Guo and noticing EGMs chaired by Guo. (Dkt. No. 338 at 10; see also Dkt. No. 364 at 12.)

After extensive review and numerous Reports and Recommendations by several magistrate judges, this Court discharged and released the Receiver from his obligations in this case on May 19, 2025. (See Dkt. No. 549 at 39.)

B. THE PRESENT DISPUTE AND THE ORDER

The disputes between the parties continued. On December 1, 2025, Shi and LKM filed the Motion, requesting that the Court: (1) cancel and convert certain Class B shares issued to Guo; (2) maintain the temporary injunction on convening an EGM; (3) affirm the discharge of the Receiver; (4) declare that Shi remains a registered director of LKM; and (5) direct the Receiver to turn over all documents and records related to LKM. (See Dkt. Nos. 576, 578.) This Court referred the dispute to Magistrate Judge Figueredo.

On August 11, 2026, Judge Figueredo issued the Order granting the Motion in part and denying it in part. (See Order.) Judge Figueredo denied the Motion on two threshold grounds: (1) Shi lacked authority to seek relief on LKM's behalf because he is no longer a director of LKM, he (see id. at 8-11); and (2) although this Court had permitted Felicello Law, P.C., ("Felicello") to represent Shi and LKM solely for their motion to dismiss the Third Amended Complaint because of potential conflicts of interest, the firm nonetheless represented Shi and LKM for the purposes of the current Motion. (See id. at 11-12.)

Judge Figueredo then found, in the alternative, that the Motion failed (except to the extent that the Receiver would be required to produce records). First, Judge Figueredo ruled

that Shi and LKM had waived any argument that LKM's Memorandum of Association required the Court to cancel Guo's Class B shares. (See id. at 12-16.) Second, Judge Figueredo recommended that this Court dissolve the injunction barring the EGMs because the Receivership has concluded. (See id. at 18-19.) Third, Judge Figueredo granted Shi's and LKM's request for the Receiver to turn over relevant books and records. (See id. at 21-22.)

C. SHI'S OBJECTIONS AND BALIGA AND GUO'S RESPONSES

Shi advances three objections to the Order. First, he contends that the Order is clearly erroneous in holding that Shi was removed from office as a LKM director. (See Obj. at 2-6.) Second, he objects to the Order's holding that he waived any objection to Guo's Class B shares under LKM's Memorandum of Association. (See id. at 6-7.) Third, he objects to the Order to the extent it permits Guo to re-notice and convene the EGMs. (See id. at 7-8.)

Guo argues Shi has failed to address the threshold grounds upon which the Order denied Shi's Motion. (See Guo Resp. at 2-3.) And both Guo and Baliga argue that each of Shi's objections is meritless. (See id. at 3-11; Baliga Resp.)

As discussed below, the Court holds that Shi's objections lack merit and Shi fails to address numerous aspects of the Order. In addition, the Court construes the

portion of the Order regarding the injunction on convening EGMs as a Report and Recommendation, which the Court adopts in its entirety. The Court, therefore, denies Shi's objections, affirms the Order, and adopts the Report and Recommendation in full.

## II. LEGAL STANDARD

"This Court reviews a magistrate judge's order on 'a pretrial matter not dispositive of a party's claim or defense' pursuant to Federal Rule of Civil Procedure 72(a)." Gonzalez v. Wicked Taco LLC, 795 F. Supp. 3d 401, 404 (E.D.N.Y. 2025) (quoting Fed. R. Civ. P. 72(a)). A district court evaluating a magistrate judge's order with respect to a nondispositive matter may adopt the magistrate judge's findings and conclusions if the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Thomas v. Arn, 474 U.S. 140, 149 (1985).

"A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." R.F.M.A.S., Inc. v. So, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010) (citation omitted). "Similarly, a finding is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id. In addition, this "Court is not required to

review any portion of a Magistrate Judge's report that is not the subject of an objection." Adams v. New York State Educ. Dep't, 630 F. Supp. 2d 333, 336 (S.D.N.Y. 2009); see also Thomas, 474 U.S. at 149.

"Given such a highly deferential standard of review, magistrate judges are afforded broad discretion and 'reversal is appropriate only if that discretion is abused.'" Highland Cap. Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 177-78 (S.D.N.Y. 2008) (quoting Commodity Futures Trading Comm'n v. Standard Forex, Inc., 882 F. Supp. 40, 42 (E.D.N.Y. 1995)); see also Practice and Procedure with Regard to Nondispositive Matters, 12 Fed. Prac. & Proc. Civ. (Wright & Miller) § 3069 (3d ed. Apr. 2026) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

## III. DISCUSSION

### A. RULINGS WITHOUT OBJECTION

The Court notes at the outset that no party has objected to the Order's holdings that (1) Shi was not authorized to seek the requested relief (see Order at 8-11); (2) Felicello was not authorized to represent Shi for the purposes of filing his motion (see id. at 11-12); (3) that the Receiver is required to disclose records related to LKM (see id. at 22); and (4) the parties are required to meet and confer regarding

a purported discrepancy in Guo's shares (see id. at 16-18). Because no party has objected, the Court will affirm those rulings. See, e.g., Adams, 630 F. Supp. 2d at 333; Thomas, 474 U.S. at 149.

The Order denied Shi's objections on two independent, threshold bases: (1) Shi cannot request the relief he seeks because he is no longer an officer or director of LKM, and (2) Shi and LKM improperly filed their Motion through counsel not authorized to file the Motion. Because neither Shi nor any other party objects to those portions of the Order, the Court declines to review those portions of the Order and affirms the Order in full.

B. MERITS OBJECTIONS

Shi raises two initial objections to the Order on the merits: (1) he was improperly removed as a director of LKM, and (2) he did not waive his argument regarding the Memorandum of Association. (See generally Obj.) The Court finds that the Order was not clearly erroneous with respect to those objections, denies Shi's first two objections, and affirms the Order as to those issues.

1. Removal as Director

Shi objects that the Order was clearly erroneous because the Receiver did not have the power to remove him as a director of LKM, and the Order's holding to the contrary

ignores the internal affairs doctrine. (See id. at 2-7.) These objections are meritless because Shi merely seeks to relitigate issues that this Court has decided several times over.

The Receiver removed Shi as a director of LKM in 2019. (See Order at 9-10.) Shi has challenged that action numerous times in the following seven years and several magistrate judges and this Court have uniformly ruled against him. (See Dkt. Nos. 163 at 4; 275 at 41; 331 at 2, 8, 11, 23.) The Order held that Shi's Motion was simply "another attempt by Shi to relitigate this already-decided issue, and Shi does not provide any new authority to support disturbing the Court's prior orders concluding that the Receiver's removal of Shi in 2019 was valid." (Order at 10 (footnote omitted).)

This Court agrees. Shi's attempt to relitigate an issue that this Court has already decided several times over is simply a motion to reconsider this Court's numerous rulings, this time disguised as an objection. "A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because [Shi] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." Stoner v. Young Concert Artists, Inc., No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013). Shi has attempted to litigate

his removal as a director of LKM for nearly seven years. This Court has uniformly rejected his attempts. This time is no different. The Court reaffirms the Order's finding that Shi is no longer a director of LKM.

2. Waiver of Argument Regarding Guo's Shares

Shi next argues that the Order's holding that Shi and LKM waived their argument that LKM's Memorandum of Association required conversion of Guo's shares is clearly erroneous for three reasons. (See Obj. at 6-7.) First, Shi argues that if, as the Order held, he was not permitted to act on LKM's behalf, he could not have advanced the argument in the first place. (See id. at 6.) Second, he claims that LKM could not have advanced the argument because LKM was "under an express injunction from acting until the Former Receiver was discharged." (Id. at 6.) Third, Shi argues that Article 6(d)(ii) of the Memorandum of Association is self-executing. (See id. at 7.)

Shi's objections are unavailing. Shi is correct that he could not act on behalf of LKM after having been removed, (see Obj. at 6), but that has not stopped him from filing numerous motions in the last seven years. (See generally Order (recounting history of litigation).) If he wanted to advance this argument, he had ample opportunity to do so.

Second, Shi is incorrect that LKM was enjoined from acting at all, so it could not have made this argument. (See Obj. at 6.) LKM was enjoined only from convening and voting to take any action not approved by the Receiver, not from filing motions or advancing arguments. (See Dkt. No. 365 at 12 (cited in Obj. at 6).)

Finally, Judge Figueredo held that Shi and LKM could have raised arguments regarding the purportedly "self-executing" Memorandum of Association at least as early as 2023 but failed to do so. (See Order at 14-15.) The Order held that Shi and LKM waived or abandoned the argument that the Memorandum of Association required conversion of Guo's shares by failing to make that argument for years. (See Order at 13-15 (collecting cases).)

The Order is not clearly erroneous to the extent it holds that Shi waived any argument regarding the Memorandum of Association's effect on Guo's shares. The Court, therefore, denies Shi's objections and reaffirms the Order's holding. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Thomas, 474 U.S. at 149.

C. THE EGMS

This Court previously issued an injunction preventing the Receiver from convening EGMs. (See Dkt. No. 338 at 13.) The Court extended the injunction "until further Order of

this Court." (Dkt. No. 425 at 1.) The Court subsequently extended the injunction enjoining the EGMs from proceeding "until the Receiver's accounting of expenses, including Guo's, is resolved." (Dkt. No. 440 at 3.) This Court then ruled on the accounting of the Receiver's expenses and discharged the Receiver. (See Dkt. No. 549 at 37-40.)

In the Order, Judge Figueredo held that "there has been a change of circumstances and the conditions that necessitated the injunction are no longer present[;]" namely, this Court resolved the accounting of the Receiver's expenses. (Order at 21.) Accordingly, Judge Figueredo held that "there is no basis to maintain the injunction preventing the EGMs from proceeding." (Id.) As is relevant to Shi's Objections, Judge Figueredo also held that "[g]iven that the Receiver appointed Guo to convene the EGMs, Guo may properly re-notice and convene the postponed EGMs." (Id. (citation omitted).)

Shi does not object to Judge Figueredo's ruling recommending the Court dissolve the injunction. (See generally Obj.) Instead, Shi objects solely to Judge Figueredo's ruling that Guo may notice the EGMs. (See id. at 7-8.)

As discussed below, the Court construes this portion of Judge Figueredo's Order as a report and recommendation. Upon

*de novo* review, the Court adopts the report and recommendation in full and will dissolve the injunction, allowing Guo to convene an EGM in a manner consistent with the Cayman Court Ruling and Order and LKM's corporate governance documents. (See Dkt. Nos. 556-1, 556-2.)

1. Standard of Review

The Court recognizes that a magistrate judge may not "determine" a "motion for injunctive relief," 28 U.S.C. § 636(b)(1)(A), because motions regarding injunctive relief are dispositive motions. See, e.g., Brock v. City of New York, No. 21-CIV-11094, 2022 WL 3445732, at *2 (S.D.N.Y. Aug. 17, 2022).

This Court will instead "treat the [O]rder as a recommendation," to the extent the Order recommended this Court dissolve the injunction. Lynch v. Inter-Cnty. Bldg. Materials Corp., No. 05-CV-01801, 2013 WL 5652524, at *5 n.2 (E.D.N.Y. Oct. 15, 2013); Moore's Federal Practice, § 72.08[1] (district court may treat magistrate judge order ruling on dispositive matter as report and recommendation).

This Court "reviews de novo those portions of the Recommended Ruling to which objection[s] [are] made." Roth Staffing Companies, L.P. v. Brown, No. 13-CV-216, 2015 WL 2240160, at *2 (D. Conn. May 12, 2015) (citing 28 U.S.C. §

636(b)(1)(B)-(C)); see also Mitchell, 233 F. Supp. 2d at 430; Fed. R. Civ. P. 72(b)(3).

However, where a party does not object to a portion of a report or recommendation, makes "only conclusory objections, or simply reiterates" arguments previously rejected, the Court reviews that portion of the report and recommendation "strictly for clear error." N.Y.C. Dist. Councils of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018).

2. Dissolving the Injunction

Shi does not object to the portion of the report that recommends this Court dissolve the injunction, so the Court reviews that portion of the report and recommendation for clear error. Forde, 341 F. Supp. 3d at 336; DiPilato, 662 F. Supp. 2d at 339; Preston, 635 F. Supp. 2d at 269.

"District Courts have continuing power to vacate or modify injunctions where there is a showing of a change in the operative facts so that the injunction is no longer justified." Helmer v. Briody, 721 F. Supp. 498, 505 (S.D.N.Y. 1989). This Court previously extended the injunction to allow for rulings on the accounting of the Receiver's expenses, including Guo's. (See Dkt. No. 440.) That condition is complete, constituting "a change in the operative facts so

that the injunction is no longer justified." Helmer, 721 F. Supp. at 505.

The parties have not objected to this portion of Judge Figueredo's recommendation, and this Court finds no clear error. The Court, therefore, adopts in full Judge Figueredo's recommendation that the injunction should be dissolved, and dissolves the injunction. The only remaining issue is whether and how the EGMs should be convened.

### 3. Shi's Objections to Guo Convening the EGM and Guo's and Baliga's Responses

Shi objects to Judge Figueredo's recommendation that Guo be allowed to re-notice and convene the EGMs. (See Obj. at 7-8.) The Court, therefore, reviews *de novo* "the [report and recommendation], the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." Bandhan v. Lab'y Corp. of Am., 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002); see also Roth, 2015 WL 2240160, at *2; Mitchell, 233 F. Supp. 2d at 430; 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3).

According to Shi, the power to call EGMs must stem from "the Memorandum of Association and Cayman Islands Law." (Id. at 8.) In support, Shi invokes the "internal affairs doctrine[.]" (See id.). The internal affairs doctrine requires that courts "should, as far as practicable, refrain

from interfering with the internal affairs and management of a corporation." Woods v. Bos. Sci. Corp., No. 06-CV-5380, 2006 WL 4495530, at *6 (S.D.N.Y. Nov. 1, 2006). Further, the doctrine holds that "the law of the state of formation governs claims concerning the relationship between an entity, its principals, and its partners or shareholders." R4 Acquisition LLC v. Glorieta LLC, No. 25-CV-944, 2026 WL 2334713, at *13 n.14 (S.D.N.Y. Aug. 12, 2026). Shi claims the Order unduly interferes with LKM's operations in violation of Cayman law, contrary to the internal affairs doctrine. (See Obj. at 8.)

Guo responds by arguing that both the Cayman Court and this Court have authorized the EGMs (see Dkt. Nos. 271-1; 338); that the Receiver appointed Guo to convene the EGMs (see Dkt. Nos. 275; 331); and that this Court's discharge of the Receiver did not "nullify the Receiver's ability to call the EGMs." (Dkt. No. 338 at 9; see Guo Resp. at 10-11.) Guo also explains that "the Receiver sought Cayman Court authorization 'in accordance with LKM Inc . . . company bylaws.'") (Id. (citing Dkt Nos. 331 at 8, 285-3 ¶ 17, and quoting Dkt. No. 268 at 1).) Baliga makes substantially similar arguments. (See Baliga Resp. at 7.)

4. Whether Guo May Convene the EGMs

This Court has already decided, several times over, that the Receiver properly: (1) noticed the EGMs, (2) appointed

Guo as interim Director, and (3) directed that Guo chair the EGMs. (See, e.g., Dkt. Nos. 338 at 10; 364 at 12.) The Order held that the Receiver "properly noticed the EGMs" and "[g]iven that the Receiver appointed Guo to convene the EGMs, Guo may properly re-notice and convene the postponed EGMs." (Order at 21.) That ruling was entirely consistent with this Court's previous rulings, and Shi's objections are not persuasive.

First, this Court appointed the Receiver to "assume full control of LKM to prevent waste, dissipation, or theft of assets[.]" (Dkt. No. 43 § II(2)(b).) The "purpose of a receivership is to protect a party's interest in property pending resolution of a dispute over ownership or control between it and another party with a claim to the property." Zyppah, Inc. v. Ace Funding Source, LLC, No, 19-CV-1158, 2019 6647912, at *2 (S.D.N.Y. Nov. 6, 2019) (citation omitted). While "the appointment of a receiver is considered to be an extraordinary remedy, and should be employed cautiously," the Court appointed the Receiver because doing so was "clearly necessary to protect plaintiff's interests in the property" of LKM. Rosen v. Siegel, 106 F.3d 28, 34 (2d Cir. 1997) (cleaned up). "[C]ourts have consistently held that" courts have to power to appoint a receiver, including "to remedy violations of federal securities laws." Eberhard v. Marcu,

530 F.3d 122, 131 (2d Cir. 2008). While the appointment of the Receiver may have interfered with LKM's operations, the Court was authorized to appoint the Receiver pending resolution of Baliga's claims, both to protect Baliga's interest in LKM's property and to prevent violations of the securities laws. The appointment of the Receiver and the Receiver's actions thereafter were entirely consistent with the internal affairs doctrine.

Shi's claim that Judge Figueredo's recommendation, allowing Guo to convene the EGMs, violates the internal affairs doctrine because it contravenes the law of the Cayman Islands, under which LKM is incorporated, is incorrect. (See Obj. at 7-8.) The Court of the Cayman Islands recognized the authority of the Receiver, held that the Receiver was authorized to call the EGMs "in the same manner as nearly as possible as that in which general meetings are to be convened by the directors of the Company under the Company's Amended and Restated Articles of Association." (Dkt. No. 271-1; see also Dkt. Nos. 173-17; 556-2; 556-1; 276-2, 276-3.) The Receiver noticed EGMs under the authority conferred on him by this Court and consistent with the rulings by the Cayman Court. (See Dkt. Nos. 173-17; 556-2; 556-1; 276-2, 276-3.) The Cayman Court then approved those notices. (See Dkt. No. 271-1.)

Nothing in Judge Figueredo's recommendation disturbs the rulings of the Cayman Court. On *de novo* review, the Court finds that Judge Figueredo's recommendation fully complies with the internal affairs doctrine because it did not infringe upon the ruling of the Cayman Court based on Cayman Islands law.

Accordingly, the Court will dissolve the injunction and allow Guo to re-notice and reconvene the EGMs in his capacity as interim Director. Guo must convene the EGMs in compliance with the previous rulings from the Court of the Cayman Islands, LKM's Articles of Association and other corporate governance documents, and the previous notices issued by the Receiver. (See Dkt. Nos. 556-1, 556-2; 276-2, 276-3, 173-17, 271-1.) However, this Court has already ruled that Shi was properly removed as a director and that the Court was not required to unwind the actions of the Receiver. (See Dkt. Nos. 338 at 10; 364 at 12.) Consistent with those rulings, the EGMs need not require LKM's shareholders to vote on Shi's removal of the director or to ratify the actions of the Receiver. (See Dkt. No. 276-2 §§ 1.1, 2.2.)

## IV. ORDER

Accordingly, for the reasons described above, it is hereby

**ORDERED** that the objections pursuant to Federal Rule of Civil Procedure 72 of Defendant Vincent Wenyong Shi ("Shi") dated August 25, 2026 (Dkt. No. 594) to the Order of Magistrate Judge Valerie Figueredo dated August 11, 2026 (Dkt. No. 589) are **DENIED**;

**ORDERED** that the Order dated August 11, 2026 (Dkt. No. 589) is **AFFIRMED** as to:

(1) Denying Shi's Motion (Dkt. No. 576) because he lacked the authority to pursue the relief he sought;

(2) Ordering that Robert Seiden, in his capacity as Receiver (the "Receiver") be directed to turn over to Link Motion Inc. ("LKM") of LKM's books, records, and any other materials belonging to LKM that came into the Receiver's possession during the receivership;

(3) Ordering the parties to meet and confer as to any purported discrepancies with respect to shares issued to Lilin "Francis" Guo ("Guo");

(4) Denying Shi's Motion in the alternative because Shi was properly removed as a director and waived or forfeited any objections to the issuance of shares to Guo pursuant to the terms of LKM's Memorandum of Association;

**ORDERED** that the Report and Recommendation of Judge Valerie Figueredo that the injunction prohibiting Guo from noticing Extraordinary General Meetings (the "EGMs") (Dkt.

No. 440) be dissolved and Guo be allowed to re-notice the EGMs (see Dkt. No. 589 at 18-21) is **ADOPTED IN FULL**;

**ORDERED** that the injunction prohibiting Guo from noticing the EGMs (Dkt. Nos. 338, 425, 440) is **DISSOLVED**; and it is further

**ORDERED** that Guo is permitted to re-notice and convene the EGMs in the manner permitted by the rulings of the Grand Court of the Cayman Islands (see Dkt. Nos. 556-1, 556-2), LKM's Articles of Association and other corporate governance documents, and the original notices issued by the Receiver (see Dkt. Nos. 276-2, 276-3), except that the EGMs need not require LKM's shareholders to vote on:

(1) removing Shi as a director, or

(2) ratifying the actions of the Receiver.

**SO ORDERED.**

Dated: 2 November 2026
New York, New York

_________________________
Victor Marrero
U.S.D.J.